D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-ES |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | FIRST AMENDED COMPLAINT TO<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br>Status Conference<br>Hearing: January 6, 2022<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

1

FIRST AMENDED COMPLAINT

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations
## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

FIRST AMENDED COMPLAINT

1    The Park is operated by Plaintiff and the condominium community sub-leases the real property and

2    is operated by an independent Homeowners Association ("Association"). Both The Park and the

3    Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

4    same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

5    unfettered access to both communities.

6        7.    In February 2018, Defendant came to The Park's leasing office to inquire whether

7    there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

8    packet nor any information as to The Park's requirements for tenancy and its application

9    procedures.

10        8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

11    against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

12    rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

13    Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

14    entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

15    providing for turnover of Space 376. Specifically:

16    (a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

17    (b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior
18         to November 4, 2018;

19    (c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or
20         the mobilehome would be subject to a warehouse lien auction;

21    (d)    The Park was to review any prospective buyers in accordance with Mobilehome
22         Residency Law ("MRL");

23    (e)    The sale of the mobilehome was to proceed via escrow; and

24    (f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial
25         interest.

26

27

28    [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in
     the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and
     TRO to stay writ of possession.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

9.      On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

(a)      At least 55 years of age;

(b)      Credit worthiness including a credit score of not less than 650;

(c)      Three times the subject rent in monthly income; and

(d)      Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.     The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.     Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.     On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.     In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.     Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

4842-2871-2959,v.1

1 *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2     15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3 allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4 Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5 written purchase agreement.

6     16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

7 Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8 Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9 dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10 some vague ownership interest in.

11     17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

12 376.[5]

13     18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14 Quit Premises.

15     19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16 forcible entry/detainer (mobilehome park).[6]

17     20.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18 Sandcastle Co LLC, Document No. 76027030002.

19     21.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20 Sandcastle Co LLC, Document No. 76027940002.

21 / / /

22

23

---

24 [3] *See*, Case No. 30-2018-01024401.
[4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
25 favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
26 Note.
[5]5 Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the
27 amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for
The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.
28 [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
the State Court Action into this Complaint.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

22.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-Sandcastle Co LLC, Document No. 76027940003.

23.     On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

24.     On February 22, 2019, Defendant filed her answer to the Complaint.

25.     In August 2020, title to the mobilehome located on the Premises was transferred to Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

26.     Subsequently, the title certificate for the mobilehome on the Premises was further changed to show Defendant as the registered owner.

## The Bankruptcy Filing

27.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-11710-ES.

28.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

29.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

30.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

FIRST AMENDED COMPLAINT

31.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

### First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

32.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

---

[7] *Supra*, Fn. 5

FIRST AMENDED COMPLAINT
4842-2871-2959,v.1

39.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.     Defendant's actions were malicious.

47.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

**Third Claim for Relief**

**Debtor Took Actions to Hinder, Delay, and Defraud Creditors**

**[11 U.S.C. § 727(a)(2)(A)]**

51.    Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.    Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.    Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.    When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.    Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.    Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.    Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

4842-2871-2959,v.1

58.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

65.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

4842-2871-2959,v.1

66.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

4842-2871-2959,v.1

## Fifth Claim for Relief

## Objection to Debtor's Discharge

## [11 U.S.C. § 727(a)(5)]

71.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.    Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.    Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.    Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.    As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

1    **ON THE FOURTH CLAIM FOR RELIEF**

2        4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

3    § 727(a)(4);

4    **ON THE FIFTH CLAIM FOR RELIEF**

5        5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

6    § 727(a)(5);

7    **ON ALL CLAIMS FOR RELIEF**

8        6.      For costs of suit incurred, including attorneys' fees as provided by applicable case

9    law, statute, and/or agreement of the parties; and

10       7.      For such other relief as the Court deems just and proper.

11

12   DATED: October 22, 2021                MARSHACK HAYS LLP

13

14                                          By: */s/ Laila Masud*_____
                                               D. EDWARD HAYS
15                                             LAILA MASUD
                                               Attorneys for Plaintiff,
16                                             HOUSER BROS. CO. dba RANCHO DEL REY
                                               MOBILE HOME ESTATES
17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

**EXHIBIT 1**

1 | ELAINE B. ALSTON, Bar No. 134139,
VIVIENNE J. ALSTON, Bar No. 170746

2 | Members of
**ALSTON, ALSTON & DIEBOLD**

3 | Attorneys at Law
27201 Puerta Real, Suite 300

4 | Mission Viejo, California 92691
(714) 556-9400 – FAX (714) 556-9500

5 |

6 | Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7 |

8 | SUPERIOR COURT, STATE OF CALIFORNIA

9 | COUNTY OF ORANGE,

10 |

11 | HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME ESTATES

12 | Plaintiff,

13 |

14 | vs.

15 | JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT,

16 | and DOES 1 to 10, inclusive,

17 | Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

18 |

19 | COMES NOW, the Plaintiff herein, and alleges as follows:

20 | 1.    Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21 | County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22 | HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23 | seq., of the Business and Professions Code.

24 | 2.    Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25 | IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26 | of Huntington Beach, County of Orange State of California

27 | 3.    The true names and capacities of Defendants sued herein as DOES 1 through 10,

28 | inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1   therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2   said Defendants' true names and capacities when the same have been ascertained.

3        4.     The premises which are the subject of this action are located in the judicial district in

4   which this action is brought.   Said premises are situated at 16222 Monterey Lane. Space 376,

5   Huntington Beach, California 92647  (the "Premises").

6        5.     Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.     Defendants entered into possession of the subject Premises without the consent of

8   Plaintiff.   No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9   application was denied due to her poor financial condition.  Defendant also made a material falsehood

10   on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11   governing the mobilehome park.

12        7.     Due to the failure of Defendants to execute a rental agreement prior to taking possession

13   of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14   Civil Code §798.75.

15        8.     On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16   Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17   herein by this reference.

18        9.     Defendants remain in possession of the subject Premises as of this date, and said

19   possession is without Plaintiff's consent.

20        10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21   Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22        11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23   Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24   long as Defendants' mobilehome remains in possession of said Premises.

25        12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26   installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27   rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16

1      (8)    For such other and further relief as the Court may deem just and proper, except that

2  Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4  DATED: December _18_, 2018     By: _____

5                                   Vivienne J. Alston
                                  Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 17

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

**ALSTON, ALSTON & DIEBOLD**

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

**FIVE (5) DAY DEMAND
FOR SURRENDER OF POSSESSION OF SITE**

To:   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

EXHIBIT 1, PAGE 19

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By:_____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT 1, PAGE 20

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:                    TIME:                    DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
   a. Name: **Cesar Gonzalez**
   b. Address: **840 N. Birch St, Santa Ana, CA 92701**
   c. Telephone number: **714-953-9451**
   d. **The fee** for this service was: **129.50**
   e. I am:
   (3) [X] a registered California process server:
         (i) [X] Independent Contractor
         (ii) Registration No.: **2729**
         (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                         **Cesar Gonzalez**          Date: **12/12/2018**

| Declaration of Service of Notice to Tenant | Invoice #: 2305520-01 |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:         TIME:              DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**       At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
    (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

EXHIBIT 1, PAGE 22

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I have read the foregoing COMPLAINT _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018 , at HUNTINGTON BEACH , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
      Type or Print Name                               Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

    I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____
_____

    On. _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

    ☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

    ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served. service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____       _____
      Type or Print Name                             Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus   Rev. 7/99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**     lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**     ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**     lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*    *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.