D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>[HEARING TO BE SET PER APPLICATION FOR ORDER SHORTENING TIME FILED CONCURRENTLY] |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT Plaintiff, HOUSER BROS. CO., a California limited

partnership dba RANCHO DEL REY MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"),

respectfully submits this Notice of Motion and Motion in Limine ("Motion") to Exclude Trial

Exhibits of Debtor, Jamie Lynn Gallian ("Ms. Gallian," "Defendant," or "Debtor"). The basis of the

Motion is Ms. Gallian's failure to timely submit her trial exhibits to counsel for Houser Bros. by the

1

1  Court-imposed October 7, 2022, deadline (or by the time of filing this Motion). Separately, Houser

2  Bros. has filed a motion for order shortening time requesting that the Court hear and decide this

3  Motion prior to the trial date set for February 23, 2023.

4

5  DATED: February 1, 2023          MARSHACK HAYS LLP

6

7                                        /s/ D. Edward Hays
                                    By:_____
8                                      D. EDWARD HAYS
                                       LAILA MASUD
9                                      BRADFORD N. BARNHARDT
                                       Attorneys for Plaintiff,
10                                     HOUSER BROS. CO. dba RANCHO DEL
                                       REY MOBILE HOME ESTATES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS
4886-1591-1427,v.1

# TABLE OF CONTENTS

1.    Summary of Argument ............................................................................................3

2.    Factual Background ...............................................................................................3

    A.    Commencement of Bankruptcy Case and Adversary Proceeding ................................3

    B.    Pretrial Stipulation and Pretrial Conference ..................................................4

3.    Legal Argument .....................................................................................................7

    A.    Good cause exists to enter an order excluding Debtor's trial exhibits. ........................7

4.    Conclusion ............................................................................................................9

Declaration of D. Edward Hays ......................................................................................10

# TABLE OF AUTHORITIES

Cases

*El-Hakem v. BJY, Inc.*,

    415 F.3d 1068, 1077 (9th Cir. 2005) ............................................................. 7

*Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 U.S.Dist.LEXIS 71364 ......................................... 8

*Johnson v. Mammoth Recreations*,

    975 F.2d 604, 610 (9th Cir. 1992) ........................................................... 3, 7

*L.H. v. Schwarzenegger*, 2008 U.S.Dist.LEXIS 9632, at *18 (E.D. Cal. Jan. 29, 2008) ..................... 7

*Tessera, Inc. v. Sony Corp.*,

    2013 U.S.Dist.LEXIS 2311, at *9 (N.D. Cal. Jan. 7, 2013) ........................................... 7

**Rules**

Loc. Bankr. R. 7016-1(b)(2)(D) ..................................................................... 3

Loc. Bankr. R. 7016-1(c)(2) .......................................................................... 8

Loc. Bankr. R. 7016-1(d) .............................................................................. 8

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

4886-1591-1427,v.1

1. **Summary of Argument**

This District's Local Bankruptcy Rules require trial exhibits to be exchanged before filing a pretrial stipulation. *See* Loc. Bankr. R. 7016-1(b)(2)(D) (requiring that unless the court orders otherwise, a pretrial stipulation must include the following language: "The parties have exchanged copies of all exhibits."). Houser Bros. did not receive Debtor's exhibits but nevertheless agreed to let Debtor provide them within two days after the filing of the pretrial stipulation.

By the time of the pretrial conference, Debtor had still not provided her trial exhibits, and she requested an additional 24-48 hours to do so. The Court instead gave her a week and a half, and it incorporated the October 7, 2022, deadline to submit trial exhibits in its order approving the pretrial stipulation.

Nearly four months later, Houser Bros. has still not received Debtor's trial exhibits. Trial is now less than a month away, with trial briefs due on February 9, 2023, and a joint exhibit binder due a week later. Houser Bros. will be irreparably prejudiced if Debtor is not barred from using her exhibits at trial.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992). Disregard of a scheduling order would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Houser Bros. therefore respectfully requests that the Court enter an order excluding Debtor from introducing exhibits at trial.

2. **Factual Background**

   A.    **Commencement of Bankruptcy Case and Adversary Proceeding**

On July 9, 2021, Jamie Lynn Gallian filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC ("Bankruptcy Case").

On October 18, 2021, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (defined above as "Plaintiff"), filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A),

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

(a)(4), and (a)(5)." The filing of the complaint commenced *Houser Bros. Co. v. Gallian (In re Gallian)*, Adversary Proceeding No. 8:21-ap-01097-ES ("AP"). A true and correct copy of the CM/ECF Docket in this AP is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**.

On October 22, 2021, as Docket No. 3, Plaintiff filed an amended complaint in this AP.

On January 6, 2022, the Court set a deadline to complete discovery of March 31, 2022 ("Discovery Cut-Off Date"), with a deadline to attend mandatory mediation as to the § 523(a) claims only of April 29, 2022 ("Mediation Deadline"). Docket No. 9. The Court reaffirmed these deadlines by scheduling order entered on February 15, 2022. Docket No. 16. The scheduling order further set a pretrial conference for June 16, 2022. *Id.*

On June 6, 2022, Houser Bros. filed a "Motion to Continue Pretrial Conference." Docket No. 22.

On June 14, 2022, the Court entered an "Order Granting Motion to Continue Pretrial Conference," which continued the pretrial conference to September 22, 2022. Docket No. 26.

On September 1, 2022, the Court entered an "Order Continuing Pretrial Hearing" to September 27, 2022. Docket No. 35.

## B.    Pretrial Stipulation and Pretrial Conference

On September 1, 2022, at 3:46 p.m., counsel for Houser Bros. sent Debtor an e-mail ("September 1 E-mail") which provided as follows:

Jamie:

Attached is a proposed JPS that I have signed. Please make any proposed revisions or additions using tracked changes. To the extent that you dispute any proposed undisputed fact, simply move it to the disputed fact section. To the extent that you have any questions or issues, please contact me at your earliest opportunity so that we may make a good faith effort to resolve any disputes and be able to timely file the JPS. Under the rules, you must provide your input and response to me within 3 days. The fully executed document must be filed with the court next Thursday which date is 14 days before the pretrial conference.

I look forward to your response. Thank you.

Ed

A true and correct copy of the September 1 E-mail is attached to the Hays Declaration as

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

**Exhibit 2**.

On September 13, 2022, counsel for Houser Bros. sent Debtor another e-mail which provided as follows:

Jamie:

To date, we have not received your input on the attached proposed joint status report. The deadline to file it under the new continued hearing date is today. Please reply immediately to advise if you will be providing your input by 3 pm. today. Thank you.

Ed

Debtor responded at 3:15 p.m. by asking that certain facts be designated as disputed and indicated that she would work on the other sections.

Five minutes later, Debtor sent an e-mail with issues of law to be added to the pretrial stipulation.

At 4:10 p.m., counsel for Houser Bros. e-mailed Debtor to ask whether she would be sending anything else. (Counsel sent a follow-up e-mail at 4:35 p.m.)

At 4:50 p.m., Debtor responded that she would still be sending her "exhibits and witness list."

At 4:55 p.m., counsel for Houser Bros. circulated an updated proposed joint pretrial stipulation reflecting her requested revisions. Counsel asked Debtor to add her exhibits and witness list and return a signed, clean copy of the pretrial stipulation as soon as possible. Counsel reminded Debtor of the filing deadline.

At 7:00 p.m., Debtor sent an e-mail containing her witness list.

At 7:02 p.m., counsel for Houser Bros. sent Debtor the following e-mail:

What's your timing to send your list of exhibits and signature? Please expedite. This should have been done three days after your receipt. We got additional time due to the continuance. We asked for all your input by 3 pm today. It's now after 7 pm and we are paying OT. Thank you.

Ed

At 8:09 p.m., counsel for Houser Bros. sent the following e-mail:

Jamie:

Please send your signature page as soon as possible. Per our call, we will make a single change to reflect that you have not yet provided your exhibits but will do so by

5

tomorrow. We will attach your lists of witnesses and exhibits as exhibits to the pretrial stipulation so it doesn't change the pagination on where your signature block appears. Please reply to confirm your agreement and to advise when we can get your signature. It's now after 8 pm and I have to be courteous to my staff. Thanks.

Ed

At 8:24 p.m., Debtor sent an e-mail containing a list of "Additional Exhibits to include."

At 8:30 p.m., Debtor sent her signed copy of the PTS.

Two minutes later, counsel for Houser Bros. sent Debtor an e-mail as follows:

Jamie:

Thanks for sending your signature. Please reply to confirm your agreement that we will modify the sentence that says you have given us your exhibits to say you will give them to us by tomorrow. Thank you.

Ed

At 8:41 p.m., Debtor responded:

Ed,

This will confirm our telephone call at 8:35 pm to clarify that you have agreed to allow me to provide additional exhibits and/or changes to the exhibit list provided earlier this evening and I understand the you request copies of the exhibits be provided to you by 5pm, close of business on September 15, 2022.

Sincerely,

Jamie Gallian

A true and correct copy of the September 13, 2022, correspondence between Debtor and counsel for Houser Bros. regarding the pretrial stipulation is attached to the Hays Declaration as **Exhibit 3**.

On September 13, 2022, Houser Bros. filed a "Joint Pretrial Stipulation" ("PTS"). A true and correct copy of the PTS is attached to the Hays Declaration as **Exhibit 4**. Regarding exhibits, the PTS provided as follows:

Set forth below is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

Hays Decl. Ex. 4 at 74.

By the pretrial conference on September 27, 2022, Debtor had still not provided her trial exhibits to counsel for Houser Bros. During the pretrial conference, D. Edward Hays ("Mr. Hays")

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

4886-1591-1427,v.1

appeared on behalf of Trustee, and Debtor appeared on her own behalf. Mr. Hays advised that he had not yet received all of Debtor's trial exhibits as provided in the PTS. The Court asked Debtor when she would provide the exhibits to Mr. Hays. She responded that she would try to submit them within the next 24-48 hours. The Court instead gave her until the following Friday (October 7, 2022).

On October 5, 2022, the Court entered an "Order Approving Joint Pretrial Stipulation, and Scheduling Order") ("PTO"). A true and correct copy of the PTO is attached to the Hays Declaration as **Exhibit 5**. The PTO ordered, among other things, that Debtor "must submit all of her trial exhibits to counsel for Houser Bros. . . . by October 7, 2022[.]" Hays Decl. Ex. 5 at 88. The PTO further set a trial for February 23, 2023, at 9:30 a.m. *Id.*

To date, counsel for Houser Bros. has not received any of Debtor's trial exhibits.

## 3.    Legal Argument

### A.    Good cause exists to enter an order excluding Debtor's trial exhibits.

A pretrial order controls the subsequent course of the action unless modified "upon a showing of good cause." *El-Hakem v. BJY, Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005). A party may not offer evidence or advance theories at the trial which are not included in the order, or which contradict its terms. *Id.*

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992). A court's decision to honor the terms of its binding scheduling order does not simply "exalt procedural technicalities over the merits" of a party's case. *Id.* Disregard of a scheduling order would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*; *see also L.H. v. Schwarzenegger*, 2008 U.S.Dist.LEXIS 9632, at *18 (E.D. Cal. Jan. 29, 2008) (indicating that Rule 16 and the court's scheduling order are not "optional directives; the court is bound by them"); *Tessera, Inc. v. Sony Corp.*, 2013 U.S.Dist.LEXIS 2311, at *9 (N.D. Cal. Jan. 7, 2013) (noting that a scheduling order is "not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court" with which the court "expects compliance").

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS
4886-1591-1427,v.1

1     Exhibits not timely submitted under a court's pretrial order may be excluded from trial. *See*

2   *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, 2013 U.S.Dist.LEXIS 71364 (denying a motion to

3   reconsider an order excluding any trial exhibits that were not timely submitted under the court's

4   pretrial order).

5     Here, Houser Bros. bent over backwards to obtain Debtor's executed PTS and granted her

6   multiple extensions of the Local Bankruptcy Rules' deadlines for her to have circulated her trial

7   exhibits. Houser Bros. timely circulated to Debtor a draft of the PTS on September 1, 2022, at 3:46

8   p.m. Hays Decl. Ex. 2 at 20 (September 1 E-mail); *see* Loc. Bankr. R. 7016-1(c)(2) (providing that

9   unless otherwise ordered, the plaintiff must serve the proposed pretrial stipulation in such a manner

10  so that it will actually be received by the other parties not later than 4:00 p.m. on the 7th day prior to

11  the last day for filing or lodging the proposed pretrial stipulation). The September 1 E-mail further

12  advised Debtor of the requirement that she provide her input and response within three days. Hays

13  Decl. Ex. 2 at 20 (September 1 E-mail); *see also* Loc. Bankr. R. 7016-1(d) ("Duty of Parties Other

14  Than Plaintiff").

15    Debtor did not timely respond, and on September 13, 2022—the filing deadline for the PTS

16  based on the continued, September 27, 2022, pretrial conference—Houser Bros. inquired whether

17  she would be providing input. After a full day of correspondence regarding the PTS, including e-

18  mails from Houser Bros.'s counsel imploring her to return a signed copy, Debtor finally did so at

19  8:30 p.m. Hays Decl. Ex. 3 at 39 (September 13, 2022, correspondence).

20    The filed PTS reflects the parties' agreement, that Debtor would "provide all exhibits to

21  Plaintiff no later than September 15, 2022," Hays Decl. Ex. 4 at 74 (PTS), which is already an

22  extension of the Local Bankruptcy Rules' requirement that all exhibits be circulated before the filing

23  of the pretrial stipulation. *See* Loc. Bankr. R. 7016-1(b)(2)(D) (requiring that unless the court orders

24  otherwise, a pretrial stipulation must include the following language: "The parties have exchanged

25  copies of all exhibits.").

26    Debtor did not comply with the extended September 15, 2022, deadline, and during the

27  September 27, 2022, pretrial conference, the Court granted her an additional week and a half to

28

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

4886-1591-1427,v.1

provide the exhibits after she requested a 24-48 hour extension. The Court's PTO memorialized the October 7, 2022, deadline. Hays Decl. Ex. 5 at 88.

Trial is now only three weeks away, and even though Debtor indisputably had notice of the October 7 deadline to submit her trial exhibits, she still has not done so. Houser Bros. is preparing for trial, including drafting its trial brief due 14 days before trial. If Debtor were allowed to submit and use her exhibits now, Houser Bros. would be prejudiced by having to determine how to address the exhibits on short notice and likely not be able to address them in its trial brief. The PTO further requires the parties to submit a joint exhibit book, "containing each Party's trial exhibits," to the Court no later than one week before trial. Hays Decl. Ex. 5 at 88.

Debtor has been given multiple extensions to provide her trial exhibits. She has not provided them, and Houser Bros. respectfully requests that this Court enforce its PTO and exclude Debtor's exhibits from trial.

## 4.    Conclusion

For the reasons stated above, Plaintiff requests an order:

1) Granting this Motion;

2) Prohibiting Debtor from introducing her designated exhibits at trial; and

3) Awarding such further relief as this Court deems just and proper.


DATED: February 1, 2023                    MARSHACK HAYS LLP

                                                            /s/ D. Edward Hays
                                          By:_____
                                              D. EDWARD HAYS
                                              LAILA MASUD
                                              BRADFORD N. BARNHARDT
                                              Attorneys for Plaintiff,
                                              HOUSER BROS. CO. dba RANCHO DEL
                                              REY MOBILE HOME ESTATES

4886-1591-1427,v.1

# Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5. I am a partner in the law firm of Marshack Hays LLP ("Firm"), attorneys of record for Plaintiff, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros." or "Plaintiff").

6. I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7. I make this Declaration in support of Plaintiff's Motion in Limine to Exclude Debtor's Trial Exhibits ("Motion"). Capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

8. On July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC.

9. A true and correct copy of the CM/ECF Docket in this AP is attached as **Exhibit 1.**

10. A true and correct copy of the September 1 E-mail that I sent to Debtor is attached as **Exhibit 2**.

11. A true and correct copy of the September 13, 2022, e-mail correspondence between my Firm and Debtor regarding the PTS is attached as **Exhibit 3**.

12. A true and correct copy of the PTS is attached as **Exhibit 4**.

13. A true and correct copy of the PTO is attached as **Exhibit 5**.

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

4886-1591-1427,v.1

14.    To date, Debtor has not provided her trial exhibits in violation of the court-ordered deadline.

15.    My Firm has begun preparing for the upcoming trial in this AP.

16.    If Debtor is permitted to use exhibits which have not been produced and which we will not be able to address in our trial brief, plaintiff will be prejudiced.

17.    This is not the first time Debtor has filed late briefs or made last-minute arguments. As the court will recall, on February 1, 2023, the Court conducted a hearing on Plaintiff's motion for relief from stay. Although Debtor had previously filed opposition, ***the day prior to the hearing*** she filed papers arguing that Plaintiff did not have standing to seek relief from stay. Bankruptcy Case Dk. Nos. 300 and 315. Additionally, Debtor did not file an opposition to the objection to exemption motion until the day prior to the initial hearing which resulted in the Court granting a continuance. Bankruptcy Case Dk. Nos. 105 and 124. Debtor was also sanctioned for failing to timely and fully provide discovery responses necessitating a motion to compel (of which Debtor never paid the sanctions which remain outstanding). AP Dk. Nos. 18 and 29. These are but a few of the examples of Debtor's repeated failures to comply with deadlines. Such failures ultimately prejudice my Firm's client because such delays and continuances unnecessarily increase the costs of litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2023.

/s/ D. Edward Hays

D. EDWARD HAYS

MOTION IN LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS

4886-1591-1427,v.1

EXHIBIT  1

1/31/23, 4:31 PM
CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

**727OBJ**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:21-ap-01097-SC

*Assigned to:* Scott C Clarkson                              *Date Filed:* 10/18/21
*Lead BK Case:* 21-11710
*Lead BK Title:* Jamie Lynn Gallian
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 62  Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
68  Dischargeability - 523(a)(6), willful and malicious injury
65  Dischargeability - other
424 Obj/Revocation Discharge 727

### *Plaintiff*
-----------------------
**Houser Bros. Co.**
*dba* **Rancho Del Rey Mobile Home Estates**

represented by **Bradford Barnhardt**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
404-587-6205
Email: bbarnhardt@marshackhays.com

**D Edward Hays**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: ehays@marshackhays.com
*LEAD ATTORNEY*

**Laila Masud**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-777
Fax : 949-333-7778
Email: lmasud@marshackhays.com

V.

### *Defendant*
-----------------------
**Jamie Lynn Gallian**
16222 Monterey Ln SP #376
Huntington Beach, CA 92649

represented by **Jamie Lynn Gallian**
PRO SE

EXHIBIT 1, PAGE 12

714-321-3449
SSN / ITIN: xxx-xx-3936

*Trustee*
-----------------------
**Jeffrey I Golden (TR)**
Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
(714) 966-1000

*U.S. Trustee*
-----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 10/18/2021 | 1<br>(25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |
| 10/18/2021 | | Receipt of Complaint( 8:21-ap-01097-ES) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A53512667. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/18/2021) |
| 10/19/2021 | 2<br>(4 pgs) | Summons Issued on Jamie Lynn Gallian Date Issued 10/19/2021, Answer Due 11/18/2021 (RE: related document(s)1 Complaint filed by Plaintiff Houser Bros. Co.). Status hearing to be held on 1/6/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/19/2021) |
| 10/22/2021 | 3<br>(25 pgs) | Amended Complaint *First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* by Laila Masud on behalf of Houser Bros. Co. against Jamie Lynn Gallian. (RE: related document(s)1 Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and |

|  |  |  |
|---|---|---|
|  |  | malicious injury)),(65 (Dischargeability - other)) filed by Plaintiff Houser Bros. Co.). (Masud, Laila) (Entered: 10/22/2021) |
| 10/25/2021 | [4](#)<br>(15 pgs) | Notice *to Defendant re: Compliance with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local Bankruptcy Rules; with Proof of Service* Filed by Plaintiff Houser Bros. Co.. (Masud, Laila) (Entered: 10/25/2021) |
| 10/25/2021 | [5](#)<br>(6 pgs) | Summons Service Executed on Jamie Lynn Gallian 10/25/2021 (Masud, Laila) (Entered: 10/25/2021) |
| 10/28/2021 | [6](#)<br>(26 pgs) | Answer to Complaint/ Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeablity of Debt, Filed by Jamie Lynn Gallian [EDB]. (Duarte, Tina) (Entered: 10/28/2021) |
| 12/22/2021 | [7](#)<br>(4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)[2](#) Summons Issued on Jamie Lynn Gallian Date Issued 10/19/2021, Answer Due 11/18/2021 (RE: related document(s)[1](#) Complaint filed by Plaintiff Houser Bros. Co.). Status hearing to be held on 1/6/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith). (Hays, D) (Entered: 12/22/2021) |
| 12/24/2021 | [8](#)<br>(6 pgs) | Status report *Joint Status Report; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)[2](#) Summons Issued). (Masud, Laila) (Entered: 12/24/2021) |
| 01/06/2022 | 9 | Status Conference Hearing Rescheduled/Continued (RE: related document(s)[1](#) Complaint filed by Plaintiff Houser Bros. Co.). Deadline to complete discovery: 3/31/2022. Deadline to attend mandatory mediation as to the 523(a) claims only: 4/29/2022. Deadline to file Joint Pretrial Stipulation: 6/2/2022. Pre-Trial Conference set for 6/16/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/13/2022) |
| 01/20/2022 | [10](#)<br>(17 pgs) | Notice of lodgment of Ruling in State Court Exparte Proceeding, Case No. 30-2021-01236940; Filed by Defendant Jamie Lynn Gallian [EDB] (RE: related document(s)[1](#) Complaint). (Duarte, Tina) (Entered: 01/21/2022) |
| 01/24/2022 | [11](#)<br>(17 pgs) | Declaration Setting Forth Postpetition: 1. CA Covid-19 Rent Relief Award 10/27/2021, Payment $24,301.55 to Houser Bros Co dba Rancho Del Rey Mobilehome Estates; 2. Payment $13,709.45 to Houser Bros Co. dba Rancho Del Rey Mobilehome Estate; Filed by Defendant Jamie Lynn Gallian [EDB]. (Duarte, Tina) Modified on 1/25/2022 (Duarte, Tina). (Entered: 01/24/2022) |
| 01/25/2022 | [12](#)<br>(157 pgs) | Motion and Notice of Motion for an Order Directed to Plaintiff Houser Bros Co. dba Rancho Del Rey Mobilehome Estates to Endorse and Deposit Into Houser Bros Co. Bank Account 1. CA Covid-19 Check No. 58066665; 2. Bank of America Cashier's Check No. 1161518213 Prior to February 4, 2022; 2. Houser Bros Co Ordered to File Proof of Deposit with This Court, Filed by Defendant Jamie Lynn Gallian [EDB] (Duarte, Tina) (Entered: 01/25/2022) |
| 01/25/2022 | [13](#)<br>(21 pgs) | Application for Order Setting Hearing on Shortened Notice; Filed by Defendant Jamie Lynn Gallian [EDB] (Duarte, Tina) (Entered: |

| | | |
|---|---|---|
| | | 01/25/2022 |
| 01/31/2022 | 14<br>(4 pgs) | Order Denying Application for Order Setting Hearing on Shortened Notice. Debtor Jamie Lynn Gallian has not Provided Any Relevant or Applicable Legal Authority Supporting this Court's Authority to Grant the Relief Sought in the Motion and the Court is Not Aware of Any Such Authority (BNC-PDF) (Related Doc # 13 ) Signed on 1/31/2022 (Duarte, Tina) (Entered: 01/31/2022) |
| 02/02/2022 | 15<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)14 ORDER shortening time (BNC-PDF)) No. of Notices: 0. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/15/2022 | 16<br>(2 pgs) | Status Conference And Scheduling Order (BNC-PDF) Signed on 2/15/2022. Pre-Trial Conference set for 6/16/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The last day for discovery to be completed, including receiving responses to discovery requests, is 3/31/2022. Pre-trial Stipulation must be filed by 6/2/2022. Deadline to attend mandatory mediation as to the 11 USC Section 523(a) claims only is 04/29/2022. The case judge is Erithe A. Smith. (Daniels, Sally) (Entered: 02/15/2022) |
| 02/17/2022 | 17<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 Scheduling Order (BNC-PDF)) No. of Notices: 0. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 05/12/2022 | 18<br>(169 pgs) | Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Authorities; Declaration of D. Edward Hays; with Proof of Service [Hearing 6/2/22 at 10:30 a.m.]* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 19<br>(3 pgs) | Notice *Supplemental Notice of Hearing To Be Held Remotely Using ZoomGov Audio and Video; with proof of service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)18 Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Authorities; Declaration of D. Edward Hays; with Proof of Service [Hearing 6/2/22 at 10:30 a.m.]* Filed by Plaintiff Houser Bros. Co. filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 20 | Hearing Set (RE: related document(s)18 Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session, filed by Plaintiff Houser Bros. Co.). The Hearing date is set for 6/2/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 06/02/2022 | 21 | Hearing Held (RE: related document(s)18 Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session, filed by Plaintiff Houser Bros. Co.) - Grant the Motion as follows: all relief requested in the Motion is granted except that the award of attorneys fees and costs is reduced to $4,000.00. If Debtor appears and fully participates in the rescheduled deposition and appears at the mandatory mediation, the award of $4,000.00 will be |

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| | | |
|---|---|---|
| | | payable within 45 days after the conclusion of the mediation. If Debtor fails to appear for the deposition or the mediation, the award shall be due 10 business days following such failure to appear. Movant shall not be required to pay for captioning software re the deposition. (TD8) (Entered: 06/03/2022) |
| 06/06/2022 | 22 (193 pgs) | Motion *Notice of Motion and Motion to Continue pretrial conference; with proof of service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 06/06/2022) |
| 06/08/2022 | 23 (146 pgs) | Opposition to Houser Bros Motion to Continue Pre-Trial Conference Past July 14, 2022; Request to Consolidate the Date All Three Adversary Pretrial Conference to July 14, 2022, All Closely Related and Overlap (related document(s): 22 Motion *Notice of Motion and Motion to Continue pretrial conference; with proof of service* filed by Plaintiff Houser Bros. Co.) Filed by Defendant Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/08/2022) |
| 06/09/2022 | 24 (9 pgs) | Notice of lodgment Filed by Plaintiff Houser Bros. Co. (RE: related document(s)18 Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Autho).* (Hays, D) (Entered: 06/09/2022) |
| 06/10/2022 | 25 (8 pgs) | Revised [Amended] Notice of lodgment, Filed by Defendant Jamie Lynn Gallian [EDB] (RE: related document(s)18 Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Autho). (TD8).* (Entered: 06/10/2022) |
| 06/14/2022 | 26 (2 pgs) | Order Granting Motion to Continue Pretrial Conference. IT IS ORDERED: The Pretrial Conference is CONTINUED From June 16, 2022, to September 22, 2022 at 10:00 a.m. (See Order For Further Ruling) (BNC-PDF) (Related Doc # 22 ) Signed on 6/14/2022 (TD8) (Entered: 06/14/2022) |
| 06/16/2022 | 28 | Hearing Rescheduled/Continued (RE: related document(s)1 PRE-TRIAL CONFERENCE RE: Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§727(a)(2)(A),(a)(4) and (a)(5) filed by Plaintiff Houser Bros. Co.) CONTINUED TO 9/22/2022 AT 10:00 A.M., Per Order Entered 6/14/2022. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 27 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)26 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/17/2022. (Admin.) (Entered: 06/17/2022) |
| 06/24/2022 | 29 (6 pgs) | Order Granting Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session (See Order for Further Ruling) (BNC-PDF) (Related Doc # 18 ) Signed on 6/24/2022 (JL) (Entered: 06/24/2022) |
| 06/26/2022 | 30 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date |

EXHIBIT 1, PAGE 16

1/31/23, 4:31 PM                                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| | | |
|---|---|---|
| | | 06/26/2022. (Admin.) (Entered: 06/26/2022) |
| 06/28/2022 | [31](#)<br>(4 pgs) | Stipulation By Houser Bros. Co. and *Defendant Extending Mediation Completion Deadline to Allow for Mediation with Thomas C. Watts, III, Esq.; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 06/28/2022) |
| 06/29/2022 | [32](#)<br>(2 pgs) | Order Approving Stipulation Extending Mediation Completion Deadline to Allow for Mediation with Thomas C. Watts II, Esq - Deadline Extended to August 19, 2022. (BNC-PDF) (Related Doc # [31](#) ) Signed on 6/29/2022 (JL) (Entered: 06/29/2022) |
| 07/01/2022 | [33](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[32](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 0. Notice Date 07/01/2022. (Admin.) (Entered: 07/03/2022) |
| 09/01/2022 | 34 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |
| 09/01/2022 | [35](#)<br>(1 pg) | Order Continuing Pretrial Hearing. IT IS ORDERED: The Pre-Trial Conference Scheduled For September 22, 2022, At 10:00 A.M. Is Hereby CONTINUED TO SEPTEMBER 27, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. (Virtual Accessibility Information Will Be Posted Into The Tentative Ruling Prior To The Hearing.) (BNC-PDF) (Related Doc # doc ) Signed on 9/1/2022 (NB8) (Entered: 09/01/2022) |
| 09/04/2022 | [36](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[35](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 0. Notice Date 09/04/2022. (Admin.) (Entered: 09/04/2022) |
| 09/13/2022 | [37](#)<br>(29 pgs) | Pre Trial Stipulation By Houser Bros. Co. and *Defendant* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 09/13/2022) |
| 09/21/2022 | [38](#)<br>(2 pgs) | BAP ORDER Dismissing Appeals RE: Appeal BAP Number: CC-22-1146 - (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 9/16/2022) - DOCKET IN INCORRECT CASE - SEE CASE NO. 8:21-bk-11710-SC (NB8) Modified on 9/21/2022 (NB8). (Entered: 09/21/2022) |
| 09/22/2022 | 39 | Hearing Rescheduled/Continued (RE: related document(s)[1](#) Complaint filed by Plaintiff Houser Bros. Co.) HEARING TO RESCHEDULED BEFORE JUDGE CLARKSON TO SEPTEMBER 27, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. (JL) (Entered: 09/23/2022) |
| 09/27/2022 | 40 | Hearing Held On Pre-Trial Conference (RE: related document(s) [3](#) First Amended Complaint To (1) Determine Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523(a)(2)(A) And (a)(6); (2) Deny Discharge Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And (a)(5) filed by Plaintiff Houser Bros. Co.) - EXHIBITS TO BE PROVIDED ON OCTOBER 7, 2022. MOTION FOR JUDGMENT ON PLEADINGS TO BE FILED ON OCTOBER 4, 2022. HEARING FOR JUDGMENT ON PLEADINGS ON NOVEMBER 1, 2022 AT 1:30 P.M. TRIAL SET FOR FEBRUARY 23, 2023 AT 9:30 A.M. IN COURTROOM 5C, LOCATED |

EXHIBIT 1, PAGE 17

1/31/23, 4:31 PM                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

|  |  | AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. Modified on 9/30/2022 (NB8). (Entered: 09/30/2022) |
|---|---|---|
| 10/05/2022 | 41<br>(3 pgs) | Order Approving Joint Pretrial Stipulation, And Scheduling Order. IT IS ORDERED: The "Joint Pre-Trial Stipulation "Docket No. 37 ) IS APPROVED. An In-Person TRIAL Will Begin On FEBRUARY 23, 2023, At 9:30 A.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. The Court's Following Posted Procedures Will Apply And Be Strictly Enforced: Judge Clarkson's Regular Procedures For Trials And Evidentiary Hearings. Trial Briefs Must Be Filed No Later Than 14 Days Prior To Trial. The Hearing On Ms. Gallian's Motion For Judgment On The Pleadings Will Be Held Via Zoom On November 1, 2022, At 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 9201. (SEE ORDER FOR FURTHER RULINGS) (BNC-PDF) (Related Doc # 37 ) Signed on 10/5/2022 (NB8) (Entered: 10/05/2022) |
| 10/07/2022 | 42<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)41 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 0. Notice Date 10/07/2022. (Admin.) (Entered: 10/07/2022) |
| 10/14/2022 | 43<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Barnhardt, Bradford. (Barnhardt, Bradford) (Entered: 10/14/2022) |
| 01/18/2023 | 44<br>(381 pgs) | Defendant Jamie L. Gallian's Lodgment Of Exhibits Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 01/19/2023) |
| 01/18/2023 | 45<br>(381 pgs) | Defendant Jamie L. Gallian's Lodgment Of Exhibits In Support Of Opposition To Houser Bros Co Motion For Relief From The Automatic Stay, (Dkt. 278). Memorandum Points & Authorities ISO Opposition Filed Under Separate Cover Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 01/19/2023) |
| 01/27/2023 | 46<br>(1 pg) | Request for Recording of Court Proceedings . Fee Amount $32, Filed by Plaintiff Houser Bros. Co.. (Hays, D) (Entered: 01/27/2023) |
| 01/27/2023 |  | Receipt of Request for Recording of Court Proceedings (fee)( 8:21-ap-01097-SC) [misc,rrcp] ( 32.00) Filing Fee. Receipt number A55086505. Fee amount 32.00. (re: Doc# 46) (U.S. Treasury) (Entered: 01/27/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2023 16:30:59 | | |
| **PACER Login:** | atty272406 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-ap-01097-SC Fil or Ent: filed From: 11/2/2000 To: 1/31/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

EXHIBIT 1, PAGE 18

| Billable Pages: | 6 | Cost: | 0.60 |
|---|---|---|---|

EXHIBIT 1, PAGE 19

EXHIBIT  2

| | |
|---|---|
| **From:** | Ed Hays |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Friday, January 27, 2023 1:34:45 PM |
| **Attachments:** | 08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-22.docx |

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Thursday, September 1, 2022 at 3:46 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>, Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please make any proposed revisions or additions using tracked changes. To the extent that you dispute any proposed undisputed fact, simply move it to the disputed fact section. To the extent that you have any questions or issues, please contact me at your earliest opportunity so that we may make a good faith effort to resolve any disputes and be able to timely file the JPS. Under the rules, you must provide your input and response to me within 3 days. The fully executed document must be filed with the court next Thursday which date is 14 days before the pretrial conference.

I look forward to your response. Thank you.

Ed

EXHIBIT  3

| | |
|---|---|
| **From:** | Ed Hays |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Friday, January 27, 2023 1:34:11 PM |
| **Attachments:** | 08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-22.docx |

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Tuesday, September 13, 2022 at 11:46 AM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>,
Layla Buchanan <LBuchanan@marshackhays.com>, Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

To date, we have not received your input on the attached proposed joint status report. The deadline to file it under the new continued hearing date is today. Please reply immediately to advise if you will be providing your input by 3 pm. today. Thank you.


Ed


**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Thursday, September 1, 2022 at 3:46 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>,
Layla Buchanan <LBuchanan@marshackhays.com>, Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please make any proposed revisions or additions using tracked changes. To the extent that you dispute any proposed undisputed fact, simply move it to the disputed fact section. To the extent that you have any questions or issues, please contact me at your earliest opportunity so that we may make a good faith effort to resolve any disputes and be able to timely file the JPS. Under the rules, you must provide your input and response to me within 3 days. The fully executed document must be filed with the court next Thursday which date is 14 days before the pretrial conference.

I look forward to your response. Thank you.


Ed

EXHIBIT 3, PAGE 22

| | |
|---|---|
| **From:** | Ed Hays |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Friday, January 27, 2023 1:33:40 PM |
| **Attachments:** | image002.png |

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Tuesday, September 13, 2022 at 7:02 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

What's your timing to send your list of exhibits and signature? Please expedite. This should have
been done three days after your receipt. We got additional time due to the continuance. We asked
for all your input by 3 pm today. It's now after 7 pm and we are paying OT. Thank you.

Ed

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Date:** Tuesday, September 13, 2022 at 7:00 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Debtor's Witness List:

1.    Hugh Saddington

2.    Barbara Wertin-Saddington

3.    Sandra Bradley

4.    Craig Houser

5.    Kathryn Curtiss

6.    Ronald Pierpont

7.    Robert McLelland

8.    Greg Buysman

9.    Lindy Beck

10.    Lee Gragnano

11.    Janine Jasso

12.    Pejman Kharrazian

13.    Jamie Lynn Gallian

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




On Tue, Sep 13, 2022 at 5:51 PM Ed Hays <EHays@marshackhays.com> wrote:

Clean copy.

Ed

_____

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:55 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Please find an updated proposed joint pretrial stipulation reflecting your requested revisions attached to this e-mail. Please add your exhibits and witness list and return a signed, clean copy of the pretrial stipulation as soon as possible. The filing deadline is today, and we will need to have time to file the stipulation.

Thanks,

Brad Barnhardt



---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 4:50 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Yes and yes.
My exhibits and witness list

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 4:35 PM, Ed Hays <EHays@marshackhays.com> wrote:

Jamie?

Ed

---

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:10 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>, Ed Hays <EHays@MarshackHays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Should we add these issues and the disputed facts and then send an updated copy of
the joint pretrial stipulation to you for your signature, or will you be sending anything
else?

Thanks,

Brad Barnhardt


<image002.png>

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 3:20 PM
**To:** Ed Hays <EHays@MarshackHays.com>; Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>; Layla Buchanan
<LBuchanan@marshackhays.com>; Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Ed,

Please add the following to the Issues At Law:

Does the First Claim for Relief state a valid claim for relief?   No, it does
not identify any  creditor who was defrauded nor is there any such
creditor.  It also fails to allege with any  specificity any of the elements
required by 11 USC 523(a)(2)(A).  Debtor's 25th Affirmative Defense is
a valid bar to this claim.

Does the Second Claim for relief state a valid claim for conversion? Under California Law conversion is the wrongful exercise of dominion over personal property of another.   Moore v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that a trespass can give rise to a claim of conversion of the personal property on the real property of Plaintiff and does not stand for the proposition that a trespass on real property is also a conversion unless plaintiff can prove that it was deprived of that personal property with a superior right to possession.  The Second Claim does not identify any personal property that the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a valid claim for relief and is barred by Debtor's 25th affirmative defense.

Is the Second Claim for relief based on trespass barred by the doctrines of waiver , estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code Section 798.74?   Debtor submitted an application for residency on November 19,2018 on behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that Debtor's credit score was insufficient although she was not the applicant. California Civil Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and charges of the park. unless management  reasonably determines the purchaser will not comply with the rules and regulations of the park.  Plaintiff did not comply with its mandatory obligations after receiving J. Sandcastle's application but responded only with a classic non sequitur that did not address the issue of financial ability to pay of the purchaser nor did assert any claim that its rules and regulations would not be followed.   California Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due." Plaintiff failed its mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was created. It clearly waived its right to deny tenancy to J.Sandcastle and comes before the court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

Does the Third Claim for Relief state a valid claim for relief?   This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.   See debtor's 25th affirmative defense.

Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Sincerely,

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 3:15 PM, Jamie Gallian <jamiegallian@gmail.com> wrote:

Ed,

Please move the following facts from undisputed to disputed:  1, 7, 8, 9, 10, 11, 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 35, 40, 41, 42, 43, 48, 49, 50, 61, 62,63,64,65, 67.

I will continue to work on the other sections. Please advise if you are sending an addendum with the above.

Sincerely,

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 11:46 AM, Ed Hays
<[EHays@marshackhays.com](mailto:EHays@marshackhays.com)> wrote:


Jamie:

To date, we have not received your input on the attached
proposed joint status report. The deadline to file it under
the new continued hearing date is today. Please reply
immediately to advise if you will be providing your input
by 3 pm. today. Thank you.


Ed

---

**From:** Ed Hays <[EHays@MarshackHays.com](mailto:EHays@MarshackHays.com)>
**Date:** Thursday, September 1, 2022 at 3:46 PM
**To:** Jamie Gallian <[jamiegallian@gmail.com](mailto:jamiegallian@gmail.com)>, Laila
Masud <[LMasud@marshackhays.com](mailto:LMasud@marshackhays.com)>, Layla
Buchanan <[LBuchanan@marshackhays.com](mailto:LBuchanan@marshackhays.com)>,
Bradford N. Barnhardt
<[bbarnhardt@marshackhays.com](mailto:bbarnhardt@marshackhays.com)>
**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint
Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please make
any proposed revisions or additions using tracked
changes. To the extent that you dispute any proposed
undisputed fact, simply move it to the disputed fact
section. To the extent that you have any questions or
issues, please contact me at your earliest opportunity so
that we may make a good faith effort to resolve any
disputes and be able to timely file the JPS. Under the
rules, you must provide your input and response to me
within 3 days. The fully executed document must be filed
with the court next Thursday which date is 14 days before
the pretrial conference.

I look forward to your response. Thank you.


Ed

EXHIBIT 3, PAGE 29

<08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-22.docx>

| | |
|---|---|
| **From:** | Ed Hays |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Friday, January 27, 2023 1:33:30 PM |
| **Attachments:** | image002.png |

**From:** Ed Hays <EHays@MarshackHays.com>

**Date:** Tuesday, September 13, 2022 at 8:09 PM

**To:** Jamie Gallian <jamiegallian@gmail.com>

**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>

**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Please send your signature page as soon as possible. Per our call, we will make a single change to reflect that you have not yet provided your exhibits but will do so by tomorrow. We will attach your lists of witnesses and exhibits as exhibits to the pretrial stipulation so it doesn't change the pagination on where your signature block appears. Please reply to confirm your agreement and to advise when we can get your signature. It's now after 8 pm and I have to be courteous to my staff. Thanks.

Ed

---

**From:** Ed Hays <EHays@MarshackHays.com>

**Date:** Tuesday, September 13, 2022 at 7:02 PM

**To:** Jamie Gallian <jamiegallian@gmail.com>

**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>

**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

What's your timing to send your list of exhibits and signature? Please expedite. This should have been done three days after your receipt. We got additional time due to the continuance. We asked for all your input by 3 pm today. It's now after 7 pm and we are paying OT. Thank you.

Ed

---

**From:** Jamie Gallian <jamiegallian@gmail.com>

**Date:** Tuesday, September 13, 2022 at 7:00 PM

**To:** Ed Hays <EHays@MarshackHays.com>

**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Debtor's Witness List:

1.      Hugh Saddington

2.      Barbara Wertin-Saddington

3.      Sandra Bradley

4.      Craig Houser

5.      Kathryn Curtiss

6.      Ronald Pierpont

7.      Robert McLelland

8.      Greg Buysman

9.      Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com

EXHIBIT 3, PAGE 32

On Tue, Sep 13, 2022 at 5:51 PM Ed Hays <EHays@marshackhays.com> wrote:

Clean copy.

Ed

---

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:55 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Please find an updated proposed joint pretrial stipulation reflecting your requested revisions
attached to this e-mail. Please add your exhibits and witness list and return a signed, clean copy of
the pretrial stipulation as soon as possible. The filing deadline is today, and we will need to have
time to file the stipulation.

Thanks,

Brad Barnhardt

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 4:50 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>; Laila Masud
<LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Yes and yes.
My exhibits and witness list

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 4:35 PM, Ed Hays <EHays@marshackhays.com> wrote:

Jamie?

Ed

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:10 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>, Ed Hays <EHays@MarshackHays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Should we add these issues and the disputed facts and then send an updated copy of
the joint pretrial stipulation to you for your signature, or will you be sending anything
else?

Thanks,

Brad Barnhardt

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 3:20 PM
**To:** Ed Hays <EHays@MarshackHays.com>; Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>; Layla Buchanan
<LBuchanan@marshackhays.com>; Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Ed,

Please add the following to the Issues At Law:

Does the First Claim for Relief state a valid claim for relief?   No, it does
not identify any  creditor who was defrauded nor is there any such
creditor.  It also fails to allege with any  specificity any of the elements
required by 11 USC 523(a)(2)(A).  Debtor's 25th Affirmative Defense is
a valid bar to this claim.

Does the Second Claim for relief state a valid claim for conversion?
Under California Law conversion is the wrongful exercise of dominion
over personal property of another.   Moore v. Regents of Univ. of Calif.
(1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that a
trespass can give rise to a claim of conversion of the personal property
on the real property of Plaintiff and does not stand for the proposition
that a trespass on real property is also a conversion unless plaintiff can
prove that it was deprived of that personal property with a superior right
to possession.  The Second Claim does not identify any personal
property that the debtor has allegedly converted and therefor fails to
state a valid claim of conversion or a valid claim for relief and is barred
by Debtor's 25th affirmative defense.

Is the Second Claim for relief based on trespass barred by the doctrines
of waiver , estoppel  and unclean hands as a result of Plaintiff's failure to
comply with Civil Code Section 798.74?   Debtor submitted an
application for residency on November 19,2018 on behalf of
J.Sandcastle.  Plaintiff never responded to that application but instead
claimed that Debtor's credit score was insufficient although she was not
the applicant. California Civil Code 798.74 that was in effect on that date
required that Plaintiff respond within 15 business days to the
prospective homeowner (J. Sandcastle) with the reason for the
acceptance or rejection.   Approval cannot be withheld if the purchaser
has the ability to pay the rent and charges of the park. unless
management  reasonably determines the purchaser will not comply with
the rules and regulations of the park.  Plaintiff did not comply with its

mandatory obligations after receiving J. Sandcastle's application but responded only with a classic non sequitur that did not address the issue of financial ability to pay of the purchaser nor did assert any claim that its rules and regulations would not be followed.   California Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due." Plaintiff failed its mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was created. It clearly waived its right to deny tenancy to J.Sandcastle and comes before the court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

Does the Third Claim for Relief state a valid claim for relief?   This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.   See debtor's 25th affirmative defense.

Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Sincerely,

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 3:15 PM, Jamie Gallian <jamiegallian@gmail.com> wrote:

Ed,

Please move the following facts from undisputed to disputed:  1, 7, 8, 9, 10, 11, 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 35, 40, 41, 42, 43, 48, 49, 50, 61, 62,63,64,65, 67.

I will continue to work on the other sections. Please advise if you are sending an addendum with the above.

Sincerely,

Jamie Gallian
Sent from my iPhone

> On Sep 13, 2022, at 11:46 AM, Ed Hays <EHays@marshackhays.com> wrote:

> Jamie:

> To date, we have not received your input on the attached proposed joint status report. The deadline to file it under the new continued hearing date is today. Please reply immediately to advise if you will be providing your input by 3 pm. today. Thank you.

> Ed

> _____

> **From:** Ed Hays <EHays@MarshackHays.com>
> **Date:** Thursday, September 1, 2022 at 3:46 PM
> **To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>, Bradford N. Barnhardt

EXHIBIT 3, PAGE 37

<bbarnhardt@marshackhays.com>

**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please make any proposed revisions or additions using tracked changes. To the extent that you dispute any proposed undisputed fact, simply move it to the disputed fact section. To the extent that you have any questions or issues, please contact me at your earliest opportunity so that we may make a good faith effort to resolve any disputes and be able to timely file the JPS. Under the rules, you must provide your input and response to me within 3 days. The fully executed document must be filed with the court next Thursday which date is 14 days before the pretrial conference.

I look forward to your response. Thank you.

Ed

<08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-22.docx>

| | |
|---|---|
| **From:** | Ed Hays |
| **To:** | Bradford N. Barnhardt |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Friday, January 27, 2023 1:33:15 PM |
| **Attachments:** | image002.png |

**From:** Ed Hays <EHays@MarshackHays.com>

**Date:** Tuesday, September 13, 2022 at 8:32 PM

**To:** Jamie Gallian <jamiegallian@gmail.com>

**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>

**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Thanks for sending your signature. Please reply to confirm your agreement that we will modify the
sentence that says you have given us your exhibits to say you will give them to us by tomorrow.
Thank you.

Ed

**From:** Jamie Gallian <jamiegallian@gmail.com>

**Date:** Tuesday, September 13, 2022 at 8:30 PM

**To:** Ed Hays <EHays@MarshackHays.com>, Jamie Gallian <jamiegallian@gmail.com>

**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>

**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

On Tue, Sep 13, 2022 at 8:24 PM Jamie Gallian <jamiegallian@gmail.com> wrote:

Additional Exhibits to include:

1.  Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2.  Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors Homestead Exemption.

3.  Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4.  Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-2017-00913985
   a.  Complaint 4/11/2017
   b.  FAC 5/16/2017
   c.  Minute Order 3/2/2018
    . Reporters Transcript of MSC 3/2/2018.
   d.  Minute Order 6/4/2018
    Reporter's Transcript of 6/4/2018, OSC regarding dismissal.
   e.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement Agreement under §§ 664.6.
   f.  Minute Order 7/19/2018
    1.  Reporters Transcript of HOAs MOT 7/19/2018
   g.  11/16/2018 Security Agreement & Promissory Note(s)
    1.  Lender
    2.  Holder, Jamie L Gallian
    3.  Holder, J-Pad, LLC.
   h.  Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte Application  to Continue Jury Trial; Minute Order November 8, 2018
   i.  Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.
   j.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement Agreement under §§ 664.6.
   k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.
   l.  May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.
   m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.
   n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.
   0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.
   p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.
   q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.
   r.  Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian, Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her family and brought Locksmith in her home to change the locks to all of the doors without permission to enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123 filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

On Tue, Sep 13, 2022 at 5:51 PM Ed Hays <EHays@marshackhays.com> wrote:

Clean copy.

Ed

---

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:55 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Please find an updated proposed joint pretrial stipulation reflecting your requested revisions
attached to this e-mail. Please add your exhibits and witness list and return a signed, clean copy
of the pretrial stipulation as soon as possible. The filing deadline is today, and we will need to
have time to file the stipulation.

Thanks,

Brad Barnhardt

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 4:50 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>; Laila Masud
<LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Yes and yes.
My exhibits and witness list

Jamie Gallian
Sent from my iPhone


On Sep 13, 2022, at 4:35 PM, Ed Hays <EHays@marshackhays.com> wrote:


Jamie?


Ed


**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:10 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>, Ed Hays <EHays@MarshackHays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Should we add these issues and the disputed facts and then send an updated copy
of the joint pretrial stipulation to you for your signature, or will you be sending
anything else?

Thanks,

Brad Barnhardt

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 3:20 PM
**To:** Ed Hays <EHays@MarshackHays.com>; Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>; Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Ed,

Please add the following to the Issues At Law:

Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th Affirmative Defense is a valid bar to this claim.

Does the Second Claim for relief state a valid claim for conversion? Under California Law conversion is the wrongful exercise of dominion over personal property of another.   Moore v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that a trespass can give rise to a claim of conversion of the personal property on the real property of Plaintiff and does not stand for the proposition that a trespass on real property is also a conversion unless plaintiff can prove that it was deprived of that personal property with a superior right to possession.  The Second Claim does not identify any personal property that the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a valid claim for relief and is barred by Debtor's 25th affirmative defense.

Is the Second Claim for relief based on trespass barred by the doctrines of waiver , estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code Section 798.74?   Debtor submitted an application for residency on November 19,2018 on behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that Debtor's credit score was insufficient although she was not the applicant. California Civil Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and charges of the park.

unless management  reasonably determines the purchaser will not comply with the rules and regulations of the park.  Plaintiff did not comply with its mandatory obligations after receiving J. Sandcastle's application but responded only with a classic non sequitur that did not address the issue of financial ability to pay of the purchaser nor did assert any claim that its rules and regulations would not be followed. California Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due." Plaintiff failed its mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note: Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition. Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

Does the Third Claim for Relief state a valid claim for relief?   This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.   See debtor's 25th affirmative defense.

Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

Sincerely,

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 3:15 PM, Jamie Gallian
<jamiegallian@gmail.com> wrote:

Ed,

Please move the following facts from undisputed to disputed:  1, 7, 8, 9, 10, 11, 14, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 35, 40, 41, 42, 43, 48, 49, 50, 61, 62,63,64,65, 67.

I will continue to work on the other sections. Please advise if you are sending an addendum with the above.

Sincerely,

Jamie Gallian
Sent from my iPhone

On Sep 13, 2022, at 11:46 AM, Ed Hays <EHays@marshackhays.com> wrote:

Jamie:

To date, we have not received your input on the attached proposed joint status report. The deadline to file it under the new continued hearing date is today. Please reply immediately to advise if you will be providing your input by 3 pm. today. Thank you.

Ed

_____

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Thursday, September 1, 2022 at 3:46 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>, Layla

Buchanan <LBuchanan@marshackhays.com>,
Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint
Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please
make any proposed revisions or additions using tracked
changes. To the extent that you dispute any proposed
undisputed fact, simply move it to the disputed fact
section. To the extent that you have any questions or
issues, please contact me at your earliest opportunity
so that we may make a good faith effort to resolve any
disputes and be able to timely file the JPS. Under the
rules, you must provide your input and response to me
within 3 days. The fully executed document must be
filed with the court next Thursday which date is 14 days
before the pretrial conference.

I look forward to your response. Thank you.

Ed

<08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-
22.docx>

| | |
|---|---|
| **From:** | Bradford N. Barnhardt |
| **To:** | Layla Buchanan; Kathleen Frederick |
| **Subject:** | FW: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation |
| **Date:** | Tuesday, January 31, 2023 2:51:22 PM |
| **Attachments:** | image002.png |

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 8:41 PM
**To:** Ed Hays <EHays@MarshackHays.com>; Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>; Laila Masud
<LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Ed,

This will confirm our telephone call at 8:35 pm to clarify that you have agreed to allow me to provide
additional exhibits and/or changes to the exhibit list provided earlier this evening and I understand
the you request copies of the exhibits be provided to you by 5pm, close of business on September
15, 2022.

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

On Tue, Sep 13, 2022 at 8:32 PM Ed Hays <EHays@marshackhays.com> wrote:

> Jamie:
>
> Thanks for sending your signature. Please reply to confirm your agreement that we will modify the
> sentence that says you have given us your exhibits to say you will give them to us by tomorrow.
> Thank you.
>
> Ed
>
> **From:** Jamie Gallian <jamiegallian@gmail.com>

EXHIBIT 3, PAGE 48

**Date:** Tuesday, September 13, 2022 at 8:30 PM
**To:** Ed Hays <EHays@MarshackHays.com>, Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>, Laila Masud
<LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation


Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com


On Tue, Sep 13, 2022 at 8:24 PM Jamie Gallian <jamiegallian@gmail.com> wrote:

Additional Exhibits to include:

1. Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2. Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection
to Debtors Homestead Exemption.

3. Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4. Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case
No. 30-2017-00913985
   a. Complaint 4/11/2017
   b. FAC 5/16/2017
   c. Minute Order 3/2/2018
      . Reporters Transcript of MSC 3/2/2018.
   d. Minute Order 6/4/2018
      Reporter's Transcript of 6/4/2018, OSC regarding dismissal.
   e. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce
Settlement Agreement under §§ 664.6.
   f. Minute Order 7/19/2018
      1. Reporters Transcript of HOAs MOT 7/19/2018
   g. 11/16/2018 Security Agreement & Promissory Note(s)
      1. Lender
      2. Holder, Jamie L Gallian
      3. Holder, J-Pad, LLC.

h.  Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte Application  to Continue Jury Trial; Minute Order November 8, 2018

i.   Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

j.   Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement Agreement under §§ 664.6.

k.   Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.

l.   May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.

n.   Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.

0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.   Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.


5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian, Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and

Robert McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her family and brought Locksmith in her home to change the locks to all of the doors without permission to enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123 filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.


Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




On Tue, Sep 13, 2022 at 5:51 PM Ed Hays <EHays@marshackhays.com> wrote:

Clean copy.

Ed

---

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:55 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Ed Hays <EHays@MarshackHays.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Please find an updated proposed joint pretrial stipulation reflecting your requested revisions

attached to this e-mail. Please add your exhibits and witness list and return a signed, clean copy of the pretrial stipulation as soon as possible. The filing deadline is today, and we will need to have time to file the stipulation.

Thanks,

Brad Barnhardt



**Bradford N. Barnhardt**
Associate

MARSHACK HAYS LLP
ATTORNEYS AT LAW
870 Roosevelt, Irvine, CA  92620
Tel 949.333.7777   Fax 949.333.7778

CONFIDENTIALITY NOTICE: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system.

Please consider the environment before printing this email.

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 4:50 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>; Laila Masud <LMasud@marshackhays.com>; Layla Buchanan <LBuchanan@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Yes and yes.
My exhibits and witness list

Jamie Gallian
Sent from my iPhone

> On Sep 13, 2022, at 4:35 PM, Ed Hays <EHays@marshackhays.com> wrote:


> Jamie?


> Ed

**From:** Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Date:** Tuesday, September 13, 2022 at 4:10 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>, Layla Buchanan
<LBuchanan@marshackhays.com>, Ed Hays <EHays@MarshackHays.com>
**Subject:** RE: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Dear Ms. Gallian,

Should we add these issues and the disputed facts and then send an updated
copy of the joint pretrial stipulation to you for your signature, or will you be
sending anything else?

Thanks,

Brad Barnhardt


<image002.png>


**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, September 13, 2022 3:20 PM
**To:** Ed Hays <EHays@MarshackHays.com>; Jamie Gallian
<jamiegallian@gmail.com>
**Cc:** Laila Masud <LMasud@marshackhays.com>; Layla Buchanan
<LBuchanan@marshackhays.com>; Bradford N. Barnhardt
<bbarnhardt@marshackhays.com>
**Subject:** Re: In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Ed,

Please add the following to the Issues At Law:

Does the First Claim for Relief state a valid claim for relief?   No, it
does not identify any  creditor who was defrauded nor is there any
such creditor.  It also fails to allege with any  specificity any of the
elements required by 11 USC 523(a)(2)(A).  Debtor's 25th
Affirmative Defense is a valid bar to this claim.

Does the Second Claim for relief state a valid claim for
conversion?   Under California Law conversion is the wrongful

exercise of dominion over personal property of another.   Moore v.
Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell
635 B.R.366 holds that a trespass can give rise to a claim of
conversion of the personal property on the real property of Plaintiff
and does not stand for the proposition that a trespass on real
property is also a conversion unless plaintiff can prove that it was
deprived of that personal property with a superior right to
possession.  The Second Claim does not identify any personal
property that the debtor has allegedly converted and therefor fails to
state a valid claim of conversion or a valid claim for relief and is
barred by Debtor's 25th affirmative defense.

Is the Second Claim for relief based on trespass barred by the
doctrines of waiver , estoppel  and unclean hands as a result of
Plaintiff's failure to comply with Civil Code Section 798.74?   Debtor
submitted an application for residency on November 19,2018 on
behalf of J.Sandcastle.   Plaintiff never responded to that application
but instead claimed that Debtor's credit score was insufficient
although she was not the applicant. California Civil Code 798.74
that was in effect on that date required that Plaintiff respond within
15 business days to the prospective homeowner (J. Sandcastle)
with the reason for the acceptance or rejection.  Approval cannot
be withheld if the purchaser has the ability to pay the rent and
charges of the park. unless management  reasonably determines
the purchaser will not comply with the rules and regulations of the
park.  Plaintiff did not comply with its mandatory obligations after
receiving J. Sandcastle's application but responded only with a
classic non sequitur that did not address the issue of financial ability
to pay of the purchaser nor did assert any claim that its rules and
regulations would not be followed.   California Civil Code 3529
provides: "That which ought to have been done is to be regarded as
done, in favor of him to whom, and against him from whom,
performance is due." Plaintiff failed its mandatory, statutory duty to
respond and cannot now be heard to say that no tenancy was
created.   It clearly waived its right to deny tenancy to J.Sandcastle
and comes before the court with unclean hands in claiming that
J.Sandcastle had no right to have debtor occupy the premises.
They are also estopped to assert same.  Debtor's affirmative
defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had
2 1/2 years to bring the unlawful/forcible detainer case against
debtor to trial in state court before the filing of the Petition.   Clearly
it expected (rightfully) to lose. Debtor is clearly not a trespasser and
this claim for relief fails.

Does the Third Claim for Relief state a valid claim for relief?   This
claim does not identify the property supposedly transferred or
concealed or when it occurred.  It therefor fails to state of claim for
relief.   See debtor's 25th affirmative defense.

Does the Fourth Claim for Relief  state a valid claim for relief?
Again, this claim does not identify the false oath or account and
therefor fails to state a claim for relief.  See debtor's 25th affirmative
defense.

Does the Fifth Claim for Relief state a valid claim for relief?   Again,
this claim does not identify the assets supposedly missing and
therefor fails to state a claim for relief.  See debtor's 25th affirmative
defense.

Sincerely,

Jamie Gallian
Sent from my iPhone

> On Sep 13, 2022, at 3:15 PM, Jamie Gallian
> <jamiegallian@gmail.com> wrote:
>
> Ed,
>
> Please move the following facts from undisputed to
> disputed:  1, 7, 8, 9, 10, 11, 14, 15, 18, 19, 20, 21, 22,
> 23, 24, 25, 26, 31, 32, 35, 40, 41, 42, 43, 48, 49, 50, 61,
> 62,63,64,65, 67.
>
> I will continue to work on the other sections. Please advise if you
> are sending an addendum with the above.
>
> Sincerely,
>
> Jamie Gallian
> Sent from my iPhone
>
>> On Sep 13, 2022, at 11:46 AM, Ed Hays
>> <EHays@marshackhays.com> wrote:

Jamie:

To date, we have not received your input on the attached proposed joint status report. The deadline to file it under the new continued hearing date is today. Please reply immediately to advise if you will be providing your input by 3 pm. today. Thank you.

Ed

---

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Thursday, September 1, 2022 at 3:46 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>, Laila Masud <LMasud@marshackhays.com>, Layla Buchanan <LBuchanan@marshackhays.com>, Bradford N. Barnhardt <bbarnhardt@marshackhays.com>
**Subject:** In re Gallian: Houser Bros. v. Gallian - Joint Pretrial Stipulation

Jamie:

Attached is a proposed JPS that I have signed. Please make any proposed revisions or additions using tracked changes. To the extent that you dispute any proposed undisputed fact, simply move it to the disputed fact section. To the extent that you have any questions or issues, please contact me at your earliest opportunity so that we may make a good faith effort to resolve any disputes and be able to timely file the JPS. Under the rules, you must provide your input and response to me within 3 days. The fully executed document must be filed with the court next Thursday which date is 14 days before the pretrial conference.

I look forward to your response. Thank you.

Ed

<08-29-22 Houser Bros - Pretrial Stipulation Ver 9-1-

| | |                    22.docx>

EXHIBIT 4

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL
8  REY MOBILE HOME ESTATES

9                    UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11 | In re                              | Case No. 8:21-bk-11710-SC
12 | JAMIE LYNN GALLIAN,                 | Chapter 7
13 |          Debtor.                    | Adv. No. 8:21-ap-01097-SC
14 | HOUSER BROS. CO. dba RANCHO DEL REY | JOINT PRETRIAL STIPULATION
15 | MOBILE HOME ESTATES,                |
                                          Pretrial Conference
16 |          Plaintiff,                 | Date:    September 27, 2022
                                          Time:    1:30 p.m.
17 | v.                                  | Ctrm:    5C
                                          Address: 411 W. Fourth Street
18 | JAMIE LYNN GALLIAN,                 | Santa Ana, CA 92701
19 |          Defendant.                 |

20

21

22 TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

23 AND ALL INTERESTED PARTIES:

24        Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

25 MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

26 Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

27 record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

28 and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

A.    <u>Undisputed Facts:</u>

The following facts are admitted and require no proof:

1.    Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.    On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.    The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.    Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.    The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.    JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.    Debtor formed JSC on or around October 18, 2018.

8.    On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.    In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.    On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.    On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

4886-1591-1427,v.1

14.    On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15.    Ronald Pierpont is Debtor's ex-husband.

16.    On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17.    Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18.    Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19.    Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20.    On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21.    On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22.    On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23.    On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24.    On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

4886-1591-1427,v.1

EXHIBIT 4, PAGE 60

25.     On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.     On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.     On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.     Debtor has not received a discharge in the Bankruptcy Case.

29.     On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.     On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.     On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.     On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.     Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

4886-1591-1427,v.1

34.     The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Bankruptcy Case.

35.     Venue properly lies in the Central District of California in that this AP arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

B.     Disputed Facts:

The following issues of fact, and no others, remain to be litigated:

1.     Houser Bros. is the owner of and/or has a right of possession regarding several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both the Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

2.     On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2] Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a) No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b) The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c) Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

---

[2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

EXHIBIT 4, PAGE 62

or the mobilehome would be subject to a warehouse lien auction;

    (d) The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

    (e) The sale of the mobilehome was to proceed via escrow; and

    (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

3. On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date or Transfer Date" as November 1, 2018 ("Ryan Release Form").

4. On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date of transfer ("Ryan Notice of Sale or Transfer").

5. The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000. Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales proceeds of 4476 Alderport.

6. The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase agreement.

7. On November 19, 2018, Debtor emailed an application ("Application") to the management office for the Park.

8. On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the Denial Letter.

9. Defendant admits that there (a) exists a security agreement ("Security Agreement") between JSC and herself where she lent JSC $225,000 in exchange for a security interest in the Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC Debtor also held an ownership interest in at the time.

4886-1591-1427,v.1

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

EXHIBIT 4, PAGE 64

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

EXHIBIT 4, PAGE 65

1    caused Plaintiff damage including but not limited to not receiving rent from an approved

2    tenant, attorneys' fees arising from Debtor's trespass, and other costs.

3    33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular

4    debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for

5    relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties

6    consent to the entry of final orders and judgments by the Bankruptcy Court.

7    C.    The Following Issues of Law are Stipulated

8    **First Claim for Relief – 523(a)(2) Fraud.**

9    1.    "A discharge under . . . this title does not discharge an individual debtor from any

10   debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

11   extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a

12   statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

13   2.    "The Bankruptcy Code has long prohibited debtors from discharging liabilities on

14   account of their fraud, embodying a basic policy animating the Code of affording relief only to an

15   'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

16   3.    "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . .

17   for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

18   obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

19   4.    A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a

20   preponderance of the evidence by demonstrating five elements:

21        a)    The debtor made representations;

22        b)    That at the time he or she knew they were false;

23        c)    That he or she made them with the intention and purpose of deceiving the

24        creditor;

25        d)    That the creditor relied on such representations; and

26        e)    That the creditor sustained the alleged loss and damage as the proximate result

27        of the misrepresentations having been made.

28   *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

5.    Typically, a finding of a debt due to fraud is all that is necessary to satisfy § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

**Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

6.    "A discharge . . . does not discharge an individual debtor from any debt– for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

7.    The "willful" and "malicious" requirements are conjunctive and subject to separate analysis. *Id.*

8.    The injury-producing conduct must be tortious to be exempted from discharge under § 523(a)(6). *Id.* at *27.

9.    Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.* (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

10.    Trespass is a tort under California law.

11.    Trespass is an unlawful interference with possession of property. The elements of trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional, reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

12.    It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession. No averment of title in plaintiff is necessary. [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

13.    The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v. Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

10

4886-1591-1427,v.1

EXHIBIT 4, PAGE 67

1  the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2  sufficient basis for nondischargeability under Section 523(a)(6)."].

3      14.    The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4  *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5  whether a defendant's actions amount to conversion under California law is not dispositive regarding

6  whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7      15.    To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8  conversion has occurred under California law, and second that the conversion is willful and

9  malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10 9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11 § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12     16.    Conversion, under California law, is the "wrongful exercise of dominion over the

13 property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14 elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15 property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16 Damages. *Id.* at 1405.

17     17.    An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18 subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20     18.    The injury must be "deliberate or intentional, not merely a deliberate or intentional

21 act that leads to injury." *Id.*

22     19.    A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23 *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24     20.    An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25 Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26 *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27 *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28     21.    Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

11

4886-1591-1427,v.1

EXHIBIT 4, PAGE 68

1  *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2      22.    The intentional conversion of another's property without its knowledge or consent and

3  without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4  U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5  *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6          **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7      23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8  hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9  this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10  transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11  before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12      24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13          1.      A disposition of property, such as a transfer or concealment;

14          2.      A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15                  through the act [of] disposing of the property;" and

16          3.      It must occur within one year before filing bankruptcy.

17  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18  Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19      25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20  tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21  1200 (9th Cir. 2010).

22      26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23  *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24      27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25  *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26      28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27  "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28  *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

4886-1591-1427,v.1

EXHIBIT 4, PAGE 69

1  23, 2016).

2      29.    In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of

3  fraud" may support a finding of fraudulent intent:

4          These factors, not all of which need be present, include (1) a close

5          relationship between the transferor and the transferee; (2) that the transfer

6          was in anticipation of a pending suit; (3) that the transferor Debtor was

7          insolvent or in poor financial condition at the time; (4) that all or

8          substantially all of the Debtor's property was transferred; (5) that the

9          transfer so completely depleted the Debtor's assets that the creditor has

10          been hindered or delayed in recovering any part of the judgment; and

11          (6) that the Debtor received inadequate consideration for the transfer.

12  *In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re*

13  *Ellison*, 2016 Bankr.LEXIS 3475, at *25.

14      30.    If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed

15  interest in such property extended into the one year period prior to bankruptcy, then discharge should

16  be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing

17  concealment" doctrine and held that defendant's transfer, made more than a year before her petition,

18  provided evidence of defendant's active concealment of property in which she continued to retain a

19  secret interest.].

20      31.    If a debtor's income funds all mortgage, insurance, and maintenance payments on

21  property held in the name of another party, she may be found to have fraudulently concealed her

22  interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

23              **Fourth Claim for Relief – 727(a)(4) False Oath**

24      32.    "The Court shall grant the debtor a discharge, unless-the debtor knowingly and

25  fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

26      33.    To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of

27  the evidence, that:

28          A.    The debtor made a false oath in connection with the case;

4886-1591-1427,v.1

EXHIBIT 4, PAGE 70

B.      The oath related to a material fact;

C.      The oath was made knowingly; and

D.      The oath was made fraudulently.

*Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

34.      The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at 1196.

35.      "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005).

36.      A fact is "material" if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

37.      An omission or misstatement that "detrimentally affects administration of the estate" is material. Id.

38.      A false statement or omission may be material even without "direct financial prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

39.      A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

40.      A demonstration of fraudulent intent requires a showing that: 1) The debtor made the representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

41.      Intent is usually proven by circumstantial evidence or inferences drawn from the debtor's conduct. Id. at 1199.

42.      "Reckless indifference or disregard for the truth" may be circumstantial evidence of intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th Cir. 2007).

4886-1591-1427,v.1

43.     The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at *18 (B.A.P. 9th Cir. Apr. 16, 2021).

**Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets**

44.     "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.     Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.     Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.   The Following Issues of Law, and no others, Remain to be Litigated (LBR 7016-1(b)(2)(C)):

1.     First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.     Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.     Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.     Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.     Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.   Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with

4886-1591-1427,v.1

EXHIBIT 4, PAGE 72

1   any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

2   Affirmative Defense is a valid bar to this claim.

3   7.  Does the Second Claim for relief state a valid claim for conversion?   Under California Law

4   conversion is the wrongful exercise of dominion over personal property of another.   Moore

5   v. Regents of Univ. of Calif. (1990) 51 C3d 120,137.  Simas v.Powell 635 B.R.366 holds that

6   a trespass can give rise to a claim of conversion of the personal property on the real property

7   of Plaintiff and does not stand for the proposition that a trespass on real property is also a

8   conversion unless plaintiff can prove that it was deprived of that personal property with a

9   superior right to possession.  The Second Claim does not identify any personal property that

10  the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

11  valid claim for relief and is barred by Debtor's 25th affirmative defense.

12  8.  Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

13  estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

14  Section 798.74?  Debtor submitted an application for residency on November 19,2018 on

15  behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

16  Debtor's credit score was insufficient although she was not the applicant. California Civil

17  Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

18  days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

19  rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

20  charges of the park. unless management  reasonably determines the purchaser will not

21  comply with the rules and regulations of the park.  Plaintiff did not comply with its

22  mandatory obligations after receiving J. Sandcastle's application but responded only with a

23  classic non sequitur that did not address the issue of financial ability to pay of the purchaser

24  nor did assert any claim that its rules and regulations would not be followed.   California

25  Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

26  favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

27  mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

28  created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

16

EXHIBIT 4, PAGE 73

court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

9.  Does the Third Claim for Relief state a valid claim for relief?  This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.  See debtor's 25th affirmative defense.

10. Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

11. Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

E.    <u>Exhibits</u>[3]

Set forth below is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

Plaintiff's Exhibit List:

Unless otherwise noted, the Parties stipulate to the admission into evidence of the following documents and no additional foundation or authenticity shall be required:

1.    The Gables Judgment. No objection.

2.    The Ryan Complaint. No objection.

3.    The Stipulated Judgment. No objection.

4.    The Ryan Release Form. No objection.

5.    The Ryan Notice of Sale or Transfer. No objection.

---

[3] See Defendant's Exhibit List attached here as Exhibit "1."

17

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

6.    The Application. No objection.

7.    The Denial Letter. No objection.

8.    The complaint in the BS Investors Action. No objection.

9.    The docket in the BS Investors Action. No objection.

10.    The Security Agreement, accompanied by the Note. No objection.

11.    The NTQ. No objection.

12.    The OCSC Complaint. No objection.

13.    The docket in the OCSC Action. No objection.

14.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027030002. No objection.

15.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940002. No objection.

16.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940003. No objection.

17.    A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser and Kathryn Curtiss, Document No. 7602794004. No objection.

18.    A January 18, 2019, California Department of Housing and Community Development ("HCD") "Title Search" regarding the Property. No objection.

19.    A July 23, 2020, HCD "Title Search" regarding the Property. No objection.

20.    A June 7, 2021, HCD "Title Search" regarding the Property. No objection.

21.    An August 10, 2021, HCD "Title Search" regarding the Property. No objection.

22.    A September 21, 2021, HCD "Title Search" regarding the Property. No objection.

23.    An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the Property. No objection.

24.    An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018, regarding the Property. No objection.

25.    An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the Property. No objection.

18

EXHIBIT 4, PAGE 75

26.    An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. <u>No objection.</u>

27.    An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. <u>No objection.</u>

28.    Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. <u>No objection.</u>

29.    Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. <u>No objection.</u>

30.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. <u>No objection.</u>

31.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. <u>No objection.</u>

32.    Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. <u>No objection.</u>

33.    Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. <u>No objection.</u>

34.    Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. <u>No objection.</u>

35.    Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. <u>No objection.</u>

36.    Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. <u>No objection.</u>

37.    Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. <u>No objection.</u>

38.    Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. <u>No objection.</u>

39.    The Exemption Motion. <u>No objection.</u>

40.    The Exemption Opposition. <u>No objection.</u>

4886-1591-1427,v.1

41.    The Exemption Reply. <u>No objection</u>.

42.    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. <u>No objection</u>.

43.    The Employment Application. <u>No objection</u>.

44.    The Exemption Order. <u>No objection</u>.

45.    The Complaint. <u>No objection</u>.

46.    The Answer. <u>No objection</u>.

F.    <u>Witnesses</u>

The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

<u>Plaintiff's Witness List</u>:

1.    Chris Houser, who will testify about Debtor's application to live at the Property, as well as her continued occupation of the Property and Houser Bros.'s damages therefrom.

2.    Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park and its right to possession of the premises in the absence of leases with approved tenants.

3.    Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at the Property.

4.    Debtor, who will testify about her conduct including knowingly trespassing and converting Plaintiff's property and her transfers of assets and liens.

5.    Janine Jasso, if necessary.

6.    Greg Buysman, if necessary.

7.    Vivienne Alston, if necessary.

<u>Debtor's Witness List</u>:

1.    See Debtor's Witness List attached as Exhibit "2."

G.    <u>Other Matters</u>

20

4886-1591-1427,v.1

1    Other matters that might affect the trial such as anticipated motions in limine, motions to

2  withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial

3  motions:

4    1.

5  H.    Discovery

6    All discovery is complete.

7  I.    Readiness for Trial

8    The Parties are ready for trial.

9  J.    Estimated Length of Trial

10    The estimated length of trial is two days.

11  ///

12  ///

13  ///

14  ///

15  ///

16  K.    Binding Admissions

17    The foregoing admissions have been made by the Parties, and the Parties have specified the

18  foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this

19  stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to

20  prevent manifest injustice.

21
   DATED: September 13, 2022          MARSHACK HAYS LLP
22
                                        /s/ D. Edward Hays
23                               By: _____
                                     D. EDWARD HAYS
24                                   LAILA MASUD
                                     BRADFORD N. BARNHARDT
25                                   Attorneys for Plaintiff,
                                     HOUSER BROS. CO. dba RANCHO DEL
26                                   REY MOBILE HOME ESTATES

27

28

4886-1591-1427,v.1

EXHIBIT 4, PAGE 78

DATED: September _13__, 2022          By: _Jamie Lynn Gallian_____

                                          JAMIE LYNN GALLIAN

Subject to Debtors Witness List to Be Added.

Subject to Debtors Additional Exhibits List to be incorporated.

22

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4, PAGE 79

**EXHIBIT 1**

EXHIBIT 4, PAGE 80

**Debtor/Defendant's Additional Exhibits to include:**

1.  Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2.  Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors Homestead Exemption.

3.  Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4.  Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-2017-00913985

    a.  Complaint 4/11/2017

    b.  FAC 5/16/2017

    c.  Minute Order 3/2/2018

        . Reporters Transcript of MSC 3/2/2018.

    d.  Minute Order 6/4/2018

        Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

    e.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement Agreement under §§ 664.6.

    f.  Minute Order 7/19/2018

        1.  Reporters Transcript of HOAs MOT 7/19/2018

    g.  11/16/2018 Security Agreement & Promissory Note(s)

        1.  Lender

        2.  Holder, Jamie L Gallian

        3. Holder, J-Pad, LLC.

    h.  Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte Application  to Continue Jury Trial; Minute Order November 8, 2018

    i.  Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

    j.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement Agreement under §§ 664.6.

EXHIBIT 1, PAGE 23
EXHIBIT 4, PAGE 81

k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.

l.  May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.

n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.

0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.  Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed

Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,

Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-

Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert

McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser

Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her

family and brought Locksmith in her home to change the locks to all of the doors without permission to

enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of

home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-

01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123

filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

EXHIBIT 1, PAGE 25
EXHIBIT 4, PAGE 83

**EXHIBIT 2**

EXHIBIT 4, PAGE 84

**Debtor's /Defendant's Witness List:**

1.      Hugh Saddington

2.      Barbara Wertin-Saddington

3.      Sandra Bradley

4.      Craig Houser

5.      Kathryn Curtiss

6.      Ronald Pierpont

7.      Robert McLelland

8.      Greg Buysman

9.      Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | _/s/ Layla Buchanan_ |
| --- | --- | --- |
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                            **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 4, PAGE 86

EXHIBIT  5

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

**FILED & ENTERED**

**OCT 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>        Debtor.<br><br>HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>        Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>        Defendant. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC<br><br>ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER<br><br>Pretrial Conference:<br><br>Date: September 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701<br><br>Trial:<br>Date: February 23, 2023<br>Time: 9:30 a.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

EXHIBIT 5, PAGE 87

On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons stated on the record during the pretrial conference, HEREBY ORDERS:

1. The "Joint Pretrial Stipulation," Docket No. 37, is approved;

2. An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

3. The Court's following posted procedures will apply and be strictly enforced:

   ☐    Judge Clarkson's Procedures for Trial by Declaration; or

   ☒    Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

4. Trial briefs must be filed no later than 14 days prior to trial;

5. All witnesses must be present at the start of trial;

6. Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together with Ms. Gallian, the "Parties") by October 7, 2022;

7. The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the Court no later than one week prior to trial;

8. The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

9. Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by October 18, 2022;

10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom on November 1, 2022, at 1:30 p.m.

IT IS SO ORDERED.

###



Date: October 5, 2022

Scott C. Clarkson
United States Bankruptcy Judge

3

EXHIBIT 5, PAGE 89

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN
LIMINE TO EXCLUDE DEBTOR'S TRIAL EXHIBITS; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the
form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**February 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.: Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **February 1, 2023**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **February 1, 2023**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.