D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>Date:  June 1, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on June 1, 2023, at 11:00 a.m., in Courtroom 5C, of the

United States Bankruptcy Court, the Motion to Amend Complaint ("Motion") filed by Plaintiff,

HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME

ESTATES ("Houser Bros." or "Plaintiff"), will be heard. In the Motion, Houser Bros. seeks to

amend the complaint in this adversary proceeding to include a claim under 11 U.S.C. §

1

4886-1591-1427,v.1

727(a)(2)(B). The Motion is based upon this notice of motion, the Motion, and memorandum of points and authorities in support thereof, the Declaration of D. Edward Hays, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the court in support of the Motion.

PLEASE TAKE FURTHER NOTICE that any response to the Motion must be in the form as required by Local Bankruptcy Rule 9013-1(f) and filed with the Clerk of the above-entitled Court no later than 14 days prior to the hearing date set forth above, and a copy served on Marshack Hays LLP to the attention of D. Edward Hays, Laila Masud, and Bradford N. Barnhardt at the address indicated above. A copy of any response must also be served on the Office of the United States Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701.

DATED: May 10, 2023                    MARSHACK HAYS LLP

                                            /s/ D. Edward Hays
                                       By:_____
                                            D. EDWARD HAYS
                                            LAILA MASUD
                                            BRADFORD N. BARNHARDT
                                            Attorneys for Plaintiff,
                                            HOUSER BROS. CO. dba RANCHO DEL
                                            REY MOBILE HOME ESTATES

2
NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

1. **Summary of Argument**

Complaints are to be freely amended at any time to conform with the evidence presented at trial, so long as the issue was tried by the parties' express or implied consent and the amendment will not cause substantial prejudice to the defendant. Here, Debtor admitted at trial to gifting postpetition liens against her residence to her son, granddaughter, ex-husband, and roommate. The clear purpose of these liens was to defraud her creditors by preventing the Chapter 7 Trustee from administering the home.

In this case, Houser Bros.'s complaint did not include a cause under 11 U.S.C. § 727(a)(2)(B), which provides for denial of discharge based on a debtor's postpetition dispositions of property with intent to hinder, delay, or defraud a creditor. This was because Debtor had not disclosed the post-petition transfers and Houser Bros. only discovered them during the adversrary case. During trial, Debtor did not object to Houser Bros.'s questions regarding postpetition liens, and she was given a full and fair opportunity to address Houser Bros.'s § 727(a)(2)(B) theory, which she did. Houser Bros. therefore respectfully requests that the Court allow amendment to the pleadings to consider denial of Debtor's discharge under 11 U.S.C. § 727(a)(2)(B) pursuant to the evidence admitted at trial.

2. **Factual Background**

On July 9, 2021, Jamie Lynn Gallian filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC ("Bankruptcy Case").

On October 18, 2021, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (defined above as "Houser Bros."), filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)." The filing of the complaint commenced *Houser Bros. Co. v. Gallian (In re Gallian)*, Adversary Proceeding No. 8:21-ap-01097-SC ("AP").

On October 22, 2021, as Docket No. 3, Plaintiff filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint"). A true and

1    correct copy of the Complaint is attached to the Declaration of D. Edward Hays ("Hays

2    Declaration") as **Exhibit 1**.

3        On September 13, 2022, as AP Docket No. 37, Houser Bros. filed a "Joint Pretrial

4    Stipulation" ("PTS"). A true and correct copy of the PTS is attached to the Hays Declaration as

5    **Exhibit 2**.

6        On October 5, 2022, as AP Docket No. 41, the Court entered an "Order Approving Joint

7    Pretrial Stipulation, and Scheduling Order" ("PTO"). A true and correct copy of the PTO is attached

8    to the Hays Declaration as **Exhibit 3**.

9        On February 1, 2023, Houser Bros. filed a "Motion in Limine to Exclude Debtor's Trial

10   Exhibits." AP Docket No. 47.

11       On February 15, 2023, as Docket No. 58, the Court entered an "Order Granting Motion in

12   Limine to Exclude Debtor's Trial Exhibits; Bifurcating Claims for Trial and Setting Status

13   Conference on Remaining Claims," which, among other things, provided that the 11 U.S.C. § 727

14   claims would proceed to trial on February 23, 2023, at 9:30 a.m., and the 11 U.S.C. § 523 claims

15   would be bifurcated and tried at a later date.

16       On February 21, 2023, Houser Bros. filed a "Request to Continue February 23, 2023, Trial to

17   April 26-27, 2023," which requested a continuance of the trial due to illness of lead counsel. Docket

18   No. 62.

19       On February 22, 2023, the Court entered an "Order Continuing Trial to April 26-27, 2023."

20   Docket No. 64.

21       On April 26, 2023, the Court held a bifurcated trial on Houser Bros.'s 11 U.S.C. § 727

22   claims. D. Edward Hays, Esq., and Bradford N. Barnhardt, Esq., appeared on behalf of Houser Bros.

23   Debtor appeared *pro se*. All other appearances were as noted on the record.

24       During the trial, Debtor acknowledged that in September 2021 (postpetition), she filed a

25   UCC amendment with the Secretary of State adding four additional people (her former spouse,

26   roommate, oldest son, and granddaughter) as secured parties under the original security agreement.

27

28

TS[1] at 82, 85; Ex.[2] 14. By adding her son and granddaughter as secured parties, Debtor gifted them a portion of J-Pad LLC's liens (which she also admitted during trial were in fact payable to her). TS at 83. These gifts were reflected in the minutes of J-Pad LLC. TS at 84. In this Motion, Houser Bros. seeks to add a claim under 11 U.S.C. § 727(a)(2)(B)[3] to deny Debtor's discharge based on her postpetition fraud and transfers of her interests in Property.

## 3.    Legal Argument

### A.    Good cause exists to allow amendment of the pleadings to include a cause under 11 U.S.C. § 727(a)(2)(B).

Rule 15(b)(2) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

The purpose of FRCP 15(b) is to permit courts to amend pleadings to conform to the evidence presented at trial and reflect the case that was actually litigated. *Gugino v. Clark (In re Clark)*, 525 B.R. 442, 455 (Bankr. D. Idaho 2015). FRCP 15(b) embodies a "liberal policy in favor of allowing pleading amendments at any time during, and even after, trial." *Id.*; *see also Karaeff v. Hart (In re Hart)*, 2013 Bankr.LEXIS 3707, at *3 (Bankr. N.D. Cal. Sept. 6, 2013) (noting that amending to conform to evidence is "freely allowed"). Even in the absence of an amended pleading

---

[1] All citations to "TS" are to the trial transcript.

[2] All citations to "Ex." are to Houser Bros.'s trial exhibits.

[3] Title 11 U.S.C. § 727(a)(2)(B) provides: "The court shall grant the debtor a discharge, unless—the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the estate, after the date of the filing of the petition."

1   to conform to evidence, FRCP 15(b)(2) directs the Court to consider any issue tried by consent. *In re*

2   *Hart*, 2013 Bankr.LEXIS 3707, at *3. Thus, amendment is "not even technically necessary." *Id.*

3       To amend a pleading under FRCP 15(b)(2), a party must show that an issue was "tried by the

4   parties' express or implied consent," and that amendment would not cause "substantial prejudice to

5   the opposing party." *Phila. Indem. Ins. Co. v. Danco Builders*, 2017 U.S.Dist.LEXIS 136338, at *9

6   (N.D. Cal. Aug. 24, 2017). To establish implied consent, the plaintiff must demonstrate that the

7   defendant "understood evidence had been introduced to prove the new issue, and that the new issue

8   had been directly addressed, not merely inferentially raised by incidental evidence." *Id.* at *8-9.

9       Here, Debtor acknowledged during trial that in September 2021 (postpetition), she filed a

10  UCC amendment with the Secretary of State adding four additional people (her former spouse,

11  roommate, oldest son, and granddaughter) as secured parties under the original security agreement.

12  TS at 82, 85; Ex. 14. By adding her son and granddaughter as secured parties, Debtor gifted them a

13  portion of J-Pad LLC's lien (which she also admitted during trial was payable to herself). TS at 83.

14  These gifts were reflected in the minutes of J-Pad LLC. TS at 84. Debtor did not object to questions

15  regarding the postpetition liens. *See In re Clark*, 525 B.R. at 456 (finding that a debtor's lack of

16  objection to questioning as being outside the issues in the case as framed by the pleadings supported

17  granting a motion to amend under FRCP 15(b)(2) to include a cause under § 727(a)(6)(A)). Further,

18  the Court gave Debtor an opportunity to directly address Houser Bros.'s § 727(a)(2)(B) allegations

19  regarding the postpetition liens, which she did during the presentation of her defense. TS at 321-25,

20  385-93. Houser Bros.'s counsel even indicated that Houser Bros. would seek relief under

21  § 727(a)(2)(B) (as opposed to § 727(a)(2)(A)). TS at 387.

22      During trial, Debtor articulated no prejudice that would result to her from the amendment to

23  add a § 727(a)(2)(B) claim, nor would there be any prejudice because Debtor was given a full and

24  fair opportunity to present her side of the case regarding Houser Bros.'s § 727(a)(2)(B) allegations.

25  Further, the standard for denial of discharge under § 727(a)(2)(B) is the same as § 727(a)(2)(A), but

26  the disposition must be of estate property occurring after the petition date. *In re Adri*, 2022

27  Bankr.LEXIS 1727, at *18 (Bankr. C.D. Cal. June 9, 2022). Because Houser Bros. pleaded and tried

28  § 727(a)(2)(A) claims, the inclusion of a § 727(a)(2)(B) claim would not introduce a wildly new

1   legal theory to this case. Further, the factual basis of the § 727(a)(2)(B) claim—gifts by Debtor in

2   the form of liens against her residence—relates to facts supporting the § 727(a)(2)(A) claim, as

3   articulated in greater detail in Houser Bros.'s accompanying post-trial brief.

4        The § 727(a)(2)(B) issue was tried by the parties' consent, and amendment would not

5   substantially prejudice Debtor. Houser Bros. therefore requests that the pleadings be amended to

6   include a claim for relief under 11 U.S.C. § 727(a)(2)(B), based on Debtor giving postpetition liens

7   against her residence.

8   **4.    Conclusion**

9        For the reasons stated above, Plaintiff requests an order:

10      1)   Granting this Motion;

11      2)   Amending the Complaint in this AP to include a claim for relief under 11 U.S.C. §

12           727(a)(2)(B); and

13      3)   Awarding such further relief as this Court deems just and proper.

14

15
    DATED: May 10, 2023                      MARSHACK HAYS LLP
16
17                                               /s/ D. Edward Hays
                                          By:_____
18                                            D. EDWARD HAYS
                                              LAILA MASUD
19                                            BRADFORD N. BARNHARDT
                                              Attorneys for Plaintiff,
20                                            HOUSER BROS. CO. dba RANCHO DEL
                                              REY MOBILE HOME ESTATES
21

22

23

24

25

26

27

28

MOTION TO AMEND COMPLAINT

4886-1591-1427,v.1

# Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration.

2.    If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.    The facts set forth below are true of my personal knowledge.

4.    I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.    I am a partner in the law firm of Marshack Hays LLP ("Firm"), attorneys of record for Plaintiff, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros." or "Plaintiff").

6.    I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.    I make this Declaration in support of Plaintiff's Motion to Amend Complaint ("Motion"). Capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

8.    On July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC.

9.    A true and correct copy of the Complaint is attached as **Exhibit 1**.

10.    A true and correct copy of the PTS is attached as **Exhibit 2**.

11.    A true and correct copy of the PTO is attached as **Exhibit 3**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 10, 2023.

/s/ D. Edward Hays

D. EDWARD HAYS

MOTION TO AMEND COMPLAINT

4886-1591-1427,v.1

**EXHIBIT 1**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-ES |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | FIRST AMENDED COMPLAINT TO<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br>Status Conference<br>Hearing: January 6, 2022<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

    Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

1
FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

## Statement of Jurisdiction and Venue

1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.    Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.    Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.    Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

### The Parties and Their Background

6.    Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

The Park is operated by Plaintiff and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

7.    In February 2018, Defendant came to The Park's leasing office to inquire whether there were any mobilehomes for sale. At this meeting, Defendant neither requested an application packet nor any information as to The Park's requirements for tenancy and its application procedures.

8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or the mobilehome would be subject to a warehouse lien auction;

(d)    The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

(e)    The sale of the mobilehome was to proceed via escrow; and

(f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

---

[2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

3

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

9. On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

(a) At least 55 years of age;

(b) Credit worthiness including a credit score of not less than 650;

(c) Three times the subject rent in monthly income; and

(d) Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10. The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11. Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12. On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13. In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14. Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

4
FIRST AMENDED COMPLAINT

1   *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2        15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3   allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4   Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5   written purchase agreement.

6        16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

7   Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8   Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9   dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10   some vague ownership interest in.

11        17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

12   376.[5]

13        18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14   Quit Premises.

15        19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16   forcible entry/detainer (mobilehome park).[6]

17        20.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18   Sandcastle Co LLC, Document No. 76027030002.

19        21.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20   Sandcastle Co LLC, Document No. 76027940002.

21   */ / /*

22

23

---

24   [3] *See*, Case No. 30-2018-01024401.
   [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in

25   favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
   In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the

26   Note.
   [55] Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the
   amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for

27   The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.
   [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of

28   the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
   the State Court Action into this Complaint.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

22.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-Sandcastle Co LLC, Document No. 76027940003.

23.    On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

24.    On February 22, 2019, Defendant filed her answer-to the Complaint.

25.    In August 2020, title to the mobilehome located on the Premises was transferred to Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

26.    Subsequently, the title certificate for the mobilehome on the Premises was further changed to show Defendant as the registered owner.

## The Bankruptcy Filing

27.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-11710-ES.

28.    On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

29.    On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

30.    On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

31.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

32.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

---

[7] *Supra*, Fn. 5

7

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

39.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.     Defendant's actions were malicious.

47.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

EXHIBIT 1, PAGE 16

## Third Claim for Relief

## Debtor Took Actions to Hinder, Delay, and Defraud Creditors

## [11 U.S.C. § 727(a)(2)(A)]

51.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

EXHIBIT 1, PAGE 17

58.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

65.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

4842-2871-2959,v.1

EXHIBIT 1, PAGE 18

66.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.
[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

11

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

## Fifth Claim for Relief

## Objection to Debtor's Discharge

## [11 U.S.C. § 727(a)(5)]

71.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.    Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.    Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.    Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.    As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

12

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

§ 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

§ 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.      For costs of suit incurred, including attorneys' fees as provided by applicable case

law, statute, and/or agreement of the parties; and

7.      For such other relief as the Court deems just and proper.


DATED: October 22, 2021               MARSHACK HAYS LLP



                                      By: */s/ Laila Masud*_____
                                          D. EDWARD HAYS
                                          LAILA MASUD
                                          Attorneys for Plaintiff,
                                          HOUSER BROS. CO. dba RANCHO DEL REY
                                          MOBILE HOME ESTATES

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

# EXHIBIT 1

EXHIBIT 1, PAGE 22

1   ELAINE B. ALSTON, Bar No. 134139,
    VIVIENNE J. ALSTON, Bar No. 170746

2   Members of
    **ALSTON, ALSTON & DIEBOLD**

3     Attorneys at Law
    27201 Puerta Real, Suite 300

4   Mission Viejo, California 92691
    (714) 556-9400 – FAX (714) 556-9500

5

6   Attorney for Plaintiff

7

8                    SUPERIOR COURT, STATE OF CALIFORNIA

9                            COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited          Case No.:  30-2019-01041423-CL-UD-CJC
    partnership dba RANCHO DEL REY MOBILE

12  HOME ESTATES
                                                    COMPLAINT FOR FORCIBLE ENTRY/
13              Plaintiff,                          DETAINER (MOBILEHOME PARK)

14        vs.                                       [CIVIL CODE §798.75 AND CODE OF
                                                    CIVIL PROCEDURE §§1159, et seq.]
15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION             **DOES NOT EXCEED $10,000.00**
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,

17              Defendant

18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20        1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24        2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27        3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                            1
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

EXHIBIT 1, PAGE 14
EXHIBIT 1, PAGE 23

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3      4.    The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6      5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7      6.    Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12      7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15      8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18      9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20      10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22      11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25      12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 15
EXHIBIT 1, PAGE 24

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16
EXHIBIT 1, PAGE 25

(8)    For such other and further relief as the Court may deem just and proper, except that

Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December _18_, 2018            By: _____
                                          Vivienne J. Alston
                                          Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 17
EXHIBIT 1, PAGE 26

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

To:    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

                                    ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018             By: _____
                                        VIVIENNE J. ALSTON
                                        Authorized Agent for Owner


cc:     Client
        Park Manager

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | |
|---|---|
| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

_____
**Cesar Gonzalez**          Date: **12/12/2018**

_____
Declaration of Service of Notice to Tenant                    Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | TELEPHONE NUMBER<br>(714) 556-9400 | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: 714-953-9451
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

EXHIBIT 1, PAGE 22
EXHIBIT 1, PAGE 31

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I have read the foregoing COMPLAINT

and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature
*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus    Rev. 7/99

EXHIBIT 1, PAGE 23
EXHIBIT 1, PAGE 32

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*   *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 2**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | JOINT PRETRIAL STIPULATION<br><br><u>Pretrial Conference</u><br>Date:    September 27, 2022<br>Time:    1:30 p.m.<br>Ctrm:    5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

AND ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

1

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

A.      Undisputed Facts:

The following facts are admitted and require no proof:

1.      Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.      On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.      The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.      Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.      The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.      JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.      Debtor formed JSC on or around October 18, 2018.

8.      On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.      In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.     On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.     On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.     On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.     On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

4886-1591-1427,v.1

EXHIBIT 2, PAGE 35

14. On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15. Ronald Pierpont is Debtor's ex-husband.

16. On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17. Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18. Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19. Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20. On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21. On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22. On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23. On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24. On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

4886-1591-1427,v.1

EXHIBIT 2, PAGE 36

25.    On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.    On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.    On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.    Debtor has not received a discharge in the Bankruptcy Case.

29.    On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.    On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.    On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.    On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.    Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

EXHIBIT 2, PAGE 37

34.     The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Bankruptcy Case.

35.     Venue properly lies in the Central District of California in that this AP arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

B.     Disputed Facts:

The following issues of fact, and no others, remain to be litigated:

1.     Houser Bros. is the owner of and/or has a right of possession regarding several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both the Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

2.     On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2] Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a) No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b) The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c) Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

_____

[2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

EXHIBIT 2, PAGE 38

or the mobilehome would be subject to a warehouse lien auction;

    (d) The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

    (e) The sale of the mobilehome was to proceed via escrow; and

    (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

3. On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date or Transfer Date" as November 1, 2018 ("Ryan Release Form").

4. On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date of transfer ("Ryan Notice of Sale or Transfer").

5. The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000. Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales proceeds of 4476 Alderport.

6. The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase agreement.

7. On November 19, 2018, Debtor emailed an application ("Application") to the management office for the Park.

8. On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the Denial Letter.

9. Defendant admits that there (a) exists a security agreement ("Security Agreement") between JSC and herself where she lent JSC $225,000 in exchange for a security interest in the Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC Debtor also held an ownership interest in at the time.

4886-1591-1427,v.1

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

---

7

JOINT PRETRIAL STIPULATION

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

8
JOINT PRETRIAL STIPULATION

EXHIBIT 2, PAGE 41

1  caused Plaintiff damage including but not limited to not receiving rent from an approved

2  tenant, attorneys' fees arising from Debtor's trespass, and other costs.

3  33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular

4  debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for

5  relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties

6  consent to the entry of final orders and judgments by the Bankruptcy Court.

7  C.   The Following Issues of Law are Stipulated

8  **First Claim for Relief – 523(a)(2) Fraud.**

9  1.   "A discharge under . . . this title does not discharge an individual debtor from any

10  debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

11  extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a

12  statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

13  2.   "The Bankruptcy Code has long prohibited debtors from discharging liabilities on

14  account of their fraud, embodying a basic policy animating the Code of affording relief only to an

15  'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

16  3.   "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . .

17  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

18  obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

19  4.   A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a

20  preponderance of the evidence by demonstrating five elements:

21  a)   The debtor made representations;

22  b)   That at the time he or she knew they were false;

23  c)   That he or she made them with the intention and purpose of deceiving the

24  creditor;

25  d)   That the creditor relied on such representations; and

26  e)   That the creditor sustained the alleged loss and damage as the proximate result

27  of the misrepresentations having been made.

28  *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

9

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

5.      Typically, a finding of a debt due to fraud is all that is necessary to satisfy § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

**Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

6.      "A discharge . . . does not discharge an individual debtor from any debt– for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

7.      The "willful" and "malicious" requirements are conjunctive and subject to separate analysis. *Id.*

8.      The injury-producing conduct must be tortious to be exempted from discharge under § 523(a)(6). *Id.* at *27.

9.      Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.* (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

10.     Trespass is a tort under California law.

11.     Trespass is an unlawful interference with possession of property. The elements of trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional, reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

12.     It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession. No averment of title in plaintiff is necessary. [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

13.     The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v. Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

10

4886-1591-1427,v.1

1    the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2    sufficient basis for nondischargeability under Section 523(a)(6)."].

3        14.    The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4    *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5    whether a defendant's actions amount to conversion under California law is not dispositive regarding

6    whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7        15.    To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8    conversion has occurred under California law, and second that the conversion is willful and

9    malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10   9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11   § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12       16.    Conversion, under California law, is the "wrongful exercise of dominion over the

13   property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14   elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15   property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16   Damages. *Id.* at 1405.

17       17.    An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18   subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19   Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20       18.    The injury must be "deliberate or intentional, not merely a deliberate or intentional

21   act that leads to injury." *Id.*

22       19.    A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23   *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24       20.    An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25   Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26   *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27   *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28       21.    Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

11

JOINT PRETRIAL STIPULATION

1    *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2    22.    The intentional conversion of another's property without its knowledge or consent and

3    without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4    U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5    *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6    **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7    23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8    hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9    this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10    transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11    before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12    24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13         1.    A disposition of property, such as a transfer or concealment;

14         2.    A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15              through the act [of] disposing of the property;" and

16         3.    It must occur within one year before filing bankruptcy.

17    *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18    Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19    25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20    tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21    1200 (9th Cir. 2010).

22    26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23    *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24    27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25    *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26    28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27    "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28    *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

12

EXHIBIT 2, PAGE 45

23, 2016).

29.    In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of fraud" may support a finding of fraudulent intent:

> These factors, not all of which need be present, include (1) a close
> relationship between the transferor and the transferee; (2) that the transfer
> was in anticipation of a pending suit; (3) that the transferor Debtor was
> insolvent or in poor financial condition at the time; (4) that all or
> substantially all of the Debtor's property was transferred; (5) that the
> transfer so completely depleted the Debtor's assets that the creditor has
> been hindered or delayed in recovering any part of the judgment; and
> (6) that the Debtor received inadequate consideration for the transfer.

*In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re Ellison*, 2016 Bankr.LEXIS 3475, at *25.

30.    If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed interest in such property extended into the one year period prior to bankruptcy, then discharge should be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing concealment" doctrine and held that defendant's transfer, made more than a year before her petition, provided evidence of defendant's active concealment of property in which she continued to retain a secret interest.].

31.    If a debtor's income funds all mortgage, insurance, and maintenance payments on property held in the name of another party, she may be found to have fraudulently concealed her interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

**Fourth Claim for Relief – 727(a)(4) False Oath**

32.    "The Court shall grant the debtor a discharge, unless-the debtor knowingly and fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

33.    To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of the evidence, that:

A.    The debtor made a false oath in connection with the case;

13

4886-1591-1427,v.1

EXHIBIT 2, PAGE 46

B.      The oath related to a material fact;

C.      The oath was made knowingly; and

D.      The oath was made fraudulently.

*Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

34.      The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at 1196.

35.      "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005).

36.      A fact is "material" if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

37.      An omission or misstatement that "detrimentally affects administration of the estate" is material. Id.

38.      A false statement or omission may be material even without "direct financial prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

39.      A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

40.      A demonstration of fraudulent intent requires a showing that: 1) The debtor made the representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

41.      Intent is usually proven by circumstantial evidence or inferences drawn from the debtor's conduct. Id. at 1199.

42.      "Reckless indifference or disregard for the truth" may be circumstantial evidence of intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th Cir. 2007).

4886-1591-1427,v.1

EXHIBIT 2, PAGE 47

43.     The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at *18 (B.A.P. 9th Cir. Apr. 16, 2021).

**Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets**

44.     "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.     Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.     Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.    The Following Issues of Law, and no others, Remain to be Litigated
(LBR 7016-1(b)(2)(C)):

1.    First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.    Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.    Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.    Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.    Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.  Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with

EXHIBIT 2, PAGE 48

1   any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

2   Affirmative Defense is a valid bar to this claim.

3   7.   Does the Second Claim for relief state a valid claim for conversion?   Under California Law

4   conversion is the wrongful exercise of dominion over personal property of another.   Moore

5   v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that

6   a trespass can give rise to a claim of conversion of the personal property on the real property

7   of Plaintiff and does not stand for the proposition that a trespass on real property is also a

8   conversion unless plaintiff can prove that it was deprived of that personal property with a

9   superior right to possession.  The Second Claim does not identify any personal property that

10  the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

11  valid claim for relief and is barred by Debtor's 25th affirmative defense.

12  8.   Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

13  estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

14  Section 798.74?  Debtor submitted an application for residency on November 19,2018 on

15  behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

16  Debtor's credit score was insufficient although she was not the applicant. California Civil

17  Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

18  days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

19  rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

20  charges of the park. unless management  reasonably determines the purchaser will not

21  comply with the rules and regulations of the park.  Plaintiff did not comply with its

22  mandatory obligations after receiving J. Sandcastle's application but responded only with a

23  classic non sequitur that did not address the issue of financial ability to pay of the purchaser

24  nor did assert any claim that its rules and regulations would not be followed.   California

25  Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

26  favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

27  mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

28  created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

16

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 2, PAGE 49

court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

9.  Does the Third Claim for Relief state a valid claim for relief?  This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.  See debtor's 25th affirmative defense.

10. Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

11. Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

E.    <u>Exhibits</u>[3]

Set forth below is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

Plaintiff's Exhibit List:

Unless otherwise noted, the Parties stipulate to the admission into evidence of the following documents and no additional foundation or authenticity shall be required:

1.    The Gables Judgment. No objection.

2.    The Ryan Complaint. No objection.

3.    The Stipulated Judgment. No objection.

4.    The Ryan Release Form. No objection.

5.    The Ryan Notice of Sale or Transfer. No objection.

---

[3] See Defendant's Exhibit List attached here as Exhibit "1."

17

EXHIBIT 2, PAGE 50

1    6.    The Application. No objection.

2    7.    The Denial Letter. No objection.

3    8.    The complaint in the BS Investors Action. No objection.

4    9.    The docket in the BS Investors Action. No objection.

5    10.   The Security Agreement, accompanied by the Note. No objection.

6    11.   The NTQ. No objection.

7    12.   The OCSC Complaint. No objection.

8    13.   The docket in the OCSC Action. No objection.

9    14.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC,

10         Document No. 76027030002. No objection.

11   15.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC,

12         Document No. 76027940002. No objection.

13   16.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC,

14         Document No. 76027940003. No objection.

15   17.   A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser

16         and Kathryn Curtiss, Document No. 7602794004. No objection.

17   18.   A January 18, 2019, California Department of Housing and Community Development

18         ("HCD") "Title Search" regarding the Property. No objection.

19   19.   A July 23, 2020, HCD "Title Search" regarding the Property. No objection.

20   20.   A June 7, 2021, HCD "Title Search" regarding the Property. No objection.

21   21.   An August 10, 2021, HCD "Title Search" regarding the Property. No objection.

22   22.   A September 21, 2021, HCD "Title Search" regarding the Property. No objection.

23   23.   An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the

24         Property. No objection.

25   24.   An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018,

26         regarding the Property. No objection.

27   25.   An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the

28         Property. No objection.

4886-1591-1427,v.1

26.    An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. <u>No objection</u>.

27.    An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. <u>No objection</u>.

28.    Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. <u>No objection</u>.

29.    Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. <u>No objection</u>.

30.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. <u>No objection</u>.

31.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. <u>No objection</u>.

32.    Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. <u>No objection</u>.

33.    Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. <u>No objection</u>.

34.    Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. <u>No objection</u>.

35.    Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. <u>No objection</u>.

36.    Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. <u>No objection</u>.

37.    Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. <u>No objection</u>.

38.    Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. <u>No objection</u>.

39.    The Exemption Motion. <u>No objection</u>.

40.    The Exemption Opposition. <u>No objection</u>.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 2, PAGE 52

41. The Exemption Reply. <u>No objection.</u>

42. "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. <u>No objection.</u>

43. The Employment Application. <u>No objection.</u>

44. The Exemption Order. <u>No objection.</u>

45. The Complaint. <u>No objection.</u>

46. The Answer. <u>No objection.</u>

F.    <u>Witnesses</u>

The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

<u>Plaintiff's Witness List:</u>

1. Chris Houser, who will testify about Debtor's application to live at the Property, as well as her continued occupation of the Property and Houser Bros.'s damages therefrom.

2. Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park and its right to possession of the premises in the absence of leases with approved tenants.

3. Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at the Property.

4. Debtor, who will testify about her conduct including knowingly trespassing and converting Plaintiff's property and her transfers of assets and liens.

5. Janine Jasso, if necessary.

6. Greg Buysman, if necessary.

7. Vivienne Alston, if necessary.

<u>Debtor's Witness List:</u>

1.  See Debtor's Witness List attached as Exhibit "2."

G.    <u>Other Matters</u>

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

1     Other matters that might affect the trial such as anticipated motions in limine, motions to

2   withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial

3   motions:

4     1.

5   H.    Discovery

6     All discovery is complete.

7   I.    Readiness for Trial

8     The Parties are ready for trial.

9   J.    Estimated Length of Trial

10     The estimated length of trial is two days.

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   K.    Binding Admissions

17     The foregoing admissions have been made by the Parties, and the Parties have specified the

18   foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this

19   stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to

20   prevent manifest injustice.

21     DATED: September 13, 2022          MARSHACK HAYS LLP

22
                                        /s/ D. Edward Hays
23                                   By: _____
                                        D. EDWARD HAYS
24                                      LAILA MASUD
                                        BRADFORD N. BARNHARDT
25                                      Attorneys for Plaintiff,
                                        HOUSER BROS. CO. dba RANCHO DEL
26                                      REY MOBILE HOME ESTATES

27

28

21

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

1

2    DATED: September _13__, 2022        By: *Jamie Lynn Gallian*
                                              JAMIE LYNN GALLIAN

3

4        Subject to Debtors Witness List to Be Added.

5        Subject to Debtors Additional Exhibits List to be incorporated.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 2, PAGE 55

**EXHIBIT 1**

**Debtor/Defendant's Additional Exhibits to include:**

1.  Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2.  Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors

Homestead Exemption.

3.  Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4.  Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-

2017-00913985

    a.  Complaint 4/11/2017

    b.  FAC 5/16/2017

    c.  Minute Order 3/2/2018

      . Reporters Transcript of MSC 3/2/2018.

    d.  Minute Order 6/4/2018

      Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

    e.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

    f.  Minute Order 7/19/2018

      1.  Reporters Transcript of HOAs MOT 7/19/2018

    g.  11/16/2018 Security Agreement & Promissory Note(s)

      1.  Lender

      2.  Holder, Jamie L Gallian

      3. Holder, J-Pad, LLC.

    h.  Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte

Application  to Continue Jury Trial; Minute Order November 8, 2018

    i.  Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte

Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

    j.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.

l.  May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.

n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.

0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.  Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed

Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,

Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-

Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert

McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser

Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her

family and brought Locksmith in her home to change the locks to all of the doors without permission to

enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of

home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-

01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123

filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

**EXHIBIT 2**

EXHIBIT 2, PAGE 60

**Debtor's /Defendant's Witness List:**

1.      Hugh Saddington

2.      Barbara Wertin-Saddington

3.      Sandra Bradley

4.      Craig Houser

5.      Kathryn Curtiss

6.      Ronald Pierpont

7.      Robert McLelland

8.      Greg Buysman

9.      Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 3**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

**FILED & ENTERED**

**OCT 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER |
| Plaintiff, | Pretrial Conference: |
| v. | Date: September 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |
| JAMIE LYNN GALLIAN, | |
| Defendant. | Trial:<br>Date: February 23, 2023<br>Time: 9:30 a.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

1   On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary

2   proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons

3   stated on the record during the pretrial conference, HEREBY ORDERS:

4   1.  The "Joint Pretrial Stipulation," Docket No. 37, is approved;

5   2.  An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

6   3.  The Court's following posted procedures will apply and be strictly enforced:

7   ☐   Judge Clarkson's Procedures for Trial by Declaration; or

8   ☒   Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

9   4.  Trial briefs must be filed no later than 14 days prior to trial;

10  5.  All witnesses must be present at the start of trial;

11  6.  Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for

12      Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together

13      with Ms. Gallian, the "Parties") by October 7, 2022;

14  7.  The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the

15      Court no later than one week prior to trial;

16  8.  The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for

17      judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

18  9.  Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by

19      October 18, 2022;

20  10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022;

21      and

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

EXHIBIT 3, PAGE 64



11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom on November 1, 2022, at 1:30 p.m.

IT IS SO ORDERED.

### 

Date: October 5, 2022

Scott C. Clarkson
United States Bankruptcy Judge

3

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

EXHIBIT 3, PAGE 65

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 10, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **May 10, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT (VIA U.S. MAIL AND EMAIL TRANSMISSION)**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 10, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**