JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach CA 92649
(714)321-3449

jamiegallian@gmail.com

Defendant, IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | OPPOSITION TO HOUSER BROS CO MOTION TO AMEND FIRST AMENDED COMPLAINT FILED OCTOBER 6, 2021; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT<br><br>Date:  June 1, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on June 1, 2023, at 11:00 a.m., in Courtroom 5C, of the

United States Bankruptcy Court, the Motion to Amend Complaint ("Opposition") filed by

Defendant, Jamie Lynn Gallian.

1

1

1  This Opposition  is based upon memorandum of points and authorities in support of

2  the opposition, the Declaration of Jamie Lynn Gallian, the pleadings and files in the Debtor's

3  bankruptcy case, and upon such further oral and documentary evidence as may be presented to the

4  court in support of the Motion.

5

6  Additionally, Ms. Gallian has re-filed her Supplemental Brief challenging a Park Operator, Houser

7  Bros Co standing in filing the Adversary Complaint and respectfully asks this Court to address the

8  Standing Issues raised by Ms. Gallian.

9

10

11

12
   DATED: May 17, 2023                          Respectfully submitted,
13

14                                              *Jamie Lynn Gallian*

15                                              JAMIE LYNN GALLIAN,
                                                Defendant, IN PRO PER
16

17

18

19

20

21

22

23

24

25

26

27

28

Complaints are to be freely amended at any time to conform with the evidence presented at trial, so long as the issue was tried by the **[parties' knowing, willful and express consent]. The amendment [will] cause substantial prejudice to the defendant.**

Here, Debtor [never admitting] to [gifting] any postpetition liens against her residence to Justin Barclay, E.J Gallian, Ronald Pierpont and Robert McLelland. J-Pad, LLC a manager-managed California limited liability company has a [perfected] 1/14/2019 lien on the face of LBM1081 Certificate of Title CA Housing and Community Development.  J-Pad, LLC a separate entity from debtor [amended] a 1/14/2019 UCC filing.

In this case, the Park Operator, Houser Bros. Co.  initial adversary complaint October 18, 2021, Doc 1, did not include a cause under 11 U.S.C. § 727(a)(2)(B), nor did Park Operator, Houser Bros. Co. include the cause in First Amended Complaint October 22, 2021  under 11 U.S.C. § 727(a)(2)(B), Doc 3, which provides for denial of discharge based on a [debtor's] postpetition dispositions of property with intent to hinder, delay, or defraud a creditor. The public CA Secretary of State UCC filing database was readily available and disclosed a U.C.C. 1/14/2019 filing with Amendments in September 2021, [prior] to either the October 18 or 22, 2021 adversary complaints being filed. During trial, Debtor was encouraged to object to Houser Bros.'s questions regarding postpetition liens.  Debtor was not given a full and fair opportunity to address Houser Bros.'s § 727(a)(2)(B) theory.  A separate entity from Debtor publicly disclosed a 6/2021 amendment to the 1/14/2019 UCC filing on the public CA SOS website in September 2021.

On July 9, 2021, Jamie Lynn Gallian, an individual,  filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC ("Bankruptcy Case").

On **October 18, 2021, as Docket 1,** Park Operator, Houser Bros. Co.  (defined above as "Houser Bros."), filed an adv "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)." The filing of the complaint commenced *Houser Bros. Co. v. Gallian (In re Gallian)*, Adversary Proceeding No. 8:21-ap-01097-SC ("AP").  On **October 22, 2021, as Docket No. 3**, Plaintiff filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint"). Throughout this adv. case, Debtor has raised the Park Operator, Houser Bros does not have [standing[ to object to Debtors discharge. The Park Operator has no judgment or injury caused by debtor. This complaint must be dismissed.

3

1    Houser Bros Co has a Permit to Operate a Mobilehome Park issued by CA Housing and

2    Community Development.  A true and correct copy of the Original Complaint is attached to the

     Declaration of Jamie Lynn Gallian ("Gallian Declaration") as Exhibit A.

3    A true and correct copy of the Original Complaint filed October 18, 2021, is attached to the

4    Declaration of Jamie Lynn Gallian ("Gallian Declaration") as **Exhibit 1.**

5    A true and correct correct copy of the First Amended Complaint filed October 22, 2021, is attached

6    to the Declaration of Jamie Lynn Gallian("GallianDeclaration") as **Exhibit 2**.

7          On September 13, 2022, as AP Docket No. 37, Houser Bros. filed a "Joint Pretrial

8    Stipulation" ("PTS").  A true and correct copy of the PTS is attached to the Hays Declaration as

9    **Exhibit 3**.

10         On October 5, 2022, as AP Docket No. 41, the Court entered an "Order Approving Joint

11   Pretrial Stipulation, and Scheduling Order" ("PTO").  A true and correct copy of the PTO is

12   attached to the Hays Declaration as **Exhibit** .

13   On February 15, 2023, as Docket No. 58, the Court entered an "Order Granting Motion in Limine

14   to Exclude Debtor's Trial Exhibits; Bifurcating §727 Claims for Trial and Setting Status

15   Conference on Remaining §523 Claims," which, among other things, provided that the 11 U.S.C. §

16   727 claims would proceed to trial on February 23, 2023, at 9:30 a.m., continued to April 23, 2023,

17   **Docket 62** and the 11 U.S.C. § 523 claims would be bifurcated and tried at a later date.  On

18   February 22, 2023, the Court entered an "Order Continuing Trial to April 26-27, 2023." **Docket**

19   **No. 64.**

20

21         On April 26, 2023, the Court held a bifurcated trial on Houser Bros.'s 11 U.S.C. § 727

22   claims. D. Edward Hays, Esq., and Bradford N. Barnhardt, Esq., appeared on behalf of the Park

23   Operator Houser Bros. Debtor with no education past high school appeared *pro se*.

24   All other appearances were as noted on the record.

25         During the trial, opposing counsel Ed Hays informed Debtor that in September 2021

26   prior to the October 18, 2021, adversary complaints filed the October 22, 2021, First Amended

27   Complaint filed an amendment to a 1/14/2019 U.C.C. filing, was recorded on the public website

28   CA Secretary of State to add four additional names under the original 1/14/2019 U.C.C. filing.

Ex. 14 Trial Book.

1   By the entity J-Pad LLC amending the 1/14/2019 U.C.C. filing adding Justin Barclay, E.J. Gallian,

2   Ronald Pierpont, Robert McLelland, J-Pad, LLC sharing ownership of the LLC with two others

3   previously amended (Steven Gallian and Brian Gallian), 1/14/2019 U.C.C. filing amended December

4   4 2020, on the CA Secretary of State public website. J-Pad LLC perfected lien on the face of the

5   Certificate of Title LBM1081.  Debtor admitted the November 16, 2018 Security Agreement and

6   Promissory Note were part of Plaintiff's Trial record Ex. 40, (which Debtor admitted during trial she

7   was the Lender of funds more than once and the Holder with J-Pad, LLC). TS at 83. These

8   amendments were reflected in the minutes of J-Pad LLC. TS at 84. In this Motion, Park Operator

9   Houser Bros. seeks to add a claim under 11 U.S.C. § 727(a)(2)(B)[3] to deny Debtor's discharge based

10

11  **3.    Legal Argument**

12      **A.    No Good cause exists to allow an amendment of the pleadings at this
        late date to include a cause under 11 U.S.C. § 727(a)(2)(B).**

13          Rule 15(b)(2) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule

14  7015 of the Federal Rules of Bankruptcy Procedure, provides:   An issue **[not] raised by the**

15  **pleadings [cannot be tried]** by the parties' **[without] knowing and express consent.**   Neither

16  is present in this case. It must be treated in all respects [**not**] raised by the pleadings.

17          The purpose of FRCP 15(b) is to permit courts to amend pleadings to conform to the

18  willful and expressed consent of the evidence presented at trial to reflect a case that was actually

19  litigated if there was [knowing express consent] by a pro se defendant. Debtor was not afforded an

20  opportunity to seek the advice of legal counsel.  FRCP 15(b) embodies a "liberal policy in favor of

21  allowing pleading amendments at any time during, and even after, trial." *Id.*; *see also Karaeff v.

22  Hart (In re Hart)*, 2013 Bankr.LEXIS 3707, at *3 (Bankr. N.D. Cal. Sept. 6, 2013) (noting that

23  amending to conform to evidence is "freely allowed"). **within the above knowing and willful**

24  **consent parameters.  There is still a thing called due process.**

25  [1] All citations to "TS" are to the trial transcript.

26  [2] All citations to "Ex." are to Houser Bros.'s trial exhibits.
    [3] Title 11 U.S.C. § 727(a)(2)(B) provides: "The court shall grant the debtor a discharge, unless—the debtor, with intent
27  to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has
    transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed,
28  mutilated, or concealed—property of the estate, after the date of the filing of the petition."

Even in the absence of an amended pleading to conform to evidence, FRCP 15(b)(2) directs the

Court to consider any issue tried [by knowing, willful consent only].  Debtor did not knowingly and

freely consent to this cause of action being added nor did she understand the legal jargon being

discussed during trial. To amend a pleading under FRCP 15(b)(2), a party must show that an issue

was **expressly or impliedly consented to**, by both of the parties in light one being a pro se.   This

sort of slight of hand amendment would cause "substantial prejudice to the Debtor. To establish

willful consent, the plaintiff must demonstrate that a PRO SE defendant understood there is evidence

being introduced to prove a new theory or issue, and that the new issue had been directly addressed

by Pl., not merely inferentially raised by incidental evidence or slid in within "1756 exhibits" with

only 46 Titles and every document name should be listed on an exhibit list. Debtor did not

knowingly acknowledge  any consent during the adv. trial that in September 2021, prior to Houser

filing a October 2021, adversary filing complaint), a distinct entity from debtor filed a U.C.C.

amendment to a previously recorded U.C.C. filing on  1/14/2019, on the public CA Secretary of State

website,  amending with names (Justin Barclay E.J. Gallian, Ronald Pierpont, Robert McLelland, to

the original 1/14/2019 U.C.C. filing with CA SOS. TS at 82, 85; Ex. 14. By amending the 1/14/2019

with Justin Barclay, E,J. Gallian, Ronald Pierpont and Robert McLelland, Debtor believed a portion

of J-Pad LLC would be divided evenly if something happened to debtor. Debtor verified during trial

she was the lender of funds on more than one occasion under an executed November 16, 2018

Security Agreement, and she is the holder of the 11/16/2018 Promissory Note with J-Pad LLC, a
manager-managed California limited liability company amended 10/18/2018 by LP2, Amendment

to Articles of Organization with the CA Secretary of State.  The debtors wishes and decisions are

recorded in the book of minutes of J-Pad LLC. However, there was never any actual yearly gift of

$15,000 per year to debtors three sons has  to be recorded as a "Gift" with the I.R.S.  Nerves set in,
 The boys did not want to become or bothered with "Gables or Rancho drama." TS at 84. Debtor

tried to interject and explain some of the Pl. trial exhibits did not even have the entity filing

information on the amendment in question,  regarding the alleged pre-adversary complaint

amendment amendments .  Debtor does not remember the Court asking Debtor to directly address

Houser Bros.'s  § 727(a)(2)(B) allegations regarding the separate entity who made amendments to J-

Pad LLC 1/14/2019 U.C.C. filings.  The Court discussed and inquired with Houser Bros.'s counsel

on the record, concerning preparing a motion to filing an amendment under§ 727(a)(2)(B) to the

First Amended Complaint filed [after] the public U.C.C. amendment in September 2021, to an

existing 1/14/2019, public U.C.C. filing by the entity J-Pad, prior to the Houser adversary filings in

October 2021.  Houser Bros had every opportunity to add the §727(a)(2)(B) allegations, but did not.

1       During trial, Debtor tried to explain or speak between the Court and Counsel, this

2   amendment to add a § 727(a)(2)(B) claim, the prejudicial act would be the result;  all prejudice to

3   and would come to Debtor because as a pro se Debtor was not afforded advice of counsel prior to

4   trial to prepare a full and fair argument against § 727(a)(2)(B) new allegations. The § 727(a)(2)(B)

5   issue was [not] willfully tried by both parties; Gallian did not knowingly and willfully exercise

6   informed consent.  This caused extreme prejudice to Debtor, by being presenting a new argument

7   for the first time at trial when the information was available prior to the adv. complaint and FAC..

8   Debtor was  not afforded the option to seek the advice of counsel.

9       Houser Bros new cause or "new theory" is based on all public information available in

10  September 2021 on the CA Secretary of State public website prior to Houser Bros filing the

11  Original Complaint on October 18 2021, and First Amendment on October 22, 2021.

12      Allowing this second amendment would substantially be harmful and prejudicial to Debtor

13  considering Debtor has raised the issue of Standing and humbly requests the court to hold a

14  hearing to address Article III. raised in Gallian's Supplemental Argument Opposing Houser's RFS

15  Motion.

16  **4.      Conclusion**

17      For the reasons stated above, Defendant requests this Honorable Court

18      address the Standing Issues raised odjecting to Ms. Gallian discharge and

19      various claims raised;  No General Partner of Houser Bros Co. has signed any

20      Declaration under the penalty of perjury and the Federal Laws of these

21      United States making any claim against the Debtor Jamie Lynn Gallian.

22      1)  Denying  this Motion With Prejudice;

23      2)  Awarding such further relief as this Court deems just and proper.

24      Respectfully submitted,

25

26  *Jamie Lynn Gallian*

27  DATED: May 17, 2023                JAMIE LYNN GALLIAN
                                        Defendent, IN PRO PER
28

# Declaration of Jamie Lynn Gallian

I, Jamie Lynn Gallian, say and declare as follows:

1.     I am an individual over 18 years of age and competent to make this Declaration.

2.     If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.     The facts set forth below are true of my personal knowledge.

4.     I am the debtor in this chapter 7 proceeding.

5.     I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.     I make this Declaration in opposition of Plaintiff's Motion to file a Second Amended Complaint ("SAC Motion").

8.     On July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC.

9.     A true and correct copy of the Houser Bros Co Original Complaint filed October 18, 2021, is attached as **Exhibit 1**.

10.    A true and correct copy of the Houser Bros Co First Amended Complaint, filed October 22, 2021,  is attached as **Exhibit 2**.

11.    A true and correct copy of the February 9, 2018, CA Secretary of State Articles of Organization and October 18, 2018, Amendment To Articles of Organization is attached as **Exhibit 3 and Exhibit 4**.

12.    A true and correct copy of the 1/14/2019 U.C.C. Filings. **Exhibit 5, 6, 7.**

13.    A true and correct copy of the 1/14/2019 U.C.C Amendment filed 12/4/2020. 9/12/2021, 9/12/2021.  **Exhibit 8, 9, 10.**

**I** declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2023.

                                        JAMIE LYNN GALLIAN
                                        Defendant, IN PRO PER

JAMIE L GALLIAN
16222 Monterey Lane Sp. # 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com
In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

JAMIE LYNN GALLIAN

Debtor

CASE NO. 8:21-BK-11710-SC

*Hon. Scott C. Clarkson*

**Supplemental
JAMIE LYNN GALLIAN OBJECTION
TO HOUSER BROS CO DBA RANCHO
DEL REY MOBILE HOME ESTATES
WITHOUT STANDING OR A REAL
PARTY INTEREST.**

Hearing: JUNE 1, 2023
Hearing Time: 11:00am VIA ZOOM.GOV

411 W. FOURTH STREET
SANTA ANA, CA 92701

**TO THE HONORABLE SCOTT C, CLARKSON, UNITED STATES
BANKRUPTCY JUDGE, JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE
AND ALL INTERESTED PARTIES.**

-1-

1
2
3
Under Article III of the Constitution, the jurisdiction of a federal court is limited to cases and controversies. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016).

4

5
6
To satisfy the case or controversy requirement, a plaintiff must have standing to sue. *Id.*

7
8
9
10
11
12
To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338, 136 S.Ct. 1540 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

13
14
15
16
The issue presented is whether Houser Bros Co dba Rancho Del Rey Mobilehome Estates, established its standing as a real party in interest to pursue the Relief from Stay it requests.

17
18
19
20
On 1/18/2023, Debtor filed F-4001-1 RFS RESPONSE and attached Adv. Dk 37, Adv. No. 8:21-ap-01097-SC JOINT PRETRIAL STIPULATION for the proposition that under Section B. Disputed Facts (Page 5, Line 5 Dk. 37)

21
22
**B. Disputed Facts:**

23
**The following issues of fact, and no others, remain to be litigated:**

24
25
**1. Houser Bros. is the owner of and/or has a right of possession regarding several acres of real property in Huntington Beach California.**

26
27
28

-2-

1
2
## "Real Party in Interest"
3
**Defined:**
4
     Generally, the real party in interest is the person who has the right to sue
5
under the substantive law. It is the person who owns or holds title to the claim
6
or property involved, as opposed to others who may be interested or benefited by the
7
litigation. [Gantman v. United Pac. Ins. Co. (1991) 232 CA3d 1560, 1566, 284 CR
8
188, 191; Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.) (2009)
9
180 CA4th 980, 991, 103 CR3d 426, 433—"while superficially concerned with
10
procedural rules," CCP § 367 "really calls for a consideration of rights and
11
obligations"]
12
13
14
     Real party in interest issues are often discussed in terms of plaintiff's "standing
15
to sue." [See Powers v. Ashton (1975) 45 CA3d 783, 787, 119 CR 729, 732;
16
Windham at Carmel Mtn. Ranch Ass'n v. Sup.Ct. (Presley) (2003) 109 CA4th 1162,
17
1172, 135 CR2d 834, 841; Blumhorst v. Jewish Family Services of Los Angeles
18
(2005) 126 CA4th 993, 1001, 24 CR3d 474, 479—person invoking judicial process
19
must have a real interest in the ultimate adjudication, having suffered (or about to
20
suffer) "an injury of sufficient magnitude reasonably to assure that all the relevant
21
facts and issues will be adequately presented"; Iglesia Evangelica Latina, Inc. v.
22
Southern Pac. Latin American Dist. of Assemblies of God (2009) 173 CA4th 420,
23
445, 93 CR3d 75, 94—party must have "some special interest to be served or some
24
particular right to be preserved or protected" (internal quotes omitted)]
25
26
27
28

-3-

**Trustee in Chapter 7 bankruptcy**:

All causes of action belonging to a bankrupt at the time of filing a Chapter 7 bankruptcy petition (liquidation) become part of the bankruptcy estate. The trustee in bankruptcy therefore is the real party in interest as to such causes of action (unless the trustee chooses to abandon them). [M & M Foods, Inc. v. Pacific American Fish Co., Inc. (2011) 196 CA4th 554, 564, 126 CR3d 310, 318; Curtis v. Kellogg & Andelson (1999) 73 CA4th 492, 505, 86 CR2d 536, 546; Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1004, 79 CR2d 544, 549 (citing text)]

With respect to actions commenced prior to bankruptcy, courts are split on whether the trustee must be substituted in as plaintiff. (Parties may be substituted upon transfer of interest under CCP § 368.5; see ¶ 2:504.) [ABA Recovery Services, Inc. v. Konold (1988) 198 CA3d 720, 726, 244 CR 27, 31— substitution of trustee optional: prebankruptcy action may continue in name of debtor despite transfer of interest; compare Bostanian v. Liberty Sav. Bank (1997) 52 CA4th 1075, 1083, 61 CR2d 68, 73 (contra)—substitution required: debtor out of possession has no standing to prosecute cause of action that has passed to bankruptcy estate unless abandoned by trustee]

**Purpose of Requirement:**

The purpose of the real party in interest requirement is to assure that any judgment rendered will bar the owner of the claim sued upon from relitigating. "It is to save a defendant, against whom a judgment may be obtained, from further harassment or

-4-

vexation at the hands of some other claimant to the same demand." [Giselman v. Starr (1895) 106 C 651, 657, 40 P 8, 10; Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1003, 79 CR2d 544, 549, fn. 2 (citing text); O'Flaherty v. Belgum (2004) 115 CA4th 1044, 1094, 9 CR3d 286, 326 (citing text)]

A litigant's standing to sue is a threshold issue to be determined by the court before addressing the merits. [Boorstein v. CBS Interactive, Inc. (2013) 222 CA4th 456, 465, 165 CR3d 669, 674]

Jury trial required where facts disputed: Where a party's standing depends on disputed facts or credibility determinations (e.g., ownership or possession of property), the parties are entitled to a jury trial on the issue. [People v. Sup.Ct. (Plascencia) (2002) 103 CA4th 409, 424, 126 CR2d 793, 804-805; Stofer v. Shapell Indus., Inc. (2015) 233 CA4th 176, 189-190, fn. 5, 182 CR3d 478, 488 (citing text)]

**Effect of Lack of Standing to Sue**

When a party lacks standing to sue, the action must be dismissed, unless the complaint can be amended by substituting a party who has standing. [Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1004-1011, 79 CR2d 544, 549-554].

**Challenging - Procedure for Challenging Standing to Sue**

A complaint filed by someone other than the real party in interest is subject to general demurrer if the defect appears on the face of the complaint or from matters that can be judicially noticed; i.e., it fails to state a cause of action by the plaintiff

-5-

because the claim sued upon belongs to somebody else. [Carsten v. Psychology Examining Committee of Bd. of Med. Qual. Assur. (1980) 27 C3d 793, 796, 166 CR 844, 846; see Qualified Patients Ass'n v. City of Anaheim (2010) 187 CA4th 734, 752, 115 CR3d 89, 101; San Bernardino County v. Sup.Ct. (Inland Oversight Committee) (2015) 239 CA4th 679, 688, 190 CR3d 876, 883—"demurrer should have been sustained, because the complaint does not include adequate facts to demonstrate plaintiffs have standing as taxpayers to assert the claim alleged"]

If plaintiff's lack of standing to sue does not appear on the face of the complaint, the defect should be raised as an affirmative defense in the answer. See ¶ 6:430 ff.

**Defect not waived by failure to object:**

Plaintiff's lack of standing is treated as a "jurisdictional" defect and is not waived by defendant's failure to raise it by demurrer or answer: "(C)ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding." [Common Cause of Calif. v. Board of Supervisors of Los Angeles County (1989) 49 C3d 432, 438, 261 CR 574, 577—lack of standing can be raised for first time on appeal; Rialto Citizens for Responsible Growth v. City of Rialto (2012) 208 CA4th 899, 912, 146 CR3d 12, 21 (same); Cummings v. Stanley (2009) 177 CA4th 493, 501, 99 CR3d 284, 289 (citing text)]

Standing to sue affects the right to relief and goes to the existence of a cause of action against the defendant. [See CCP § 430.80; Killian v. Millard (1991) 228 CA3d 1601, 1605, 279 CR 877, 879]

-6-

A party has standing to seek relief from the automatic stay if it has a property interest in or is entitled to enforce or pursue remedies related to, the secured obligation that forms the basis of its motion.

Houser Bros Co has no secured obligation with respect to Houser Bros dba Rancho Del Rey Mobilehome Estates request for relief from the automatic stay,

The record before this Bankruptcy Court presented by Houser Bros Co dba Rancho Del Rey Mobilehome Estates does not support has standing.

Debtor respectfully requests the bankruptcy court make findings necessary to determine Houser Bros dba Rancho Del Rey Mobilehome Estates standing as a person entitled to enforce the Ms. Gallian's post-petition obligations.

Motions for relief from stay are contested matters. *See* Rules 4001(a) and 9014(a). Rule 9014(c) provides that Rule 7017 applies in contested matters.

Rule 7017 incorporates Civil Rule 17(a), which provides that "[a]n action must be prosecuted in the name of the real party in interest...." Considering the application of these rules, as a threshold matter, relief from stay proceedings are very limited in scope.

Given the limited grounds for obtaining ... relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a *colorable claim* to the property of the estate.

*Biggs v. Stovin (In re Luz Int'l),* 219 B.R. 837, 842 (9th Cir.BAP1998) (emphasis added). *See, e.g., Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 740–41 (9th Cir.1985).

-7-

Houser Bros Co Reply to Ms. Gallian's Opposition to RFS [Dk 298] reads like a "Trial Brief" Reply Line 19-22..

"in her Response, Debtor hardly addresses the applicable standard for stay relief. She instead filed a 25-page "Memorandum of Points & Authorities" ("P&A") (not including the hundreds of pages of exhibits), that reads more like a trial brief in the underlying Forcible Entry Action than a Response to a relief from stay motion."

On the contrary, Debtor was very mindful and purposely chose the Notice of Lodgment Documents provided to the bankruptcy court when preparing her Opposition to Houser Bros Motion for RFS [Dk 298] for the following reason:

> "Any appeal from a grant of motion for relief from stay, the Bankruptcy Appellate Panel (BAP) or District Court could consider only those documents that were before the bankruptcy court when it granted motion for stay relief; evidence, or purported evidence, that was not properly before bankruptcy court was not part of record on appeal. *11 U.S.C.A. § 362(d)*."

**1. Section 362(d)(1)**

Section 362(d)(1) provides that a bankruptcy court can grant relief from the stay "for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

Here, on December 19, 2022, the Bankruptcy Court, Honorable Erithe A. Smith, Order Dk 274, determined Debtor was entitled to a Homestead Exemption in the property, therefore Debtor did have equity in the Property at the time of filing her bankruptcy petition because Debtor has resided in the home since November 2018,

as her primary residence and held title to the Property as of the date of filing her petition. Because Debtor owned the Property as of the date of filing her bankruptcy petition, the Property can be necessary for Debtor's effective reorganization. 11 U.S.C. §362(d)(2). Accordingly, relief from the automatic stay should be denied under section 362(d).

 "Cause" has no clear definition and is determined on a case-by-case basis. In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985).

## 2. Section 362(d)(2)

Section 362(d)(2) provides relief from the automatic stay when:

the debtor has no equity in the property [and] the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

Both elements of the test must be met. See Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984).

Again, on December 19, 2022, the Bankruptcy Court, Honorable Erithe A. Smith, Order Dk 274, determined Debtor was entitled to a Homestead Exemption in the property, therefore Debtor did have equity in the Property at the time of filing her bankruptcy petition because Debtor has resided in the home since November 2018, as her primary residence and held title to the Property as of the date of filing her petition. Because Debtor owned the Property as of the date of filing her bankruptcy petition, the Property can be necessary for Debtor's effective reorganization.

-9-

**TITLE:** **Title is vested in Houser Bros. Co., a limited partnership,**

# subject to:

### 1. **Ground Lease**

A Ground Lease dated October 19, 1979, executed by Houser Bros Co, a limited partnership, as Lessor, ad Robert P. Warmington, a married man, as lessee, a memorandum of which was recorded October 22, 1979 in Book 13362, Page 320 of Official Records and re-recorded December 6, 1979 in Book 13424, Page 499 of Official Records.  Robert P. Warmington in turn as sublet the Gound Lease to Robert P. Warmington Co., a California corporation.

**NOTE: THE LESSEE'S INTEREST UNDER SAID LEASES AND THE SUB-LESSOR'S INTEREST UNDER SAID SUBLEASE HAS BEEN ASSIGNED TO G/HB INVESTORS, A CALIFORNIA LIMITED PARTNERSHIP BY ASSIGNMENT WHICH RECORDED SEPTEMBER 30, 1986 AS INSTRUMENT NO. 86456266 OF OFFICIAL RECORDS, REFERENCE BEING HEREBY MADE TO THE RECORD THEREOF FOR FULL PARTICULARS.**

07/24/1998 Assignment Of Lease Or Sublease G HB Investors Wertin Trust 1998.644009
07/24/1998 Assignment Of Lease Or Sublease Wertin Trust Brief Trust 1998.644010
07/23/1999 Assignment Of Lease Or Sublease Ghb Investors & BS Investors LLC 1999.542301

-10-

**Interests To Be Conveyed**

A Lease to a specified unit, together with an undivided fractional leasehold interest as a tenant in common in the common area together with a membership in "The Gables-Huntington Beach Homeowners Association" and rights to use the common area.


**Distinction Between "Assignment" and "Sublease":**

Though the terms are often used interchangeably, "assignments" and "subleases" are distinct legal concepts and have distinct legal consequences.

a. **Assignment:**   A true "assignment" of a [tenant-Robert P. Waemington's] interest in a lease is the transfer of *all* of the tenant's right, title and interest in the leasehold.

The tenant, Robert P. Warmington assignment to BS Investors, LLC assignee steps into direct privity of estate with the landowner, (Master Lessor) acquiring the benefits and becoming obliged by the burdens of all "covenants running with the land."

If the assignee expressly assumes the master lease the assignee and landowner also stand in a privity of contract relationship. [*Vallely Investments, L.P. v. BancAmerica Comm'l Corp.* (2001) 88 CA4th 816, 822, 106 CR2d 689, 694]


Unlike a sublease  the selling tenant/assignor retains *no* reversionary interest in or right to reenter the leasehold, even if its assignee abandons the property; but the assignor remains in privity of contract with the landowner absent an express release. [See *Vallely Investments, L.P. v. BancAmerica Comm'l Corp.*, supra, 88 CA4th at 822-823, 106 CR2d at 694-695 (discussing distinctions

-11-

between sublease and assignment); _Kendall v. Ernest Pestana, Inc._ (1985) 40 C3d
488, 492, 220 CR 818, 820, fn. 2]

      In contrast, by a sublease, the tenant transfers _less_ than the entire premises or
_less_ than the entire term of the lease to a third party. A sublease does _not change_
the privity relationship between landowner and sublessor tenant; i.e., subtenant and
landowner are neither in privity of contract nor privity of estate.

      The subtenant's rights are governed by the sublease with the master lease
tenant (sublessor), which can be no greater than the rights granted by the master
lease; and the landowner's rights remain governed by the master lease with the
tenant (sublessor). [_Kendall v. Ernest Pestana, Inc._, supra, 40 C3d at 492, 220 CR
at 820, fn. 2; _Vallely Investments, L.P. v. BancAmerica Comm'l Corp._, supra, 88
CA4th at 823, 106 CR2d at 695]

      Thus, the tenant (not the subtenant) remains responsible for the payment of
rent to the landowner (_Kendall v. Ernest Pestana, Inc._, supra, 40 C3d at 502, 220
CR at 827); and, upon a default by the tenant, the landowner can usually terminate
the sublease by terminating the ground lease.

      A sublease would be technically created if the ground lease tenant
"subleased" the entire property for the entire balance of the term except for the last
day. Similarly, a sublease would be technically created even though the
"sublessor" leases to the subtenant all but a nominal portion of the property for the
entire balance of the term. And, a sublease is created where the transferring tenant
retains a right of reentry.

-12-

Indeed, selling tenants may try to structure their deals in such a manner in an attempt to avoid the generally harsher restrictions on assignment [See generally, *Kendis v. Cohn* (1928) 90 CA 41, 58-60, 265 P 844, 851]

c. **Importance of distinction:** To the extent a tenant is subject to transfer restrictions, most ordinary leases do not distinguish between leasehold transfers by assignment vs. sublease; i.e., an assignment will either be permitted or prohibited on the same basis as a sublease.

However, ground leases frequently subject the two types of transfers to different standards. The reasons are two-fold:

(1) Assignee steps into assignor's shoes; subtenant's creditworthiness less important to landlord: Absent a novation an assignment does not itself let the assignor tenant out of its contractual obligations under the lease.

(2) Even so, privity of estate binds the new tenant/assignee to the lease obligations for so long as it remains in possession

(3) Thus, for all practical purposes, an assignment substitutes one tenant for another; and, because the parties to a ground lease have a long-term relationship, the landlord is justifiably concerned about the quality— especially the creditworthiness—of any assignee.

On the other hand, a sublease disturbs neither the privity of contract *nor* privity of estate relationship between the original tenant and landowner; indeed, a sublease is subordinate to the covenants in the Master Lease.

Since there is no substitution of the original tenant, the landowner is far less concerned about the quality of a subtenant.

-13-

1  For all of the above references to the unexpired 80 year Ground Lease, Houser

2  Bros Co dba Rancho Del Rey Mobilehome Estates is not the Sublessor, BS

3  Investors, LLC, included in Debtors Chapter 7 Petition and /Amendment.

4

5  Houser Bros Co dba Rancho Del Rey Mobilehome Estates Motion for RFS

6  should be denied until the Court can determine the proper party.

7

8  I declare under penalty of perjury the forgoing to be true and correct.

9

10  Signed this 30th day of January, 2023, at Huntington Beach, CA

11

12                                           *Jamie Lynn Gallian*

13                                           _____

14                                           JAMIE LYNN GALLIAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

**State of California**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**

ANNUAL

PERMIT TO OPERATE

December 6, 2021

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

OPERATOR

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

PARK NAME & ADDRESS

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

CONDITIONAL USES

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

**THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN. THIS PERMIT IS NOT TRANSFERABLE. THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF NAME, OWNERSHIP OR OPERATOR.**

P.O. Box 278180
Sacramento, CA 95827-8180
(916) 445-9471
From TDD Phones: 1-800-735-2929
From Voice Phones: 1-800-735-2922

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

BOOK 5929 PAGE 38

20572

STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS: That pursuant to the provisions of Section 15010.5 of the Corporations Code of the State of California, the undersigned hereby certify and state:

(1) That the name of the partnership is HOUSER COMPANY.

(2) That HOUSER COMPANY is a general partnership and the names of each of the partners of said partnership are: C. E. Houser, Annie F. Houser, Clifford C. Houser, Vernon F. Houser, Geraldine Amelia McCullah, and Dorothy Ann Getner.

(3) That said partners named herein are all of the partners of said partnership.

(4) That any three of the partners, acting together, shall have and each of the partners does hereby grant to the said three partners so acting the authority for and on behalf of the partnership to execute and deliver any and all deeds or instruments of conveyance necessary to convey title to any real or personal property or any right, title or interest therein owned by the partnership and to execute and deliver for and on behalf of the partnership any and all agreements, contracts, leases, escrow instructions and such other instruments affecting real or personal property owned or to be acquired by the partnership.

IN WITNESS WHEREOF, the undersigned have executed this Statement of Partnership this 15th day of November, 1961.

HOUSER COMPANY

By _C E Houser_          By _Clifford C Houser_

By _Annie F Houser_      By _Geraldine Amelia McCullah_

By _Vernon F Houser_     By _Dorothy Ann Getner_

State of California } ss.
County of Orange

We hereby declare under penalty of perjury that we are partners in HOUSER COMPANY; that we have read the foregoing Statement of Partnership and know the contents thereof; and that the same is true of our own knowledge.

Dated at Santa Ana, California, the 15th day of November, 1961.

_C E Houser_                    _Vernon F Houser_
C. E. Houser                    Vernon F. Houser

_Annie F Houser_                _Geraldine Amelia McCullah_
Annie F. Houser                 Geraldine Amelia McCullah

_Clifford C Houser_
Clifford C. Houser

RECORDED AT REQUEST OF
_Warren Sikora_
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIF.
3:01 NOV 30 1961
RUBY McFARLAND, County Recorder

$2.80

WHEN RECORDED, MAIL TO
Warren Sikora
401 West 8th Street
Santa Ana, California

-1-

BOOK 5929 PAGE 39

State of California } ss.
County of Orange
On _November 15, 1961_, 1961, before me, the undersigned, a Notary
Public in and for said County and State, personally appeared C. E.
Houser, Annie F. Houser, Clifford C. Houser, Vernon F. Houser, and
Geraldine Amelia McCullah, known to me to be the persons whose
names are subscribed to the within instrument and acknowledged to
me that they executed the same.
WITNESS my hand and official seal.

_Maribelle Hunt_
MARIBELLE HUNT—Notary Public
My Commission Expires Sept. 3, 1965

State of Oregon } ss.
County of Multnomah
I hereby declare under penalty of perjury that I am a part-
ner in HOUSER COMPANY; that I have read the foregoing Statement of
Partnership and know the contents thereof; and that the same is
true of my own knowledge.

Dated at _Portland_, Oregon, the _17_ day of _Nov_
1961.

_Dorothy Ann Getner_
Dorothy Ann Getner

State of Oregon } ss.
County of Multnomah
On _Dec 17_, 1961, before me, the undersigned, a Notary
Public in and for said County and State, personally appeared
Dorothy Ann Getner, known to me to be the person whose name is
subscribed to the within instrument and acknowledged to me that
she executed the same.
WITNESS my hand and official seal.

_Robert M McBrian_
My Commission expires 2-9-64

-2-



my FirstAm®    **Recorded Document**

The Recorded Document images are displayed in the subsequent pages for the following request:

|  |  |
|---|---|
| State: | CA |
| County: | Orange |
| Document Type: | Document - Book Page (1/1/50 - 12/31/60) |
| Book: | 9672 |
| Page: | 175 |

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.   IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

©2005-2023 First American Financial Corporation and/or its affiliates. All rights reserved.

.9504 ·

9672 ᴘᴀᴄᴇ 175

$2.80
C5

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

Min., _____ P.M.  JUN  10  1971
Past
J. WYLIE CARLYLE, County Recorder

### AMENDED STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS:

Pursuant to the provisions of Section 15010.5 of the
Corporations Code of the State of California, the undersigned,
CLIFFORD C. HOUSER and VERNON F. HOUSER, being two of the general partners of HOUSER COMPANY, a general partnership which,
on November 30, 1961, recorded in Book 5929 at Page 38 of
Official Records of the County Recorder of Orange County,
California, a Statement of Partnership under the firm name of
HOUSER COMPANY, a general partnership, which Statement of
Partnership disclosed, inter alia, that CLIFFORD C. HOUSER,
VERNON F. HOUSER, DOROTHY ANN GETNER, GERALDINE AMELIA McCULLAH,
C. E. HOUSER and ANNIE F. HOUSER, being the general partners
named therein, were all of the general partners of said partnership, hereby certify and state:

(1) That the name of the partnership is HOUSER COMPANY.

(2) That HOUSER COMPANY is a general partnership, and
the names of each of the partners of said partnership are
CLIFFORD C. HOUSER, VERNON F. HOUSER, DOROTHY ANN GETNER and
GERALDINE AMELIA McCULLAH.

(3) That said partners named in (2) above are all of
the partners of the partnership.

(4) That on January 4, 1965, C. E. HOUSER and ANNIE F.
HOUSER voluntarily withdrew as general partners and that by
reason of an agreement provided for in subdivision (7) of
Section 15031 of the Corporations Code of the State of California, such partnership was not dissolved by reason of the
withdrawal of C. E. HOUSER and ANNIE F. HOUSER from said
partnership.

(5) Any three (3) of the partners, acting together,

RECORDING
REQUESTED BY

RETURN TO:
_. Biel, Esq.
_ Tucker
_ Center Drive West
Ana, California  92702

-1-

27

9672 PAGE 176

shall have, and each of the partners does hereby grant to the
three (3) partners so acting, the authority for and on behalf
of the partnership to execute and deliver any and all deeds or
instruments of conveyance necessary to convey title to any
real or personal property or any right, title or interest
therein owned by the partnership and to execute and deliver
for and on behalf of the partnership, any and all agreements,
contracts, leases, escrow instructions and such other instru-
ments affecting real or personal property owned or to be ac-
quired by the partnership.

IN WITNESS WHEREOF, the undersigned have executed this
Amended Statement of Partnership this 8th day of June, 1971.

HOUSER COMPANY
A General Partnership

By _Clifford C. Houser_
Clifford C. Houser

By _Vernon F. Houser_
Vernon F. Houser

STATE OF CALIFORNIA ) 
                     ) SS:
COUNTY OF ORANGE     )

On June 8th, 1971, before me, the undersigned, a
Notary Public in and for said State, personally appeared
CLIFFORD C. HOUSER and VERNON F. HOUSER, known to me to be
two of the general partners of the partnership that executed
the within instrument, and acknowledged to me that such part-
nership executed the same.

WITNESS my hand and official seal.

_Joan K. Shurat_
Notary Public

OFFICIAL SEAL
JOAN K. SHURAT
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires June 3, 1973

STATE OF CALIFORNIA ) 
                     ) SS:
COUNTY OF ORANGE     )

CLIFFORD C. HOUSER and VERNON F. HOUSER, being on oath
first duly sworn, depose and say: That they are two of the
partners in the partnership "HOUSER COMPANY"; that they exe-
cuted the above Amended Statement of Partnership; that they
have read said Amended Statement of Partnership and know the
contents thereof; and that the statements therein made are
true and correct of their own knowledge.

_Clifford C. Houser_                    _Vernon F. Houser_
CLIFFORD C. HOUSER                      VERNON F. HOUSER

SUBSCRIBED AND SWORN to before me this 8th day of

JOAN K. SHURAT
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires June 3, 1973

_Joan K. Shurat_
Notary Public

-2-



---

*my*FirstAm®    **Recorded Document**

The Recorded Document images are displayed in the subsequent pages for the following request:

State:            CA
County:           Orange
Document Type:    Document - Book Page (1/1/50 - 12/31/60)
Book:             10250
Page:             992

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.  IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

**Recorded Document**

©2005-2023 First American Financial Corporation and/or its affiliates. All rights reserved.

01/27/2023

29981

s. /*/*

*10250 *892

STATE OF CALIFORNIA

HOUSER BROS. CO.
A Limited Partnership

CERTIFICATE OF LIMITED PARTNERSHIP

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA
#1 Min. 4 P.M.   JUL 22
J. WYLIE CARLYLE, County Recorder

WE, the undersigned, CLIFFORD C. HOUSER, VERNON F. HOUSER
and GLADYS LUCILLE HOUSER, desiring to form a limited partner-
ship pursuant to the Uniform Limited Partnership Act of the
State of California, as set forth in Title 2, Chapter 2 of the
California Corporations Code, as amended, and acting upon the
following premises, to wit:

A.   CLIFFORD C. HOUSER and VERNON F. HOUSER have hereto-
fore conducted as a general partnership a mobile home park and
related operations under the fictitious names of HOUSER BROS.
CO. and RANCHO DEL REY MOBILE HOME ESTATES; and

B.   GLADYS LUCILLE HOUSER is the wife of VERNON F. HOUSER,
and the partnership interest of VERNON F. HOUSER in the partner-
ship referred to in paragraph A above has been and is the com-
munity property of VERNON F. HOUSER and GLADYS LUCILLE HOUSER;
and

C.   Dissolution proceedings are presently pending between
VERNON F. HOUSER and GLADYS LUCILLE HOUSER; and, in connection
therewith, their community property has been partitioned and
divided between them. As a consequence, VERNON F. HOUSER has
assigned to GLADYS LUCILLE HOUSER an undivided one-half (1/2)
interest in and to his interest in the partnership referred to
in paragraph A above, thereby creating a separate partnership
interest for her and making her a partner of record holding a

RECORDING
REQUESTED BY

WHEN RECORDED RETURN TO:

-1-

10250 PAGE 995

one-quarter (1/4) partnership interest; and

D.    The parties, desiring to continue the partnership
business without interruption, but at the same time to amend
their partnership relationship to change the rights, prefer-
ences and privileges among the partners, desire to reorganize
the partnership described in paragraph A above into a limited
partnership so as to give GLADYS LUCILLE HOUSER all of the
rights, preferences and privileges of a limited partner under
the Uniform Limited Partnership Act of the State of California;

Accordingly, we, the undersigned, in keeping with the
foregoing recitals, DO HEREBY CERTIFY AS FOLLOWS:

I.    The name of the partnership is HOUSER BROS. CO., a
limited partnership. The general partners, in their sole dis-
cretion, may change the name of the partnership at any time
and from time to time.

II.    The character of the business of the partnership
shall be the holding for investment of that certain real prop-
erty situated in the City of Huntington Beach, California,
more particularly described as:

The NorthEast one-quarter of the Northwest one-quarter
and the North one-half of the Southeast one-quarter of
the Northwest one-quarter of Section 20, Township 5
South, Range 11 West, in the City of Huntington Beach,
County of Orange, State of California, in the Rancho
Las Bolsa Chica, as shown on a Map recorded in Book 51,
Page 13 of Miscellaneous Maps, records of said Orange
County;

and further to engage in any business relating to the purchase,
lease, improvement, construction, operation and management of
any and all lands, improved and unimproved, dwelling houses,
apartment houses, mobile trailer parks, shopping centers, stores,
office buildings, manufacturing plants and any other buildings

-2-

0250 PAGE 994

of any kind. Specification of the particular business shall
not be deemed a limitation upon the general powers of the
partnership.

III.  The location of the principal place of business of
the partnership is 16222 Monterey Lane, Huntington Beach,
California. The general partners, in their sole discretion,
may change the principal place of business to such other
place in the State of California at any time and from time to
time.

IV.  The name and place of residence of each of the part-
ners is as follows:

| Name | Residence |
|---|---|
| General Partners: | |
| VERNON F. HOUSER | 6072 Thor Drive Huntington Beach, California |
| CLIFFORD C. HOUSER | 9301 Central Avenue Garden Grove, California |
| Limited Partner | |
| GLADYS LUCILLE HOUSER | 7021 Starlight Circle Huntington Beach, California |

V.  The term for which the partnership is to exist shall
be as follows:  This agreement supersedes the Partnership
Agreement effective October 19, 1966, between CLIFFORD C.
HOUSER and VERNON F. HOUSER, but this is considered a continu-
ing partnership within the contemplation of the federal and
state income tax laws, and shall continue until terminated by
action of the partners.

VI.  The limited partner has contributed all of her marital
property interest in the partnership interest of general partner,

-1-

10250 PAGE 995

VERNON F. HOUSER, in the general partnership formerly known
as HOUSER BROS. CO. and as referred to in paragraph A of the
preamble to this Certificate, having an agreed value of SEVEN
THOUSAND SEVEN HUNDRED SIXTY-SEVEN DOLLARS AND THIRTY-ONE
CENTS ($7,767.31).

VII.  No additional contributions are required to be made
by the limited partner to the partnership.

VIII.  The limited partner shall be entitled to twenty-five
(25%) percent of the partnership profits by reason of her con-
tribution.

IX.  The limited partner has the right to sell, assign,
transfer or discharge her interest in the partnership, or any
portion thereof, subject to the right of first refusal in
favor of the partnership and either or both of the general
partners.  No right is given to the limited partner to substi-
tute an assignee as a limited partner in the partnership with-
out the consent of the general partners.

X.  The above named limited partner, being the sole
limited partner, enjoys the priority of compensation by way
of contribution and income as set forth above in Sections VI
and VIII, respectively.  No provision is made within the part-
nership agreement which relates to the priority of one limited
partner over other limited partners as to contributions or as
to compensation by way of income.

XI.  The partnership agreement provides that in the event
either general partner dies, becomes incapacitated, withdraws
or becomes bankrupt, the partnership shall not dissolve, but
the incapacitated, withdrawn or bankrupt general partner or the
successor in interest of the deceased general partner shall

I.

become a limited partner with the same share of profits or
losses of the partnership as before the event and shall have
all the rights of a limited partner.  In such event, all neces-
sary steps shall be taken to amend the Certificate of Limited
Partnership.

XII.    The limited partner has no right to demand and re-
ceive property other than cash in return for the contribution
by the limited partner to the partnership.

XIII.    The general partners shall have the full, exclusive
and complete right and power to manage, direct and control
the business and affairs of the partnership with all powers
necessary, advisable or convenient to that end, but the gene-
ral partners shall not, without the written consent of the
limited partner, be empowered to:

(a)  Sell all or substantially all of the assets
of the partnership.

(b)  Do any acts in contravention of the agree-
ment of limited partnership.

(c)  Do any act which would make it impossible
to carry on the ordinary business of the partnership.

(d)  Change or reorganize the partnership into
any other legal form.

(e)  Amend the agreement of limited partnership.

(f)  Require the limited partner to make any
additional contributions to the capital of the part-
nership.

(g)  Admit additional limited partners.

The limited partner shall take no part in the control of
the partnership's business but may exercise the rights and

-5-

0250 PAGE 997

powers of the limited partner under this Certificate of Limited
Partnership, including the provisions of Section XIII of this
Certificate of Limited Partnership, and the giving of consents
and approvals provided for in subsections (a) through (g)
above, inclusive, the exercise of such rights and powers being
deemed to be matters affecting the basic structure of the part-
nership and not the control of its business.

XIV.   The limited partner constitutes and appoints the
general partners, or either of them, the true and lawful attor-
ney of, and in the name, place and stead of the limited partner,
to make, execute, sign, acknowledge and file, with respect to
the partnership:

(a)  Such certificates of fictitious firm name
as may be required by the laws of the State of Cali-
fornia; and

(b)  Such certificates, instruments and docu-
ments as may be required by, or may be appropriate
under, the laws of the State of California, to re-
flect changes in or amendments to the agreement of
limited partnership as to (i) changes in the name or
the location of the principal place of business of
the partnership; (ii) changes of address of the gene-
ral and limited partners; and (iii) any other changes
in or amendments of said agreement of limited partner-
ship, but only if and when the limited partner has
agreed to such other changes or amendments by signing,
either personally or by duly appointed attorney, an
agreement amending said agreement of limited partnership.

IN WITNESS WHEREOF, the parties have executed this

-6-

10250 PAGE 998

Certificate of Limited Partnership as of *July 14*, 1972.

CLIFFORD C. HOUSER, As General
Partner.

VERNON F. HOUSER, As General
Partner.

GLADYS LUCILLE HOUSER, As
Limited Partner

STATE OF CALIFORNIA } SS:
COUNTY OF ORANGE }

On *July 14*, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
CLIFFORD C. HOUSER, known to me to be the person whose name
is subscribed to the within instrument and acknowledged that
he executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 26, 1976

Notary Public
WILLIAM B. STEWART

[SEAL]

-7-



STATE OF CALIFORNIA }
                    } SS:
COUNTY OF ORANGE    }

0250 PAGE 999

On _July 14_, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
VERNON E. HOUSER, known to me to be the person whose name
is subscribed to the within instrument and acknowledged that
he executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 28, 1976

[SEAL]

Notary Public
WILLIAM B. STEWART



STATE OF CALIFORNIA }
                    } SS:
COUNTY OF ORANGE    }

On _July 14_, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
GLADYS LUCILLE HOUSER, known to me to be the person whose
name is subscribed to the within instrument and acknowledged
that she executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 28, 1976

[SEAL]

Notary Public

-8-

**First American**

*my* FirstAm®   **Recorded Document**

The Recorded Document images are displayed in the subsequent pages for the following request:

| | |
|---|---|
| State: | CA |
| County: | Orange |
| Document Type: | Document - Year.DocID |
| Year: | 1989 |
| DocID: | 232116 |

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.   IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

**89-232116**

RECORDING REQUESTED BY
SADDLEBACK ATTORNEY SERVICE

Recording Requested By
and When Recorded Mail To:

Behrens, Recht, Finley, Hanley & Holford
1800 N. Broadway, Suite 200
Santa Ana, California 92706

$15.00
C6

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY CALIFORNIA

-2 20 PM    MAY - 2 '89

*Lee A. Branch* RECORDER

## AMENDED STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS:

Pursuant to the provisions of Section 15010.5 of the
Corporations Code of the State of California, the undersigned,
CLIFFORD C. HOUSER, CRAIG E. HOUSER and ROBERT A. HOUSER, Co-
Trustees of the Vernon F. Houser Trust Dated April 27, 1989 and
GERALDINE AMELIA MCCULLAH, being all of the general partners of
HOUSER COMPANY, a general partnership which, on November 30,
1961, recorded in Book 5929 at Page 38 of Official Records of the
County Recorder of Orange County, California, a Statement of
Partnership under the firm name of HOUSER COMPANY, a general
partnership, which Statement of Partnership disclosed, inter
alia, that CLIFFORD C. HOUSER, VERNON F. HOUSER, DOROTHY ANN
GETNER, GERALDINE AMELIA MCCULLAH, C. E. HOUSER and ANNIE F.
HOUSER, being the general partners named therein, were all of the
general partners of said partnership, hereby certify and state:

(1)  That the name of the partnership is HOUSER COMPANY.

(2)  That HOUSER COMPANY is a general partnership, and the

1

89-232116

names of each of the partners of said partnership are: CLIFFORD C. HOUSER, CRAIG E. HOUSER and ROBERT A. HOUSER, Co-Trustees of the Vernon F. Houser Trust Dated April 27, 1989 and GERALDINE AMELIA MCCULLAH.

(3) That said partners named in (2) above are all of the partners of the partnership.

(4) The partners, acting together only, may execute any "conveyance" as defined in Section 15010.5(2) of the California Corporations Code, to title to real property held in the name of the partnership name by a conveyance executed in the partnership name.

IN WITNESS WHEREOF, the undersigned have executed this Amended Statement of Partnership this 27ᵗʰ day of April, 1989.

HOUSER COMPANY
A General Partnership

By: _Clifford C. Houser_
  CLIFFORD C. HOUSER

By: _Vernon F. Houser_
  VERNON F. HOUSER, Trustor of
  the Vernon F. Houser Trust
  Dated April 27, 1989

By: _Robert A. Houser_
  ROBERT A. HOUSER, Trustee of
  the Vernon F. Houser Trust
  Dated April 27, 1989

By: _Geraldine Amelia McCullah_
  GERALDINE AMELIA MCCULLAH

By: _____
  CRAIG E. HOUSER, Trustee of
  the Vernon F. Houser Trust
  Dated April 27, 1989

2

89-232116

## Verification

CLIFFORD C. HOUSER, being duly sworn, deposes and says:

He is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _Apr 23_, 1989 at _Santa Ana_, California.

_Clifford C. Houser_
CLIFFORD C. HOUSER

STATE OF CALIFORNIA    )
                       )   ss.
COUNTY OF ORANGE     )

On _Apr 23_, 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared CLIFFORD C. HOUSER, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same.

Witness my hand and official seal.



_Pamela D. Contreras_
Notary Public in and for said
County and State

OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

## Verification

GERALDINE AMELIA MCCULLAH, being duly sworn, deposes and says:

She is a partner in the partnership named in the foregoing Amended Statement of Partnership.

She has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of her own knowledge.

3

89-232116

Executed on _April 28_ , 1989 at _Santa Ana_ ,
California.

_Geraldine Amelia McCullah_
GERALDINE AMELIA MCCULLAH

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF ORANGE    )

On _April 28_ , 1989, before me, the undersigned, a Notary
Public in and for said State, personally appeared GERALDINE
AMELIA MCCULLAH, personally known to me or proved to me on the
basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged that she
executed the same.

Witness my hand and official seal.



_Pamela D. Contreras_
Notary Public in and for said
County and State


OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

## Verification

VERNON F. HOUSER, being duly sworn, deposes and says:

He is the Trustor of the Vernon F. Houser Trust Dated April
27, 1989 who is a partner in the partnership named in the
foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership,
knows the contents thereof, and certifies under penalty of
perjury that the same is true and correct of his own knowledge.

Executed on _April 27_ , 1989 at _Costa Mesa_ ,
California.

OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

_Vernon F. Houser_
VERNON F. HOUSER

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF ORANGE    )

On April 27, 1989, before me, the undersigned, a Notary
Public in and for said State, personally appeared VERNON F.

4

89-232116

HOUSER, Trustor of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustor of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

Witness my hand and official seal.



_____
Notary Public in and for said
County and State

### Verification

CRAIG E. HOUSER, being duly sworn, deposes and says:

He is a Co-Trustee of the Vernon F. Houser Trust Dated April 27, 1989 who is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _____, 1989 at _____, California.

_____
CRAIG E. HOUSER

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF ORANGE       )

On April 27, 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared CRAIG E. HOUSER, Trustee of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustee of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

_____
Notary Public in and for said
County and State



5

89-232116

## Verification

ROBERT A. HOUSER, being duly sworn, deposes and says:

He is a Co-Trustee of the Vernon F. Houser Trust Dated April 27, 1989 who is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _APRIL 27_____, 1989 at _COSTA MESA_____, California.

_____
ROBERT A. HOUSER

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF ORANGE )

On April 27, 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT A. HOUSER, Trustee of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustee of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

Witness my hand and official seal.

_____
Notary Public in and for said
County and State

OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

6

## STATE OF CALIFORNIA
### CERTIFICATE OF LIMITED PARTNERSHIP—FORM LP-1
**IMPORTANT—Read instructions on back before completing this form**

This Certificate is presented for filing pursuant to Chapter 3, Article 2, Section 15621, California Corporations Code.

**1. NAME OF LIMITED PARTNERSHIP**
Houser Bros. Co.

| **2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE** | **3. CITY AND STATE** | **4. ZIP CODE** |
|---|---|---|
| 17610 Beach Boulevard, Suite 32 | Huntington Beach, CA | 92647 |

| **5. STREET ADDRESS OF CALIFORNIA OFFICE IF EXECUTIVE OFFICE IN ANOTHER STATE** | **6. CITY** | **7. ZIP CODE** |
|---|---|---|
| | CALIF. | |

**8. COMPLETE IF LIMITED PARTNERSHIP WAS FORMED PRIOR TO JULY 1, 1984 AND IS IN EXISTENCE ON DATE THIS CERTIFICATE IS EXECUTED.**

THE ORIGINAL LIMITED PARTNERSHIP CERTIFICATE WAS RECORDED ON ___July 31___ 19 _72_ WITH THE

RECORDER OF _Orange_ COUNTY. FILE OR RECORDATION NUMBER _29961, BK 10250_, PG 992

**9. NAMES AND ADDRESSES OF ALL GENERAL PARTNERS:** (CONTINUE ON SECOND PAGE, IF NECESSARY)
NAME: Clifford C. Houser
ADDRESS: 9301 Central Avenue
CITY: Garden Grove     STATE: CA     ZIP CODE: 92644

**9A.**
NAME: Vernon F. Houser
ADDRESS: 2005 Lemnos Drive
CITY: Costa Mesa     STATE: CA     ZIP CODE: 92626

**9B.**
NAME:
ADDRESS:
CITY:     STATE:     ZIP CODE:

**10. NAME AND ADDRESS OF AGENT FOR SERVICE OF PROCESS**
NAME: Clifford C. Houser
ADDRESS: 17610 Beach Boulevard, Suite 32
CITY: Huntington Beach,     STATE: CA     ZIP CODE: 92647

**11. TERM FOR WHICH THIS PARTNERSHIP IS TO EXIST**
Indefinitely until general partners elect to terminate.

**12. FOR THE PURPOSE OF FILING AMENDMENTS, DISSOLUTION AND CANCELLATION CERTIFICATES PERTAINING TO THIS CERTIFICATE. THE**
ACKNOWLEDGMENT OF [ 1 ] GENERAL PARTNERS IS REQUIRED.

**13. ANY OTHER MATTERS THE GENERAL PARTNERS DESIRE TO INCLUDE IN THIS CERTIFICATE MAY BE NOTED ON SEPARATE PAGES AND BY**
REFERENCE HEREIN IS A PART OF THIS CERTIFICATE. NUMBER OF PAGES ATTACHED [   ]

**14. IT IS HEREBY DECLARED THAT I AM (WE ARE) THE PERSON(S) WHO EXECUTED THIS CERTIFICATE OF LIMITED PARTNERSHIP, WHICH EX-**
ECUTION IS MY (OUR) ACT AND DEED (SEE INSTRUCTIONS)

X _Clifford C. Houser_ Dec-5-84   SIGNATURE OF GENERAL PARTNER     DATE
SIGNATURE OF GENERAL PARTNER   DATE

X _Vernon F. Houser_ 3-5-84   SIGNATURE OF GENERAL PARTNER     DATE
SIGNATURE OF GENERAL PARTNER   DATE

SIGNATURE OF OTHER THAN GENERAL PARTNER     TITLE OR DESIGNATION     DATE

**15. THIS SPACE FOR FILING OFFICER**
USE (FILE NUMBER, DATE OF FILING)

8415300148

**FILED**
In the office of the Secretary of State
of the State of California

JUL - 1 1984

_March Fong Eu_
MARCH FONG EU, Secretary of State

**16. RETURN ACKNOWLEDGMENT TO:**
NAME
ADDRESS
CITY AND
STATE
ZIP CODE
┌
Houser Bros. Co.
17610 Beach Boulevard, Suite 32
Huntington Beach, CA  92647
┐
└                                    ┘

T3326

FORM LP-1—FILING FEE $70
Approved by the Secretary of State

N/c



# State of California
## Secretary of State

# AMENDMENT TO CERTIFICATE OF LIMITED PARTNERSHIP
**IMPORTANT -- Read instructions on back before completing this form**

FORM LP-2

This Certificate is presented for filing pursuant to Section 15622, California Corporations Code.

| 1. SECRETARY OF STATE FILE NO. (ORIGINAL CERTIFICATE-FORM LP-1) | 2. NAME OF LIMITED PARTNERSHIP |
|---|---|
| 8415300148 | HOUSER BROS. CO. |

3. THE CERTIFICATE OF LIMITED PARTNERSHIP IS AMENDED A FOLLOWS: COMPLETE APPROPRIATE SUB-SECTION(S) CONTINUE ON SECOND PAGE, IF NECESSARY).

A. THE LIMITED PARTNERSHIP NAME IS CHANGED TO:

| B. PRINCIPAL EXECUTIVE OFFICE ADDRESS CHANGE: | E. GENERAL PARTNER NAME CHANGE: |
|---|---|
| ADDRESS: | OLD NAME: |
| CITY:          STATE:          ZIP CODE: | NEW NAME: |
| C. CALIFORNIA OFFICE ADDRESS CHANGE: | F. GENERAL PARTNER(S) WITHDRAWN: |
| ADDRESS: | NAME:  VERNON F. HOUSER   (deceased) |
| CITY:          STATE: CA          ZIP CODE: | NAME: |
| D. GENERAL PARTNER ADDRESS CHANGE: | G. GENERAL PARTNER ADDED: |
| NAME: | NAME: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:          ZIP CODE: | CITY:          STATE:          ZIP CODE: |
| H. PERSON(S) WINDING UP AFFAIRS OF LIMITED PARTNERSHIP | I. INFORMATION CONCERNING THE AGENT FOR SERVICE OF PROCESS HAS BEEN CHANGED TO: |
| NAME: | NAME: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:          ZIP CODE: | CITY:          STATE:  CA          ZIP CODE: |
| J. THE NUMBER OF GENERAL PARTNERS REQUIRED TO ACKNOWLEDGE AND FILE CERTIFICATES OF AMENDMENT RESTATEMENT, DISSOLUTION, CONTINUATION, CANCELLATION AND MERGER IS CHANGED TO: | K. OTHER MATTERS TO BE INCLUDED IN THE CERTIFICATE OF LIMITED PARTNERSHIP ARE AMENDED AS INDICATED ON THE ATTACHED PAGE(S): |
| (PLEASE INDICATE NUMBER ONLY) | NUMBER OF PAGES ATTACHED: |

4. IT IS HEREBY DECLARED THAT I AM (WE ARE) THE PERSON(S) WHO EXECUTED THIS AMENDMENT TO THE IDENTIFIED CERTIFICATE OF LIMITED PARTNERSHIP, WHICH EXECUTION IS MY (OUR) ACT AND DEED. (SEE INSTRUCTIONS).

SIGNATURE  Clifford C. Houser          SIGNATURE

General Partner
POSITION OR TITLE          DATE  July 23-997          POSITION OR TITLE          DATE

SIGNATURE          SIGNATURE

POSITION OR TITLE          DATE          POSITION OR TITLE          DATE

THIS SPACE FOR FILING OFFICER USE

84  153 00 148

**FILED**
In the office of the Secretary of State
of the State of California

AUG 1 3 1997

*Bill Jones*
BILL JONES, Secretary of State

| 10. RETURN ACKNOWLEDGEMENT TO: |
|---|
| NAME:          Linda L. Dalton |
| ADDRESS:      Rutan & Tucker LLP |
| CITY:          611 Anton Blvd., Ste 1400 |
| STATE          Costa Mesa, CA  92626 |
| ZIP CODE: |

SEC/STATE REV. 1/93

FORM LP-2 – FILING FEE: $15.00
Approved by Secretary of State

84
46



# State of California
## Kevin Shelley
### Secretary of State

# FILED
In the office of the Secretary of State
of the State of California

AG

MAR – 4 2005

## AMENDMENT TO CERTIFICATE OF LIMITED PARTNERSHIP

**A $30.00 filing fee must accompany this form.**

IMPORTANT – Read instructions before completing this form

This Space For Filing Use Only

| 1. SECRETARY OF STATE FILE NUMBER<br>198415300148 | 2. NAME OF LIMITED PARTNERSHIP<br>HOUSER BROS. CO. |
| --- | --- |

3. COMPLETE ONLY THE BOXES WHERE INFORMATION IS BEING CHANGED. ADDITIONAL PAGES MAY BE ATTACHED, IF NECESSARY:

A. LIMITED PARTNERSHIP NAME (END THE NAME WITH THE WORDS "LIMITED PARTNERSHIP" OR THE ABBREVIATION "L.P.")

| B. THE STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | | ZIP CODE |
| --- | --- | --- | --- |

| C. THE STREET ADDRESS IN CALIFORNIA WHERE RECORDS ARE KEPT | CITY | STATE<br>CA | ZIP CODE |
| --- | --- | --- | --- |

D. THE ADDRESS OF THE GENERAL PARTNER(S)

| NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |

E. NAME CHANGE OF GENERAL PARTNER(S)

FROM:                                      TO:

F. GENERAL PARTNER(S) CESSATION

Clifford C. Houser

| G. NAME OF GENERAL PARTNER(S) ADDED | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |
| Craig Houser | 17610 Beach Boulevard, Ste. 32 | Huntington Beach, CA | 92847 |

H. THE PERSON(S) AUTHORIZED TO WIND UP THE AFFAIRS OF THE LIMITED PARTNERSHIP

| NAME | ADDRESS | CITY AND STATE | ZIP CODE |
| --- | --- | --- | --- |

I. THE NAME OF THE AGENT FOR SERVICE OF PROCESS

| J. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE<br>CA | ZIP CODE |
| --- | --- | --- | --- |

K. NUMBER OF GENERAL PARTNERS' SIGNATURES REQUIRED FOR FILING CERTIFICATES OF AMENDMENT, RESTATEMENT, MERGER, DISSOLUTION, CONTINUATION AND CANCELLATION:

L. OTHER MATTERS (ATTACH ADDITIONAL PAGES, IF NECESSARY):

4. I DECLARE THAT I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

| | General Partner |
| --- | --- |
| SIGNATURE OF AUTHORIZED PERSON | POSITION OR TITLE OF AUTHORIZED PERSON |
| Craig Houser | March 3, 2005 |
| TYPE OR PRINT NAME OF AUTHORIZED PERSON | DATE |
| | |
| SIGNATURE OF AUTHORIZED PERSON | POSITION OR TITLE OF AUTHORIZED PERSON |
| | |
| TYPE OR PRINT NAME OF AUTHORIZED PERSON | DATE |

LP-2 (REV 12/2003)                                      APPROVED BY SECRETARY OF STATE

| LP-2 | **Amendment to Certificate of Limited Partnership (LP)** | | **FILED** DAT |
|---|---|---|---|

To change information of record for your LP, fill out this form, and submit for filing along with:

– A $30 filing fee.

– A separate, non-refundable $15 service fee also must be included, if you drop off the completed form.

Items 3–7: **Only** fill out the information that is changing. Attach extra pages if you need more space or need to include any other matters.

**Secretary of State
State of California**

**MAY 0 8 2018** SMM

ICC

This Space For Office Use Only

For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.htm

① LP's File No. (Issued by CA Secretary of State)

**198415300148**

② LP's Exact Name (on file with CA Secretary of State)

HOUSER BROS. CO.

**New LP Name**

③ _____

Proposed New LP Name              The new LP name: must end with: "Limited Partnership," "LP," or "L.P.," and may not contain "bank," "insurance," "trust," "trustee," "incorporated," "inc.," "corporation," or "corp."

**New LP Addresses**

④ a. _____

Street Address of Designated Office in CA        City (no abbreviations)    CA    State    Zip

b. _____

Mailing Address of LP, if different from 4a        City (no abbreviations)    State    Zip

**New Agent/Address for Service of Process** (The agent must be a CA resident or qualified 1505 corporation in CA.)

⑤ a. **Craig Houser**

Agent's Name

b. **16222 Monterey Lane**              **Huntington Beach**    **CA    92649**

Agent's Street Address (if agent is not a corporation)        City (no abbreviations)    State    Zip

**General Partner Changes**

⑥ a. New general partner: **See Exhibit A**

Name              Address        City (no abbreviations)    State    Zip

b. Address change: _____

Name              New Address        City (no abbreviations)    State    Zip

c. Name change: Old name: _____    New name: _____

d. Name of dissociated general partner: _____

**Dissolved LP** (Either check box a or check box b and complete the information. Note: To terminate the LP, also file a Certificate of Cancellation (Form LP-4/7), available at www.sos.ca.gov/business/be/forms.htm.)

⑦ a. ☐ The LP is dissolved and wrapping up its affairs.

b. ☐ The LP is dissolved and has no general partners. The following person has been appointed to wrap up the affairs of the LP: _____

Name              Address        City (no abbreviations)    State    Zip

**Read and sign below:** This form must be signed by (1) at least one general partner; (2) by each person listed in item 6a; and (3) by each person listed in item 6d if that person has not filed a Certificate of Dissociation (Form LP-101). If item 7b is checked, the person listed must sign. If a trust, association, attorney-in-fact, or any other person not listed above is signing, go to www.sos.ca.gov/business/be/filing-tips.htm for more information. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are part of this amendment. Signing this document affirms under penalty of perjury that the stated facts are true.

▶ **See Exhibit B** _____    **See Exhibit B**

Sign here              Print your name here    Date

▶ _____    _____    _____

Sign here              Print your name here    Date

| Make check/money order payable to: Secretary of State | By Mail | Drop-Off |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State Business Entities, P.O. Box 944225 Sacramento, CA 94244-2250 | Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |

Corporations Code § 15902.02
LP-2 (REV 01/2013)

2013 California Secretary of State
www.sos.ca.gov/business/be

**EXHIBIT A**
**TO LP-2 OF**
**HOUSER BROS. CO.**

Item 6a.

New General Partners:

Kathryn Curtiss, 16222 Monterey Lane, Huntington Beach, CA 92649

Chris Houser, 16222 Monterey Lane, Huntington Beach, CA 92649

2088/003708-0001
12309622.1 a05/01/18

1984 15300148

EXHIBIT B
TO LP-2 OF
HOUSER BROS. CO.

Signing this document affirms under penalty of perjury that the stated facts are true.

Craig Houser, General Partner                    5/2/18
                                                 Date

Kathryn Curtiss, General Partner                 5/2/18
                                                 Date

Chris Houser, General Partner                    5/2/18
                                                 Date

19841530 0148

| LP-2 | **Amendment to Certificate of Limited Partnership (LP)** |
|---|---|

## FILE

**Secretary of State**
**State of  alifornia**

04/29/2021

Filing  ate

This Space For Office Use Only

To change information of record for your LP, fill out this form, and submit for filing along with:

– A **$30** filing fee.

– A separate, non-refundable **$15** service fee also must be included, if you drop off the completed form.

Items 3–7: **Only** fill out the information that is changing. Attach extra pages if you need more space or need to include any other matters.

For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.

① **LP's Entity No.** (issued by CA Secretary of State)
198415300148

② **LP's Exact Name** (on file with CA Secretary of State)
Houser Bros. Co.

**New LP Name**
③
*Proposed New LP Name*   The new LP name: **must** end with: "Limited Partnership," "LP," or "L.P.," and **may not** contain "bank," "insurance," "trust," "trustee," incorporated," "inc.," "corporation," or "corp." The name cannot be likely to mislead the public and must be distinguishable in the records from other LPs of record or reserved with the California Secretary of State.

**New LP Addresses**
④   a. _____   **CA**
*Street Address of Designated Office in CA*   *City (no abbreviations)*   *State*   *Zip*
b. _____
*Mailing Address of LP, if different from 4a*   *City (no abbreviations)*   *State*   *Zip*

**New Agent/Address for Service of Process** (The agent must be a CA resident or qualified 1505 corporation in CA.)
⑤   a. _____
*Agent's Name*
b. _____   **CA**
*Agent's Street Address (if agent is not a corporation)*   *City (no abbreviations)*   *State*   *Zip*

**General Partner Changes**
⑥   a. New general partner: _____
*Name*   *Address*   *City (no abbreviations)*   *State*   *Zip*
b. Address change: _____
*Name*   *New Address*   *City (no abbreviations)*   *State*   *Zip*
c. Name change: Old name: _____   New name: _____
d. Name of dissociated general partner: Chris Houser & Kathryn Curtiss

**Dissolved LP** (Either check box a **or** check box b and complete the information. Note: To terminate the LP, also file a Certificate of Cancellation (Form LP-4/7), available at www.sos.ca.gov/business/be/forms.)
⑦   a. ☐ The LP is dissolved and wrapping up its affairs.
b. ☐ The LP is dissolved and has no general partners. The following person has been appointed to wrap up the affairs of the LP: _____
*Name*   *Address*   *City (no abbreviations)*   *State*   *Zip*

**Read and sign below:** This form must be signed by **(1)** at least one general partner; **(2)** by each person listed in item 6a; **and (3)** by each person listed in item 6d if that person has not filed a Certificate of Dissociation (Form LP-101). If item 7b is checked, the person listed must sign. If a trust, association, attorney-in-fact, or any other person not listed above is signing, go to www.sos.ca.gov/business/be/filing-tips for more information. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are part of this amendment. Signing this document affirms under penalty of perjury that the stated facts are true.

| SEE EXIBIT A | SEE EXIBIT A | SEE EXIBIT A |
|---|---|---|
| Sign here | Print your name here | Date |
| Sign here | Print your name here | Date |

Make check/money order payable to: **Secretary of State**
Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee.

**EXHIBIT A**
**TO LP-2 OF**
**HOUSER BROS. CO.**

Signing this document affirms under penalty of perjury that the stated facts are true.

_____

Craig Houser, General Partner

4/28/2021

Date

**Dissociated General Partners**

_____

Chris Houser, Limited Partner

4/28/2021

Date

_____

Kathryn Curtiss, Limited Partner

4/28/2021

Date

198415300148

# EXHIBIT 1

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | LAILA MASUD, #311731
lmasud@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, CA 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
7 | MOBILE HOME ESTATES

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 |

11 | In re

12 | JAMIE LYNN GALLIAN,

13 | Debtor.

14 |

15 | HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES,

16 | Plaintiff,

17 | v.

18 | JAMIE LYNN GALLIAN,

19 | Defendant.

20 |

Case No. 8:21-bk-11710-ES

Chapter 7

Adv. No.

COMPLAINT TO
(1) DETERMINE
DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §§ 523
(a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT
TO 11 U.S.C. §§ 727(a)(2)(A),
(a)(4), and (a)(5)

Status Conference
[TO BE SET BY COURT]

21 | TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

22 | DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

23 | Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

24 | MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

25 | Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

26 | **Statement of Jurisdiction and Venue**

27 | 1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

28 | §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

1

COMPLAINT

54

States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California general partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1] The Park is operated by Plaintiff and the condominium community leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

2

COMPLAINT

1  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

2  unfettered access to both communities.

3      7.    In February 2018, Defendant came to The Park's leasing office to inquire whether

4  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

5  packet nor any information as to The Park's requirements for tenancy and its application

6  procedures.

7      8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

8  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

9  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

10  Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

11  entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

12  providing for turnover of Space 376. Specifically:

13      (a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

14      (b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior

15          to November 4, 2018;

16      (c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

17          the mobilehome would be subject to a warehouse lien auction;

18      (d)    The Park was to review any prospective buyers in accordance with Mobilehome

19          Residency Law ("MRL");

20      (e)    The sale of the mobilehome was to proceed via escrow; and

21      (f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

22          interest.

23      9.    On November 19, 2018, Defendant emailed an outdated application ("Application")

24  to the management office for The Park. At this time, the minimum requirements for tenancy at The

25  Park were as follows:

26

27  _____

28  [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

1      (a)     At least 55 years of age;

2      (b)     Credit worthiness including a credit score of not less than 650;

3      (c)     Three times the subject rent in monthly income; and

4      (d)     Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

5      10.     The Park reviewed the Application and found Defendant (a) did not meet the

6 minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous

7 collections and charge offs as bad debts.

8      11.     Accordingly, on November 20, 2018, the Park (a) mailed a letter informing

9 Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's

10 real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to

11 discuss the Denial Letter.

12      12.     On November 21, 2018, Defendant physically came to The Park office and tendered

13 a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in

14 the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained

15 no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's

16 Check occurred between The Park and Defendant, where The Park finally returned to Defendant the

17 Cashier's Check by certified mail.

18      13.     In December 2018, The Park found a second cashier's check from Defendant ("2nd

19 Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by

20 certified mail.

21      14.     Subsequently, The Park learned Defendant lied on the Application. Specifically,

22 when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have

23 you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

24 *turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

25      15.     From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

26 allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

27

28
_____

[3] *See*, Case No. 30-2018-01024401.

4842-2871-2959,v.1

1  Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

2  written purchase agreement.

3       16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

4  Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

5  Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

6  dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

7  some vague ownership interest in.

8       17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

9  376.[5]

10       18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

11  Quit Premises.

12       19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

13  forcible entry/detainer (mobilehome park).[6]

14       20.    On February 22, 2019, Defendant filed her answer-to the Complaint.

15       21.    In August 2020, title to the mobilehome located on the Premises was transferred to

16  Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

17       22.    Subsequently, the title certificate for the mobilehome on the Premises was further

18  changed to show Defendant as the registered owner.

19                                 **The Bankruptcy Filing**

20       23.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

21  Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

22  11710-ES.

23

24  _____

25  [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.

26  In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the Note.

27  [5] Reasonable daily rental value of the Premises is at least $36.20.

28  [6] *See,* Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in the State Court Action into this Complaint.

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

30.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning o14 Civil Code §798.75.

31.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

32.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

33.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

34.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

35.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

36.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

37.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

38.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

39.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

40.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

---

7

COMPLAINT

41.    Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.    Defendant's actions were malicious.

43.    Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.    Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.    As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

47.    Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.    Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.    Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.    When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

4842-2871-2959,v.1

51.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

56.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

4842-2871-2959,v.1

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

10

COMPLAINT

63

4842-2871-2959,v.1

herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

65.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

66.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

## Fifth Claim for Relief

## Objection to Debtor's Discharge

## [11 U.S.C. § 727(a)(5)]

67.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

68.     Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

69.     Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

70.     Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

71.     As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

---

[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

4842-2871-2959,v.1

**ON THE FIRST CLAIM FOR RELIEF**

1.       For a determination that all amounts owed to Plaintiff under the Judgment be

excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.       For a determination that all amounts owed to Plaintiff under the Judgment be

excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.       For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

§ 727(a)(2);

**ON THE FOURTH CLAIM FOR RELIEF**

4.       For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

§ 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.       For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

§ 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.       For costs of suit incurred, including attorneys' fees as provided by applicable case

law, statute, and/or agreement of the parties; and

7.       For such other relief as the Court deems just and proper.


DATED: October 18, 2021                    MARSHACK HAYS LLP



                                           By: */s/ Laila Masud*_____
                                           D. EDWARD HAYS
                                           LAILA MASUD
                                           Attorneys for Plaintiff,
                                           HOUSER BROS. CO. dba RANCHO DEL REY
                                           MOBILE HOME ESTATES

**EXHIBIT 1**

1    ELAINE B. ALSTON, Bar No. 134139,
VIVIENNE J. ALSTON, Bar No. 170746
2    Members of
**ALSTON, ALSTON & DIEBOLD**
3     Attorneys at Law
27201 Puerta Real, Suite 300
4    Mission Viejo, California 92691
(714) 556-9400 – FAX (714) 556-9500
5

Attorney for Plaintiff
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7

SUPERIOR COURT, STATE OF CALIFORNIA
8

COUNTY OF ORANGE,
9

10

11    HOUSER BROS. CO., a California limited
partnership dba RANCHO DEL REY MOBILE
HOME ESTATES
12

13          Plaintiff,

14      vs.

15    JAMIE GALLIAN AND ALL OTHER
OCCUPANTS AND PERSONS IN POSSESSION
16    WITHOUT A SIGNED LEASE AGREEMENT,
and DOES 1 to 10, inclusive,

17          Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

18

19    COMES NOW, the Plaintiff herein, and alleges as follows:

20       1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21 County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22 HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23 seq., of the Business and Professions Code.

24       2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25 IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26 of Huntington Beach, County of Orange State of California

27       3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3       4.    The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6       5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7       6.    Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12       7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15       8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18       9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20       10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22       11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25       12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California <u>Civil Code</u> §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing
> party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018        By: _____

5                                         Vivienne J. Alston
                                          Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

### ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

**To:**    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 18

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75.  SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                 By: _____
                                          VIVIENNE J. ALSTON
                                          Authorized Agent for Owner


cc:    Client
       Park Manager

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:        TIME:        DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



              **Cesar Gonzalez**        Date: **12/12/2018**

| Declaration of Service of Notice to Tenant | Invoice #: 2305520-01 |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

Case 8:21-ap-01087-SC Doc 79 Filed 05/17/23 Entered 05/18/23 08:32:23 Desc
76    Case 8:21-ap-01097-SC Doc 1 Filed 10/18/21 Entered 10/18/21 20:49:04 Desc
Main Document Page 23 of 23

Main Document    Page 23 of 23

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing <u>COMPLAINT</u>
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ ☐ a _____ of <u>HOUSER BROS CO.</u>

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on <u>December 19, 2018</u>, at <u>HUNTINGTON BEACH</u>, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name                                    Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served. service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus          Rev. 7/99

# EXHIBIT 2

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-ES |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | FIRST AMENDED COMPLAINT TO<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br>Status Conference<br>Hearing: January 6, 2022<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

1

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

2

FIRST AMENDED COMPLAINT

1  The Park is operated by Plaintiff and the condominium community sub-leases the real property and

2  is operated by an independent Homeowners Association ("Association"). Both The Park and the

3  Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

4  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

5  unfettered access to both communities.

6       7.    In February 2018, Defendant came to The Park's leasing office to inquire whether

7  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

8  packet nor any information as to The Park's requirements for tenancy and its application

9  procedures.

10       8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

11  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

12  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

13  Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

14  entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

15  providing for turnover of Space 376. Specifically:

16      (a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

17      (b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior

18          to November 4, 2018;

19      (c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

20          the mobilehome would be subject to a warehouse lien auction;

21      (d)    The Park was to review any prospective buyers in accordance with Mobilehome

22          Residency Law ("MRL");

23      (e)    The sale of the mobilehome was to proceed via escrow; and

24      (f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

25          interest.

26

27

28  [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

4842-2871-2959,v.1

EXHIBIT 2, PAGE
80

9.      On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

(a)    At least 55 years of age;

(b)    Credit worthiness including a credit score of not less than 650;

(c)    Three times the subject rent in monthly income; and

(d)    Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.     The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.     Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.     On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.     In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.     Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

---

4

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

1 | *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2 |     15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3 | allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4 | Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5 | written purchase agreement.

6 |     16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

7 | Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8 | Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9 | dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10 | some vague ownership interest in.

11 |     17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

12 | 376.[5]

13 |     18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14 | Quit Premises.

15 |     19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16 | forcible entry/detainer (mobilehome park).[6]

17 |     20.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18 | Sandcastle Co LLC, Document No. 76027030002.

19 |     21.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20 | Sandcastle Co LLC, Document No. 76027940002.

21 | */ / /*

22 |

23 |

24 | [3] *See*, Case No. 30-2018-01024401.
[4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in

25 | favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises. In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the Note.

26 | [55] Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the

27 | amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.

28 | [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in the State Court Action into this Complaint.

5

FIRST AMENDED COMPLAINT

22.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-Sandcastle Co LLC, Document No. 76027940003.

23.     On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

24.     On February 22, 2019, Defendant filed her answer to the Complaint.

25.     In August 2020, title to the mobilehome located on the Premises was transferred to Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

26.     Subsequently, the title certificate for the mobilehome on the Premises was further changed to show Defendant as the registered owner.

### The Bankruptcy Filing

27.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-11710-ES.

28.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

29.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

30.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

4842-2871-2959,v.1

EXHIBIT 2, PAGE
83

31.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

32.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

---

[7] *Supra*, Fn. 5

7

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

39.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.     Defendant's actions were malicious.

47.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

8

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

51.    Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.    Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.    Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.    When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.    Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.    Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.    Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

---

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

1    58.     Defendant's concealed interest in the Property continued into the one year period

2    prior to bankruptcy.

3    59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

4                              **Fourth Claim for Relief**

5                                **False Oaths**

6                            **[11 U.S.C. § 727(a)(4)]**

7    60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55,

8    inclusive, of this complaint as though fully set forth herein.

9    61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the

10   debtor knowingly and fraudulently, in or in connection with the case—made a false oath or

11   account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

12   62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial

13   Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the

14   information provided therein was true and correct, even though she knew some of the information

15   provided was not true or correct.

16   63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered

17   in the affirmative that she signed, read and was personally familiar with the petition, schedules,

18   statement of financial affairs and related documents, and that there were no errors or omissions.

19   Debtor nevertheless made several material omissions and false oaths.

20   64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest

21   in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70%

22   ownership interest without accounting for the change in interest/value.

23   65.     Second, Debtor transferred title to the Premises in and out of her name including

24   transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse

25   judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to

26   Debtor's financial affairs and business dealings, which Trustee must assess in order to properly

27   administer the estate.

28

---

10

**FIRST AMENDED COMPLAINT**

4842-2871-2959,v.1

66.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

11

FIRST AMENDED COMPLAINT

**Fifth Claim for Relief**

**Objection to Debtor's Discharge**

**[11 U.S.C. § 727(a)(5)]**

71.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.    Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.    Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.    Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.    As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.      For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.      For such other relief as the Court deems just and proper.

DATED: October 22, 2021              MARSHACK HAYS LLP


                                     By: */s/ Laila Masud*_____
                                     D. EDWARD HAYS
                                     LAILA MASUD
                                     Attorneys for Plaintiff,
                                     HOUSER BROS. CO. dba RANCHO DEL REY
                                     MOBILE HOME ESTATES

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

# EXHIBIT 1

EXHIBIT 2, PAGE
91

1  ELAINE B. ALSTON, Bar No. 134139,
   VIVIENNE J. ALSTON, Bar No. 170746
2  Members of
   **ALSTON, ALSTON & DIEBOLD**
3    Attorneys at Law
   27201 Puerta Real, Suite 300
4  Mission Viejo, California 92691
   (714) 556-9400 – FAX (714) 556-9500
5
   Attorney for Plaintiff
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7
8                    SUPERIOR COURT, STATE OF CALIFORNIA

9                            COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited          Case No.: 30-2019-01041423-CL-UD-CJC
    partnership dba RANCHO DEL REY MOBILE
    HOME ESTATES
12                                                  COMPLAINT FOR FORCIBLE ENTRY/
             Plaintiff,                             DETAINER (MOBILEHOME PARK)
13
        vs.                                         [CIVIL CODE §798.75 AND CODE OF
14                                                  CIVIL PROCEDURE §§1159, et seq.]
    JAMIE GALLIAN AND ALL OTHER
15  OCCUPANTS AND PERSONS IN POSSESSION             **DOES NOT EXCEED $10,000.00**
    WITHOUT A SIGNED LEASE AGREEMENT,
16  and DOES 1 to 10, inclusive,

17           Defendant

18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20        1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24        2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27        3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2    said Defendants' true names and capacities when the same have been ascertained.

3        4.    The premises which are the subject of this action are located in the judicial district in

4    which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5    Huntington Beach, California 92647  (the "Premises").

6        5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.    Defendants entered into possession of the subject Premises without the consent of

8    Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9    application was denied due to her poor financial condition.  Defendant also made a material falsehood

10    on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11    governing the mobilehome park.

12        7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13    of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14    Civil Code §798.75.

15        8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16    Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17    herein by this reference.

18        9.    Defendants remain in possession of the subject Premises as of this date, and said

19    possession is without Plaintiff's consent.

20        10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21    Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22        11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23    Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24    long as Defendants' mobilehome remains in possession of said Premises.

25        12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26    installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27    rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1        13.     The reasonable value for trash removal and sewage charges are the amounts charged by

2    the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at

3    said rate so long as Defendants, or any of them, remain in possession of said premises.

4        14.     California Civil Code §798.85 states as follows:

5        "In any action arising out of the provisions of this chapter the prevailing
     party shall be entitled to reasonable attorneys' fees and costs."
6

7        15.     Plaintiff has been compelled to commence this action for recovery of possession of said

8    Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been

9    required to expend money for attorneys' fees.

10       16.     Plaintiff has been compelled to commence this action for recovery of possession of said

11   Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce

12   Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend

13   money for attorneys' fees.

14

15       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

16   (1)    For restitution of said Premises;

17   (2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a

18   reasonable rental value of the Premises from and after the date Defendants went into

19   possession according to proof, and until judgment and for so long as Defendants, or any of

20   them, continue to occupy said Premises;

21   (3)    For actual consumption of utilities commencing from and after the date Defendants

22   went into possession according to proof, and until judgment and for so long as Defendants, or

23   any of them, continue in possession of said Premises;

24   (4)    For treble the amount above;

25   (5)    For attorneys' fees incurred herein;

26   (6)    For costs of suit incurred herein;

27   (7)    For interest at the legal rate on judgment; and

28

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

(8)    For such other and further relief as the Court may deem just and proper, except that Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December _18_, 2018        By: _____

Vivienne J. Alston
Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

EXHIBIT 1, PAGE 18
EXHIBIT 2, PAGE

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

**To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

**HEREBY DEMANDS** that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise.  Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 19
EXHIBIT 2, PAGE
97

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75.  SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                    By: _____
                                            VIVIENNE J. ALSTON
                                            Authorized Agent for Owner


cc:    Client
       Park Manager


EXHIBIT 1, PAGE 20
EXHIBIT 2, PAGE
98

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

SHORT TITLE OF CASE:
Rancho Del Rey v. Gallian, Jamie

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
|---|---|---|---|
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**        Date: **12/12/2018**

| Declaration of Service of Notice to Tenant | Invoice #: 2305520-01 |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>**Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:              TIME:              DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**      At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
    (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

_____
**Declaration of Service of Notice to Tenant**                    Invoice #: 2305520-02

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT

_____ and know its contents.

**CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on   December 19 , 2018   , at HUNTINGTON BEACH   , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name

_Signature_

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On. _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **\*\*(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name               Signature

\*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
\*\*(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus          Rev. 7/99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593                                    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____October 22, 2021___Layla Buchanan_____        _____/s/ Layla Buchanan_____
*Date      Printed Name*                                                          *Signature*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 3**

JAMIE LYNN GALLIAN

16222 MONTEREY LN. #376

HUNTINGTON BEACH, CA 92649

(714) 321-3449
jamiegallian@gmail.com

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA-
### SANTA ANA DIVISION

| | |
|---|---|
| In re    JAMIE LYNN GALLIAN | ) BK No. :    8:21-bk-11710-ES |
|         Debtor(s) | ) |
| | ) ADV. No.:    8:21-ap-01097-ES |
| | ) |
| | ) Chapter 7 |
| ================================= | ) ANSWER TO COMPLAINT/ DEFENDANT JAMIE |
| | ) LYNN GALLIAN,  AFFIRMATIVE DEFENSES TO |
| | ) COMPLAINT TO DETERMINE DISCHARGEABILITY |
| | ) OF DEBT; |
| HOUSER BROS CO, dba RANCHO DEL | ) |
| REY MOBILEHOME ESTATES | ) STATUS CONFERENCE: |
|         ,          Plaintiff(s), | ) |
| | ) DATE:    JANUARY 6, 2022 |
| v. | ) |
| | ) TIME:    9:30A.M. |
| JAMIE LYNN GALLIAN | ) |
| | ) PLACE:  United States Bankruptcy Court |
|         ,          Defendant(s). | ) |
| | )     411 W. Fourth St. Crtrm 5A, |
| | ) |
| | )     Santa Ana, CA 92701 |

COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer to the Complaint on

file herein, and by virtue of the provisions of section 431.30( d) of the California Code of Civil Procedure, this answering

Defendant denies both generally and specifically each, every and all of the allegations contained in said Complaint, and the

whole thereof, and further deny that Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums,

or at all. Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies that

Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering

Defendant, or any agents,servants or employees of this answering Defendant.

1

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 4 | X | | |
| Paragraph 5 | X | | |
| Paragraph 6 | | | X |
| Paragraph 7 | | X | |
| Paragraph 8 | | | X |
| Paragraph 9 | | | X |
| Paragraph 10 | | | X |
| Paragraph 11 | X | | |
| Paragraph 12 | | X | |
| Paragraph 13 | | | X |
| Paragraph 14 | | X | |
| Paragraph 15 | X | | |
| Paragraph 16 | X | | |
| Paragraph 17 | | X | |
| Paragraph 18 | X | | |
| Paragraph 19 | | | X |
| Paragraph 20 | | X | |
| Paragraph 21 | X | | |
| Paragraph 22 | X | | |
| Paragraph 23 | X | | |
| Paragraph 24 | X | | |
| Paragraph 25 | | | X |

2

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 26 | x | | |
| Paragraph 27 | x | | |
| Paragraph 28 | x | | |
| Paragraph 29 | x | | |
| Paragraph 30 | x | | |
| Paragraph 31 | x | | |
| Paragraph 32 | | | x |
| Paragraph 33 | | x | |
| Paragraph 34 | | x | |
| Paragraph 35 | | x | |
| Paragraph 36 | | x | |
| Paragraph 37 | | x | |
| Paragraph 38 | | x | |
| Paragraph 39 | | x | |
| Paragraph 40 | | x | |
| Paragraph 41 | | x | |
| Paragraph 42 | | x | |
| Paragraph 43 | | x | |
| Paragraph 44 | | | x |
| Paragraph 45 | | x | |
| Paragraph 46 | | x | |
| Paragraph 46 | | | |

3

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 47 | | X | |
| Paragraph 48 | | X | |
| Paragraph 49 | | X | |
| Paragraph 50 | | X | |
| Paragraph 51 | | | X |
| Paragraph 52 | | | X |
| Paragraph 53 | | X | |
| Paragraph 54 | | X | |
| Paragraph 55 | | X | |
| Paragraph 56 | | X | |
| Paragraph 57 | | X | |
| Paragraph 58 | | X | |
| Paragraph 59 | | X | |
| Paragraph 60 | | | X |
| Paragraph 61 | | | X |
| Paragraph 62 | | X | |
| Paragraph 63 | | X | |
| Paragraph 64 | X | | |
| Paragraph 65 | | X | |
| Paragraph 66 | | X | |
| Paragraph 67 | | X | |

4

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 68 | | x | |
| Paragraph 69 | | x | |
| Paragraph 70 | | x | |
| Paragraph 71 | | | x |
| ~~Paragraph 71~~ | | | |
| Paragraph 72 | | x | |
| Paragraph 73 | | x | |
| Paragraph 74 | | x | |
| Paragraph 75 | | x | |
| ~~Paragraph 76~~ | | | |
| ~~Paragraph 77~~ | | | |

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2.     That Defendant be awarded costs of suit, including attorneys' fees, incurred in the defense of this action pursuant to 11 U.S.C. § 523(d); and

3.     For such other and further relief as the court deems just and proper.

DATED:  10/28/2021

_____
Signature

5

108

JAMIE LYNN GALLIAN

16222 MONTEREY LN. #376

HUNTINGTON BEACH, CA 92649

(714) 321-3449
jamiegallian@gmail.com


# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA-
## SANTA ANA DIVISION

| | |
|---|---|
| In re    JAMIE LYNN GALLIAN | )   BK No. :    8:21-bk-11710-ES |
|      Debtor(s) | ) |
| | )   ADV. No.:    8:21-ap-01097- ES |
| | ) |
| | )   Chapter 7 |
| ============ | ) |
| | )   ANSWER; **DEFENDANT JAMIE LYNN GALLIAN,** |
| | )   **AFFIRMATIVE DEFENSES TO COMPLAINT TO** |
| HOUSER BROS CO DBA RANCHO | )   DETERMINE DISCHARGEABILITY. |
| DEL REY MOBILEHOME ESTATES | ) |
| | )   **STATUS CONFERENCE:** |
| | ) |
|      Plaintiff(s), | )   DATE:    JANUARY 6, 2022 |
| | ) |
| v. | )   TIME:    9 :30A.M. |
| | ) |
| JAMIE LYNN GALLIAN, an individual, | )   PLACE:   United States Bankruptcy Court |
| and DOES 1 through 100, inclusive | ) |
| | )      411 W. Fourth St. Crtrm 5A, |
|      Defendant(s). | ) |
| | )      Santa Ana, CA 92701 |
| | ) |

COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer
to the Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the California
Code of Civil Procedure, this answering Defendant denies both generally and specifically each, every and
all of the allegations contained in said Complaint, and the whole thereof, and further deny that
Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.
Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies
that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part
of this answering Defendant, or any agents,servants or employees of this answering Defendant.

1

### FIRST AFFIRMATIVE DEFENSE

#### [Action in Bad Faith]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant. Complainant should, therefore, be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in *California Code of Civil Procedure* section 1038.

### SECOND AFFIRMATIVE DEFENSE

#### [Active Negligence of Complainant]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's conduct, was such that all liability based thereon was active and primary in nature, to preclude any recovery sought in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

#### [Active Versus Passive Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the negligence of Complainant was active and primary and proximately caused any alleged damages or injuries alleged in the Complaint, whereas the conduct and participation, if any, of this answering Defendant, in the events alleged in Complainant's Complaint on file herein were passive, derivative and secondary in nature only.

### FOURTH AFFIRMATIVE DEFENSE

#### [Additional Defenses]

This answering Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. This answering Defendant reserves herein the right to assert

2

1  additional affirmative defenses in the event discovery indicates that additional affirmative

2  defenses are appropriate.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  **[Apportionment of Fault]**

5      This answering Defendant alleges that this answering Defendant is not legally

6  responsible in any fashion with respect to damages and injuries claimed by Complainant in their

7  Complaint.  However, if this answering Defendant is found to be legally responsible, then this

8  answering Defendant provisionally alleges that its legal responsibility is not the sole and

9  proximate cause of the injuries alleged by Complainant,

10  and that the damages awarded to Complainant, if any, are to be apportioned according to

11  the respective fault and legal responsibility of all parties, persons and entities or the agents,

12  servants and employees who contributed to and/or caused said injury, according to proof at trial.

13  **SIXTH AFFIRMATIVE DEFENSE**

14  **[Assumption of the Risk]**

15      This answering Defendant alleges that Complainant expressly, voluntarily, and

16  knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred

17  either totally or to the extent of said assumption fr    any damages.

18  **SEVENTH AFFIRMATIVE DEFENSE**

19  **[Attorney's Fees]**

20      This answering Defendant is informed and believes, and on such information and

21  belief alleges, that pursuant to the CC&R's, Davis-Sterling Act, and *Civil Code* sections 5650(b),

22      5740, 5650(a), 5705(a), 5715(a), 5720(a), 5685, 5658, and 5975, between Complainant

23  and this answering Defendant, an award of attorney's fees will be paid to the party justly

24  entitled to same in the event either party becomes involved in litigation arising out of said

25  CC&R's, Davis-Sterling Act, and *Civil Code* or the performance thereof (which provision is

26  reciprocal pursuant to the provisions of *California Civil Code* section 1717).  It has been

27  necessary for this answering Defendant to retain an attorney to defend the within action and to

28  otherwise protect his rights, and this answering Defendant demands her attorney's

3

1  fees both under the CC&R's, Davis-Sterling Act, and *Civil Code* and pursuant to the applicable

2  law of indemnification.

### EIGHTH AFFIRMATIVE DEFENSE

#### [Balancing of Conveniences]

5      This answering Defendant alleges that Complainant is not entitled to the

6  relief requested in the Complaint because such relief would work a substantial hardship on

7  the Defendant relative to the benefit Complainant would gain by such relief.

### NINTH AFFIRMATIVE DEFENSE

#### [Breach of Conditions Precedent]

0      This answering Defendant is informed and believes, and on such information and

11     belief alleges, that the improper conduct of Complainant constituted a breach of conditions

12  which are precedent to any right or theory of recovery against this answering

13  defendant. or complainant might otherwise be permitted to advance.

### TENTH AFFIRMATIVE DEFENSE

#### [Breach of Contract]

16     This answering Defendant is informed and believes and thereon alleges that

17  actions and omissions by Complainant constituted a breach of contract by

18  Complainant, and such breach excuses any non-performance by this answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

#### [Comparative Fault of Third Parties]

22     This answering Defendant is informed and believes and upon such information and

23  belief alleges that the accident and the injuries, if any, allegedly suffered by Complainant were

24  proximately caused and contributed to by the negligence of third parties with the Complainant

25  and not this answering Defendant) and that said third parties failed to exercise reasonable care at

26     and prior to the time of said damages, and by reason thereof any recovery by Complainant

27  against this answering Defendant must be reduced by an amount equal to the proportionate fault

28  of said third parties.

---

4

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

This answering Defendant is informed and believes, and on such information and belief alleges, that if it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Complainant, which supposition is not admitted but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Complainant in this action were proximately caused or contributed to by the other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against this answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Complainant but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE,

### [Comparative Negligence of Complainant]

Complainant, its agents, servants, employees, and independent contractors, acted negligently at the time and place alleged in the Complaint. These negligent acts were the legal cause of their injuries and damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Complete Performance]

This answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

/ /

/ / /

5

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Conduct of Defendant Not a Substantial Factor]

This answering Defendant is informed and believes, and on such information and belief alleges, that the tortuous misconduct alleged in the Complaint as against this Defendant, if any, was not a substantial factor in bringing about the alleged injuries to Complainant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortuous misconduct by one or more third parties, including that of Complainant; whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE,

### [Conduct was Justified]

The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing,        Complainant is barred from any recovery against Defendant herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Consent]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant had full knowledge at the time of events thereon alleged and with full knowledge, Complainant consented to said acts and voluntarily invited and assumed same. Complainant is therefore barred from any recovery thereon.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Contribution]

This answering Defendant alleges that the damages suffered by Complainant, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault attributable to this answering Defendant.

6

## NINETEENTH AFFIRMATIVE DEFENSE

### [Contributory Negligence]

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Complainant was negligent, careless, reckless, and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by Complainant.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Costs]

This answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against this answering Defendant. Complainant should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California *Code of Civil Procedure* section 1038.

## TWENTY-FIRST AFFIRMATIVE DEFENSE,

### [Equities Favor Defendant]

This answering Defendant is informed and believes, and on such information and belief alleges, that between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery based upon equitable indemnity as against this answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Estoppel]

This answering Defendant is informed and believes and thereon alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of this Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

7

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**[Failure to Perform]**

At all times mentioned herein, Complainant failed to perform all duties and obligations required on its part under the terms of the CC&R's agreement and such acts or omissions bars recovery by Complainant herein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**[Failure to Mitigate]**

Complainant, though under a duty to do so, has failed and neglected to mitigate its alleged damages, and, therefore, cannot recover against this answering Defendant, whether as alleged or otherwise.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**[Failure to State a Claim]**

The Complaint, and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**[Failure to State a Cause of Action]**

This answering Defeendant alleges that neither Complainant's Complaint, nor any cause of action asserted therein, state facts sufficient to constitute a cause of action against this answering Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**[Financial Abuse]**

This answering Defeendant is informed and believes and thereon alleges that Complainant, along with others, engaged in conduct constituting financial abuse against this answering Defendant. As such, Complainant's claims against this answering Defendant are violated. See, *Welf. & Inst. Code* §15657 et seq.

/ / /

/ / /

/ / /

8

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Frivolous Action]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law the filing of said Complaint against this answering Defendant. The Complainant is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant, as more particularly set forth in California *Code of Civil Procedure* section 128.5.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### [Intentional Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action alleged therein, is barred by Complainant's intentional conduct.

### THIRTIETH AFFIRMATIVE DEFENSE

#### [Inspection and Approval]

This answering Defendant is informed and believes, and on such information and belief alleges, that following the performance and services by Defendant, the Complainant and other parties, their agents or employees, inspected and approved the conditions of the subject property and work performed by this Defendant as satisfactory, thereby waiving any claim for damages, negligence, indemnity, breach of warranty and/or breach of contract as alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### [Intervening Superseding Causes]

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Complainant complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

9

Complainant complains, thus barring Complainant from any recovery against this answering Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### [Justification]

This answering Defendant alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, and by reason of the foregoing incidents, the conduct of this answering Defendant was justified, Complainant is barred from any recovery against this answering Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### [Laches]

Complainant waited an unreasonable period of time before asserting its claims, if any, against this answering Defendant, and is barred from asserting such claims under the doctrine of laches.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### [Lack of Equity]

As between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### [Limitation of Non-Economic Damages]

This answering Defendant is informed and believes, and on such information and belief alleges, that pursuant to *California Civil Code* section 1431.2, the right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering Defendant. Additionally, the liability of Defendant is several and not joint, with respect to non-economic damages, and each Defendant is liable only for the amount of non-economic damages, being defined as:

"subjective, non-monetary losses, including but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society, companionship and consortium, injury to reputation and humiliation."

10

118

Therefore, if liability is found as to this answering Defendant, neither Defendant nor Complainant are entitled to recover from this answering Defendant, any non-economic damages which are allocable to other responsible parties or non-parties, whether served or unserved.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### [Mediation]

This answering Defendant alleges that the CC&R's and Davis-Sterling Act allegedly entered into between Complainant          and this answering Defendant provides for mediation of any dispute arising from the transaction. Pursuant to the mediation clause, because          Complainant brought this action without first attempting to resolve this matter through mediation with proper notice, Complainant is not entitled to a recovery of attorney's fees, should they prevail in their action, as alleged in Complainant's Complaint. *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1100.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Misrepresentation of Property]

This answering Defendant is informed and believes, and on such information and belief alleges,          that none of the acts attributed to Defendant proximately caused the injuries and/or damages alleged in the Complaint in that any such causation was superseded by an intentional, criminal and fraudulent act of a third party, Complainant, in misrepresenting the condition of the property, thus barring or diminishing Complainant's recovery herein.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Negligence of Others]

This answering Defendant is informed and believes, and on such information and belief alleges, that the incident, injuries, and damages mentioned in the Complaint were proximately caused and/or contributed to by the negligence of the Complainant in that Complainant did not exercise ordinary care in its own behalf at the time and place alleged.

Therefore, said negligence bars recovery by Complainant or, in the alternative, it reduces

11

the right of recovery to Complainant by that amount which said negligence contributed to

incident as set forth under the doctrine of comparative negligence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### [No Reliance]

This answering Defendant is informed and believes, and on such information and belief

alleges, that this answering Defendant did not make any warranties or guarantees, expressed,

implied, or apparent, upon which Complainant may rely.

### FORTIETH AFFIRMATIVE DEFENSE

### [Offset/Credit]

Complainant has heretofore received compensation for the damages alleged in the

Complaint under circumstances entitling this answering Defendant to an offset and credit

against any judgment herein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### [Ratification]

This answering Defendant is informed and believes, and on such information and belief

alleges, that Complainant approved the acts and/or omissions, if any, of this answering

Defendant and ratified same; consequently, Complainant is barred from
recovery as against this answering Defendant.

### FORTY-SECOND AFFIRMATIVE DEFENSE,

### [Release]

This answering Defendant is informed and believes, and on such information and belief

alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by

and between Complainant and Defendant, whether known or unknown, arising out of or in

connection with the claims of injuries and/or damages alleged in the Complaint, were released

and extinguished as a result of a prior settlement for good and valuable consideration, thereby

barring enforcement of the existing obligations and/or claims pursuant to *California Code of*

*Civil Procedure* sections 1541 and 1542.

12

120

### FORTY-THIRD AFFIRMATIVE DEFENSE

**[Right of Third-Party Defendant]**

This answering Defendant asserts all defenses available against Complainant

pursuant to *California Code of Civil Procedure* section 428.70.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**[Several Liability]**

This answering Defendant is informed and believes and on that basis alleges that,

along with the Complainant, other third parties are responsible for Complainant's economic and

non-economic damages, if any, pursuant to *Civil Code* sections 1431, 1431.2, 1431.3, 1431.4 and

1431.5, in that Complainant's recovery against this answering Defendant for any non-economic

damages is barred except as to those non-economic damages specifically apportioned to this

answering Defendant.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

**[Several Liability for Non-Economic Damages]**

The right of Complainant to recovery herein, if any right exists, is reduced and limited to

the percentage of negligence attributable to this answering defendant pursuant to California

*Civil Code* section 1431.2.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

**[Standard of Care]**

This answering Defendant is informed and believes, and on that basis alleges, that this

answering Defendant alleges Complainant is barred and precluded from any recovery in this

action because this answering Defendant at all times complied with the applicable standard of

care required of a property purchaser of the type of this answering Defendant, at the time and

location where the subject property was purchased while Complainant failed to perfect its claim.

/ / /

/ / /

13

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

This answering Defendant alleges that the causes of action set forth in the Complaint are barred by the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(a), 338(b), 339(1), 340(1), 340(3), 343 and 359 of the *Code of Civil Procedure* of the State of California.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### [Subrogation]

This answering Defendant is informed and believes and thereon alleges that Complainant was reimbursed for a portion of the claimed damages by another third party, that Complainant has subrogated to that third party a portion of the damages claimed herein; and that by virtue of the subrogation, Complainant has failed to name indispensable parties, thus barring Complainant's recovery herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

Complainant is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## FIFTIETH AFFIRMATIVE DEFENSE

### [Unilateral Mistake of Fact]

The contract set forth in the Complaint is voidable and can be rescinded by this answering Defendant because a unilateral mistake of material fact existed. The mistake of fact was not caused by the neglect of a legal duty on the part of this Defendant and was either an unconscious or forgetfulness of a past or present fact material to the contract, or a belie in the present existence of such a thing, which has not existed and was, either due to the fault of other third parties or due to the other paries knowing or having reason to know that a mistake existed.

/ / /

14

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### [Unreasonable Delay]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant has unreasonably delayed in filing its Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in its defense of the action, thereby barring or diminishing Complainant's recovery herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### [Untimely Notice]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's action is barred by its failure to provide Defendant with written notice within a reasonable amount of time of the alleged outstanding amounts owed by Jamie Gallian.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### [Violation of Due Process]

Complainant waited an unreasonable period before asserting its claims, if any, against this answering Defendant, and thereby has violated this Defendant's right to due process as guaranteed by the California and United States Constitutions and has thereby irreparably prejudiced this Defendant's ability to adequately defend itself against Complainant's claims.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### [Waiver]

This answering Defendant is informed and believes and thereon alleges that Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. The performance, services, and supplying of materials of this answering Defendant, Complainant, and their agents, inspected and approved the condition of

15

1  the subject property, and work materials supplied by this answering Defendant, and agreed

2  and approved that the subject property, materials, products, and work was satisfactory, thereby

3  waiving any further claim for damages as alleged in the Cross-Complaint.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

**[Complainant Creditor Not Harmed By Alleged Voidable Transaction]**

6  This answering Defendant is informed and believes, and on that basis alleges, that:

7  1. Complainant was not harmed or injured in any manner by the allegedly voidable

8  transfer because this transfer did not put beyond the Complainant's reach any property that it

9  would have been able to obtain, subject to the payment of its alleged claim against Jamie Gallian.

10  2. The subject property transferred was in fact not available, or subject to the

11  Complainant's claim against Jamie Gallian the property conveyed was exempt from attachment

12  and execution under *Code of Civil Procedure* Sections 704.710–704.850 in that Jamie Gallian

13  actually resided in the dwelling on the subject property and same constituted her principal

14  residence and her equity in the property did not exceed the amount of the exemption to which

15  she was entitled pursuant to *Code of Civil Procedure* section 704.730(a).

16  3. The transfer is not voidable because this answering Defendant conveyed

17  unencumbered title to the subject property in good faith and for a reasonably equivalent value

18  given to Jamie Gallian, pursuant to *Civil Code* section 3439.08(a).

19

20  **WHEREFORE**, Defendant prays for judgment as follows:

21

22  1.    That this Court determines the rights, duties and obligations of the parties to this

23  action;

24  2.    That this answering Defendant be awarded cost of suit incurred herein;

25  3.    Reasonable attorney's fees pursuant to California *Code of Civil Procedure*

26  § 1021.1 and 1021.6;

27  4.    Reasonable attorney's fees pursuant to contract;

28

16

5.      Investigative costs;

6.      Full and complete indemnity;

7.      Equitable indemnity on a comparative fault basis;

8.      For such other and further relief as the Court deems just and proper; and

9.      Demand foor jury trial.

Dated:  October 28, 2021                    RESPECTFULLY SUBMITTED,

                                            JAMIE LYNN GALLIAN

17

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT; DEFENDANT JAMIE LYNN GALLIAN, <u>AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY</u>** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*)  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021**,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

|  | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 4**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>　　　　　Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>　　　　　Defendant. | JOINT PRETRIAL STIPULATION<br><br>Pretrial Conference<br>Date:　　September 27, 2022<br>Time:　　1:30 p.m.<br>Ctrm:　　5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

AND ALL INTERESTED PARTIES:

　　　Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

4886-1591-1427,v.1

EXHIBIT 4 PAGE
129

A.    <u>Undisputed Facts:</u>

The following facts are admitted and require no proof:

1.    Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.    On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.    The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.    Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.    The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.    JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.    Debtor formed JSC on or around October 18, 2018.

8.    On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.    In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.   On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.   On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.   On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.   On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

2

14.    On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15.    Ronald Pierpont is Debtor's ex-husband.

16.    On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17.    Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18.    Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19.    Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20.    On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21.    On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22.    On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23.    On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24.    On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

4886-1591-1427,v.1

25.    On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.    On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.    On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.    Debtor has not received a discharge in the Bankruptcy Case.

29.    On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.    On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.    On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.    On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.    Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

34.     The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Bankruptcy Case.

35.     Venue properly lies in the Central District of California in that this AP arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

B.    Disputed Facts:

The following issues of fact, and no others, remain to be litigated:

1.     Houser Bros. is the owner of and/or has a right of possession regarding several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both the Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

2.     On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2] Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a) No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b) The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c) Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

---

[2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

1     or the mobilehome would be subject to a warehouse lien auction;

2        (d) The Park was to review any prospective buyers in accordance with Mobilehome

3           Residency Law ("MRL");

4        (e) The sale of the mobilehome was to proceed via escrow; and

5        (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

6           interest.

7   3.   On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the

8       Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date

9       or Transfer Date" as November 1, 2018 ("Ryan Release Form").

10   4.   On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the

11       Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date

12       of transfer ("Ryan Notice of Sale or Transfer").

13   5.   The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000.

14       Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales

15       proceeds of 4476 Alderport.

16   6.   The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase

17       agreement.

18   7.   On November 19, 2018, Debtor emailed an application ("Application") to the management

19       office for the Park.

20   8.   On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her

21       Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the

22       Denial Letter.

23   9.   Defendant admits that there (a) exists a security agreement ("Security Agreement") between

24       JSC and herself where she lent JSC $225,000 in exchange for a security interest in the

25       Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for

26       $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC

27       Debtor also held an ownership interest in at the time.

28

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4 PAGE
134

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4 PAGE
135

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

1    caused Plaintiff damage including but not limited to not receiving rent from an approved

2    tenant, attorneys' fees arising from Debtor's trespass, and other costs.

3    33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular

4    debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for

5    relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties

6    consent to the entry of final orders and judgments by the Bankruptcy Court.

7    C.    <u>The Following Issues of Law are Stipulated</u>

8    **First Claim for Relief – 523(a)(2) Fraud.**

9    1.    "A discharge under . . . this title does not discharge an individual debtor from any

10   debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

11   extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a

12   statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

13   2.    "The Bankruptcy Code has long prohibited debtors from discharging liabilities on

14   account of their fraud, embodying a basic policy animating the Code of affording relief only to an

15   'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

16   3.    "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . .

17   for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

18   obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

19   4.    A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a

20   preponderance of the evidence by demonstrating five elements:

21       a)    The debtor made representations;

22       b)    That at the time he or she knew they were false;

23       c)    That he or she made them with the intention and purpose of deceiving the

24             creditor;

25       d)    That the creditor relied on such representations; and

26       e)    That the creditor sustained the alleged loss and damage as the proximate result

27             of the misrepresentations having been made.

28   *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

9

JOINT PRETRIAL STIPULATION

EXHIBIT 4 PAGE
137

5.        Typically, a finding of a debt due to fraud is all that is necessary to satisfy § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

**Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

6.        "A discharge . . . does not discharge an individual debtor from any debt– for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

7.        The "willful" and "malicious" requirements are conjunctive and subject to separate analysis. *Id.*

8.        The injury-producing conduct must be tortious to be exempted from discharge under § 523(a)(6). *Id.* at *27.

9.        Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.* (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

10.       Trespass is a tort under California law.

11.       Trespass is an unlawful interference with possession of property. The elements of trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional, reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

12.       It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession. No averment of title in plaintiff is necessary. [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

13.       The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v. Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

1    the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2    sufficient basis for nondischargeability under Section 523(a)(6).").

3        14.    The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4    *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5    whether a defendant's actions amount to conversion under California law is not dispositive regarding

6    whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7        15.    To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8    conversion has occurred under California law, and second that the conversion is willful and

9    malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10   9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11   § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12       16.    Conversion, under California law, is the "wrongful exercise of dominion over the

13   property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14   elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15   property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16   Damages. *Id.* at 1405.

17       17.    An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18   subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19   Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20       18.    The injury must be "deliberate or intentional, not merely a deliberate or intentional

21   act that leads to injury." *Id.*

22       19.    A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23   *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24       20.    An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25   Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26   *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27   *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28       21.    Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

1    *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2    22.    The intentional conversion of another's property without its knowledge or consent and

3    without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4    U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5    *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6    **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7    23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8    hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9    this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10   transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11   before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12   24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13        1.    A disposition of property, such as a transfer or concealment;

14        2.    A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15             through the act [of] disposing of the property;" and

16        3.    It must occur within one year before filing bankruptcy.

17   *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18   Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19   25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20   tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21   1200 (9th Cir. 2010).

22   26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23   *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24   27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25   *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26   28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27   "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28   *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

EXHIBIT 4, PAGE
140

1    23, 2016).

2        29.    In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of

3    fraud" may support a finding of fraudulent intent:

4    > These factors, not all of which need be present, include (1) a close

5    > relationship between the transferor and the transferee; (2) that the transfer

6    > was in anticipation of a pending suit; (3) that the transferor Debtor was

7    > insolvent or in poor financial condition at the time; (4) that all or

8    > substantially all of the Debtor's property was transferred; (5) that the

9    > transfer so completely depleted the Debtor's assets that the creditor has

10   > been hindered or delayed in recovering any part of the judgment; and

11   > (6) that the Debtor received inadequate consideration for the transfer.

12   *In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re*

13   *Ellison*, 2016 Bankr.LEXIS 3475, at *25.

14       30.    If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed

15   interest in such property extended into the one year period prior to bankruptcy, then discharge should

16   be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing

17   concealment" doctrine and held that defendant's transfer, made more than a year before her petition,

18   provided evidence of defendant's active concealment of property in which she continued to retain a

19   secret interest.].

20       31.    If a debtor's income funds all mortgage, insurance, and maintenance payments on

21   property held in the name of another party, she may be found to have fraudulently concealed her

22   interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

23   **Fourth Claim for Relief – 727(a)(4) False Oath**

24       32.    "The Court shall grant the debtor a discharge, unless-the debtor knowingly and

25   fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

26       33.    To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of

27   the evidence, that:

28       A.    The debtor made a false oath in connection with the case;

EXHIBIT 4, PAGE
141

1         B.      The oath related to a material fact;

2         C.      The oath was made knowingly; and

3         D.      The oath was made fraudulently.

4 *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*,

5 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

6      34.      The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors

7 have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at

8 1196.

9      35.      "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883

10 (B.A.P. 9th Cir. 2005).

11      36.      A fact is "material" if it "bears a relationship to the debtor's business transactions or

12 estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the

13 debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

14      37.      An omission or misstatement that "detrimentally affects administration of the estate"

15 is material. Id.

16      38.      A false statement or omission may be material even without "direct financial

17 prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

18      39.      A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

19 *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

20      40.      A demonstration of fraudulent intent requires a showing that: 1) The debtor made the

21 representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew

22 they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors.

23 *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

24      41.      Intent is usually proven by circumstantial evidence or inferences drawn from the

25 debtor's conduct. Id. at 1199.

26      42.      "Reckless indifference or disregard for the truth" may be circumstantial evidence of

27 intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th

28 Cir. 2007).

14

JOINT PRETRIAL STIPULATION

43.     The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at *18 (B.A.P. 9th Cir. Apr. 16, 2021).

**Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets**

44.     "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.     Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.     Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.    <u>The Following Issues of Law, and no others, Remain to be Litigated (LBR 7016-1(b)(2)(C)):</u>

1.    First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.    Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.    Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.    Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.    Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.    Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with

4886-1591-1427,v.1

1   any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

2   Affirmative Defense is a valid bar to this claim.

3   7.  Does the Second Claim for relief state a valid claim for conversion?   Under California Law

4   conversion is the wrongful exercise of dominion over personal property of another.   Moore

5   v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that

6   a trespass can give rise to a claim of conversion of the personal property on the real property

7   of Plaintiff and does not stand for the proposition that a trespass on real property is also a

8   conversion unless plaintiff can prove that it was deprived of that personal property with a

9   superior right to possession.  The Second Claim does not identify any personal property that

10  the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

11  valid claim for relief and is barred by Debtor's 25th affirmative defense.

12  8.  Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

13  estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

14  Section 798.74?   Debtor submitted an application for residency on November 19,2018 on

15  behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

16  Debtor's credit score was insufficient although she was not the applicant. California Civil

17  Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

18  days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

19  rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

20  charges of the park. unless management  reasonably determines the purchaser will not

21  comply with the rules and regulations of the park.  Plaintiff did not comply with its

22  mandatory obligations after receiving J. Sandcastle's application but responded only with a

23  classic non sequitur that did not address the issue of financial ability to pay of the purchaser

24  nor did assert any claim that its rules and regulations would not be followed.   California

25  Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

26  favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

27  mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

28  created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

1    court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the

2    premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers

3    22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible

4    detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it

5    expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

6    9.  Does the Third Claim for Relief state a valid claim for relief?   This claim does not identify

7       the property supposedly transferred or concealed or when it occurred.  It therefor fails to state

8       of claim for relief.   See debtor's 25th affirmative defense.

9    10. Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not

10      identify the false oath or account and therefor fails to state a claim for relief.  See debtor's

11      25th affirmative defense.

12    11. Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not

13      identify the assets supposedly missing and therefor fails to state a claim for relief.  See

14      debtor's 25th affirmative defense.

15

16    E.     <u>Exhibits</u>[3]

17       Set forth below is a list of exhibits intended to be offered at the trial by each party, other than

18    exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant

19    has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

20       <u>Plaintiff's Exhibit List:</u>

21       Unless otherwise noted, the Parties stipulate to the admission into evidence of the following

22    documents and no additional foundation or authenticity shall be required:

23       1.    The Gables Judgment. <u>No objection.</u>

24       2.    The Ryan Complaint. <u>No objection.</u>

25       3.    The Stipulated Judgment. <u>No objection.</u>

26       4.    The Ryan Release Form. <u>No objection.</u>

27       5.    The Ryan Notice of Sale or Transfer. <u>No objection.</u>

28

[3] See Defendant's Exhibit List attached here as Exhibit "1."

4886-1591-1427,v.1

EXHIBIT 4, PAGE
145

6.    The Application. <u>No objection</u>.

7.    The Denial Letter. <u>No objection</u>.

8.    The complaint in the BS Investors Action. <u>No objection</u>.

9.    The docket in the BS Investors Action. <u>No objection</u>.

10.    The Security Agreement, accompanied by the Note. <u>No objection</u>.

11.    The NTQ. <u>No objection</u>.

12.    The OCSC Complaint. <u>No objection</u>.

13.    The docket in the OCSC Action. <u>No objection</u>.

14.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027030002. <u>No objection</u>.

15.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940002. <u>No objection</u>.

16.    A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940003. <u>No objection</u>.

17.    A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser and Kathryn Curtiss, Document No. 7602794004. <u>No objection</u>.

18.    A January 18, 2019, California Department of Housing and Community Development ("HCD") "Title Search" regarding the Property. <u>No objection</u>.

19.    A July 23, 2020, HCD "Title Search" regarding the Property. <u>No objection</u>.

20.    A June 7, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

21.    An August 10, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

22.    A September 21, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

23.    An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the Property. <u>No objection</u>.

24.    An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018, regarding the Property. <u>No objection</u>.

25.    An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the Property. <u>No objection</u>.

18

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

26.   An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. No objection.

27.   An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. No objection.

28.   Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. No objection.

29.   Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. No objection.

30.   Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. No objection.

31.   Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. No objection.

32.   Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. No objection.

33.   Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. No objection.

34.   Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. No objection.

35.   Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. No objection.

36.   Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. No objection.

37.   Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. No objection.

38.   Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. No objection.

39.   The Exemption Motion. No objection.

40.   The Exemption Opposition. No objection.

19

JOINT PRETRIAL STIPULATION

41.  The Exemption Reply. No objection.

42.  "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. No objection.

43.  The Employment Application. No objection.

44.  The Exemption Order. No objection.

45.  The Complaint. No objection.

46.  The Answer. No objection.

F.  <u>Witnesses</u>

The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

<u>Plaintiff's Witness List</u>:

1.  Chris Houser, who will testify about Debtor's application to live at the Property, as well as her continued occupation of the Property and Houser Bros.'s damages therefrom.

2.  Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park and its right to possession of the premises in the absence of leases with approved tenants.

3.  Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at the Property.

4.  Debtor, who will testify about her conduct including knowingly trespassing and converting Plaintiff's property and her transfers of assets and liens.

5.  Janine Jasso, if necessary.

6.  Greg Buysman, if necessary.

7.  Vivienne Alston, if necessary.

<u>Debtor's Witness List</u>:

1.  See Debtor's Witness List attached as Exhibit "2."

G.  <u>Other Matters</u>

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4 PAGE
148



1    Other matters that might affect the trial such as anticipated motions in limine, motions to

2   withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial

3   motions:

4        1.

5   H.    Discovery

6        All discovery is complete.

7   I.    Readiness for Trial

8        The Parties are ready for trial.

9   J.    Estimated Length of Trial

10        The estimated length of trial is two days.

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   K.    Binding Admissions

17        The foregoing admissions have been made by the Parties, and the Parties have specified the

18   foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this

19   stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to

20   prevent manifest injustice.

21
    DATED: September 13, 2022        MARSHACK HAYS LLP
22
                         /s/ D. Edward Hays
23                      By: _____
24                         D. EDWARD HAYS
                         LAILA MASUD
25                         BRADFORD N. BARNHARDT
                         Attorneys for Plaintiff,
26                         HOUSER BROS. CO. dba RANCHO DEL
                         REY MOBILE HOME ESTATES
27

28

21
JOINT PRETRIAL STIPULATION

DATED: September _13__, 2022      By: _Jamie Lynn Gallian_____
                                      JAMIE LYNN GALLIAN

Subject to Debtors Witness List to Be Added.

Subject to Debtors Additional Exhibits List to be incorporated.

**EXHIBIT 1**

EXHIBIT 4 PAGE
151

**Debtor/Defendant's Additional Exhibits to include:**

1. Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2. Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors

Homestead Exemption.

3. Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4. Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-

2017-00913985

   a. Complaint 4/11/2017

   b. FAC 5/16/2017

   c. Minute Order 3/2/2018

     . Reporters Transcript of MSC 3/2/2018.

   d. Minute Order 6/4/2018

     Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

   e. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

   f. Minute Order 7/19/2018

     1. Reporters Transcript of HOAs MOT 7/19/2018

   g. 11/16/2018 Security Agreement & Promissory Note(s)

     1. Lender

     2. Holder, Jamie L Gallian

     3. Holder, J-Pad, LLC.

   h. Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte

Application  to Continue Jury Trial; Minute Order November 8, 2018

   i. Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte

Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

   j. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.

l.  May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.

n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.

0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.  Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5. Preliminary Title Report October 2018 Old Republic Title Co.

6. Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8. Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9. Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10. Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11. Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12. Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed

Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,

Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-

Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert

McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser

Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her

family and brought Locksmith in her home to change the locks to all of the doors without permission to

enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of

home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-

01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123

filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

**EXHIBIT 2**

### Debtor's /Defendant's Witness List:

1.     Hugh Saddington

2.     Barbara Wertin-Saddington

3.     Sandra Bradley

4.     Craig Houser

5.     Kathryn Curtiss

6.     Ronald Pierpont

7.     Robert McLelland

8.     Greg Buysman

9.     Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 5**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER** (optional)

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER:** 76027940003
**FILING NUMBER:** 19-7691916827
**FILING DATE:** 01/14/2019 09:10

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 2702 N GAFF ST | ORANGE | CA | 92865 | | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☑ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| | |
|---|---|
| | **9a. ORGANIZATION'S NAME**<br>J-SANDCASTLE CO LLC |
| OR | **9b. INDIVIDUAL'S SURNAME**<br><br>**FIRST PERSONAL NAME**<br><br>**ADDITIONAL NAME(S)/INTITAL(S)**   SUFFIX |

**DOCUMENT NUMBER:** 76027940003

**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | |
|---|---|
| OR | **10a. ORGANIZATION'S NAME**<br><br>**10b. INDIVIDUAL'S SURNAME**<br><br>**INDIVIDUAL'S FIRST PERSONAL NAME**<br><br>**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**   SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **11b. INDIVIDUAL'S SURNAME**<br>GALLIAN | **FIRST PERSONAL NAME**<br>JAMIE | **ADDITIONAL NAME(S)/INITIAL(S)**<br>LYNN | **SUFFIX** |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing.

15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

**FILING OFFICE COPY**



U210084251426



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210084251426 |
| Date Filed: 9/12/2021 |

B0428-8874  09/12/2021  10:11 AM  Received by California Secretary of State

| Submitter Information: | |
| --- | --- |
| Contact Name | Ron Pierpont; Bob McLelland, its Managers |
| Organization Name | J-Pad, LLC |
| Phone Number | (909) 202-3145 |
| Email Address | ronpierpont@gmail.com |
| Address | 4519 Ponderosa Way<br>Yorba Linda, CA 92886 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 197691916827 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| Steven D. Gallian | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Brian J. Gallian | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Justin D. Barclay | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Ronald J. Pierpont | 4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886 |
| Robert J. McLelland | 21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| Jamie L. Gallian | 16222 MONTEREY LN.<br>#376<br>HUNTINGTON BEACH, CA 92649 |
| EJ Gallian | BRIAN J. GALLIAN<br>3334 E. COAST HWY<br>#126<br>CORONA DEL MAR, CA 92625 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name        J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:
J-Pad, LLC    Ronald J. Pierpont and Robert J. McLelland, It's Managers

Miscellaneous Information:

161    Page 1 of 2

This is a Secured Party Amendment to U197691916827 filed 1/14/2019, adding all Secured Parties, as individuals who have a defined percentage interest in the collateral known as LBM1081, A.P.N. 891-569-62, 2014 Skyline Custom Villa, Serial No. 7V710394GB/GA, located on APN 178-011-16, Lot 376, 16222 Monterey Lane Huntington Beach, CA 92649. to mirror the Secured Parties listed in U197691905279, filed 1/14/2019 and its Amendments therein. J-Pad, LLC will continue to be the Legal Owner listed on the COT and Note and entity who Manages the collateral for all Secured Parties.

B0428-8875 09/12/2021 10:11 AM Received by California Secretary of State



# Secretary of State

**Business Programs Division**

1500 11th Street,  Sacramento, CA 95814

---

J-PAD, LLC                                              September 12, 2021 10:19 AM
RON PIERPONT; BOB MCLELLAND, ITS MANAGERS
4519 PONDEROSA WAY                                     File No.:   U210084251426
YORBA LINDA, CA  92886

## Lien Amendment Acknowledgment

This acknowledges the filing of the attached Lien Amendment document relevant to the information below.
To access free copies of filed UCC documents, enter the File No. above in the Search module on the UCC
Online web portal at bizfileonline.sos.ca.gov/search/ucc.

---

**AUTHORIZING PARTY**

Organization Name (Secured Party):  J-PAD, LLC   -   CA SOS ENTITY NO. 201804010750

---

**ADD SECURED PARTY**

| | |
|---|---|
| Secured Party Name: | STEVEN D. GALLIAN |
| Secured Party Address: | 3334 E. COAST HWY. |
| | #126 |
| | CORONA DEL MAR, CA 92625 |
| Secured Party Name: | BRIAN J. GALLIAN |
| Secured Party Address: | 3334 E. COAST HWY. |
| | #126 |
| | CORONA DEL MAR, CA 92625 |
| Secured Party Name: | JUSTIN D. BARCLAY |
| Secured Party Address: | 3334 E. COAST HWY. |
| | #126 |
| | CORONA DEL MAR, CA 92625 |
| Secured Party Name: | RONALD J. PIERPONT |
| Secured Party Address: | 4519 PONDEROSA WAY |
| | YORBA LINDA, CA 92886 |
| Secured Party Name: | ROBERT J. MCLELLAND |
| Secured Party Address: | 21742 ANZA AVENUE |
| | TORRANCE, CA 90503 |
| Secured Party Name: | JAMIE L. GALLIAN |
| Secured Party Address: | 16222 MONTEREY LN. |
| | #376 |
| | HUNTINGTON BEACH, CA 92649 |

| | |
|---|---|
| Secured Party Name: | EJ GALLIAN |
| Secured Party Address: | 3334 E. COAST HWY |
| | #126 |
| | BRIAN J. GALLIAN |
| | CORONA DEL MAR, CA 92625 |

**AMENDMENT INFORMATION**

| | |
|---|---|
| Lien Type: | UCC |
| File No.: | U210084251426 |
| File Date: | 9/12/2021 10:09 AM |
| Amendment Actions: | Add Secured Party (7) |
| Lien Lapse Date: | 1/14/2049 11:59 PM |

**EXHIBIT 6**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER: 76027940002**
**FILING NUMBER: 19-7691915674**
**FILING DATE: 01/14/2019 08:55**

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| GALLIAN | JAMIE | | LYNN | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

LOCATED ON CLERK RECORDER OFFICE OF ORANGE COUNTY CALIFORNIA FILED DECEMBER 20, 1977, PARCEL MAP BOOK NO. 108 PG(S) 47, 48, T.P.M. 77-7, R.S.T.8531

SERIAL NUMBERAC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081
ASSESSORS PARCEL NUMBER 891-569-62

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)   ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**



U210088125323

B0432-9096 09/24/2021 11:20 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210088125323 |
| Date Filed: 9/24/2021 |

| Submitter Information: | |
| --- | --- |
| Contact Name | Jamie Lynn Gallian |
| Organization Name | |
| Phone Number | (714) 321-3449 |
| Email Address | jamiegallian@gmail.com |
| Address | 16222 Monterey Lane #376 Huntington Beach, CA 92649 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 197691915674 |
| Date Filed | 01/14/2019 |
| Amendment Action | Collateral Amendment |
| Collateral Change | Restate Collateral |

| Indicate how documentation of Collateral is provided: | Attached in a File |
| --- | --- |

Upload PDF as Collateral:
CRANDALL OPT C33 6-4-2018 11-16-2018.pdf

☒  Check this box to see additional UCC Collateral options.

This Financing Statement Amendment:

☐  Covers timber to be cut

☐  Covers as-extracted Collateral

☒  Is filed as a fixture filing

Name and address of a Record Owner of real estate described above (if Debtor does not have a record interest):
Randall L. Nickel
4476 Alderport Drive Unit 53
Huntington Beach, CA 92649

Jamie Lynn Gallian
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649

B0432-9097 09/24/2021 11:20 PM Received by California Secretary of State

Description of real estate:

That Leasehold Estate created by lease August 1, 1980, between Houser Bros Co., a limited partnership and Robert P. Warmington recorded November 7, 1980,
Unit 53 Book 13824 Page 1259
Unit 53 Book 13824 Page 1274
Unit 53 Book 13824 Page 1291
Unit 53 Book 13824 Page 1294 (Grant Deed)

Ground Leasehold and Subcondominium Leasehold Estate as to Parcels 1 and 2 of Tract 10542 in the City of Huntington Beach County of Orange, State of California being more particularly described as the Lessees interest as shown on a map recorded in Book 456, pages 49 & 50 of Misc. Maps in the Office of the County Recorder of said County.
APN 178-771-03. Gables Subd.

Parcel 1 Unit 53, as shown and defined on a Condominum Plan recorded in Book 13358, Page 1193 and following in the Office of the County Recorder of said County on October 18, 1979.

Parcel 2  An undivided 1/80th interest interest in and to Lots 1 and 2 of Tract 10542 as shown on a map recorded in Book 456, Pages(s) 49 and 50 pf misc. maps, records of Orange County, California, together with all improvements thereon, excepting therefrom condominium Units 1 through 80, inclusive located thereon, also together with easements as described therein.

A Determinable Fee Estate as to Parcels 3 & 4
A undivided 1/80th interest in the common area as shown and defined on the Condominium Plan, excepting that portion consisting of buildings and other improvements;
Those portions of a Unit, as shown and defined on the Condominium Plan, consisting of buildings and other improvements;
An undivided 1/80th interest in and to those portions of the common area and shown and defined on the Condominium Plan, consisting of buildings and other improvements;

An easement as to Parcels 5 & 6
An easement for the exclusive use and occupancy of those portions of the restricted common area, as defined on said Condominium Plan for entry, staircases, and attic space, relating to said units;
A non-exclusive easement and right to use the common area as defined on said Condominium Plan. except the restricted common area.

Covenants, Conditions & Restrictions [CC&Rs] recorded in the Office of the County Recorder of said County of Orange, May 28, 1980;
First Amendment to Covenants, Conditions & Restrictions [CC&Rs] recorded in the Office of the County Recorder of said County of Orange, August 5, 1980.

For a Term Ending December 31, 2059, upon the Terms, Covenants, and Conditions recorded as follows:
Unit 53 Book 13824 Page 1259
Unit 53 Book 13824 Page 1274
Unit 53 Book 13824 Page 1291
Unit 53 Book 13824 Page 1294 (Grant Deed)

First Amendment to Ground Lease recorded 8/21/2003, Document No. 2003001013605;
First Amendment to Condominium Sublease 8/28/2003, Document No. 2003001044770.

Corrective Amendment To Ground Lease (Units 1-80) 6/29/2005 Document No. 2005000504166

Miscellaneous:

Name of Secured Party of Record Authorizing This Amendment:

☐   If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:
APN 891-569-62, Tract 10542, Unit 4 Lot 376.

B0432-9098 09/24/2021 11:20 PM Received by California Secretary of State

From: **Jamie Gallian** jamiegallian@gmail.com 
Subject: Fwd: Gallian MSC Transcript and Gallian email to Counsel before going on the record.
Date: March 22, 2018 at 8:01 PM
To: davidflyer@flyerandflyer.com, raquelflyer@flyerandflyer.com

**Subject: Gallian MSC Transcript and Gallian email to Counsel before going on the record.**



m: **Jamie Gallian** jamiegallian@gmail.com
ct: Gallian
te: March 2, 2018 at 12:01 PM
To: raquelflyer@flyerandflyer.com

. $15,000 payable to Epsten, Grinnell & Howell at the close of
escrow as full and final release for case 30-2017-00913985.
Preliminary injunction is removed. Full enjoyment of use and
enjoyment for lease payments, taxes and landscaping.  HOA v
Bradley/ Gallian plaintiff HOA is responsible for obtaining all
releases removal of any and all liens. Within ????

. Remove raingutter attached to patio cover. Association to repair
and relocate raingutter out of direct drainage in front of sliding
kitchen door. Building is common area that it is attached to.

. HOA to hire and pay for licensed, AC technician responsible
for relocation of AC unit to a location that is safe and does not
obstruct kitchen exit.  AC permit and final inspection by City of
HB Building.

. HOA to Remove special assessment immediately. Balance due
264.00  for March 1, 2018 billing.

. No special assessment related to unit 53 and any charges HOA
incurred in this action for the the following cases 30-2017-
00913985, full and final release.  No prevailing party.

. Jasso action is dismissed  today March 2, 2018, Any alleged
violation(s) Small Claim Action for Gragnano is not applicable
to this action. Jasso with prejudice today.

. Workplace Violence case dismissed today with prejudice.

. Gallian
rom my iPhone

B0432-9099  09/24/2021  11:20 PM  Received by California Secretary of State

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/02/2018              TIME: 08:30:00 AM        DEPT:  C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  Nga Quach
REPORTER/ERM: Amber N. Hogate CSR# 13525
BAILIFF/COURT ATTENDANT:  None/Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72743477

**EVENT TYPE**: Mandatory Settlement Conference

**APPEARANCES**
Pejman D. Kharrazian, from Epsten Grinnell & Howell, APC, present for Cross - Defendant,Plaintiff(s).
Lee Gragano and Janine Jasso from The Huntington Beach Gables Homeowners Association, Plaintiff,
present.
Brenda K. Radmacher, from Gordon & Rees LLP, present for Cross - Defendant,Plaintiff(s).
 Raquel Flyer, from Flyer & Flyer, present for Defendant/Cross-Complainant Jamie L. Gallian.
Jamie L. Gallian, Defendant/Cross-Complainant is present.

The parties waive any objections to the trial judge conducting a settlement conference.

Settlement conference is held. Case is settled.

The terms of the settlement are recited in open court. Each party indicates on the record that they
understand and agree to the terms as stated.

This court retains jurisdiction to enforce the settlement.

The Order to Show Cause re: Dismissal on Settled Case is scheduled for 06/04/2018 at 08:30 AM in
Department C33.

No appearance is necessary if the full dismissal is filed by 06/04/2018.

All other future hearing dates are ordered vacated.

B0432-9100 09/24/2021 11:20 PM Received by California Secretary of state

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 06/04/2018                TIME: 08:30:00 AM        DEPT:  C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  P. Rief
REPORTER/ERM: Darci Mullarky CSR# 5569
BAILIFF/COURT ATTENDANT:  Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Contract - Other

---

EVENT ID/DOCUMENT ID: 72768738

**EVENT TYPE**: Order to Show Cause re: Dismissal on Settled Case

---

EVENT ID/DOCUMENT ID: 72793807

**EVENT TYPE**: Motion to Strike or Tax Costs
MOVING PARTY: Ted Phillips, Lindy Beck, Jennifer Paulin, Lee Gragnano, Janine Jasso, Lori Burrett
CAUSAL DOCUMENT/DATE FILED: Motion to Strike or Tax Costs, 02/28/2018

---

**APPEARANCES**
Pejman D. Kharrazian, Esq., from Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Brenda K. Radmacher, Esq., from Gordon & Rees LLP, present for Cross - Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.

Order to Show Cause re: Dismissal held. Extensive discussion held in open court as to the status of the
settlement. Upon the order of the court, the parties meet and confer. The case is not settled.

The motion by cross-defendants Lee Gragnano, Ted Phillips, Lindy Buck, Jennifer Paulin, Janine Jasso,
and Lori Burrett to strike the Memorandum of Costs filed by cross-complainant Jamie Gallian is
continued to 07/19/2018 at 08:30 AM in this department.

Jury Trial scheduled for 08/06/2018 at 08:30 AM in Department C33, if the matter is not resolved at the
hearing set for 07/19/2018.

---

DATE: 06/04/2018                    MINUTE ORDER                        Page 1
DEPT:  C33                                                    Calendar No.

B0432-9101 09/24/2021 11:20 PM Received by California Secretary of State

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

DEPARTMENT C33


HUNTINGTON BEACH GABLES        )
HOMEOWNERS ASSOCIATION,        )
                               )
          PLAINTIFF,           )
                               )
     VS.                       )  CASE NO. 30-2017-00913985
                               )
JAMIE L. GALLIAN,              )
                               )
          DEFENDANT.           )
_____)


THE HONORABLE JAMES L. CRANDALL, JUDGE PRESIDING

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MONDAY, JUNE 4, 2018


APPEARANCES OF COUNSEL:

     FOR PLAINTIFF:        EPSTEN GRINNELL & HOWELL
                           BY:   PEJMAN D. KHARRAZIAN, ESQ.
                                       AND
                           GORDON & REES
                           BY:   BRENDA K. RADMACHER, ESQ.

     FOR DEFENDANT:        JAMIE L. GALLIAN
                           IN PROPRIA PERSONA


DARCI MULLARKY, CSR #5569
COURT REPORTER

B0432-9102 09/24/2021 11:20 PM Received by California Secretary of State

1

```
 1            SANTA ANA, CALIFORNIA - MONDAY, JUNE 4, 2018

 2                        MORNING SESSION

 3                        * * * * *

 4

 5            (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HAD IN

 6     OPEN COURT:)

 7            THE COURT:  NUMBER TWO, HUNTINGTON BEACH GABLES

 8     HOMEOWNERS ASSOCIATION VERSUS JAMIE GALLIAN.

 9            MR. KHARRAZIAN:  PEJMAN KHARRAZIAN ON BEHALF OF THE

10     PLAINTIFF.

11            MS. GALLIAN:  GOOD MORNING, YOUR HONOR.  JAMIE

12     GALLIAN.

13            THE COURT:  GOOD MORNING.

14            MS. GALLIAN:  AND MY HUSBAND.

15            THE COURT:  GOOD MORNING.

16            MR. PIERPORT:  GOOD MORNING, SIR.

17            THE COURT:  CAN WE HAVE YOUR APPEARANCE?

18            MR. PIERPORT:  RON PIERPORT (PHONETIC).

19            THE COURT:  OKAY.

20            MR. MCLELLAND:  ROBERT MCLELLAND.

21            MR. KHARRAZIAN:  AND I HAVE THE ASSOCIATION BOARD

22     PRESIDENT HERE PRESENT IN COURT.

23            THE COURT:  OKAY.  STATE HIS NAME FOR THE RECORD.

24            MR. KHARRAZIAN:  GRAGNANO, G-R-A-G-N-A-N-O, LEE

25     GRAGNANO.

26            THE COURT:  THIS CASE WAS SETTLED AND WE HAD AN
```

**Notice of Lodgment - Exhibit E - Page 1 of 43**

B0432-9103 09/24/2021 11:20 PM Received by California Secretary of State

2

1    ORDER TO SHOW CAUSE RE SETTLEMENT.

2          MR. KHARRAZIAN:  THAT'S CORRECT, YOUR HONOR.

3          THE COURT:  AND SOMETHING HAS HAPPENED?  AND WE

4    HAVE A MOTION TO STRIKE COSTS BECAUSE MISS GALLIAN FILED A

5    REQUEST FOR COSTS.

6          MR. KHARRAZIAN:  RIGHT, YOUR HONOR.

7          WE WERE HERE ON MARCH 2ND FOR AN MSC.  ALL THE

8    PARTIES WERE PRESENT.  MISS GALLIAN WAS HERE REPRESENTED BY

9    COUNSEL.  WE REACHED A SETTLEMENT.  THE COURT REPORTER CAME

10   UP AND PUT THE SETTLEMENT ON THE RECORD.

11         THE COURT:  I REMEMBER THANKING HER COUNSEL FOR

12   COMING.

13         MR. KHARRAZIAN:  RIGHT.

14         THE COURT:  AND I ACTUALLY PUT IT ON THE RECORD.

15         MR. KHARRAZIAN:  WE DID.  THE PARTIES AGREED TO

16   HAVE THE SETTLEMENT BE SUBJECT TO 664.6.

17         THE COURT:  YES.

18         MR. KHARRAZIAN:  THE COURT ALSO AGREED.

19         THE COURT ASKED SPECIFICALLY THE PARTIES IF THEY

20   AGREED TO THE TERMS OF THE SETTLEMENT, AND ALL THE PARTIES

21   AFFIRMATIVELY SAID THAT THEY DID, AND NOW IT APPEARS THAT

22   MISS GALLIAN IS SAYING THERE'S NO SETTLEMENT TRYING TO

23   BASICALLY REARGUING THE MERITS OF THE CASE BUT AT THE SAME

24   TIME ARGUING THAT THIS COURT DISMISSED A WORKPLACE VIOLENCE

25   RESTRAINING ORDER TO THE ASSOCIATION OBTAINED IN DEPARTMENT

26   66, JUDGE STAFFORD WHICH IS NOT OUR UNDERSTANDING AND NOT

Notice of Lodgment - Exhibit E - Page 2 of 43

B0432-9104 09/24/2021 11:20 PM Received by California Secretary of State

3

1   THE CASE, AND SO WE WOULD LIKE THAT ADDRESSED AS WELL TODAY

2   IF POSSIBLE.

3        BUT THE ASSOCIATION SET A MOTION ON CALENDAR FOR

4   JULY 19TH TO ENFORCE THE SETTLEMENT AGREEMENT UNDER

5   CCP 664.6 AND TO ASK THIS COURT TO ISSUE A JUDGMENT PURSUANT

6   TO THE TERMS WE ALL AGREED ON.

7        IF YOU RECALL, YOUR HONOR, THE MAIN TERM, THE KEY

8   TERM WAS THAT MISS GALLIAN WAS GOING TO SELL HER UNIT, MOVE

9   OUT OF THE COMMUNITY WHICH I THINK WE ALL AGREED WOULD

10  ALLEVIATE MANY OF THE ISSUES GOING ON IN THIS CASE.

11       THE COURT:  I THINK I SUGGESTED THAT MONTHS BACK.

12  IF THEY DON'T APPRECIATE ALL YOUR EFFORTS DOING GARDENING IN

13  THE COMMUNITY AREA, THE COMMON AREA, MOVE.  BUY A PLACE

14  WHERE SOMEONE LIKES SOMEONE WHO WILL DO THE EXTRA WORK.

15       MR. KHARRAZIAN:  AND THIS SITUATION --

16       THE COURT:  AND YOU FINALLY AGREED.

17       MR. KHARRAZIAN:  THE SITUATION CONTINUES TO

18  ESCALATE.  NOW THERE ARE FIVE ADDITIONAL RESTRAINING ORDERS

19  FROM INDIVIDUALS IN THE COMMUNITY AGAINST MISS GALLIAN IN

20  ADDITION TO THE WORK PLACE TRO.  AS SOON AS MISS GALLIAN

21  MOVES OUT OF THE COMMUNITY, I MEAN, IT'S A POWDER KEG, YOUR

22  HONOR.

23       THE COURT:  WELL, THAT WAS THE TERM OF THE

24  SETTLEMENT.

25       BUT, MISS GALLIAN, WHAT'S THE MATTER?  WHAT

26  HAPPENED?

B0432-9105 09/24/2021 11:20 PM Received by California Secretary of State

4

1          MS. GALLIAN:  YOUR HONOR, YOU DIDN'T GET MY 116

2   PAGE BRIEF I FILLED ON FRIDAY NIGHT?

3          THE COURT:  SORRY?

4          MS. GALLIAN:  HAVE YOU READ MY 116 PAGE BRIEF UNDER

5   473 THAT I FILED FRIDAY NIGHT?

6          THE COURT:  IT WAS NOT PROCESSED.  IT'S IN THE

7   SYSTEM SOMEWHERE.

8          MS. GALLIAN:  OKAY.  I WOULD LIKE TO ASK FOR A

9   CONTINUANCE UNTIL YOUR HONOR HAS A CHANCE TO READ IT.

10          I DISAGREE WITH THE MAJORITY OF WHAT COUNSEL SAYS.

11   IT HAS BEEN A VERY STRESSFUL, UGLY SITUATION FOR ME.  WHEN I

12   LEFT YOUR COURTROOM, I WAS VERY, VERY HAPPY.  I WENT HOME

13   AND, YOU KNOW, THE CRAP THAT I BRING IN HERE, I WILL DRAG A

14   SUITCASE IN FULL OF PAPERS.  I CLEANED UP MY HOUSE TO GET IT

15   READY, YOU KNOW, SHOWING IT, EVERYTHING, AND THEN THE YOU

16   KNOW WHAT HIT THE FAN.  AND IT'S CONSTANT HARASSMENT BY A

17   BOARD MEMBER.  SHE'LL COME AND JUST STAND IN MY YARD AND

18   TAKE PICTURES.  I HAVE MY HUSBAND HERE TO WITNESS AND I HAVE

19   MR. BOB HERE TO WITNESS.  MR. BOB HAS LIVED WITH ME NONSTOP

20   FOR TWO AND A HALF YEARS.  I HAVE NEVER ASKED HIM TO GET

21   INVOLVED BEFORE, BUT WHEN I WAS ON THE MIDDLE OF AN

22   INTERNATIONAL TRIP LAST WEEK, THEY CALLED UNITED.  THAT

23   CROSSED THE LINE.

24          THE COURT:  THEY CALLED WHAT?

25          MS. GALLIAN:  UNITED TWICE TO TELL THEM ABOUT AN

26   ELDER ABUSE RESTRAINING ORDER.  THE ELDER ABUSE RESTRAINING

**Notice of Lodgment - Exhibit E - Page 4 of 43**

B0432-9106 09/24/2021 11:20 PM Received by California Secretary of State

5

1   ORDER WAS FILED IN JUDGE HUBBARD'S ROOM.  UM, THE REASON I

2   BELIEVE THAT THEY FILED IT IN JUDGE HUBBARD'S IS BECAUSE

3   JUDGE HUBBARD WAS THE PROBATE AND STILL IS THE PROBATE IS

4   STILL OPEN.  IT HAS NOT BEEN SETTLED.  THEY FILED TWO ELDER

5   ABUSE RESTRAINING ORDERS BECAUSE THEY FILED TWO TRO'S IN

6   C66.  JUDGE STAFFORD ALWAYS, AS NORMALLY, WILL NOT ORDER

7   STAY AWAY ORDERS.  IT'S JUST YOU KNOW WHAT.  EVERYBODY GET

8   ALONG AND COME BACK TO A PERSON TO BE ABLE TO DEFEND

9   THEMSELVES.

10       I HAVE BEEN TO COURT THREE TIMES THIS MONTH.  THE

11  FIRST TIME THE ATTORNEY SAYS, YOUR HONOR, I DIDN'T KNOW I

12  WAS SUPPOSED TO GIVE HER 329 EXHIBITS THAT SHE FILED IN

13  ANOTHER TRO SHE FILES OVER THERE.

14       AND THEN THE SECOND TIME, OH, YOUR HONOR, I DIDN'T

15  KNOW I WAS SUPPOSED TO SERVE HER WITH THE 99 THAT I HELPED

16  CONNIE PETERSON PREPARE.  CONNIE PETERSON DIDN'T EVEN SHOW

17  UP, YOUR HONOR, BECAUSE SHE DOESN'T WANT TO COMMIT PERJURY

18  BECAUSE THE PERSON WHO'S DRIVING ALL OF THESE TRO'S IS ONE

19  PERSON.

20       THE COURT:  WHO?

21       MS. GALLIAN:  JANINE.

22       THE COURT:  JANINE?

23       MS. GALLIAN:  JANINE JASSO, THE BLOND WOMAN THAT

24  USUALLY COMES HERE.

25       AND I'M GOING TO ADDRESS -- I'M GOING TO ADDRESS

26  THE WV.

Notice of Lodgment - Exhibit E - Page 5 of 43

B0432-9107 09/24/2021 11:20 PM Received by California Secretary of State

6

| | |
|---|---|
| 1 | THE COURT:  FIRST HERE'S WHAT WE'RE HERE FOR. |
| 2 | MS. GALLIAN:  YES, YOUR HONOR. |
| 3 | THE COURT:  THIS IS AN ORDER TO SHOW CAUSE WHY A |
| 4 | DISMISSAL HASN'T BEEN FILED -- |
| 5 | MS. GALLIAN:  YES, YOUR HONOR. |
| 6 | THE COURT:  -- ON A SETTLED CASE. |
| 7 | MS. GALLIAN:  YES. |
| 8 | THE COURT:  AND IT'S A CASE WHERE I WAS PROFUSELY |
| 9 | THANKING YOUR LAWYER -- |
| 10 | MS. GALLIAN:  ABSOLUTELY. |
| 11 | THE COURT:  -- FOR SHOWING UP BECAUSE YOU HAD BEEN |
| 12 | REPRESENTING YOURSELF.  A LAWYER CAME AND AFTER TWO |
| 13 | APPEARANCES AND SETTLED THE CASE. |
| 14 | MS. GALLIAN:  NO.  SHE'S ONLY BEEN HERE ONE TIME, |
| 15 | AND SHE HAD NO CLUE WHAT A WV TRO WAS.  SHE WAS BLIND-SIDED. |
| 16 | BLIND-SIDED. |
| 17 | THE COURT:  WE HAD -- |
| 18 | MS. GALLIAN:  YES, YOUR HONOR. |
| 19 | THE COURT:  -- VERY THOROUGH DISCUSSIONS REGARDING |
| 20 | THE ISSUES OF THE CASE, THE FACTS OF THE CASE, AND SHE |
| 21 | RECOMMENDED THAT THE BEST WAY TO RESOLVE THE DIFFERENCES |
| 22 | OVER MINUTE ISSUES. |
| 23 | MS. GALLIAN:  OKAY. |
| 24 | THE COURT:  I MEAN, YOU ARE GOING OVER YOUR |
| 25 | BOUNDARY AND GARDENING IN THE COMMON AREA. |
| 26 | MS. GALLIAN:  OKAY, YOUR HONOR. |

**Notice of Lodgment - Exhibit E - Page 6 of 43**

B0432-9108 09/24/2021 11:20 PM Received by California Secretary of State

7

1        THE COURT:  AND BOTHERING PEOPLE IN THE COMMON

2   AREA, AND IT GOT TO THE POINT THAT THERE WERE ISSUES WITH

3   CHRISTMAS LIGHTS AND PERSONAL DISPUTES AMONG NEIGHBORS IN A

4   CONDOMINIUM.  SO THE RECOMMENDATION OF YOUR LAWYER AND THE

5   COURT WAS SELL YOUR CONDOMINIUM AND MOVE SOMEPLACE WHERE

6   THEY'LL APPRECIATE YOU; OKAY?  AND IT WAS AGREED TO.  AND

7   EVERYBODY AGREED.  AND I SAID I WILL MAINTAIN JURISDICTION

8   TO ENSURE THE SETTLEMENT.

9        MS. GALLIAN:  I AGREE.

10       THE COURT:  EVERY TIME YOU COME, I HEAR A DIFFERENT

11  STORY.  NEW THINGS HAVE CHANGED AND MORE PEOPLE ARE

12  OFFENDING YOU.

13       MS. GALLIAN:  NOBODY IS OFFENDING ME.

14       THE COURT:  YOU SAY YOU ARE OFFENDED BY PEOPLE

15  TAKING PICTURES OF YOUR COMMON AREA, YOUR SPACE.

16       MS. GALLIAN:  NO, I'M NOT OFFENDED.

17       THE COURT:  IT'S YOUR USE AREA.

18       MR. PIERPORT:  PROVOKED.

19       MR. KHARRAZIAN:  YOUR HONOR, IF I MAY?

20       MS. GALLIAN:  EXCUSE ME.

21       MR. KHARRAZIAN:  MISS GALLIAN --

22       MS. GALLIAN:  EXCUSE ME.  I WOULD LIKE TO FINISH,

23  PLEASE.

24       THE COURT:  SHE STILL HAS THE FLOOR.

25       MR. KHARRAZIAN:  I APOLOGIZE.

26       MS. GALLIAN:  SO, YOUR HONOR --

B0432-9109 09/24/2021 11:20 PM Received by California Secretary of State

8

```
1          THE COURT:  HERE'S MY QUESTION.  WHY HASN'T IT
2    SETTLED?  WHY HAVEN'T YOU SOLD --
3          MS. GALLIAN:  YOUR HONOR --
4          THE COURT:  -- AND COMPLIED WITH THE TERMS OF THE
5    AGREEMENT?
6          MS. GALLIAN:  SO THE FIRST --
7          THE COURT:  IT'S A SETTLEMENT AGREEMENT.
8          MS. GALLIAN:  YES, YOUR HONOR.
9          THE COURT:  THE PARTIES AGREED.
10          MS. GALLIAN:  I AGREE WITH EXACTLY WHAT YOU ARE
11    SAYING.  SO HERE'S WHAT I'VE DONE TO MOVE THIS ALONG.
12          THE COURT:  OKAY.
13          MS. GALLIAN:  I HAVE HAD, BECAUSE I LET HIM RELEASE
14    TWO DAYS AGO IN JUDGE STAFFORD'S COURTROOM, MR. SADDLINO
15    (PHONETIC) WAS MY ATTORNEY IN THE WV TRO.  I HADN'T EVEN HAD
16    A CHANCE TO DEFEND IT YET.  SO I BELIEVED THAT IT WAS
17    INAPPROPRIATE TO BE DISCUSSED IN THIS COURTROOM WITHOUT THE
18    ATTORNEY THAT I HIRED, BUT I WENT ALONG WITH IT, AS YOUR
19    HONOR SAYS, IN THE INTEREST OF HOW DO I ALWAYS SAY IT, GET
20    OFF THE MERRY-GO-ROUND.
21          SO -- BUT IT EXPLODED INTO MORE THINGS BECAUSE
22    RIGHT BEFORE WE CAME BACK HERE, THE COURT HAD BROKE FOR
23    LUNCH.  I WAS AT THE ELEVATOR AND PEJMAN CAME RUNNING DOWN
24    THE HALL AND SAYS COME BACK.  THE JUDGE SAID COME BACK,
25    WE'LL PUT IT ON THE RECORD.  AND I SAID, HOLD ON.  I SENT
26    HER A TEXT MESSAGE OR DETAILING THE SEVEN THINGS THAT I
```

B0432-9110 09/24/2021 11:20 PM Received by California Secretary of State

9

1    AGREED TO.  IT'S TIME STAMPED.  I FILED IT WITH MY BRIEF,

2    AND I SAID THIS IS WHAT I AGREE TO, NO MORE, NO LESS.  AND

3    WHEN I WAS HERE, I WAS BLASTED AND THAT WAS NOT THE INTENT.

4         AGAIN, I HAVE BEEN PRESENTED WITH THESE CASES AND I

5    HAVE YET TO DEFEND ONE OF THEM.  I AM BEING PROSECUTED

6    BEFORE I EVEN GET A CHANCE TO PRESENT MY EVIDENCE.

7         THE COURT:  YOU ARE TALKING ABOUT THESE TRO CASES

8    THAT AREN'T BEFORE THIS COURT.

9         MS. GALLIAN:  EXACTLY.  BUT THIS COURT ALLOWED IT

10   IN.  AND YOU GOT -- IN JANUARY, ON JANUARY 11TH YOUR HONOR

11   GOT 159 PAGES OF A WORKPLACE VIOLENCE, AND I REMEMBER

12   STANDING RIGHT HERE AND SAYING, YOUR HONOR, I'M SORRY, THAT

13   IS NOT BEFORE THE COURT.  YOU JUDGE, AND I APPRECIATE YOU

14   TRYING TO HELP THE PARTIES, BUT THIS IS A LITIGATION PLOY

15   WHERE I REMEMBER THE FIRST DAY I WAS BEFORE YOU AND YOU CAME

16   OFF THE BENCH.  DO YOU REMEMBER?

17        THE COURT:  NO, I DON'T REMEMBER THE VERY FIRST

18   DAY.

19        MS. GALLIAN:  YEAH.  YOU CAME AND LOOKED AT MY

20   COMPUTER BECAUSE WE'RE AVID GARDENERS TOGETHER.  YOU WALKED

21   OFF THE BENCH, STOOD RIGHT HERE, AND YOU WERE VERY KIND.

22   AND, UM, YOU WENT BACK, AND -- AND I LOST MY THOUGHT.

23        THE COURT:  BECAUSE YOU WERE SHOWING ME THE COMMON

24   AREA THAT YOU TAKE CARE OF AND HOW MUCH NICER AND GREENER IT

25   IS AROUND YOUR UNIT THAN THE OTHER UNITS.

26        MS. GALLIAN:  OKAY.  CORRECT.

**Notice of Lodgment - Exhibit E - Page 9 of 43**

B0432-9111 09/24/2021 11:20 PM Received by California Secretary of State

10

1     SO ONE OF THE POINTS THAT I WANT TO MAKE, YOUR

2   HONOR, IS THIS COURT HAS BEEN TOLD REPEATEDLY THROUGH SIGNED

3   DECLARATIONS UNDER PENALTY OF PERJURY THAT THIS IS AN AIR

4   SPACE CONDOMINIUM PROJECT.  IT IS NOT.  IT IS A PLANNED UNIT

5   DEVELOPMENT.  I HAVE A GRANT DEED TO EASEMENTS OF USE AND

6   ENJOYMENT THAT I PAY MONEY FOR, SO I AM ENTITLED UNDER

7   CONTRACT LAW TO USE AND ENJOY.  THAT IS THE PROBLEM AND

8   THAT'S THE PROBLEM -- THE PROBLEM WITH THIS CASE AND HAS

9   ALWAYS BEEN FROM DAY ONE THAT THE BUILDER DID NOT FILE A

10   FINAL MAP.  THEY'VE BEEN LIVING THIS WAY.

11     THE BOARD HAS OVER EXCEEDED THEIR TERM LIMIT AND

12   THEY KEEP JUST GOING ALONG AND GOING ALONG UNTIL THEY SUED

13   SOMEBODY, AND THAT PERSON JUST HAPPENED TO BE ME.  AND SO

14   WHEN YOU AFFECT MY PAYCHECK, I'M GOING TO LOOK UNDER EVERY

15   STONE AND GO, WAIT A MINUTE.  WAIT A MINUTE.  I'VE LIVED IN

16   THIS COMMUNITY TEN YEARS.  YOU HAVE NEVER ASKED ME TO FILL

17   OUT AN APPLICATION FOR AN OR AIR-CONDITIONING UNIT THAT'S

18   BEEN IN THE GROUND FOR THREE YEARS.  YOU HAVE TURNED OFF THE

19   WATER IN MY SECTION AND I PLANTED MY PLUMERIA TREES.  THEN

20   YOU NOW FIVE YEARS LATER, BECAUSE SHE GETS A WILD HAIR, SHE

21   COMES OVER TO MY YARD WITHOUT AUTHORITY AND RIPS THEM OUT.

22   AND I HAVE A POLICE REPORT FOR $2,000 WORTH OF DAMAGE ON

23   SEPTEMBER 20TH, 2017, YOUR HONOR, FIVE DAYS AFTER WE SAW

24   YOU.

25     SO MY QUESTION TO YOU, YOUR HONOR, IS I HAVE A

26   POLICE REPORT WITH A WITNESS THAT SAYS $2,000 WORTH OF

**Notice of Lodgment - Exhibit E - Page 10 of 43**

B0432-9112  09/24/2021  11:20  PM  Received by California Secretary of State

11

```
1   DAMAGE, AND THEN WE HAVE OVER HERE -- AND NOBODY WAS
2   ARRESTED; OKAY?  THEN WE HAVE OVER HERE WHAT THEY CALL IS
3   WORKPLACE VIOLENCE.  IT WASN'T WORKPLACE VIOLENCE.  IT HAD
4   NOTHING TO DO WITH THE BOARD MEMBERS.  NONE OF THEM WERE
5   THERE.  NONE OF THEM WITNESSED IT.  IT WAS A WOMAN/WOMAN
6   DISPUTE BECAUSE THE NIGHT BEFORE THIS WOMAN AND HER DAUGHTER
7   CAME OVER TO MY YARD AGAIN AND RIPPED OUT STOCKS OF THE
8   PLUMERIA AND THREW THEM AWAY.
9          THE COURT:  WHO IS THIS WOMAN?
10         MS. GALLIAN:  THE PRESIDENT'S GIRLFRIEND,
11  KIM MACIAS.
12         THE COURT:  OKAY.
13         MS. GALLIAN:  SO THEN I -- I IGNORE IT BECAUSE
14  AGAIN, YOUR HONOR, YOU GOT TO REMEMBER, I HAVE THAT TYPE OF
15  PASSPORT THAT ALLOWS ME ACCESS TO EVERY AIRPORT IN THE
16  ENTIRE WORLD, SO I DON'T HAVE THE LUXURY OF ACTING OUT.
17         SO I'M WALKING MY DOGS, AND SHE IS ON THE PHONE IN
18  THE MIDDLE OF THE GREEN BAITING ME, AND I WAS WALKING WITH
19  MY FRIEND ROSALYN WHO ALSO HAS THE SAME SIZE DOG.  IT WAS
20  ABOUT 8:50 IN THE MORNING.  MY HUSBAND WAS HOME AND CAN
21  TESTIFY TO THIS.  SHE'S YELLING, GO HOME AND TAKE YOUR MEDS.
22  THE STEPDAUGHTER, AND IT'S NOT HIS DAUGHTER, SO IT'S HER
23  GIRL OR HER DAUGHTER, A P.A., A PHYSICIAN'S ASSISTANT,
24  DOESN'T LIVE IN THE COMMUNITY, AND POSTS ON SOCIAL MEDIA
25  THAT SHE'S GOING TO LOCK ME UP ON A 5150.
26         YOUR HONOR, THIS IS PROFESSIONAL AND PERSONAL
```

B0432-9113 09/24/2021 11:20 PM Received by California Secretary of State

12

```
 1   DEFAMATION WHEN YOU PUT MY NAME IN THE INTERNET, NOW IT

 2   BECOMES FEDERAL.

 3          SO NOW I HAVE THIS.

 4          THE COURT:  OKAY.  WAIT A SECOND.  IF IT BECOMES

 5   FEDERAL, THAT'S A VERY GOOD SIGN.  ARE YOU MOVING TO HAVE

 6   THIS CASE REMOVED TO FEDERAL COURT?

 7          MS. GALLIAN:  I WOULD LIKE NOT TO, YOUR HONOR, BUT

 8   WHEN YOU --

 9          THE COURT:  I'LL GRANT THE MOTION.

10          MS. GALLIAN:  I KNOW.

11          WHEN YOU AFFECT SOMEBODY'S JOB, AND YOU GOT TO

12   REMEMBER, YOUR HONOR, I'M A FLIGHT ATTENDANT; OKAY?

13          SO I'VE GOT THIS LITTLE LETTER HERE THE OTHER DAY

14   IN THE MAIL.  THIS IS FEDERAL.  WHEN YOU GO THIS FAR, IT'S

15   FEDERAL.

16          SO, YOUR HONOR, I HAVE NO PROBLEM, AND IF YOU -- IF

17   YOU WOULD LIKE, I DON'T KNOW IF YOU HAVE ACCESS TO THE 962,

18   999 CASE.

19          THE COURT:  NO.

20          MS. GALLIAN:  JUDGE CRANDALL OR JUDGE STAFFORD'S,

21   BUT --

22          THE COURT:  HOLD ON.  LET ME ASK.

23          THAT'S NOT CIVIL, IS IT?

24          MS. GALLIAN:  YES, IT IS.

25          (DISCUSSION HELD OFF THE RECORD.)

26          THE COURT:  OKAY.
```

Notice of Lodgment - Exhibit E - Page 12 of 43

B0432-9114 09/24/2021 11:20 PM Received by California Secretary of State

13

```
 1          MS. GALLIAN:  OKAY.  THIS IS A -- THIS WAS --
 2          THE COURT:  BY THE WAY, I HAVE DOCUMENTS THAT HAVE
 3    BEEN FILED BY THE HUNTINGTON BEACH GABLES HOMEOWNERS
 4    ASSOCIATION THAT ATTACHES SOME OF THE --
 5          MS. GALLIAN:  NO, YOUR HONOR.
 6          THE COURT:  -- ORDERS.  I HAVE A DOMESTIC VIOLENCE
 7    ORDER RIGHT HERE, SO --
 8          MS. GALLIAN:  YOUR HONOR --
 9          THE COURT:  A DOMESTIC VIOLENCE COMPLAINT.
10          MS. GALLIAN:  YOUR HONOR --
11          THE COURT:  I HAVE THE ORDER GRANTING PLAINTIFF'S
12    MOTION FOR PRELIMINARY INJUNCTION.  YOU SAW THE EXHIBITS
13    THAT THEY FILED, THE OTHER SIDE?
14          MS. GALLIAN:  FOR THIS HEARING, YOUR HONOR?
15          THE COURT:  YES.
16          MS. GALLIAN:  YES.
17          THE COURT:  AND WHEN I GRANTED AN INJUNCTION IN
18    THIS CASE, IT WAS BASED IN PART ON INFORMATION FROM THE
19    OTHER COURT.  SO I CAN CONSIDER WHAT EVERYBODY SUBMITS ME,
20    BUT HERE'S MY PROBLEM.  THIS IS A CASE WHERE YOU'VE BEEN
21    SUED FOR VIOLATING CC&R'S.  THAT'S THE CASE BEFORE ME.
22          MS. GALLIAN:  OKAY.  MARTIN V. BRIDGEPORT, YOUR
23    HONOR.
24          THE COURT:  YOU SETTLED THAT CASE.
25          MS. GALLIAN:  THEY CAN'T SUE ME.  UNDER MARTIN V.
26    BRIDGEPORT, THEY HAVE NO STANDING TO SUE ME.  I WAS NOT THE
```

Notice of Lodgment - Exhibit E - Page 13 of 43

B0432-9115 09/24/2021 11:20 PM Received by California Secretary of State

14

1   MEMBER. YOU CAN ONLY SUE A MEMBER. I WAS THE TENANT, THE

2   RENTER. I HAVE NO RIGHTS. I CANNOT VOTE, AND THIS IS WHAT

3   I'VE SAID FROM DAY ONE, THAT THEY DID NOT HAVE STANDING TO

4   SUE ME, BUT YET THEY GOT SO FAR INTO IT AND THEY'VE GONE

5   AROUND BRAGGING AND SENDING LETTERS TO THE HOMEOWNERS THAT,

6   OH, WE'RE GOING TO GET OUR ATTORNEYS' FEES BACK FROM

7   MISS GALLIAN. THEY ARE WRONG. NOW THEY DECIDED TO TAKE A

8   DIFFERENT ROUTE WITH ALL THESE TRO'S TO TRY AND GET

9   SOMETHING BACK.

10       YOUR HONOR, WHEN MISS BRADLEY SETTLED THE CASE AND

11  DISMISSED, THIS CASE SHOULD HAVE BEEN DISMISSED.

12       THE COURT: OKAY.

13       MS. GALLIAN: OKAY. AND THEY SHOULD HAVE BROUGHT

14  IT AGAINST ME AS A NEW OWNER IF THERE WERE LEGITIMATE

15  VIOLATIONS, BUT THERE IS NOT. I WANTED TO TELL YOU --

16       THE COURT: MISS GALLIAN, I'VE HEARD THIS.

17       MS. GALLIAN: OKAY.

18       THE COURT: YOU'VE BEEN IN HERE MANY TIMES.

19       MS. GALLIAN: BUT YOU HAVEN'T CONSIDERED WHAT I'M

20  SAYING. I WAS WONDERING WHY.

21       THE COURT: I ALWAYS LET YOU TALK. YOU TOLD THE

22  OTHER LAWYER FOUR TIMES THE DEED IS DEFECTIVE. I'VE

23  RESEARCHED THIS. I WENT BACK AND FOUND THAT WHEN THIS

24  HOMEOWNERS ASSOCIATION WAS FIRST FOUNDED OR FORMED, THERE

25  WAS SOMETHING WRONG WITH IT, AND YOU POINTED OUT TO COUNSEL.

26  THIS ISN'T A NEW ARGUMENT. AND EVEN THOUGH YOU HAD CLAIMED

B0432-9116 09/24/2021 11:20 PM Received by California Secretary of State

15

1   THAT THEY DIDN'T HAVE THE RIGHTS TO DO WHAT THEY WERE DOING,

2   AND THAT THE WHOLE HOMEOWNERS ASSOCIATION WAS INVALID.

3         MS. GALLIAN:  I DID NOT SAY THAT, YOUR HONOR.

4         THE COURT:  YOU SETTLED THE CASE AFTER ALL THAT WAS

5   OUT, AND AFTER ALL THESE FACTS CAME OUT, AND AFTER ALL THE

6   PERSONAL ANIMOSITY BETWEEN YOU AND THE BOARD MEMBERS AND

7   BOARD MEMBERS' FAMILY MEMBERS AND GIRLFRIENDS AND

8   REPRESENTATIVES CAME OUT, WE SETTLED THE CASE.  THIS IS

9   SIMPLY A MATTER OF WHY HASN'T IT BEEN FINALIZED?

10         MR. KHARRAZIAN:  MAY I BE HEARD, YOUR HONOR?

11         THE COURT:  NO.

12         LET HER RESTATE AGAIN WHAT SHE'S TOLD US FIVE TIMES

13   BEFORE.

14         GO AHEAD.

15         MS. GALLIAN:  YOUR HONOR, I HAVE NEVER BROUGHT THIS

16   DOCUMENT TO THE COURT BECAUSE I JUST GOT IT FROM THE LAND

17   LEASE, MY LAND LEASE PERSON.

18         THE COURT:  FROM YOUR WHOM?

19         MS. GALLIAN:  THE PERSON I PAY $9,000 TO, OKAY, FOR

20   THE LAND LEASE.  I'VE NEVER BROUGHT THIS DOCUMENT.  THIS IS

21   MY GRANT DEED.  THIS IS A CONDOMINIUM SUBLEASE AND GRANT

22   DEED.  I NEVER BROUGHT IT TO THE COURT.  AND IF -- SO IT

23   GOES THROUGH THE DEVISING CLAUSE, AND THEN IT GOES TO THE

24   GRANTEE CLAUSE.  RIGHT HERE ON PAGE THREE, PARAGRAPH -- I'M

25   GOING TO GO ALL THE WAY.  I WILL NOT READ ALL THIS.  IT SAYS

26   ALL THE EASEMENTS THAT I HAVE.

B0432-9117 09/24/2021 11:20 PM Received by California Secretary of State

16

1          THE COURT:  HOLD ON A SECOND.

2          LOOK, IF THIS CASE IS GOING TO TRIAL, YOU HAVE A

3    RIGHT TO BRING ALL THAT STUFF UP.

4          MS. GALLIAN:  CORRECT.  I THINK THAT'S WHERE WE

5    SHOULD GO.

6          THE COURT:  OKAY.  BUT THAT'S NOT WHAT THIS HEARING

7    IS ABOUT.  THIS HEARING IS AN ORDER TO SHOW CAUSE WHY YOU

8    HAVEN'T CONSUMMATED THE SETTLEMENT.

9          MS. GALLIAN:  I DID MY PART, YOUR HONOR, AND THIS

10   IS WHAT I'VE BEEN TRYING TO EXPLAIN TO YOU.  ON 5/1, BECAUSE

11   FLIER PREPARED ON 3/6, AS INSTRUCTED BY THIS COURT, A

12   STIPULATION.  I SIGNED IT.  I APPROVED IT.  SHE SENT IT TO

13   COUNSEL.  I GET A LETTER BACK FROM MR. FLIER, ATTORNEY

14   FLIER, THAT SAYS THAT MR. -- HE CALLED HIM MR. K DOESN'T

15   AGREE.  MR. K'S VERSION OF THE STIPULATION, HE WANTS ME TO

16   ADMIT THE WV, AND I SAID ABSOLUTELY NOT.  I HAVEN'T HAD A

17   CHANCE TO DEFEND IT YET.

18         THE COURT:  ADMIT WHAT?

19         MS. GALLIAN:  THE WORKPLACE VIOLENCE.  I AM NOT

20   GOING TO CARRY THAT AROUND ON MY RECORD.  NO.  IT'S NOT

21   WORKPLACE VIOLENCE.  IT HASN'T BEEN ADJUDICATED YET.

22         THE COURT:  IS THAT A TERM OF THE SETTLEMENT?

23         MS. GALLIAN:  YES.

24         THE COURT:  THAT WE PUT ON THE RECORD?

25         MS. GALLIAN:  YES.

26         MR. KHARRAZIAN:  THE SETTLEMENT AGREEMENT, YOUR

B0432-9118 09/24/2021 11:20 PM Received by California Secretary of State

17

1    HONOR, WAS THAT SHE WOULD STIPULATE TO THE TERMS OF THE

2    WORKPLACE VIOLENCE.

3              MS. GALLIAN:  NO, I DID NOT.

4              MR. KHARRAZIAN:  IN EXCHANGE --

5              MS. GALLIAN:  I HAVE IT RIGHT HERE.

6              MR. KHARRAZIAN:  AND WE WOULD DISMISS IT.

7              MS. GALLIAN:  LET'S READ IT TOGETHER.

8              MR. KHARRAZIAN:  IT WAS VERY FAIR.

9              MS. GALLIAN:  LET'S READ IT.

10             THE COURT:  YOU HAVE IT RIGHT HERE?

11             MS. GALLIAN:  I HAVE IT RIGHT HERE, YOUR HONOR.

12   LET ME GET MY GLASSES ON.

13             MS. RADMACHER:  YOUR HONOR, BRENDA RADMACHER.  I

14   APOLOGIZE FOR BEING LATE.  I HIT TRAFFIC COMING DOWN FROM

15   LOS ANGELES.

16             THE COURT:  GOOD MORNING.

17             MS. RADMACHER:  ONE OTHER THING I MIGHT ADD.  I

18   THINK THE CONFUSION THAT I'M HEARING IS NOT THAT THERE WAS

19   ANY -- THAT THE SETTLEMENT WAS NOT THAT THERE WAS A

20   STIPULATION TO -- THERE BEING A WORKPLACE VIOLENCE INCIDENT,

21   BUT THE TERMS OF THE STIPULATION WHERE FOR THE BEHAVIOR

22   MOVING FORWARD, AND THAT MAY BE THE CONFUSION OF WHAT I'M

23   HEARING BETWEEN THE PARTIES.

24             THE COURT:  I HAVE THE STIPULATION WORDING

25   WORKPLACE VIOLENCE RESTRAINING ORDERS PREPARED BY

26   MISS GALLIAN'S LAWYER, FLIER, FLIER AND FLIER; OKAY?

B0432-9119 09/24/2021 11:20 PM Received by California Secretary of State

18

1          MS. GALLIAN:  CORRECT.

2          THE COURT:  OKAY.

3          MS. GALLIAN:  BUT WAIT.  WAIT.  WAIT.  NO.  NO.

4    NO.  NO.  OKAY.  WAS THAT INCLUDED IN HIS LODGED EXHIBITS.

5          THE COURT:  YES.

6          MS. GALLIAN:  SHE DID NOT PREPARE THAT.  SHE DID

7    NOT PREPARE THAT, YOUR HONOR.  MR. KHARRAZIAN TOOK A DOC

8    VERSION AND -- A PDF AND CONVERTED IT TO A DOC AND CHANGED

9    IT TO WHAT HE WANTED IT TO SAY.  I HAVE THE PART THAT I

10   SIGNED, AND I HAVE FILED IT, YOUR HONOR, ON MAY 1ST, AND

11   THIS IS WHAT I'M TRYING TO TELL YOU.  IT'S FILED ON MAY 1ST

12   IN THE WV.  I STOOD BEFORE JUDGE STAFFORD THE OTHER DAY AND

13   HE SAYS I HAVE READ IT.  IT'S FINE.

14         THE COURT:  THIS DOCUMENT IS DATED IN MARCH OF

15   2016.

16         MS. GALLIAN:  I UNDERSTAND, YOUR HONOR.  BUT IT'S

17   NOT THE ONE THAT MISS FLIER PREPARED.

18         THE COURT:  WAIT.  I'M LOOKING AT -- I DON'T KNOW

19   IF YOU KNOW WHAT I'M LOOKING AT.  BUT I HAVE A DOCUMENT

20   CAPTIONED HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

21   VERSUS JAMIE L. GALLIAN, AND THIS IS IN THE STAFFORD CASE,

22   JUDGE STAFFORD'S CASE.

23         MS. GALLIAN:  CORRECT, YOUR HONOR.

24         THE COURT:  0090299.

25         MS. GALLIAN:  WHO'S THE ATTORNEY UP AT THE TOP?

26         THE COURT:  DAVID FLIER AND RACHEL FLIER.

Notice of Lodgment - Exhibit E - Page 18 of 43

B0432-9120 09/24/2021 11:20 PM Received by California Secretary of State

19

1          MS. GALLIAN:  CORRECT.

2          MAY I SEE THIS DOCUMENT, YOUR HONOR?

3          THE COURT:  SURE YOU MAY.  IT'S FILED.  YOU GOT IT

4     WITH THE DOCUMENTS THAT THEY FILED HER.

5          MS. GALLIAN:  YOUR HONOR, I HAVE BEEN BOMBARDED.  I

6     HAVE THREE CASES TO ATTEND TODAY, SO I HAVE BEEN -- BUT I

7     KNOW EXACTLY WHICH ONES THAT I FILED.

8          THE COURT:  NO.  YOU ARE SAYING COUNSEL FOR THE

9     PLAINTIFF TOOK YOUR LAWYER'S DOCUMENT.

10         MS. GALLIAN:  YES, HE DID.

11         THE COURT:  AND ALTERED IT.

12         MS. GALLIAN:  HE DID.

13         THE COURT:  AND FILED IT WITH THE COURT, YOUR

14    LAWYER'S DOCUMENT.

15         MS. GALLIAN:  HE HASN'T FILED IT WITH THE COURT.

16    HE PRESENTED IT IN THE 100 PAGES TO MAKE YOU THINK THAT WAS

17    MISS FLIER'S STIPULATION.  IT WAS NOT, YOUR HONOR.

18         I'VE ALREADY FILED MISS FLIER'S BECAUSE MR. FRANK

19    WAS THE ATTORNEY IN THE WV, AND WE CAME IN AND WE FILED IT

20    IN THE APPROPRIATE COURTROOM, AND I AM NOT AGREEING TO THE

21    WV UNTIL IT'S HEARD IN JUDGE STAFFORD'S COURTROOM.

22         MR. KHARRAZIAN:  I CAN ADDRESS THAT, YOUR HONOR.

23         THE COURT:  YOU ARE SAYING THE LAWYERS, NOT THE

24    HOMEOWNERS ASSOCIATION, TOOK YOUR LAWYERS DOCUMENT?

25         MS. GALLIAN:  YES.

26         THE COURT:  WITH THEIR NAME ON THE TOP?

**Notice of Lodgment - Exhibit E - Page 19 of 43**

20

1          MS. GALLIAN:  YES.

2          THE COURT:  THEY PREPARED IT?

3          MS. GALLIAN:  YES.

4          THE COURT:  AND HE ALTERED IT?

5          MS. GALLIAN:  YES.

6          THE COURT:  AND HE FILED IT WITH THE COURT?

7          MS. GALLIAN:  WITH THIS COURTROOM, YES.

8          THE COURT:  OKAY.  CRIMINAL ACTIVITY?

9          MS. GALLIAN:  YES.

10         THE COURT:  FALSIFYING A DOCUMENT?

11         MS. GALLIAN:  I SWEAR TO GOD.

12         THE COURT:  OKAY.

13         MS. GALLIAN:  THANK YOU.

14         THE COURT:  HERE.  WHAT'S FALSE ABOUT IT?

15         (DOCUMENT HANDED TO MISS GALLIAN.)

16         MR. KHARRAZIAN:  YOUR HONOR, WHAT HAPPENED WAS HER

17   COUNSEL PREPARED THIS STIPULATION.  IT DIDN'T CONTAIN ALL

18   THE TERMS OF THE TRO, SO I ALTERED IT TO -- I RED LINED IT

19   TO REFLECT THE CHANGES THAT MY CLIENT WOULD WANT AND WHAT

20   THE PARTIES AGREED TO, AND I SENT IT BACK AND --

21         MS. GALLIAN:  YOUR HONOR --

22         MR. KHARRAZIAN:  -- HERE'S OUR RESPONSE.  I NEVER

23   FILED IT WITH ANYONE.  NOBODY SIGNED IT YET SO WE'RE -- I

24   ALSO PREPARED A WRITTEN SETTLEMENT AGREEMENT THAT TRIED TO

25   REFLECT THE TERMS OF THE SETTLEMENT PUT IT ON THE RECORD.  I

26   ENCOURAGED MISS GALLIAN, ENCOURAGED HER TO LOOK AT IT AND

**Notice of Lodgment - Exhibit E - Page 20 of 43**

B0432-9121 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9122 09/24/2021 11:20 PM Received by California Secretary of State

21

1   RED LINE IT.  I DON'T KNOW WHAT HER CONCERNS OR ISSUES OR

2   PROBLEMS ARE WITH IT, BUT THE BOTTOM LINE IS THAT

3   MISS GALLIAN IS NOT -- IS EXPRESSLY DENYING THERE'S A

4   SETTLEMENT DESPITE THE CLEAR RECORD THAT THERE IS ONE.

5       THERE'S NOW CRIMINAL CHARGES AGAINST MISS GALLIAN.

6   HER ARRAIGNMENT IS JUNE 24TH FOR THE WORKPLACE VIOLENCE TRO

7   CONTINUALLY.  LIKE I SAID, A MOTION IS SET ON JULY 19TH.

8   WE'RE GOING TO BE ASKING THE COURT TO ISSUE A JUDGMENT

9   PURSUANT TO THE SETTLEMENT THAT WAS REACHED.  AS YOU SAY,

10  THIS IS AN OSC RE DISMISSAL, AND THAT'S WHY THE CASE HASN'T

11  BEEN DISMISSED TODAY.

12      IN FACT, MISS GALLIAN, THE ROOF THAT CAME OFF OF

13  THE PATIO COVER, I DON'T KNOW IF YOU RECALL ONE OF THE

14  TERMS.  NOW IT IS GONE AND PUT BACK ON WHICH TELLS US THAT

15  SHE'S NEVER GOING TO COMPLY WITH THIS SETTLEMENT THAT SHE

16  AGREED TO SHORT OF A JUDGMENT FROM THIS COURT, YOUR HONOR.

17      THE COURT:  OKAY.  MISS GALLIAN?

18      MS. GALLIAN:  YES, SIR.

19      THE COURT:  YOU'VE ACCUSED OPPOSING COUNSEL OF

20  FALSIFYING A DOCUMENT.

21      MS. GALLIAN:  YES, SIR.

22      THE COURT:  AND SUBMITTING A DOCUMENT TO THE COURT

23  AS BEING A FINALIZED DOCUMENT WHEN IT ISN'T.

24      MS. GALLIAN:  THAT'S TRUE.

25      THE COURT:  SO YOU WERE GOING TO POINT OUT WHAT HAS

26  BEEN CHANGED.

B0432-9123 09/24/2021 11:20 PM Received by California Secretary of State

22

1          MS. GALLIAN:  YES, SIR.

2          THE COURT:  BUT ONE THING I KNOW IS THAT'S NOT A

3    SIGNED DOCUMENT.

4          MS. GALLIAN:  YOUR HONOR, MINE IS.

5          THE COURT:  OKAY.  WHAT I'M SAYING IS HE'S SAYING

6    IN HIS PAPERS -- THE STIPULATION PROPOSED DIDN'T CONTAIN ALL

7    THE TERMS AND WE PROPOSE SOME OTHER TERMS.  LAWYERS DO THAT

8    EVERYDAY.  LAWYERS TAKE DOCUMENTS THAT WE GET IN WORD AND

9    SEND THEM IN WORD SO WE BOTH CAN MAKE ALTERATIONS IN THEM.

10   THIS HASN'T BEEN SUBMITTED TO THE COURT AS BEING A FINAL AND

11   SIGNED DOCUMENT.  THERE'S NO SIGNATURE ON IT.  IT'S DATED

12   MARCH.  YOU SAY YOURS IS IN MAY.  THAT'S AFTER COUNSEL'S

13   PROPOSED CHANGES WERE SUBMITTED TO YOUR LAWYER.  SO I DON'T

14   SEE ANYTHING HERE THAT SMACKS OF FRAUD BY THE PLAINTIFF'S

15   COUNSEL IN SUBMITTING A DOCUMENT THAT'S BEEN FALSIFIED.

16        SO HERE'S YOUR SIGNED ONE.  YOU ARE SUBMITTING TO

17   ME RIGHT NOW PAGES TWO AND THREE OF A STIPULATION WITH YOUR

18   SIGNATURE.

19        MS. GALLIAN:  THAT'S WHAT WAS FILED IN THE 962, 999

20   IN JUDGE STAFFORD'S COURTROOM.

21        THE COURT:  WHAT'S IMPORTANT HERE IS THIS PLEADING.

22        MS. GALLIAN:  YES, YOUR HONOR.

23        THE COURT:  THAT YOU SAY WAS ALTERED WAS ORIGINALLY

24   PREPARED BY YOUR LAWYER IN MARCH.  THIS IS SIGNED BY YOU

25   APRIL 18TH.

26        MS. GALLIAN:  NO, YOUR HONOR.  LOOK ON THE OTHER

B0432-9124 09/24/2021 11:20 PM Received by California Secretary of State

23

```
 1   SIDE.  I -- MY -- MY ATTORNEY, AS INSTRUCTED BY THE COURT,
 2   THE TRANSCRIPT EVEN SAYS MISS GALLIAN'S ATTORNEY CONTROLS.
 3   THE INSTRUCTIONS FROM THE COURT WERE MISS FLIER WAS TO
 4   PREPARE A STIPULATION.  SHE SENT IT TO ME, AND I FILED IT ON
 5   MARCH 6TH WHEN IT WAS SENT TO ME AGREEING TO IT LETTING HER
 6   KNOW THAT IT WAS OKAY.  WE SENT IT TO COUNSEL ON THAT DAY.
 7   MR. K, ACCORDING TO MR. FLIER, REFUSED IT, AND THAT'S WHERE
 8   WE SAT UNTIL APRIL 18TH.
 9        JANINE JASSO HAS FILED ANOTHER TEMPORARY
10   RESTRAINING ORDER, AND THIS TIME SHE GOES SO FAR AS TO
11   CHARGE ME WITH, UM, DISOBEYING A COURT ORDER.  THAT IS
12   UNACCEPTABLE, YOUR HONOR, BECAUSE I HAVE NOT BEEN -- I HAVE
13   NOT BEEN FOUND TO BE -- I DID NOT DO A WV TRO, AND I REALLY
14   WISH YOU HAD YOUR 116 PAGES.  YOU COULD ACTUALLY SEE THAT
15   WHEN WE -- ON FEBRUARY 12TH, THE D.A. SENT ME A LETTER AND
16   DISMISSED, SO ONCE HE DISMISSED, I WAS ABLE TO GET THE
17   POLICE REPORT.
18        I GOT THE POLICE REPORT FROM THIS INCIDENT WHICH
19   PROVES TO THE COURT, WHICH I FILED WITH MY BRIEF, THERE WAS
20   NO WORKPLACE VIOLENCE.  IT WAS BETWEEN A WOMAN AND A WOMAN
21   DISPUTE OVER SHE HAD STUFF IN THE COMMON AREA.  BUT THE
22   NIGHT BEFORE HER AND HER DAUGHTER TWICE HAVE COME INTO MY
23   HOME IN MY AREA AND RIPPED STUFF OUT AND CAUSED DAMAGE.
24   IT'S CALLED GOVERNMENT ESTOPPEL.  WHEN THE POLICE COME OVER
25   AND THEY -- THEY -- YOU KNOW, YOU HAVE A POLICE REPORT, AND
26   THERE'S A -- AND THERE'S A WITNESS AND $2,000 WORTH OF, AND
```

B0432-9125 09/24/2021 11:20 PM Received by California Secretary of State

24

1   THEY DON'T ARREST THE PERSON, SO KIND OF ALMOST THINKS,

2   WELL, OKAY.  WELL, GOSH.  SO THEN WHEN THIS HAPPENED OVER

3   HERE, AFTER THEY TOOK OUT MY STUFF AGAIN --

4         THE COURT:  WHAT HAPPENED OVER HERE?  WHAT DO YOU

5   MEAN?

6         MS. GALLIAN:  WELL, WHEN I TOOK -- WHEN -- THE

7   NIGHT BEFORE THEY TOOK OUT MY PLUMERIAS AGAIN.

8         THE COURT:  OKAY.  BECAUSE THEY TOOK OUT YOUR

9   PLUMERIAS?

10        MS. GALLIAN:  THE NEXT MORNING I HEAR THEM TALKING

11  AND LAUGHING ABOUT IT.  OH, WE GOT HER GOOD.

12        THE COURT:  WHAT WAS THE ALLEGED WORKPLACE VIOLENCE

13  THAT YOU COMMITTED?

14        MS. GALLIAN:  THEY SAID -- THE FIRST CHARGE WAS I

15  ATTACKED MISS MACIAS.  OKAY.  THAT'S CLEARLY NOT THE CASE IN

16  THE POLICE REPORT.

17        THEN THERE WAS VANDALISM.  I PAID $100 BECAUSE I

18  BROKE A LIGHT BULB.  THE DAY THAT I DID IT, BECAUSE I DON'T

19  BEHAVE THIS WAY.  THIS HAS BEEN A LONG, LONG TIME COMING,

20  AND WHEN SOMEBODY STANDS THERE IN THE MIDDLE OF THE

21  COURTYARD AND SAYS GO HOME AND TAKE YOUR MEDS AND WE GOT HER

22  GOOD LAST NIGHT AND BAITING ME, OKAY.  THEN I GO PUT MY DOGS

23  AWAY.  I WALKED OVER TO HER HOUSE.  I SAID, COME ON, KIM,

24  AND PUT ALL YOUR CHRISTMAS DECORATIONS IN YOUR COURTYARD.

25  THEY HAVE A COURTYARD BETWEEN THEIR FRONT DOOR AND THIS

26  LARGE AREA. THAT'S THEIR AREA.  THAT WAS BAITING ME.

**Notice of Lodgment - Exhibit E - Page 24 of 43**

B0432-9126 09/24/2021 11:20 PM Received by California Secretary of State

25

```
 1   BAITING ME.

 2          MR. GRAGNANO ACTUALLY PUT A TV ON THE WALL.  DO

 3   WHATEVER YOU WANT.  BUT WHEN YOU GO BEYOND THE GATE, AND

 4   HE'S GOT AN EXTENSION CORD DUCKTAPED TO THE SIDEWALK, AND

 5   HE'S GOT A -- A -- A FLOODLIGHT ON THE POOL GATE SHINING UP

 6   TO HIS HOUSE.  NO.  NOT WHEN YOU'VE BROUGHT A PRELIMINARY

 7   INJUNCTION AGAINST ME, IT'S INAPPROPRIATE.

 8          THE COURT:  YOU ARE SAYING THEY HAD ELECTRIC CORDS

 9   AND LIGHTS IN THE COMMON AREA; IS THAT WHAT YOU ARE SAYING?

10          MS. GALLIAN:  RUNNING ACROSS -- I HAVE PICTURES FOR

11   YOU, YOUR HONOR.

12          THE COURT:  AND YOU ASSISTED IN REMOVING THEM?

13          MS. GALLIAN:  REMOVING THEM AND PUT THEM IN THEIR

14   YARD, EXACTLY WHAT I SAID TO THE POLICE.  AND I WASN'T ABLE

15   TO GET THE POLICE REPORT UNTIL THE END OF MARCH AFTER WE

16   WERE HERE.

17          THE COURT:  AND IN THE PROCESS THE LIGHT BULB WAS

18   BROKEN?

19          MS. GALLIAN:  YES, YOUR HONOR.  AND I PAID A

20   HUNDRED DOLLARS FOR IT.

21          AND SINCE, YOUR HONOR, WHEN WE WERE HERE THREE

22   MONTHS AGO AND WE DECIDED THOSE SMALL CLAIM ACTIONS THAT

23   WERE SUPPOSED TO BE DISMISSED, THEY LIED TO THE COURT.  THEY

24   MADE YOU THINK THAT GRAGNANO'S SMALL CLAIM WAS ALREADY

25   FILED.  HE DIDN'T FILE IT UNTIL MARCH 15TH, TWO WEEKS AFTER

26   THIS HEARING.  AND SO YOU KNOW WHAT?
```

B0432-9127 09/24/2021 11:20 PM Received by California Secretary of State

26

```
 1          THE COURT:  OUR SETTLEMENT WAS EVERYTHING WAS TO BE
 2   DISMISSED.  ALL THE CASES WERE GOING TO BE DISMISSED.
 3          MS. GALLIAN:  HE HADN'T FILED IT YET.  HE FILED IT
 4   AFTER YOU SAID IT WILL BE DISMISSED.
 5          MY POINT IS, YOUR HONOR, I TURNED IT IN TO MY
 6   INSURANCE AND IN GOOD FAITH AGAIN.  I AM THE ONLY ONE IT
 7   SEEMS TO BE DOING GOOD FAITH HERE.
 8          MY INSURANCE COMPANY PAID HIM EITHER SEVEN OR $800
 9   BECAUSE I WROTE A LETTER TO MR. GRAGNANO SAYING, YES,
10   MR. GRAGNANO, I APPROVE THE MERCURY PAYMENT OF $700 TO YOU.
11          WHAT DOES HE DO?  HE GOES DOWN TO THE POLICE
12   DEPARTMENT AND FILES THAT I VIOLATED THE WORKPLACE VIOLENCE
13   ORDER BECAUSE I CONTACTED HIM.  ANOTHER CHARGE FOR THE D.A.
14   THIS IS OUT-OF-CONTROL.
15          I AGREED TO BASIC RESPECT AND HUMANITY AND DECENCY
16   WITH MY NEIGHBORS.  I HAVE BEEN THERE TEN YEARS.  THIS
17   DIDN'T HAPPEN UNTIL THIS JASSO PERSON CAME INTO OUR
18   COMMUNITY.
19          I NEED TO BE -- I WOULD LIKE TO BE TREATED WITH A
20   LITTLE BIT OF RESPECT, AND I'LL SHOW YOU WHAT I'M TALKING
21   ABOUT.
22          I -- THIS -- THIS MONTH ON OR THE FEBRUARY MINUTES,
23   I GOT TWO DAYS AGO, FEBRUARY.  I AM AN OWNER AND A MEMBER OF
24   THIS COMMUNITY.  IF I WANT TO ATTEND THE OPEN MEETING, THE
25   STATUTE SAYS I CAN, BUT I CHOOSE NOT TO BECAUSE I'M TRYING
26   TO STAY LOW, BUT I STILL EXPECT THE NOTICES.
```

B0432-9128 09/24/2021 11:20 PM Received by California Secretary of State

27

```
 1        THE NOTICE OF THE 2015 MINUTES THAT I GOT THE OTHER

 2   DAY SAYS THAT THEY TOOK OUT $50,000 OUT OF THE RESERVE

 3   ACCOUNT TO PAY FOR -- LET'S SEE WHAT THE QUOTE WAS -- 4476

 4   ELDER ABUSE TO BRING HER IN TO COMPLIANCE.

 5        HAVE YOU YET TO HEAR ANYTHING ABOUT THAT I'M OUT OF

 6   COMPLIANCE WITH ANYTHING?

 7        THEY TOOK OUT MONEY, ABOUT $40,000 AT THE END OF

 8   DECEMBER WITHOUT ASKING THE MEMBERSHIP, WITHOUT GETTING

 9   APPROVAL BECAUSE THEY WENT OVER THE BUDGETED AMOUNT, SO YOU

10   NEED TO GO GET 67 APPROVAL, YOUR HONOR.  I'M A MEMBER.

11        THE COURT:  LET ME ASK ONE QUESTION.

12        MS. GALLIAN:  YES, SIR.

13        THE COURT:  WHAT DOES THIS HAVE TO DO WITH THE

14   SETTLEMENT THAT YOU REACHED?

15        MS. GALLIAN:  GOOD QUESTION.

16        THE COURT:  BECAUSE THIS --

17        MS. GALLIAN:  GOOD QUESTION.

18        THE COURT:  LET ME REMIND YOU WHAT THIS HEARING IS.

19   THIS IS AN ORDER TO SHOW CAUSE --

20        MS. GALLIAN:  ABSOLUTELY.

21        THE COURT:  -- RE DISMISSAL.  WHY HASN'T THE CASE

22   SETTLED?  WE KNOW IT SETTLED.  WHY WASN'T IT CONSUMMATED?

23   WHY HASN'T THE CASE BEEN DISMISSED?

24        YOU ARE GOING BACK --

25        MS. GALLIAN:  NO.

26        THE COURT:  -- TO THE BEGINNING OF THE WHOLE CASE
```

**Notice of Lodgment - Exhibit E - Page 27 of 43**

B0432-9129  09/24/2021  11:20 PM  Received by California Secretary of State

28

```
 1   AND RELITIGATING THE WHOLE CASE.

 2           MS. GALLIAN:  I DON'T WANT TO DO THAT.

 3           THE COURT:  WHERE IS THAT DOCUMENT THAT I GAVE YOU

 4   THAT WAS FILED?

 5           MS. GALLIAN:  OH, YOUR HONOR, I THINK THAT'S --

 6           THE COURT:  IT WAS A PROPOSED STIPULATION PREPARED

 7   BY FLIER AND FLIER IN MARCH.

 8           MS. GALLIAN:  YES.  THIS IS NOT THE ONE THAT WAS --

 9   THIS IS NOT THE ONE THAT WAS FILED.  IT'S GOT A LITTLE BIT

10   OF DIFFERENCE BECAUSE, YOUR HONOR, I HAVE -- I WISH I WOULD

11   HAVE HAD IT.  I DIDN'T WANT TO OVERWHELM THE COURT, BUT I

12   WOULD LIKE TO SHOW THE STIPULATION FOR FEBRUARY 14TH WHERE

13   THE COURT DISMISSED IT.

14           THE COURT:  WAIT.  HERE'S WHAT I'M GOING TO DO.

15   I'M GOING TO DO TWO THINGS.  WE HAVE A MOTION TO CONFIRM THE

16   SETTLEMENT AND ENTER JUDGMENT UNDER THE TERMS OF THE

17   SETTLEMENT.

18           MR. KHARRAZIAN:  THAT'S CORRECT.

19           THE COURT:  THAT'S SET ON JULY --

20           MR. KHARRAZIAN:  19TH.

21           THE COURT:  JULY 19TH.

22           WE'RE GOING TO SET A TRIAL DATE --

23           MS. GALLIAN:  THANK YOU.

24           THE COURT:  -- HEREAFTER IN CASE I DENY THE MOTION,

25   WHICH BY THE WAY, BASED ON WHAT I'VE HEARD, IS A LONG SHOT.

26           I PARTICIPATED IN MANY SETTLEMENT CONFERENCES IN
```

B0432-9130 09/24/2021 11:20 PM Received by California Secretary of State

29

```
 1   THIS CASE.  I HEARD A LOT OF FACTS OF THE CASE.  I'M HEARING

 2   THE SAME FACTS AGAIN.  BUT IN CASE I DENY THE MOTION, IN

 3   CASE IT APPEARS AFTER THE SETTLEMENT THE PLAINTIFF'S COUNSEL

 4   PUSHED THEIR ADVANTAGE TOO FAR AND REQUIRED TERMS BEYOND THE

 5   TERMS OF THE SETTLEMENT; AND THEREFORE, SETTLEMENT DOCUMENTS

 6   WERE NOT PREPARED IN ACCORDANCE WITH THE STIPULATION WE PUT

 7   ON THE RECORD.

 8          MS. GALLIAN:  CORRECT.

 9          THE COURT:  AND I DENY THE MOTION, LET'S GO TO

10   TRIAL.

11          MS. GALLIAN:  CORRECT.

12          THE COURT:  OKAY.  PICK A DATE.

13          MS. GALLIAN:  MAY I -- MAY I SAY ONE THING, YOUR

14   HONOR?

15          THE COURT:  SURE.

16          MS. GALLIAN:  I OFFERED PLAINTIFF'S COUNSEL, AND I

17   SPOKE TO HIM THE OTHER DAY ON A FRIDAY AT NOON ON THE

18   TELEPHONE, AND I SAID, YOU KNOW, I WENT BACK AND READ LIKE

19   ONE OF OUR FIRST DOCUMENTS EARLY ON IN THIS CASE, AND I SAID

20   THAT I HAD SUBMITTED A 998 BEFORE THEY SUBMITTED THEIR

21   JANUARY 9TH SETTLEMENT AGREEMENT.  I SUBMITTED THE EXACT

22   SAME 998, GOOD FAITH OFFER AS MISS BRADLEY DID, AND I

23   OFFERED $10,000 JUST LIKE MISS BRADLEY DID BEFORE IT GOT WAY

24   BLOWN OUT OF PROPORTION, ALL OF THESE EXTRA TRO'S AND THIS

25   AND THAT; OKAY?  THIS HAS COST ME A LOT OF MONEY, YOUR

26   HONOR.
```

B0432-9131 09/24/2021 11:20 PM Received by California Secretary of State

30

1          THE COURT:  WHAT'S THAT HAVE TO DO WITH ME SETTING

2   A TRIAL DATE?

3          MS. GALLIAN:  BECAUSE I OFFERED THIS TO COUNSEL.

4          THE COURT:  WE KNOW THAT.

5          MS. GALLIAN:  WELL, NO.  I'M PUTTING IT ON THE

6   RECORD THAT I OFFERED IT TO HIM, AND THE REASON WHY THAT I,

7   UM, AM UPSET IS BECAUSE THESE GENTLEMEN HAVE READ --

8          THE COURT:  WHO'S "THESE GENTLEMEN"?

9          MS. GALLIAN:  SORRY?

10         THE COURT:  YOU CAN'T WAVE YOUR HANDS AND POINT TO

11  PEOPLE --

12         MS. GALLIAN:  YOU DON'T GET IT.

13         THE COURT:  -- ON THE RECORD BECAUSE WE HAVE TO

14  HAVE NAMES.

15         MS. GALLIAN:  RON PIERPORT AND BOB MCLELLAND HAVE

16  BOTH READ HIS PROPOSALS AND COMPARED IT.  YOU KNOW, THEY ARE

17  NEUTRAL PEOPLE THAT KNOW NOTHING ABOUT THIS CASE AND THE,

18  UM, RECORD.

19         CAN YOU GENTLEMEN TELL --

20         THE COURT:  NO THEY CAN'T.

21         MS. GALLIAN:  SORRY.

22         THE COURT:  WAIT A SECOND.  OKAY.  WE'RE SETTING A

23  TRIAL --

24         MS. GALLIAN:  OKAY.

25         THE COURT:  -- FOR AUGUST 6TH.

26         MS. GALLIAN:  OKAY.

B0432-9132  09/24/2021  11:20 PM Received by California Secretary of State

31

```
 1              THE COURT:  AT 8:30 A.M.

 2              MS. GALLIAN:  THANK YOU.

 3              THE COURT:  EVERYBODY HAS WORKED ON THIS CASE LONG

 4     ENOUGH.  IF IT IS NOT RESOLVED ON THE JULY 19TH HEARING OR

 5     BY YOURSELVES BEFORE THEN, WE'LL GO TO TRIAL ON AUGUST 6TH

 6     AT 8:30 A.M.; OKAY?

 7              MS. GALLIAN:  AND THE TRIAL WOULD BE BASED UPON THE

 8     ORIGINAL CIVIL ACTION?

 9              THE COURT:  THE TRIAL IS BASED ON THE PLEADINGS IN

10     THIS CASE.  WE'RE NOT TRYING THE DOMESTIC VIOLENCE

11     RESTRAINING ORDER.

12              MS. GALLIAN:  NO.  NO.  NO.

13              THE COURT:  WE ARE TRYING THIS LAWSUIT.

14              MS. GALLIAN:  RIGHT.

15              THE COURT:  THE CLAIM THAT YOU HAVE VIOLATED THE

16     CC&R'S AND WHERE YOU SAY THE WHOLE --

17              MS. GALLIAN:  OKAY.

18              THE COURT:  -- HOA IS DEFECTIVE.

19              MS. GALLIAN:  YOUR HONOR, I DID NOT SAY THAT.  I

20     ASKED FOR CLARIFICATION OF MY RIGHTS AS A PROPER OWNER.  I

21     ASKED FOR DECLARATORY RELIEF EARLY ON IN THIS CASE.  I AM

22     NOT CRITICIZING THEM.  I HAVE NO PROBLEM WITH SAYING I WAS

23     WRONG, NONE.  BUT NOBODY, ESPECIALLY THE PEOPLE THAT ARE

24     SUPPOSED TO KNOW WHAT'S GOING ON CAN ANSWER THE QUESTION.

25              THE COURT:  OKAY.  YOU HAVE A RIGHT TO BRING UP

26     YOUR AFFIRMATIVE DEFENSES.
```

B0432-9133 09/24/2021 11:20 PM Received by California Secretary of State

32

```
 1          MS. GALLIAN:  THANK YOU.

 2          THE COURT:  ALL THE CLAIMS THAT YOU'VE MADE.

 3          MS. GALLIAN:  THANK YOU.

 4          THE COURT:  AND WE'LL TRY THE CASE.

 5          MR. KHARRAZIAN:  YOUR HONOR, AGAIN, I ENCOURAGE

 6   MISS GALLIAN.  I SENT HER WORD DOCUMENTS OF THE SETTLEMENT

 7   AGREEMENT AND STIPULATION.  IF SHE HAS ANY ISSUES TO ANY

 8   LANGUAGE, RED LINE IT, SEND IT BACK, MAYBE SIGN THE

 9   DOCUMENTS PRIOR TO THE JULY 19TH HEARING.

10          MS. GALLIAN:  I BELIEVE THE 998 --

11          MR. KHARRAZIAN:  AND LET'S GET THIS RESOLVED.

12          MS. GALLIAN:  WHAT MISS BRADLEY GOT IS TOTALLY

13   ACCEPTABLE TO ME AND I HAVE NO PROBLEM WRITING THE CHECK,

14   YOUR HONOR, IF THEY DON'T ADD ALL THE OTHER CRAP BEFORE WE

15   ACTUALLY TRIED THIS.

16          THE COURT:  WE HAD A SETTLEMENT CONFERENCE AND A

17   SETTLEMENT WAS REACHED WITH CERTAIN TERMS THAT WE PLACED ON

18   THE RECORD.  ALL THEY ARE SAYING IS THEY WANT TO PREPARE A

19   SETTLEMENT AGREEMENT CONSISTENT WITH THE TERMS OF THE

20   RECORD.

21          MS. GALLIAN:  YOUR HONOR, I FILED MY MOTION UNDER

22   473 TODAY.

23          THE COURT:  I'M JUST TELLING YOU THEY --

24          MS. GALLIAN:  THANK YOU.

25          THE COURT:  -- SAY IF YOU GUYS CAN WORK THAT OUT,

26   HE'S RED LINED SOME THINGS, YOU CAN RED LINE SOME THINGS,
```

B0432-9134 09/24/2021 11:20 PM Received by California Secretary of State

1   AND SEND THEM BACK IN A WORD DOCUMENT AS TO HOW YOU WANT THE

2   TERMS OF THE SETTLEMENT TO READ.  THAT IS ALL I'M SAYING.

3           MS. GALLIAN:  RIGHT.

4           THE COURT:  BECAUSE IF THAT'S NOT DONE BY

5   JULY 19TH, I'M GOING TO HEAR THE MOTION TO ENTER JUDGMENT.

6           MS. GALLIAN:  YOU JUST SAID TRIAL.

7           THE COURT:  SO --

8           MS. GALLIAN:  YOU JUST SAID TRIAL.

9           THE COURT:  NO.  I SAID IF THE MOTION IS DENIED.

10          MS. GALLIAN:  YES, SIR.

11          THE COURT:  MY FOLLOWING PHRASE WAS WHICH IS A LONG

12  SHOT BASED ON WHAT I'VE HEARD.

13          MS. GALLIAN:  YOUR HONOR, I -- I WOULD ASK THAT

14  COUNSEL, OKAY, IT'S -- THE REASON YOU MEDIATE, OKAY, IS

15  BECAUSE YOU KNOW NEITHER PERSON IS RIGHT, SO IT'S A NEUTRAL

16  LINE; OKAY?  BUT DON'T -- DON'T -- AND THIS IS WHAT THE

17  PROBLEM WAS.  DON'T TRY THE CASE ON HIS MATERIAL FACTS.

18          THE COURT:  HOLD ON.

19          MS. GALLIAN:  AND DON'T EXPECT ME TO AGREE WITH IT.

20  NO, I'M NOT GOING TO AGREE TO THAT.

21          THE COURT:  I JUST SAID --

22          MS. GALLIAN:  THANK YOU.

23          THE COURT:  -- IF WHAT THE PLAINTIFF'S COUNSEL HAS

24  SUBMITTED TO YOU IN THE SETTLEMENT DOCUMENTS IS OVERREACHING

25  AND BEYOND THE TERMS OF THE SETTLEMENT WE AGREED TO ON THE

26  RECORD, THEN THEY LOSE THEIR SETTLEMENT AND YOU GO TO TRIAL.

B0432-9135 09/24/2021 11:20 PM Received by California Secretary of State

34

```
 1          MS. GALLIAN:  AND I TOLD HIM THIS SINCE APRIL 7TH.
 2   SO HERE WE ARE IN JUNE AND STILL ARGUING ABOUT IT.  IT TOOK
 3   US ALL TO COME HERE AND TELL YOU THAT?
 4          THE COURT:  IT'S SIMPLE.
 5          MS. GALLIAN:  EXACTLY, IT'S SIMPLE.
 6          THE COURT:  THERE'S IS A STIPULATION BETWEEN THE
 7   PARTIES.
 8          MS. GALLIAN:  LET'S SIGN THIS.  THIS IS THE RECORD.
 9   YOU SAID WE COULD USE THE EXACT SENTENCES IN HERE.  LET'S
10   SIGN THIS.
11          MR. KHARRAZIAN:  WE'LL AGREE TO THAT, YOUR HONOR.
12          MS. GALLIAN:  OKAY.  LET'S DO THAT.
13          MR. KHARRAZIAN:  THE RECORD THAT WE -- WE PUT THE
14   SETTLEMENT ON THE RECORD ON MARCH 2ND.
15          MS. GALLIAN:  RIGHT HERE.
16          THE COURT:  YOU'LL SIGN IT?  THEN SIGN IT.  LET'S
17   BE DONE.
18          MR. KHARRAZIAN:  IF THAT'S WHAT IT TAKES.
19          THE COURT:  YOU CAN USE MY JURY ROOM.  GO AHEAD.
20          MS. GALLIAN:  THANK YOU.
21          MS. RADMACHER:  WE HAVE A COUPLE OF ITEMS, YOUR
22   HONOR, TO CLARIFY WHICH IS A MOTION TO TAX THAT WAS ON
23   CALENDAR TODAY.
24          THE COURT:  WAIT A SECOND NOW.
25          MR. KHARRAZIAN:  YES.
26          THE COURT:  LET ME TELL YOU SOMETHING.  I KNOW WE
```

B0432-9136 09/24/2021 11:20 PM Received by California Secretary of State

35

1    LEARNED A LOT OF PROCEDURES AND TACTICS AND LAW WHEN WE GO

2    TO LAW SCHOOL, BUT BEFORE ANYONE GETS SWORN IN, THEY SHOULD

3    HAVE COMMITTED TO MEMORY THE MOST IMPORTANT LESSON THAT'S

4    LEARNED EVERYDAY.  IT'S THE LESSON OF WALL STREET.

5         MS. GALLIAN:  THAT'S RIGHT.

6         THE COURT:  BULLS GET RICH, BEARS GET RICH, THE

7    HOGS GET SLAUGHTERED.

8         MS. GALLIAN:  THAT'S RIGHT.

9         THE COURT:  IT HAPPENS TO EVERYBODY WHO GETS

10   GREEDY.

11        SO YOU ENTERED INTO A SETTLEMENT.  WE PUT THE TERMS

12   ON THE RECORD.

13        MS. GALLIAN:  I AGREE.

14        THE COURT:  IF THE DEFENDANT WANTS TO ADD SOME

15   TERMS TO HER BENEFIT BEYOND WHICH YOU AGREED TO AND GETS

16   GREEDY, SHE MIGHT LOSE.  THE SAME GOES FOR THE PLAINTIFF.

17   IF YOU ARE TRYING TO ADD TERMS TO THE SETTLEMENT OR

18   STIPULATIONS THAT WEREN'T IN THE SETTLEMENT AGREEMENT THAT

19   WE PUT ON THE RECORD, YOU LOSE YOUR SETTLEMENT.

20        MS. GALLIAN:  THANK YOU.

21        THE COURT:  AND WE HAVE A TRIAL.

22        SO ALL I'M SAYING IS THE PARTIES CAN GET TOGETHER

23   AND AGREE ON A SETTLEMENT.

24        MS. GALLIAN:  THANK YOU.

25        THE COURT:  NOW, THERE IS ANOTHER MATTER ON A

26   MOTION TO STRIKE COSTS.

B0432-9137 09/24/2021 11:20 PM Received by California Secretary of State

36

```
 1            MS. GALLIAN:  IT'S MY COSTS, YOUR HONOR.

 2            THE COURT:  THAT'S ONLY AFTER WE HAVE A SETTLEMENT.

 3            MS. GALLIAN:  THANK YOU.

 4            THE COURT:  IT'S MOOT UNTIL WE HAVE A SETTLEMENT.

 5            MS. RADMACHER:  IT IS UNRELATED.  IT MAY BE MOOT IF

 6    THERE IS A SETTLEMENT.

 7            YOUR HONOR, ON THE CROSS-COMPLAINT THAT HAD BEEN

 8    FILED BY MISS GALLIAN WHICH I WAS DEFENDING, THE ASSOCIATION

 9    UNIT OWNERS WHICH WAS DISMISSED, AND WE STILL HAVE THIS SORT

10    OF HANGING OUT THERE.  WHAT I PROPOSE IS WE CONTINUE A

11    HEARING ON THE MOTION TO TAX UNTIL THE 19TH.

12            THE COURT:  OKAY.

13            MS. RADMACHER:  WHEN WE COME BACK IF WE HAVE NOT

14    REACHED A SETTLEMENT -- IF THE SETTLEMENT IS CONSUMMATED,

15    THE MOTION GOES AWAY.

16            THE COURT:  IF YOU DON'T SIGN THE TRANSCRIPT OF THE

17    SETTLEMENT AGREEMENT TOGETHER HERE, BOTH MOTIONS WILL BE ON

18    THE 19TH.

19            MS. GALLIAN:  YOUR HONOR, TWO THINGS TODAY.

20            THE COURT:  WAIT A SECOND.  NO.  I THINK WE'RE DONE

21    BECAUSE YOU HAVE A VERY VALID AND I THINK APPROPRIATE

22    PROPOSAL.  IF THE LAWYERS CAN'T AGREE ON THE SETTLEMENT

23    TERMS, JUST SIGN, EVERYBODY PUT ON THE RECORD AND AGREE TO

24    THE SETTLEMENT AGREEMENT.

25            MS. GALLIAN:  THAT'S MY SUGGESTION.

26            THE COURT:  I'M GOING TO ORDER YOU ALL AND ALL THE
```

B0432-9138 09/24/2021 11:20 PM Received by California Secretary of State

37

1   CLIENTS TO GO IN THE JURY ROOM.

2          MS. GALLIAN:  THANK YOU.

3          THE COURT:  IF YOU ARE WILLING TO SIGN THAT, WE'LL

4   HAVE A SETTLEMENT.

5          MS. GALLIAN:  OKAY.

6          THE COURT:  AND THEN THE ORDER TO SHOW CAUSE

7   REGARDING SETTLEMENT CAN ACTUALLY BE THE SETTLEMENT, NOT ALL

8   THIS OTHER TANGENTAL STUFF.

9          MS. GALLIAN:  YES, YOUR HONOR.

10          ARE WE COMING BACK HERE ONCE IT'S SETTLED?

11          THE COURT:  THAT'S WHY I PUT PEOPLE IN THE JURY

12   ROOM.  THEY CAN'T GO HOME UNTIL THEY PASS ME; OKAY?

13          I'LL SEE YOU THEN.

14          MR. KHARRAZIAN:  THANK YOU, YOUR HONOR.

15          THE COURT:  SO THAT MEANS, REMEMBER, COUNSEL FOR

16   PLAINTIFFS, I KNOW THERE WERE OTHER CASES PENDING, AND IT

17   WAS AGREED THAT EVERYBODY WILL DISMISS THE INDIVIDUAL CASES.

18          MR. KHARRAZIAN:  RIGHT.

19          THE COURT:  OKAY.  THAT'S AN IMPORTANT TERM.  IF

20   SOMEONE GOES OUT AND FILES A NEW CASE, THAT COULD VIOLATE

21   THE TERMS OF THE SETTLEMENT SO BE CAREFUL.

22          MR. KHARRAZIAN:  THE CASES THAT WE AGREED TO

23   DISMISS WERE DISMISSED THAT VERY SAME DAY, YOUR HONOR.

24          THE COURT:  VERY GOOD.

25          MR. KHARRAZIAN:  IF YOU RECALL, WE SPECIFICALLY

26   CARVED OUT THAT SMALL CLAIMS OVER THE LIGHT BULB ISSUE.

**Notice of Lodgment - Exhibit E - Page 37 of 43**

B0432-9139 09/24/2021 11:20 PM Received by California Secretary of State

38

```
 1          THE COURT:  AS LONG AS IT'S THE TERMS OF THE

 2   AGREEMENT.

 3          MR. KHARRAZIAN:  YES.

 4          THE COURT:  I'M JUST SAYING IF YOU ARE TRYING TO

 5   PRESS YOUR ADVANTAGE, BE CAREFUL.

 6          MR. KHARRAZIAN:  WE'RE JUST NOT GOING TO DISMISS

 7   THE WORKPLACE VIOLENCE TRO WITHOUT A STIPULATION IN PLACE.

 8          THE COURT:  OKAY.  IF SHE SIGNS A STIPULATION.

 9          MS. RADMACHER:  BUT IT CHANGES THE TERMS.

10          THE COURT:  HERE'S HER SIGNATURE.

11          I WILL GIVE THIS BACK TO YOU, MISS GALLIAN.  YOU

12   CAN APPROACH.

13          MS. GALLIAN:  THANK YOU, YOUR HONOR.  THANK YOU

14   VERY MUCH, SIR.

15          THE COURT:  OKAY.  BUT YOU HAVE THAT SIGNED.

16          MS. RADMACHER:  IT CHANGES THE TERMS, YOUR HONOR.

17          MR. KHARRAZIAN:  IT DOESN'T COVER THE TERMS OF THE

18   WORKPLACE VIOLENCE TRO.  IT IS NOT EVEN CLOSE.  I CUT AND

19   PASTED FROM THE TRO AND PUT IT IN MY VERSION.  IT IS NO

20   WHERE NEAR THAT.

21          THE COURT:  YOU WANT HER TO SELL HER CONDOMINIUM

22   AND MOVE?  SHE AGREED TO DO THAT.

23          MR. KHARRAZIAN:  SHE WON'T.

24          THE COURT:  YOU WANT TO GET HER FIRED FROM UNITED

25   AIRLINES?

26          MR. KHARRAZIAN:  THAT'S NOT CORRECT, YOUR HONOR.
```

B0432-9140 09/24/2021 11:20 PM Received by California Secretary of State

39

```
 1   WE HAVEN'T ADDRESSED THE MERITS TODAY.

 2          MS. GALLIAN:  I HAVE A RESPONSE TO ALL THAT.  I DID

 3   NOT ARGUE THAT BECAUSE WE HAVE TO COME BACK BECAUSE EVERY

 4   TIME I'M OUT THERE, I CAN FILL UP A TRASH CAN FULL OF WEEDS

 5   AND LEAVES EVERY SATURDAY, THEN OBVIOUSLY SOMEBODY IS NOT

 6   DOING THEIR JOB, AND I CAN'T HAVE IT LOOKING MESSY IF I'M

 7   TRYING TO SELL IT.

 8          THE COURT:  YES, I UNDERSTAND.

 9          OKAY.  LET ME TELL YOU IF MISS GALLIAN IS WILLING

10   TO SIGN THE ACTUAL TRANSCRIPT OF THE SETTLEMENT AGREEMENT

11   THAT WAS PUT ON THE RECORD, THAT MAKES ME QUESTION YOUR

12   MOTION TO ENTER A JUDGMENT.

13          MR. KHARRAZIAN:  WE WERE NOT AWARE SHE WAS GOING TO

14   DO THAT, YOUR HONOR.

15          THE COURT:  THAT SHE WON'T FULFILL WHEN IT APPEARS

16   MAYBE YOU WANT TO ADD NEW TERMS.

17          MR. KHARRAZIAN:  THAT IS NOT THE CASE, YOUR HONOR.

18   IT IS NEWS TO US SHE IS WILLING TO SIGN THAT AND IT NEVER

19   COME UP BETWEEN THE PARTIES.

20          THE COURT:  WELL, IF BOTH SIGN IT, WE'LL BE FINE.

21          MR. KHARRAZIAN:  WE'LL DISCUSS THAT, YOUR HONOR.

22   THANK YOU.

23          THE COURT:  GO AHEAD AND HAVE A CONFERENCE WHILE I

24   TALK TO OUR OTHER CASES.

25          MS. GALLIAN:  THANK YOU.

26          (DISCUSSIONS WERE HAD IN THE JURY ROOM OFF THE
```

B0432-9141 09/24/2021 11:20 PM Received by California Secretary of State

40

```
1    RECORD.)
2                        (END OF PROCEEDINGS.)
3                              *  *  *
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

Notice of Lodgment - Exhibit E - Page 40 of 43

B0432-9142 09/24/2021 11:20 PM Received by California Secretary of State

1    STATE OF CALIFORNIA )
                         )    SS.
2    COUNTY OF ORANGE    )

3

4

5

6                    REPORTER'S CERTIFICATE

7

8

9          I, DARCI MULLARKY, CSR NO. 5569, OFFICIAL CERTIFIED

10   COURT REPORTER IN AND FOR THE SUPERIOR COURT OF THE STATE OF

11   CALIFORNIA, COUNTY OF ORANGE, DO HEREBY CERTIFY;

12          THAT THE FOREGOING TRANSCRIPT IS A FULL, TRUE AND

13   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A FULL,

14   TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID

15   CAUSE.

16

17          DATED THIS 11th DAY OF _____July_____, 2019.

18

19

20

21          _____Darci Mullarky_____
            DARCI MULLARKY, CSR NO. 5569
22          COURT REPORTER

23

24

25

26

STATE OF CALIFORNIA )
                   )  SS.
COUNTY OF ORANGE   )




                    REPORTER'S CERTIFICATE


     I, DARCI MULLARKY, CSR NO. 5569, OFFICIAL CERTIFIED

COURT REPORTER IN AND FOR THE SUPERIOR COURT OF THE STATE OF

CALIFORNIA, COUNTY OF ORANGE, DO HEREBY CERTIFY;

     THAT THE FOREGOING TRANSCRIPT IS A FULL, TRUE AND

CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A FULL,

TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID

CAUSE.


     DATED THIS____DAY OF _____, 2018.




     _____
     DARCI MULLARKY, CSR NO. 5569
     COURT REPORTER

B0432-9143 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9144 09/24/2021 11:20 PM Received by California Secretary of State

DARCI MULLARKY, CSR NO. 5569

COURT REPORTER
8181 CAPE HOPE CIRCLE, #205
HUNTINGTON BEACH, CALIFORNIA  92646
(714) 742-5216
DLAKINCSR@YAHOO.COM

I N V O I C E

DATE:      JUNE 7, 2018

TO:        EPSTEN GRINNELL & HOWELL
           BY:  PEJMAN KHARRAZIAN, ESQ.

RE:        EXPEDITED TRANSCRIPT
           JUNE 4, 2018

CASE:      HUNTINGTON BEACH VS. GALLIAN
           CASE NO. 30-2017-00913985

JUDGE:     JAMES L. CRANDALL, DEPT C33


           EXPEDITED TRANSCRIPT     $ 190.00
           (PDF)


           TOTAL DUE                $ 190.00


     PLEASE MAKE CHECK PAYABLE TO ABOVE-NAMED
REPORTER AND MAIL TO THE ADDRESS ABOVE.



                    THANK YOU!


                    DARCI MULLARKY



NOTICE:  BY ORDERING A TRANSCRIPT, YOU ARE AGREEING
TO ABIDE BY THE PROVISIONS OF GOVERNMENT CODE
SECTION 69954(D), WHICH PROHIBITS THE PROVIDING OR
SELLING OF A COPY OR COPIES TO ANY OTHER PARTY OR
PERSON OF SAID TRANSCRIPT.

43

34

1        MS. GALLIAN:  ABSOLUTELY.

2        THE COURT:  SO YOU'VE ALL SAVED A LOT OF MONEY

3   BY GETTING THIS CASE RESOLVED TODAY, SO THANK YOU ALL.

4

5              (PROCEEDINGS CONCLUDED)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

B0432-9145 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9146 09/24/2021 11:20 PM Received by California Secretary of state

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/01/2018          TIME: 01:30:00 PM          DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: Larry S Brown
REPORTER/ERM: Karen A. Hutchison CSR# 6664
BAILIFF/COURT ATTENDANT: Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Contract - Other

---

EVENT ID/DOCUMENT ID: 72879502

**EVENT TYPE**: Motion to Be Relieved as Counsel of Record
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Motion to Be Relieved as Counsel of Record, 08/28/2018

EVENT ID/DOCUMENT ID: 72909590

**EVENT TYPE**: Motion for Attorney Fees
MOVING PARTY: Ted Phillips, Lindy Beck, The Huntington Beach Gables Homeowners Association,
Jennifer Paulin, Lee Gragnano, Janine Jasso, Lori Burrett
CAUSAL DOCUMENT/DATE FILED: Motion for Attorney Fees, 08/07/2018

---

**APPEARANCES**
Joyce J. Kapsal, from Epsten Grinnell & Howell, APC, present for Cross - Defendant,Plaintiff(s)
telephonically.
Brenda K. Radmacher, from Gordon & Rees LLP, present for Cross - Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present telephonically.

1. DAVID R. FLYER'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD FOR DEFENDANT
JAMIE L. GALLIAN

The Motion to be Relieved is ordered **off calendar**. A substitution of attorney was filed on 10/05/2018.

2. CROSS-DEFENDANTS LEE GRAGNANO, TED PHILLIPS, LINDY BECK, JENNIFER PAULIN,
JANINE JASSO AND LORI BURRETT FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Tentative Ruling posted on the Internet as follows:

**Timeliness:** A motion for attorney's fees must be made within the time for filing an appeal. See CRC
3.1702 & 8.104. This rule requires a notice of appeal be filed not more than 60 days of service by the
clerk of a notice of entry of judgment, or a file stamped copy of the judgment; or not more than 60 days
after a party serves a notice of entry of judgment or a file stamped copy of the judgment; or 180 days
after entry of judgment. CRC 8.104(a)(1)(A) – (C).

---

DATE: 11/01/2018                              Page 1
DEPT: C33                MINUTE ORDER

Calendar No.

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

The court sustained Cross-Defendants Lee Gragnano's, Ted Phillips', Lindy Beck's, & Lori Burrett's demurrers to the Cross-Complaint on 10/26/17, granting Cross-Complainant Gallian twenty days leave to amend. Notice of the court's ruling was given by mail on 10/30/17. A formal ordered issued on 11/20/17. Cross-Complainant ultimately dismissed the Cross-Complaint against Cross-Defendants, Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, & Lori Burrett on 12/27/17.

A voluntary dismissal is a "judgment" within the meaning of the above rule. Thus, where an action is voluntarily dismissed prior to trial, the time limit for an attorney fees motion is 60 days after notice of entry of the dismissal. *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 429; but see *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 706 [dictum suggesting CRC 3.1702(b) not applicable to voluntary dismissals, hence no time limit on motion for fees].

Notice of entry of the dismissal was given by mail on 01/31/18 by mail. (ROA 01/31/18). 65 days (service by mail) from 01/31/18 was 04/06/18. This motion was filed on 08/07/18, after the expiration of the sixty day period to file a motion for attorney's fees. Thus, the Cross-Defendant's motion is arguably untimely, as urged by Cross-Complainant.

That having been said, the parties placed a global settlement on the record on 03/02/18, before the expiration of time to file an attorney's fees motion based upon dismissal of the Cross-Complaint. The 03/02/18 settlement included an agreement by the individual Board members to waive their rights to recover attorney's fees from Cross-Complainant, Gallian. (*Radmacher Reply Dec. ¶ 2*).

A subsequent motion by Plaintiff to compel entry of judgment per the settlement was opposed by cross-complainant. The motion was denied by the court on 07/19/18. (*ROA 442*). This motion followed roughly 20 days later. Since cross complainant opposed the motion to confirm the settlement she was on notice that the waiver of attorney fees would die with the settlement.

Additionally, CRC 3.1702(d) allows the court to extend the time to file an attorney's fees motion upon a showing of good cause. The global settlement before the deadline to file the motion and subsequent failure of the settlement constitutes good cause for an extension of time extension to hear the motion.

**Lack of Standing.** Cross-Complainant's Opposition inexplicably raises an argument that the Cross-Defendants "lack standing" to recover legal fees. This is purportedly based upon an argument that there is no competent evidence that the Cross-Defendants own separate interests in the Project, citing *Farber v. Bay View Terrace Homeowner's Association* (2006) 141 Cal.App.4th 1007, 1011. *Farber* involved an action by the seller of a condominium who brought an action against the owner's association after he had sold the condominium, claiming that the HOAS failed to make repairs. The DCA found that as a non-owner, the Plaintiff lacked standing to sue the HOA, absent a showing that the CC&Rs authorized a non-owner to bring an action to enforce the covenants.

Additionally, evidence in support of the motion shows that Ms. Gallian specifically represented to Cross-Defendant's counsel in an e-mail discussing the Cross-Complaint that:

"Lastly, I believe that each individual included in the Cross-Complaint is and was a homeowner first. Therefore each of the individuals is very aware [of] all of the Governing Documents are intended to be adhered to by each and every homeowner as well as their role serving as a Board Member. " (*Hawley Dec. Exh. A*).

---

DATE: 11/01/2018                    MINUTE ORDER                              Page 2
DEPT:  C33                                                              Calendar No.

B0432-9147 09/24/2021 11:20 PM Received by California Secretary of State

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

Having expressly asserted that the Cross-Defendants **are** homeowners, and the Cross-Defendants spending 6 months or more defending the Cross-Complaint on that basis, the Cross-Complainant is estopped from now arguing that the Across-Defendants are not unit owners in the project.

Cross-Defendants counter that Civ. Code § 5975(c) provides that in any action to enforce the governing documents, the prevailing party shall recover their legal fees. Looking to the pleadings, there is no question but that The Gables Association complaint is an action to enforce the governing documents. (FAC ¶¶ 9-60). The Cross-Complaint against the Cross-Defendants seeks indemnity against the Cross-Defendants arising from the Plaintiff's complaint & FAC. (Cross-Complaint ¶¶ 4-5). Thus, Ms. Gallian's Cross-Complaint also involves the enforcement of the governing documents for the Project and apportioning responsibility for any breaches of the governing documents. *Farber v. Bay View Terrace HOA* (2006) 141 Cal.App.4th 1007, 1012 [cross-complaint for indemnity based upon an enforcement complaint was part of enforcement action for purposes of award of fees].

Civ. Code § 5975(a) provides that the CC&Rs may be enforced by an owner of a separate interest, or by the association, or by both. Subsection (b) allows enforcement of other, non-recorded governing documents, such as Rules & Regulations, by an owner of a separate interest, or by the association.

Unlike the preceding two subsections, the application of subsection (c) is not limited to owners of separate interests, or the association, but states that "the prevailing party" shall be entitled to an award of attorney's fees and costs. Had the Legislature wanted to limit such recoveries to owners or an association, it could have done so (having limited the two preceding subsections of the statute to owners of separate interests, or the association). If there is no ambiguity in the language, the court is to presume that the legislature meant what it said, and the plain meaning of the statute governs. *Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047.

Cross-Complainant cites a series of appellate opinions which ultimately did not support her argument of lack of standing. *Almanor v. Kakeside Villas* is cited for the proposition that only the HOA could recover fees, not board members. The board members were not parties to the lawsuit in *Almanor*.

*Salehi v. Surfside III Condominium Owner's Association*, cited for the same proposition, also did not have the Board members as parties. *Rancho Mirage Country Club HOA v. Hazelbaker* again did not involve Board members as parties to the litigation.

*Salawy v. Ocean Towers Housing Corp.* again did not involve Board members and the court determined that the action in which the fees was awarded was not an enforcement action. The other cited appellate opinions also are not based upon facts involving board members and standing to recover attorney's fees.

Because the statute entitling Cross-Defendants to an award of attorney's fees is not ambiguous, and is not limited to owners or the association, the Cross-Defendants, who were undisputedly parties in this action, have standing to pursue a claim for attorney's fees under Civ. Code § 5975(c).

**MERITS:**

---

DATE: 11/01/2018                 MINUTE ORDER                      Page 3
DEPT:  C33                                                       Calendar No.

B0432-9148 09/24/2021 11:20 PM Received by California Secretary of State

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

**Burden of Proof.** A party seeking an award of fees has the burden of establishing entitlement to an award, and of documenting the appropriate hours spent, and the hourly rates. *569 E. County Blvd. LLC v Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 432; *Lunada Biomedical v Nunez* (2014) 230 Cal.App.4th 459, 486.

Civ. Code § 5975(c) provides:
"(c) In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs."

To determine whether an action is one to enforce the governing documents, the court must determine the gravamen of the complaint, nature of the dispute and relief sought. *Rancho Mirage Country Club Homeowners Association v. Hazelbaker* (2016) 2 Cal.App.5th 252, 259-60.

The Cross-Complaint sought indemnity, apportionment of fault and declaratory relief based upon the Association's action against her for violation of the Project's CC&Rs and Rules. (See Cross-Complaint ¶ 3-16 (ROA 45); FAC ¶¶ 9-60) (ROA 10).

Ms. Gallian's Cross-Complaint sought indemnity from the Cross-Defendants, claiming that "If Plaintiff sustained damages or is entitled to relief as alleged in its First Amended Complaint, the damages and/or entitlement to relief were caused entirely, or in part, by Cross-Defendants." (Cross-Complaint, ¶ 5). In other words, the Cross-Complaint alleges that the Cross-Defendants and not the Plaintiff, violated the CC&Rs as alleged the FAC. This is an enforcement action, and Cross-Defendants are entitled to attorney's fees under Civ. Code § 5975(c), provided they can show that they were prevailing parties.

**Prevailing Party.** For purposes of an award of costs, a defendant who obtains a dismissal of the action is determined to be the prevailing party. CCP § 1032(a)(4). In this case, the Cross-Defendants achieved their litigation objective, a dismissal of the Cross-Complaint against them with prejudice.

The court therefore finds that Cross-Defendants are the prevailing parties as to the Cross-Complaint and are entitled to an award of attorney's fees pursuant to Civ. Code § 5975(c).

**Amount of Attorney's Fees.** Courts apply a lodestar method to calculate reasonable attorney's fees. *Meister v. U.C. Regents* (1998) 67 Cal.App.4th 437, 448-449. The court determines a lodestar figure based on a careful compilation of the time spent and reasonable hourly compensation of each attorney involved. *Serrano v. Priest* (1977) 20 Cal.3d 25. A reasonable fee is determined in the trial court's discretion. *PLCM Group v. Drexler* (2000) 22 Cal.4th 1084. The trial court is uniquely suited to determine the value of the services rendered. *In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 870.

To determine reasonable attorney's fees, the Court should consider the nature of the litigation, its difficulty, the amount involved, the skill required and employed in handling the matter, the attention given, the success of the attorney's efforts, the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed. *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659 [disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53].

**Counsel's Hourly Rate:** Counsel declares that his and his co-counsel charged hourly rate in this matter was $295.00. (*Hawley Dec. ¶¶ 6-8*). As $300.00 an hour is pretty much reasonable as a matter of law,

B0432-9149 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9150 09/24/2021 11:20 PM Received by California Secretary of State

CASE TITLE: The Huntington Beach Gables       CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

the hourly rate is justified.

The Opposition does not address counsel's hourly rate, and only attacked entitlement to an award of attorney's fees, as discussed above. Based upon the foregoing, counsel's hourly rate is justified

**Hours Claimed.** Counsel for Cross-Defendant claim a total of 160.6 hours in the defense of the individual Board members, for a fees amount of $43,377.00 in attorney's fees. (*Hawley Dec. ¶ 11*).

It was seven months of litigation between the filing of the cross-Complaint and notice of entry of dismissal. Cross-Defendants present evidence that they had to engage in significant discovery to attempt to ascertain the factual basis for the Cross-Complainant's claims against the board members. (*Hawley Dec. ¶¶ 2-4, Exh. A-D*). Cross-Defendant's counsel presents billing statements to back up the claims. (*Id. Exh. F*). While the extreme redaction precludes the possibility that some of the entries are not related to the defense of the Cross-Complaint, for the most part, the entries clearly do apply to the defense. There is no improper block billing, and the time entries appear commensurate to the tasks listed.

As for the attorney's fees motion, this time can be recovered, but 10.4 hours for the pro forma motion and short Reply is too much. (*Hawley Dec. ¶ 11*). The court reduces the total hours by at least four hours on this particular motion.

As noted above, the Opposition completely ignores the billing records and hourly rates of counsel. In challenging an attorney's fees request, the burden falls upon the challenging party to point to specific items challenged, with arguments and citation to evidence. General claims that fees are excessive insufficient. *Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association* (2008) 163 Cal.App.4th 550, 564. Here Cross-Complainant fails to even argue that the fees claimed are excessive.

A party cannot litigate tenaciously and then be heard to complain about the time incurred. *Peak-Las Positas Partners v. Bollag* (2009) 172 Cal.App.4th 101, 114.

The total amount of attorney's fees sought appears to be reasonable, especially as Cross-Complainant has not challenged the same, thus **the court finds that 156.4 hours were reasonably and necessarily incurred in the defense of the Cross-Complaint, for an attorney's fees award of $46,138.00.**

Costs per timely memorandum of costs.

Moving party to give notice. (***End of posted tentative***)


The Court hears argument from counsel. Defendant Jamie L. Gallian informs the court she was recently hospitalized.

The Court **modifies** the tentative ruling as follows:

Cross-Defendants' Motion for an Award of Attorneys' Fees and Costs is **continued to 11/08/2018** at 1:30 PM in Department C33, due to Ms. Gallian's medical condition.

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

No further briefing is permitted. The Court orders the parties to meet and confer regarding settlement.

Parties waive notice.

DATE: 11/01/2018                    MINUTE ORDER                    Page 6
DEPT: C33                                                          Calendar No.

B0432-9151 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9152 09/24/2021 11:20 PM Received by California Secretary of state

1         SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF ORANGE

3         CENTRAL JUSTICE CENTER - DEPARTMENT C33

4

5

6  THE HUNTINGTON BEACH GABLES    )
    HOMEOWNERS ASSOCIATION, A      )
7  CALIFORNIA NONPROFIT MUTUAL    )
    BENEFIT CORPORATION,         )
8                          )
      PLAINTIFF,            )
9                          )
        VS.             )  NO. 30-2017-00913985
10                         )
   SANDRA L. BRADLEY, ET AL.,     )
11                         )
     DEFENDANTS.           )
12  _____)
                         )
13  AND RELATED CROSS-ACTIONS.     )
    _____)

14

15     THE HONORABLE JAMES L. CRANDALL, JUDGE PRESIDING

16            REPORTER'S TRANSCRIPT

17            NOVEMBER 1, 2018

18

19  APPEARANCES OF COUNSEL:

20    FOR PLAINTIFF:     EPSTEN GRINNELL & HOWELL, APC
    (COURTCALL)        BY: JOYCE J. KAPSAL, ESQ.
21

22    FOR CROSS-         GORDON & REES
    DEFENDANTS:        BY:  BRENDA K. RADMACHER, ESQ.

23    FOR DEFENDANT     JAMIE L. GALLIAN
    JAMIE L. GALLIAN:  IN PROPRIA PERSONA
24    (COURTCALL)

25

26        KAREN A. HUTCHISON, CSR #6664
      APPROVED COURT REPORTER PRO TEMPORE

B0432-9153 09/24/2021 11:20 PM Received by California Secretary of State

202

```
 1              SANTA ANA, CALIFORNIA - THURSDAY, NOVEMBER 1, 2018

 2                      AFTERNOON SESSION

 3              (THE FOLLOWING PROCEEDINGS WERE HELD IN

 4              OPEN COURT:)

 5

 6              THE COURT:  NUMBER 11, HUNTINGTON BEACH GABLES

 7    HOMEOWNERS ASSOCIATION VERSUS BRADLEY.

 8              MS. KAPSAL:  JOYCE KAPSAL APPEARING ON BEHALF OF

 9    THE ASSOCIATION ON COURTCALL, YOUR HONOR.

10              THE COURT:  GOOD AFTERNOON.

11              MS. RADMACHER:  BRENDA RADMACHER OF GORDON & REES,

12    YOUR HONOR, APPEARING TODAY ON BEHALF OF THE MOVING

13    PARTIES, THE INDIVIDUAL BOARD MEMBERS.  I DON'T THINK I

14    NEED TO NAME THEM ALL FOR THE RECORD.

15              THE COURT:  NO, WE HAVE IT.  IT'S IN MY TENTATIVE

16    TOO.

17              MS. RADMACHER:  IT IS.

18              THE COURT:  WE DID GET A CALL FROM MS. GALLIAN,

19    WHO SAID SHE WANTED TO CONTINUE IT.  IS SHE ON THE PHONE?

20              MS. GALLIAN:  YES, I AM, YOUR HONOR.

21              THE COURT:  GOOD AFTERNOON.  MS. GALLIAN, WERE YOU

22    ABLE TO GET AHOLD OF OPPOSING COUNSEL TO TRY TO GET THIS

23    MATTER CONTINUED, AS YOU ADVISED THE COURT YOU WERE GOING

24    TO?

25              MS. GALLIAN:  I DID, YOUR HONOR, AND SHE DENIED.

26              THE COURT:  OKAY.  SO WHAT'S THE BASIS FOR YOUR
```

B0432-9154 09/24/2021 11:20 PM Received by California Secretary of State

203

1    REQUEST FOR A CONTINUANCE?

2         MS. GALLIAN:  I WAS IN THE HOSPITAL FOR TWO DAYS,

3    AND I GOT OUT THE NIGHT BEFORE YESTERDAY.  AND THIS HAS

4    BEEN VERY, VERY TAXING ON ME.  AND I NEED HEART SURGERY.

5    IT'S JUST TOO MUCH FOR ME.  AND SO I WANT IT TO END.

6         AND I HAD AGREED AND WROTE A PROPOSAL AGREEING TO

7    SELL MY HOUSE, AND THEY SAID THAT THEY WOULD TAKE SEVERAL

8    DAYS TO CONSIDER IT.

9         I HAD A SECOND BUYER, AND WE SENT THE DEMAND

10   LETTER A WEEK AGO, AND I PAID THE EXPEDITED FEE FOR A

11   ONE-DAY RESPONSE, AS REQUESTED, BY THE HOMEOWNERS

12   ASSOCIATION.  AND AGAIN, THEY DRUG IT OUT NOW.  I SENT THE

13   DEMAND AND THE MONEY ON THE 23RD OF OCTOBER.  IT IS NOW

14   NOVEMBER 1ST.  AND IT'S JUST A CONSTANT BARRAGE OF ATTACKS

15   COMING AT ME.

16        AND I ACCEPT IT THAT THEY DON'T WANT ME THERE, SO

17   I HAVE TO SELL THE HOUSE, AND THAT'S WHAT I'VE BEEN TRYING

18   TO DO.  BUT THEY DIDN'T SEND A DEMAND, AND I PAID THE

19   MONEY, AND HERE WE ARE.

20        MS. KAPSAL:  YOUR HONOR, IF I MAY BE HEARD, JOYCE

21   KAPSAL APPEARING ON BEHALF OF THE ASSOCIATION.  I'M NOT

22   SURE THAT THOSE ARGUMENTS ARE GERMANE TO THE MOTION THAT'S

23   BEFORE THE COURT THIS AFTERNOON.

24        THE COURT:  WELL, I THINK IT'S GERMANE.

25        MS. KAPSAL:  MS. GALLIAN MADE A REQUEST TO

26   CONTINUE THE HEARING, AND THE RESPONSE WAS NO, WE WANTED

B0432-9155 09/24/2021 11:20 PM Received by California Secretary of State

1    THE HEARING TO GO FORWARD.

2           THE COURT:  HERE'S WHY I THINK IT'S GERMANE.

3           MS. KAPSAL:  THE ISSUE BEFORE THIS COURT REQUIRES

4    THAT WE GET A RULING ON THIS MOTION SO THAT WE KNOW WHAT

5    KIND OF DEMAND TO MAKE INTO ESCROW.

6           THE COURT:  WELL, HERE'S WHY I THINK IT'S GERMANE,

7    BECAUSE, AS I TOLD PEOPLE AT OUR LAST SETTLEMENT

8    CONFERENCE, PART OF THE FIRST, SECOND, OR THIRD

9    SETTLEMENT, WE HAD A NUMBER OF THEM, WAS THAT THE

10   INDIVIDUAL BOARD MEMBERS WOULD WAIVE THEIR CLAIMS,

11   INCLUDING COSTS AND FEES.  THAT WAS AGREED TO BY THE BOARD

12   MEMBERS, WHICH I TOLD THEIR COUNSEL WAS A GENEROUS OFFER,

13   AND SO I THINK MS. GALLIAN CONSIDERED THAT TO BE A DONE

14   DEAL.

15          WHEN THE SETTLEMENT FELL THROUGH, I, OF COURSE,

16   REMINDED HER THAT IF IT DOESN'T GET SETTLED, THAT MOTION

17   WILL BE BACK ON CALENDAR AND THERE MAY BE AN AWARD.

18          SO IN VIEW OF THE FACT THAT MS. GALLIAN IS SAYING

19   SHE WILL SELL HER HOUSE AND WILL MOVE, I'M NOT OPPOSED TO

20   GIVING THE PARTIES ANOTHER WEEK TO SEE IF THEY CAN PUT A

21   PACKAGE TOGETHER THAT IS SATISFACTORY TO ALL SIDES.

22          MS. RADMACHER:  YOUR HONOR, I CAN ADDRESS THAT

23   SLIGHTLY FOR YOU.

24          THE COURT:  PARDON ME?

25          MS. RADMACHER:  I CAN ADDRESS PART OF THE

26   ADDITIONAL DETAILS THAT HAVEN'T BEEN IDENTIFIED.

205

1          THE COURT:  OKAY.

2          MS. RADMACHER:  AS PART OF MS. GALLIAN'S OUTREACH

3    YESTERDAY TO US, SHE SENT US SEVERAL DIFFERENT PROPOSALS.

4    THEY WERE CONFUSING TO US.  IN FACT, SHE EVEN SENT AN

5    E-MAIL SAYING, "PLEASE HELP ME DRAFT SOMETHING THAT MAKES

6    SENSE," WHICH I CAN'T DO, AS YOU UNDERSTAND.  I'M NOT HER

7    ATTORNEY.  THE ISSUES --

8          THE COURT:  BUT YOU CAN DO SOMETHING THAT MAKES

9    SENSE TO YOUR CLIENTS.

10         MS. RADMACHER:  YES.  BUT THE TERMS OF WHAT SHE

11   WAS PROPOSING, WHICH HAVE NOT BEEN ADDRESSED AND I DON'T

12   THINK ARE APPROPRIATE TO ADDRESS IN THIS SETTING, ARE JUST

13   WOEFULLY INSUFFICIENT FOR THIS TIME.

14         MY CLIENTS ARE BOARD MEMBERS WHO HAVE INCURRED

15   ATTORNEY'S FEES AND COSTS IN THIS MATTER.  WHEN THE

16   SETTLEMENT WAS FIRST REACHED, THERE WAS AN AGREEMENT TO

17   WAIVE THESE FEES AND COSTS AT THAT TIME.

18         THE COURT:  I REMEMBER THAT.

19         MS. RADMACHER:  AND WE'RE STILL HERE, I'M STILL

20   HERE.  I'M STILL COMING BACK.  MY CLIENTS CONTINUE TO

21   INCUR COSTS AND FEES.

22         THE COURT:  OKAY, BUT THE --

23         MS. RADMACHER:  BUT WHERE THOSE SETTLEMENT

24   DISCUSSIONS GO, I JUST CAN'T SEE US REACHING AN AGREEMENT.

25         THE COURT:  I UNDERSTAND THAT.  BUT LET ME TELL

26   YOU, YOU'RE RIGHT ON YOUR MOTION, YOU'RE RIGHT ON THE LAW.

B0432-9156 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9157 09/24/2021 11:20 PM Received by California Secretary of State

206

1   BUT THIS IS A SIGNIFICANT NUMBER WHICH COULD, IN FACT, END

2   UP VOIDING THE SETTLEMENT AND VOIDING THE SALE.  BECAUSE

3   WHY IS MS. GALLIAN GOING TO GO THROUGH WITH A SALE WHERE

4   THE ASSOCIATION GETS THE MONEY, NOT HER?

5        SO I WAS THINKING, NOW THAT I THINK MS. GALLIAN IS

6   AWARE, AND THANKS TO THE INTERVENTION OF A FEW LAWYERS,

7   THAT THIS MATTER HAS TO BE RESOLVED, I'M THINKING THE WAY

8   TO DO IT IS KEEP THAT MONEY IN PLAY, BUT RATHER THAN ENTER

9   THE DECISION THAT SHE OWES YOU $46,000, THAT WOULD BE A

10  CHIP THAT YOU CAN USE IN YOUR SETTLEMENT NEGOTIATIONS.

11       SO WHAT I'M THINKING IS THAT IN VIEW OF HER

12  HOSPITALIZATION, THAT I WOULD JUST CONTINUE THIS FOR A

13  WEEK KEEPING THE TENTATIVE IN PLACE.  BECAUSE IF THE CASE

14  DOESN'T GET SETTLED IN A WEEK, I'M GOING TO GRANT THE

15  MOTION.

16       MS. RADMACHER:  I HAVE A COUPLE OF SPECIFIC POINTS

17  ON THE TENTATIVE RULING THAT I'D LIKE TO BRING TO THE

18  COURT'S ATTENTION, IF I MAY.

19       THE COURT:  OKAY.  I KNOW YOU ASKED FOR MORE

20  MONEY.

21       MS. RADMACHER:  WELL, YES.  BUT THERE'S A

22  CLARIFICATION.  IN YOUR TENTATIVE, THERE WAS THE ITEM OF

23  COSTS WHICH WERE SOUGHT IN THE MOTION, WERE NOT ADDRESSED.

24       THE COURT:  I THOUGHT IT WAS NOT COSTS.  I THOUGHT

25  YOU HAVE TO MAKE A SEPARATE MOTION FOR COSTS.

26       MS. RADMACHER:  IT WAS INCLUDED IN BOTH OF THEM IN

B0432-9158  09/24/2021  11:20  PM  Received  by  California  Secretary  of  State

207

1    THE ORIGINAL MOTION.

2         THE COURT:  COSTS ARE POSTJUDGMENT, THAT'S THE

3    POINT.  DOES YOUR HOA CONTRACT SAY ANYONE WHO OPPOSES

4    THESE GETS COSTS AND FEES?

5         MS. RADMACHER:  IT DOES, YOUR HONOR.  THESE ARE

6    COSTS ONLY FOR THE INDIVIDUAL BOARD MEMBERS, NOT FOR THE

7    ASSOCIATION.

8         THE COURT:  I UNDERSTAND THAT.

9         MS. RADMACHER:  AND IF WE NEED TO BRING IT

10   SEPARATELY --

11        MS. KAPSAL:  YOUR HONOR, THIS IS JOYCE KAPSAL.

12   THE CC&R'S DO ALLOW FOR RECOVERY OF FEES AND COSTS.

13        THE COURT:  CAN YOU DIFFERENTIATE COSTS BETWEEN

14   THE BOARD AND ASSOCIATION, THOUGH?

15        MS. RADMACHER:  YES.

16        THE COURT:  FILING FEES FOR THOSE PARTIES?

17        MS. RADMACHER:  CORRECT.

18        THE COURT:  SO THAT WOULD BE NOMINAL.  WHAT IS IT?

19        MS. RADMACHER:  IT'S $2,937.27, AS WAS SUBMITTED

20   IN OUR MOTION.

21        THE COURT:  IN VIEW OF MS. GALLIAN'S

22   HOSPITALIZATION, AND I DO HAVE TO SAY SHE'S BEEN HERE ON

23   EVERY OTHER APPEARANCE, SO MY TENTATIVE SETS FORTH THE

24   REASONS WHY THIS MOTION SHOULD BE GRANTED, BUT I THINK SHE

25   DOES HAVE --

26        MS. GALLIAN:  MAY I REPLY, YOUR HONOR?

B0432-9159 09/24/2021 11:20 PM Received by California Secretary of State

208

1          THE COURT:  LET ME TELL YOU WHAT I'M GOING TO DO

2     FIRST.  I'M JUST SAYING I'M GOING TO TAKE THIS UNDER

3     SUBMISSION FOR A WEEK AND GIVE THE PARTIES A WEEK TO SEE

4     IF THEY CAN FINALIZE SOME KIND OF SETTLEMENT.  AND IF NOT,

5     I'LL HEAR THIS MOTION IN FULL AND GIVE YOU AN OPPORTUNITY

6     TO APPEAR IN PERSON NEXT WEEK.

7          BUT SINCE -- AS YOU CAN SEE, I LAY OUT ALL THE

8     AUTHORITY IN HERE AND ALL OF THE REASONS WHY.  IN FACT, I

9     TRIED TO PUT DOWN MS. GALLIAN'S ARGUMENTS AND WHY I'M NOT

10    ACCEPTING THEM.  SO ALL I CAN SAY IS, ALTHOUGH I'M ALWAYS

11    OPEN TO HEAR THE PARTIES' ARGUMENTS, THIS APPEARS LEGALLY

12    TO BE A JUSTIFIABLE AND RIGHTEOUS MOTION, AND I WOULD BE

13    INCLINED TO GRANT IT, AS I SAID IN MY TENTATIVE.

14         ALL I'M SAYING IS I'M GIVING MS. GALLIAN, BECAUSE

15    OF HER MEDICAL PROBLEMS, A WEEK TO WORK OUT A SETTLEMENT

16    WHERE YOU CAN WITHDRAW YOUR MOTION.  IF NOT, NEXT WEEK, IT

17    WILL MOST LIKELY BE GRANTED.

18         MS. RADMACHER:  YOUR HONOR, IN THAT VEIN, THE

19    COURT IN ITS TENTATIVE IDENTIFIED THAT FOUR HOURS WERE

20    REDUCED FROM THE TIME SOUGHT.

21         THE COURT:  YES.

22         MS. RADMACHER:  WE'RE GOING TO BE COMING BACK

23    AGAIN.

24         THE COURT:  OKAY, I UNDERSTAND.

25         MS. RADMACHER:  AND THAT WOULD BE SOMETHING WE

26    WOULD ASK THE COURT TO CONSIDER, THAT MY CLIENTS ARE

B0432-9160 09/24/2021 11:20 PM Received by California Secretary of State

209

1    INCURRING ADDITIONAL COSTS.

2         THE COURT:  IF YOU HAVE TO COME BACK, I'LL

3    CONSIDER THAT AS WELL AS THE COSTS.  SO IT MIGHT NOT END

4    UP BEING 46,000; IT MAY BE 50,000 BY THEN.  I UNDERSTAND.

5    BUT I'M JUST SAYING, FOR ALL THE PARTIES, BOTH SIDES HAVE

6    WORKED SO HARD TO TRY TO GET A SETTLEMENT.  AND SINCE IT

7    FELL THROUGH --

8         MS. GALLIAN:  YOUR HONOR?

9         THE COURT:  YES.

10        MS. GALLIAN:  MAY I MOVE THE COURT TO ENFORCE THE

11   MARCH 2ND SETTLEMENT AGREEMENT?  I WILL WRITE THE CHECK

12   FOR $15,000 AND BE DONE WITH IT.  THE MARCH 2ND, IF THAT'S

13   WHAT THEY WANT, THAT'S WHAT IT IS AND --

14        THE COURT:  WELL, THAT'S NOT BEFORE THE COURT

15   RIGHT NOW.

16        MS. KAPSAL:  YOUR HONOR, THIS IS JOYCE KAPSAL.

17   THAT'S NOT BEFORE THIS COURT.  SHE'S ALREADY OBJECTED TO

18   THAT SETTLEMENT.  IT'S OFF THE TABLE.

19        THE COURT:  ALL RIGHT.

20        MS. GALLIAN:  EXCUSE ME, PLEASE.  LET ME FINISH.

21        THE COURT:  ALL I'M TELLING EVERYBODY IS YOU HAVE

22   A WEEK TO WORK IT OUT.  OKAY?  MS. GALLIAN, I HOPE YOU'RE

23   FEELING BETTER, AND I HOPE YOU HAVE AN OPPORTUNITY TO MEET

24   PERSONALLY WITH COUNSEL AND TRY TO SIT DOWN AND WORK

25   SOMETHING OUT.  OTHERWISE, THIS MOTION IS CONTINUED UNTIL

26   NEXT WEEK.

B0432-9161 09/24/2021 11:20 PM Received by California Secretary of State

210

```
 1          AND TWO IMPORTANT THINGS:  NO FURTHER BRIEFING --
 2          MS. GALLIAN:  YOUR HONOR, I'M TRYING TO SAY
 3   SOMETHING.  MAY I SAY SOMETHING, YOUR HONOR?
 4          THE COURT:  GO AHEAD, SURE.
 5          MS. GALLIAN:  THE HOUSE IS SOLD, THE HOUSE IS
 6   GONE.
 7          THE COURT:  GOOD.  OKAY.
 8          MS. GALLIAN:  THAT'S WHAT I'VE BEEN TRYING TO TELL
 9   THE COURT, IT'S GONE.  I COULDN'T TAKE ANYMORE.
10          THE COURT:  ALL RIGHT.  WELL, HOPEFULLY THAT WILL
11   MOTIVATE THE PLAINTIFF AND MOVING PARTIES TO TRY TO WORK
12   OUT A SETTLEMENT IN THE NEXT WEEK.  OTHERWISE, NEXT WEEK,
13   WE'LL HEAR THIS MOTION.  OKAY?
14          MS. GALLIAN:  I APPRECIATE THAT.
15          THE COURT:  MS. GALLIAN, I THINK THAT'S A WISE
16   DECISION TO SELL THE HOUSE.
17          MS. GALLIAN:  I DO TOO.
18          THE COURT:  AND HOPEFULLY EVERYTHING WILL WORK
19   OUT.  OKAY, THANK YOU.
20          MS. RADMACHER:  YOUR HONOR, IS THAT THURSDAY,
21   NOVEMBER 8, AT 1:30 P.M.?
22          THE COURT:  YES, THURSDAY, NOVEMBER 8, 1:30.
23          MS. RADMACHER:  NOTICE WAIVED, YOUR HONOR?
24          THE COURT:  OKAY.  MS. GALLIAN, NOTICE WAIVED?
25          MS. GALLIAN:  YES.
26          MS. KAPSAL:  THANK YOU, YOUR HONOR, NOTICE WAIVED.
```

B0432-9162 09/24/2021 11:20 PM Received by California Secretary of State

211

```
 1          THE COURT:  ALL PARTIES WAIVE NOTICE.  OKAY, THANK

 2    YOU.

 3          MS. RADMACHER:  THANK YOU, YOUR HONOR.

 4          (PROCEEDINGS CONCLUDED.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

B0432-9163 09/24/2021 11:20 PM Received by California Secretary of State

REPORTER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       )SS.
COUNTY OF ORANGE       )

        I, CANDACE KHOROUZAN, CSR 11579, OFFICIAL
COURT REPORTER IN AND FOR THE SUPERIOR COURT OF THE
STATE OF CALIFORNIA, COUNTY OF ORANGE, DO HEREBY
CERTIFY THAT THE FOREGOING TRANSCRIPT, CONSISTING
OF PAGES 1 THROUGH 39, INCLUSIVE, IS A TRUE AND
CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A
FULL, TRUE, AND CORRECT STATEMENT OF THE PROCEEDINGS
HAD IN SAID CAUSE.

        DATED THIS 3RD DAY OF JULY, 2019.


        _Candace Khorouzan_
        CANDACE KHOROUZAN, CSR #11579

B0432-9164 09/24/2021 11:20 PM Received by California Secretary of State

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                   FOR THE COUNTY OF ORANGE

3             CENTRAL JUSTICE CENTER - DEPARTMENT C33

4    THE HUNTINGTON BEACH GABLES      )
     HOMEOWNERS ASSOCIATION, A        )
5    CALIFORNIA NONPROFIT MUTUAL      )
     BENEFIT CORPORATION,             )
6                                     )
         PLAINTIFF,                   )
7                                     )
              VS.                     ) NO. 30-2017-00913985
8                                     )
     SANDRA L. BRADLEY, ET AL.,       )
9                                     )
         DEFENDANTS.                  )
10   ---------------------------------)
                                      )
11   AND RELATED CROSS-ACTIONS.       )
                                      )
12   ------------------------------

13       THE HONORABLE JAMES L. CRANDALL, JUDGE PRESIDING

14                  REPORTER'S TRANSCRIPT

15                    NOVEMBER 8, 2018

16

17   APPEARANCES OF COUNSEL:

18     FOR PLAINTIFF:        EPSTEN GRINNELL & HOWELL, APC
                             PEJMAN D. KHARRAZIAN, ESQ.

19     FOR CROSS-DEFENDANTS  GRANT, GENOVESE & BARATTA LLP
       BS INVESTORS LLC,     BY: GORDON G. MAY, ESQ.
20     LPL ASSET MANAGEMENT,
       HUGH SADDINGTON:

21

22     FOR CROSS-DEFENDANT   GORDON & REES
       BOARD MEMBERS:        BY:  BRENDA K. RADMACHER, ESQ.

23     FOR CROSS-DEFENDANT   JAMIE L. GALLIAN
       CROSS-COMPLAINANT:    IN PROPRIA PERSONA

24

25           KAREN A. HUTCHISON, CSR #6664
26        APPROVED COURT REPORTER PRO TEMPORE

B0432-9165 09/24/2021 11:20 PM Received by California Secretary of State

212

```
 1            SANTA ANA, CALIFORNIA - THURSDAY, NOVEMBER 8, 2018

 2                        AFTERNOON SESSION

 3              (THE FOLLOWING PROCEEDINGS WERE HELD IN

 4              OPEN COURT:)

 5

 6         THE COURT:  NUMBER 10, HUNTINGTON BEACH GABLES

 7    HOMEOWNERS ASSOCIATION VERSUS BRADLEY.

 8         MR. MAY:  GOOD AFTERNOON, YOUR HONOR.  GORDON MAY,

 9    SPECIALLY APPEARING ON BEHALF OF CROSS-DEFENDANTS, BS

10    INVESTORS LLC, LPL ASSET MANAGEMENT CORP, AND HUGH

11    SADDINGTON.

12         THE COURT:  MOVING PARTY.

13         MR. MAY:  MOVING PARTY, AND WE SUBMIT ON THE

14    TENTATIVE.

15         THE COURT:  GOOD AFTERNOON, MS. GALLIAN.

16         MS. GALLIAN:  GOOD AFTERNOON, YOUR HONOR.

17         THE COURT:  WELL, A MOTION TO STRIKE, WHEN THEY

18    SAY THEY WEREN'T SERVED, THE BURDEN SHIFTS TO THE

19    PLAINTIFF.  AND WE DIDN'T GET ANY PAPERWORK, SO I DON'T

20    HAVE ANY CHOICE BUT TO DENY THE MOTION.

21         MS. GALLIAN:  ON AUGUST 7TH -- I'VE BEEN WORKING

22    WITH MR. MAY SINCE AUGUST 2017.  HE'S PARTICIPATED IN

23    OUR -- HE'S PARTICIPATED IN OUR -- EARLY ON IN THE CASE

24    WHEN ALL FIVE ATTORNEYS -- HE IS VERY FAMILIAR WITH THE

25    CASE.  WE'VE HAD MANY, MANY CONVERSATIONS GOING BACK AND

26    FORTH.  THE AFRICAN-AMERICAN LADY THAT WAS HERE THE LAST
```

B0432-9166 09/24/2021 11:20 PM Received by California Secretary of State

213

1    TIME THAT WE WERE HERE, YOUR HONOR, THAT WAS STANDING

2    RIGHT HERE, SHE WAS TRYING TO TELL YOU THAT SHE SERVED THE

3    OFFICE LATER BECAUSE THEY HAD BEEN SAYING NOW, OVER A YEAR

4    LATER, WELL, WE WEREN'T SERVED.  SO --

5         THE COURT:  BUT THEY NEVER ANSWERED, THEY NEVER

6    APPEARED, AND IT DOESN'T APPEAR THERE'S PROPER PROOF OF

7    SERVICE.

8         MS. GALLIAN:  I UNDERSTAND, YOUR HONOR.  I FILED A

9    PROOF OF SERVICE BACK IN AUGUST OF 2017.

10        THE COURT:  AND THEY DENIED IT AND SUBMITTED

11   DOCUMENTATION THAT THEY WEREN'T SERVED.  AND THAT'S WHAT A

12   MOTION TO QUASH DOES.

13        MS. GALLIAN:  CORRECT.  AND, YOUR HONOR, THE OTHER

14   THING I'D LIKE TO MENTION TOO IS THAT BS INVESTORS IS NOT

15   AN LLC ANYMORE.  THEY CHANGED IN MARCH TO BS INVESTORS LLP

16   JUST TO KIND OF CONFUSE THE WHOLE -- MUDDY THE WATER.  BUT

17   I UNDERSTAND, YOUR HONOR, YOU'RE ABSOLUTELY --

18        THE COURT:  THE LAST I HEARD, EVERYONE WAS TRYING

19   TO GET SOME KIND OF A GLOBAL SETTLEMENT TOGETHER.  WHERE

20   ARE YOU ON THAT?

21        MR. KHARRAZIAN:  THAT'S RIGHT, YOUR HONOR.  PEJMAN

22   KHARRAZIAN ON BEHALF OF THE PLAINTIFF.  WE JOINTLY

23   PREPARED A DRAFT SETTLEMENT AGREEMENT AND SENT IT TO

24   MS. GALLIAN EARLIER THIS WEEK.

25        THE COURT:  SO YOU'RE STILL TALKING AT LEAST.

26        MR. KHARRAZIAN:  WE ARE.  UNFORTUNATELY, THAT

B0432-9167 09/24/2021 11:20 PM Received by California Secretary of State

214

1    VERSION WAS PROMPTLY REJECTED BY MS. GALLIAN.

2              MS. GALLIAN:  YOUR HONOR, IT WAS $400,000,

3    $400,000.  I MEAN, THAT'S JUST SILLY.  I MEAN, I'M TRYING

4    TO BE VERY, VERY COOPERATIVE, AND I HAVE THE SAME OFFER AS

5    I DID JANUARY 2018.  IT HASN'T CHANGED.

6              THE COURT:  YOU'VE BEEN WORKING WITH THEM FOR TWO

7    YEARS NOW.  EVERY TIME HE GETS YOU DOWN, HE KICKS YOU.

8    YOU WOULD THINK YOU'D LEARN AFTER THE FIRST TWO TIMES THAT

9    DON'T LET HIM GET YOU DOWN AGAIN.

10             MS. GALLIAN:  EXACTLY, YOUR HONOR.

11             THE COURT:  AND NOW YOU'RE $100,000 UNDER WATER?

12   WHAT IS IT?  WHAT'S YOUR BILL NOW?

13             MS. RADMACHER:  FOR WHICH COUNSEL, YOUR HONOR?

14   JOINTLY?

15             THE COURT:  YOU.  YOU GOT 45,000 LAST WEEK, DIDN'T

16   YOU?

17             MS. RADMACHER:  YOUR HONOR, BRENDA RADMACHER, I'LL

18   MAKE MY APPEARANCE FOR THE RECORD, FOR THE BOARD MEMBERS.

19   I ALSO REPRESENT THE HOMEOWNERS ASSOCIATION WHO WERE

20   PREVIOUSLY IN THE CASE.

21             I THINK WHERE WE ARE, TO ANSWER YOUR QUESTION OF

22   WHERE ARE WE ON SETTLEMENT AND CAN WE GET THERE,

23   MS. GALLIAN HAS MADE SETTLEMENT OFFERS, WE'VE MADE

24   RESPONSES TO THOSE.  WE HAVE NOT BEEN ABLE TO REACH A

25   NEGOTIATED AGREEMENT.  THE PARTIES ARE TOO FAR APART.  OUR

26   CLIENTS --

B0432-9168 09/24/2021 11:20 PM Received by California Secretary of State

215

1          THE COURT:  YOU REACHED A SETTLEMENT AGREEMENT,

2    AND I THOUGHT YOU PUSHED YOUR ADVANTAGE A LITTLE TOO HARD

3    AND I LET HER OUT OF THAT.  AND NOW IT SEEMS YOU'RE

4    PUSHING YOUR ADVANTAGE AGAIN.  HAVE YOU READ THE "MERCHANT

5    OF VENICE"?

6          MS. RADMACHER:  YES.

7          THE COURT:  A POUND OF FLESH, BUT YOU CAN'T GET

8    ANY BLOOD.  OKAY.

9          MS. RADMACHER:  UNDERSTOOD, YOUR HONOR.

10         THE COURT:  IT APPEARS YOU'RE GOING FOR BLOOD AT

11   THIS POINT.  SHE WANTS TO LEAVE, SHE WANTS TO SELL HER

12   PLACE.  YOU HAVE A NEVER-DARKEN-MY-DOOR CLAUSE WITH HER.

13   SO WHAT GOOD DOES IT DO YOU TO, YOU KNOW, PUSH HER INTO

14   THE GROUND AND RUB HER FACE IN THE MUD?

15         MR. KHARRAZIAN:  YOUR HONOR, I DISAGREE WITH THAT

16   CHARACTERIZATION.  I MEAN, IT'S BEEN A MOVING TARGET WITH

17   HER.  WE HAD AN MSC BEFORE YOU.  YOU UNDERSTAND, WE WERE

18   AT 15, THEN IT WAS DOWN TO 5, THEN IT WAS 0, THEN IT WAS

19   BACK UP TO 5.  I MEAN, IT'S VERY DIFFICULT TO REACH ANY

20   KIND OF AGREEMENT WITH HER.  THE PURPOSE IS NOT TO GET A

21   POUND OF FLESH.

22         THE COURT:  YOU DON'T WANT TO LET HER WATER THE

23   FLOWERS OUTSIDE HER FENCE.  NOW SHE OWES YOU $50,000 AND

24   IS MOVING OUT OF THE COMMUNITY, AND YOU WANT MORE?

25         MR. KHARRAZIAN:  WELL, WE'RE NOT SURE THAT THAT'S

26   THE CASE, YOUR HONOR.  I MEAN, SHE SAYS SHE'S SOLD.  WE

B0432-9169 09/24/2021 11:20 PM Received by California Secretary of State

216

1   HAVEN'T BEEN ABLE TO CONFIRM THAT IT'S TO A BONA FIDE

2   THIRD-PARTY PURCHASER FOR VALUE.  WE RECEIVED A COPY OF AN

3   ASSIGNMENT.  IT SAYS FOR NO CONSIDERATION.  WE DON'T KNOW

4   WHAT'S HAPPENED, WE'RE STILL TRYING TO GET TO THE BOTTOM

5   OF THAT, YOUR HONOR.

6         IF SHE HAS INDEED SOLD TO A THIRD-PARTY PURCHASER

7   FOR VALUE, THEN THAT'S GREAT.  AND, YOU KNOW, I THINK WE

8   ARE WELL ON OUR WAY TO GETTING THIS RESOLVED.  BUT WE

9   DON'T KNOW THAT FOR SURE YET.  AND FRANKLY, YOUR HONOR,

10  IT'S DIFFICULT TO TAKE MS. GALLIAN AT HER WORD ON THESE

11  THINGS.  AND SO IT'S DIFFICULT TO REACH A SETTLEMENT IN

12  THAT SCENARIO.

13        THE COURT:  IT'S VERY DIFFICULT IF YOU'RE

14  CONSTANTLY PRESSING FOR EVERY TECHNICAL POINT YOU CAN

15  RAISE AND MAKING SURE THAT YOU GIVE HER EVERY LASH THAT

16  YOU'RE ALLOWED TO UNDER YOUR CC&R'S AND YOUR SETTLEMENT

17  AGREEMENT.  I'M CONSISTENTLY RULING IN YOUR FAVOR ON THE

18  LAW, BUT AT SOME POINT I'VE GOT TO CONSIDER THE EQUITY OF

19  THE SITUATION.  YOU'RE RIGHT ON THE LAW, BUT I THINK

20  YOU'RE PRESSING YOUR ADVANTAGE.

21        MS. RADMACHER:  YOUR HONOR, I APPRECIATE YOUR

22  PERSPECTIVE ON THIS, BUT YOU HAVE TO ALSO UNDERSTAND THE

23  PERSPECTIVE FROM THE HOMEOWNERS ASSOCIATION AND THE BOARD

24  MEMBERS WHO HAVE BEEN INVOLVED IN THIS LAWSUIT THAT SHOULD

25  HAVE BEEN RESOLVED PROBABLY --

26        THE COURT:  WAIT A SECOND.

B0432-9170 09/24/2021 11:20 PM Received by California Secretary of State

217

1          MS. RADMACHER:  -- A YEAR AGO.

2          THE COURT:  I SAID AN IMPORTANT WORD, I SAID

3    "EQUITY."  AND YOU COME BACK WITH HOMEOWNERS ASSOCIATION

4    AND BOARD MEMBERS?

5          MS. RADMACHER:  WHO ARE INDIVIDUAL PEOPLE AS WELL,

6    YOUR HONOR.

7          THE COURT:  I CAN TAKE JUDICIAL NOTICE THAT PEOPLE

8    ONLY GET ON THE BOARD BECAUSE THEY HAVE THIS UNNATURAL

9    DESIRE TO BOSS THEIR NEIGHBORS AROUND.  OKAY?  HOMEOWNERS

10   ASSOCIATIONS ARE VERY DIFFICULT TO DEAL WITH.  THEY'RE

11   TECHNICALLY CORRECT, THOUGH.  I HAVE TO FOLLOW THE LAW.

12         ALL I'M SAYING IS, AT SOME POINT IN TIME, AS

13   ABRAHAM LINCOLN SAID, LAWYERS ARE IN A VERY UNIQUE

14   POSITION TO BE GOOD PEOPLE AND TO RESOLVE PEOPLE'S

15   DISPUTES, AND THEY SHOULD TELL THEIR FRIENDS AND NEIGHBORS

16   TO SETTLE THEIR CASES.

17         SO YOU CAN BE THE BEST LAWYER IN THE WORLD AND

18   FIND EVERY TECHNICAL POINT THAT YOU CAN DRIVE IN TO YOUR

19   OPPONENT, OR YOU COULD LOOK AT THE BIG PICTURE AND SAY,

20   HEY, YOU KNOW, LET'S GET ON IN THE WORLD WITH OUR

21   NEIGHBORS AND OUR FRIENDS AND TRY TO RESOLVE DISPUTES.

22         MS. RADMACHER:  AND I THINK THE ASSOCIATION -- MY

23   POINT, YOUR HONOR, TO MAKE, WAS THE ASSOCIATION AND THE

24   BOARD MEMBERS HAVE BEEN ATTEMPTING TO DO THAT.  WE'VE COME

25   TO THREE SETTLEMENT CONFERENCES, WE'VE CONTINUED TO MOVE

26   THINGS AHEAD IN AN EFFORT TO DO SO.  THE PARTIES, YOU

B0432-9171 09/24/2021 11:20 PM Received by California Secretary of State

218

1    ASKED WHERE WE ARE.  WE HAVE YET NOT BEEN ABLE TO REACH AN

2    AGREEMENT.

3              THE COURT:  WELL, KEEP TRYING.

4              MS. RADMACHER:  BUT WE ARE HERE TODAY REALLY ON MY

5    MOTION.

6              THE COURT:  I CAN TURN TO MS. GALLIAN AND SAY,

7    MS. GALLIAN, YOU HAVE HAD A LOT OF OPPORTUNITIES TO BE A

8    LITTLE MORE FLEXIBLE, AND WE'RE GOING TO TRY TO UNDO THE

9    WHOLE HOMEOWNERS ASSOCIATION.  THIS THING, I PROBABLY

10   SHOULDN'T HAVE ALLOWED IT TO ESCALATE TO A LEVEL IT DID,

11   BUT THE PARTIES WANTED TO FIGHT AND THEY HAD A LONG FIGHT,

12   BUT IT SHOULD BE OVER.

13             MS. GALLIAN:  MAY I ADDRESS THE COURT?

14             THE COURT:  BUT ALL I CAN SAY RIGHT NOW IS,

15   BECAUSE ALL I HAVE IN FRONT OF ME UNTIL TOMORROW, I HAVE

16   TWO EX PARTES, I'LL SEE YOU ALL AGAIN, IS THAT I HAVE TO

17   GRANT THE MOTION AND QUASH SERVICE.  MS. GALLIAN.

18             MS. GALLIAN:  YES.  YOUR HONOR, BECAUSE I'M NOT AN

19   ATTORNEY, MAY WE ADDRESS ONE THING AT A TIME SO THAT I CAN

20   KEEP UP?  I UNDERSTAND MR. MAY, HIS MOTION WAS GRANTED.

21             THE COURT:  EXACTLY.  SO THEY'RE NOT A PARTY TO

22   THE LAWSUIT.

23             MS. GALLIAN:  RIGHT, EXACTLY.  OKAY.  MAY I

24   ADDRESS YOUR TENTATIVE THAT WAS POSTED?

25             THE COURT:  MY TENTATIVE SAID THEIR MOTION IS

26   GRANTED.

B0432-9172 09/24/2021 11:20 PM Received by California Secretary of State

219

1          MS. GALLIAN:  I THOUGHT YOU GAVE ME LAST WEEK,

2     BECAUSE I WAS IN THE HOSPITAL, YOU SAID TO COME BACK TODAY

3     TO ARGUE IT.  AND I ARGUED IT.

4          THE COURT:  WHICH ONE IS THIS?

5          MS. RADMACHER:  THAT'S WHY WE'RE --

6          MS. GALLIAN:  THIS IS THE MOTION FOR THE

7     ATTORNEY'S FEES.  I WAS IN THE HOSPITAL WHEN I TALKED TO

8     YOU.

9          THE COURT:  I UNDERSTAND NOW.

10         MS. GALLIAN:  SO I SUBMITTED, YOUR HONOR, A

11    DOCUMENT ABOUT THREE HOURS AGO.  AND I DON'T KNOW IF

12    YOU'VE SEEN IT BUT --

13         THE COURT:  NO.

14         MS. GALLIAN:  WELL THEN, SO BASICALLY WHAT IT SAYS

15    IS --

16         THE COURT:  WELL, FIRST, IT HAS TO GET INTO THE

17    COMPUTER SYSTEM.

18         MS. GALLIAN:  YES, SIR.  IT IS THERE.

19         THE COURT:  WELL, GETTING IT DOWNSTAIRS

20    ELECTRONICALLY FILED MIGHT GET IT INTO THE SYSTEM.  IT

21    DOESN'T GET IT INTO MY FILE.  SO LET ME LOOK.  HOLD ON.

22         MS. GALLIAN:  VERY GOOD, THANK YOU.

23         MS. RADMACHER:  YOUR HONOR, IF I CAN CLARIFY, SO

24    THE RECORD IS CLEAR, WE HAVE A COURT REPORTER, LAST WEEK

25    WE WERE HERE ON THE HEARING ON MY CLIENT'S MOTION FOR

26    ATTORNEY'S FEES AND COSTS.  YOU ASKED US TO COME BACK THIS

B0432-9173 09/24/2021 11:20 PM Received by California Secretary of State

220

1   WEEK AFTER WE ENGAGED IN SOME FURTHER SETTLEMENT

2   DISCUSSIONS.  SO THAT'S WHAT WE ARE HERE FOR.

3          AND WE HAVE FROM THE RECORD LAST WEEK, WE HAVE A

4   TRANSCRIPT, PAGE 9, LINE 21, THROUGH PAGE 10, LINE 1,

5   WHERE YOU CLARIFIED THAT AND ASKED US TO HAVE AN

6   OPPORTUNITY TO TRY TO NEGOTIATE.  BUT YOU SAID ON PAGE 10,

7   LINE 1:  "AND TWO IMPORTANT THINGS:  NO FURTHER BRIEFING."

8   FROM THEN, YOU WERE INTERRUPTED, AND YOU DIDN'T SAY WHAT

9   NUMBER 2 WAS.

10         THE COURT:  THIS IS IN THE DECLARATION THAT YOU

11  HAVE.

12         MS. RADMACHER:  WELL, IT'S A DECLARATION, BUT IT'S

13  SUBMITTING A LEGAL ARGUMENT, YOUR HONOR, WHICH I --

14         MS. GALLIAN:  IT'S NOT TRUE.

15         MS. RADMACHER:  -- WHICH I WOULD STATE WOULD BE A

16  BRIEFING.

17         THE COURT:  IT NOT ONLY HAS ONE, TWO, THREE, FOUR,

18  FIVE, SIX, SEVEN, EIGHT -- OH, TEN REFERENCES TO CODES AND

19  A CASE.  OKAY.  IT'S A LEGAL BRIEF.  SO YOU DON'T WANT ME

20  TO LISTEN TO HER BECAUSE SHE WAS IN THE HOSPITAL, AND

21  YOU'D RATHER JUST HAVE ME GO WITH MY RULING WHEN SHE

22  WASN'T HERE.

23         MS. RADMACHER:  THAT'S NOT WHAT I'M SAYING.  I'M

24  ASKING YOUR HONOR FOR THE LAST-MINUTE LEGAL BRIEFING THAT

25  WAS IN CONTRADICTION TO YOUR ORDER AND WITHOUT ANY REQUEST

26  FOR RELIEF AND SUBMITTED UNTIMELY TO BE NOT CONSIDERED,

B0432-9174 09/24/2021 11:20 PM Received by California Secretary of State

221

1    BUT TO ALLOW THE ORAL ARGUMENT ON YOUR TENTATIVE RULING TO

2    PROCEED.

3            THE COURT:   I USED TO REPRESENT HOMEOWNER

4    ASSOCIATIONS.   OKAY?   I'VE BEEN IN YOUR POSITION.   BUT I

5    DON'T KNOW IF YOU HAVE ANY COMPREHENSION OF HOW

6    DISTASTEFUL THE MANNER AND METHOD IN WHICH YOU HAVE BOTH

7    DEFENDED AND PROSECUTED THIS CASE -- BECAUSE YOU STARTED

8    OUT AS THE PLAINTIFF, AND THEN YOU WERE A CROSS-DEFENDANT,

9    AND NOW YOU'RE THE PLAINTIFF, AND NOW YOU'RE GETTING

10   COSTS.   AND THAT'S WHAT WE DO IN LAW AND MOTION.

11   EVERYBODY HAS A TECHNICAL POINT THEY WANT TO RAISE WITH

12   THE COURT.

13           BUT SHE WAS IN THE HOSPITAL, SO I CONTINUED IT FOR

14   A WEEK, I SAID NO FURTHER BRIEFING, AND THEN SHE SUBMITS

15   SOMETHING AND YOU SAY, OH, YOU SAID NO FURTHER BRIEFING.

16           MS. RADMACHER:   HONESTLY, YOUR HONOR, I HAVEN'T

17   HAD A CHANCE TO -- OTHER THAN PRINT IT OUT, I HAVEN'T

18   REVIEWED IT.

19           THE COURT:   I NEED A SIGN, NO WHINING, JUST TO PUT

20   ON THE BENCH HERE.   I LIKE TO DECIDE MY CASES ON THE

21   MERITS, NOT THAT SOMEBODY IS A DAY LATE AND THEREFORE THEY

22   CAN'T SPEAK.   I HAD TO EARLIER TODAY DENY A REQUEST TO SET

23   ASIDE A DEFAULT BECAUSE IT WASN'T PROPER.   I MEAN, I DO

24   FOLLOW THE LAW.   BUT WHEN I HAVE EVERYBODY HERE, IT WOULD

25   BE NICE TO TALK ABOUT THE MERITS.

26           MS. RADMACHER:   AND I'D BE HAPPY TO DO THAT.   I

B0432-9175 09/24/2021 11:20 PM Received by California Secretary of State

222

1    HAVE NOT DIGESTED ANYTHING THAT SHE SUBMITTED.  MY

2    CONCERN, YOUR HONOR, IS THIS WAS FULLY BRIEFED MONTHS AGO.

3    AND SO THEN THE DAY OF --

4          THE COURT:  AND MY TENTATIVE WAS IN YOUR FAVOR.

5          MS. RADMACHER:  I UNDERSTAND THAT.  AND MY ONLY

6    ISSUE WITH FURTHER BRIEFING THAT'S BEEN SUBMITTED, WE'RE

7    CONTINUED, WE ARE HERE BECAUSE WE'VE BEEN TRYING TO

8    SETTLE, BECAUSE WE'VE BEEN TRYING TO DO THESE DIFFERENT

9    THINGS.  AND TO NOW BE, YOU KNOW, THE 11TH HOUR,

10   LITERALLY, TO HAVE FURTHER BRIEFING THAT YOU HAVEN'T SEEN,

11   THAT WE HAVEN'T DIGESTED, DOESN'T SEEM TO BE EQUITABLE,

12   YOUR HONOR, IN TALKING ABOUT EQUITY.  IT'S NOT WHINING.

13   IT'S ACTUALLY SAYING, YOU KNOW, WE HAVE RULES, AND WE HAVE

14   TO FOLLOW THOSE RULES AND PROCEDURES FOR GOOD REASON.

15         AND SO THAT'S OUR REQUEST TO THE COURT, THAT WE'RE

16   HAPPY TO HEAR AND ARGUE ON THE MERITS AND HAVE YOU HEAR

17   FROM BOTH SIDES BASED ON WHAT YOUR TENTATIVE -- BASED ON

18   THE PLEADINGS AND THE DOCUMENTS THAT HAVE BEEN BRIEFED

19   ACCORDING TO YOUR DIRECTION AND RULES.

20         THE COURT:  SO WHY SHOULD I REVIEW THIS, CLEARLY,

21   A LEGAL BRIEF?  IN FACT, I WAS WRONG, BECAUSE AS I PAGED

22   THROUGH THIS FURTHER, YOU'VE GOT 20 DIFFERENT CASES CITED

23   TO ME.

24         MS. GALLIAN:  NO.  BASICALLY WHAT HAPPENED, YOUR

25   HONOR -- AND I WILL TAKE FULL RESPONSIBILITY FOR NOT

26   READING THE OPPOSITION THAT WAS FILED BY DAVID FLYER TO

B0432-9176 09/24/2021 11:20 PM Received by California Secretary of State

223

1    THE OPPOSITION.  HE TOOK HIS NAME OFF OF IT AND SENT IT TO

2    ME.  HE GOES, YOU HAVE TO FILE THIS RIGHT NOW.  HE'S RIGHT

3    ON IN HIS OPPOSITION, AND THAT SUPPORTS EXACTLY WHAT HIS

4    OPPOSITION WAS.

5           THE COURT:  BUT DID YOU READ MY TENTATIVE LAST

6    WEEK?

7           MS. GALLIAN:  YES, I DID, YOUR HONOR.

8           THE COURT:  YOUR OPPOSITION WAS NOT ON POINT.  THE

9    CASES WERE DISTINGUISHABLE.  YOUR LAW WAS NOT ON POINT.

10          MS. GALLIAN:  HOLD ON FOR A SECOND.  LET ME -- I

11   GET NERVOUS, SO LET ME JUST FINISH MY POINT.

12          THE COURT:  DON'T TELL ME YOU'RE NERVOUS.  I'VE

13   MET WITH YOU 27 TIMES HERE.  YOU'VE GONE TOE-TO-TOE WITH

14   THE LAWYERS ON THE OTHER SIDE FOR HOURS AT A TIME.

15          MS. GALLIAN:  IT WAS A LOT OF -- TO TAKE IN.  AND

16   I BELIEVE THAT THE HOMEOWNERS ASSOCIATION IS NOT WHO I

17   SUED AS INDIVIDUALS, EVEN THOUGH THEY'RE ONE AND THE SAME

18   PEOPLE.  THE REASON I SUED THEM AS INDIVIDUALS IS BECAUSE

19   THEY WERE NOT A DULY CONSTITUTED BOARD, AS I BROUGHT TO

20   THE COURT ON JANUARY 11TH AT OUR VERY FIRST MANDATORY

21   SETTLEMENT CONFERENCE.

22          I ACTUALLY HAVE, IN MY CASE OVER THERE, I HAVE THE

23   BALLOTS, I HAVE THE NOTICE OF THE ANNUAL MEETING.  NONE OF

24   THESE PEOPLE WERE ON IT.  AND WHEN THIS CASE STARTED, THE

25   SAME THREE BOARD MEMBERS THAT HAVE BEEN ON THE BOARD SINCE

26   2004 -- THIS IS 2018, AND THEY HANDPICKED TWO PEOPLE TO BE

B0432-9177 09/24/2021 11:20 PM Received by California Secretary of State

224

1  ON THE BOARD, ONE OF THEM BEING AN ATTORNEY FOR THAT

2  ADVANTAGE.

3          THE COURT:  BUT ONE THING YOU NEED TO UNDERSTAND,

4  EVERYBODY IN OUR COUNTRY TALKS ABOUT AND LOVES THE DUE

5  PROCESS CLAUSE.

6          MS. GALLIAN:  CORRECT.

7          THE COURT:  THAT ONLY APPLIES TO PROTECT PEOPLE

8  FROM THE GOVERNMENT.  PEOPLE BETWEEN EACH OTHER -- THERE'S

9  NO DUE PROCESS IN A HOMEOWNERS ASSOCIATION.  THEY CAN LOAD

10  THE BOARD.  IN MY ASSOCIATION, WHOEVER WAS THE LAST ONE TO

11  STEP BACK HAD TO BE ON THE BOARD.  OKAY?

12          MS. GALLIAN:  CORRECT.  BUT CAN I JUST FINISH?

13          THE COURT:  BUT YOUR POINT IS NOT ABOUT FAIRNESS

14  HERE.  THERE ARE RULES AND REGULATIONS, WE'VE REVIEWED THE

15  CC&R'S, AND YOU'VE BEEN COMING IN HERE AND SAYING IT

16  WASN'T A DULY CONSTITUTED HOMEOWNERS ASSOCIATION.  YOU'RE

17  WRONG.

18          MS. GALLIAN:  I'M A HOMEOWNER, YOUR HONOR.

19          THE COURT:  BUT THIS ISN'T ABOUT AN ELECTION.

20          MS. GALLIAN:  NO, IT'S NOT.

21          THE COURT:  THERE WAS NOTHING SAYS THERE WAS AN

22  UNFAIR ELECTION.

23          MS. GALLIAN:  I BROUGHT IT UP ORIGINALLY.  THAT'S

24  WHY I ASKED FOR DECLARATORY RELIEF IN MY CROSS-COMPLAINT

25  AGAINST THEM BECAUSE I, AS A HOMEOWNER, WHEN I TOOK OVER

26  OWNERSHIP WHEN THE PROPERTY WAS GIFTED TO ME, I FILLED OUT

B0432-9178 09/24/2021 11:20 PM Received by California Secretary of State

225

1    AN ARCHITECTURAL APPLICATION THAT WAS DENIED WITHOUT DUE

2    PROCESS, THAT WAS ARBITRARY, THAT WAS CAPRICIOUS.  AND

3    WHAT I'M SAYING IS --

4         THE COURT:  THEY HAVE TO FOLLOW THE ARCHITECTURAL

5    STANDARDS.

6         MS. GALLIAN:  BUT THEY DIDN'T.  I AGREE.  I AGREE,

7    YOUR HONOR.  BUT WHAT I'M SAYING IS, AS A HOMEOWNER, I

8    HAVE THE RIGHT -- I'VE DONE IT THREE TIMES.  I HAVE

9    NOTICED THIS BOARD THREE TIMES TO ADR AS A HOMEOWNER.  AND

10   I AM BEING REFUSED THAT PATH.  SO YOU CAN'T GO FROM A WAY

11   OVER HERE TO Z.  EVEN RIGHT NOW, I'VE NOTICED BOTH OF

12   THESE GENTLEMEN TO ADR.  THIS ONE TRIES TO SERVE AN

13   UNLAWFUL DETAINER, HE KNOWS I HAVEN'T LIVED THERE FOR TWO

14   MONTHS, AND THIS ONE, GAVE HIM THE INFORMATION.  THEY'RE

15   TWO SEPARATE ENTITIES.

16        THE COURT:  WAIT A SECOND.  YOU KNOW, THERE ARE

17   CERTAIN PROCEDURES THAT ARE FINAL, AND ONE OF THEM IS A

18   DISMISSAL.  YOU DISMISSED THESE INDIVIDUALS.  THAT WAS

19   YOUR DECISION.  THAT WASN'T --

20        MS. GALLIAN:  IT WAS REJECTED.

21        THE COURT:  EXCUSE ME.  LET ME FINISH.  YOU

22   DISMISSED SOME INDIVIDUALS.  I DIDN'T ORDER IT.  YOU DID

23   IT ON YOUR OWN.  THOSE PARTIES UNDER THE CODE HAVE A RIGHT

24   TO FILE FOR COSTS AND ATTORNEY'S FEES UNDER THE CC&R'S.

25   THAT'S WHAT THIS MOTION IS.  HOW CAN YOU ARGUE IT'S NOT A

26   DULY CONSTITUTED BOARD WHEN THERE'S ALREADY A DISMISSAL

B0432-9179 09/24/2021 11:20 PM Received by California Secretary of State

226

1   THAT YOU FILED IN FAVOR OF THESE PEOPLE?

2          MS. GALLIAN:   BECAUSE I SUBMITTED THE GOOD FAITH

3   ARGUMENT TWO DAYS LATER AND I HAVE THE E-MAIL TRAIN.   THEY

4   KNOW I DID.   IT WAS AN AGREEMENT, YOUR HONOR, BETWEEN ME

5   AND JAMES --

6          THE COURT:   I DIDN'T SEE ANYWHERE THAT YOU HAVE AN

7   AGREEMENT THAT THERE WOULD BE A WAIVER OF COSTS IN

8   EXCHANGE FOR A DISMISSAL.   IT WASN'T PROVEN.   THEY MADE A

9   MOTION AND SAID IT WASN'T THERE, AND I DON'T HAVE ANY

10  OPPOSITION THAT SHOWS TO THE CONTRARY.   SO THEY HAVE A

11  SATISFACTORY RESULT IN THIS CASE, THEY'RE THE PREVAILING

12  PARTY, THEY HAVE A RIGHT UNDER THE CODE AND UNDER THE

13  CC&R'S FOR ATTORNEY'S FEES.

14         MS. GALLIAN:   THEY ARE NOT THE PREVAILING PARTY

15  BECAUSE THIS WAS A DECLARATORY RELIEF.   THIS WASN'T AN

16  ENFORCEMENT OF THE GOVERNING DOCUMENTS, YOUR HONOR.

17         THE COURT:   THAT WAS RAISED BEFORE.   OKAY.

18         MS. GALLIAN:   THAT'S WHAT THE LAW SAYS.

19         THE COURT:   OKAY.

20         MS. GALLIAN:   AND THEY HAD TO HAVE DONE THE MOTION

21  AT THE SAME TIME.   I'M JUST SAYING IT WAS UNTIMELY.

22         THE COURT:   YOU WERE THERE AT THE SETTLEMENT

23  CONFERENCE A MONTH AGO WHEN I SAID, I'VE GOT THIS BIG

24  MOTION PENDING FOR 54,000, IS WHAT YOU WANTED IN

25  ATTORNEY'S FEES, I THINK, AND YOU GUYS BETTER SETTLE, OR

26  ELSE YOU MIGHT GET A BAD RESULT.   AND I TOLD HER, YOU GUYS

B0432-9180 09/24/2021 11:20 PM Received by California Secretary of State

227

1   SETTLE BECAUSE I MIGHT NOT RULE IN HER FAVOR.  I TOLD BOTH

2   OF YOU THAT'S A BIG NUMBER, AND YOU COULD HAVE SETTLED

3   THIS CASE FOR $15,000.

4          MS. GALLIAN:  YOU'RE RIGHT.  AND I BROUGHT THE

5   CHECK WITH ME IN JUNE, TOO.  AND IT'S BEEN BACK AND FORTH.

6   SO YEAH, WHEN HE TALKS ABOUT THAT THE SETTLEMENT HAS GONE

7   DOWN, IT'S BECAUSE I'VE HAD FRIVOLOUS STUFF BROUGHT

8   AGAINST ME.

9          THE COURT:  WELL, I WAS IN THERE WHEN THEY SAID

10  THEY'D TAKE THE ORIGINAL SETTLEMENT JUST A COUPLE WEEKS

11  AGO.  AND YOU SAID, NO, THAT MONEY IS GONE.  SO YOU DIDN'T

12  TAKE IT.

13         BUT NOW I'M GOING TO MAKE MY RULING.  I'M RULING

14  IN FAVOR, ACCORDING TO MY TENTATIVE RULING, GRANTING FEES

15  TO THE PREVAILING PARTY ON THE CROSS-COMPLAINT.

16         MS. GALLIAN:  ARE YOU SAYING INDIVIDUALS?  YOU'RE

17  TALKING ABOUT INDIVIDUALS?

18         THE COURT:  MY TENTATIVE RULING FROM LAST WEEK.

19         MS. GALLIAN:  NOT BOARD MEMBERS.  THIS IS

20  SEPARATE.  THIS IS NOT THE ASSOCIATION.  I JUST WANT TO

21  MAKE SURE, BE VERY CLEAR.

22         THE COURT:  IF YOU WANT TO MAKE SURE, READ MY

23  TENTATIVE RULING.

24         MS. GALLIAN:  I DID, YOUR HONOR, VERY CLEARLY I

25  READ IT.

26         THE COURT:  THAT WILL BE THE FINAL ORDER OF THE

228

1    COURT.

2          MS. GALLIAN:  OKAY.

3          THE COURT:  NOW, WE HAVE SOMETHING COMING UP.  I

4    HEARD TWO OF YOU ARE FILING EX PARTE MOTIONS TOMORROW.

5          MS. GALLIAN:  I DIDN'T FILE AN EX PARTE MOTION.

6          THE COURT:  WHAT'S GOING ON?

7          MS. GALLIAN:  THEY WANT TO CONTINUE THE TRIAL.

8    ABSOLUTELY NOT.

9          MR. KHARRAZIAN:  YOUR HONOR, WE HAVE TWO EX

10   PARTES.  I FILED AN EX PARTE SCHEDULED FOR TOMORROW

11   MORNING TO ASK TO CONTINUE THE TRIAL BECAUSE MS. GALLIAN

12   APPEARS TO HAVE SOLD THE UNIT, WHICH MAY VERY WELL

13   ALLEVIATE THE TRIAL.

14         MS. GALLIAN:  YOU JUST SAID FIVE MINUTES AGO YOU

15   DIDN'T KNOW --

16         (CELL PHONE RINGING.)

17         MS. GALLIAN:  PARDON ME, SIR.

18         MR. KHARRAZIAN:  AND BS INVESTORS HAS FILED A U.D.

19   ACTION.  EITHER ONE OF THOSE TWO, AS THEY PLAY OUT, COULD

20   VERY WELL ALLEVIATE THE TRIAL.  WE'RE A MONTH AWAY FROM

21   TRIAL.  I THINK IF THE PARTIES GET INTO HEAVY-DUTY TRIAL

22   PREP, IT'S NOT GOING TO HELP THIS CASE AT ALL.

23         THE COURT:  I'LL SEE YOU TOMORROW.  BUT THERE IS

24   AN OLD SAYING:  "IF YOU LIVE BY THE SWORD, YOU DIE BY THE

25   SWORD."  AND IF YOU MAKE YOUR LIVING HOLDING TECHNICAL

26   POINTS AGAINST PEOPLE, THEY MIGHT AT ONE POINT SAY, TOO

B0432-9181 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9182 09/24/2021 11:20 PM Received by California Secretary of State

229

1    LATE TO CONTINUE THE TRIAL.

2            MR. KHARRAZIAN:  I UNDERSTAND THAT, YOUR HONOR.

3            THE COURT:  THERE'S ANOTHER RULE, I THINK,

4    SOMEWHERE, I HOPE IT'S IN THE BACK OF THIS CIVIL CODE

5    WHERE THEY HAVE ALL THE MAXIMS OF JURISPRUDENCE, AND ONE

6    OF THEM SHOULD SAY, NEVER MOTIVATE THE OPPOSITION.  NEVER

7    CAUSE SOMEONE ELSE TO STAY UP LATE AT NIGHT TO GET EVEN

8    WITH YOU.  AND THAT'S WHAT'S HAPPENED HERE.  THIS HAS

9    DEGENERATED INTO A SPITE FIGHT.

10            SO I WANT TO GET THIS CASE RESOLVED.  IT'S ONE OF

11    MY OLDER CASES.  BUT I'LL HEAR YOUR EX PARTES.  SO YOU'VE

12    GIVEN NOTICE TO MS. GALLIAN?

13            MR. KHARRAZIAN:  WE HAVE, YOUR HONOR.

14            THE COURT:  THERE'S TWO.  WHAT'S THE OTHER ONE?

15            MS. RADMACHER:  THE OTHER ONE IS FOR A TEMPORARY

16    RESTRAINING ORDER RELATED TO THE TRANSFER OF THE ASSETS OF

17    MS. GALLIAN OF THE SALE DEALING WITH THESE ISSUES WHERE WE

18    HAD A SANCTIONS MOTION AS WELL AS THIS PENDING MOTION, THE

19    TRANSFER OF THE PROPERTY.  WE HAVE NOT BEEN ABLE TO VERIFY

20    THAT IT HAS BEEN DONE TO A BONA FIDE PURCHASER, AND

21    THERE'S CONCERNS ABOUT THE ABILITY OF MS. GALLIAN TO

22    SATISFY THE JUDGMENTS THAT MAY BECOME PENDING.

23            THE COURT:  SO ALTHOUGH YOU ORIGINALLY SAID, WE

24    WANT HER NOT TO WATER THE COMMON AREA, NOW YOU WANT TO

25    TAKE ALL THE EQUITY THAT SHE HAS IN THE HOUSE AND TAKE IT

26    FOR YOURSELF.

B0432-9183  09/24/2021 11:20 PM Received by California Secretary of State

230

```
 1          MS. RADMACHER:  NO, YOUR HONOR.  THAT'S NOT WHAT

 2    WE'RE SAYING.

 3          MS. GALLIAN:  THAT'S EXACTLY WHAT'S HAPPENING.

 4          MS. RADMACHER:  WE'RE SAYING WE WANT TO PRESERVE

 5    THE EQUITY TO ENSURE THAT IT IS PROPERLY ADDRESSED.

 6          THE COURT:  OKAY.  I'LL HEAR THEM BOTH TOMORROW.

 7          MR. KHARRAZIAN:  THANK YOU, YOUR HONOR.

 8          MR. MAY:  THANK YOU, YOUR HONOR.

 9          MS. RADMACHER:  THANK YOU, YOUR HONOR.

10          (PROCEEDINGS CONCLUDED.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

B0432-9184 09/24/2021 11:20 PM Received by California Secretary of State

```
 1    STATE OF CALIFORNIA )
                          )   SS.
 2    COUNTY OF ORANGE    )

 3

 4

 5

 6                    REPORTER'S CERTIFICATE

 7

 8

 9         I, KAREN A. HUTCHISON, CSR NO. 6664, APPROVED

10    COURT REPORTER PRO TEMPORE IN AND FOR THE SUPERIOR COURT

11    OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE, DO HEREBY

12    CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND

13    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A FULL,

14    TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID

15    CAUSE.

16

17

18

19    DATED: July 12, 2019

20

21

22

23    KAREN A. HUTCHISON, CSR #6664
      APPROVED COURT REPORTER PRO TEMPORE
24

25

26
```

B0432-9185 09/24/2021 11:20 PM Received by California Secretary of State

1   STATE OF CALIFORNIA )
                        )   SS.
2   COUNTY OF ORANGE    )

3

4

5

6                       REPORTER'S CERTIFICATE

7

8

9        I, KAREN A. HUTCHISON, CSR NO. 6664, APPROVED

10   COURT REPORTER PRO TEMPORE IN AND FOR THE SUPERIOR COURT

11   OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE, DO HEREBY

12   CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND

13   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A FULL,

14   TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID

15   CAUSE.

16

17

18

19   DATED: _July 12, 2019_

20

21

22

23   _____
     KAREN A. HUTCHISON, CSR #6664
24   APPROVED COURT REPORTER PRO TEMPORE

25

26

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/09/2018                TIME: 08:30:00 AM        DEPT:  C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  Eric Yu
REPORTER/ERM: Janet (ACRPT) Taylor CSR# 9463
BAILIFF/COURT ATTENDANT:  Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72926149

**EVENT TYPE**: Ex Parte
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/07/2018

**APPEARANCES**
BRENDA K. RADMACHER, specially appearing for Gordon & Rees LLP, present for Cross -
Defendant,Plaintiff(s).
PEJMAN D. KHARRAZIAN, specially appearing for Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.

Ex-Parte application for TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR
PRELIMINARY INUNCTION TO ENJOIN DISBURSEMENTS FROM PROCEEDS OF SALE OF REAL
PROPERTY, OR ALTERNATIVELY, FOR AN ORDER REQUIRING GALLIAN TO DEPOSIT AT LEAST
$52,145.27 WITH THE COURT is requested by the Huntington Beach Gables Homeowners Association
and Board members'.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

Ex Parte application for Temporary restraining order and order to show cause for preliminary inunction to
enjoin disbursements from proceeds of sale of real property, or alternatively, for an order requiring
gallian to deposit at least $52,145.27 with the court is denied without prejudice.

Ex-Parte application TO CONTINUE TRIAL is requested by Plaintiff.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

B0432-9186 09/24/2021 11:20 PM Received by California Secretary of State

CASE TITLE: The Huntington Beach Gables          CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

EX PARTE APPLICATION TO CONTINUE TRIAL is denied.

B0432-9187 09/24/2021 11:20 PM Received by California Secretary of State

---

DATE: 11/09/2018                 MINUTE ORDER                        Page 2
DEPT:  C33                                                      Calendar No.

B0432-9188 09/24/2021 11:20 PM Received by California Secretary of State

| | |
|---|---|
| 1 | SUPERIOR COURT OF CALIFORNIA |
| 2 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER |
| 3 | DEPARTMENT C33 |

```
 4   THE HUNTINGTON BEACH GABLES     )  CERTIFIED TRANSCRIPT
     HOMEOWNERS ASSOCIATION, A       )
 5   CALIFORNIA NONPROFIT MUTUAL     )
     BENEFIT CORPORATION,            )
 6                                   )
                    PLAINTIFFS,      )
 7            VS.                    )  NO. 30-2017-00913985
                                     )      CU-CO-CJC
 8   SANDRA L. BRADLEY, INDIVIDUALLY,)
     AND AS TRUSTEE OF THE SANDRA L. )
 9   BRADLEY TRUST; JAMIE L. GALLIAN,)
     AN INDIVIDUAL; AND DOES 1 THROUGH )
10   25, INCLUSIVE,                  )
                        DEFENDANTS.  )
11   _____)
     AND RELATED CROSS-ACTION(S).    )
12   _____)
```

13          HONORABLE JAMES L. CRANDALL, JUDGE PRESIDING

14                    REPORTER'S TRANSCRIPT

15                  FRIDAY, NOVEMBER 9, 2018

16   APPEARANCES OF COUNSEL:

17   FOR THE PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION:
18     EPSTEN GRINNELL & HOWELL APC
       BY:  PEJMAN D. KHARRAZIAN, ESQ.
19
     FOR THE CROSS-DEFENDANTS THE HUNTINGTON BEACH GABLES
20   HOMEOWNERS ASSOCIATION; LEE GRAGNANO; TED PHILLIPS;
     LINDY BECK; JENNIFER PAULIN; JANINE JASSO; AND LORI
21   BURRETT:
       GORDON & REES SCULLY MANSUKHANI
22     BY:  BRENDA K. RADMACHER, ESQ.

23   FOR THE DEFENDANT/CROSS-COMPLAINANT JAMIE L. GALLIAN:
       JAMIE L. GALLIAN
24     IN PRO PER

25
     JANET M. TAYLOR, CSR 9463, RMR, CRR
26   OFFICIAL COURT REPORTER PRO TEMPORE

B0432-9189 09/24/2021 11:20 PM Received by California Secretary of State

1      **SANTA ANA, CALIFORNIA; FRIDAY, NOVEMBER 9, 2018**

2                    **MORNING SESSION**

3              **(PROCEEDINGS IN OPEN COURT:)**

4                        **\* \* \***

5      **THE COURT:**  LET ME CALL THE HUNTINGTON BEACH GABLES

6   HOMEOWNERS ASSOCIATION VS. BRADLEY, ET AL., AND GALLIAN.

7      **MS. GALLIAN:**  YES, YOUR HONOR.  GOOD MORNING.

8      **MR. KHARRAZIAN:**  GOOD MORNING, YOUR HONOR.

9      **MS. GALLIAN:**  WE MADE SOME PROGRESS.  I THINK WE

10   MADE PROGRESS.

11     **THE COURT:**  PARDON ME?

12     **MS. GALLIAN:**  I THINK WE MADE PROGRESS.  WE WERE

13   OUT IN THE HALL TALKING.

14     **THE COURT:**  OH, WONDERFUL.

15     **MR. KHARRAZIAN:**  WE WERE JUST CHATTING IN THE HALL.

16   GOOD MORNING.

17     **MS. RADMACHER:**  SHOULD WE STATE OUR APPEARANCES FOR

18   THE RECORD, YOUR HONOR?

19     **THE COURT:**  PLEASE.

20     **MS. GALLIAN:**  I'M SORRY.  I DIDN'T ME TO INTERRUPT

21   YOU.

22     **MS. RADMACHER:**  BRENDA RADMACHER WITH GORDON & REES

23   ON BEHALF OF THE HUNTINGTON BEACH GABLES HOMEOWNERS

24   ASSOCIATION AND THE INDIVIDUAL BOARDS MEMBERS.

25     **THE COURT:**  OKAY.

26     **MR. KHARRAZIAN:**  THANK YOU.

B0432-9190 09/24/2021 11:20 PM Received by California Secretary of State

1    PEJMAN KHARRAZIAN -- GOOD MORNING -- ON BEHALF

2 OF THE PLAINTIFF.

3  **MS. GALLIAN:** GOOD MORNING, YOUR HONOR. JAMIE

4 GALLIAN, DEFENDANT.

5  **THE COURT:** OKAY. WELL, I'M GLAD TO HEAR YOU'RE

6 TALKING AND MAKING PROGRESS.

7  **MR. KHARRAZIAN:** WE'RE TRYING, YOUR HONOR. YOU

8 KNOW, WE'RE HERE FOR TWO EX PARTES THIS MORNING. THE

9 FIRST ONE IS TO ASK THE COURT TO CONTINUE -- WE

10 UNDERSTAND -- LAST WEEK WE WERE IN TRIAL ON A MOTION THE

11 1ST OF NOVEMBER. FOR THE FIRST TIME, MS. GALLIAN STATED

12 IN OPEN COURT "I'VE SOLD THE UNIT. I'M GONE." AND SO

13 THAT WAS NEWS TO US.

14    SO FOR THE LAST WEEK, WE'VE BEEN TRYING TO

15 FIGURE OUT WHAT HAPPENED, YOU KNOW, WHO'S THE BUYER.

16 THERE WAS NO ESCROW, AND THE DOCUMENT THAT WE'VE BEEN

17 ABLE TO OBTAIN FROM THE COUNTY RECORDER SAYS THE SALE

18 WAS FOR NO CONSIDERATION. SO THERE ARE SOME RED FLAGS.

19    WE ALSO FOUND THIS OTHER DOCUMENT THAT'S NOT --

20 AN UNRECORDED DEED THAT HAS A DIFFERENT ENTITY ON IT.

21 SO ALL THESE THINGS ARE CONCERNING TO US, AND WE'RE

22 STILL DOING OUR DUE DILIGENCE TO FIND OUT IF IT'S TO A

23 THIRD-PARTY PURCHASER FOR VALUE. AND IF THAT'S THE

24 CASE, YOU KNOW, HALLELUJAH. I HOPE THAT'S THE CASE. I

25 KNOW THE COURT WOULD AGREE, AND THAT WOULD BE A HUGE

26 STEP.

B0432-9191 09/24/2021 11:20 PM Received by California Secretary of State

1    I'VE ASKED MS. GALLIAN TO SEND ME DOCUMENTS TO

2    SHOW THAT THAT'S THE CASE.  I HAVE NOT GOTTEN A RESPONSE

3    FROM HER.  BUT IF THAT IS THE CASE, I DON'T THINK THAT

4    GOING -- PUSHING TOWARDS TRIAL -- WE'RE A MONTH OUT FROM

5    TRIAL -- AND GETTING INTO TRIAL PREP IS GOING TO HELP

6    ANYONE IN THIS CASE.

7        **THE COURT:**  I THINK ALL SIDES ARE READY FOR TRIAL

8    BECAUSE YOU'VE BEEN IN HERE EVERY WEEK SINCE THE CASE

9    WAS FILED.

10       **MS. GALLIAN:**  I AGREE.

11       **MR. KHARRAZIAN:**  WELL, WE CAN CERTAINLY PUSH AND --

12   AND -- YES.  I DON'T DISAGREE WITH THAT, YOUR HONOR.

13   BUT IS THAT THE RIGHT MOVE HERE WHERE THERE'S TWO LIGHTS

14   AT THE END OF THE TUNNEL POTENTIALLY THAT WOULD

15   ALLEVIATE THE NEED FOR A TRIAL ALTOGETHER?

16       **THE COURT:**  WELL, HERE'S MY CONCERN.  IT'S CLEAR TO

17   ME, NOT ONLY BASED ON MY EXPERIENCE AS A LAWYER BUT MORE

18   SO SINCE I'VE BEEN ON THE BENCH, THAT WHEN YOU HAVE A

19   TRIAL DATE, THAT MAKES PEOPLE MAKE THEIR BEST, FINAL,

20   AND LAST OFFER.  WHEN I CONTINUE THE TRIALS, SETTLEMENTS

21   FALL APART BECAUSE PARTIES KEEP --

22       **MS. GALLIAN:**  I AGREE.

23       **THE COURT:**  SO I -- I THINK IF WE KNOW THAT THIS

24   CASE IS GOING TO GO TO TRIAL, IT'S GOING TO MAKE BOTH

25   SIDES SAY, "OKAY.  HERE'S MY FINAL-FINAL POSITION, MY

26   FINAL OFFER."

B0432-9192 09/24/2021 11:20 PM Received by California Secretary of State

1        SO I THINK IT'S WONDERFUL THAT YOU'RE TALKING.

2   I'VE MADE SOME HARD RULINGS IN THE CASE.  AND SO I'M --

3   I THINK BOTH SIDES KNOW WHEN THE TRIAL DATE COMES, IT'S

4   TIME TO PUT UP OR SHUT UP.

5        **MR. KHARRAZIAN:**  I AGREE, YOUR HONOR.  AND LET ME

6   JUST KIND OF GO THROUGH SOMETHING REAL QUICK WITH THE

7   COURT.

8        OUR COMPLAINT THAT WE FILED INITIALLY WAS A

9   VERY SIMPLE COMPLAINT.  IT ASKED FOR TWO THINGS:

10       ONE, MS. GALLIAN CORRECT VARIOUS ARCHITECTURAL

11  VIOLATIONS WITH THE UNIT THAT SHE, I GUESS, USED TO OWN,

12  FIXING ENCROACHMENTS INTO THE COMMON AREA, THE PATIO

13  COVER THAT WAS NOT APPROVABLE AND AGAINST THE RULES,

14  ET CETERA, AND -- (INDISCERNIBLE).

15       **THE COURT:**  A COUPLE LITTLE THINGS THAT VIOLATED

16  THE CC&RS AND WHERE HER PROPERTY ENCROACHED ONTO THE

17  COMMON AREAS --

18       **MR. KHARRAZIAN:**  CORRECT.

19       **THE COURT:**  -- OR DIDN'T COMPLY WITH SOME OF THE

20  ARCHITECTURAL GUIDELINES.

21       **MR. KHARRAZIAN:**  CORRECT.

22       **MS. GALLIAN:**  AND AS THE COURT HAS BEEN TOLD MANY

23  TIMES, THOSE ITEMS HAVE BEEN IN PLACE THERE FOR THREE

24  YEARS PRIOR TO THE GIFT.

25       **THE COURT:**  NO.  I'M JUST SAYING WHAT THE ISSUES

26  ARE.

B0432-9193 09/24/2021 11:20 PM Received by California Secretary of State

1     **MS. GALLIAN:**  RIGHT.

2     **MR. KHARRAZIAN:**  LET ME —— LET ME ——

3     **MS. GALLIAN:**  PRIOR TO THE GIFT, SO THEY'RE NOT MY

4  RESPONSIBILITY.

5     **MR. KHARRAZIAN:**  SO THAT'S THE FIRST CAUSE OF

6  ACTION.  SECOND CAUSE OF ACTION IS FOR NUISANCE.

7          SO IF MS. GALLIAN HAS SOLD THE UNIT TO A THIRD

8  PARTY FOR VALUE, THERE'S REALLY NOTHING LEFT TO TRY IN

9  THE CASE.

10    **MS. GALLIAN:**  I AGREE.

11    **MR. KHARRAZIAN:**  THE —— SHE NO LONGER WOULD HAVE

12  THE ABILITY TO FIX THE VIOLATIONS BECAUSE SHE'S MOVED.

13  SHE'S NO LONGER ABLE TO BE A NUISANCE, SO IT WOULD BE

14  TRESPASS.  IT WOULD BE A DIFFERENT CAUSE OF ACTION.

15    **THE COURT:**  AND BECAUSE OF THAT, THERE'S NOT A

16  WHOLE BUNCH OF TRIAL PREP THAT'S REQUIRED.

17    **MS. GALLIAN:**  CORRECT.

18    **MR. KHARRAZIAN:**  NO.

19    **THE COURT:**  SO I JUST WANT TO KEEP THE TRIAL DATE

20  ON TO MAKE SURE THE PARTIES GET TO THE FINAL-FINAL POINT

21  OF A SIGNED, SEALED, AND DELIVERED SETTLEMENT.

22    **MR. KHARRAZIAN:**  THAT SOUNDS GREAT.  AND IF WE

23  DON'T GET THERE, YOUR HONOR, WE BELIEVE THAT THIS ——

24  THIS WHOLE CASE CAN BE RESOLVED BY MOTION.  SO WE'LL

25  FILE THAT MOTION PRIOR TO TRIAL AND, I GUESS, SEEK AN

26  ORDER SHORTENING TIME SO THAT ——

B0432-9194 09/24/2021 11:20 PM Received by California Secretary of State

1    **MS. GALLIAN:**  I THINK THE PART THAT HE'S NOT

2    TELLING THE COURT, YOUR HONOR, IS THAT WHEN I ASKED THEM

3    TO STEP OUTSIDE, THAT IF THIS COULD NOT BE RESOLVED,

4    THAT I MAKE A MOTION TO MOVE IT TO FEDERAL COURT.

5         AND WE HAVE TALKED ABOUT THAT WITH YOU BEFORE,

6    AND YOU SAID YOU WOULD BE GLAD TO MOVE IT TO FEDERAL

7    COURT.

8    **THE COURT:**  WELL, WAIT.  IT'S NOT A MOTION TO ME TO

9    REMOVE IT TO FEDERAL COURT.  THAT'S -- YOU KNOW, YOU

10   REMOVE IT TO FEDERAL COURT --

11   **MS. GALLIAN:**  YES, SIR.

12   **THE COURT:**  -- AND THEY MIGHT SEND IT BACK.

13   **MS. GALLIAN:**  CORRECT.  ABSOLUTELY.  I THINK IT'S A

14   LOT OF CIVIL RIGHTS.

15   **THE COURT:**  OKAY.  BUT -- OKAY.  LET'S --

16   **MS. GALLIAN:**  AND I DON'T WANT TO GO THERE.  THAT'S

17   WHY I SAID, YOU KNOW THEY'RE -- THEY'RE, LIKE, "OKAY.

18   WHAT'S YOUR FINAL OFFER?"

19        I TOLD THEM, AND THEN WE WERE CALLED IN HERE.

20   AND NOW WE'RE BACK -- I FEEL THIS TENSION AGAIN.  AND

21   IT'S LIKE I'VE MADE THEM AN OFFER, YOU KNOW, AND -- AND

22   IT'S LIKE -- YOU KNOW, NOW HE'S TALKING ABOUT "WELL,

23   WE'RE GOING TO FILE THIS MOTION.  AND WE'RE" --

24        OKAY.  NO.  JUST BE DONE WITH IT.

25   **MR. KHARRAZIAN:**  THE SALE HAS BEEN THE LINCHPIN OF

26   ALL OF OUR SETTLEMENT NEGOTIATIONS --

B0432-9195 09/24/2021 11:20 PM Received by California Secretary of State

1      **MS. GALLIAN:**  AND IT'S DONE.

2      **MR. KHARRAZIAN:**  -- AND YOU KNOW THAT, YOUR HONOR.

3  IF SHE -- I DON'T KNOW WHY SHE WON'T DEMONSTRATE THAT

4  THIS IS A BONA FIDE --

5      **MS. GALLIAN:**  IT'S NOT UP TO ME.  IT'S --

6      **MR. KHARRAZIAN:**  -- SALE.

7      **THE REPORTER:**  YOUR HONOR, THERE ARE TOO MANY

8  SPEAKING AT ONE TIME.

9      **THE COURT:**  MS. GALLIAN, HE'S JUST STATING HIS

10  POSITION.

11      **MS. GALLIAN:**  OKAY.  THEN I'LL STATE MINE.

12      **THE COURT:**  AND -- AND HE HAS A RIGHT TO SAY HIS

13  POSITION, AND THEN I'LL LET YOU SAY SOMETHING TOO.

14      **MS. GALLIAN:**  YES, SIR.

15      **MR. KHARRAZIAN:**  THANK YOU, YOUR HONOR.

16          IF MS. GALLIAN CAN DEMONSTRATE THAT THIS IS A,

17  YOU KNOW, RIGHTEOUS SALE TO A BONA FIDE THIRD PARTY,

18  WONDERFUL.  I THINK WE'RE MORE THAN HALFWAY THERE.

19          AND MS. GALLIAN WAS, YOU KNOW, AGAIN, YOU KNOW,

20  FIFTEEN, FIVE, ZERO, FIVE, FIFTEEN, THE SETTLEMENT

21  OFFERS.  WHERE IS SHE TODAY?  I DON'T KNOW.  BUT SHOW US

22  THAT THE SALE IS -- IS LEGIT AND WHAT'S HER OFFER, AND I

23  WILL BE -- I WILL SELL IT TO MY CLIENTS AS BEST AS I

24  CAN, YOUR HONOR.

25      **THE COURT:**  OKAY.  ALL RIGHT.  OKAY.  BUT I THINK

26  IT'S IMPORTANT THAT YOU CAN CONTINUE TALKING, SO I'M

B0432-9196 09/24/2021 11:20 PM Received by California Secretary of State

1   DENYING THE MOTION TO CONTINUE.

2          NOW, THE MORE COMPLICATED MOTION IS YOUR OTHER

3   MOTION.  YOU WANT A TEMPORARY RESTRAINING ORDER AND A

4   PRELIMINARY INJUNCTION TO KEEP HER FROM SPENDING THE

5   MONEY ON THE UNIT.  YOU WANT THE COURT TO LOCK THAT UP

6   UNTIL EVERYTHING IS RESOLVED BECAUSE YOU HAVE A JUDGMENT

7   FOR ATTORNEY'S FEES.

8       **MR. KHARRAZIAN:**  THAT'S RIGHT, YOUR HONOR.  AND --

9       **MS. RADMACHER:**  THAT'S CORRECT, YOUR HONOR.

10      **MR. KHARRAZIAN:**  -- I'LL LET MS. RADMACHER ADDRESS

11  THAT.

12      **THE COURT:**  GO AHEAD.

13      **MS. RADMACHER:**  YOUR HONOR --

14      **THE COURT:**  I WONDER --

15      **MS. RADMACHER:**  YES.

16      **THE COURT:**  -- WHY -- WHY IS IT A TEMPORARY

17  RESTRAINING ORDER AND PRELIMINARY INJUNCTION?  BECAUSE,

18  YOU KNOW, I HAVE TO FIND TO GRANT THAT, ONE, THAT THERE

19  IS AN EXIGENT CIRCUMSTANCE, AND, TWO, THAT YOU'RE LIKELY

20  TO PREVAIL ON THE MERITS.

21          AND THE TROUBLE IS IF WE DO END UP IN TRIAL,

22  YOU KNOW, MS. GALLIAN, HER CASE GOES BACK TO THE

23  FOUNDATION DOCUMENTS OF YOUR WHOLE HOMEOWNERS

24  ASSOCIATION, CLAIMING THAT THE FOUNDATION DOCUMENTS ARE

25  INACCURATE, THAT THE BOARD ISN'T AUTHORIZED TO ACT ON

26  BEHALF OF THE ASSOCIATION, THAT THE PRESENT BOARD IS NOT

B0432-9197 09/24/2021 11:20 PM Received by California Secretary of State

1   PROPERLY CONSTITUTED, THAT THE ELECTION WAS RIGGED, AND

2   THAT THERE WAS ALL KINDS OF SUBSTANTIVE PROBLEMS WITH

3   THE ORGANIZATION OF THE ASSOCIATION EVEN, NOT ONLY THE

4   FACTS OF THE CASE WHICH SHE DISPUTES.

5        SO IT SEEMS TO ME THAT THERE'S SO MANY BALLS UP

6   IN THE AIR HERE AND THERE ARE SO MANY LEGAL ISSUES THAT

7   I CAN'T SAY AT THIS POINT IN TIME THAT IT'S A SLAM-DUNK

8   THAT YOU'RE LIKELY TO WIN, AND, THEREFORE, I'VE GOT TO

9   HOLD SOME OF HER MONEY.

10       **MR. KHARRAZIAN:**  WELL, YOUR HONOR, THIS COURT HAS

11  ALREADY GRANTED A TRO AND A PRELIMINARY INJUNCTION IN

12  THIS MATTER AND HAS MADE THAT DETERMINATION.  IT'S IN

13  THE RECORD THAT THE COURT BELIEVES THAT THERE IS A

14  LIKELIHOOD OF THE PLAINTIFF PREVAILING ON THE MERITS,

15  AND THERE'S A PRELIMINARY INJUNCTION THAT'S IN PLACE

16  CURRENTLY BECAUSE OF THAT.

17       **MS. RADMACHER:**  THE OTHER THING, YOUR HONOR, I'D

18  ADD AND -- IS WITH REGARDS TO THAT IS WE HAVE TWO ORDERS

19  FROM THIS COURT AWARDING SANCTIONS AND AWARDING

20  ATTORNEY'S FEES IN FAVOR OF OUR CLIENTS.

21       **THE COURT:**  I'M FAMILIAR WITH THOSE.

22       **MS. RADMACHER:**  AND THOSE -- AS YOU KNOW, WE WERE

23  HERE YESTERDAY.

24       **THE COURT:**  YEAH.

25       **MS. RADMACHER:**  AND AS THOSE WILL BE REDUCED TO

26  JUDGMENTS, THERE IS AN EXIGENT CONSIDERATION AT THIS

B0432-9198 09/24/2021 11:20 PM Received by California Secretary of State

1    TIME TO ENSURE THAT THE PROCEEDS FROM THE SALE, ASSUMING

2    IT'S TO A BONA FIDE THIRD-PARTY PURCHASER, ARE

3    MAINTAINED.  BECAUSE NORMALLY THIS TYPE OF A TRANSACTION

4    WOULD HAVE BEEN DONE THROUGH ESCROW IN ADDITION TO --

5        **MS. GALLIAN:**  AND ESCROW WAS NOTIFIED.  YOU JUST

6    DIDN'T DO IT.

7        **THE COURT:**  OKAY.  MS. GALLIAN --

8        **MS. GALLIAN:**  I'M SORRY.

9        **THE COURT:**  YEAH.  YOU CAN'T INTERRUPT.

10       **MS. GALLIAN:**  YES, SIR.

11       **THE COURT:**  AND NOW YOU HEARD THE COURT'S

12   PRELIMINARY COMMENTS ON THIS, WHICH WAS NOT IN FAVOR OF

13   GRANTING THE TEMPORARY RESTRAINING ORDER.  SO --

14       **MS. GALLIAN:**  I STEP BACK.

15       **THE COURT:**  -- WHY WOULD YOU TRY TO SNATCH DEFEAT

16   FROM THE JAWS OF VICTORY BY SPEAKING OUT OF TURN?

17       **MS. GALLIAN:**  I APOLOGIZE FOR THAT, YOUR HONOR.

18       **THE COURT:**  OKAY.  GO AHEAD.

19       **MS. RADMACHER:**  THANK YOU, YOUR HONOR.

20       SO AT A MINIMUM IN THAT REGARD, WE HAVE

21   APPROXIMATELY $49,208 EXACTLY BASED ON YOUR ORDER

22   YESTERDAY THAT HAS BEEN AWARDED, THAT WE WOULD ASK THAT,

23   AT A MINIMUM, THOSE AMOUNTS WOULD BE CONSIDERED AS WE

24   HAVE -- WE HAVE PREVAILED.

25       THE OTHER ISSUES, MAYBE NOT.  AND SO WE HAVE

26   ASKED AND LIMITED OUR PAPERS TO ASK AT A MINIMUM THAT

B0432-9199 09/24/2021 11:20 PM Received by California Secretary of State

1  THAT AMOUNT BE THE AMOUNT THAT WOULD BE ORDERED TO BE

2  CONSIDERED AS EITHER TO BE DEPOSITED WITH THE COURT OR

3  TO BE AN INJUNCTION TO PREVENT THOSE FROM BEING USED.

4      **THE COURT:**  YEAH.  NO, I UNDERSTAND YOUR POINT.  IN

5  A STANDARD KIND OF CASE, I MAY BE INCLINED TO DO THAT.

6  BUT HERE EVERY TIME WE HEAR FROM MS. GALLIAN, SHE DOES

7  HAVE NEW THEORIES.  SHE DOES HAVE NEW ARGUMENTS.

8      AND BRINGING UP ARGUMENTS REGARDING THE

9  IMPROPER CONSTITUTION OF THE BOARD THAT JUST I HEARD

10  YESTERDAY, I CAN'T SAY THAT YOU NOW HAVE -- STILL HAVE A

11  SLAM-DUNK ON THE TRIAL.  SO I'M GOING TO DENY THE TRO.

12     **MR. KHARRAZIAN:**  WELL, YOUR HONOR, IF I MAY, BEFORE

13  YOU MAKE THE FINAL RULING --

14     **THE COURT:**  OKAY.  WAIT A SECOND.

15     **MR. KHARRAZIAN:**  SURE.

16     **THE COURT:**  YOU MAY SPEAK ALL YOU WANT.

17     **MR. KHARRAZIAN:**  THANK YOU, YOUR HONOR.

18     **THE COURT:**  I'M NOT GOING TO MAKE A FINAL RULING.

19     GO AHEAD.

20     **MR. KHARRAZIAN:**  I MEAN LET'S LOOK AT THIS.  WE'VE

21  BEEN IMPLORING MS. GALLIAN TO SELL THIS UNIT, AND THAT'S

22  BEEN PART OF OUR SETTLEMENT DISCUSSIONS FOR MONTHS,

23  CLOSE TO A YEAR, YOUR HONOR.

24     ON THE EVE OF MS. RADMACHER'S MOTION FOR

25  ATTORNEY'S FEES WHERE SHE FINALLY REALIZES THERE'S GOING

26  TO BE POSSIBLY A JUDGMENT AGAINST HER, SHE ALL OF A

1   SUDDEN SELLS THE UNIT OVERNIGHT OUT OF ESCROW, UNDER

2   SUSPICIOUS CIRCUMSTANCES, AND IT'S A QUITCLAIM DEED.  SO

3   I MEAN WHAT DOES THAT TELL THE COURT, YOUR HONOR, AS FAR

4   AS WHAT THE MOTIVES ARE FOR THIS SALE?

5       **THE COURT:**  IT TELLS THE COURT THAT YOU FINALLY,

6   THROUGH YOUR INCESSANT MOTIONS AND OVERLY AGGRESSIVE

7   PRESENTATION OF YOUR CASE, DROVE HER INTO SUBMISSION,

8   AND SHE GAVE UP.  AND NOW YOU'RE IN HERE TO HAVE THE

9   COURT ALLOW YOU TO KICK HER A COUPLE TIMES WHILE SHE'S

10  DOWN.  AND I TOLD YOU THAT YESTERDAY THIS IS NOT VERY

11  TASTEFUL TO THE COURT, THESE MOTIONS.

12      I WANTED THE PARTIES TO TRY TO RESOLVE THEIR

13  DIFFERENCES.  I TOLD HER SIX MONTHS AGO THE BEST THING

14  TO DO WOULD BE TO MOVE OUT.  SHE HASN'T MADE THE BEST

15  DECISIONS FOR HERSELF, AND NOW SHE'S UNDER SOME SEVERE

16  FINANCIAL PUNISHMENT BY WAY OF JUDGMENTS AND COST BILLS.

17      BUT I DON'T SEE WHY AT THIS POINT IN TIME I

18  CAN'T ALLOW THE PARTIES TO CONTINUE TO DISCUSS A

19  POTENTIAL RESOLUTION AMONG YOURSELVES WITHOUT THE COURT

20  ENTERING A TEMPORARY RESTRAINING ORDER AND AN

21  INJUNCTION.

22      I TOLD YOU WHEN I GRANTED THE MOTION FOR COSTS

23  THAT THIS IS ANOTHER ARROW IN YOUR QUIVER, ANOTHER CHIP

24  THAT YOU HAVE ON YOUR SIDE OF THE TABLE FOR

25  NEGOTIATIONS.  BUT ALTHOUGH WE'VE HAD TWO SETTLEMENT

26  AGREEMENTS THAT HAVE BOTH BROKEN DOWN, I DON'T WANT TO

B0432-9200 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9201 09/24/2021 11:20 PM Received by California Secretary of State

1   GIVE UP ON IT.  SO --

2       **MS. RADMACHER:**  AND I AGREE, YOUR HONOR.  I THINK

3   THE ISSUE IS THAT WE'RE ALL WORKING TO TRY TO GET THERE.

4   AND FROM MY CLIENTS' PERSPECTIVE, THEY HAVE SUBSTANTIAL

5   CONCERNS THAT IF -- WITHOUT THE EQUITY OF THE

6   RESTRAINING ORDER FOR THESE AMOUNTS OF FUNDS, AT LEAST

7   THE LIMITED FUNDS, THAT PRESSURE IS ALSO ALLEVIATED.

8       BECAUSE THEN THE FUNDS MAY BE DISBURSED AND

9   UTILIZED, AND THEN THERE'S NO RECOVERY FOR THOSE FEES.

10  AND THAT ACTUALLY TAKES AWAY ANY LEVERAGE FOR SETTLEMENT

11  DISCUSSIONS BECAUSE IT'S SORT OF AN EMPTY PIECE OF PAPER

12  AT THAT POINT.

13      **THE COURT:**  THE LEVERAGE FOR SETTLEMENT DISCUSSIONS

14  IS THAT I GRANTED THE COSTS.  I GRANTED THE ATTORNEY'S

15  FEES.  AND IF SOMETHING DOESN'T GET RESOLVED IN

16  SETTLEMENT -- BECAUSE REMEMBER THE ORIGINAL SETTLEMENT,

17  THEY WERE WAIVED.  MS. GALLIAN WOULDN'T HAVE TO PAY FOR

18  THEM.  SHE DIDN'T GO THROUGH THE SETTLEMENT.  NOW YOU'VE

19  GOT THOSE JUDGMENTS.  SO NOW THAT'S SOMETHING EITHER SHE

20  CAN BARGAIN AWAY OR PAY.  BUT I THINK SHE REALIZES

21  THAT'S A PRETTY BIG ROCK HANGING OVER HER HEAD.

22      SO -- BUT I DON'T THINK I CAN SAY RIGHT NOW I'M

23  GOING TO GRANT A TEMPORARY RESTRAINING ORDER AND A

24  PRELIMINARY INJUNCTION BECAUSE IF EVERYTHING FALLS

25  APART, WE'LL HAVE A TRIAL.

26      NOW, WHETHER SHE HAS A LAWYER OR DOES IT

B0432-9202 09/24/2021 11:20 PM Received by California Secretary of State

1   HERSELF, I KNOW YOU'RE HOPING LIKE I DO SHE HAS A LAWYER

2   BECAUSE --

3       **MR. KHARRAZIAN:**  YES, YOUR HONOR.

4       **THE COURT:**  -- SHE SAYS MORE THINGS THAN THE

5   LAWYERS DO.  BUT IT MIGHT BE AN EXTENDED TRIAL.  IT MAY

6   HAVE SOME BROAD ISSUES.

7       **MR. KHARRAZIAN:**  THAT'S WHAT'S CONCERNING.

8       **THE COURT:**  AND I'LL HAVE TO MAKE SOME HARD RULINGS

9   THERE TO -- TO MAKE SURE THAT EVIDENCE ON BOTH SIDES IS

10  PROPERLY FOCUSED.  BUT I THINK THERE'S STILL AN OPEN

11  ISSUE AS TO WHO WINS ON WHAT ISSUES.

12      SO I'M HOPING YOU WILL TALK, BUT I DON'T SEE A

13  BASIS RIGHT NOW TO GRANT A PRELIMINARY INJUNCTION.  IF

14  YOU WANT TO MAKE A MOTION -- A NOTICED MOTION THAT SHE

15  CAN RESPOND TO, PUT IT ON CALENDAR.

16      I'M NOT GOING TO SAY I WOULDN'T GRANT A NOTICED

17  MOTION AFTER SHE RESPONDS.  I JUST DON'T THINK THERE'S,

18  ONE, THE EXIGENT CIRCUMSTANCE, AND, TWO, THAT THERE'S

19  CLEAR EVIDENCE THAT YOU'RE LIKELY TO PREVAIL ON THE

20  WHOLE CASE.

21      **MS. RADMACHER:**  I UNDERSTAND.  THANK YOU, YOUR

22  HONOR.

23      **THE COURT:**  OKAY.  SO KEEP TALKING.  I'M GLAD

24  YOU'RE BOTH HERE.  WE HAVE -- WE HAVE A LITTLE

25  CONFERENCE ROOM.

26      WHY DON'T WE OPEN THIS CONFERENCE ROOM FOR THEM

B0432-9203 09/24/2021 11:20 PM Received by California Secretary of State

1    SO THEY DON'T TALK IN THE HALLWAY.

2              OUT IN THE HALLWAY?  IS SOMEONE USING THAT?

3         **COURTROOM ATTENDANT:**  THEY MIGHT BE FOR A

4    SETTLEMENT CONFERENCE.

5         **THE COURT:**  OKAY.  IF NOT --

6         **MR. KHARRAZIAN:**  THE HALL IS FINE, YOUR HONOR.  IT

7    MIGHT BE BETTER IN THE HALLWAY, ANYWAYS.

8         **(DISCUSSION WITH THE COURTROOM ATTENDANT)**

9         **MS. RADMACHER:**  BEFORE WE DEPART, SO THE RECORD'S

10   CLEAR, SO THE MOTION FOR OUR TEMPORARY RESTRAINING ORDER

11   IS DENIED.

12        **THE COURT:**  WITHOUT PREJUDICE.

13        **MS. RADMACHER:**  THANK YOU, YOUR HONOR.

14        **THE COURT:**  DENIED WITHOUT PREJUDICE TO A NOTICED

15   MOTION.

16        **MS. GALLIAN:**  YES, YOUR HONOR.  CAN I MAKE A

17   REQUEST TO MOVE UP A SHORTENED TIME FOR THE DECEMBER 6

18   DECISION FOR THE MOTION FOR JUDGMENT ON THE PLEADINGS?

19        **THE COURT:**  OH, YOU WANT TO MOVE IT UP?

20        **MS. GALLIAN:**  IT JUST SEEMS LIKE IT'S ONLY FOUR

21   DAYS AWAY FROM TRIAL, AND IT WOULD JUST SEEM THAT --

22        **MR. KHARRAZIAN:**  YOUR HONOR, I'LL OBJECT TO THAT.

23   THAT'S NOT WHY WE'RE HERE TODAY.  AND THERE WAS ALREADY

24   A MOTION TO SHORTEN TIME, AND THAT WAS THE DATE WE

25   SELECTED.  THE -- THE --

26        **MS. GALLIAN:**  NO, IT WASN'T.

16

1    **MR. KHARRAZIAN:** –– MOTION WAS SET FOR JANUARY

2    INITIALLY.

3        **THE COURT:** YEAH, I KNOW.  AND, BY THE WAY, THESE

4    ARE COMPLICATED LEGAL ISSUES.  THEY ALL GO THROUGH MY

5    LEGAL RESEARCH TEAM BEFORE IT GETS TO ME TO MAKE THE

6    FINAL DECISION.  AND MY LEGAL RESEARCH TEAM, AS WE'RE

7    GETTING TOWARD THE HOLIDAYS, IS BACKED UP.

8        **MS. GALLIAN:** OKAY.

9        **THE COURT:** I CAN'T DO IT.

10       **MS. GALLIAN:** DECEMBER 6 IS FINE.  THANK YOU FOR

11   YOUR TIME.

12       **THE COURT:** ALL RIGHT.  BUT EVERYBODY THINKS THEY

13   HAVE A PATH TO VICTORY HERE.

14       **MS. GALLIAN:** NO, THERE'S NO VICTORY.

15       **THE COURT:** BUT THERE ARE A NUMBER OF ROADBLOCKS IN

16   FRONT –– THAT COULD BE PUT UP IN FRONT OF BOTH SIDES,

17   AND THAT'S WHY IT'S PROBABLY BEST THAT YOU RESOLVE THE

18   ISSUES.

19       **MS. GALLIAN:** I AGREE.  THANK YOU, YOUR HONOR.

20       **THE COURT:** OKAY.

21       **MS. RADMACHER:** THANK YOU, YOUR HONOR.

22       **THE COURT:** YOU'RE WELCOME.

23       **MR. KHARRAZIAN:** THANK YOU.

24           **(END OF PROCEEDINGS ON THIS MATTER)**

25

26

B0432-9204 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9205 09/24/2021 11:20 PM Received by California Secretary of State

1                          REPORTER'S CERTIFICATE

2

3

4              I, JANET M. TAYLOR, CSR 9463, RMR, CRR,

5      OFFICIAL COURT REPORTER PRO TEMPORE, IN AND FOR THE

6      SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

7      ORANGE, DO HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT,

8      CONSISTING OF PAGES 1 THROUGH 16, INCLUSIVE, IS A TRUE

9      AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES AND IS A

10     FULL, TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD

11     IN SAID CAUSE.

12     DATED:  NOVEMBER 13, 2018

13

14                      (ELECTRONIC SIGNATURE:)

15

16     _____

17     JANET M. TAYLOR
       CERTIFIED SHORTHAND REPORTER
18     CERTIFICATE NUMBER 9463

19

20

21

22

23

24

25

26

B0432-9206 09/24/2021 11:20 PM Received by California Secretary of State

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 11/16/2018                    TIME: 08:30:00 AM          DEPT:  C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  P. Rief
REPORTER/ERM: Darci Mullarky CSR# 5569
BAILIFF/COURT ATTENDANT: Julie Carney

CASE NO: 30-2017-00913985-CU-CO-CJC CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72930711

**EVENT TYPE:** Ex Parte
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/15/2018

**APPEARANCES**
Pejman D. Kharrazian, Esq., from Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.
 Steven A. Fink, Esq. in a limited scope representation.

EX PARTE APPLICATION BY PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
ASSOCIATION FOR ORDER SHORTENING TIME RE (1) MOTION TO BE DEEMED PREVAILING
PARTY AND (2) MOTION TO COMPEL AND FOR TERMINATING SANCTIONS AGAINST JAMIE L.
GALLIAN; AND FOR A STAY OF THE ACTION

Hearing held in open court. A discussion is held regarding the status of this matter and the court rules as
follows:

The Application by Plaintiff for an Order Shortening Time is granted.

The Motion by Plaintiff The Huntington Beach Gables Homeowners Association to be Deemed the
Prevailing Party, For an Award of Its Attorney's Fees and Costs and For Judgment on Its Complaint, set
for 01/17/2018 is ordered advanced to the date of trial, 12/10/2018 at 9:00 a.m. in Department C33.

The Motion by Plaintiff The Huntington Beach Gables Homeowners Association to Compel and for
Terminating Sanctions or Issue/Evidence Sanctions Against Defendant, and for Monetary Sanctions, set
for 01/17/2018 is ordered advanced to the date of trial, 12/10/2018 at 9:00 a.m. in Department C33.

---

DATE: 11/16/2018                          MINUTE ORDER                            Page 1
DEPT:  C33                                                          Calendar No.

CASE TITLE: The Huntington Beach Gables                CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

EX PARTE APPLICATION TO CONTINUE TRIAL is denied.

B0432-9207 09/24/2021 11:20 PM Received by California Secretary of State

---

DATE: 11/09/2018                          MINUTE ORDER                          Page 2
DEPT:  C33                                                                    Calendar No.

B0432-9208 09/24/2021 11:20 PM Received by California Secretary of state

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

DEPARTMENT C33

HUNTINGTON BEACH GABLES )
HOMEOWNERS ASSOCIATION, )
                       )
        PLAINTIFF,      )
                       )
     VS.               )  CASE NO. 30-2017-00913985
                       )
SANDRA BRADLEY, ET AL.,  )
                       )
        DEFENDANTS.     )
_____)

THE HONORABLE JAMES L. CRANDALL, JUDGE PRESIDING

REPORTER'S TRANSCRIPT OF PROCEEDINGS ON APPEAL

FRIDAY, NOVEMBER 16, 2018

APPEARANCES OF COUNSEL:

FOR PLAINTIFF:          EPSTEN GRINNELL & HOWELL
                        BY:   PEJMAN D. KHARRAZIAN, ESQ.


FOR DEFENDANT:          LAW OFFICES OF STEVEN FINK
                        BY:  STEVEN A. FINK, ESQ.
                        (APPEARING IN A LIMITED SCOPE)
                                     AND
                        BY:  JAMIE GALLIAN
                        IN PROPRIA PERSONA




DARCI MULLARKY, CSR #5569
COURT REPORTER

B0432-9209 09/24/2021 11:20 PM Received by California Secretary of State

232

1              SANTA ANA, CALIFORNIA - FRIDAY, NOVEMBER 16, 2018

2                       MORNING SESSION

3                         * * * * *

4

5          (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HELD IN

6    OPEN COURT:)

7          THE COURT:  I AM ON NUMBER 10, THE HUNTINGTON BEACH

8    GABLES VERSUS SANDRA BRADLEY.

9          OKAY.  LET'S CALL THE HUNTINGTON BEACH HOMEOWNERS'

10   ASSOCIATION.

11         MR. KHARRAZIAN:  GOOD MORNING, YOUR HONOR.  PEJMAN

12   KHARRAZIAN ON BEHALF OF THE PLAINTIFF HOMEOWNERS'

13   ASSOCIATION.

14         THE COURT:  GOOD MORNING.

15         MR. FINK:  GOOD MORNING, YOUR HONOR.  STEVEN FINK

16   APPEARING IN A LIMITED SCOPE REPRESENTATION FOR JAMIE

17   GALLIAN.

18         THE COURT:  GOOD MORNING.  GLAD TO SEE YOU AGAIN.

19         MS. GALLIAN:  GOOD MORNING, YOUR HONOR.

20         THE COURT:  GOOD MORNING.

21         SO THIS IS AN ORDER TO SHORTEN TIME ON TWO MOTIONS

22   THAT ARE RESERVED FOR JANUARY 17TH.

23         MR. KHARRAZIAN:  THAT'S CORRECT.

24         THE COURT:  OKAY.  WHAT'S THE RUSH NOW YOU ARE

25   SAYING?  YOU WANT TO GET --

26         MR. KHARRAZIAN:  WE HAVE A TRIAL DATE

B0432-9210 09/24/2021 11:20 PM Received by California Secretary of State

233

1    DECEMBER 10TH, YOUR HONOR, AND --

2            THE COURT:  YOU WANT THE MOTIONS HEARD BEFORE THE

3    TRIAL?

4            MR. KHARRAZIAN:  THAT WOULD BE GREAT.

5            THE COURT:  WHY DON'T WE SET THEM FOR

6    DECEMBER 10TH?

7            MR. KHARRAZIAN:  WE COULD.  YOU KNOW, AS THE PAPERS

8    SET FORTH, THERE'S BEEN SOME BIG DEVELOPMENTS IN THE CASE.

9            THE COURT:  YES.

10           MR. KHARRAZIAN:  WE'VE BEEN IN TOUCH WITH THIS NEW

11   OWNER WHO HAS ESSENTIALLY FIXED ALL OF THE ISSUES WITH THE

12   PROPERTY.

13           THE COURT:  YES.

14           MR. KHARRAZIAN:  AND SO IT APPEARS THE TRIAL IS

15   MOOT AT THIS POINT, YOUR HONOR.

16           THE COURT:  I WAS HOPING THAT.  I HEARD THERE WAS

17   BIG PROGRESS MADE LAST WEEK.

18           MR. KHARRAZIAN:  WELL, WE DID.  WE SAT DOWN FOR

19   AWHILE IN THE CAFETERIA, MR. IRON AND MR. FINK, AND I TALKED

20   OUT IN THE HALL, SO A SEPARATE COURSE PATH TO SETTLEMENT IS

21   STILL BEING DISCUSSED IN LIGHT OF WHAT'S HAPPENED.

22           THE COURT:  YES.

23           MR. KHARRAZIAN:  IT IS A MUCH SIMPLER DISCUSSION TO

24   BE HAD.

25           THE COURT:  YES.  SO I THINK WE JUST SET EVERYTHING

26   FOR DECEMBER 10TH.  HOPEFULLY BY THEN ALL THE ISSUES WILL BE

B0432-9211 09/24/2021 11:20 PM Received by California Secretary of State

234

1    RESOLVED.

2            MR. KHARRAZIAN:  THE PROBLEM, YOUR HONOR, IS IF THE

3    TRIAL IS MOOT, AND WE HAVE A TRIAL DATE DECEMBER 10TH --

4            THE COURT:  YES.

5            MR. KHARRAZIAN:  -- WE'RE GOING TO BE SPENDING

6    TIME, MONEY, EFFORTS TOWARDS TRIAL PREP, AND I DON'T KNOW

7    THAT THAT'S PRODUCTIVE FOR THIS CASE, YOUR HONOR.  I KNOW

8    THE LAST TIME YOU SAID, OF COURSE, THE TRIAL DATE IS HANGING

9    OVER EVERYONE'S HEAD HELPS WITH SETTLEMENT DISCUSSIONS, AND

10   I COMPLETELY AGREE WITH THAT, BUT, YOU KNOW, THERE'S BEEN

11   ENOUGH ATTORNEY'S FEES AND COSTS INCURRED IN THIS CASE, AND

12   TO HAVE TO PREP FOR TRIAL WHEN THE TRIAL IS WELL LIKELY MOOT

13   IN LIGHT OF WHAT THE DECLARATION SAYS.

14           THE COURT:  A LOT LESS PREP IS NEEDED.

15           MR. KHARRAZIAN:  AGREED.  BUT SHOULDN'T THE MOTION

16   BE HEARD WITHOUT US CHARGING TOWARDS TRIAL PREP IN PROBABLY

17   THE NEXT COUPLE OF WEEKS?

18           THE COURT:  I DON'T KNOW WHY YOU HAVE TO CHARGE

19   TOWARD TRIAL PREP.

20           MR. KHARRAZIAN:  WELL --

21           THE COURT:  YOU'VE BEEN HERE TWICE A WEEK FOR A

22   YEAR.  EVERYONE KNOWS THE CASE.  I COULD TRY THIS CASE FOR

23   EITHER SIDE.  I KNOW BOTH SIDE'S POSITION.

24           MR. KHARRAZIAN:  WE'RE ASKING TO STAY THE CASE FOR

25   THESE MOTIONS TO BE HEARD SO THAT WE'RE NOT IN HERE ANYMORE

26   ON ANYTHING.

B0432-9212 09/24/2021 11:20 PM Received by California Secretary of State

235

1          THE COURT:  NO.  I WOULD RATHER HAVE THE CASE BE

2    FINALLY RESOLVED.  WE'VE HAD TWO SETTLEMENTS I THOUGHT THAT

3    FELL APART.  EITHER SETTLE THE CASE OR TRY THE CASE.  I'LL

4    HEAR YOUR MOTIONS ON THE DAY OF TRIAL, DECEMBER 10TH.  SO

5    I'LL GRANT YOUR MOTION TO SHORTEN TIME FROM JANUARY 17TH.

6    THE MOTIONS WILL BE SCHEDULED FOR MONDAY, DECEMBER 10TH, AND

7    WE'LL HEAR THEM THEN IF WE HAVE TO HEAR THEM; OKAY?

8          MR. KHARRAZIAN:  OKAY.

9          THE COURT:  AT THAT TIME WE'LL HOPEFULLY JUST TIE

10   UP WHATEVER LOOSE ENDS REMAIN AND GET THE SETTLEMENT

11   FINISHED.

12         MR. KHARRAZIAN:  WE HOPE SO, YOUR HONOR.

13         THE COURT:  OKAY.

14         MR. KHARRAZIAN:  OKAY.

15         THE COURT:  I'M GRANTING YOUR MOTION AND WE'RE

16   MOVING UP THESE TWO MOTIONS FROM JANUARY 17TH 2019 TO

17   DECEMBER 10TH, AND EVERYTHING WILL BE HEARD ON

18   DECEMBER 10TH.

19         MR. KHARRAZIAN:  THANK YOU.

20         THE COURT:  IF WE HAVE TO, WE'LL GO TO TRIAL.

21         MR. KHARRAZIAN:  THANKS, YOUR HONOR.

22         MISS GALLIAN HAS A MOTION FOR JUDGEMENT ON THE

23   PLEADINGS SET FOR DECEMBER 6TH.  SHOULD WE JUST DO

24   EVERYTHING ON THE 10TH THEN?

25         MR. FINK:  THAT WOULD WORK OUT.  THERE IS NO REASON

26   TO CONTINUE THAT MOTION.  THAT'S NOT BEFORE THE COURT,

236

1    NUMBER ONE.   NUMBER TWO --

2         THE COURT:   IF YOU WANT TO KEEP IT ON THE 6TH, IT'S

3    SCHEDULED FOR THEN AND WE'VE GOT IT IN LINE TO HANDLE THAT.

4         MR. FINK:   YES.

5         THE COURT:   OKAY.

6         MR. FINK:   AND HOPEFULLY WE'LL BE CHARGING TOWARDS

7    SETTLEMENT AND ALL OF THIS WILL BE OBVIATED.

8         THE COURT:   YES.   I MEAN, I HAVE PEOPLE FILE A

9    DISPOSITIVE MOTION IN SO MANY CASES, AND WHEN JUDGES LOOK AT

10   THE COURT OF APPEALS DECISIONS THAT COME DOWN EVERYDAY, WE

11   GET THEM IN OUR DAILY JOURNAL EVERYDAY, AND THE THINGS THAT

12   GET OVERTURNED WHEN THE COURT GRANTS SUMMARY JUDGMENT OR THE

13   COURT GRANTS JUDGMENT ON THE PLEADINGS, THE COURT OF APPEAL

14   ALWAYS FINDS, NO, YOU SHOULD HAVE RESOLVED THE CASE ON ITS

15   MERITS IN A TRIAL.   SO THOSE ARE TOUGH MOTIONS, BUT I'LL

16   HEAR IT; OKAY?

17        MR. FINK:   OKAY.   THANK YOU, YOUR HONOR.

18        THE COURT:   SO WE GOT YOU ON THE 7TH?

19        MR. FINK:   THE 6TH.

20        THE COURT:   THE 6TH.

21        AND THAT MOTION AND EVERYTHING ELSE IS ON

22   DECEMBER 10TH.

23        MR. KHARRAZIAN:   SOUNDS GREAT, YOUR HONOR.

24        MR. FINK:   THANK YOU, YOUR HONOR.

25        THE COURT:   GOOD TO SEE YOU ALL AGAIN.

26        WHAT AM I GOING TO DO NEXT YEAR IF YOU SETTLE?

B0432-9213 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9214 09/24/2021 11:20 PM Received by California Secretary of State

237

```
 1              MS. GALLIAN:  THIS MUST HAVE TO STAY HERE.

 2              THE COURT:  OKAY.  YOU STILL GOT YOUR CHECK?

 3              MS. GALLIAN:  YES.  A LADY SAYS YOU DROPPED IT.  I

 4    ALMOST WALKED OUT.

 5              THE COURT:  WELL --

 6              MS. GALLIAN:  I THINK THAT'S A SIGN, YOUR HONOR.

 7              THE COURT:  IT'S A GOOD SIGN.  HERE'S THE CHECK

 8    RIGHT HERE, COUNSEL.  SHE STILL HAS THE CHECK.

 9              MR. KHARRAZIAN:  WONDERFUL.  WE'LL DISCUSS IT.

10              THE COURT:  OKAY.

11              MR. KHARRAZIAN:  THANK YOU.

12              THE COURT:  KEEP TALKING --

13              MR. KHARRAZIAN:  OKAY.  THANK YOU.

14              MR. FINK:  THANK YOU.

15              THE COURT:  -- IN THE HALLWAY.  I AM ORDERING YOU

16    TO HAVE ANOTHER DISCUSSION IN THE HALLWAY.

17              MR. KHARRAZIAN:  WE WILL, YOUR HONOR.  THANKS.

18              THE COURT:  OKAY.  THANKS.

19

20                   (END OF PROCEEDINGS.)

21                    *  *  *  *  *

22

23

24

25

26
```

B0432-9215 09/24/2021 11:20 PM Received by California Secretary of State

```
1    STATE OF CALIFORNIA  )
                          )  SS.
2    COUNTY OF ORANGE     )

3

4

5

6                        REPORTER'S CERTIFICATE

7

8

9           I, DARCI MULLARKY, CSR NO. 5569, OFFICIAL CERTIFIED

10   COURT REPORTER IN AND FOR THE SUPERIOR COURT OF THE STATE OF

11   CALIFORNIA, COUNTY OF ORANGE, DO HEREBY CERTIFY;

12          THAT THE FOREGOING TRANSCRIPT IS A FULL, TRUE AND

13   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES, AND IS A FULL,

14   TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID

15   CAUSE.

16

17          DATED THIS 11th DAY OF    July          , 2019.

18

19

20

21          Darci Mullarky

22          DARCI MULLARKY, CSR NO. 5569
            COURT REPORTER

23

24

25

26
```

B0432-9216 09/24/2021 11:20 PM Received by California Secretary of state

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 12/06/2018                    TIME: 01:30:00 PM          DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: P. Rief
REPORTER/ERM: (ACRPT) Candace Khorouzan CSR# 11579
BAILIFF/COURT ATTENDANT: Nicole Guerrero

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

---

EVENT ID/DOCUMENT ID: 72902420

**EVENT TYPE:** Motion for Judgment on the Pleadings
MOVING PARTY: Jamie L. Gallian
CAUSAL DOCUMENT/DATE FILED: Motion for Judgment on the Pleadings, 09/26/2018

---

**APPEARANCES**
Pejman D. Kharrazian, Esq., from Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present telephonically.

---

MOTION BY JAMIE L. GALLIAN FOR JUDGMENT ON THE PLEADINGS

Tentative Ruling posted on the Internet.

The court hears oral argument. The court, having fully considered the arguments of all parties, both
written and oral, as well as the evidence presented, rules as follows: The Tentative Ruling will become
the final ruling of the court.

The request for judicial notice by defendant Jamie L. Gallian is granted as to the original complaint (Ex.
1), the First Amended Complaint (Ex. 2), and the "Certificate Re Compliance with Civil Code Section
5950" (Ex. 4). (Ev. 452(d)(1).)

Defendant's request for judicial notice is denied as to the letter attached as Ex. 3.

The motion for judgment on the pleadings by defendant Jamie L. Gallian is denied.

Moving party has not shown that the court has no jurisdiction of the subject of any cause of action
alleged by plaintiff, nor has she shown that the First Amended Complaint fails to state facts sufficient to
constitute a cause of action against this moving defendant. (CCP 438(c)(1)(B); *Leko v. Cornerstone
Building Inspection Service* (2001) 86 Cal.App.4th 1109, 1114 [like a demurrer, motion for judgment on
the pleadings lies only for defects apparent on the face of the pleading or which are subject to judicial
notice, and the facts alleged in the pleading are presumed true; extraneous evidence not properly
subject to judicial notice is not permitted].)

---

DATE: 12/06/2018                          MINUTE ORDER                                    Page 1
DEPT: C33                                                                         Calendar No.

B0432-9217 09/24/2021 11:20 PM Received by California Secretary of State

CASE TITLE: The Huntington Beach Gables
Homeowners Association vs. Bradley

CASE NO: **30-2017-00913985-CU-CO-CJC**

Moving party fails to show that the prelitigation alternative dispute resolution [ADR] requirements of Civil Code 5930 et seq. apply (see Civil Code 5930(b)); fails to show that any prelitigation ADR demand was untimely; and fails to cite evidence or authority that moving party's time to respond to any prelitigation ADR demand (Civil Code 5935(c)) only commences once she became a member.

Moving party's other arguments go to the merits of plaintiff's claims, and/or rely on extrinsic evidence not properly subject to judicial notice, and thus are not appropriate for a motion for judgment on the pleadings.

The court also notes that moving party failed to submit the declaration required by CCP 439.

Plaintiff The Huntington Beach Gables Homeowners Association to give notice.

Housekeeping matters are addressed. Department C33 is presently engaged in trial on an unrelated matter. The court issues the following orders:

The Jury Trial set for 12/10/2018 in Department C33 is vacated.

The Motion by Plaintiff The Huntington Beach Gables Homeowners Association to be Deemed the Prevailing Party, For an Award of Its Attorney's Fees and Costs and For Judgment on Its Complaint, set for 12/10/2018, is ordered continued to 01/31/2019 at 01:30 PM in this department.

The Motion by Plaintiff The Huntington Beach Gables Homeowners Association to Compel and for Terminating Sanctions or Issue/Evidence Sanctions Against Defendant, and for Monetary Sanctions, set for 12/10/2018 is ordered continued to 01/31/2019 at 01:30 PM in this department.

---

DATE: 12/06/2018
DEPT: C33

MINUTE ORDER

Page 2
Calendar No.

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gordon G. May (SBN 167112)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614

TELEPHONE NO: (949) 660-1600   FAX NO. (Optional): (949) 660-6060
E-MAIL ADDRESS (Optional): ggm@ggb-law.com
ATTORNEY FOR (Name): Plaintiff BS INVESTORS, LP

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/03/2018** at 12:09:00 PM
Clerk of the Superior Court
By Anh Dang, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER   BS INVESTORS, LP, a California limited partnership

DEFENDANT/RESPONDENT   JAMIE L. GALLIAN, an individual

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2018-01024401-CU-UD-CJC |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1  TO THE CLERK: Please **dismiss** this action as follows:
  a  (1) [ ] With prejudice  (2) [X] Without prejudice
  b  (1) [X] Complaint  (2) [ ] Petition
    (3) [ ] Cross-complaint filed by (name):                    on (date):
    (4) [ ] Cross-complaint filed by (name):                    on (date):
    (5) [ ] Entire action of all parties and all causes of action
    (6) [ ] Other (specify):*

2. (Complete in all cases except family law cases.)
  The court [ ] did  [X] did not waive court fees and costs for a party in this case  (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: December 3, 2018

Gordon G. May
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
                                                            (SIGNATURE)
Attorney or party without attorney for

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

[X] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross–Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given **
  Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
                                                            (SIGNATURE)
Attorney or party without attorney for:

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross–Complainant

(To be completed by clerk)
4. [X] Dismissal entered as requested on (date) 12/03/2018
5  [ ] Dismissal entered on (date)                    as to only (name):
6  [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to be conformed  [ ] means to return conformed copy

Date: 12/03/2018                                        Clerk, by                    , Deputy
        DAVID H. YAMASAKI, Clerk of the Court                     A. DANG

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Legal
Solutions
Plus

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c), Cal. Rules of Court, rule 3 1390

B0432-9218 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9219 09/24/2021 11:20 PM Received by California Secretary of State

CIV-110

| PLAINTIFF/PETITIONER: BS INVESTORS, LP, a California limited partnership<br>DEFENDANT/RESPONDENT: JAMIE L GALLIAN, an individual | CASE NUMBER:<br>30-2018-01024401-CU-UD-CJC |
|---|---|

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name)*:

2. The person named in item 1 is *(check one below)*:
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

B0432-9220 09/24/2021 11:20 PM Received by California Secretary of State

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2030 Main Street, Suite 1600, Irvine CA 92614.

   On December 3, 2018, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the following person(s) in the manner indicated:

Jamie L. Gallian, an individual                    Defendant
5782 Pinon Drive
Huntington Beach, CA 92649
Telephone No. : (714) 321-3449

**[ X ]**   (BY MAIL) I am familiar with the practice of Grant, Genovese & Baratta, LLP for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Grant, Genovese & Baratta, LLP, Irvine, California, following ordinary business practices.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 3, 2018, at Irvine, California.

_____
Helena Coyle

B0432-9221 09/24/2021 11:20 PM Received by California Secretary of State

**BS-456266**

RECORDING REQUESTED BY
AND WHEN RECORDED RETURN TO:

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.

IRELL & MANELLA
840 Newport Center Drive, Suite 500
Newport Beach, California 92660
Attention: Patrick J. Evans, Esq.

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-3:18 PM   SEP 30 '86

MAIL TAX STATEMENTS TO:

G/HB INVESTORS,
c/o AP Development Company
17911 Mitchell Avenue
Irvine, California 92714
Attn:  Hugh Saddington

*1444086 MT*



(Space Above for Recorder's Use)

The undersigned grantor declares:
The real property conveyed hereunder
is located in the City of Huntington
Beach, County of Orange.  The
Documentary Transfer Tax is
$ 247.50  based on full value of
the real property conveyed here-
under, but not on the leasehold
conveyed hereunder, which leasehold
is for a term less than ninety-nine
(99) years.

ASSIGNMENT AND ASSUMPTION
OF
GROUND LEASES
AND
CONDOMINIUM SUBLEASES
AND
GRANT DEED

THIS ASSIGNMENT AND ASSUMPTION OF GROUND LEASES AND

CONDOMINIUM SUBLEASES AND GRANT DEED ("Assignment") is made

and entered into this 30th day of September, 1986 by and

between Robert P. Warmington, a married man, as assignor and

grantor ("Assignor") and G/HB Investors, a California limited

partnership as assignee and grantee ("Assignee").

-1-

2PE01SL

B0432-9222 09/24/2021 11:20 PM Received by California Secretary of State

BC-456266

R E C I T A L S

A.    Houser Bros. Co., a limited partnership ("Houser")
is the fee owner of that certain real property (the "Houser
Property") located in the City of Huntington Beach and more
particularly described in Exhibit "A" attached hereto;

B.    Located on the Houser Property is a condominium
project (the "Condominium Project") created by that certain
Condominium Plan (the "Condominium Plan") recorded in Book
13358, Pages 1193, et. seq., official Records of Orange
County, California;

C.    The Condominium Plan shows and defines and there
are eighty (80) condominiums (the "Condominiums") in the
Condominium Project;

D.    Houser leased the Condominiums, except for the
Condominium Project buildings and improvements, to Assignor
under those certain Ground Leases (the "Ground Leases") dated
August 1, 1980 and described in Exhibit "B" attached hereto;

E.    Assignor subleased the Condominiums, except for the
Condominium Project buildings and improvements, to individual
condominium tenants (the "Tenants" or a "Tenant") under those
certain Condominium Subleases, (the "Subleases") dated August

2PE01SL

-2-

B0432-9223 09/24/2021 11:20 PM Received by California Secretary of State

1, 1980 more particularly described in Exhibit "B" attached hereto;

F.    The property leased under the Ground Leases and the Subleases is more particularly described as Parcels 1, 2, 5 and 6 of Exhibit "B" attached hereto;

G.    The Robert P. Warmington Company ("Company") owned the Condominium Project buildings and improvements and conveyed the Condominium Project buildings and improvements to the Tenants, for a term, with respect to each Tenant, ending on the expiration or earlier termination of the Tenant's Sublease, thereby retaining a remainder interest in a determinable fee estate with respect to the Condominium Project buildings and improvements (the "Remainder Interest"), which Remainder Interest is more particularly described as parcels 3 and 4 of Exhibit "B" attached hereto;

H.    Company conveyed the Remainder Interest to Assignor; and

I.    Assignor now desires to assign, transfer and convey all of his right, title and interest in and to the Ground Leases and Subleases (collectively the "Leases") and the Remainder Interest to Assignee and Assignee desires to assume all of Assignor's obligations under the Leases.

2PE01SL

-3-



86-456266

NOW, THEREFORE, for valuable consideration, receipt of which is hereby acknowledged, Assignor and Assignee agree as follows:

## A G R E E M E N T

1. **Assignment**.  Assignor hereby assigns, transfers, conveys and sets over to Assignee all of his right, title and interest in and to the Leases.

2. **Grant of Remainder Interest**.  Assignor hereby grants, assigns, transfers and sets over to Assignee all of its right, title and interest in and to the Remainder Interest.

3. **Quitclaim Grant**.  Assignor hereby remises, releases and forever quitclaims to Assignee all of his right, title and interest in and to the Houser Property, the Condominium Project, and any property or other rights defined in the Condominium Plan.

4. **Assumption**.  Assignee hereby assumes and agrees to keep and perform all of Assignor's obligations under the Leases.

2PE01SL

-4-

B0432-9224  09/24/2021  11:20 PM Received by California Secretary of State

B0432-9225  09/24/2021  11:20 PM  Received by California Secretary of State

86-456266

5.  <u>Indemnification</u>.  Assignor agrees to indemnify and hold Assignee harmless from all claims, damages, lawsuits, and liabilities which arise out of or relate to Assignor's obligations under the Leases.

6.  <u>Effective Date</u>.  This Assignment shall be effective on the date it is recorded.

IN WITNESS WHEREOF, Assignor and Assignee have executed this Assignment on the date first written above.

"ASSIGNOR"

_____
Robert P. Warmington

I am the spouse of Robert P. Warmington.  I hereby consent and agree to the terms of the foregoing Assignment.

_____
Loring P. Warmington

"ASSIGNEE"

G/HB Investors,
   a California limited partnership

By:  AP Development Company,
     a California corporation,
     general partner

By: _____
    John E. Wertin, Chairman

-5-

B0432-9226 09/24/2021 11:20 PM Received by California Secretary of State

06-456266

E X H I B I T   "A"

The Houser Property

Lots 1 and 2 of Tract 10542 in the City of Huntington Beach,
County of Orange, State of California, as shown on a map
recorded in Book 456, Pages 49 to 50 of Maps, in the office of
the County Recorder of Said County.

B0432-9227 09/24/2021 11:20 PM Received by California Secretary of State



86-456266

E X H I B I T   "B", Page 1

The Leases, the property leased pursuant to the Leases, and the property comprising the Remainder Interest are described as follows:

GROUND LEASEHOLD AND SUBLEASEHOLD ESTATES  AS TO PARCELS 1 AND 2, SAID ESTATES BEING MORE PARTICULARLY DESCRIBED AS THE LESSEES' INTERESTS UNDER THOSE CERTAIN GROUND LEASES SET FORTH IN SUB-PARAGRAPH (A) HEREIN BELOW,  AND SUBLESSORS'  INTERESTS UNDER THOSE CERTAIN  SUBLEASES SET FORTH  IN SUB-PARAGRAPH  (B) BELOW;

A REMAINDER INTEREST IN A DETERMINABLE FEE ESTATE AS TO PARCELS 3 AND 4;

AN EASEMENT AS TO PARCELS 5 AND 6;

(A)  THOSE  CERTAIN  GROUND  LEASES,  DATED  AUGUST  1,  1980, EXECUTED BY HOUSER BROS.  CO., A LIMITED PARTNERSHIP ORGANIZED UNDER THE LAWS OF THE STATE OF CALIFORNIA, IN WHICH CLIFFORD C. HOUSER AND VERNON P. HOUSER CONSTITUTE THE SOLE GENERAL

(continued)

B0432-9228  09/24/2021  11:20 PM  Received by California Secretary of State



B6-456266

EXHIBIT "B" Page 2



ALTA PLAIN
LANGUAGE COMMITMENT

OR-1444086
AMENDMENT NO. 1

PARTNERS, AS LANDLORD, AND BY ROBERT P. WARMINGTON, AS
TENANT, FOR THE TERM ENDING DECEMBER 31, 2059, UPON THE
TERMS, COVENANTS AND CONDITIONS THEREIN CONTAINED, RECORDED
AS FOLLOWS IN OFFICIAL RECORDS OF SAID ORANGE COUNTY.

| UNIT | BOOK | PAGE | INSTRUMENT |
|------|------|------|------------|
| 1 | 13754 | 263 | |
| 2 | 14091 | 1031 | |
| 3 | 14045 | 118 | |
| 4 | 13733 | 199 | |
| 5 | 13760 | 942 | |
| 6 | 13982 | 417 | |
| 7 | 13754 | 297 | |
| 8 | 13726 | 1238 | |
| 9 | 13822 | 1546 | |
| 10 | 13773 | 10 | |
| 11 | | | 82-128057 |
| 12 | 13807 | 1569 | |
| 13 | 13780 | 354 | |
| 14 | 13797 | 1088 | |
| 15 | 13780 | 462 | |
| 16 | 13726 | 1310 | |
| 17 | 13743 | 259 | |
| 18 | 13915 | 190 | |
| 19 | 13997 | 346 | |
| 20 | 13807 | 1669 | |
| 21 | 13733 | 278 | |
| 22 | 13775 | 235 | |
| 23 | 13803 | 587 | |
| 24 | 14038 | 692 | |
| 25 | 13793 | 955 | |
| 26 | 13814 | 607 | |
| 27 | 13789 | 1600 | |
| 28 | 13787 | 1834 | |
| 29 | 13778 | 173 | |
| 30 | 13896 | 1090 | |
| 31 | 14091 | 1139 | |
| 32 | 13726 | 1346 | |
| 33 | 14005 | 1903 | |
| 34 | 14048 | 1460 | |
| 35 | 13841 | 723 | |
| 36 | 13814 | 666 | |
| 37 | 13768 | 1032 | |
| 38 | 13793 | 1179 | |
| 39 | 13818 | 1665 | |
| 40 | 13783 | 875 | |

PAGE 3

B0432-9229   09/24/2021   11:20 PM   Received by California Secretary of State



EXHIBIT "B" Page 3

86-456266

ALTA PLAIN
LANGUAGE COMMITMENT

OR-1444086
AMENDMENT NO. 1

| | | |
|---|---|---|
| 41 | 13824 | 1312 |
| 42 | 13847 | 798 |
| 43 | 13726 | 1102 |
| 44 | 14072 | 1910 |
| 45 | 13789 | 1547 |
| 46 | 14066 | 756 |
| 47 | 14038 | 637 |
| 48 | 13933 | 1529 |
| 49 | 13825 | 1973 |
| 50 | 13783 | 1732 |
| 51 | 13916 | 1672 |
| 52 | 14074 | 1929 |
| 53 | 13824 | 1259 |
| 54 | 13780 | 407 |
| 55 | 13780 | 514 |
| 56 | 14094 | 1874 |
| 57 | 13726 | 1208 |
| 58 | 14091 | 1084 |
| 59 | 13787 | 1781 |
| 60 | 13795 | 966 |
| 61 | 13803 | 335 |
| 62 | 13831 | 117 |
| 63 | 14250 | 1197 |
| 64 | 14191 | 1652 |
| 65 | 13726 | 1136 |
| 66 | 13765 | 1665 |
| 67 | 13803 | 640 |
| 68 | 14031 | 1108 |
| 69 | 13797 | 1038 |
| 70 | 14091 | 977 |
| 71 | 14034 | 1806 |
| 72 | 14130 | 1508 |
| 73 | 13785 | 1959 |
| 74 | 13977 | 569 |
| 75 | 14091 | 923 |
| 76 | 14064 | 1068 |
| 77 | 13726 | 1274 |
| 78 | 13726 | 1172 |
| 79 | 14091 | 869 |
| 80 | 13780 | 599 |

(B)   THOSE   CERTAIN   SUBLEASES   DATED AUGUST 1, 1980, EXECUTED BY
ROBERT P. WARMINGTON, AS SUBLESSOR, AND BY VARIOUS PARTIES, AS
SUBLESSEES, FOR THE TERM ENDING DECEMBER 31, 2059, UPON THE
TERMS,  COVENANTS AND CONDITIONS THEREIN CONTAINED, RECORDED
AS FOLLOWS IN OFFICIAL RECORDS OF SAID ORANGE COUNTY:

| UNIT | BOOK | PAGE | INSTRUMENT | ORIGINAL |
|---|---|---|---|---|

PAGE 4

B0432-9230  09/24/2021  11:20 PM Received by California Secretary of State



EXHIBIT "B" Page 4          R6-456266

ALTA PLAIN
LANGUAGE COMMITMENT                         OR-1444086
                                        AMENDMENT NO. 1

                                              SUBLESSEE

    1          13754        243
    2          14091        1066
    3          14045        133
    4          13733        216    AND
               13794        52
    5          13760        917
    6          13982        432
    7          13754        312
    8          13726        1254   AND
               13754        69
    9          13822        1561
   10          13773        25
   11                                 82-128056
   12          13807        1584
   13          13780        369
   14          13797        1103
   15          13780        477
   16          13726        1328   AND
               13754        86
   17          13763        234
   18          13915        205
   19          13997        361
   20          13807        1484
   21          13733        296
   22          13775        250
   23          13803        602
   24          14038        707
   25          13793        970
   26          13814        622
   27          13789        1615
   28          13787        1849
   29          13778        188
   30          13896        1125
   31          14091        1154
   32          13726        1364   AND
               13754        120
   33          14005        1919
   34          14048        1475
   35          13861        738
   36          13814        681
   37          13768        1047
   38          13793        1194
   39          13818        1680
   40          13783        1800
   41          13824        1327
   42          13867        813

                    PAGE 5

B0432-9231 09/24/2021 11:20 PM Received by California Secretary of State



EXHIBIT "B" Page 5

86-456266

ALTA PLAIN
LANGUAGE COMMITMENT

OR-1444084
AMENDMENT NO. 1

| | | |
|---|---|---|
| 43 | 13726 | 1120 |
| 44 | 14072 | 1925 |
| 45 | 13787 | 1562 |
| 46 | 14066 | 771 |
| 47 | 14038 | 652 |
| 48 | 13933 | 1544 |
| 49 | 13826 | 1 |
| 50 | 13783 | 1747 |
| 51 | 13916 | 1687 |
| 52 | 14094 | 1944 |
| 53 | 13824 | 1274 |
| 54 | 13780 | 422 |
| 55 | 13780 | 529 |
| 56 | 14094 | 1889 |
| 57 | 13726 | 1226 |
| 58 | 14091 | 1099 |
| 59 | 13787 | 1796 |
| 60 | 13795 | 981 |
| 61 | 13803 | 350 |
| 62 | 13831 | 132 |
| 63 | 14250 | 1212 |
| 64 | 14191 | 1667 |
| 65 | 13726 | 1154 |
| 66 | 13765 | 1660 |
| 67 | 13803 | 655 |
| 68 | 14031 | 1123 |
| 69 | 13797 | 1053 |
| 70 | 14091 | 992 |
| 71 | 14034 | 1821 |
| 72 | 14180 | 1523 |
| 73 | 13785 | 1974 |
| 74 | 13977 | 584 |
| 75 | 14091 | 938 |
| 76 | 14064 | 1083 |
| 77 | 13726 | 1292 |
| 78 | 13726 | 1190 |
| 79 | 14091 | 884 |
| 80 | 13780 | 614 |

4.   THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS
FOLLOWS:

ALL THAT CERTAIN LAND SITUATED IN THE STATE OF CALIFORNIA, COUNTY
OF ORANGE, CITY OF HUNTINGTON BEACH, DESCRIBED AS FOLLOWS:

PARCEL 1:

PAGE 6

B0432-9232 09/24/2021 11:20 PM Received by California Secretary of State

EXHIBIT "B" Page 6

BK-456266

ALTA PLAIN                                    OR-1444086
LANGUAGE COMMITMENT                           AMENDMENT NO. 1


UNITS 1 THROUGH 80 INCLUSIVE, AS SHOWN AND DEFINED ON A CONDOMINIUM
PLAN (THE "CONDOMINIUM PLAN") RECORDED IN BOOK 13358, PAGES 1173 AND
FOLLOWING OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, EXCEPTING
THAT PORTION CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.


PARCEL 2:

AN UNDIVIDED EIGHTY/EIGHTIETHS (80/80) INTEREST IN THE COMMON
AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, EXCEPTING
THAT PORTION CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 3:

THOSE PORTIONS OF UNITS 1 THROUGH 80 INCLUSIVE, AS SHOWN AND
DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND
OTHER IMPROVEMENTS.

PARCEL 4:

AN UNDIVIDED EIGHTY/EIGHTIETHS (80/80) INTEREST IN AND TO THOSE
PORTIONS OF THE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM
PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 5:

AN EASEMENT FOR THE EXCLUSIVE USE AND OCCUPANCY OF THOSE PORTIONS
OF THE RESTRICTED COMMON AREA; AS DEFINED ON SAID CONDOMINIUM
PLAN FOR ENTRY AND STAIRCASES AND ATTIC SPACE RELATING TO SAID
UNITS.

PARCEL 6:

A NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THE COMMON AREA AS
DEFINED ON SAID CONDOMINIUM PLAN, EXCEPT THE RESTRICTED COMMON
AREA.


PAGE 7

B0432-9233  09/24/2021  11:20 PM Received by California Secretary of State



86456266

STATE OF CALIFORNIA )
) SS.
COUNTY OF ORANGE )

On this 24th day of September, in the year 1986, before
me, the undersigned, a Notary Public in and for said State,
personally appeared Robert P. Warmington, personally known to
me or proved to me on the basis of satisfactory evidence) to be
the person whose name is subscribed to the within instrument,
and acknowledged to me that he executed it.

WITNESS my hand and official seal.



Pearl L Hunt

STATE OF CALIFORNIA )
) SS.
COUNTY OF ORANGE )

On this 24d day of September, in the year 1986, before
me, the undersigned, a Notary Public in and for said State,
personally appeared Loring P. Warmington, personally known to
me or proved to me on the basis of satisfactory evidence) to be
the person whose name is subscribed to the within instrument,
and acknowledged to me that she executed it.

WITNESS my hand and official seal.



Pearl L Hunt

2PE01SL

B0432-9234 09/24/2021 11:20 PM Received by California Secretary of State



66-456266

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF ORANGE         )


    On September 23, 1986, before me, the undersigned, a
Notary Public in and for said State, personally appeared John
E. Wertin, personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person who executed the
within instrument as the Chairman on behalf of AP Development
Company, the corporation therein named, and acknowledged to me
that said corporation executed the within instrument pursuant
to its bylaws or a resolution of its board of directors, said
corporation being known to me to be the general partner of G/HB
Investors, the limited partnership that executed the within
instrument, and acknowledged to me that such corporation
executed the same as such partner and that such partnership
executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
SHIRLEY A. GERBASI
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
ORANGE COUNTY
My Commission Exp. Apr. 23, 1990

2PEG1SL

Branch :A14,User :2004                     Comment:                          Station Id :M3Y7

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY
AND WHEN RECORDED MAIL TO

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||   **30.00**

SANDRA BRADLEY
18 MEADOW BROOK DR
COTO DE CAZA, CA  92679

**2009000633802 04:05pm 11/23/09**

401 59 A34 A04 A12 5

0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00

Escrow No.  -
Order No.   985040290 - S32

SPACE ABOVE THIS LINE FOR RECORDERS USE

ASSIGNMENT OF CONDOMINIUM SUBLEASE

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
( Additional recording fee applies )

CPFR4 · 11/13/96bk

B0432-9235 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                Comment:                          Station Id :M3Y7

B0432-9236 09/24/2021 11:20 PM Received by California Secretary of State

**WHEN RECORDED MAIL TO:**

(Assignee's Name & Address)
SANDRA BRADLEY
18 MEADOW BROOK DR
COTA DE CAZA CA 92679

*NO CONSIDERATION*
*TERM OF*
*LEASE LESS*     **ASSIGNMENT OF CONDOMINIUM SUBLEASE**
*THAN 24 YEARS.*

(Space Above this Line for Recorder's use)

For valuable consideration, receipt of which is hereby acknowledged, the undersigned
LARRY W. RIDER AND TERRI A. RIDER HUSBAND AND WIFE AS JOINT TENANTS , hereby
transfers and assigns to SANDRA L. BRADLEY A WIDOW
all right, title and interest of the undersigned, as Tenant, in and under that certain Condominium
Sublease dated August 1, 1980, by and between ROBERT P. WARMINGTON, an individual, as
Landlord, which interest was subsequently assigned to BS INVESTORS, LLC by mesne assignments
of record, and  JOHN F. TURNER AND VIRGINIA H TURNER HUSBAND AND WIFE AS JOINT
TENANTS
as Tenant, recorded on NOVEMBER 7, 1980    in Book 13824 , Page 1274  inclusive, as
Instrument No. 8694  of Official Records of Orange County, California, as amended by the First
Amendment to Condominium Sublease recorded on AUG 28, 2003  as Instrument No.
2003 001044770. The property that is the subject of the Sublease is described as follows:

Unit 53 of Tract 10542. Legal Description contained on Exhibit "A" attached hereto and made
a part hereof. TOGETHER WITH all buildings and other improvements on said land.

DATED: 11/19/2009

Assignor (s)

**STATE OF CALIFORNIA** )
                        ) ss.
**COUNTY OF ORANGE**

On 11 19 2009    , before me, ANTHONY H. DUONG      , personally appeared
LARRY W. RIDER & TERRI A. RIDER    , who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ANTHONY H. DUONG
COMM. #1657553
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires April 11, 2010

Signature of Notary Public                    (This space for notarial seal)

Page 1 of 2

J:UC FIRM\Masters-BSI\MASTER-CHB-Assignment of Condominium Sublease with Notary.doc

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7

11/17/2009 14:28 FAX                                              @009

## ASSIGNMENT OF CONDOMINIUM SUBLEASE

### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment (if more than one, then jointly and severally) hereby accepts said Assignment and hereby agrees with and for the benefit of the Landlord, under the Sublease described in said Assignment, to keep, perform and be bound by all of the terms, covenants and conditions contained in said Sublease as amended by the First Amendment to Condominium Sublease on the part of the Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the original Tenant thereunder. Assignee agrees to pay Landlord a late fee equal to 6% of any rent or other payment due under the Sublease which is not received by Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and cost incurred by Landlord to collect rent or other payment under the Sublease or to otherwise enforce Landlord's rights under the Sublease.

DATED: 11/17/09                          _____
                                         Assignee (s)

                                         _____

STATE OF ~~CALIFORNIA~~ MISSOURI )
                                 ) ss.
COUNTY OF ~~ORANGE~~ St Louis City

On November 17, 20__ before me, Kenneth J. Ball, personally appeared Sandra L. Bradley, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public                (This space for notarial seal)

                                    ┌─────────────────────────────┐
                                    │      KENNETH J. BALL         │
                                    │  Notary Public-Notary Seal   │
                                    │ State of Missouri, Saint Louis City │
                                    │    Commission # 09703489     │
                                    │ My Commission Expires Aug 10, 2013 │
                                    └─────────────────────────────┘

                        Page 2 of 2

J:\JC PERM\Masters-BSI\MASTER-GHB-Assignment of Condominium Sublease with Notary.doc

B0432-9237 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                          Comment:                                          Station Id :M3Y7

Order No.

Escrow No.

Loan No.

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

24.00

2010000219518 1:00 pm 05/10/10
153 420 A34 A04 A12   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

WHEN RECORDED MAIL TO:

Sandra Bradley
18 Meadow Brook Drive
Cota de Caza, CA 92679

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**NO CONSIDERATION**
**TERM OF LEASE**
**LESS THAN 99 YEARS**

## ASSIGNMENT OF CONDOMINIUM SUBLEASE

For valuable consideration, receipt of which is hereby acknowledged, the undersigned, SANDRA L. BRADLEY, A WIDOW, hereby transfers and assigns to, SANDRA L. BRADLEY as trustee of the SANDRA L. BRADLEY TRUST dated October 17, 2001 as amended, all right, title and interest of the undersigned, as Tenant, in and under that certain Condominium Sublease dated August 1, 1980, by and between ROBERT P. WARMINGTON, an individual, as Landlord, which interest was subsequently assigned to BS INVESTORS, LLC by mesne assignments of record, and JOHN E. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANTS as Tenant, recorded on NOVEMBER 7, 1980 in Book 13824, Page 1274 inclusive, as Instrument No. 8694 of Official Records of Orange County, California, as amended by the First Amendment to Condominium Sublease recorded on Aug 28, 2003 as Instrument No. 2003 001044770. The property that is the subject of the Sublease is described as follows:

Unit 55 of Tract 10542. Legal Description contained on Exhibit "A" attached hereto and made a part hereof. TOGETHER WITH all buildings and other improvements on said land.

DATED: 3/10/2010

_Sandra L Bradley_
Assignor, SANDRA L. BRADLEY

STATE OF CALIFORNIA
COUNTY OF ORANGE

On March 10, 2010 before me, _____, a Notary Public in and for said State personally appeared SANDRA L. BRADLEY who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person, acted, executed the instrument

I certify under PENALTY of PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

HENRY J. COOPERSMITH
COMM. #1879512
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. FEB. 6, 2014

D/As deed tr mcD gift tex ohtg

B0432-9238 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7



Page  1
Order No. 985040290

## DESCRIPTION

PARCEL 1:

UNIT 53, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA,
AS SHOWN AND DEFINED ON THAT CERTAIN CONDOMINIUM PLAN ("THE CONDOMINIUM PLAN"),
RECORDED OCTOBER 18, 1979 IN BOOK 13358 PAGE 1193, ET SEQ., OFFICIAL RECORDS.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHE HYDROCARBON SUBSTANCES LYING
BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR THE
SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF
RECORD.

PARCEL 2:

AN UNDIVIDED 1/80TH INTEREST IN AND TO LOTS 1 AND 2 OF TRACT NO. 10542, IN THE
CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A
MAP RECORDED IN BOOK 456 PAGES 49 AND 50 OF MISCELLANEOUS MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY TOGETHER WITH THOSE PORTIONS OF THE COMMON
AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND
OTHER IMPROVEMENTS.

EXCEPTING THEREFROM CONDOMINIUM UNITS 1 THROUGH 80 INCLUSIVE, LOCATED THEREON.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR THE USE AND OCCUPANCY OF THOSE PORTIONS OF RESTRICTED
COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN FOR ENTRY AND STAIRCASES AND
ATTIC SPACE RELATING TO SAID UNIT.

PARCEL 4:

NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THOSE PORTIONS OF THE COMMON AREA AS
DEFINED ON THE CONDOMINIUM PLAN, EXCEPT RESTRICTED COMMON AREA.

B0432-9239  09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                     Comment:                              Station Id :M3Y7

Order No.

Escrow No.

Loan No.

WHEN RECORDED MAIL TO:

Sandra Bradley
18 Meadow Brook Drive
Cota de Caza, CA 92679

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment (if more than one, then jointly and severally) hereby accepts said Assignment and hereby agrees with and for the benefit of the Landlord, under the Sublease described in said Assignment, to keep, perform and be bound by all of the terms, covenants and conditions contained in said Sublease as amended by the First Amendment to Condominium Sublease on the part of the Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the original Tenant thereunder. Assignee agrees to pay Landlord a late fee equal to 6% of any rent or other payment due under the Sublease which is not received by Landlord within ten (10) days of its due date.  Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease.  The undersigned Assignee agrees to pay attorneys fees and cost incurred by Landlord to collect rent or other payment under the Sublease or to otherwise enforce Landlord's rights under the Sublease.

DATED: 3/10/2010                    _____
                                    Assignee, SANDRA L. BRADLEY

*STATE OF CALIFORNIA*
*COUNTY OF ORANGE*

On 3/10/2010 _____ before me, Henry J Coopersmith _____, a Notary Public in and for said State personally appeared SANDRA L. BRADLEY who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

HENRY J. COOPERSMITH
COMM. #1879512
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. FEB. 6, 2014

*D/As deed tr mcD gift tax oblig*

Branch :A14,User :2004                        Comment:                              Station Id :M3Y7

8695          BK 13824 PG 1291

**$5.00**

RECORDED AT THE REQUEST OF
AND WHEN RECORDED RETURN TO:

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California   92714

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:00 A.M. NOV 7 1988
LEE A. BRANCH, County Recorder

Conveyance connected with leaseholder
interest not to exceed 99 years.

AP 178-011-01

## CONVEYANCE OF REMAINDER INTEREST

FOR VALUABLE CONSIDERATION, receipt of which is hereby
acknowledged, THE ROBERT P. WARMINGTON CO., a California
corporation, hereby grants to ROBERT P. WARMINGTON, an
individual, the remainder interest in that portion of Lots 1
and 2 of Tract 10542 in the City of Huntington Beach, County
of Orange, State of California, as shown on a Map recorded in
Book 456, Pages 49 and 50 of Miscellaneous Maps, in the
Office of the County Recorder of Orange County, California,
described on Exhibit I attached hereto, after the term of
years expiring upon expiration or early termination of that
certain Condominium Sublease of even date herewith, made
by Robert P. Warmington, an individual, to _____

___John F. Turner and Virginia H. Turner, husband and wife, as joint Tenants___

_____

_____

_____,

a short form of which is being recorded concurrently herewith,
subject, however, to all matters whether or not of record.

GRANTOR:

THE ROBERT P. WARMINGTON CO.

By _____

By _____

Branch :A14,User :2004                         Comment:                         Station Id :M3Y7

BK 13824 PG 1292

STATE OF CALIFORNIA    }
                       } ss.
COUNTY OF ORANGE       }

    On ___August 1___, 1980, before me, the undersigned,
a Notary Public in and for said State, personally appeared
___OLIVER N. CRARY___, known to me to be the
___Vice President___, and ___WILLIAM J. PITTMAN___,
known to me to be the ___Secretary___ of the corporation
that executed the within Instrument, known to me to be the
persons who executed the within Instrument on behalf of the
corporation therein named, and acknowledged to me that such
corporation executed the within Instrument pursuant to its
by-laws or a resolution of its board of directors.



                              Notary Public in and for
                              said County

[SEAL]

2

ORANGE,CA                         Page 2 of 3                 Printed on 11/26/2019 9:02:04 AM
Document: DD 13824.1291

B0432-9242 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

BK 13824 PG 1293

## EXHIBIT I

**Parcel 1**

Those portions of Unit 53, as shown and
defined on a Condominium Plan ("the Condominium
Plan"), recorded in Book 13358, Page 1193, et seq.,
consisting of buildings and other improvements.

**Parcel 2**

An undivided one-eightieth (1/80) interest
in and to those portions of the Common Area as
shown and defined on the Condominium Plan, con-
sisting of buildings and other improvements.

**Parcel 3**

An exclusive easement for the use and
occupancy of those portions of Restricted
Common Area as defined on the Condominium Plan
for entry and staircases and attic space relating
to said Unit, consisting of buildings and other
improvements.

**Parcel 4**

Non-exclusive easement and right to use
those portions of the Common Area as defined on
the Condominium Plan, except Restricted Common
Area, consisting of buildings and other improve-
ments.

SUBJECT TO:

(a)   general and special taxes and assessments
      for the current fiscal year;

(b)   the Declaration of Restrictions recorded
      in Book 13618, Page 982, Official Records
      of Orange County, California, as amended,
      (the "Declaration");

(c)   all other covenants, conditions, restric-
      tions, rights, reservation of rights of way
      and easements whether or not of record.

RECORDED

B0432-9243 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7

RECORDING REQUESTED BY:

Jamie Gallian
4476 Alderport Dr.
Huntington Beach, CA
92649

AND WHEN RECORDED MAIL TO:

Jamie Gallian
4476 Alderport Dr.
Huntington Beach, CA
92649

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

33.00

*$ R 0 0 0 9 1 4 7 5 4 1 $*
2017000116815 8:25 am 03/23/17
276 415 A34 A04 F14  0
0.00 0.00 0.00 0.00 16.00 0.00 0.00 0.00

TITLE OF DOCUMENT: Assignment of Condominium
                   SubLease
                   Lease from present to 2059

Transfer Tax exempt. this Lease is a
Gift between family Members.

2T
6P
2FF
CC
2CF

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7

RECORDING REQUESTED BY:

~~Sandra Bradley~~
~~19 Meadow Wood Dr.~~
~~Coto de Caza, CA 92679~~

*Jamie Gallian*
*4476 Alderport Dr.*
*Huntington Beach*
*Ca 92649*

WHEN RECORDED RETURN TO:

~~same as above~~ *Jamie Gallian*
*4476 Alderport Dr.*
*Huntington Beach Ca 92649*

(space above this line for Recorder's use)

## ASSIGNMENT OF CONDOMINIUM SUBLEASE

For no consideration, receipt of which is hereby acknowledged, the undersigned, SANDRA L. BRADLEY, as Trustee of the Sandra L. Bradley Trust, hereby transfers and assigns to JAMIE L. GALLIAN, a single woman, all right, title and interest of the undersigned as Tenant, in and under that certain Condominium Sublease dated August 1, 1980, by and between ROBERT P. WARMINGTON, and individual, as Landlord, which interest was subsequently assigned to BS INVESTORS, LLC, by mesne assignments of record, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANTS as Tenant, recorded on November 7, 1980 in Book 13824, Page 1274 inclusive, as Instrument No. 8694 of Official Records of Orange County, California, as amended by the First Amendment to Condominium Sublease recorded on August, 2003 as Instrument No. 2003 001044770. The property that is the subject of the Sublease is described as follows:

Unit 53 of Tract 10542. Legal Description contained on Exhibit "A" attached hereto and made a part hereof.
TOGETHER WITH all buildings and other improvements on said land.

NO CONSIDERATION – TERM OF LEASE LESS THAN 99 YEARS

Dated: 3/22/2017                    *Sandra L Bradley*
                                    Assignor, SANDRA L. BRADLEY
                                    Trustee of the Sandra L. Bradley Trust

1

ORANGE,CA                           Page 2 of 6                 Printed on 11/26/2019 9:02:04 AM
Document: AL 2017.116815

B0432-9245 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                        Comment:                              Station Id :M3Y7

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the
> truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _3/22/2017_, before me, HENRY J. COOPERSMITH, a Notary
Public in and for said State personally appeared SANDRA L. BRADLEY, who proved to me on the
basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that she executed the same in her authorized capacity, and that by her signature on
the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

> HENRY J. COOPERSMITH
> COMM. # 2054619
> NOTARY PUBLIC - CALIFORNIA
> ORANGE COUNTY
> COMM. EXPIRES FEB. 6, 2018

2

B0432-9246 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

## EXHIBIT "A"

### DESCRIPTION

Order No. 985040290

PARCEL 1:

UNIT 53, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DEFINED ON THAT CERTAIN CONDOMINIUM PLAN ("THE CONDOMINIUM PLAN"), RECORDED OCTOBER 18, 1979 IN BOOK 13358 PAGE 1193, ET SEQ., OFFICIAL RECORDS.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHE HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR THE SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.

PARCEL 2:

AN UNDIVIDED 1/80TH INTEREST IN AND TO LOTS 1 AND 2 OF TRACT NO. 10542, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 456 PAGES 49 AND 50 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY TOGETHER WITH THOSE PORTIONS OF THE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

EXCEPTING THEREFROM CONDOMINIUM UNITS 1 THROUGH 80 INCLUSIVE, LOCATED THEREON.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR THE USE AND OCCUPANCY OF THOSE PORTIONS OF RESTRICTED COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN FOR ENTRY AND STAIRCASES AND ATTIC SPACE RELATING TO SAID UNIT.

PARCEL 4:

NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THOSE PORTIONS OF THE COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN, EXCEPT RESTRICTED COMMON AREA.

ORANGE,CA                    Page 4 of 6                    Printed on 11/26/2019 9:02:04 AM
Document: AL 2017.116815

B0432-9247 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

B0432-9248  09/24/2021  11:20 PM  Received by California Secretary of State

RECORDING REQUESTED BY:

~~Sandra Bradley~~    *Jamie Gallian*
~~19 Meadow Wood Dr.~~    *4476 Aldeport Bay*
~~Coto de Caza, CA 92679~~    *Huntington Bch*
                            *CA 92649*

WHEN RECORDED RETURN TO:

~~same as above~~ *Jamie Gallian*
                *4476 Aldeport*
                *Huntington Beach, CA*
                *92649*

(space above this line for Recorder's use)

## ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby accepts said Assignment and hereby agrees with and for the benefit of the Landlord, under the Sublease described in said Assignment, to keep, perform and he bound by all of the terms, covenants and conditions contained in said Sublease as amended by the First Amendment to the Condominium Sublease on the part of the Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the original Tenant thereunder. Assignee agrees to pay Landlord a late fee equal to 6% of any rent or other payment due under the Sublease which is not received by Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and cost incurred by Landlord to collect rent or other payment under the Sublease or to otherwise enforce Landlord's rights under the Sublease.

Dated: 3/22/17

_____
Assignee, JAMIE L. GALLIAN

Branch :A14,User :2004                        Comment:                            Station Id :M3Y7

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the
> truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE

On 3/23/2017 _____ , before me, *Henry J Coopersmith*
a Notary Public in and for said State personally appeared JAMIE L. GALLIAN, who proved to me on
the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that she executed the same in her authorized capacity, and that by her signature on
the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature

HENRY J. COOPERSMITH
COMM. # 2054619
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
COMM. EXPIRES FEB. 6, 2018

2

B0432-9249 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9250 09/24/2021 11:20 PM Received by California Secretary of State



Initial each

**Documen**

Demand Stat
unpaid obliga
Articles of Inc
Bylaws
CC&R'S, with
Insurance Dec
**FULL DOCUME**
Notice(s) of viol
Association Litiga
1 year of Regu
Rules & Regula
Financial State
Condo Questio
1 business day
**TOTAL DUE UP**
**TRANSFER FEE (**

Please note, v

Property Address:  4476 Alderpoint #53

**Elite Management**
**Attn: Escrow Department**
**38760 Sky Canyon Drive, Suite C**
**Murrieta, CA 92563**

Escrow #  1813848   Signature:

cument Order Form

Gables CommunityAssoci

CKAGE to include all documents listed be

| | | |
|---|---|---|
| ncy assesment and any other | Section 4525 | $90.00 |
| | Section 4525 (a)(1) | $20.00 |
| | Section 4525 (a)(1) | $30.00 |
| strictions if any | Section 4525 (a)(1) | $60.00 |
| | Section 5310 | $20.00 |
| | Section 4525 | $20.00 |
| erve study disclosure if | Section 5300 & | N/A |
| | 4525(a)(3) | |
| applicable) | Section 5305 | $40.00 |
| | Section 4525 (a)(1) | $20.00 |
| | Section 4525 | $25.00 |
| | Sections 4525, 6000 & 6100 | $20.00 |
| | Sections 5855 & 4525(a)(5) | $0.00 |
| ormation and current Budget) | All of the above | $300.00 |
| | | $210.00 |
| fee) | | $120.00 |
| | | $ |
| **TO ELITE** | | $210.00 |

ANNUAL BUDGE
ACC Guideline
Annual Budge

**2**
R1081 15554800
MoneyGram.

Please, when your uver from the time that payment is received. Please send your completed order form and check
(no personal checks please) to:

HOA-Oct.
2018



Huntington Beach Gables Homeowners Association
Elite Management Community

11125 Knott Avenue, Suite E

RECEIPT
RECIBO

R 1081 15554811

Gables HOA + L.Chg.

MONEYGRAM PAYMENT SYSTEMS, INC. DRAWER
P.O. BOX 9476
MINNEAPOLIS, MN 55480
PLEASE READ REVERSE SIDE www.moneygram.com/moneyorder DATE/AMOUNT

Property Address: 4476 Alder Port Drive #53, Huntington Beach

An escrow has been opened in our office for the transfer of the above referenced property. Please
furnish the following information in connection with the Homeowner's Association affecting the property:

Amount of Dues $ _____ Payable: ( ) Monthly ( ) Quarterly ( ) Yearly

Dues are currently paid to _____ Next Due Date _____

Make checks for Dues payable to: _____

Transfer Fee of $ _____ Payable to: _____

Other Fees, if any _____

Special Assessm

12 months of min
Association litigati

If there is a blanke

INSURANCE AGE

ADDRESS: _____

Please complete, s

FORM COMPLETE

We appreciate you

Sincerely,

Cheryl L. Shoats
Escrow Officer/Manager
Email:

Mailed ___10/22/18 by FedEx - Response 1day business Rush Del.___
                                                    $100.00 *

**MoneyGram money order:**

MoneyGram.
INTERNATIONAL MONEY ORDER    75-1618/919

To Validate: Touch the stop sign,
then watch it fade and reappear

PAY TO THE ORDER OF/
PAGAR A LA ORDEN DE: Gables Homeowners Assoc,

Jamie Gallian

ADDRESS/ DIRECCION: 4476 AlderPorADr. HB 92649

Payable Through
Citizens Alliance Bank
Clara City, MN

ISSUER/DRAWER:
MONEYGRAM PAYMENT SYSTEMS, INC.

Oct 2018 + $10.00 L.Chg,

⑇091916187⑇1081 1555481⑇ 90

B0432-9251 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9252 09/24/2021 11:20 PM Received by California Secretary of State

# FedEx®

## Sender Information / Información del remitente

**Name / Nombre:** Eminence Escrow Inc-1006 Cheryl

**Address / Dirección:** c/o Jamie Gallian
11125 Knott Ave # E
Cypress, CA 90630

**Phone Number / Teléfono:** 714-604-1057 12

**Email / Correo Electrónico:** Cheryl@eminenceescrow.com

**Account number, if applicable / Número de cuenta:**

## Recipient Information / Información del destinatario

**Name / Nombre:** Elite Management

**Address / Dirección:** 38760 Sky Canyon Dr. Ste C
Murrieta, CA 92563

**Phone Number / Teléfono:** 888-354-8322

**Email / Correo Electrónico:** Linn@Elite Management.com

© 2016 FedEx. All rights reserved. 616.MX57.001                0023186PM

## FedEx Office™

**Address:** 15901 GOLDENWEST ST
HUNTINGTON BEACH
CA 92647

**Location:** JLBKK
**Device ID:** -BTUO2
**Transaction:** 920211932797

**FedEx Priority Overnight**
783538349672    0.2 lbs. (S)
Declared Value  100              6.54

**Recipient Address:**
Linn Joslyn/ Jessica
ELITE MANAGEMENT
38760 SKY CANYON DR
STE C
MURRIETA, CA 92563
8883548322
linn@elitemanagement.com

**Scheduled Delivery Date** 10/23/2018

**Pricing option:**
STANDARD RATE

**Package Information:**

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7

RECORDING REQUESTED BY:

Mr. Randy Nickel
4476 Alderport Drive
Huntington Beach, CA 92649

MAIL TAX STATEMENTS TO:

Mr. Randy Nickel
4476 Alderport Drive.
Huntington Beach, CA 92649

*Lease from Present to 2059*

TITLE OF DOCUMENT:      **ASSIGNMENT OF CONDOMINIUM SUBLEASE**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder
96.00
2018000395579 2:35 pm 10/31/18
227 415 A34   6
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

B0432-9253 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

B0432-9254 09/24/2021 11:20 PM Received by California Secretary of State

WHEN RECORDED MAIL TO:
(Assignee's Name & Address)
MR. RANDALL L. NICKEL
4476 ALDERPORT DRIVE
HUNTINGTON BEACH, CA 92649

Mail tax statements to:
MR. RANDALL L NICKEL
4476 ALDERPORT DRIVE
HUNTINGTON BEACH, CA 92649

(Space Above this Line for Recorder's Use)

## ASSIGNMENT OF GROUND LEASE & CONDOMINIUM SUBLEASE

No Consideration. Term of Lease Less Than 99 years.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into that certain GROUND LEASE also known as the MASTER LEASE dated October 19, 1979, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 499 inclusive.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into a PARTIAL CANCELLATION OF MASTER LEASE dated November 7, 1980 for that certain MASTER LEASE dated October 19, 1979; recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Pg(s) 1253-1255, **Instrument No. 8691.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into that certain SUBLEASE dated October 19, 1979, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 504, inclusive, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California as shown on Miscellaneous Map(s) recorded in Book 456, Page(s) 49 and 50, in the Office of the Orange County, California Clerk Recorder.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into a PARTIAL CANCELLATION OF SUBLEASE dated October 19, 1979; for that certain SUBLEASE dated November 7, 1980, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1256-1258, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Maps, in the Office of the Orange County, California Clerk Recorder, **Instrument No. 8692;

**WHEREAS**
For valuable consideration, receipt of which is hereby acknowledged, the undersigned JAMIEL GALLIAN, hereby transfers and assigns to RANDALL L NICKEL, a married man, as his sole and separate property all right, title and interest of the undersigned, as Tenant, in and under that certain MASTER LEASE/ Ground Lease, dated November 7, 1980, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1259-1273, **Instrument No. 8693;

1

Branch :A14,User :2004                          Comment:                                    Station Id :M3Y7

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property**, all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE, dated August 1, 1980**, by and between ROBERT P. WARMINGTON, as Landlord, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANT, recorded on November 7, 1980, Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1274-1290, **Instrument No. 8694;

As amended by the **FIRST AMENDMENT TO CONDOMINIUM SUBLEASE** effective January 1, 2003, recorded in the Office of the Orange County, California Clerk Recorder as Document No. 2003-001044770 on August 28, 2003.

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONVEYANCE OF REMAINDER INTEREST, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1291-1293, **Instrument No. 8695;

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property**, all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE (SHORT FORM – MEMORANDUM AND GRANT DEED, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1294-1298, **Instrument No. 8696.

DATED: 10/31/18

ASSIGNOR JAMIE L GALLIAN

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On 10/31/2018 , before me, Paul Dyer, Notary Public
Personally appeared Jamie L Gallian

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAUL DYER
Notary Public - California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

(This space for Notary Seal)

Signature of Notary Public

2

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7

## ASSIGNMENT OF CONDOMINIUM SUBLEASE
### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby Accepts said Assignment and hereby agrees with for the benefit of the Master Lessor, Sublessor/Landlord, Tenant and under the Original Condominium Sublease commonly referred to throughout this document as "Condominium Sublease", described in said Assignment, to keep, perform and be bound by all the terms, covenants and conditions contained in said Condominium Sublease and as amended by the First Amendment to Condominium Sublease on the part of the Master Lessor, Sublessor/Landlord and Condominium Sublease Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the Original Condominium Sublease Tenant there under.

Assignee agrees to pay Sublessor/Landlord a late fee equal to 6% of any rent or other payment due under the Condominium Sublease, which is not received by Sublessor/Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and costs incurred by Landlord to collect rent or other payment under the Condominium Sublease or to otherwise enforce Sublessor/Landlord rights under the Condominium Sublease.

DATED: _10. 31. 18_                         _Randall L. Nickel_
                                       ASSIGNEE RANDALL L NICKEL

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On _10/31/18_ before me, _Paul Oyer, Notary Public_
Personally appeared _Randall L. Nickel_
Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAUL OYER
Notary Public – California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

(This space for Notary Seal)

Signature of Notary Public

3

B0432-9256  09/24/2021  11:20 PM  Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

# EXHIBIT A (LEGAL)

The estate or interest in the land described:

A Ground leasehold and Condominium Sublease hold estate as to Parcels 1 and 2, said estate being more particularly described as the Lessees' interest under that certain Ground Lease set forth in subparagraph (A) herein below:

(A)    That certain Ground Lease dated August 1, 1980, executed by Houser Bros. Co, A Limited Partnership organized under the Laws of the State of California, in which Clifford C. Houser and Vernon F. Houser constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County:   **Book 13824 Page 1259-1273**
**APN: 937-63-053, Unit 53.**

(B)    That certain Condominium Sublease dated August 1, 1980, executed by Robert P. Warmington, as Sub-lessor and John F. Turner and Virginia H. Turner (Original Sublessee) for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1274-1290**
**APN: 937-63-053, Unit 53.**

All that certain land interest situated in the State of California, County of Orange and is described as follows:

Parcel   1:
Unit 53 as shown and defined on a Condominium Plan (the **"Condominium Plan"**) recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel   2:
An undivided one-eightieth (1/80th) interest as Tenants in Common in the Common Area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Map, records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said Land without the right of surface entry above the depth of 500 feet from the surface, as reserved in deeds of record.

Parcel   3:
Those portions of Unit 53, building 14, inclusive, as shown and defined on the Condominium Plan, Consisting of buildings and other improvements.

Parcel   4:
An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel   5:
An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel   6:
A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

4

B0432-9257  09/24/2021  11:20  PM  Received by California Secretary of State

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

BK 13362 PG 317

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:                    32442

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California 92714         $5.00

RECORDED AT REQUEST OF
FIRST AMER TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA

8:01 A.M. OCT 22 1979

LEE A. BRANCH, County Recorder

_____Space Above This Line for Recorder's Use Only_____

GROUND SUBLEASE
(SHORT FORM-MEMORANDUM)

THIS GROUND SUBLEASE (SHORT FORM-MEMORANDUM) is made this
19th day of October, 1979, by and between ROBERT P.
WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO.,
a California Corporation (hereinafter "Tenant"), upon the following
terms and conditions:

W I T N E S S E T H:

1.   Landlord leases to Tenant that certain real property
(the "leased land") located in the City of Huntington Beach, County of
Orange, State of California, which leased land is described on
Exhibit "A" attached hereto and made a part hereof, at the rental and
upon all of the terms and conditions set forth in that certain unrecorded
Ground Sublease of even date between Landlord and Tenant which is
incorporated herein by this reference.

2.   The Property is leased for a term of eighty (80) years,
commencing as of October 19, 19 79 and ending
October 18, 2059. The aforementioned incorporated Ground Sublease
provides, among other things, that it shall terminate as to the real
property covered by a Consumer Sublease (as defined in said incorporated
Ground Sublease) upon the commencement of the term of such Consumer
Sublease.

3.   The aforementioned incorporated Ground Sublease provides,
among other things, that the Tenant shall pay all taxes, general and
special assessments and other charges which, during the term of this
lease, may be levied upon or assessed against the leased land and all
interests therein.

4.   The aforementioned incorporated Ground Sublease also
provides, among other things, that Tenant shall not encumber, assign or
otherwise transfer said Sublease, or sublet the whole or any part of
the leased land without the prior written consent and approval of
Landlord, except as otherwise expressly permitted in said incorporated
Ground Sublease.

5.   Landlord hereby irrevocably makes, constitutes and
appoints Tenant as Landlord's true and lawful attorney for him and
in his name, place and stead and for his use and benefit to exercise
any or all of the following powers as to the leased land, any interest
therein and/or any building or other improvement thereon: To undertake
any and all construction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has not executed
the same, as provided and within the time period set forth in said
incorporated Ground Sublease, any map, permit, application, survey,
report, approval, easement deed or other documents as are necessary or
convenient to obtain the required approvals, permits or other action of
the City of Huntington Beach, the County of Orange, California, and

BK 13362 PG 318

other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated Ground Sublease; giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as he might or could do if personally present, hereby ratifying all that his said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6. Should there be any inconsistency between the terms of this instrument and the Ground Sublease incorporated herein, the terms of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form Memorandum of Ground Sublease to be duly executed as of the day and year first above written.

LANDLORD:

_____
Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By _____
Roger D. Darnell
Vice President

STATE OF CALIFORNIA )
                     ) ss:
COUNTY OF ORANGE )

On __October 19__, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT P. WARMINGTON known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

_____
Pearl L. Hunt

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

STATE OF CALIFORNIA )
                     ) ss:
COUNTY OF ORANGE )

On __October 19__, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROGER D. DARNELL known to me to be the Vice President of the Corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that such Corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

_____
Pearl L. Hunt

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

-2-

B0432-9259 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                        Comment:                                Station Id :M3Y7

B0432-9260 09/24/2021 11:20 PM Received by California Secretary of State

BK 13362 PG 319

EXHIBIT "A"

PARCEL A:     Parcel 1 as per Parcel Map recorded in
              Book 108, Pages 47 and 48, inclusive,
              Official Records of Orange County,
              California.

              EXCEPTING and reserving a non-exclusive
              easement for ingress and egress within
              and upon the Westerly 30.00 feet there-
              of appurtenant to Parcel 2 as Per Map
              recorded in Book 108, Pages 47 and 48,
              inclusive, Official Records of Orange
              County, California within the private
              street known as "Monterey Lane".

PARCEL B:     A non-exclusive easement for ingress
              and egress within and upon an area 30.00
              feet in width within the private street
              known as "Monterey Lane", within Parcel
              2 as per Map recorded in Book 108, Pages
              47 and 48, inclusive, Official Records of
              Orange County, California the Easterly
              boundary of which shall be Co-Terminus
              with the Westerly boundary of said Parcel
              1.

EXHIBIT "A"

RECORDED IN

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

B0432-9261 09/24/2021 11:20 PM Received by California Secretary of State

RECORDING REQUESTED BY          **8346**          BK 13362 PG 320
AND WHEN RECORDED MAIL TO:

The Robert P. Warmington Co.     32443
16592 Hale Avenue
Irvine, California 92714         $6.00      BK 13424 PG 499
Attention: Roger P. Darnell.

                                 $7.00
                                 C1

RECORDED AT REQUEST OF
FIRST AMER TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

[Space above line for Recorder's use only]

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.

                    GROUND LEASE

              (SHORT FORM - MEMORANDUM)

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY CALIFORNIA
3 18 PM DEC 6 1979

LEE A. BRANCH, County Recorder

         THIS GROUND LEASE (SHORT FORM - MEMORANDUM) is made
this 19th day of    October  , 1979, by and between
ROUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

                    W I T N E S S E T H :

         1.   Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Huntington
Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

         2.   The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter.  The aforementioned incorporated ground
lease provides, among other things, that it shall terminate,
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

         3.   The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

         4.   The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

                           -1-

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7



BK 13362 PG 321
BK 13424 PG 500

5.  Landlord hereby irrevocably makes, constitutes and appoints Tenant as Landlord's true and lawful attorney for it and in its name, place and stead and for its use and benefit to exercise any/or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon. To undertake any and all construction activities on or in connection with the leased land and to execute on behalf of Landlord if Landlord has not executed the same, as provided and within the time period set forth in said incorporated ground lease, any map, permit, application, survey, report, approval, easement deed or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated ground lease, giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as it might or could do if personally present, hereby ratifying all that its said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6.  Should there be any inconsistency between the terms of this instrument and the ground lease incorporated herein, the terms of said incorporated ground lease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form - Memorandum of Lease to be duly executed as of the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners

By _____
    Clifford E. Houser,
    General Partner

By _____
    Vernon F. Houser,
    General Partner
                                        "Landlord"

_____
Robert P. Warmington
                                        "Tenant"

-2-

B0432-9262 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                          Comment:                                    Station Id :M3Y7



BK 13362 PG  322

BK 13424 PG  501

EXHIBIT "A"

PARCEL A:  **Tract No. 10542, as shown on a Map recorded
in book 456, pages 49 and 50 of Miscellaneous
Maps, records of Orange County, California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:  A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"

B0432-9263  09/24/2021  11:20 PM Received by California Secretary of State

Branch :A14,User :2004                Comment:                Station Id :M3Y7



BK 13362 PG 323
BK 13424 PG 502

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF ORANGE       )

    On this 19th day of OCTOBER         1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon P. Houser, known to be to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

    WITNESS my hand and official seal.

OFFICIAL SEAL
CHRISTINE A. BELMONTE            Notary Public in and for said
Notary Public-California              County and State
ORANGE COUNTY
My Commission Expires March 14, 1983

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF   ORANGE      )

    On this 19th day of   October   1979, before me, the
undersigned, a Notary Public in and for said State, person-
ally appeared Robert P. Warmington, known to me to be the
person whose name is subscribed to the within instrument,
and acknowledged to me that he executed the same.

    WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT                    Notary Public in and for said
NOTARY PUBLIC-CALIFORNIA              County and State
ORANGE COUNTY
My Commission Expires May 27, 1983

-3-

Branch :A14,User :2004    Comment:    Station Id :M3Y7

B0432-9265 09/24/2021 11:20 PM Received by California Secretary of State

STATE OF CALIFORNIA
COUNTY OF Orange

BK 13424 PG 503

On _____ before me, the undersigned, a Notary Public in and for
said State, personally appeared

Clifford G. Houser and Vernon F. Houser,

_____ all of the partners of the partnership
known to me to be the
that executed the within instrument and acknowledged to me that
such partnership executed the same.

WITNESS my hand and official seal.

Signature  Kerry K. Hoffman

Kerry K. Hoffman
Name (Typed or Printed)

(This area for official notarial seal)

OFFICIAL SEAL
KERRY K. HOFFMAN
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Oct. 23, 1982

STATE OF CALIFORNIA
COUNTY OF Orange

On December 6, 1978 before me, the undersigned, a Notary Public in and for
said State, personally appeared

Robert P. Warmington

known to me to be the person_ whose name_ is
subscribed to the within instrument, and acknowledged to me
that he executed the same.

WITNESS my hand and official seal.

Signature  Pearl L. Hunt

Pearl L. Hunt
Name (Typed or Printed)

(This area for official notarial seal)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires May 23, 1982

Branch :A14,User :2004                          Comment:                                    Station Id :M3Y7



RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California  92714

Space Above This Line for Recorder's Use Only

GROUND SUBLEASE
(SHORT FORM—MEMORANDUM)

THIS GROUND SUBLEASE (SHORT FORM—MEMORANDUM) is made this
19th day of October, 1979, by and between ROBERT P.
WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO.,
a California corporation (hereinafter "Tenant"), upon the following
terms and conditions:

W I T N E S S E T H:

1. Landlord leases to Tenant that certain real property
(the "leased land") located in the City of Huntington Beach, County of
Orange, State of California, which leased land is described on
Exhibit "A" attached hereto and made a part hereof, at the rental and
upon all of the terms and conditions set forth in that certain unrecorded
Ground Sublease of even date between Landlord and Tenant which is
incorporated herein by this reference.

2. The Property is leased for a term of eighty (80) years,
commencing as of October 19, 19 79 and ending
October 18, 2059. The aforementioned incorporated Ground Sublease
provides, among other things, that it shall terminate as to the real
property covered by a Consumer Sublease (as defined in said incorporated
Ground Sublease) upon the commencement of the term of such Consumer
Sublease.

3. The aforementioned incorporated Ground Sublease provides,
among other things, that the Tenant shall pay all taxes, general and
special assessments and other charges which, during the term of this
lease, may be levied upon or assessed against the leased land and all
interests therein.

4. The aforementioned incorporated Ground Sublease also
provides, among other things, that Tenant shall not encumber, assign or
otherwise transfer said Sublease, or sublet the whole or any part of
the leased land without the prior written consent and approval of
Landlord, except as otherwise expressly permitted in said incorporated
Ground Sublease.

5. Landlord hereby irrevocably makes, constitutes and
appoints Tenant as Landlord's true and lawful attorney for him and
in his name, place and stead and for his use and benefit to exercise
any or all of the following powers as to the leased land, any interest
therein and/or any building or other improvement thereon: To undertake
any and all construction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has not executed
the same, as provided and within the time period set forth in said
incorporated Ground Sublease, any map, permit, application, survey,
report, approval, easement, easement deed or other documents as are necessary or
convenient to obtain the required approvals, permits or other action of
the City of Huntington Beach, the County of Orange, California, and

B0432-9266 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004    Comment:    Station Id :M3Y7

BK 13362 PG 318
BK 13424 PG 505

other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated Ground Sublease, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as he might or could do if personally present, hereby ratifying all that his said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6. Should there be any inconsistency between the terms of this instrument and the Ground Sublease incorporated herein, the terms of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form Memorandum of Ground Sublease to be duly executed as of the day and year first above written.

LANDLORD:

_____
Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By _____
Roger D. Darnell
Vice President

STATE OF CALIFORNIA )
COUNTY OF ORANGE ) ss:

On October 19 , 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT P. WARMINGTON known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

_____
Pearl L. Hunt

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 23, 1983]

STATE OF CALIFORNIA )
COUNTY OF ORANGE ) ss:

On October 19 , 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROGER D. DARNELL known to me to be the Vice President of the corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that such Corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

_____
Pearl L. Hunt

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 23, 1983]

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 23, 1983]

-2-

B0432-9267 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                          Comment:                                    Station Id :M3Y7

B0432-9268 09/24/2021 11:20 PM Received by California Secretary of State



STATE OF CALIFORNIA
COUNTY OF Orange                              BK 13424 PG 506
On December 6, 1979 before me, the undersigned, a Notary Public in and for
said State, personally appeared
Robert P. Warmington

Robert P. Warmington

PEARL L. HUNT
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

WITNESS my hand and official seal.
Signature  Pearl L Hunt
PEARL L. HUNT

STATE OF CALIFORNIA
COUNTY OF Orange
On December 6, 1979 before me, the undersigned, a Notary Public in and for
said State, personally appeared Roger D. Darnell

PEARL L. HUNT
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

WITNESS my hand and official seal.
Signature  Pearl L Hunt
PEARL L. HUNT

Branch :A14,User :2004                    Comment:                              Station Id :M3Y7



BK 13424 PG 507

BK 13382 PG 319

EXHIBIT "A"

PARCEL A:        Tract No. 10542, as shown on a Map recorded
                 in book 456, pages 49 and 50 of Miscellaneous
                 Maps, records of Orange County, California.

                 EXCEPTING and reserving a non-exclusive
                 easement for ingress and egress within
                 and upon the Westerly 30.00 feet there-
                 of appurtenant to Parcel 2 as Per Map
                 recorded in Book 108, Pages 47 and 48,
                 inclusive, Official Records of Orange
                 County, California within the private
                 street known as "Monterey Lane".

PARCEL B:        A non-exclusive easement for ingress
                 and egress within and upon an area 30.00
                 feet in width within the private street
                 known as "Monterey Lane", within Parcel
                 2 as per Map recorded in Book 108, Pages
                 47 and 48, inclusive, Official Records of
                 Orange County, California the Easterly
                 boundary of which shall be Co-Terminus
                 with the Westerly boundary of said Parcel
                 1

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"

B0432-9269 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9270 09/24/2021 11:20 PM Received by California Secretary of State

1   Rian W. Jones, Bar No. 118830
    rjones@epsten.com
2   Joyce J. Kapsal, Bar No. 091950
    jkapsal@epsten.com
3   Pejman D. Kharrazian, Bar No. 279260
    pkharrazian@epsten.com
4   EPSTEN GRINNELL & HOWELL APC
    10200 Willow Creek Road, Suite 100
5   San Diego, California  92131
    (858) 527-0111/ Fax (858) 527-1531
6
7   Attorneys for Plaintiff, THE HUNTINGTON
    BEACH GABLES HOMEOWNERS ASSOCIATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
11/07/2018 at 04:20:00 PM
Clerk of the Superior Court
By Sonya Wilson,Deputy Clerk

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  THE HUNTINGTON BEACH GABLES          Case No. 30-2017-00913985-CU-CO-CJC
    HOMEOWNERS ASSOCIATION, a California
12  Nonprofit Mutual Benefit Corporation,   Judge:  Hon. James L. Crandall, Dept.: C33

13                                       **DECLARATION OF PEJMAN D.**
                      Plaintiff,         **KHARRAZIAN IN SUPPORT OF**
14                                       **PLAINTIFF'S EX PARTE APPLICATION**
        v.                               **TO CONTINUE THE TRIAL**
15
    SANDRA L. BRADLEY, individually and   Hearing Date:  November 9, 2018
16  as Trustee of the Sandra L. Bradley Trust;   Hearing Time: 8:30 a.m.
    JAMIE L. GALLIAN, an individual; and   Dept.: C33
17  DOES 1 through 25, inclusive,
                                         FAC Filed: May 16, 2017
18                    Defendants.         Trial Date: December 10, 2018

19

20      I, Pejman D. Kharrazian, declare:

21      1.      I am an attorney at law licensed to practice in the State of California, employed

22  by the law firm of Epsten Grinnell & Howell, APC, attorneys of record for Plaintiff THE

23  HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION ("Association").

24      2.      I have personal knowledge of the facts stated herein and could and would

25  testify to said facts if sworn as a witness in these proceedings.

26      3.      Trial in this matter is currently set for December 10, 2018. The Court set this

27  trial date at the hearing on Association's Motion to Enter Judgment Pursuant to the Terms of

28  Stipulation for Settlement (under Code Civ. Proc. § 664.6) on July 19, 2018 because the

                                         1
3695895v1   DECLARATION OF PEJMAN D. KHARRAZIAN IN SUPPORT OF THE HUNTINGTON BEACH GABLES
            HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO CONTINUE THE TRIAL

341
Page 175 of 214

B0432-9271 09/24/2021 11:20 PM Received by California Secretary of State

1   original trial date was vacated when it appeared the parties had settled.  No other trial

2   continuances have been sought or granted in this case.

3       4.    On November 1, 2018, the parties appeared in Court for a motion hearing. At

4   the hearing Ms. Gallian represented to the Court that she had sold her unit within the

5   Association.

6       5.    The Association began investigating the purported sale and on November 5,

7   2018, was able to obtain copies of the transfer documents for the unit from the County

8   Recorder's office.  A true and correct copy of an Assignment of Sublease purporting to

9   transfer the unit to Randall L. Nickel is attached hereto as **Exhibit A**.

10      6.    The Association has asked Ms. Gallian for proof that the buyer is a bona fide

11  purchaser for value but as of the signing of this Declaration has received no reply from her.

12      7.    The Association is concerned that this may be a fraudulent transfer to defraud

13  creditors because the Assignment of Sublease (Ex. A) was done very quickly *out of escrow*

14  and the document states it is a transfer for *no consideration*.

15      8.    The Association sits on leased land and the landlord, BS Investors LLC, has

16  filed and served an unlawful detainer action (Orange County Case No. 30-2018-01024401-

17  CU-UD-CJC) seeking to remove Ms. Gallian from her unit in the Association and terminate

18  her sublease.  The unlawful detainer action was filed on October 10, 2018, before the

19  purported sale of the unit by Ms. Gallian. A true and correct copy of the complaint in the

20  unlawful detainer action, without exhibits, and filed by BS Investors LLC is attached as

21  **Exhibit B** hereto.

22      9.    The sale of Ms. Gallian's unit and her departure from the community has been

23  the lynchpin of the settlement negotiations by the parties. Assuming the unit has been properly

24  sold or Ms. Gallian is evicted, the Association believes it can work with the new owner to

25  correct the violations that Ms. Gallian created during her ownership, thereby achieving its

26  litigation objective and eliminating the need for a trial.

27      10.   Ms. Gallian has not complied with the Court's order of September 27, 2018

28  (ROA #564) to supply verified responses, without objection, to four sets of written discovery.

2

3695895v1

DECLARATION OF PEJMAN D. KHARRAZIAN IN SUPPORT OF THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO CONTINUE THE TRIAL

B0432-9272 09/24/2021 11:20 PM Received by California Secretary of State

1    The Association will need to file further motions to compel her responses and seek further

2    sanctions against her, including terminating sanctions because of her willful refusal to comply

3    with this Court's orders.  Ms. Gallian has not paid the sanctions ordered either.

4         11.    Ms. Gallian's deposition was timely noticed for September 28, 2018.  Although

5    she appeared for her deposition, she unilaterally terminated it after 3 hours while questions

6    were pending.  To date, Ms. Gallian has refused to provide dates to complete her deposition.

7    The Association will need to file a motion to compel her deposition and seek further sanctions

8    against her, including terminating sanctions because of her willful refusals.

9         12.    On October 17, 2018, Ms. Gallian sent the Association a letter advising that she

10   plans to amend her cross-complaint against the Association.  A true and correct copy of Ms.

11   Gallian's undated letter without exhibits (received on October 17, 2018 by my firm) is attached

12   hereto as **Exhibit C**.

13        13.    A trial continuance is necessary to allow the Association time to file

14   terminating sanctions against her prior to the trial.  Further, in the event the Association is able

15   to confirm the sale of the subject unit was to a bona fide purchaser, and the purchaser agrees to

16   bring the unit into compliance with the governing documents, the Association will have met its

17   litigation objective without need of a lengthy trial.  Only a noticed motion to deem the

18   Association the prevailing party and for an award attorneys' fees and costs would be

19   necessary.

20        <u>DECLARATION REGARDING EX PARTE NOTICE TO DEFENDANT</u>

21        14.    On November 8, 2018, my office informed Defendant Jamie L. Gallian, by

22   email communication, of the Association's ex parte application.

23        I declare under penalty of perjury under the laws of the State of California that the

24   foregoing is true and correct.

25        Executed this ____7____ day of November, 2018, at San Diego, California.

26

27                                   Pejman D. Kharrazian

28

3695895v1
                                        3
     DECLARATION OF PEJMAN D. KHARRAZIAN IN SUPPORT OF THE HUNTINGTON BEACH GABLES
       HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO CONTINUE THE TRIAL

343
Page 177 of 214

—

**RECORDING REQUESTED BY:**

Mr. Randy Nickel
4476 Alderport Drive
Huntington Beach, CA 92649

**MAIL TAX STATEMENTS TO:**

Mr. Randy Nickel
4476 Alderport Drive.
Huntington Beach, CA 92649

Lease from Present to 2059

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

96.00

* S R 0 0 1 0 4 4 6 0 2 6 $ *
2018000395579 2:35 pm 10/31/18
227 415 A34  5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

**TITLE OF DOCUMENT:      ASSIGNMENT OF CONDOMINIUM SUBLEASE**

B0432-9273 09/24/2021 11:20 PM Received by California Secretary of State

Exhibit A - Page 1 of 5 to Decl. of Pejman D. Kharrazian
in Support of HOA's Ex Parte Appl to Continue Trial

B0432-9274 09/24/2021 11:20 PM Received by California Secretary of State

WHEN RECORDED MAIL TO:
(Assignee's Name & Address)
**MR. RANDALL L. NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

**Mail tax statements to:**
**MR. RANDALL L NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

(Space Above this Line for Recorder's Use)

## ASSIGNMENT OF GROUND LEASE & CONDOMINIUM SUBLEASE

No Consideration. Term of Lease Less Than 99 years.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant,** entered into that certain **GROUND LEASE** also known as the **MASTER LEASE dated October
19, 1979,** a Short Form Memorandum recorded in the Office of the Orange County, California Clerk
Recorder in Book 13424, Page 499 inclusive.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant,** entered into a **PARTIAL CANCELLATION OF MASTER LEASE dated November 7, 1980**
for that certain **MASTER LEASE dated October 19, 1979**; recorded in the Office of the Orange County,
California Clerk Recorder in Book 13424, Pg(s) 1253-1255, **Instrument No. 8691.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant,** entered into that certain **SUBLEASE dated October 19, 1979,** a Short Form Memorandum
recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 504,
inclusive, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington
Beach, California as shown on Miscellaneous Map(s) recorded in Book 456, Page(s) 49 and 50, in the
Office of the Orange County, California Clerk Recorder.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as
Tenant,** entered into a **PARTIAL CANCELLATION OF SUBLEASE** dated October 19, 1979; for that
certain SUBLEASE dated November 7, 1980, a Short Form Memorandum recorded in the Office of the
Orange County, California Clerk Recorder in Book 13824, Pg(s) 1256-1258, with respect to those portions
of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California recorded in Book 456,
Page(s) 49 and 50 of Miscellaneous Maps, in the Office of the Orange County, California Clerk Recorder,
**Instrument No. 8692;

**WHEREAS**
For valuable consideration, receipt of which is hereby acknowledged, the undersigned
**JAMIEL GALLIAN,** hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his
sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that
certain **MASTER LEASE/ Ground Lease, dated November 7, 1980,** recorded in the Office of the
Orange County, California Clerk Recorder in Book 13824, Pg(s) 1259-1273, **Instrument No. 8693;

1

Exhibit A - Page 2 of 5 to Decl. of Pejman D. Kharrazian
in Support of HOA's Ex Parte Appl to Continue Trial

B0432-9275 09/24/2021 11:20 PM Received by California Secretary of State

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE, dated August 1, 1980,** by and between ROBERT P. WARMINGTON, as Landlord, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANT, recorded on November 7, 1980, Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1274-1290, **\*\*Instrument No. 8694;**

As amended by the **FIRST AMENDMENT TO CONDOMINIUM SUBLEASE** effective January 1, 2003, recorded in the Office of the Orange County, California Clerk Recorder as Document No. 2003-001044770 on August 28, 2003.

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONVEYANCE OF REMAINDER INTEREST, dated November 7, 1980,** recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1291-1293, **\*\*Instrument No. 8695;**

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE (SHORT FORM – MEMORANDUM AND GRANT DEED, dated November 7, 1980,** recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1294-1298, **\*\*Instrument No. 8696.**

DATED: ___10/31/18___          _____

                                                    ASSIGNOR JAMIE L GALLIAN

STATE OF CALIFORNIA              )
                                                   ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On ___10/31/2018___, before me, ___Paul Dyer, Notary Public___

Personally appeared ___Jamie L Gallian___

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAUL DYER
Notary Public - California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

**(This space for Notary Seal)**

_____
**Signature of Notary Public**

2

B0432-9276 09/24/2021 11:20 PM Received by California Secretary of State

## ASSIGNMENT OF CONDOMINIUM SUBLEASE
### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby Accepts said Assignment and hereby agrees with for the benefit of the Master Lessor, Sublessor/Landlord, Tenant and under the Original Condominium Sublease commonly referred to throughout this document as "Condominium Sublease", described in said Assignment, to keep, perform and be bound by all the terms, covenants and conditions contained in said Condominium Sublease and as amended by the First Amendment to Condominium Sublease on the part of the Master Lessor, Sublessor/Landlord and Condominium Sublease Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the Original Condominium Sublease Tenant there under.

Assignee agrees to pay Sublessor/Landlord a late fee equal to 6% of any rent or other payment due under the Condominium Sublease, which is not received by Sublessor/Landlord within ten (10) days of its due date.  Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease.  The undersigned Assignee agrees to pay attorneys fees and costs incurred by Landlord to collect rent or other payment under the Condominium Sublease or to otherwise enforce Sublessor/Landlord rights under the Condominium Sublease.

DATED: _10·31· 18_ _____     _Randall L Nickel_

**ASSIGNEE RANDALL L NICKEL**


**STATE OF CALIFORNIA** )
                        ) ss.
**COUNTY OF ORANGE**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On_10/31/2016_ before me, _Paul Dyer, Notary Public_,
Personally appeared _Randall L Nickel_

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____     (This space for Notary Seal)
**Signature of Notary Public**

PAUL DYER
Notary Public – California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

3

B0432-9277 09/24/2021 11:20 PM Received by California Secretary of State

# EXHIBIT A (LEGAL)

The estate or interest in the land described:

A Ground leasehold and Condominium Sublease hold estate as to Parcels 1 and 2, said estate being more particularly described as the Lessees' interest under that certain Ground Lease set forth in subparagraph (A) herein below:

(A)     That certain Ground Lease dated August 1, 1980, executed by Houser Bros. Co, A Limited Partnership organized under the Laws of the State of California, in which Clifford C. Houser and Vernon F. Houser constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059.  Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County:  **Book 13824 Page 1259-1273**
        **APN: 937-63-053, Unit 53.**

(B)     That certain Condominium Sublease dated August 1, 1980, executed by Robert P. Warmington, as Sublessor and John F. Turner and Virginia H. Turner (Original Sublessee) for the term ending December 31, 2059.  Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1274-1290**
        **APN: 937-63-053, Unit 53.**

All that certain land interest situated in the State of California, County of Orange and is described as follows:

Parcel   1:
Unit 53 as shown and defined on a Condominium Plan (the **"Condominium Plan"**) recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel   2:
An undivided one-eightieth (1/80th) interest as Tenants in Common in the Common Area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Map, records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said Land without the right of surface entry above the depth of 500 feet from the surface, as reserved in deeds of record.

Parcel   3:
Those portions of Unit 53, building 14, inclusive, as shown and defined on the Condominium Plan, Consisting of buildings and other improvements.

Parcel   4:
An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel   5:
An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel   6:
A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange

**10/18/2018** at 01:23:34 PM
Clerk of the Superior Court
By Alan Silva, Deputy Clerk

**CM-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>4476 ALDERPORT DRIVE<br>HUNTNGTON BEACH, CA 92649 | |

TELEPHONE NO.: 714-321-3449    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* jamiegallian@gmail.com
ATTORNEY FOR *(Name):* IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: **SANTA ANA, CALIFORNIA 92701**
BRANCH NAME: **CENTRAL JUSTICE CENTER**

PLAINTIFF/PETITIONER:   BS Investors LP a california limited partnership

DEFENDANT/RESPONDENT:   Jamie L Gallian

| | CASE NUMBER: |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☑ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | 30-2018-01024401 cu-ud-cjc |

| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:<br>DEPT.:          TIME: |

1. Applicant *(name):*  Jamie L Gallian
   is
   a. ☐   plaintiff
   b. ☐   cross-complainant
   c. ☐   petitioner
   d. ☑   defendant
   e. ☐   cross-defendant
   f. ☐   respondent
   g. ☐   other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐   Complaint
   b. ☐   Cross-complaint
   c. ☐   Petition
   d. ☑   Answer or other responsive pleading
   e. ☐   Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*   10-22-18

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑   None
   b. ☐   The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   BS Investors, LP, a california limited partnership

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Page 1 of 2<br>Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov |

B0432-9278 09/24/2021 11:1:20 PM Received by California Secretary of State

B0432-9279 09/24/2021 11:20 PM Received by California Secretary of State

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| BS Investors, **LP** v Jamie L Gallian | 30-2018-01024401-CU-UD-CJC |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

Only a flight attendant and received the serv on Friday 10-12-18, 7:02pm,  I request additional time to hire an atty and gather monies to pay filing fees and atty. This case is part of case no. 30-2017-00913985, C-33.

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

This case is part of another civil matter 30-2017-00913985, C-33.  The plaintiff in this case was noticed to ADR for attempting to fraudulently lien my separate property in an HOA after Judge Crandall C-33, on July 19, 2018, denied MOT to enforce settlement agreement under 664.6, found "no meeting of the minds." The HOA and Landlord are bullying me and filing new causes of action under new case numbers.  The alleged breach in the UD-100, is NOT a HOA Special Assessment under §5600,5605, it is a fraud. monetary penalty For a split tree branch, removed by 2 gentlemen out off the sidewalk. Trial 12-10-18. C-33

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

Within 30 days of service November 12, 2018.  BS Investors is a party(Cross-defendant) to the civil action. Mandatory settlement conference by Judge Crandall, C-33 scheduled for October 26, 2018, C-33, 8:30a.

10. Notice of this application under rules 3.1200–3.1207 ☑ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

Exparte Resv. C-33,email sent Oct 16,2018 to Notice of exparte hearing October 17, 2018, C-33,  Honorable James Crandall was sent to BS Investors attorney Gordon G. May SBN 167112  ggm@ggb-law.com and a copy of email was sent to BS Investors President Hugh Saddington at hugh@afpscpa.com

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10-18-18

Jamie L Gallian
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ *Jamie L Gallian*
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below or ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than that *(date):*

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME**
**TO SERVE PLEADING AND ORDERS**

Page 2 of 2

B0432-9280 09/24/2021 11:20 PM Received by California Secretary of State

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gordon G. May (SBN 167112)<br>GRANT, GENOVESE & BARATTA, LLP<br>2030 Main Street, Suite 1600<br>Irvine, CA 92614 | |

TELEPHONE NO **(949) 660-1600**   FAX NO *(Optional)*  **(949) 660-6060**
E-MAIL ADDRESS *(Optional)*: **ggm@ggb-law.com**
ATTORNEY FOR *(Name)*: **Plaintiff BS INVESTORS, LLC**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS  **700 Civic Center Drive West**
MAILING ADDRESS
CITY AND ZIP CODE  **Santa Ana, CA 92701**
BRANCH NAME  **CENTRAL JUSTICE CENTER**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**10/10/2018** at 01:27:15 PM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

PLAINTIFF   **BS INVESTORS, LLC, a California limited liability company**

DEFENDANT   **JAMIE L. GALLIAN, an individual and DOES 1 to 20, inclusive**

☐ DOES 1 TO _____

**COMPLAINT — UNLAWFUL DETAINER***

[X] COMPLAINT   ☐ AMENDED COMPLAINT *(Amendment Number)*:

| CASE NUMBER |
|---|
| 30-2018-01024401-CU-UD-CJC |

**Jurisdiction** *(check all that apply):*

☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded   ☐ does not exceed $10,000
                    ☐ exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
  ☐ from unlawful detainer to general unlimited civil (possession not in issue)   ☐ from limited to unlimited
  ☐ from unlawful detainer to general limited civil (possession not in issue)   ☐ from unlimited to limited

1  PLAINTIFF *(name each)*:  **BS INVESTORS, LLC, a California limited liability company**

alleges causes of action against DEFENDANT *(name each)*: **JAMIE L. GALLIAN, an individual**

2. a.  Plaintiff is   (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                     (2) ☐ a public agency.                        (5) ☐ a corporation.
                     (3) [X] other *(specify)*:  **a California limited liability company**

   b. [X] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:
      **BS INVESTORS, LLC**

3  Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
   **4476 Alderport Drive, Huntington Beach, CA 92649, County of Orange**

4  Plaintiff's interest in the premises is   ☐ as owner   [X] other *(specify)*:  **Ground Sublessor**
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a.  On or about *(date)*: **March 22, 2017**              defendant *(name each)*:  **JAMIE L. GALLIAN, an individual**

      (1) agreed to rent the premises as a   ☐ month-to-month tenancy   [X] other tenancy *(specify)*:  **See Lease Exs 1 & 1a**
      (2) agreed to pay rent of $ _____   ☐ payable   ☐ monthly   [X] other *(specify frequency)*:  **Quarterly**
      (3) agreed to pay rent on the   ☐ first of the month   [X] other day *(specify)*:
   b  This [X] written   ☐ oral   agreement was made with
      (1) [X] plaintiff.                     (3) ☐ plaintiff's predecessor in interest.
      (2) ☐ plaintiff's agent.               (4) ☐ other *(specify)*:

***NOTE**  Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER**<br>Exhibit B – Page 1 of 6 to Decl. of Pejman D. Kharrazian | Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425 12, 1166 |
|---|---|---|

Legal Solutions Plus

B0432-9281 09/24/2021 11:20 PM Received by California Secretary of State

| PLAINTIFF (Name):   BS INVESTORS, LLC, a California limited liability company | CASE NUMBER |
|---|---|
| DEFENDANT (Name):   JAMIE L. GALLIAN, an individual and DOES 1 to 20, inclusive | |

6  c  [X]  The defendants not named in item 6a are
    (1) [ ]  subtenants
    (2) [ ]  assignees.
    (3) [X]  other (specify):  Unknown DOE defendants.

   d.  [ ]  The agreement was later changed as follows (specify):

   e.  [X]  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1.  (Required for residential property, unless item 6f is checked.  See Code Civ. Proc., § 1166.)

   f.  [ ]  (For residential property)  A copy of the written agreement is **not** attached because (specify reason):
    (1) [ ]  the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ]  this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a  Defendant (name each):  JAMIE L. GALLIAN, an individual


   was served the following notice on the same date and in the same manner:
    (1) [ ]  3-day notice to pay rent or quit     (4) [ ]  3-day notice to perform covenants or quit
    (2) [ ]  30-day notice to quit            (5) [ ]  3-day notice to quit
    (3) [ ]  60-day notice to quit           (6) [X]  Other (specify):  Ten Day Notice to Cure or Quit
   b  (1)  On (date):  October 9, 2018         the period stated in the notice expired at the end of the day.
    (2)  Defendants failed to comply with the requirements of the notice by that date
   c  All facts stated in the notice are true.
   d. [X]  The notice included an election of forfeiture
   e. [X]  A copy of the notice is attached and labeled Exhibit 2  (Required for residential property.  See Code Civ. Proc., § 1166.)
   f. [ ]  One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c.  (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [X]  The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ]  by personally handing a copy to defendant on (date):
    (2) [ ]  by leaving a copy with (name or description):
        a person of suitable age and discretion, on (date):         at defendant's
        [ ] residence   [ ] business  AND mailing a copy to defendant at defendant's place of residence on
        (date):          because defendant cannot be found at defendant's residence or usual place of business
    (3) [X]  by posting a copy on the premises on (date): September 26, 2018  [X] ~~AND giving a copy to a person found~~ ~~residing at the premises AND~~ AND mailing a copy to defendant at the premises on
        (date): September 26, 2018
        (a) [ ]  because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X]  because no person of suitable age or discretion can be found there.
    (4) [ ]  (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) [ ]  (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. [ ]  (Name):
     was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ]  Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d [X]  Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**

Exhibit B - Page 2 of 6 to Decl. of Pejman D. Kharrazian

B0432-9282 09/24/2021 11:20 PM Received by California Secretary of State

| PLAINTIFF *(Name)*:  BS INVESTORS, LLC, a California limited liability company | CASE NUMBER |
|---|---|
| DEFENDANT *(Name)*:  JAMIE L. GALLIAN, an individual and DOES 1 to 20, inclusive | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $

11. ☒ The fair rental value of the premises is $ 24.05      per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

       Plaintiff has met all applicable requirements of the ordinances.

15. ☒ Other allegations are stated in Attachment 15.

16. ☐ Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

     a. possession of the premises.

     b. costs incurred in this proceeding:

     c. ☐ past-due rent of $

     d. ☒ reasonable attorney fees

     e. ☒ forfeiture of the agreement.

     f. ☒ damages at the rate stated in item 11 from *(date):* October 1, 2018   for each day that defendants remain in possession through entry of judgment.

     g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

     h. ☒ other *(specify):* Such other relief as the Court deems proper.

18. ☒ Number of pages attached *(specify):* 3

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

     a. Assistant's name:

     b. Street address, city, and zip code:

     c. Telephone No.:

     d. County of registration:

     e. Registration No.:

     f. Expires on *(date):*

Date: October 10, 2018

Gordon G. May
(TYPE OR PRINT NAME)      ►      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)      ►      (SIGNATURE OF PLAINTIFF)

UD-100 [Rev July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**
Exhibit B - Page 3 of 6 to Decl. of Pejman D. Kharrazian

Page 3 of 3

B0432-9283 09/24/2021 11:20 PM Received by California Secretary of state

## ATTACHMENT 15

Plaintiff is informed and believes and thereon alleges as follows:

A)   On or about March 22, 2017, Defendant Jamie L. Gallian, an individual
("Defendant") assumed the written Condominium Lease and all
obligations and duties of the tenant thereunder when Defendant acquired
the leasehold interest by Assignment of Lease (See Exhibits 1, 1a).

B)   Section 7 of the Condominium Lease requires Defendant to fully comply
with and abide by the terms of, covenants, restrictions, provisions and
conditions of the Declaration [the CC&R for the Huntington Beach Gables
development where the Premises is located] and any amendments
thereof, and any rules, regulations, agreements, decisions and
determinations duly made by the management body for the Project
established pursuant to the Declaration respecting the maintenance, use
and occupation of its Unit and the leased land and any building or
improvements constructed thereon and the payment of all assessments
and charges of every type levied by the management body of the Project
in connection therewith.   In addition to the foregoing, Tenant hereby
covenants and agrees to promptly pay at all times during the term hereof,
before the same shall become delinquent, Tenant's share of the common
expenses of the Project and any and all assessments, charges, and
duties of every description, levied under the provisions of the Declaration,
without cost, expense or liability to Landlord in connection with the
Premises.

B0432-9284 09/24/2021 11:20 PM Received by California Secretary of State

C)   The Huntington Beach Gables Homeowners' Association levied a Special Assessment in the amount of $5,300.50 on Defendant, and provided Defendant and her attorney with specific written detail about the Special Assessment on February 16, 2018.

D)   Defendant breached the Condominium Lease by failing to pay the Huntington Beach Gables Homeowners' Association Special Assessment as specified in the Ten Day Notice to Cure or Quit attached hereto as Exhibit 2.   Defendant is in default under the Condominium Lease for failing to cure as required under Section 14, giving Plaintiff the right to terminate the Lease pursuant to Section 17B, which provides in part: "By written notice to Tenant, Landlord may declare this Lease at an end, re-enter the leased land by process of the law, eject all parties in possession thereof therefrom and repossess said leased land".

**Exhibit B - Page 5 of 6 to Decl. of Pejman D. Kharrazian**

B0432-9285 09/24/2021 11:20 PM Received by California Secretary of State

## VERIFICATION

I, Hugh M. Saddington, am an authorized agent for BS Investors, LLC, a California limited liability company. I have read the attached Complaint - Unlawful Detainer and am informed and believe that the matters stated therein are true and on that ground allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification was executed on October 10, 2018 at Irvine, California.

BS INVESTORS, LLC
a California Limited Liability Company

By:    LPL Asset Management Corporation,
       a California Corporation
       Its: Member

By:    _____
       Hugh M. Saddington
       Its: President

B0432-9286 09/24/2021 11:20 PM Received by California Secretary of State

Epsten, Grinnell & Howell
10200 Willow Creek Rd. Ste. 100
San Diego, CA 92131

RE:    Regarding refusal to ADR request dated September 17, 2018

Mr. Kharrazian:

 Regarding your clients response and refusal to participate in ADR, I am a home-owner and member of The Huntington Beach Gables Homeowners Association. The Association is already in violation by attempting to lien a member's separate property for a fraudulent Special Assessment. Please forward my request for consideration to participate in ADR. The Association's frivolous TRO filings are not relevant to participation in Member requested ADR. The Board can chose an Ad-hoc committee to participate.

 In regards to the Association's fraudulent WVTRO and Jasso antics and fraudulent filings, please let this letter serve as Notice I intend to file two Motions. The first will be a MOT to vacate the fraudulent WVTRO and then sanctions against you and your firm, after which a claim with the Orange County Bar Association, as well as the El Paso Bar Association against Jasso.

 Additionally, please let this serve as my attempt to Meet and Confer regarding my intent to Amend my cross-complaint against The Huntington Beach Gables Homeowners Association.

 Lastly, your comments are childish and your actions are of a child's tantrum. I am not the one whose Motion was ruled against on July 19, 2018. A copy is attached in case you forgot.

Always a pleasure, Pejman.

Sincerely,

Jamie Gallian

Encl. Conformed Copy - Ruling on Motion to enforce settlement agreement.

Exhibit C - Page 1 of 1 to Decl. of Pejman D. Kharrazian
in Support of HOA's Ex Parte Appl to Continue Trial

B0432-9287 09/24/2021 11:20 PM Received by California Secretary of State

**From:** Jamie Gallian jamiegallian@gmail.com 
**Subject:** Per your request_Filed after I sold my home on 10-31-18. Pejman is who said the trial was "Moot" Fwd: Notice of Ex Parte Hearing on 11/9/2018 at 8:30 am Huntington Beach Gables v. Gallian (37-2017-00913985-CU-CU-CJC)
**Date:** December 26, 2019 at 6:25 PM
**To:** Steve Fink sfink@stevefinklaw.com
**Cc:** Jamie Gallian jamiegallian@gmail.com

Begin forwarded message:

**From:** "Joy A. Carpio" <jcarpio@epsten.com>
**Subject: Huntington Beach Gables v. Gallian (37-2017-00913985-CU-CO-CJC) - Notice of Ex Parte Hearing on 11/9/2018 at 8:30 am**
**Date:** November 8, 2018 at 9:30:34 AM PST
**To:** "jamiegallian@gmail.com" <jamiegallian@gmail.com>
**Cc:** "Pejman D. Kharrazian" <pkharrazian@epsten.com>

Ms. Gallian,

Please take notice that on November 9, 2018 at 8:30 am, in Department C33 of the Orange County Superior Court located at 700 W. Civic Center Dr., Santa Ana, California, the Association will seek an ex parte order to continue the December 10, 2018 trial date and related dates in Orange County Superior Case No. 37-2017-00913985-CU-CO-CJC. Attached are the following papers that have been filed with the Court:

1. Plaintiff's Ex Parte Application to Continue Trial; Memorandum of Points and Authorities in Support Thereof;
2. Declaration of Pejman D. Kharrazian in Support of Plaintiff's Ex Parte Application to Continue the Trial; and
3. [PROPOSED] Order regarding Plaintiff The Huntington Beach Gables Homeowners Association's Ex Parte Application to Continue the Trial

Please let us know if you plan to attend the ex parte hearing.

Thank you,

Joy Carpio, Secretary
On Behalf of Pejman D. Kharrazian, Esq.

**Joy A. Carpio**
**Legal Assistant**
10200 Willow Creek Road, Suite 100 | San Diego, CA 92131
Phone: 1.858.527.0111 | Fax: 1.858.527.1531 | www.epsten.com




Attorneys Serving Community Associations℠
San Diego | Coachella Valley | Inland Empire

This message contains information which may be confidential or legally privileged. Unless you are the addressee (or are authorized to receive e-mail for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message or any attachment. If you have received the message in error, please advise the sender by reply e-mail and delete the message and any attachments and destroy all hard copies. Thank you.

Federal Law Disclosure – If you are a person receiving this email communication in relation to a debt you owe, please be advised of the following, as required by Federal law: **This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**


[CONFORMED]
Declar...an.PDF


[CONFORMED]
Plaintif...an.PDF


[PROPOSED]
Order r...ial.PDF

B0432-9288 09/24/2021 11:20 PM Received by California Secretary of State

1  Rian W. Jones, Bar No. 118830
   rjones@epsten.com
2  Joyce J. Kapsal, Bar No. 091950
   jkapsal@epsten.com
3  Pejman D. Kharrazian, Bar No. 279260
   pkharrazian@epsten.com
4  EPSTEN GRINNELL & HOWELL APC
   10200 Willow Creek Road, Suite 100
5  San Diego, California  92131
   (858) 527-0111/ Fax (858) 527-1531
6
7  Attorneys for Plaintiff, THE HUNTINGTON
   BEACH GABLES HOMEOWNERS ASSOCIATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/07/2018 at 04:20:00 PM
Clerk of the Superior Court
By Sonya Wilson,Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  THE HUNTINGTON BEACH GABLES          Case No. 30-2017-00913985-CU-CO-CJC
    HOMEOWNERS ASSOCIATION, a California
12  Nonprofit Mutual Benefit Corporation,   Judge:  Hon. James L. Crandall, Dept.: C33

13                 Plaintiff,             **PLAINTIFF'S EX PARTE APPLICATION
                                          TO CONTINUE TRIAL; MEMORANDUM
14        v.                              OF POINTS AND AUTHORITIES IN
                                          SUPPORT THEREOF**
15
    SANDRA L. BRADLEY, individually and   Hearing Date:  November 9, 2018
16  as Trustee of the Sandra L. Bradley Trust;  Hearing Time: 8:30 a.m.
    JAMIE L. GALLIAN, an individual; and  Dept.: C33
17  DOES 1 through 25, inclusive,
                                          FAC Filed: May 16, 2017
18                 Defendants.            Trial Date: December 10, 2018

19

20       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

21            PLEASE TAKE NOTICE that on November 9, 2018, at 8:30 a.m. or as soon thereafter

22  as this matter may be heard in Department 33 of the County of Orange Superior Court, Central

23  Justice Center, located at 700 Civic Center Drive, Santa Ana, California 92701, Plaintiff The

24  Huntington Beach Gables Homeowners Association will and hereby does apply ex parte to this

25  Court for an order to continue the trial date, which is currently set for December 10, 2018, and

26  other related dates.

27  ///

28  ///

                                          1
    THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO
                            CONTINUE THE TRIAL

B0432-9289 09/24/2021 11:20 PM Received by California Secretary of State

1    This Application is brought pursuant to California Rules of Court 3.1200 *et seq*. and

2    California Rules of Court 3.1332.  This Application is based upon this Notice, the attached

3    Memorandum of Points and Authorities in support thereof; the Declaration of Pejman D.

4    Kharrazian in support thereof; and the pleadings, records and files herein; as well as any oral

5    and documentary evidence that may be presented at the time of the ex parte hearing.

6

7    Dated:  November 7 , 2018               EPSTEN GRINNELL & HOWELL, APC

8

9                                           By: _____
                                                Rian W. Jones
10                                              Joyce J. Kapsal
                                                Pejman D. Kharrazian
11                                              Attorneys for Plaintiff The Huntington Beach
                                                Gables Homeowners Association
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO
CONTINUE THE TRIAL

B0432-9290 09/24/2021 11:20 PM Received by California Secretary of State

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Trial in this matter is currently set for December 10, 2018. This Ex Parte Application to continue the trial and related dates is made under California Rules of Court 3.1332(c-d) and the policy of judicial economy and is based on the following grounds:

A.      The Association recently learned Defendant Jamie L. Gallian has purportedly sold the unit within the Association to a third party bona fide purchaser for value and vacated the Association;

B.      The entity who owns the land the Association sits on—BS Investors LLC— recently served Ms. Gallian with an unlawful detainer action seeking to remove her from the unit, which is currently pending;

C.      Ms. Gallian willfully refuses to comply with this Court's September 27, 2018 order to respond to four sets of written discovery and refuses to complete her deposition, and the Association will need to further move this Court to compel Ms. Gallian's compliance or issue terminating sanctions for her willful failure before trial;

D.      Ms. Gallian is trying to add new parties and claims to the lawsuit at the eleventh hour.

### II.     GOOD CAUSE EXISTS FOR CONTINUANCE OF THE TRIAL

A trial continuance is strongly supported by the factors to be considered under California Rules of Court 3.1332(c-d) and the policy of judicial economy. A trial continuance is properly sought through an ex parte application.  (See Rule 3.1332(b).)

### A.      Ms. Gallian's purported sale of the unit may deem a trial unnecessary.

On November 1, 2018, at a motion hearing before this Court, Ms. Gallian suggested she had sold her unit within the Association—the unit that is the subject of this lawsuit. (Declaration of Pejman D. Kharrazian ["Kharrazian Decl."] at ¶4.) The Association has been trying to determine if the buyer is a bona fide third party purchaser for value.  (*Id*. at ¶5.) To date, Ms. Gallian has refused requests by the Association to provide the purchase sale

B0432-9291 09/24/2021 11:20 PM Received by California Secretary of State

1   agreements or other relevant documents regarding the transfer. (*Id.* at ¶6.) The Association

2   was able to obtain the Assignment of Condominium Sublease (Ex. A to Kharrazian Decl.)

3   from the County Recorder.  The Assignment of Condominium Sublease suggests the transfer

4   was done out of escrow and for "no consideration"—which is concerning to the Association.

5   (*Id.* at ¶7.) If it is determined the transfer is legitimate and to a bona fide purchaser for value,

6   and not an attempt at a fraudulent transfer by Ms. Gallian, it is very likely a trial will not be

7   necessary in this case.  Instead, the Association will have achieved its litigation objective and

8   can move, by a noticed motion, to be deemed the prevailing party and entitled to an award of

9   its attorneys' fees and costs.

10      **B.      The unlawful detainer action filed by BS Investors LLC may deem a trial**
11              **unnecessary.**

12          On the other hand, if it is determined the buyer is not a bona fide third party purchaser

13   for value, the landlord[1], BS Investors LLC, filed and served an unlawful detainer action

14   against Ms. Gallian in October 2018.  A true and correct copy of the complaint in the unlawful

15   detainer action is attached as Exhibit B to the Declaration of Pejman D. Kharrazian. If the

16   unlawful detainer action is successful it will very likely alleviate the need for trial.

17          A continuance of the trial date allows time for Ms. Gallian to vacate the premises (by

18   sale or eviction) and allows the Association the opportunity to work with the new owner to

19   bring the unit into compliance with the governing documents without needlessly going through

20   a lengthy trial and incurring additional costs and legal fees in preparing for trial.  This would

21   also alleviate significant burdens on the Court in having to accommodate a lengthy trial and

22   multiple motion hearings.

23      **C.      Even if the sale or eviction do not materialize, a trial continuance is**
24              **necessary to allow for Ms. Gallian's flagrant and willful discovery abuses**
              **to be addressed.**

25          Assuming the sale or unlawful detainer action do not resolve this case and trial is

26   necessary, the Association will need to file five motions to compel (four motions to enforce

27

28

[1]   The Association sits on leased land and the units are subject to a ground lease.  BS Investors LLC is the
     landlord.

B0432-9292 09/24/2021 11:20 PM Received by California Secretary of State

1   the prior orders of this Court regarding written discovery and one motion to compel Ms.

2   Gallian's deposition that she is willfully evading). (Kharrazian Decl. at ¶¶10-11.)  The

3   Association will still need a trial continuance to allow these flagrant discovery abuses by Ms.

4   Gallian to be heard by the Court and resolved.  Ms. Gallian is the lone defendant and key

5   witness in this case, so if a trial is necessary in this case, it is absolutely imperative she be

6   ordered to sit for her deposition and provide meaningful responses to written discovery.

7   Alternatively, it is imperative that terminating sanctions be issued if she continues her willful

8   refusal to comply with Court orders and discovery rules to avoid the Association from being

9   ambushed at trial by Gallian's testimony.  To deny a trial continuance will severely prejudice

10  the Association's ability to properly present its case at trial.

11         **D.     Ms. Gallian continues to try and expand the case by adding new parties
                   and claims.**

12

13         Ms. Gallian is trying to bring BS Investors LLC into the case at this late stage in the

14  lawsuit.  Ms. Gallian has named BS Investors LLC in this lawsuit and BS Investors LLC has

15  filed a motion to quash service, which is set to be heard on November 8, 2018.  In addition to

16  trying to add new parties on the eve of trial, on October 17, 2018, Ms. Gallian sent the

17  Association a letter advising that she also plans to amend her cross-complaint against the

18  Association (Ex. C to Kharrazian Decl.), as follows:

19         "Additionally, please let this serve as my attempt to Meet and Confer regarding
           my intent to Amend my cross-complaint against The Huntington Beach Gables
20         Homeowners Association."

21         Finally, other than the initial trial date being vacated when this case appeared to settle

22  in March 2018, no previous continuances of the trial have been requested or granted.

23  (Kharrazian Decl. at ¶3.)

24         The Association proposes that the trial be continued for 120 days (in or about April

25  2019) to allow sufficient time for the status of the sale of the unit to be confirmed or

26  alternatively for the unlawful detainer action to be heard.

27  / / /

28  / / /

3695869v1         THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO
                                    CONTINUE THE TRIAL

B0432-9293 09/24/2021 11:20 PM Received by California Secretary of State

## III.    CONCLUSION

It appears Ms. Gallian has sold her unit in the Association.  If the Association can confirm this sale is to a bona fide third party, then a trial may be unnecessary.  If it is determined the sale is a fraudulent transfer or is otherwise problematic, an unlawful detainer action has been filed and served by BS Investors LLC seeking to evict Ms. Gallian from the unit, which would like make a trial in this action unnecessary.

Assuming neither the sale nor eviction occur, there are serious discovery abuses by Ms. Gallian that need to be addressed prior to trial, and a continuance is necessary to protect the interests of the Association.

Therefore, in the interests of justice and for good cause, a continuance is warranted in this matter to allow the sale or unlawful detainer action to play out.  We respectfully request the Court issue an order continuing the date of trial for approximately 120 days, or to a date convenient to the Court's calendar.

Dated: _November 7_ , 2018        EPSTEN GRINNELL & HOWELL, APC

By: _____
Rian W. Jones
Joyce J. Kapsal
Pejman D. Kharrazian
Attorneys for Plaintiff The Huntington Beach
Gables Homeowners Association

3695869v1

THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S EX PARTE APPLICATION TO
CONTINUE THE TRIAL

**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 11/09/2018                TIME: 08:30:00 AM        DEPT:  C33
JUDICIAL OFFICER PRESIDING: James Crandall
CLERK:  Eric Yu
REPORTER/ERM: Janet (ACRPT) Taylor CSR# 9463
BAILIFF/COURT ATTENDANT:  Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 72926149
**EVENT TYPE**: Ex Parte
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 11/07/2018

**APPEARANCES**
BRENDA K. RADMACHER, specially appearing for Gordon & Rees LLP, present for Cross -
Defendant,Plaintiff(s).
PEJMAN D. KHARRAZIAN, specially appearing for Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.

Ex-Parte application for TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR
PRELIMINARY INUNCTION TO ENJOIN DISBURSEMENTS FROM PROCEEDS OF SALE OF REAL
PROPERTY, OR ALTERNATIVELY, FOR AN ORDER REQUIRING GALLIAN TO DEPOSIT AT LEAST
$52,145.27 WITH THE COURT is requested by the Huntington Beach Gables Homeowners Association
and Board members'.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

Ex Parte application for Temporary restraining order and order to show cause for preliminary inunction to
enjoin disbursements from proceeds of sale of real property, or alternatively, for an order requiring
gallian to deposit at least $52,145.27 with the court is denied without prejudice.

Ex-Parte application TO CONTINUE TRIAL is requested by Plaintiff.

Ex parte application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

DATE: 11/09/2018                MINUTE ORDER                      Page 1
DEPT: C33                                                         Calendar No.

B0432-9294 09/24/2021 11:20 PM Received by California Secretary of state

B0432-9295 09/24/2021 11:20 PM Received by California Secretary of State

Homeowners Association vs. Bradley

EX PARTE APPLICATION TO CONTINUE TRIAL is denied.

| DATE: 11/09/2018 | MINUTE ORDER | Page 2 |
| --- | --- | --- |
| DEPT: C33 | | Calendar No. |

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

The Huntington Beach Gables Homeowners Association
c/o Elite Community Management
38760 Sky Canyon Drive, Suite C
Murrieta, CA 92563

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

||||||||||||||||||||||||||||||||||||||| 129.00
*$R00105339043$*
2018000469842 2:27 pm 12/17/18
7 413 N16   18
0.00 0.00 0.00 0.00 45.00 0.00 0.000,0075.00 3.00

NOTICE OF DELINQUENT ASSESSMENT

NOTICE IS HEREBY GIVEN that the Board of Directors of THE HUNTINGTON BEACH GABLES
HOMEOWNERS' ASSOCIATION, pursuant to the powers conferred upon it by that certain Declaration of Covenants,
Conditions and Restrictions recorded in the Office of the Orange County Recorder, State of California, on May 28, 1980, as Book
13618/Page No. 982, and any amendments or restatements thereof, and Civil Code Section 5740, levied against assessments and
other charges on that certain unit located at 4476 Alderport, Huntington Beach, California, 92649, more particularly known as
Parcel No. 937-63-053, Unit #53 of Tract 10542, and further described in the Condominium Sublease dated August 1, 1980, by
and between Robert P. Warmington, an individual, as Landlord, which interest was subsequently assigned to BS INVESTORS,
LLC by mesne assignments of record, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS
JOINT TENANTS as Tenant, recorded on NOVEMBER 7, 1980 in Book 13824, Page 1274 inclusive, as Instrument No. 8694 of
Official Records of Orange County, California, as amended by the First Amendment to Condominium Sublease recorded on
August 28, 2003 as Instrument No. 2003 0010447700.

   1.       The amount of the lien imposed on the unit by this notice is the sum of $6788.10, plus any additional
assessments accrued and owing after the date of recordation to the date of satisfaction hereof, which includes the following:

   a)       delinquent assessments and late charges in the amount of $6263.10, as of
December 15, 2018; and

   b)       costs of collection in the amount of $525.00.       See attached Exhibit A

   In addition to the amounts set forth in this paragraph, this lien shall include any other delinquent payments, credits, assessments and/or
interest which have become due and payable with respect to said unit, together with all costs (including attorney's fees), penalties and interest
which have been accrued on such amounts prior to the recording of this notice; and this lien shall also include any amount of additional
assessments and interest which become due and payable with respec
interest accrue subsequent to the levy of this assessment and/or reco
OTHER COSTS MAY RESULT IN YOUR PROPERTY BEING F

   2.       The purported owners of the unit is Jamie

   3.       The name and address of the trustee auth
Reconveyance Corporation, 525 East Main Street, El Cajon, C

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.
HUNTINGTON BEACH, CA 92649
Certified Mail Fee   $3.45         $2.75     0450
                                              11
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $_____
☐ Return Receipt (electronic)     $__$0.00__
☐ Certified Mail Restricted Delivery  $__$0.00__
☐ Adult Signature Required        $__$0.00__
☐ Adult Signature Restricted Delivery $_____
Postage   $1.63
Total Postage and Fees   $7.83

Sent To   Jamie L Gallion
Street and Apt. No., or PO Box No.   4476 Alderport
City, State, ZIP+4®   HB, CA 92649

Dated: 12/17/18       By:   /s/ Jamie Jasso,
                               Huntington B

A notary public or other officer completing this certificate verifies o
this certificate is attached, and not the truthfulness, accuracy, or valu

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF ORANGE      )

On 12-17-18        before me, Thomas G Knaack      Notary Public, personally
appeared Jamie Jasso      , who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed
to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the
instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

                               Notary Public in and for said State

THOMAS G. KNAACK
Notary Public - California
Orange County
Commission # 2159910
My Comm. Expires Aug 11, 2020

EXHIBIT

B0432-9296 09/24/2021 11:20 PM Received by California Secretary of State

Branch :A14,User :2004                        Comment:                        Station Id :M3Y7

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

The Huntington Beach Gables Homeowners Association
c/o Elite Community Management
38760 Sky Canyon Drive, Suite C
Murrieta, CA 92563

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

||||||||| 129.00

2018000469842 2:27 pm 12/17/18

7 413 N16   16

0.00 0.00 0.00 0.00 45.00 0.00 0.000.0075.00 3.00

### NOTICE OF DELINQUENT ASSESSMENT

NOTICE IS HEREBY GIVEN that the Board of Directors of THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION, pursuant to the powers conferred upon it by that certain Declaration of Covenants, Conditions and Restrictions recorded in the Office of the Orange County Recorder, State of California, on May 28, 1980, as Book 13618/Page No. 982, and any amendments or restatements thereof, and Civil Code Section 5740, levied against assessments and other charges on that certain unit located at 4476 Alderport, Huntington Beach, California, 92649, more particularly known as Parcel No. 937-63-053, Unit #53 of Tract 10542, and further described in the Condominium Sublease dated August 1, 1980, by and between Robert P. Warmington, an individual, as Landlord, which interest was subsequently assigned to BS INVESTORS, LLC by mesne assignments of record, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANTS as Tenant, recorded on NOVEMBER 7, 1980 in Book 13824, Page 1274 inclusive, as Instrument No. 8694 of Official Records of Orange County, California, as amended by the First Amendment to Condominium Sublease recorded on August 28, 2003 as Instrument No. 2003 0010447700.

1.      The amount of the lien imposed on the unit by this notice is the sum of $6788.10, plus any additional assessments accrued and owing after the date of recordation to the date of satisfaction hereof, which includes the following:

a)      delinquent assessments and late charges in the amount of $6263.10, as of December 15, 2018; and

b)      costs of collection in the amount of $525.00.      *See attached Exhibit A*

In addition to the amounts set forth in this paragraph, this lien shall include any other delinquent payments, credits, assessments and/or interest which have become due and payable with respect to said unit, together with all costs (including attorney's fees), penalties and interest which have been accrued on such amounts prior to the recording of this notice; and this lien shall further include any delinquent payments, assessments and interest which become due and payable with respect to said unit, together with all costs (including attorney's fees), penalties and interest accrue subsequent to the levy of this assessment and/or recording of this Notice. FAILURE TO PAY ACCRUED ASSESSMENTS AND OTHER COSTS MAY RESULT IN YOUR PROPERTY BEING FORCLOSED UPON.

2.      The purported owners of the unit is Jamie Gallian.

3.      The name and address of the trustee authorized by the Association to enforce the lien by sale is Cal Western Reconveyance Corporation, 525 East Main Street, El Cajon, California 92022-9004.

Dated: 12/17/18          By: _____
                                Janine Jasso, Board Vice-President
                                Huntington Beach Gables Homeowners Association

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF ORANGE         )

On 12-17-18, before me, THOMAS G. KNAACK, Notary Public, personally appeared JANINE JASSO, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public in and for said State

THOMAS G. KNAACK
Notary Public - California
Orange County
Commission # 2159910
My Comm. Expires Aug 11, 2020

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

B0432-9298 09/24/2021 11:20 PM Received by California Secretary of State

*Exhibit A*

## HUNTINGTON BEACH GABLES

38760 Sky Canyon Drive Suite C
Murrieta, CA 92563

Jamie Gallian
4476 Alderport
Huntington Beach, CA 92649

**Property Address:** 4476 Alderport
**Account #:** 21776

| Code | Date | Amount | Balance | Check# | Memo |
|------|------|--------|---------|--------|------|
| Assessment | 4/1/2017 | 316.00 | 316.00 | | MONTHLY ASSESSMENT |
| Late Fee | 4/16/2017 | 10.00 | 326.00 | | |
| Assessment | 5/1/2017 | 316.00 | 642.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 5/1/2017 | -632.00 | 10.00 | 5697 | RBCCABLB20170501.dat |
| Payment - Mutual of Omaha | 5/16/2017 | -316.00 | -306.00 | 5745 | RBCCABLB20170516.dat |
| Assessment | 6/1/2017 | 316.00 | 10.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 6/5/2017 | -316.00 | -306.00 | 5731 | RBCCABLB20170605.dat |
| Assessment | 7/1/2017 | 316.00 | 10.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 7/3/2017 | -316.00 | -306.00 | 5762 | RBCCABLB20170703.dat |
| Payment - Mutual of Omaha | 7/13/2017 | -80.00 | -386.00 | 5787 | RBCCABLB20170713.dat |
| Assessment | 8/1/2017 | 316.00 | -70.00 | | MONTHLY ASSESSMENT |
| Assessment | 9/1/2017 | 316.00 | 246.00 | | MONTHLY ASSESSMENT |
| Assessment | 10/1/2017 | 316.00 | 562.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 10/3/2017 | 316.00 | 246.00 | 5810 | rcvd 9/1/17 |
| Assessment | 11/1/2017 | 316.00 | 562.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 11/1/2017 | -316.00 | 246.00 | 5829 | CK#5829 RCVD 10/6/17 |
| Payment - Mutual of Omaha | 11/6/2017 | -316.00 | -70.00 | 5845 | RBCCABLB20171106.dat |
| Assessment | 12/1/2017 | 316.00 | 246.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 12/11/2017 | -316.00 | -70.00 | 5867 | RBCCABLB20171211.dat |
| Assessment | 1/1/2018 | 316.00 | 246.00 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 1/8/2018 | -316.00 | -70.00 | 5884 | RBCCABLB20180108.dat |
| Assessment | 2/1/2018 | 316.00 | 246.00 | | MONTHLY ASSESSMENT |
| Late Fee | 2/16/2018 | 10.00 | 256.00 | | |
| Payment - Mutual of Omaha | 2/20/2018 | -316.00 | -60.00 | 5891 | RBCCABLB20180220.dat |
| Special Assessment | 2/20/2018 | 5,300.50 | 5,240.50 | | SPECIAL ASSESSMENT |
| Assessment | 3/1/2018 | 316.00 | 5,556.50 | | MONTHLY ASSESSMENT |
| Late Fee | 3/16/2018 | 10.00 | 5,566.50 | | |
| Payment - Mutual of Omaha | 3/19/2018 | -316.00 | 5,250.50 | 5921 | RBCCABLB20180319.dat |
| Assessment | 4/1/2018 | 316.00 | 5,566.50 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 4/13/2018 | -316.00 | 5,250.50 | 5932 | RBCCABLB20180413.dat |
| Special Assessment | 5/1/2018 | 189.60 | 5,440.10 | | SPECIAL ASSESSMENT |
| Assessment | 5/1/2018 | 316.00 | 5,756.10 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 5/16/2018 | -316.00 | 5,440.10 | 5947 | RBCCABLB20180516.dat |
| Late Fee | 5/16/2018 | 10.00 | 5,450.10 | | |

*Elite Management | 38760 Sky Canyon Drive Suite C | Murrieta, CA 92563 | (951) 899-1220*

**Make check payable to: HUNTINGTON BEACH GABLES**

12/12/2018                                                                 Page 1 of 2

ORANGE,CA                          Page 2 of 16                 Printed on 11/26/2019 9:02:06 AM
Document: LN 2018.469842

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

B0432-9299 09/24/2021 11:20 PM Received by California Secretary of State

# HUNTINGTON BEACH GABLES

### 38760 Sky Canyon Drive Suite C
### Murrieta, CA 92563

| Code | Date | Amount | Balance | Check# | Memo |
|---|---|---|---|---|---|
| Assessment | 6/1/2018 | 316.00 | 5,766.10 | | MONTHLY ASSESSMENT |
| Late Fee | 6/16/2018 | 10.00 | 5,776.10 | | |
| Payment - Mutual of Omaha | 6/18/2018 | -316.00 | 5,460.10 | 5965 | RBCCABLB20180618.dat |
| Payment - Mutual of Omaha | 6/25/2018 | -189.00 | 5,271.10 | 5985 | RBCCABLB20180625.dat |
| Assessment | 7/1/2018 | 316.00 | 5,587.10 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 7/9/2018 | 316.00 | 5,271.10 | 5980 | RBCCABLB20180709.dat |
| Assessment | 8/1/2018 | 316.00 | 5,587.10 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 8/13/2018 | -316.00 | 5,271.10 | 5995 | RBCCABLB20180813.dat |
| Legal Fee | 8/15/2018 | 175.00 | 5,446.10 | | LEGAL FEE |
| Assessment | 9/1/2018 | 316.00 | 5,762.10 | | MONTHLY ASSESSMENT |
| Payment - Mutual of Omaha | 9/10/2018 | -316.00 | 5,446.10 | 6026 | RBCCABLB20180910.dat |
| Legal Fee | 9/24/2018 | 175.00 | 5,621.10 | | LEGAL FEE/PRE-LIEN |
| Assessment | 10/1/2018 | 316.00 | 5,937.10 | | MONTHLY ASSESSMENT |
| Late Fee | 10/16/2018 | 10.00 | 5,947.10 | | |
| Payment - Mutual of Omaha | 10/23/2018 | -326.00 | 5,621.10 | 5481 | |
| Assessment | 11/1/2018 | 316.00 | 5,937.10 | | MONTHLY ASSESSMENT |
| Late Fee | 11/16/2018 | 10.00 | 5,947.10 | | |
| Assessment | 12/1/2018 | 316.00 | 6,263.10 | | MONTHLY ASSESSMENT |

| Current | 30 - 59 Days | 60 - 89 Days | >90 Days | | Balance: | 6,263.10 |
|---|---|---|---|---|---|---|
| 326.00 | 326.00 | 175.00 | 5,436.10 | | | |

*Elite Management | 38760 Sky Canyon Drive Suite C | Murrieta, CA 92563 | (951) 699-1220*

**Make check payable to: HUNTINGTON BEACH GABLES**

12/12/2018                                                              Page 2 of 2

Branch :A14,User :2004                          Comment:                                    Station Id :M3Y7

B0432-9300 09/24/2021 11:20 PM Received by California Secretary of State

# HUNTINGTON BEACH GABLES

### 38760 Sky Canyon Drive Suite C

### Murrieta, CA 92583

Jamie Gallian
4476 Alderport
Huntington Beach, CA  92649

Property Address:  4476 Alderport
Account #:          22034

| Code | Date | Amount | Balance | Check# | Memo |
|------|------|--------|---------|--------|------|
| Fine | 2/20/2018 | 400.00 | 400.00 | | |
| Fine | 8/24/2018 | 11,050.00 | 11,450.00 | | |
| Fine | 10/18/2018 | 11,000.00 | 22,450.00 | | |

| Current | 30 - 59 Days | 60 - 89 Days | >90 Days | Balance: | 22,450.00 |
|---------|--------------|--------------|----------|----------|-----------|
| 0.00 | 11,000.00 | 0.00 | 11,450.00 | | |

Elite Management | 38760 Sky Canyon Drive Suite C | Murrieta, CA 92583 | (951) 699-1220
**Make check payable to: HUNTINGTON BEACH GABLES**

12/12/2018                                                                      Page 1 of 1

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

87.00

*$R0011090647S*

2019000326771 12:29 pm 08/30/19
65 MASup N15   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 210
San Diego, California 92121
844-252-6972
Attn: Foreclosure Department

Space above this line for recorder's use

Title Order No.: 95522653    Trustee Sale No.: NR-51545-CA Reference No.: The Huntington Beach
A.P.N.: 937-63-053

[ATTENTION RECORDER: PURSUANT TO CIVIL CODE 2923.3, THE SUMMARY OF INFORMATION REFERENCED BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER PROPERTY ASSOCIATION LIEN

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice). The amount is $389,286.72 as of 8/27/2019 and will increase until your account becomes current. While your property is in foreclosure, you must still pay other obligations (such as insurance and taxes) required by your Covenants, Conditions and Restrictions. If you fail to make future payments of your assessments, pay taxes on property, provide insurance on the property, or pay other obligations as required in the Covenants, Conditions and Restrictions, the Association may insist that you do so in order to reinstate your account in good standing. In addition, the association may require, as a condition to reinstatement, that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums. Upon your written request, the Association will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Association may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2). Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you

1

B0432-9301 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9302 09/24/2021 11:20 PM Received by California Secretary of State

and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

The Huntington Beach Gables Homeowners' Association
C/O Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 210, San Diego, California 92121
844-252-6972

**THIS NOTICE** is given pursuant to Sections 2924 et seq., 5650 et seq. and 5700 et seq., of the California Civil Code, and pursuant to that certain Assessment Lien, recorded on 12/17/2018 as document no. 2018000469842 book XX page XX of official Records in the office of the Recorder of Orange County, California. Owner: Jamie Gallian

PROPERTY ADDRESS:    4476 Aldeport
                     Huntington Beach, CA 92649

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION

NOTICE IS HEREBY GIVEN THAT: Nationwide Reconveyance, LLC is the duly appointed Trustee Agent under the above referenced Lien, dated 12/17/2018, executed by The Huntington Beach Gables Homeowners' Association (Association) to secure assessment obligations in favor of said Association, pursuant to the terms contained in that certain Declaration of Covenants, Conditions and Restrictions, Recorded on 5/28/1980 as document XX book no. 13618 page 982 of Official Records in the Office of the Recorder of Orange County, California, describing the land therein, that the beneficial Interest under said Homeowners Association Lien and the obligations secured thereby are presently held by Restrictions as security has occurred in that the payment(s) have not been made of: Homeowner's assessments due from 8/16/2019 and all subsequent homeowner's assessments, monthly or otherwise, less credits and offsets, plus late charges, interest, association's fees and costs, trustee's fees and costs, and attorney's fees and costs.

That by reason thereof, the present Association under such Covenants, Conditions and Restrictions, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Covenants, Conditions and Restrictions and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured hereby immediately due and payable and has elected and does hereby elect to cause the herein described property, lined by said Association, to be sold to satisfy the obligations secured thereby.

DATE: 8/27/2019

Nationwide Reconveyance, LLC as Trustee

Rhonda Rorie, Trustee

2                                JOINT EXHIBIT - PAGE - 0863

5

P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION
ENCLOSED



71 96900 2484 0596 3781 7

Mailed On:              12/12/2019
Mailing Number:      0005100-01
Reference Number:    NR-51545-CA          ClientID: Nationwi000391 CE

Jamie  Gallian
4476 Aldeport
Huntington Beach, CA 92649

CERTIFIED MAIL





U.S. POSTAGE >> PITNEY BOWES

ZIP 92123       $ 004.15⁰
02 4W
0000333527 DEC 12 2019



910 NFE 1    C1BI0012/12/19
NOTIFY SENDER OF NEW ADDRESS
GALLIAN JAMIE
16222 MONTEREY LN SPC 376
HUNTINGTN BCH CA 92649-2258

BC: 92649225876     *0104-00334-12-41

92649>2258
92649932288 C004

B0432-9303 09/24/2021 11:20 PM Received by California Secretary of State

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||| 87.00
* S R 0 0 1 1 3 5 0 4 9 2 5 A *
2019000526463 3:20 pm 12/16/19
65 402 N34  2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 210
San Diego, California 92121
844-252-6972

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Title Order No.: 95522653    Trustee Sale No.: NR-51545-CA    Reference No.: The Huntington
Beach  APN No.: 937-63-053

## NOTICE OF TRUSTEE'S SALE
### (NOTICE OF LIEN SALE OF REAL PROPERTY UPON LIEN FOR HOMEOWNER'S ASSOCIATION DUES)
### (CALIFORNIA CIVIL CODE §§ 5700 and 5710)

[ATTENTION RECORDER: PURSUANT TO CIVIL CODE §2923.3, THE SUMMARY OF INFORMATION
REFERENCED BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT
ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A NOTICE OF DELINQUENT ASSESSMENT
DATED 12/17/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY,
IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE
NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.**

THIS PROPERTY IS BEING SOLD SUBJECT TO THE RIGHT OF REDEMPTION CREATED IN
CALIFORNIA CIVIL CODE SECTION 5715(b).

On 1/13/2020 at 3:00 PM, Nationwide Reconveyance, LLC

As the duly appointed Trustee under and pursuant to Notice of Delinquent Assessment, recorded on 12/17/2018 as
Document No. 2018000469842 Book XX Page XX of Official Records in the Office of the Recorder of Orange
County, California, property owned by: Jamie Gallian and described as follows:

As more fully described on the referenced Assessment Lien

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, (payable at time of sale in lawful
money of the United States, by cash, a cashier's check drawn by a State or national bank, a check drawn by a state of
federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or
savings bank specified in section 5102 of the Financial Code and authorized to do business in this state.) At: ON
THE FRONT STEPS TO THE ENTRANCE OF THE ORANGE CIVIC CENTER, 300 E. CHAPMAN AVENUE,
ORANGE, CA 92866

B0432-9304 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9305 09/24/2021 11:20 PM Received by California Secretary of State

All right, title and interest under said Notice of Delinquent Assessment in the property situated in said County, describing the land therein: 937-63-053

The street address and other common designation, if any of the real property described above is purported to be:
**4476 Alderport
Huntington Beach, CA 92649**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum due under said Notice of Delinquent Assessment, with interest thereon, as provided in said notice, advances, if any, estimated fees, charges, and expenses of the Trustee, to-wit: $396,315.29 Estimated
Accrued interest and additional advances, if any, will increase this figure prior to sale

The claimant, The Huntington Beach Gables Homeowners' Association

under said Notice of Delinquent Assessment heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 986-9342 or visit this Internet Web site www.superiordefault.com, using the file number assigned to this case NR-51545-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

**PLEASE NOTE THAT WE ARE A DEBT COLLECTOR**

Date: 12/10/2019

Nationwide Reconveyance, LLC
For Sales Information Please Call (714) 986-9342

Rhonda Rorie, Trustee

JOINT EXHIBIT - PAGE - 0666

B0432-9306 09/24/2021 11:20 PM Received by California Secretary of State

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Nationwide Reconveyance, LLC
5677 Oberlin Drive, Suite 210
San Diego, California 92121
844-252-6972

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Title Order No.: 95522653    Trustee Sale No.: NR-51545-CA    Reference No.: The Huntington Beach  APN No.: 937-63-053

# NOTICE OF TRUSTEE'S SALE
### (NOTICE OF LIEN SALE OF REAL PROPERTY UPON LIEN FOR HOMEOWNER'S ASSOCIATION DUES)
### (CALIFORNIA CIVIL CODE §§ 5700 and 5710)

[ATTENTION RECORDER: PURSUANT TO CIVIL CODE §2923.3, THE SUMMARY OF INFORMATION REFERENCED BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약이 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**YOU ARE IN DEFAULT UNDER A NOTICE OF DELINQUENT ASSESSMENT DATED 12/17/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**THIS PROPERTY IS BEING SOLD SUBJECT TO THE RIGHT OF REDEMPTION CREATED IN CALIFORNIA CIVIL CODE SECTION 5715(b).**

**On 1/13/2020 at 3:00 PM**, Nationwide Reconveyance, LLC

As the duly appointed Trustee under and pursuant to Notice of Delinquent Assessment, recorded on 12/17/2018 as Document No. 2018000469842 Book XX Page XX of Official Records in the Office of the Recorder of Orange County, California, property owned by: Jamie Gallian and described as follows:

As more fully described on the referenced Assessment Lien

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a State or national bank, a check drawn by a state of federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state.) At: ON THE FRONT STEPS TO THE ENTRANCE OF THE ORANGE CIVIC CENTER, 300 E. CHAPMAN AVENUE, ORANGE, CA 92866



1

All right, title and interest under said Notice of Delinquent Assessment in the property situated in said County, describing the land therein: **937-63-053**

The street address and other common designation, if any, of the real property described above is purported to be:
**4476 Aldeport**
**Huntington Beach, CA 92649**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.  Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum due under said Notice of Delinquent Assessment, with interest thereon, as provided in said notice, advances, if any, estimated fees, charges, and expenses of the Trustee, to-wit: **$396,315.29 Estimated**
Accrued Interest and additional advances, if any, will increase this figure prior to sale

**The claimant, The Huntington Beach Gables Homeowners' Association**

under said Notice of Delinquent Assessment heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell.  The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. **If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 986-9342 or visit this Internet Web site www.superiordefault.com, using the file number assigned to this case NR-51545-CA.** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

## PLEASE NOTE THAT WE ARE A DEBT COLLECTOR

Date: 12/10/2019

Nationwide Reconveyance, LLC
For Sales Information Please Call (714) 986-9342

_____

Authorized Signor

B0432-9307 09/24/2021 11:20 PM Received by California Secretary of State

### Summary of Notice of Sale

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to Jamie Gallian, in relation to 4476 Aldeport , Huntington Beach, CA 92649.

YOU ARE IN DEFAULT UNDER A NOTICE OF DELINQUENT ASSESSMENT DATED 12/17/18.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is $396,315.29.

Your property is scheduled to be sold on 1/13/2020 at 3:00 PM at ON THE FRONT STEPS TO THE ENTRANCE OF THE ORANGE CIVIC CENTER, 300 E. CHAPMAN AVENUE, ORANGE, CA 92866

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.  The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 986-9342 or visit this Internet Web site address www.superiordefault.com, using the file number assigned to this case NR-51545-CA.  Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site.  The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling 844-252-6972.

B0432-9308 09/24/2021 11:20 PM Received by California Secretary of State

B0432-9309 09/24/2021 11:20 PM Received by California Secretary of State

**The Huntington Beach Gables Homeowners Association**

| Invoice Date | Invoice # |
|---|---|
| 8/21/2020 | 1069 |

# INVOICE

5267 WarnerAve., #263
Huntington Beach, CA 92649

**Property:**

4476 Alderport

**Bill To:**

Jamie Gallian
4476 Alderport
Huntington Beach, CA 92649

☐ Please check box if address is incorrect or has changed, and indicate change(s) on reverse side.

**PLEASE PAY THIS AMOUNT** ▶▶▶▶ **$412,958.11**

| Make checks payable to: | The Huntington Beach Gables Homeowners Assoc. 5267 Warner Ave., #263 Huntington Beach, CA 92649 |
|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Huntington Beach Gables
Homeowners Association

**PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT**

5267 WarnerAve., #263
Huntington Beach, CA 92649

| Due Date | Account # |
|---|---|
| 9/1/2020 | 22034 |

| Transaction | Amount | Amount |
|---|---|---|
| September Assessment | 350.00 | 350.00 |
| | | |
| | **Total of the Current Month** | $350.00 |
| | **Total Balance Due Or Credit Balance (-)** | $412,958.11 |

Correspondence or questions should be emailed to the Association at thehbgableshoa@gmail.com. A Board member will respond accordingly.

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

**FILED & ENTERED**

**OCT 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER<br><br>Pretrial Conference:<br><br>Date: September 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701<br><br>Trial:<br>Date: February 23, 2023<br>Time: 9:30 a.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

EXHIBIT 6, PAGE 381

1    On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary

2    proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons

3    stated on the record during the pretrial conference, HEREBY ORDERS:

4    1.  The "Joint Pretrial Stipulation," Docket No. 37, is approved;

5    2.  An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

6    3.  The Court's following posted procedures will apply and be strictly enforced:

7        ☐    Judge Clarkson's Procedures for Trial by Declaration; or

8        ☒    Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

9    4.  Trial briefs must be filed no later than 14 days prior to trial;

10   5.  All witnesses must be present at the start of trial;

11   6.  Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for

12       Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together

13       with Ms. Gallian, the "Parties") by October 7, 2022;

14   7.  The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the

15       Court no later than one week prior to trial;

16   8.  The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for

17       judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

18   9.  Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by

19       October 18, 2022;

20   10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022;

21       and

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2
ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

EXHIBIT 6, PAGE
382

1      11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom

2          on November 1, 2022, at 1:30 p.m.

3   IT IS SO ORDERED.

4                                                ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23      Date: October 5, 2022                    Scott C. Clarkson
                                                 United States Bankruptcy Judge
24

25

26

27

28

                                           3
            ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled: **OPPOSITION TO HOUSER BROS MOTION TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF OPPOSITION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 17, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court d
  rive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **May 17, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT (VIA U.S. MAIL AND EMAIL TRANSMISSION)**

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 17, 2023 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**