| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>(714)321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

</div>

| In re:<br>JAMIE LYNN GALLIAN<br><br><br><div align="right">Debtor(s).</div> | CASE NO.:         8:21-BK-11710-SC<br><br>ADVERSARY NO.: 8:21-AP-01097-SC<br><br>CHAPTER:         7 |
|---|---|
| HOUSER BROS CO, A CALIFORNIA LIMITED PARTNERSHIP, DBA RANCHO DEL REY MOBILEHOME ESTATES<br><br><div align="right">Plaintiff(s).</div><div align="center">vs.</div>JAMIE LYNN GALLIAN<br><br><div align="right">Defendant(s).</div> | **JOINT STATUS REPORT<br>[LBR 7016-1(a)(2)]**<br><br>DATE:         06/27/2023<br>TIME:          9:30 A.M.<br>COURTROOM:  5C<br>ADDRESS:      Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

## A. PLEADINGS/SERVICE:

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☐ Yes  ☒ No

2. Have all parties filed and served answers to the Claims Documents?    ☐ Yes  ☒ No

3. Have all motions addressed to the Claims Documents been resolved?    ☐ Yes  ☒ No

4. Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes  ☒ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5.   If your answer to any of the four preceding questions is anything other than an unqualified "YES," please explain below (*or on attached page*):

On October 18, 2021, as Docket #1, a "Party" by the name of Houser Bros Co., a California general partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates filed a Complaint against Debtor.

On October 22, 2021, as Docket #3, a "Party" by the name of Houser Bros Co., a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Ranch De Rey Mobile Home Estates filed a Complaint against debtor.

Debtor challenged Article III standing in January 2023 and thereafter.  The Plaintiff, whoever that may be, has not been established, whether it is Houser Company, a General partnership or Houser Bros Co a California limited partnership dba Rancho Del Rey Mobilehome Estates.  If it be the later, the complaint filed 10.22.21 was untimely as it was filed after the 60 days from the §341 Meeting of Creditors. I believe Marshack Hays has conspired to bring fraud upon this Court.

## B.   READINESS FOR TRIAL:

1.   When will you be ready for trial in this case?

        Plaintiff                    Defendant

2.   If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

        Plaintiff                    Defendant

3.   When do you expect to complete your discovery efforts?

        Plaintiff                    Defendant

4.   What additional discovery do you require to prepare for trial?

        Plaintiff                    Defendant

## C.   TRIAL TIME:

1.   What is your estimate of the time required to present your side of the case at trial (*including rebuttal stage if applicable*)?

        Plaintiff                    Defendant

2.   How many witnesses do you intend to call at trial (*including opposing parties*)?

        Plaintiff                    Defendant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*        Page 2        **F 7016-1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                        <u>Defendant</u>

**D. <u>PRETRIAL CONFERENCE</u>:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Plaintiff</u>                                        <u>Defendant</u>

Pretrial conference ☐ is ☐ is not requested          Pretrial conference ☒ is ☐ is not requested
Reasons:                                             Reasons:

<u>Plaintiff</u>                                        <u>Defendant</u>

Pretrial conference should be set <u>after</u>:        Pretrial conference should be set <u>after</u>:

(*date*) _____                               (*date*) 01/01/2024

**E. <u>SETTLEMENT</u>:**

1.  What is the status of settlement efforts?

2.  Has this dispute been formally mediated?    ☐ Yes  ☒ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

<u>Plaintiff</u>                                        <u>Defendant</u>

☐ Yes   ☐ No                                         ☒ Yes   ☐ No

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 3                    **F 7016-1.STATUS.REPORT**

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<u>Plaintiff</u>

☐ I do consent
☐ I do not consent
to the bankruptcy court's entry of a final judgment
and/or order in this adversary proceeding.

<u>Defendant</u>

☐ I do consent
☒ I do not consent
to the bankruptcy court's entry of a final judgment
and/or order in this adversary proceeding.

**G.   ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Debtor has raised Article III standing hopefully to be evaluated by the District Court.

Respectfully submitted,

Date: _____

_____
Printed name of law firm

_____
Signature

_____
Printed name

Attorney for: _____

Date:  06/13/2023

_____
Printed name of law firm

*Jamie Lynn Gallian*
_____
Signature

 Jamie Lynn Gallian
_____
Printed name

Attorney for:  Debtor, IN PRO SE

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                      Page 4                                      **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 Skylab Road Huntington Beach. CA 92649

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
06/13/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/13/2023 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt
     bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com,

     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**



Go back one page (⌘←)
Pull down to show history

**eFBN**
self-service FBN portal

**OC Clerk Recorder**

**FBN Name:** Houser    **Wildcard Search:** True

🏠 **Home**    ⚙ **Options**    ? **Help**

🛒 **Add To Shopping Cart** | ✔ **Select All** | ○ **UnSelect All**

Search, View and Order Copies

**Search By FBN Name**

FBN Name*

| Houser |

☑ Allow Partial Match

Back    Search

* - required fields

• To view a record, click on the file number link.

**Frequently Asked Questions**

**4 Result(s)**

| File Number | Business Name | Filed Date |
|---|---|---|
| ☐ **20156406390** | HOUSER BROS. CO. | 5/5/2015 |
| ☐ **20206572144** | HOUSER BROS. CO. | 4/14/2020 |
| ☐ **20186509496** | HOUSER COMPANY | 5/4/2018 |
| ☐ **20236653811** | HOUSER COMPANY | 1/20/2023 |



🛒 **Shopping Ca**

**eFBN**
self service FBN portal

**OC** Clerk Recorder

FBN Name: Rancho Del Rey    Wildcard Search: True

🏠 **Home** | ⚙ **Options** | ? **Help**

🛒 **Add To Shopping Cart** | ✔ **Select All** | ○ **UnSelect All**

Search, View and Order Copies

**Search By FBN Name**

FBN Name*

Rancho Del Rey

✔ Allow Partial Match

[ Back ]  [ Search ]

* - required fields

• To view a record, click on the file
  number link.

**Frequently Asked Questions**

**2 Result(s)**

| File Number | Business Name | Filed Date |
|-------------|---------------|------------|
| ☐ 20156406390 | RANCHO DEL REY MOBILE HOME ESTATES | 5/5/2015 |
| ☐ 20206572144 | RANCHO DEL REY MOBILE HOME ESTATES | 4/1/2020 |

JAMIE L GALLIAN
16222 Monterey Lane Sp. # 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com
In Pro Per

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

JAMIE LYNN GALLIAN

Debtor

CASE NO. 8:21-BK-11710-SC

) *Hon. Scott C. Clarkson*
)
) **Supplemental**
) **JAMIE LYNN GALLIAN OBJECTION**
) **TO HOUSER BROS CO DBA RANCHO**
) **DEL REY MOBILE HOME ESTATES**
) **WITHOUT  STANDING OR A REAL**
) **PARTY INTEREST.**
)
) Hearing:  JUNE 1, 2023
) Hearing Time:  11:00am  VIA ZOOM.GOV
)
) 411 W. FOURTH STREET
) SANTA ANA, CA 92701
)

**TO THE HONORABLE SCOTT C, CLARKSON, UNITED STATES BANKRUPTCY JUDGE, JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE AND ALL INTERESTED PARTIES.**

-1-

9

1    Under Article III of the Constitution, the jurisdiction of a federal court is limited to

2    cases and controversies. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–338, 136

3    S.Ct. 1540, 194 L.Ed.2d 635 (2016).

4

5    To satisfy the case or controversy requirement, a plaintiff must have standing to

6    sue. *Id.*

7    To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is

8    fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

9    be redressed by a favorable judicial decision." *Id.* at 338, 136 S.Ct. 1540 (quoting

10   *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351

11   (1992)).

12

13        The issue presented is whether Houser Bros Co dba Rancho Del Rey

14   Mobilehome Estates, established its standing as a real party in interest to pursue

15   the Relief from Stay it requests.

16

17

18        On 1/18/2023, Debtor filed F-4001-1 RFS RESPONSE and attached Adv.

19   Dk 37, Adv. No. 8:21-ap-01097-SC JOINT PRETRIAL STIPULATION for the

20   proposition that under Section B. Disputed Facts (Page 5, Line 5 Dk. 37)

21

22   **B. Disputed Facts:**

23   **The following issues of fact, and no others, remain to be litigated:**

24   **1. Houser Bros. is the owner of and/or has a right of possession regarding**

25   **several acres of real property in Huntington Beach California.**

26

27

28

-2-

1

2
# "Real Party in Interest"

3
**Defined:**

4
Generally, the real party in interest is the person who has the right to sue

5
under the substantive law. It is the person who owns or holds title to the claim

6
or property involved, as opposed to others who may be interested or benefited by the

7
litigation. [Gantman v. United Pac. Ins. Co. (1991) 232 CA3d 1560, 1566, 284 CR

8
188, 191; Jasmine Networks, Inc. v. Sup.Ct. (Marvell Semiconductor, Inc.) (2009)

9
180 CA4th 980, 991, 103 CR3d 426, 433—"while superficially concerned with

10
procedural rules," CCP § 367 "really calls for a consideration of rights and

11
obligations"]

12

13

14
Real party in interest issues are often discussed in terms of plaintiff's "standing

15
to sue." [See Powers v. Ashton (1975) 45 CA3d 783, 787, 119 CR 729, 732;

16
Windham at Carmel Mtn. Ranch Ass'n v. Sup.Ct. (Presley) (2003) 109 CA4th 1162,

17
1172, 135 CR2d 834, 841; Blumhorst v. Jewish Family Services of Los Angeles

18
(2005) 126 CA4th 993, 1001, 24 CR3d 474, 479—person invoking judicial process

19
must have a real interest in the ultimate adjudication, having suffered (or about to

20
suffer) "an injury of sufficient magnitude reasonably to assure that all the relevant

21
facts and issues will be adequately presented"; Iglesia Evangelica Latina, Inc. v.

22
Southern Pac. Latin American Dist. of Assemblies of God (2009) 173 CA4th 420,

23
445, 93 CR3d 75, 94—party must have "some special interest to be served or some

24
particular right to be preserved or protected" (internal quotes omitted)]

25

26

27

28

-3-

**Trustee in Chapter 7 bankruptcy**:

All causes of action belonging to a bankrupt at the time of filing a Chapter 7 bankruptcy petition (liquidation) become part of the bankruptcy estate. The trustee in bankruptcy therefore is the real party in interest as to such causes of action (unless the trustee chooses to abandon them). [M & M Foods, Inc. v. Pacific American Fish Co., Inc. (2011) 196 CA4th 554, 564, 126 CR3d 310, 318; Curtis v. Kellogg & Andelson (1999) 73 CA4th 492, 505, 86 CR2d 536, 546; Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1004, 79 CR2d 544, 549 (citing text)]

With respect to actions commenced prior to bankruptcy, courts are split on whether the trustee must be substituted in as plaintiff. (Parties may be substituted upon transfer of interest under CCP § 368.5; see ¶ 2:504.) [ABA Recovery Services, Inc. v. Konold (1988) 198 CA3d 720, 726, 244 CR 27, 31—substitution of trustee optional: prebankruptcy action may continue in name of debtor despite transfer of interest; compare Bostanian v. Liberty Sav. Bank (1997) 52 CA4th 1075, 1083, 61 CR2d 68, 73 (contra)—substitution required: debtor out of possession has no standing to prosecute cause of action that has passed to bankruptcy estate unless abandoned by trustee]

**Purpose of Requirement:**

The purpose of the real party in interest requirement is to assure that any judgment rendered will bar the owner of the claim sued upon from relitigating. "It is to save a defendant, against whom a judgment may be obtained, from further harassment or

-4-

vexation at the hands of some other claimant to the same demand." [Giselman v. Starr (1895) 106 C 651, 657, 40 P 8, 10; Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1003, 79 CR2d 544, 549, fn. 2 (citing text); O'Flaherty v. Belgum (2004) 115 CA4th 1044, 1094, 9 CR3d 286, 326 (citing text)]

A litigant's standing to sue is a threshold issue to be determined by the court before addressing the merits. [Boorstein v. CBS Interactive, Inc. (2013) 222 CA4th 456, 465, 165 CR3d 669, 674]

Jury trial required where facts disputed: Where a party's standing depends on disputed facts or credibility determinations (e.g., ownership or possession of property), the parties are entitled to a jury trial on the issue. [People v. Sup.Ct. (Plascencia) (2002) 103 CA4th 409, 424, 126 CR2d 793, 804-805; Stofer v. Shapell Indus., Inc. (2015) 233 CA4th 176, 189-190, fn. 5, 182 CR3d 478, 488 (citing text)]

**Effect of Lack of Standing to Sue**

When a party lacks standing to sue, the action must be dismissed, unless the complaint can be amended by substituting a party who has standing. [Cloud v. Northrop Grumman Corp. (1998) 67 CA4th 995, 1004-1011, 79 CR2d 544, 549-554].

**Challenging - Procedure for Challenging Standing to Sue**

A complaint filed by someone other than the real party in interest is subject to general demurrer if the defect appears on the face of the complaint or from matters that can be judicially noticed; i.e., it fails to state a cause of action by the plaintiff

-5-

1  because the claim sued upon belongs to somebody else. [Carsten v. Psychology
2  Examining Committee of Bd. of Med. Qual. Assur. (1980) 27 C3d 793, 796, 166 CR
3  844, 846; see Qualified Patients Ass'n v. City of Anaheim (2010) 187 CA4th 734,
4  752, 115 CR3d 89, 101; San Bernardino County v. Sup.Ct. (Inland Oversight
5  Committee) (2015) 239 CA4th 679, 688, 190 CR3d 876, 883—"demurrer should have
6  been sustained, because the complaint does not include adequate facts to demonstrate
7  plaintiffs have standing as taxpayers to assert the claim alleged"]

8     If plaintiff's lack of standing to sue does not appear on the face of the complaint, the
9     defect should be raised as an affirmative defense in the answer. See ¶ 6:430 ff.

10

11  **Defect not waived by failure to object:**
12

13     Plaintiff's lack of standing is treated as a "jurisdictional" defect and is not waived
14     by defendant's failure to raise it by demurrer or answer: "(C)ontentions based on a
15     lack of standing involve jurisdictional challenges and may be raised at any time in
16     the proceeding." [Common Cause of Calif. v. Board of Supervisors of Los
17     Angeles County (1989) 49 C3d 432, 438, 261 CR 574, 577—lack of standing can
18     be raised for first time on appeal; Rialto Citizens for Responsible Growth v. City
19     of Rialto (2012) 208 CA4th 899, 912, 146 CR3d 12, 21 (same); Cummings v.
20     Stanley (2009) 177 CA4th 493, 501, 99 CR3d 284, 289 (citing text)]

21

22     Standing to sue affects the right to relief and goes to the existence of a cause of
23     action against the defendant. [See CCP § 430.80; Killian v. Millard (1991) 228
24     CA3d 1601, 1605, 279 CR 877, 879]

25

26

27

28

-6-

1    A party has standing to seek relief from the automatic stay if it has a
2 property interest in or is entitled to enforce or pursue remedies related to, the
3 secured obligation that forms the basis of its motion.
4 Houser Bros Co has no secured obligation with respect to Houser Bros dba Rancho
5 Del Rey Mobilehome Estates request for relief from the automatic stay,
6
7 The record before this Bankruptcy Court presented by Houser Bros Co dba Rancho
8 Del Rey Mobilehome Estates does not support has standing.
9
10 Debtor respectfully requests the bankruptcy court make findings necessary to
11 determine Houser Bros dba Rancho Del Rey Mobilehome Estates standing as a
12 person entitled to enforce the Ms. Gallian's post-petition obligations.
13 Motions for relief from stay are contested matters. *See* Rules 4001(a) and 9014(a).
14 Rule 9014(c) provides that Rule 7017 applies in contested matters.
15    Rule 7017 incorporates Civil Rule 17(a), which provides that "[a]n action
16 must be prosecuted in the name of the real party in interest...." Considering the
17 application of these rules, as a threshold matter, relief from stay proceedings are
18 very limited in scope.
19 Given the limited grounds for obtaining ... relief from stay, read in conjunction
20 with the expedited schedule for a hearing on the motion, most courts hold that
21 motion for relief from stay hearings should not involve an adjudication on the
22 merits of claims, defenses, or counterclaims, but simply determine whether the
23 creditor has a *colorable claim* to the property of the estate.
24 *Biggs v. Stovin (In re Luz Int'l),* 219 B.R. 837, 842 (9th Cir.BAP1998) (emphasis
25 added). *See, e.g., Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 740–41 (9th
26 Cir.1985).
27
28

-7-

1  Houser Bros Co Reply to Ms. Gallian's Opposition to RFS [Dk 298] reads
2  like a "Trial Brief" Reply Line 19-22..

3  "in her Response, Debtor hardly addresses the applicable standard for stay relief.
4  She instead filed a 25-page "Memorandum of Points & Authorities" ("P&A") (not
5  including the hundreds of pages of exhibits), that reads more like a trial brief in the
6  underlying Forcible Entry Action than a Response to a relief from stay motion."

7

8  On the contrary, Debtor was very mindful and purposely chose the Notice of
9  Lodgment Documents provided to the bankruptcy court when preparing her
10 Opposition to Houser Bros Motion for RFS [Dk 298] for the following reason:

11     *"Any appeal from a grant of motion for relief from stay, the Bankruptcy*
12     *Appellate Panel (BAP) or District Court could consider only those*
13     *documents that were before the bankruptcy court when it granted motion for*
14     *stay relief; evidence, or purported evidence, that was not properly before*
15     *bankruptcy court was not part of record on appeal. 11 U.S.C.A. § 362(d)."*
16

17

18

19

20 **1. Section 362(d)(1)**

21     Section 362(d)(1) provides that a bankruptcy court can grant relief from the
22 stay "for cause, including lack of adequate protection of an interest in property of
23 such party in interest." 11 U.S.C. § 362(d)(1).

24 Here, on December 19, 2022, the Bankruptcy Court, Honorable Erithe A. Smith,
25 Order Dk 274, determined Debtor was entitled to a Homestead Exemption in the
26 property, therefore Debtor did have equity in the Property at the time of filing her
27 bankruptcy petition because Debtor has resided in the home since November 2018,
28

-8-

as her primary residence and held title to the Property as of the date of filing her petition. Because Debtor owned the Property as of the date of filing her bankruptcy petition, the Property can be necessary for Debtor's effective reorganization. 11 U.S.C. §362(d)(2). Accordingly, relief from the automatic stay should be denied under section 362(d).

"Cause" has no clear definition and is determined on a case-by-case basis. In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985).

**2. Section 362(d)(2)**

Section 362(d)(2) provides relief from the automatic stay when:

the debtor has no equity in the property [and] the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

Both elements of the test must be met. See Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984).

Again, on December 19, 2022, the Bankruptcy Court, Honorable Erithe A. Smith, Order Dk 274, determined Debtor was entitled to a Homestead Exemption in the property, therefore Debtor did have equity in the Property at the time of filing her bankruptcy petition because Debtor has resided in the home since November 2018, as her primary residence and held title to the Property as of the date of filing her petition. Because Debtor owned the Property as of the date of filing her bankruptcy petition, the Property can be necessary for Debtor's effective reorganization.

**TITLE:** **Title is vested in Houser Bros. Co., a limited partnership,**

# subject to:

### 1. **Ground Lease**

A Ground Lease dated October 19, 1979, executed by Houser Bros Co, a limited partnership, as Lessor, ad Robert P. Warmington, a married man, as lessee, a memorandum of which was recorded October 22, 1979 in Book 13362, Page 320 of Official Records and re-recorded December 6, 1979 in Book 13424, Page 499 of Official Records.  Robert P. Warmington in turn as sublet the Gound Lease to Robert P. Warmington Co., a California corporation.

**NOTE: THE LESSEE'S INTEREST UNDER SAID LEASES AND THE SUB-LESSOR'S INTEREST UNDER SAID SUBLEASE HAS BEEN ASSIGNED TO G/HB INVESTORS, A CALIFORNIA LIMITED PARTNERSHIP BY ASSIGNMENT WHICH RECORDED SEPTEMBER 30, 1986 AS INSTRUMENT NO. 86456266 OF OFFICIAL RECORDS, REFERENCE BEING HEREBY MADE TO THE RECORD THEREOF FOR FULL PARTICULARS.**

07/24/1998 Assignment Of Lease Or Sublease G HB Investors Wertin Trust 1998.644009
07/24/1998 Assignment Of Lease Or Sublease Wertin Trust Brief Trust 1998.644010
07/23/1999 Assignment Of Lease Or Sublease Ghb Investors & BS Investors LLC 1999.542301

-10-

**Interests To Be Conveyed**

A Lease to a specified unit, together with an undivided fractional leasehold interest as a tenant in common in the common area together with a membership in "The Gables-Huntington Beach Homeowners Association" and rights to use the common area.


**Distinction Between "Assignment" and "Sublease":**

   Though the terms are often used interchangeably, "assignments" and "subleases" are distinct legal concepts and have distinct legal consequences.

a. **Assignment:**   A true "assignment" of a [tenant-Robert P. Waemington's] interest in a lease is the transfer of *all* of the tenant's right, title and interest in the leasehold.

The tenant, Robert P. Warmington assignment to BS Investors, LLC assignee steps into direct privity of estate with the landowner, (Master Lessor) acquiring the benefits and becoming obliged by the burdens of all "covenants running with the land."

If the assignee expressly assumes the master lease the assignee and landowner also stand in a privity of contract relationship. [*Vallely Investments, L.P. v. BancAmerica Comm'l Corp.* (2001) 88 CA4th 816, 822, 106 CR2d 689, 694]


Unlike a sublease  the selling tenant/assignor retains *no* reversionary interest in or right to reenter the leasehold, even if its assignee abandons the property; but the assignor remains in privity of contract with the landowner absent an express release. [See *Vallely Investments, L.P. v. BancAmerica Comm'l Corp.*, supra, 88 CA4th at 822-823, 106 CR2d at 694-695 (discussing distinctions

-11-

between sublease and assignment); _Kendall v. Ernest Pestana, Inc._ (1985) 40 C3d 488, 492, 220 CR 818, 820, fn. 2]

In contrast, by a sublease, the tenant transfers _less_ than the entire premises or _less_ than the entire term of the lease to a third party. A sublease does _not change_ the privity relationship between landowner and sublessor tenant; i.e., subtenant and landowner are neither in privity of contract nor privity of estate.

The subtenant's rights are governed by the sublease with the master lease tenant (sublessor), which can be no greater than the rights granted by the master lease; and the landowner's rights remain governed by the master lease with the tenant (sublessor). [_Kendall v. Ernest Pestana, Inc._, supra, 40 C3d at 492, 220 CR at 820, fn. 2; _Vallely Investments, L.P. v. BancAmerica Comm'l Corp._, supra, 88 CA4th at 823, 106 CR2d at 695]

Thus, the tenant (not the subtenant) remains responsible for the payment of rent to the landowner (_Kendall v. Ernest Pestana, Inc._, supra, 40 C3d at 502, 220 CR at 827); and, upon a default by the tenant, the landowner can usually terminate the sublease by terminating the ground lease.

A sublease would be technically created if the ground lease tenant "subleased" the entire property for the entire balance of the term except for the last day. Similarly, a sublease would be technically created even though the "sublessor" leases to the subtenant all but a nominal portion of the property for the entire balance of the term. And, a sublease is created where the transferring tenant retains a right of reentry.

-12-

Indeed, selling tenants may try to structure their deals in such a manner in an attempt to avoid the generally harsher restrictions on assignment [See generally, *Kendis v. Cohn* (1928) 90 CA 41, 58-60, 265 P 844, 851]

c. **Importance of distinction:** To the extent a tenant is subject to transfer restrictions, most ordinary leases do not distinguish between leasehold transfers by assignment vs. sublease; i.e., an assignment will either be permitted or prohibited on the same basis as a sublease.

However, ground leases frequently subject the two types of transfers to different standards. The reasons are two-fold:

(1) Assignee steps into assignor's shoes; subtenant's creditworthiness less important to landlord: Absent a novation an assignment does not itself let the assignor tenant out of its contractual obligations under the lease.

(2) Even so, privity of estate binds the new tenant/assignee to the lease obligations for so long as it remains in possession

(3) Thus, for all practical purposes, an assignment substitutes one tenant for another; and, because the parties to a ground lease have a long-term relationship, the landlord is justifiably concerned about the quality— especially the creditworthiness—of any assignee.

On the other hand, a sublease disturbs neither the privity of contract *nor* privity of estate relationship between the original tenant and landowner; indeed, a sublease is subordinate to the covenants in the Master Lease.

Since there is no substitution of the original tenant, the landowner is far less concerned about the quality of a subtenant.

-13-

1     For all of the above references to the unexpired 80 year Ground Lease, Houser

2 Bros Co dba Rancho Del Rey Mobilehome Estates is not the Sublessor, BS

3 Investors, LLC, included in Debtors Chapter 7 Petition and /Amendment.

4

5     Houser Bros Co dba Rancho Del Rey Mobilehome Estates Motion for RFS

6 should be denied until the Court can determine the proper party.

7

8     I declare under penalty of perjury the forgoing to be true and correct.

9

10 Signed this 30th day of January, 2023, at Huntington Beach, CA

11

12

13                       *Jamie Lynn Gallian*

14                       JAMIE LYNN GALLIAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

**State of California**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**

ANNUAL

PERMIT TO OPERATE

December 6, 2021

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

**OPERATOR**

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

**PARK NAME & ADDRESS**

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

**CONDITIONAL USES**

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

**THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN. THIS PERMIT IS NOT TRANSFERABLE. THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF NAME, OWNERSHIP OR OPERATOR.**

P.O. Box 278180
Sacramento, CA 95827-8180
(916) 445-9471
From TDD Phones: 1-800-735-2929
From Voice Phones: 1-800-735-2922

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

23

BOOK 5929 PAGE 38

20572

## STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS:  That pursuant to the pro-
visions of Section 15010.5 of the Corporations Code of the State
of California, the undersigned hereby certify and state:
  (1)  That the name of the partnership is HOUSER COMPANY.
  (2)  That HOUSER COMPANY is a general partnership and the
names of each of the partners of said partnership are:  C. E.
Houser, Annie F. Houser, Clifford C. Houser, Vernon F. Houser,
Geraldine Amelia McCullah, and Dorothy Ann Getner.
  (3)  That said partners named herein are all of the partners
of said partnership.
  (4)  That any three of the partners, acting together, shall
have and each of the partners does hereby grant to the said three
partners so acting the authority for and on behalf of the partner-
ship to execute and deliver any and all deeds or instruments of
conveyance necessary to convey title to any real or personal pro-
perty or any right, title or interest therein owned by the partner-
ship and to execute and deliver for and on behalf of the partner-
ship any and all agreements, contracts, leases, escrow instructions
and such other instruments affecting real or personal property
owned or to be acquired by the partnership.
  IN WITNESS WHEREOF, the undersigned have executed this
Statement of Partnership this 15th day of November , 1961.

HOUSER COMPANY

By _C E Houser_                    By _Clifford C Houser_

By _Annie F Houser_                By _Geraldine Amelia McCullah_

By _Vernon F Houser_               By _Dorothy Ann Getner_

State of California } ss.
County of Orange
  We hereby declare under penalty of perjury that we are
partners in HOUSER COMPANY; that we have read the foregoing
Statement of Partnership and know the contents thereof; and that
the same is true of our own knowledge.
  Dated at Santa Ana, California, the 15th day of November ,
1961.

_C E Houser_                       _Vernon F Houser_
C. E. Houser                       Vernon F. Houser

_Annie F Houser_                   _Geraldine Amelia McCullah_
Annie F. Houser                    Geraldine Amelia McCullah

_Clifford C Houser_
Clifford C. Houser

RECORDED AT REQUEST OF
_Warren Sikora_
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIF.
8:01 NOV 30 1961
RUBY McFARLAND, County Recorder

$2.80

WHEN RECORDED, MAIL TO
Warren Sikora
401 West 8th Street
Santa Ana, California

-1-

BOOK 5929 PAGE 39

State of California } ss.
County of Orange
On _November 15, 1961_, 1961, before me, the undersigned, a Notary
Public in and for said County and State, personally appeared C. E.
Houser, Annie F. Houser, Clifford C. Houser, Vernon F. Houser, and
Geraldine Amelia McCullah, known to me to be the persons whose
names are subscribed to the within instrument and acknowledged to
me that they executed the same.
    WITNESS my hand and official seal.

                                    _Maribelle Hunt_
                                    MARIBELLE HUNT—Notary Public
                                    My Commission Expires Sept. 3, 1965

State of Oregon } ss.
County of Multnomah
    I hereby declare under penalty of perjury that I am a part-
ner in HOUSER COMPANY; that I have read the foregoing Statement of
Partnership and know the contents thereof; and that the same is
true of my own knowledge.

    Dated at _Portland_, Oregon, the _17_ day of _Nov_
1961.

                                    _Dorothy Ann Getner_
                                    Dorothy Ann Getner

State of Oregon } ss.
County of Multnomah
On _Nov 17_, 1961, before me, the undersigned, a Notary
Public in and for said County and State, personally appeared
Dorothy Ann Getner, known to me to be the person whose name is
subscribed to the within instrument and acknowledged to me that
she executed the same.
    WITNESS my hand and official seal.

                                    _Robert M McBreen_
                                    My Commission expires 2-24-64

-2-



## Recorded Document

The Recorded Document images are displayed in the subsequent pages for the following request:

|  |  |
|---|---|
| State: | CA |
| County: | Orange |
| Document Type: | Document - Book Page (1/1/50 - 12/31/60) |
| Book: | 9672 |
| Page: | 175 |

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.  IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

· 9504 ·

9672 ·PAGE· 175

$2.80
C5

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA
Min. Past P.M. JUN 10 1971
J. WYLIE CARLYLE, County Recorder

### AMENDED STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS:

Pursuant to the provisions of Section 15010.5 of the
Corporations Code of the State of California, the undersigned,
CLIFFORD C. HOUSER and VERNON F. HOUSER, being two of the gen-
eral partners of HOUSER COMPANY, a general partnership which,
on November 30, 1961, recorded in Book 5929 at Page 38 of
Official Records of the County Recorder of Orange County,
California, a Statement of Partnership under the firm name of
HOUSER COMPANY, a general partnership, which Statement of
Partnership disclosed, inter alia, that CLIFFORD C. HOUSER,
VERNON F. HOUSER, DOROTHY ANN GETNER, GERALDINE AMELIA McCULLAH,
C. E. HOUSER and ANNIE F. HOUSER, being the general partners
named therein, were all of the general partners of said part-
nership, hereby certify and state:

(1) That the name of the partnership is HOUSER COMPANY.

(2) That HOUSER COMPANY is a general partnership, and
the names of each of the partners of said partnership are
CLIFFORD C. HOUSER, VERNON F. HOUSER, DOROTHY ANN GETNER and
GERALDINE AMELIA McCULLAH.

(3) That said partners named in (2) above are all of
the partners of the partnership.

(4) That on January 4, 1965, C. E. HOUSER and ANNIE F.
HOUSER voluntarily withdrew as general partners and that by
reason of an agreement provided for in subdivision (7) of
Section 15031 of the Corporations Code of the State of Cali-
fornia, such partnership was not dissolved by reason of the
withdrawal of C. E. HOUSER and ANNIE F. HOUSER from said
partnership.

(5) Any three (3) of the partners, acting together,

RETURN TO
A. Biel, Esq.
Tucker
Center Drive West
Ana, California 92702

RECORDING
REQUESTED BY

-1-

9672 PAGE 176

shall have, and each of the partners does hereby grant to the

three (3) partners so acting, the authority for and on behalf

of the partnership to execute and deliver any and all deeds or

instruments of conveyance necessary to convey title to any

real or personal property or any right, title or interest

therein owned by the partnership and to execute and deliver

for and on behalf of the partnership, any and all agreements,

contracts, leases, escrow instructions and such other instru-

ments affecting real or personal property owned or to be ac-

quired by the partnership.

IN WITNESS WHEREOF, the undersigned have executed this

Amended Statement of Partnership this 8th day of June, 1971.

HOUSER COMPANY
A General Partnership

By _____
Clifford C. Houser

By _____
Vernon F. Houser

STATE OF CALIFORNIA    )
                       ) SS:
COUNTY OF ORANGE       )

On June 8th, 1971, before me, the undersigned, a
Notary Public in and for said State, personally appeared
CLIFFORD C. HOUSER and VERNON F. HOUSER, known to me to be
two of the general partners of the partnership that executed
the within instrument, and acknowledged to me that such part-
nership executed the same.
WITNESS my hand and official seal.

_____
Notary Public

OFFICIAL SEAL
JOAN K. SHURAT
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires June 3, 1973

STATE OF CALIFORNIA    )
                       ) SS:
COUNTY OF ORANGE       )

CLIFFORD C. HOUSER and VERNON F. HOUSER, being on oath
first duly sworn, depose and say: That they are two of the
partners in the partnership "HOUSER COMPANY"; that they exe-
cuted the above Amended Statement of Partnership; that they
have read said Amended Statement of Partnership and know the
contents thereof; and that the statements therein made are
true and correct of their own knowledge.

_____          _____
CLIFFORD C. HOUSER               VERNON F. HOUSER

SUBSCRIBED and sworn to before me this 8th day of
June 1971.

OFFICIAL SEAL
JOAN K. SHURAT
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires June 3, 1973

_____
Notary Public

-2-



_my_ FirstAm®    **Recorded Document**

The Recorded Document images are displayed in the subsequent pages for the following request:

| | |
|---|---|
| State: | CA |
| County: | Orange |
| Document Type: | Document - Book Page (1/1/50 - 12/31/60) |
| Book: | 10250 |
| Page: | 992 |

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.  IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

29981

$ 15.00

10250 992

## STATE OF CALIFORNIA

### HOUSER BROS. CO.
### A Limited Partnership

### CERTIFICATE OF LIMITED PARTNERSHIP

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA
#1 Min. 4 Past 4 P.M.    JUL
J. WYLIE CARLYLE, County Recorder

WE, the undersigned, CLIFFORD C. HOUSER, VERNON F. HOUSER
and GLADYS LUCILLE HOUSER, desiring to form a limited partner-
ship pursuant to the Uniform Limited Partnership Act of the
State of California, as set forth in Title 2, Chapter 2 of the
California Corporations Code, as amended, and acting upon the
following premises, to wit:

A.    CLIFFORD C. HOUSER and VERNON F. HOUSER have hereto-
fore conducted as a general partnership a mobile home park and
related operations under the fictitious names of HOUSER BROS.
CO. and RANCHO DEL REY MOBILE HOME ESTATES; and

B.    GLADYS LUCILLE HOUSER is the wife of VERNON F. HOUSER,
and the partnership interest of VERNON F. HOUSER in the partner-
ship referred to in paragraph A above has been and is the com-
munity property of VERNON F. HOUSER and GLADYS LUCILLE HOUSER;
and

C.    Dissolution proceedings are presently pending between
VERNON F. HOUSER and GLADYS LUCILLE HOUSER; and, in connection
therewith, their community property has been partitioned and
divided between them. As a consequence, VERNON F. HOUSER has
assigned to GLADYS LUCILLE HOUSER an undivided one-half (1/2)
interest in and to his interest in the partnership referred to
in paragraph A above, thereby creating a separate partnership
interest for her and making her a partner of record holding a

RECORDING
REQUESTED BY

-1-

WHEN RECORDED RETURN TO:

76
30

10250 PAGE 993

one-quarter (1/4) partnership interest; and

D.    The parties, desiring to continue the partnership business without interruption, but at the same time to amend their partnership relationship to change the rights, preferences and privileges among the partners, desire to reorganize the partnership described in paragraph A above into a limited partnership so as to give GLADYS LUCILLE HOUSER all of the rights, preferences and privileges of a limited partner under the Uniform Limited Partnership Act of the State of California;

Accordingly, we, the undersigned, in keeping with the foregoing recitals, DO HEREBY CERTIFY AS FOLLOWS:

I.    The name of the partnership is HOUSER BROS. CO., a limited partnership. The general partners, in their sole discretion, may change the name of the partnership at any time and from time to time.

II.    The character of the business of the partnership shall be the holding for investment of that certain real property situated in the City of Huntington Beach, California, more particularly described as:

The Northeast one-quarter of the Northwest one-quarter and the North one-half of the Southeast one-quarter of the Northwest one-quarter of Section 20, Township 5 South, Range 11 West, in the City of Huntington Beach, County of Orange, State of California, in the Rancho Las Bolsa Chica, as shown on a Map recorded in Book 51, Page 13 of Miscellaneous Maps, records of said Orange County;

and further to engage in any business relating to the purchase, lease, improvement, construction, operation and management of any and all lands, improved and unimproved, dwelling houses, apartment houses, mobile trailer parks, shopping centers, stores, office buildings, manufacturing plants and any other buildings

-2-

0250 994

of any kind. Specification of the particular business shall
not be deemed a limitation upon the general powers of the
partnership.

III.   The location of the principal place of business of
the partnership is 16222 Monterey Lane, Huntington Beach,
California. The general partners, in their sole discretion,
may change the principal place of business to such other
place in the State of California at any time and from time to
time.

IV.   The name and place of residence of each of the part-
ners is as follows:

| Name | Residence |
|------|-----------|
| General Partners: | |
| VERNON F. HOUSER | 6072 Thor Drive<br>Huntington Beach, California |
| CLIFFORD C. HOUSER | 9301 Central Avenue<br>Garden Grove, California |
| Limited Partner | |
| GLADYS LUCILLE HOUSER | 7021 Starlight Circle<br>Huntington Beach, California |

V.   The term for which the partnership is to exist shall
be as follows:  This agreement supersedes the Partnership
Agreement effective October 19, 1966, between CLIFFORD C.
HOUSER and VERNON F. HOUSER, but this is considered a continu-
ing partnership within the contemplation of the federal and
state income tax laws, and shall continue until terminated by
action of the partners.

VI.   The limited partner has contributed all of her marital
property interest in the partnership interest of general partner,

-3-

10250 PAGE 995

VERNON F. HOUSER, in the general partnership formerly known
as HOUSER BROS. CO. and as referred to in paragraph A of the
preamble to this Certificate, having an agreed value of SEVEN
THOUSAND SEVEN HUNDRED SIXTY-SEVEN DOLLARS AND THIRTY-ONE
CENTS ($7,767.31).

VII.  No additional contributions are required to be made
by the limited partner to the partnership.

VIII.  The limited partner shall be entitled to twenty-five
(25%) percent of the partnership profits by reason of her con-
tribution.

IX.  The limited partner has the right to sell, assign,
transfer or discharge her interest in the partnership, or any
portion thereof, subject to the right of first refusal in
favor of the partnership and either or both of the general
partners.  No right is given to the limited partner to substi-
tute an assignee as a limited partner in the partnership with-
out the consent of the general partners.

X.  The above named limited partner, being the sole
limited partner, enjoys the priority of compensation by way
of contribution and income as set forth above in Sections VI
and VIII, respectively.  No provision is made within the part-
nership agreement which relates to the priority of one limited
partner over other limited partners as to contributions or as
to compensation by way of income.

XI.  The partnership agreement provides that in the event
either general partner dies, becomes incapacitated, withdraws
or becomes bankrupt, the partnership shall not dissolve, but
the incapacitated, withdrawn or bankrupt general partner or the
successor in interest of the deceased general partner shall

2.

become a limited partner with the same share of profits or
losses of the partnership as before the event and shall have
all the rights of a limited partner.  In such event, all neces-
sary steps shall be taken to amend the Certificate of Limited
Partnership.

XII.  The limited partner has no right to demand and re-
ceive property other than cash in return for the contribution
by the limited partner to the partnership.

XIII.    The general partners shall have the full, exclusive
and complete right and power to manage, direct and control
the business and affairs of the partnership with all powers
necessary, advisable or convenient to that end, but the gene-
ral partners shall not, without the written consent of the
limited partner, be empowered to:

(a)  Sell all or substantially all of the assets
of the partnership.

(b)  Do any acts in contravention of the agree-
ment of limited partnership.

(c)  Do any act which would make it impossible
to carry on the ordinary business of the partnership.

(d)  Change or reorganize the partnership into
any other legal form.

(e)  Amend the agreement of limited partnership.

(f)  Require the limited partner to make any
additional contributions to the capital of the part-
nership.

(g)  Admit additional limited partners.
The limited partner shall take no part in the control of
the partnership's business but may exercise the rights and

-5-

EUK 0250 PAGE 997

powers of the limited partner under this Certificate of Limited
Partnership, including the provisions of Section XIII of this
Certificate of Limited Partnership, and the giving of consents
and approvals provided for in subsections (a) through (g)
above, inclusive, the exercise of such rights and powers being
deemed to be matters affecting the basic structure of the part-
nership and not the control of its business.

XIV.    The limited partner constitutes and appoints the
general partners, or either of them, the true and lawful attor-
ney of, and in the name, place and stead of the limited partner,
to make, execute, sign, acknowledge and file, with respect to
the partnership:

(a)  Such certificates of fictitious firm name
as may be required by the laws of the State of Cali-
fornia; and

(b)  Such certificates, instruments and docu-
ments as may be required by, or may be appropriate
under, the laws of the State of California, to re-
flect changes in or amendments to the agreement of
limited partnership as to (i) changes in the name or
the location of the principal place of business of
the partnership; (ii) changes of address of the gene-
ral and limited partners; and (iii) any other changes
in or amendments of said agreement of limited partner-
ship, but only if and when the limited partner has
agreed to such other changes or amendments by signing,
either personally or by duly appointed attorney, an
agreement amending said agreement of limited partnership.

IN WITNESS WHEREOF, the parties have executed this

-6-

10250 PAGE 998

Certificate of Limited Partnership as of *July 14*, 1972.

CLIFFORD C. HOUSER, As General
Partner.

VERNON F. HOUSER, As General,
Partner.

GLADYS LUCILLE HOUSER, As
Limited Partner.

STATE OF CALIFORNIA   }
                       } SS:
COUNTY OF ORANGE      }

On *July 14*, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
CLIFFORD C. HOUSER, known to me to be the person whose name
is subscribed to the within instrument and acknowledged that
he executed the same.

WITNESS my hand and official seal.

[SEAL]

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 26, 1976

Notary Public
WILLIAM B. STEWART

-7-



STATE OF CALIFORNIA }
                     } SS:
COUNTY OF ORANGE    }

0250 PAGE 999

On _July 14_, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
VERNON E. HOUSER, known to me to be the person whose name
is subscribed to the within instrument and acknowledged that
he executed the same.

WITNESS my hand and official seal.

[SEAL]

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 28, 1976

_William B. Stewart_
Notary Public
WILLIAM B. STEWART

STATE OF CALIFORNIA }
                     } SS:
COUNTY OF ORANGE    }

On _July 14_, 1972, before me, the undersigned, a
Notary Public in and for said State, personally appeared
GLADYS LUCILLE HOUSER, known to me to be the person whose
name is subscribed to the within instrument and acknowledged
that she executed the same.

WITNESS my hand and official seal.

[SEAL]

OFFICIAL SEAL
WILLIAM B. STEWART
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Jan. 28, 1976

_William B. Stewart_
Notary Public

-8-



my FirstAm®    **Recorded Document**

---

The Recorded Document images are displayed in the subsequent pages for the following request:

| | |
|---|---|
| State: | CA |
| County: | Orange |
| Document Type: | Document - Year.DocID |
| Year: | 1989 |
| DocID: | 232116 |

Limitation of Liability for Informational Report

**IMPORTANT – READ CAREFULLY:**  THIS REPORT IS NOT AN INSURED PRODUCT OR SERVICE OR A REPRESENTATION  OF THE CONDITION OF TITLE TO REAL PROPERTY.  IT IS NOT AN ABSTRACT, LEGAL OPINION, OPINION OF TITLE, TITLE INSURANCE COMMITMENT OR PRELIMINARY  REPORT, OR ANY FORM OF TITLE INSURANCE OR GUARANTY.  THIS REPORT IS ISSUED EXCLUSIVELY FOR THE BENEFIT OF THE APPLICANT  THEREFOR, AND MAY NOT BE USED OR RELIED UPON BY ANY OTHER PERSON.  THIS REPORT MAY NOT BE REPRODUCED IN ANY MANNER WITHOUT FIRST AMERICAN'S  PRIOR WRITTEN CONSENT.  FIRST AMERICAN DOES NOT REPRESENT  OR WARRANT THAT THE INFORMATION HEREIN IS COMPLETE OR FREE FROM ERROR, AND THE INFORMATION HEREIN IS PROVIDED WITHOUT ANY WARRANTIES OF ANY KIND, AS-IS, AND WITH ALL FAULTS.  AS A MATERIAL PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, RECIPIENT AGREES THAT FIRST AMERICAN'S  SOLE LIABILITY FOR ANY LOSS OR DAMAGE CAUSED BY AN ERROR OR OMISSION DUE TO INACCURATE INFORMATION OR NEGLIGENCE IN PREPARING THIS REPORT SHALL BE LIMITED TO THE FEE CHARGED FOR THE REPORT.  RECIPIENT ACCEPTS THIS REPORT WITH THIS LIMITATION AND AGREES THAT FIRST AMERICAN  WOULD NOT HAVE ISSUED THIS REPORT BUT FOR THE LIMITATION OF LIABILITY DESCRIBED ABOVE. FIRST AMERICAN MAKES NO REPRESENTATION  OR WARRANTY AS TO THE LEGALITY OR PROPRIETY OF RECIPIENT'S USE OF THE INFORMATION HEREIN.

---

©2005-2021 First American Financial Corporation and/or its affiliates. All rights reserved.                          38

**89-232116**

RECORDING REQUESTED BY
SADDLEBACK ATTORNEY SERVICE

Recording Requested By
and When Recorded Mail To:

Behrens, Recht, Finley, Hanley & Holford
1800 N. Broadway, Suite 200
Santa Ana, California 92706

$15.00
C6

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY CALIFORNIA

-2 20 PM   MAY - 2 '89

*Lee A. Branch* RECORDER

## AMENDED STATEMENT OF PARTNERSHIP

KNOW ALL MEN BY THESE PRESENTS:

      Pursuant to the provisions of Section 15010.5 of the
Corporations Code of the State of California, the undersigned,
CLIFFORD C. HOUSER, CRAIG E. HOUSER and ROBERT A. HOUSER, Co-
Trustees of the Vernon F. Houser Trust Dated April 27, 1989 and
GERALDINE AMELIA MCCULLAH, being all of the general partners of
HOUSER COMPANY, a general partnership which, on November 30,
1961, recorded in Book 5929 at Page 38 of Official Records of the
County Recorder of Orange County, California, a Statement of
Partnership under the firm name of HOUSER COMPANY, a general
partnership, which Statement of Partnership disclosed, inter
alia, that CLIFFORD C. HOUSER, VERNON F. HOUSER, DOROTHY ANN
GETNER, GERALDINE AMELIA MCCULLAH, C. E. HOUSER and ANNIE F.
HOUSER, being the general partners named therein, were all of the
general partners of said partnership, hereby certify and state:

      (1)  That the name of the partnership is HOUSER COMPANY.

      (2)  That HOUSER COMPANY is a general partnership, and the

1

89-232116

names of each of the partners of said partnership are: CLIFFORD C. HOUSER, CRAIG E. HOUSER and ROBERT A. HOUSER, Co-Trustees of the Vernon F. Houser Trust Dated April 27, 1989 and GERALDINE AMELIA MCCULLAH.

(3) That said partners named in (2) above are all of the partners of the partnership.

(4) The partners, acting together only, may execute any "conveyance" as defined in Section 15010.5(2) of the California Corporations Code, to title to real property held in the name of the partnership name by a conveyance executed in the partnership name.

IN WITNESS WHEREOF, the undersigned have executed this Amended Statement of Partnership this 27ᵗʰ day of April, 1989.

HOUSER COMPANY
A General Partnership

By: _Clifford C. Houser_
    CLIFFORD C. HOUSER

By: _Geraldine Amelia McCullah_
    GERALDINE AMELIA MCCULLAH

By: _Vernon F. Houser_
    VERNON F. HOUSER, Trustor of
    the Vernon F. Houser Trust
    Dated April 27, 1989

By: _____
    CRAIG E. HOUSER, Trustee of
    the Vernon F. Houser Trust
    Dated April 27, 1989

By: _Robert A. Houser_
    ROBERT A. HOUSER, Trustee of
    the Vernon F. Houser Trust
    Dated April 27, 1989

2

89-232116

## Verification

CLIFFORD C. HOUSER, being duly sworn, deposes and says:

He is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _Apr 23_ , 1989 at _Santa Ana_ , California.

_Clifford C. Houser_
CLIFFORD C. HOUSER

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF ORANGE     )

On _Apr 23_ , 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared CLIFFORD C. HOUSER, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same.

Witness my hand and official seal.



OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

_Pamela D. Contreras_
Notary Public in and for said
County and State

## Verification

GERALDINE AMELIA MCCULLAH, being duly sworn, deposes and says:

She is a partner in the partnership named in the foregoing Amended Statement of Partnership.

She has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of her own knowledge.

3

89-232116

Executed on _April 28_ , 1989 at _Santa Ana_ ,
California.

_Geraldine Amelia McCullah_
GERALDINE AMELIA MCCULLAH

STATE OF CALIFORNIA   )
                     ) ss.
COUNTY OF ORANGE     )

On _April 28_ , 1989, before me, the undersigned, a Notary
Public in and for said State, personally appeared GERALDINE
AMELIA MCCULLAH, personally known to me or proved to me on the
basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged that she
executed the same.

Witness my hand and official seal.



_Pamela D. Contreras_
Notary Public in and for said
County and State



OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

### Verification

VERNON F. HOUSER, being duly sworn, deposes and says:

He is the Trustor of the Vernon F. Houser Trust Dated April
27, 1989 who is a partner in the partnership named in the
foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership,
knows the contents thereof, and certifies under penalty of
perjury that the same is true and correct of his own knowledge.

Executed on _April 27_ , 1989 at _Costa Mesa_ ,
California.

OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

_Vernon F. Houser_
VERNON F. HOUSER

STATE OF CALIFORNIA   )
                     ) ss.
COUNTY OF ORANGE     )

On April 27, 1989, before me, the undersigned, a Notary
Public in and for said State, personally appeared VERNON F.

4

89-232116

HOUSER, Trustor of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustor of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

Witness my hand and official seal.



_____
Notary Public in and for said
County and State

## Verification

CRAIG E. HOUSER, being duly sworn, deposes and says:

He is a Co-Trustee of the Vernon F. Houser Trust Dated April 27, 1989 who is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _____, 1989 at _____, California.

_____
CRAIG E. HOUSER

STATE OF CALIFORNIA   )
                      )  ss.
COUNTY OF ORANGE      )

On April 27, 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared CRAIG E. HOUSER, Trustee of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustee of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

_____
Notary Public in and for said
County and State



5

89-232116

## Verification

ROBERT A. HOUSER, being duly sworn, deposes and says:

He is a Co-Trustee of the Vernon F. Houser Trust Dated April 27, 1989 who is a partner in the partnership named in the foregoing Amended Statement of Partnership.

He has read the foregoing Amended Statement of Partnership, knows the contents thereof, and certifies under penalty of perjury that the same is true and correct of his own knowledge.

Executed on _APRIL 27_, 1989 at _COSTA MESA_, California.

_Robert A. Houser_
ROBERT A. HOUSER

STATE OF CALIFORNIA   )
                      )  ss.
COUNTY OF ORANGE      )

On April 27, 1989, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT A. HOUSER, Trustee of the Vernon F. Houser Trust Dated April 27, 1989, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument as the Trustee of the Vernon F. Houser Trust Dated April 27, 1989, and acknowledged to me that he executed it.

Witness my hand and official seal.

_Pamela D. Contreras_
Notary Public in and for said
County and State

OFFICIAL SEAL
PAMELA D. CONTRERAS
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 10, 1991

6

## STATE OF CALIFORNIA
### CERTIFICATE OF LIMITED PARTNERSHIP—FORM LP-1
IMPORTANT—Read instructions on back before completing this form

This Certificate is presented for filing pursuant to Chapter 3, Article 2, Section 15621, California Corporations Code.

**1.** NAME OF LIMITED PARTNERSHIP
Houser Bros. Co.

| **2.** STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>17610 Beach Boulevard, Suite 32 | **3.** CITY AND STATE<br>Huntington Beach, CA | **4.** ZIP CODE<br>92647 |
|---|---|---|
| **5.** STREET ADDRESS OF CALIFORNIA OFFICE IF EXECUTIVE OFFICE IN ANOTHER STATE | **6.** CITY<br>CALIF. | **7.** ZIP CODE |

**8.** COMPLETE IF LIMITED PARTNERSHIP WAS FORMED PRIOR TO JULY 1, 1984 AND IS IN EXISTENCE ON DATE THIS CERTIFICATE IS EXECUTED.

THE ORIGINAL LIMITED PARTNERSHIP CERTIFICATE WAS RECORDED ON ___July 31___ 19 _72_ WITH THE

RECORDER OF _Orange_ COUNTY.   FILE OR RECORDATION NUMBER _29961, BK 10250_ PG 992

**9.** NAMES AND ADDRESSES OF ALL GENERAL PARTNERS: (CONTINUE ON SECOND PAGE, IF NECESSARY)
NAME:   Clifford C. Houser
ADDRESS:   9301 Central Avenue
CITY:   Garden Grove       STATE   CA       ZIP CODE   92644

**9A.**
NAME:   Vernon F. Houser
ADDRESS:   2005 Lemnos Drive
CITY:   Costa Mesa       STATE   CA       ZIP CODE   92626

**9B.**
NAME:
ADDRESS:
CITY:       STATE       ZIP CODE

**10.** NAME AND ADDRESS OF AGENT FOR SERVICE OF PROCESS
NAME:   Clifford C. Houser
ADDRESS:   17610 Beach Boulevard, Suite 32
CITY:   Huntington Beach,       STATE   CA       ZIP CODE   92647

**11.** TERM FOR WHICH THIS PARTNERSHIP IS TO EXIST
Indefinitely until general partners elect to terminate.

**12.** FOR THE PURPOSE OF FILING AMENDMENTS, DISSOLUTION AND CANCELLATION CERTIFICATES PERTAINING TO THIS CERTIFICATE, THE
ACKNOWLEDGMENT OF [ 1 ] GENERAL PARTNERS IS REQUIRED.

**13.** ANY OTHER MATTERS THE GENERAL PARTNERS DESIRE TO INCLUDE IN THIS CERTIFICATE MAY BE NOTED ON SEPARATE PAGES AND BY
REFERENCE HEREIN IS A PART OF THIS CERTIFICATE. NUMBER OF PAGES ATTACHED [   ]

**14.** IT IS HEREBY DECLARED THAT I AM (WE ARE) THE PERSON(S) WHO EXECUTED THIS CERTIFICATE OF LIMITED PARTNERSHIP, WHICH EX-
ECUTION IS MY (OUR) ACT AND DEED (SEE INSTRUCTIONS)

x _Clifford C. Houser_ Enc-5=84   SIGNATURE OF GENERAL PARTNER   DATE
SIGNATURE OF GENERAL PARTNER   DATE

x _Vernon F. Houser_ 3-5-84   SIGNATURE OF GENERAL PARTNER   DATE
SIGNATURE OF GENERAL PARTNER   DATE

SIGNATURE OF OTHER THAN GENERAL PARTNER   TITLE OR DESIGNATION   DATE

**15.** THIS SPACE FOR FILING OFFICER
USE (FILE NUMBER, DATE OF FILING)

84153 00148

FILED
In the office of the Secretary of State
of the State of California

JUL - 1 1984

_March Fong Eu_
MARCH FONG EU, Secretary of State

**16.** RETURN ACKNOWLEDGMENT TO:
NAME
ADDRESS
CITY AND
STATE
ZIP CODE
Houser Bros. Co.
17610 Beach Boulevard, Suite 32
Huntington Beach, CA  92647

T3326

N/c

FORM LP-1—FILING FEE $70
Approved by the Secretary of State



# State of California
## Secretary of State

## AMENDMENT TO CERTIFICATE OF LIMITED PARTNERSHIP
### IMPORTANT -- Read instructions on back before completing this form

FORM LP-2

This Certificate is presented for filing pursuant to Section 15622, California Corporations Code.

| 1. SECRETARY OF STATE FILE NO. (ORIGINAL CERTIFICATE-FORM LP-1) | 2. NAME OF LIMITED PARTNERSHIP |
|---|---|
| 8415300148 | HOUSER BROS. CO. |

3. THE CERTIFICATE OF LIMITED PARTNERSHIP IS AMENDED A FOLLOWS: COMPLETE APPROPRIATE SUB-SECTION(S) CONTINUE ON SECOND PAGE, IF NECESSARY).

A. THE LIMITED PARTNERSHIP NAME IS CHANGED TO:

| B. PRINCIPAL EXECUTIVE OFFICE ADDRESS CHANGE:<br><br>ADDRESS:<br><br>CITY:          STATE:          ZIP CODE: | E. GENERAL PARTNER NAME CHANGE:<br><br>OLD NAME:<br><br>NEW NAME: |
|---|---|
| C. CALIFORNIA OFFICE ADDRESS CHANGE:<br><br>ADDRESS:<br><br>CITY:          STATE: CA          ZIP CODE: | F. GENERAL PARTNER(S) WITHDRAWN:<br><br>NAME: VERNON F. HOUSER  (deceased)<br><br>NAME: |
| D. GENERAL PARTNER ADDRESS CHANGE:<br><br>NAME:<br><br>ADDRESS:<br><br>CITY:          STATE:          ZIP CODE: | G. GENERAL PARTNER ADDED:<br><br>NAME:<br><br>ADDRESS:<br><br>CITY:          STATE:          ZIP CODE: |
| H. PERSON(S) WINDING UP AFFAIRS OF LIMITED PARTNERSHIP<br><br>NAME:<br><br>ADDRESS:<br><br>CITY:          STATE:          ZIP CODE: | I. INFORMATION CONCERNING THE AGENT FOR SERVICE OF PROCESS HAS BEEN CHANGED TO:<br><br>NAME:<br><br>ADDRESS:<br><br>CITY:          STATE: CA          ZIP CODE: |
| J. THE NUMBER OF GENERAL PARTNERS REQUIRED TO ACKNOWLEDGE AND FILE CERTIFICATES OF AMENDMENT RESTATEMENT, DISSOLUTION, CONTINUATION, CANCELLATION AND MERGER IS CHANGED TO:<br><br>(PLEASE INDICATE NUMBER ONLY) | K. OTHER MATTERS TO BE INCLUDED IN THE CERTIFICATE OF LIMITED PARTNERSHIP ARE AMENDED AS INDICATED ON THE ATTACHED PAGE(S):<br><br>NUMBER OF PAGES ATTACHED: |

4. IT IS HEREBY DECLARED THAT I AM (WE ARE) THE PERSON(S) WHO EXECUTED THIS AMENDMENT TO THE IDENTIFIED CERTIFICATE OF LIMITED PARTNERSHIP, WHICH EXECUTION IS MY (OUR) ACT AND DEED. (SEE INSTRUCTIONS).

SIGNATURE  Clifford C. Houser          SIGNATURE

General Partner
POSITION OR TITLE          July 23-997          DATE          POSITION OR TITLE          DATE

SIGNATURE          SIGNATURE

POSITION OR TITLE          DATE          POSITION OR TITLE          DATE

| THIS SPACE FOR FILING OFFICER USE |
|---|
| 84  153 00 148 |
| **FILED**<br>In the office of the Secretary of State<br>of the State of California |
| AUG 1 3 1997 |
| BILL JONES, Secretary of State |

10. RETURN ACKNOWLEDGEMENT TO:

NAME:        Linda L. Dalton
ADDRESS:     Rutan & Tucker LLP
CITY:        611 Anton Blvd., Ste 1400
STATE        Costa Mesa, CA 92626
ZIP CODE:

SEC/STATE REV. 1/93          FORM LP-2 -- FILING FEE: $15.00
                             Approved by Secretary of State



# State of California
## Kevin Shelley
### Secretary of State

# FILED
In the office of the Secretary of State
of the State of California
*AG*

MAR − 4 2005

## AMENDMENT TO CERTIFICATE OF LIMITED PARTNERSHIP

**A $30.00 filing fee must accompany this form.**

**IMPORTANT – Read instructions before completing this form**

This Space For Filing Use Only

| 1. SECRETARY OF STATE FILE NUMBER 198415300148 | 2. NAME OF LIMITED PARTNERSHIP HOUSER BROS. CO. |
|---|---|

**3. COMPLETE ONLY THE BOXES WHERE INFORMATION IS BEING CHANGED. ADDITIONAL PAGES MAY BE ATTACHED, IF NECESSARY:**

A. LIMITED PARTNERSHIP NAME (END THE NAME WITH THE WORDS "LIMITED PARTNERSHIP" OR THE ABBREVIATION "L.P.")

| B. THE STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|

| C. THE STREET ADDRESS IN CALIFORNIA WHERE RECORDS ARE KEPT | CITY | STATE CA | ZIP CODE |
|---|---|---|---|

D. THE ADDRESS OF THE GENERAL PARTNER(S)

| NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|

E. NAME CHANGE OF GENERAL PARTNER(S)

FROM:                    TO:

F. GENERAL PARTNER(S) CESSATION

Clifford C. Houser

| G. NAME OF GENERAL PARTNER(S) ADDED | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| Craig Houser | 17610 Beach Boulevard, Ste. 32 | Huntington Beach, CA | 92847 |

H. THE PERSON(S) AUTHORIZED TO WIND UP THE AFFAIRS OF THE LIMITED PARTNERSHIP

| NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|

I. THE NAME OF THE AGENT FOR SERVICE OF PROCESS

| J. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE CA | ZIP CODE |
|---|---|---|---|

K. NUMBER OF GENERAL PARTNERS' SIGNATURES REQUIRED FOR FILING CERTIFICATES OF AMENDMENT, RESTATEMENT, MERGER, DISSOLUTION, CONTINUATION AND CANCELLATION:

L. OTHER MATTERS (ATTACH ADDITIONAL PAGES, IF NECESSARY):

**4. I DECLARE THAT I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.**

| SIGNATURE OF AUTHORIZED PERSON | General Partner POSITION OR TITLE OF AUTHORIZED PERSON |
|---|---|
| Craig Houser TYPE OR PRINT NAME OF AUTHORIZED PERSON | March 3, 2005 DATE |
| SIGNATURE OF AUTHORIZED PERSON | POSITION OR TITLE OF AUTHORIZED PERSON |
| TYPE OR PRINT NAME OF AUTHORIZED PERSON | DATE |

LP-2 (REV 12/2003)                    APPROVED BY SECRETARY OF STATE

| LP-2 | Amendment to Certificate of Limited Partnership (LP) | |
|---|---|---|

**FILED** DAT
Secretary of State
State of California

MAY 0 8 2018 SMM

ICC

This Space For Office Use Only

To change information of record for your LP, fill out this form, and submit for filing along with:

- A $30 filing fee.

- A separate, non-refundable $15 service fee also must be included, if you drop off the completed form.

Items 3–7: **Only** fill out the information that is changing. Attach extra pages if you need more space or need to include any other matters.

For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.htm

① LP's File No. (Issued by CA Secretary of State)

198415300148

② LP's Exact Name (on file with CA Secretary of State)

HOUSER BROS. CO.

New LP Name

③ _____
Proposed New LP Name

The new LP name: must end with: "Limited Partnership," "LP," or "L.P.," and may not contain "bank," "insurance," "trust," "trustee," incorporated," "inc.," "corporation," or "corp."

New LP Addresses

④ a. _____     CA
Street Address of Designated Office in CA          City (no abbreviations)   State   Zip

   b. _____
Mailing Address of LP, if different from 4a          City (no abbreviations)   State   Zip

New Agent/Address for Service of Process (The agent must be a CA resident or qualified 1505 corporation in CA.)

⑤ a. Craig Houser
Agent's Name

   b. 16222 Monterey Lane                    Huntington Beach    CA 92649
Agent's Street Address (if agent is not a corporation)    City (no abbreviations)   State   Zip

General Partner Changes

⑥ a. New general partner: See Exhibit A
                         Name       Address       City (no abbreviations)    State   Zip

   b. Address change: _____
                      Name       New Address       City (no abbreviations)    State   Zip

   c. Name change: Old name: _____      New name: _____

   d. Name of dissociated general partner: _____

Dissolved LP (Either check box a or check box b and complete the information. Note: To terminate the LP, also file a Certificate of Cancellation (Form LP-4/7), available at www.sos.ca.gov/business/be/forms.htm.)

⑦ a. ☐ The LP is dissolved and wrapping up its affairs.

   b. ☐ The LP is dissolved and has no general partners. The following person has been appointed to wrap up the affairs of the LP: _____
                         Name       Address       City (no abbreviations)    State   Zip

Read and sign below: This form must be signed by (1) at least one general partner; (2) by each person listed in item 6a; <u>and</u> (3) by each person listed in item 6d if that person has not filed a Certificate of Dissociation (Form LP-101). If item 7b is checked, the person listed must sign. If a trust, association, attorney-in-fact, or any other person not listed above is signing, go to www.sos.ca.gov/business/be/filing-tips.htm for more information. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are part of this amendment. Signing this document affirms under penalty of perjury that the stated facts are true.

▶ See Exhibit B                    See Exhibit B            See Exhibit B
Sign here                         Print your name here        Date

▶ _____              _____        _____
Sign here                         Print your name here        Date

| Make check/money order payable to: Secretary of State Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | By Mail Secretary of State Business Entities, P.O. Box 944225 Sacramento, CA 94244-2250 | Drop-Off Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |
|---|---|---|

Corporations Code § 15902.02
LP-2 (REV 01/2013)

2013 California Secretary of State
www.sos.ca.gov/business/be

**EXHIBIT A**
**TO LP-2 OF**
**HOUSER BROS. CO.**

Item 6a.

New General Partners:

      Kathryn Curtiss, 16222 Monterey Lane, Huntington Beach, CA 92649

      Chris Houser, 16222 Monterey Lane, Huntington Beach, CA 92649

2088/003708-0001
12309622.1 a05/01/18

1984 15300 148

EXHIBIT B
TO LP-2 OF
HOUSER BROS. CO.

Signing this document affirms under penalty of perjury that the stated facts are true.

Craig Houser, General Partner          5/2/18
                                       Date

Kathryn Curtiss, General Partner       5/2/18
                                       Date

Chris Houser, General Partner          5/2/18
                                       Date

-2-

198415300148

| **LP-2** | **Amendment to Certificate of Limited Partnership (LP)** |
|---|---|

**FILE**

**Secretary of State**
**State of  alifornia**

04/29/2021

Filing  ate

This Space For Office Use Only

To change information of record for your LP, fill out this form, and submit for filing along with:

- A $30 filing fee.
- A separate, non-refundable $15 service fee also must be included, if you drop off the completed form.

Items 3–7: **Only** fill out the information that is changing. Attach extra pages if you need more space or need to include any other matters.

For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.

① **LP's Entity No.** (issued by CA Secretary of State)
198415300148

② **LP's Exact Name** (on file with CA Secretary of State)
Houser Bros. Co.

**New LP Name**
③

*Proposed New LP Name* The new LP name: **must** end with: "Limited Partnership," "LP," or "L.P.," and **may not** contain "bank," "insurance," "trust," "trustee," incorporated," "inc.," "corporation," or "corp." The name cannot be likely to mislead the public and must be distinguishable in the records from other LPs of record or reserved with the California Secretary of State.

**New LP Addresses**
④ a. _____ _____ **CA** _____
Street Address of Designated Office in CA        City (no abbreviations)   State   Zip
b. _____ _____ _____
Mailing Address of LP, if different from 4a       City (no abbreviations)   State   Zip

**New Agent/Address for Service of Process** (The agent must be a CA resident or qualified 1505 corporation in CA.)
⑤ a. _____
Agent's Name
b. _____ _____ **CA** _____
Agent's Street Address (if agent is **not** a corporation)   City (no abbreviations)   State   Zip

**General Partner Changes**
⑥ a. New general partner: _____
Name        Address        City (no abbreviations)   State   Zip
b. Address change: _____
Name        New Address        City (no abbreviations)   State   Zip
c. Name change: Old name: _____ New name: _____
d. Name of dissociated general partner: Chris Houser & Kathryn Curtiss

**Dissolved LP** (Either check box a **or** check box b and complete the information. Note: To terminate the LP, also file a Certificate of Cancellation (Form LP-4/7), available at www.sos.ca.gov/business/be/forms.)
⑦ a. ☐ The LP is dissolved and wrapping up its affairs.
b. ☐ The LP is dissolved and has no general partners. The following person has been appointed to wrap up the affairs of the LP: _____
Name        Address        City (no abbreviations)   State   Zip

**Read and sign below:** This form must be signed by **(1)** at least one general partner; **(2)** by each person listed in item 6a; **and (3)** by each person listed in item 6d if that person has not filed a Certificate of Dissociation (Form LP-101). If item 7b is checked, the person listed must sign. If a trust, association, attorney-in-fact, or any other person not listed above is signing, go to www.sos.ca.gov/business/be/filing-tips for more information. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are part of this amendment. Signing this document affirms under penalty of perjury that the stated facts are true.

SEE EXIBIT A
Sign here

SEE EXIBIT A
Print your name here

SEE EXIBIT A
Date

Sign here        Print your name here        Date

Make check/money order payable to: **Secretary of State**
Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee.

**EXHIBIT A**
**TO LP-2 OF**
**HOUSER BROS. CO.**

Signing this document affirms under penalty of perjury that the stated facts are true.

_____          4/28/2021
Craig Houser, General Partner              Date

Dissociated General Partners

_____          4/28/2021
Chris Houser, Limited Partner              Date

_____          4/28/2021
Kathryn Curtiss, Limited Partner           Date

198415300148

**EXHIBIT 1**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, CA 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL REY
7  MOBILE HOME ESTATES

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re                              Case No. 8:21-bk-11710-ES

12  JAMIE LYNN GALLIAN,                Chapter 7

13        Debtor.                      Adv. No.

14  ────────────────────────────      COMPLAINT TO
                                         (1) DETERMINE
15  HOUSER BROS. CO. dba RANCHO DEL         DISCHARGEABILITY OF DEBT
    REY MOBILE HOME ESTATES,                PURSUANT TO 11 U.S.C. §§ 523
16                                           (a)(2)(A) and (a)(6);
          Plaintiff,                     (2) DENY DISCHARGE PURSUANT
17                                           TO 11 U.S.C. §§ 727(a)(2)(A),
    v.                                       (a)(4), and (a)(5)
18
    JAMIE LYNN GALLIAN,
19
          Defendant.                   Status Conference
20  ────────────────────────────      [TO BE SET BY COURT]

21  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

22  DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

23         Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

24  MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

25  Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

26                    **Statement of Jurisdiction and Venue**

27         1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

28  §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

                                        1
                                   COMPLAINT                                    54

4842-2871-2959,v.1

States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.    Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.    Plaintiff is a California general partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.    Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.    Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1] The Park is operated by Plaintiff and the condominium community leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

1  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

2  unfettered access to both communities.

3      7.      In February 2018, Defendant came to The Park's leasing office to inquire whether

4  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

5  packet nor any information as to The Park's requirements for tenancy and its application

6  procedures.

7      8.      Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

8  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

9  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

10  Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

11  entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

12  providing for turnover of Space 376. Specifically:

13      (a)     No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

14      (b)     The Park was entitled to a Writ of Possession provided no lock-out could occur prior

15              to November 4, 2018;

16      (c)     Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

17              the mobilehome would be subject to a warehouse lien auction;

18      (d)     The Park was to review any prospective buyers in accordance with Mobilehome

19              Residency Law ("MRL");

20      (e)     The sale of the mobilehome was to proceed via escrow; and

21      (f)     Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

22              interest.

23      9.      On November 19, 2018, Defendant emailed an outdated application ("Application")

24  to the management office for The Park. At this time, the minimum requirements for tenancy at The

25  Park were as follows:

26

27  _____

28  [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

3

COMPLAINT

56

4842-2871-2959,v.1

1    (a)    At least 55 years of age;

2    (b)    Credit worthiness including a credit score of not less than 650;

3    (c)    Three times the subject rent in monthly income; and

4    (d)    Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

5    10.    The Park reviewed the Application and found Defendant (a) did not meet the

6    minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous

7    collections and charge offs as bad debts.

8    11.    Accordingly, on November 20, 2018, the Park (a) mailed a letter informing

9    Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's

10    real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to

11    discuss the Denial Letter.

12    12.    On November 21, 2018, Defendant physically came to The Park office and tendered

13    a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in

14    the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained

15    no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's

16    Check occurred between The Park and Defendant, where The Park finally returned to Defendant the

17    Cashier's Check by certified mail.

18    13.    In December 2018, The Park found a second cashier's check from Defendant ("2nd

19    Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by

20    certified mail.

21    14.    Subsequently, The Park learned Defendant lied on the Application. Specifically,

22    when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have

23    you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

24    *turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

25    15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

26    allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

27

28

---

[3] *See*, Case No. 30-2018-01024401.

4842-2871-2959,v.1

1  Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

2  written purchase agreement.

3      16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

4  Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

5  Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

6  dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

7  some vague ownership interest in.

8      17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

9  376.[5]

10     18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

11  Quit Premises.

12     19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

13  forcible entry/detainer (mobilehome park).[6]

14     20.    On February 22, 2019, Defendant filed her answer-to the Complaint.

15     21.    In August 2020, title to the mobilehome located on the Premises was transferred to

16  Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

17     22.    Subsequently, the title certificate for the mobilehome on the Premises was further

18  changed to show Defendant as the registered owner.

19                              **The Bankruptcy Filing**

20     23.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

21  Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

22  11710-ES.

23

24  _____

25  [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
26  In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
Note.
27  [5] Reasonable daily rental value of the Premises is at least $36.20.
[6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
28  the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
the State Court Action into this Complaint.

4842-2871-2959,v.1

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

30.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning o14 Civil Code §798.75.

31.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

32.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

33.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

34.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

35.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

36.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

37.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

38.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

39.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

40.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

7

COMPLAINT

41.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.     Defendant's actions were malicious.

43.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

<div align="center">

**Third Claim for Relief**

**Debtor Took Actions to Hinder, Delay, and Defraud Creditors**

**[11 U.S.C. § 727(a)(2)(A)]**

</div>

47.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

<div align="center">

8

COMPLAINT

</div>

4842-2871-2959,v.1

51.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

56.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

4842-2871-2959,v.1

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

4842-2871-2959,v.1

16

1  herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page

2  has been removed and there are no dates or signatures on these documents.[9]

3      65.     Debtor made the foregoing omissions and false oaths knowingly by acting

4  deliberately and consciously. Debtor deliberately and consciously signed the schedules and

5  statement of financial affairs knowing that the information provided was not completely true and

6  correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of

7  perjury that there were no inaccuracies in her schedules or statement of financial affairs. This

8  supports a finding that Debtor acted knowingly in making the omissions and false oaths.

9      66.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

10  ### Fifth Claim for Relief

11  ### Objection to Debtor's Discharge

12  ### [11 U.S.C. § 727(a)(5)]

13      67.     Plaintiff realleges and incorporates herein by this reference, the allegations contained

14  in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

15      68.     Defendant has failed to explain satisfactorily the purchase and series of transfers

16  involving the Premises, including but not limited to the circumstances surrounding the alleged loan

17  of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the

18  Premises.

19      69.     Defendant has failed to explain satisfactorily, namely produce any documentation,

20  evidencing that there exists any lease agreement – ground or otherwise - between Defendant and

21  Plaintiff.

22      70.     Defendant has been unable to explain how much she sold 4476 Alderport for and

23  where the proceeds went, including any agreements between herself and the subsequent purchaser.

24      71.     As a result of her failure to explain satisfactorily material issues related to the

25  Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11

26  U.S.C. § 727(a)(5).

27  _____

28  [9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was
Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

11

COMPLAINT

4842-2871-2959,v.1

64

**ON THE FIRST CLAIM FOR RELIEF**

1.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.      For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.      For such other relief as the Court deems just and proper.


DATED: October 18, 2021                    MARSHACK HAYS LLP


                                           By: */s/ Laila Masud*_____
                                           D. EDWARD HAYS
                                           LAILA MASUD
                                           Attorneys for Plaintiff,
                                           HOUSER BROS. CO. dba RANCHO DEL REY
                                           MOBILE HOME ESTATES

4842-2871-2959,v.1

**EXHIBIT 1**

1   ELAINE B. ALSTON, Bar No. 134139,
    VIVIENNE J. ALSTON, Bar No. 170746
2   Members of
    **ALSTON, ALSTON & DIEBOLD**
3     Attorneys at Law
    27201 Puerta Real, Suite 300
4   Mission Viejo, California 92691
    (714) 556-9400 – FAX (714) 556-9500
5
    Attorney for Plaintiff
6

7
                    SUPERIOR COURT, STATE OF CALIFORNIA
8
                        COUNTY OF ORANGE,
9

10
    HOUSER BROS. CO., a California limited        Case No.:  30-2019-01041423-CL-UD-CJC
11  partnership dba RANCHO DEL REY MOBILE
    HOME ESTATES
12                                                COMPLAINT FOR FORCIBLE ENTRY/
            Plaintiff,                            DETAINER (MOBILEHOME PARK)
13
        vs.                                       [CIVIL CODE §798.75 AND CODE OF
14                                                CIVIL PROCEDURE §§1159, et seq.]
    JAMIE GALLIAN AND ALL OTHER
15  OCCUPANTS AND PERSONS IN POSSESSION           **DOES NOT EXCEED $10,000.00**
    WITHOUT A SIGNED LEASE AGREEMENT,
16  and DOES 1 to 10, inclusive,

17          Defendant

18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20      1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24      2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27      3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                        1
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

1    therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2    said Defendants' true names and capacities when the same have been ascertained.

3        4.     The premises which are the subject of this action are located in the judicial district in

4    which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5    Huntington Beach, California 92647  (the "Premises").

6        5.     Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.     Defendants entered into possession of the subject Premises without the consent of

8    Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9    application was denied due to her poor financial condition.  Defendant also made a material falsehood

10    on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11    governing the mobilehome park.

12        7.     Due to the failure of Defendants to execute a rental agreement prior to taking possession

13    of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14    Civil Code §798.75.

15        8.     On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16    Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17    herein by this reference.

18        9.     Defendants remain in possession of the subject Premises as of this date, and said

19    possession is without Plaintiff's consent.

20        10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21    Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22        11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23    Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24    long as Defendants' mobilehome remains in possession of said Premises.

25        12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26    installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27    rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

<div align="center">2</div>

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California <u>Civil Code</u> §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018        By:    _____

5                                               Vivienne J. Alston
                                                Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

**FIVE (5) DAY DEMAND
FOR SURRENDER OF POSSESSION OF SITE**

To:   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):**

NOTICE IS HEREBY GIVEN that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                    By: _____
                                                VIVIENNE J. ALSTON
                                                Authorized Agent for Owner


cc:     Client
        Park Manager

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

**To:** **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: 714-953-9451
  d. **The fee** for this service was: 129.50
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: 2729
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant          Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
a. Name: **Cesar Gonzalez**
b. Address: **840 N. Birch St, Santa Ana, CA 92701**
c. Telephone number: **714-953-9451**
d. **The fee** for this service was: **39.50**
e. I am:
(3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**              Date: **12/12/2018**

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____
_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐  I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO. _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. ☐  I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on December 19, 2018 , at HUNTINGTON BEACH _____ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_ _____          _____
Type or Print Name                                    Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____

On. _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business. I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.
Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____                    _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                    Rev. 7/99

**EXHIBIT 2**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

1
2
3
4
5
6
7

8        UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-ES |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. 8:21-ap-01097-ES |
| | **FIRST AMENDED COMPLAINT TO**<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | <u>Status Conference</u><br>Hearing: January 6, 2022<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

1
FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

2

The Park is operated by Plaintiff and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

7.    In February 2018, Defendant came to The Park's leasing office to inquire whether there were any mobilehomes for sale. At this meeting, Defendant neither requested an application packet nor any information as to The Park's requirements for tenancy and its application procedures.

8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or the mobilehome would be subject to a warehouse lien auction;

(d)    The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

(e)    The sale of the mobilehome was to proceed via escrow; and

(f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

---

[2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

3

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

9.      On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

(a)      At least 55 years of age;

(b)      Credit worthiness including a credit score of not less than 650;

(c)      Three times the subject rent in monthly income; and

(d)      Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.      The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.      Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.      On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.      In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.      Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

---

4

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

1  *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2      15.     From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3  allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4  Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5  written purchase agreement.

6      16.     Rather, Defendant asserts there (a) exists a security agreement between JSC and

7  Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8  Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9  dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10  some vague ownership interest in.

11     17.     Importantly, Defendant was never approved by the Park to be a tenant for Space

12  376.[5]

13     18.     In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14  Quit Premises.

15     19.     On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16  forcible entry/detainer (mobilehome park).[6]

17     20.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18  Sandcastle Co LLC, Document No. 76027030002.

19     21.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20  Sandcastle Co LLC, Document No. 76027940002.

21  / / /

22

23

24  [3] *See*, Case No. 30-2018-01024401.
    [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
25  favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
    In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
26  Note.
    [55] Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the
27  amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for
    The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.
28  [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
    the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
    the State Court Action into this Complaint.

1      22.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

2  Sandcastle Co LLC, Document No. 76027940003.

3      23.     On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig

4  Houser and Kathryn Curtiss, Document No. 7602794004.

5      24.     On February 22, 2019, Defendant filed her answer to the Complaint.

6      25.     In August 2020, title to the mobilehome located on the Premises was transferred to

7  Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

8      26.     Subsequently, the title certificate for the mobilehome on the Premises was further

9  changed to show Defendant as the registered owner.

10                             **The Bankruptcy Filing**

11      27.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

12  Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

13  11710-ES.

14      28.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules:

15  Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as

16  Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H

17  Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial

18  Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under

19  Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

20      29.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C:

21  The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended

22  Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of

23  Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for

24  Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7

25  Statement of Your Current Monthly Income.

26      30.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F),

27  Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master

28  Mailing List of Creditors.

<div align="center">6</div>

<div align="center">FIRST AMENDED COMPLAINT</div>

4842-2871-2959,v.1

<div align="right">EXHIBIT 2, PAGE</div>

31.    On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

**First Claim for Relief**

(11 U.S.C. § 523(a)(2)(A))

32.    Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.    Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.    Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.    Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.    Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.    The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

_____

[7] *Supra*, Fn. 5

7

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

39.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.    As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.    In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.    Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.    Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.    Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.    Defendant's actions were malicious.

47.    Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.    Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.    As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

8
FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

51.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

9

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

58.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

**Fourth Claim for Relief**

**False Oaths**

**[11 U.S.C. § 727(a)(4)]**

60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

65.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

10

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

66.      Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.      Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.      Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.      Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.      Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.
[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

11

FIRST AMENDED COMPLAINT

**Fifth Claim for Relief**

**Objection to Debtor's Discharge**

**[11 U.S.C. § 727(a)(5)]**

71.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.    Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.    Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.    Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.    As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

EXHIBIT 2, PAGE 89

1  **ON THE FOURTH CLAIM FOR RELIEF**

2      4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

3  § 727(a)(4);

4  **ON THE FIFTH CLAIM FOR RELIEF**

5      5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

6  § 727(a)(5);

7  **ON ALL CLAIMS FOR RELIEF**

8      6.      For costs of suit incurred, including attorneys' fees as provided by applicable case

9  law, statute, and/or agreement of the parties; and

10     7.      For such other relief as the Court deems just and proper.

11

12  DATED: October 22, 2021              MARSHACK HAYS LLP

13

14                              By: */s/ Laila Masud*
                                    D. EDWARD HAYS
15                                  LAILA MASUD
                                    Attorneys for Plaintiff,
16                                  HOUSER BROS. CO. dba RANCHO DEL REY
17                                  MOBILE HOME ESTATES

18

19

20

21

22

23

24

25

26

27

28

---

<center>13</center>
<center>FIRST AMENDED COMPLAINT</center>

4842-2871-2959,v.1

# EXHIBIT 1

EXHIBIT 2, PAGE

1   ELAINE B. ALSTON, Bar No. 134139,
2   VIVIENNE J. ALSTON, Bar No. 170746
    Members of
    **ALSTON, ALSTON & DIEBOLD**
3     Attorneys at Law
    27201 Puerta Real, Suite 300
4   Mission Viejo, California 92691
    (714) 556-9400 – FAX (714) 556-9500
5
6   Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7
8                    SUPERIOR COURT, STATE OF CALIFORNIA
9                            COUNTY OF ORANGE,
10
11  HOUSER BROS. CO., a California limited
    partnership dba RANCHO DEL REY MOBILE
    HOME ESTATES
12
                Plaintiff,
13
14         vs.
15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,
17
                Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

18
19  COMES NOW, the Plaintiff herein, and alleges as follows:
20         1.    Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the
21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE
22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et
23  seq., of the Business and Professions Code.
24         2.    Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS
25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City
26  of Huntington Beach, County of Orange State of California
27         3.    The true names and capacities of Defendants sued herein as DOES 1 through 10,
28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1   therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2   said Defendants' true names and capacities when the same have been ascertained.

3         4.    The premises which are the subject of this action are located in the judicial district in

4   which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5   Huntington Beach, California 92647  (the "Premises").

6         5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7         6.    Defendants entered into possession of the subject Premises without the consent of

8   Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9   application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12        7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15        8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18        9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20        10.   Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22        11.   The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25        12.   The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

                                          2
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

<div align="center">3</div>

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**



1     (8)    For such other and further relief as the Court may deem just and proper, except that

2     Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4     DATED: December _18_, 2018          By: _____

5                                              Vivienne J. Alston
                                               Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4
              **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

| ELAINE B. ALSTON | ALSTON, ALSTON & DIEBOLD | TELEPHONE (714) 556-9400 |
|---|---|---|
| VIVIENNE J. ALSTON | | FACSIMILE (714) 556-9500 |
| DONALD A. DIEBOLD | | |

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:**    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

**HEREBY DEMANDS** that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 19
EXHIBIT 2, PAGE
97

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated: December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner


cc:    Client
       Park Manager


EXHIBIT 1, PAGE 20
EXHIBIT 2, PAGE
98

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>**Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:              TIME:              DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018 at 05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**              At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
    (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


JANNEY & JANNEY
LEGAL SUPPORT SERVICE

_____
**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                        Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**      At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
a. Name: **Cesar Gonzalez**
b. Address: **840 N. Birch St, Santa Ana, CA 92701**
c. Telephone number: **714-953-9451**
d. **The fee** for this service was: **39.50**
e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

_____
Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

EXHIBIT 1, PAGE 22
EXHIBIT 2, PAGE
100

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19 , 2018 , at HUNTINGTON BEACH , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Christopher C. Houser
Type or Print Name                                          Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

_____ on _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____    _____
Type or Print Name                          Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                          Rev. 7/99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593                          ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____October 22, 2021__ Layla Buchanan_____          _____/s/ Layla Buchanan_____
 Date     *Printed Name*                                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                     **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2, PAGE
102

**EXHIBIT 3**

1  JAMIE LYNN GALLIAN

2  16222 MONTEREY LN. #376

3  HUNTINGTON BEACH, CA 92649

4
   (714) 321-3449
5  jamiegallian@gmail.com

6

7

8              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA-**
9                  **SANTA ANA DIVISION**

10 In re      JAMIE LYNN GALLIAN        )  BK No. :      8:21-bk-11710-ES
                    Debtor(s)           )
11                                      )  ADV. No.:     8:21-ap-01097-ES
12                                      )
                                        )  Chapter 7
13 ==================================== )  ANSWER TO COMPLAINT/ DEFENDANT JAMIE
14                                      )  LYNN GALLIAN,  AFFIRMATIVE DEFENSES TO
                                        )  COMPLAINT TO DETERMINE DISCHARGEABILITY
15                                      )  OF DEBT;
   HOUSER BROS CO, dba RANCHO DEL       )
16 REY MOBILEHOME ESTATES               )
                              ,         )  STATUS CONFERENCE:
17              Plaintiff(s),           )
                                        )  DATE:    JANUARY 6, 2022
18 v.                                   )
                                        )  TIME:    9:30A.M.
19                                      )
   JAMIE LYNN GALLIAN                   )  PLACE:  United States Bankruptcy Court
20                                      )
                              ,         )         411 W. Fourth St. Crtrm 5A,
21              Defendant(s).           )
                                        )         Santa Ana, CA 92701
22                                      )
23

24      COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer to the Complaint on

25 file herein, and by virtue of the provisions of section 431.30( d) of the California Code of Civil Procedure, this answering

   Defendant denies both generally and specifically each, every and all of the allegations contained in said Complaint, and the
26
   whole thereof, and further deny that Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums,
27
   or at all. Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies that
28
   Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering

   Defendant, or any agents,servants or employees of this answering Defendant.


                                        1

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 4 | X | | |
| Paragraph 5 | X | | |
| Paragraph 6 | | | X |
| Paragraph 7 | | X | |
| Paragraph 8 | | | X |
| Paragraph 9 | | | X |
| Paragraph 10 | | | X |
| Paragraph 11 | X | | |
| Paragraph 12 | | X | |
| Paragraph 13 | | | X |
| Paragraph 14 | | X | |
| Paragraph 15 | X | | |
| Paragraph 16 | X | | |
| Paragraph 17 | | X | |
| Paragraph 18 | X | | |
| Paragraph 19 | | | X |
| Paragraph 20 | | X | |
| Paragraph 21 | x | | |
| Paragraph 22 | x | | |
| Paragraph 23 | X | | |
| Paragraph 24 | x | | |
| Paragraph 25 | | | x |

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 26 | x | | |
| Paragraph 27 | x | | |
| Paragraph 28 | x | | |
| Paragraph 29 | x | | |
| Paragraph 30 | x | | |
| Paragraph 31 | x | | |
| Paragraph 32 | | | x |
| Paragraph 33 | | x | |
| Paragraph 34 | | x | |
| Paragraph 35 | | x | |
| Paragraph 36 | | x | |
| Paragraph 37 | | x | |
| Paragraph 38 | | x | |
| Paragraph 39 | | x | |
| Paragraph 40 | | x | |
| Paragraph 41 | | x | |
| Paragraph 42 | | x | |
| Paragraph 43 | | x | |
| Paragraph 44 | | | x |
| Paragraph 45 | | x | |
| Paragraph 46 | | x | |
| Paragraph 46 | | | |

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 47 | | X | |
| Paragraph 48 | | X | |
| Paragraph 49 | | X | |
| Paragraph 50 | | X | |
| Paragraph 51 | | | X |
| Paragraph 52 | | | X |
| Paragraph 53 | | X | |
| Paragraph 54 | | X | |
| Paragraph 55 | | X | |
| Paragraph 56 | | X | |
| Paragraph 57 | | X | |
| Paragraph 58 | | X | |
| Paragraph 59 | | X | |
| Paragraph 60 | | | X |
| Paragraph 61 | | | X |
| Paragraph 62 | | X | |
| Paragraph 63 | | X | |
| Paragraph 64 | X | | |
| Paragraph 65 | | X | |
| Paragraph 66 | | X | |
| Paragraph 67 | | X | |

4

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 68 | | x | |
| Paragraph 69 | | x | |
| Paragraph 70 | | x | |
| Paragraph 71 | | | x |
| ~~Paragraph 71~~ | | | |
| Paragraph 72 | | x | |
| Paragraph 73 | | x | |
| Paragraph 74 | | x | |
| Paragraph 75 | | x | |
| ~~Paragraph 76~~ | | | |
| ~~Paragraph 77~~ | | | |

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2.    That Defendant be awarded costs of suit, including attorneys' fees, incurred in the defense of this action pursuant to 11 U.S.C. § 523(d); and

3.    For such other and further relief as the court deems just and proper.

DATED:  10/28/2021

_____
Signature

1    JAMIE LYNN GALLIAN

2    16222 MONTEREY LN. #376

3    HUNTINGTON BEACH, CA 92649

4
     (714) 321-3449
5    jamiegallian@gmail.com

6

7
                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA-
9                          SANTA ANA DIVISION

10   In re      JAMIE LYNN GALLIAN        )  BK No. :      8:21-bk-11710-ES
11              Debtor(s)                 )
                                          )  ADV. No.:    8:21-ap-01097- ES
12                                        )
                                          )  Chapter 7
13   =======================             )
14                                        )  ANSWER;  **DEFENDANT  JAMIE  LYNN  GALLIAN,**
                                          )  **AFFIRMATIVE  DEFENSES  TO  COMPLAINT  TO**
15                                        )  DETERMINE DISCHARGEABILITY.
     HOUSER BROS CO DBA RANCHO            )
16   DEL REY MOBILEHOME ESTATES           )
                                          )  **STATUS CONFERENCE:**
17                                        )
                                          )  DATE:   JANUARY 6, 2022
18                     Plaintiff(s),      )
                                          )  TIME:   9 :30A.M.
19   v.                                   )
     JAMIE LYNN GALLIAN, an individual,   )  PLACE:  United States Bankruptcy Court
20   and DOES 1 through 100, inclusive    )
                                          )          411 W. Fourth St. Crtrm 5A,
21                     Defendant(s).      )
                                          )          Santa Ana, CA 92701
22                                        )

23        COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer
24   to the  Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the California
25   Code of Civil Procedure, this answering Defendant denies both generally and specifically each, every and
26   all of the allegations contained in said Complaint, and the whole thereof, and further deny that
27   Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.
28   Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies
     that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part
     of this answering Defendant, or any agents,servants or employees of this answering Defendant.


                                                1

**FIRST AFFIRMATIVE DEFENSE**

**[Action in Bad Faith]**

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant. Complainant should, therefore, be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in *California Code of Civil Procedure* section 1038.

**SECOND AFFIRMATIVE DEFENSE**

**[Active Negligence of Complainant]**

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's conduct, was such that all liability based thereon was active and primary in nature, to preclude any recovery sought in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**[Active Versus Passive Conduct]**

This answering Defendant is informed and believes, and on such information and belief alleges, that the negligence of Complainant was active and primary and proximately caused any alleged damages or injuries alleged in the Complaint, whereas the conduct and participation, if any, of this answering Defendant, in the events alleged in Complainant's Complaint on file herein were passive, derivative and secondary in nature only.

**FOURTH AFFIRMATIVE DEFENSE**

**[Additional Defenses]**

This answering Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. This answering Defendant reserves herein the right to assert

2

1    additional affirmative defenses in the event discovery indicates that additional affirmative

2    defenses are appropriate.

3                              **FIFTH AFFIRMATIVE DEFENSE**

4                              **[Apportionment of Fault]**

5         This answering Defendant alleges that this answering Defendant is not legally

6    responsible in any fashion with respect to damages and injuries claimed by Complainant in their

7    Complaint.  However, if this answering Defendant is found to be legally responsible, then this

8    answering Defendant provisionally alleges that its legal responsibility is not the sole and

9    proximate cause of the injuries alleged by Complainant,

10   and that the damages awarded to Complainant, if any, are to be apportioned according to

11   the respective fault and legal responsibility of all parties, persons and entities or the agents,

12   servants and employees who contributed to and/or caused said injury, according to proof at trial.

13                             **SIXTH AFFIRMATIVE DEFENSE**

14                             **[Assumption of the Risk]**

15        This answering Defendant alleges that Complainant expressly, voluntarily, and

16   knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred

17   either totally or to the extent of said assumption fr    any damages.

18                             **SEVENTH AFFIRMATIVE DEFENSE**

19                             **[Attorney's Fees]**

20        This answering Defendant is informed and believes, and on such information and

21   belief alleges, that pursuant to the CC&R's, Davis-Sterling Act, and *Civil Code* sections 5650(b),

22        5740, 5650(a), 5705(a), 5715(a), 5720(a), 5685, 5658, and 5975, between Complainant

23   and this answering Defendant, an award of attorney's fees will be paid to the party justly

24   entitled to same in the event either party becomes involved in litigation arising out of said

25   CC&R's, Davis-Sterling Act, and *Civil Code* or the performance thereof (which provision is

26   reciprocal pursuant to the provisions of *California Civil Code* section 1717).  It has been

27   necessary for this answering Defendant to retain an attorney to defend the within action and to

28   otherwise protect his rights, and this answering Defendant demands her attorney's

---

3

1  fees both under the CC&R's, Davis-Sterling Act, and *Civil Code* and pursuant to the applicable

2  law of indemnification.

3               **EIGHTH AFFIRMATIVE DEFENSE**

4                    **[Balancing of Conveniences]**

5        This answering Defendant alleges that Complainant is not entitled to the

6  relief requested in the Complaint because such relief would work a substantial hardship on

7  the Defendant relative to the benefit Complainant would gain by such relief.

8               **NINTH AFFIRMATIVE DEFENSE**

9                  **[Breach of Conditions Precedent]**

10       This answering Defendant is informed and believes, and on such information and

11    belief alleges, that the improper conduct of Complainant constituted a breach of conditions

12  which are precedent to any right or theory of recovery against this answering

13  defendant.  or complainant might otherwise be permitted to advance.

14              **TENTH AFFIRMATIVE DEFENSE**

15                     **[Breach of Contract]**

16       This answering Defendant is informed and believes and thereon alleges that

17  actions and omissions by Complainant constituted a breach of contract by

18  Complainant, and such breach excuses any non-performance by this answering Defendant.

19

20           **ELEVENTH AFFIRMATIVE DEFENSE**

21               **[Comparative Fault of Third Parties]**

22       This answering Defendant is informed and believes and upon such information and

23  belief alleges that the accident and the injuries, if any, allegedly suffered by Complainant were

24  proximately caused and contributed to by the negligence of third parties with the Complainant

25  and not this answering Defendant) and that said third parties failed to exercise reasonable care at

26  and prior to the time of said damages, and by reason thereof any recovery by Complainant

27  against this answering Defendant must be reduced by an amount equal to the proportionate fault

28  of said third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

This answering Defendant is informed and believes, and on such information and belief alleges, that if it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Complainant, which supposition is not admitted but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Complainant in this action were proximately caused or contributed to by the other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against this answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Complainant but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE,

### [Comparative Negligence of Complainant]

Complainant, its agents, servants, employees, and independent contractors, acted negligently at the time and place alleged in the Complaint. These negligent acts were the legal cause of their injuries and damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Complete Performance]

This answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

/ /

/ / /

5

113

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Conduct of Defendant Not a Substantial Factor]

This answering Defendant is informed and believes, and on such information and belief alleges, that the tortuous misconduct alleged in the Complaint as against this Defendant, if any, was not a substantial factor in bringing about the alleged injuries to Complainant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortuous misconduct by one or more third parties, including that of Complainant; whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE,

### [Conduct was Justified]

The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing,       Complainant is barred from any recovery against Defendant herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Consent]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant had full knowledge at the time of events thereon alleged and with full knowledge, Complainant consented to said acts and voluntarily invited and assumed same. Complainant is therefore barred from any recovery thereon.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Contribution]

This answering Defendant alleges that the damages suffered by Complainant, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault attributable to this answering Defendant.

6

## NINETEENTH AFFIRMATIVE DEFENSE

### [Contributory Negligence]

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Complainant was negligent, careless, reckless, and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by Complainant.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Costs]

This answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against this answering Defendant. Complainant should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California *Code of Civil Procedure* section 1038.

## TWENTY-FIRST AFFIRMATIVE DEFENSE,

### [Equities Favor Defendant]

This answering Defendant is informed and believes, and on such information and belief alleges, that between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery based upon equitable indemnity as against this answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Estoppel]

This answering Defendant is informed and believes and thereon alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of this Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

7

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Failure to Perform]

At all times mentioned herein, Complainant failed to perform all duties and obligations required on its part under the terms of the CC&R's agreement and such acts or omissions bars recovery by Complainant herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

Complainant, though under a duty to do so, has failed and neglected to mitigate its alleged damages, and, therefore, cannot recover against this answering Defendant, whether as alleged or otherwise.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

The Complaint, and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

This answering Defeendant alleges that neither Complainant's Complaint, nor any cause of action asserted therein, state facts sufficient to constitute a cause of action against this answering Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Financial Abuse]

This answering Defeendant is informed and believes and thereon alleges that Complainant, along with others, engaged in conduct constituting financial abuse against this answering Defendant. As such, Complainant's claims against this answering Defendant are violated. See, *Welf. & Inst. Code* §15657 et seq.

/ / /

/ / /

/ / /

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Frivolous Action]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law the filing of said Complaint against this answering Defendant. The Complainant is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant, as more particularly set forth in California *Code of Civil Procedure* section 128.5.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Intentional Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action alleged therein, is barred by Complainant's intentional conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Inspection and Approval]

This answering Defendant is informed and believes, and on such information and belief alleges, that following the performance and services by Defendant, the Complainant and other parties, their agents or employees, inspected and approved the conditions of the subject property and work performed by this Defendant as satisfactory, thereby waiving any claim for damages, negligence, indemnity, breach of warranty and/or breach of contract as alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### [Intervening Superseding Causes]

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Complainant complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

9

Complainant complains, thus barring Complainant from any recovery against this answering Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### [Justification]

This answering Defendant alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, and by reason of the foregoing incidents, the conduct of this answering Defendant was justified, Complainant is barred from any recovery against this answering Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### [Laches]

Complainant waited an unreasonable period of time before asserting its claims, if any, against this answering Defendant, and is barred from asserting such claims under the doctrine of laches.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### [Lack of Equity]

As between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### [Limitation of Non-Economic Damages]

This answering Defendant is informed and believes, and on such information and belief alleges, that pursuant to *California Civil Code* section 1431.2, the right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering Defendant. Additionally, the liability of Defendant is several and not joint, with respect to non-economic damages, and each Defendant is liable only for the amount of non-economic damages, being defined as:

"subjective, non-monetary losses, including but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society, companionship and consortium, injury to reputation and humiliation."

10

118

1    Therefore, if liability is found as to this answering Defendant, neither Defendant nor

2    Complainant are entitled to recover from this answering Defendant, any non-economic damages

3    which are allocable to other responsible parties or non-parties, whether served or unserved.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### [Mediation]

7    This answering Defendant alleges that the CC&R's and Davis-Sterling Act

8    allegedly entered into between  Complainant          and this answering Defendant provides

9    for mediation of any dispute arising from the transaction.  Pursuant to the mediation clause,

10    because         Complainant brought this action without first attempting to resolve this matter

11    through mediation with proper notice, Complainant is not entitled to a recovery of

12    attorney's fees, should they prevail in their action, as alleged in Complainant's

13    Complaint. *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1100.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Misrepresentation of Property]

16    This answering Defendant is informed and believes, and on such information and belief alleges,

17    that none of the acts attributed to Defendant proximately caused the injuries

18    and/or damages alleged in the Complaint in that any such causation was superseded by an

19    intentional, criminal and fraudulent act of a third party,  Complainant, in misrepresenting

20    the condition of the property, thus barring or diminishing Complainant's recovery herein.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Negligence of Others]

24    This answering Defendant is informed and believes, and on such information and belief

25    alleges, that the incident, injuries, and damages mentioned in the Complaint were proximately

26    caused and/or contributed to by the negligence of the Complainant in that Complainant did not

27    exercise ordinary care in its own behalf at the time and place alleged.

28    Therefore, said negligence bars recovery by Complainant or, in the alternative, it reduces

11

the right of recovery to Complainant by that amount which said negligence contributed to incident as set forth under the doctrine of comparative negligence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### [No Reliance]

This answering Defendant is informed and believes, and on such information and belief alleges, that this answering Defendant did not make any warranties or guarantees, expressed, implied, or apparent, upon which Complainant may rely.

### FORTIETH AFFIRMATIVE DEFENSE

#### [Offset/Credit]

Complainant has heretofore received compensation for the damages alleged in the Complaint under circumstances entitling this answering Defendant to an offset and credit against any judgment herein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### [Ratification]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant approved the acts and/or omissions, if any, of this answering Defendant and ratified same; consequently, Complainant is barred from recovery as against this answering Defendant.

### FORTY-SECOND AFFIRMATIVE DEFENSE,

#### [Release]

This answering Defendant is informed and believes, and on such information and belief alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by and between Complainant and Defendant, whether known or unknown, arising out of or in connection with the claims of injuries and/or damages alleged in the Complaint, were released and extinguished as a result of a prior settlement for good and valuable consideration, thereby barring enforcement of the existing obligations and/or claims pursuant to *California Code of Civil Procedure* sections 1541 and 1542.

12

## FORTY-THIRD AFFIRMATIVE DEFENSE

### [Right of Third-Party Defendant]

This answering Defendant asserts all defenses available against Complainant

pursuant to *California Code of Civil Procedure* section 428.70.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### [Several Liability]

This answering Defendant is informed and believes and on that basis alleges that, along with the Complainant, other third parties are responsible for Complainant's economic and non-economic damages, if any, pursuant to *Civil Code* sections 1431, 1431.2, 1431.3, 1431.4 and 1431.5, in that Complainant's recovery against this answering Defendant for any non-economic damages is barred except as to those non-economic damages specifically apportioned to this answering Defendant.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### [Several Liability for Non-Economic Damages]

The right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering defendant pursuant to California *Civil Code* section 1431.2.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### [Standard of Care]

This answering Defendant is informed and believes, and on that basis alleges, that this answering Defendant alleges Complainant is barred and precluded from any recovery in this action because this answering Defendant at all times complied with the applicable standard of care required of a property purchaser of the type of this answering Defendant, at the time and location where the subject property was purchased while Complainant failed to perfect its claim.

/ / /

/ / /

13

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Statute of Limitations]

This answering Defendant alleges that the causes of action set forth in the Complaint are barred by the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(a), 338(b), 339(1), 340(1), 340(3), 343 and 359 of the *Code of Civil Procedure* of the State of California.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Subrogation]

This answering Defendant is informed and believes and thereon alleges that Complainant was reimbursed for a portion of the claimed damages by another third party, that Complainant has subrogated to that third party a portion of the damages claimed herein; and that by virtue of the subrogation, Complainant has failed to name indispensable parties, thus barring Complainant's recovery herein.

### FORTY-NINTH AFFIRMATIVE DEFENSE

#### [Unclean Hands]

Complainant is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

### FIFTIETH AFFIRMATIVE DEFENSE

#### [Unilateral Mistake of Fact]

The contract set forth in the Complaint is voidable and can be rescinded by this answering Defendant because a unilateral mistake of material fact existed. The mistake of fact was not caused by the neglect of a legal duty on the part of this Defendant and was either an unconscious or forgetfulness of a past or present fact material to the contract, or a belie in the present existence of such a thing, which has not existed and was, either due to the fault of other third parties or due to the other paries knowing or having reason to know that a mistake existed.

/ / /

14

122

### FIFTY-FIRST AFFIRMATIVE DEFENSE

#### [Unreasonable Delay]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant has unreasonably delayed in filing its Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in its defense of the action, thereby barring or diminishing Complainant's recovery herein.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

#### [Untimely Notice]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's action is barred by its failure to provide Defendant with written notice within a reasonable amount of time of the alleged outstanding amounts owed by Jamie Gallian.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

#### [Violation of Due Process]

Complainant waited an unreasonable period before asserting its claims, if any, against this answering Defendant, and thereby has violated this Defendant's right to due process as guaranteed by the California and United States Constitutions and has thereby irreparably prejudiced this Defendant's ability to adequately defend itself against Complainant's claims.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

#### [Waiver]

This answering Defendant is informed and believes and thereon alleges that Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. The performance, services, and supplying of materials of this answering Defendant, Complainant, and their agents, inspected and approved the condition of

15

1 | the subject property, and work materials supplied by this answering Defendant, and agreed

2 | and approved that the subject property, materials, products, and work was satisfactory, thereby

3 | waiving any further claim for damages as alleged in the Cross-Complaint.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

4

5 | **[Complainant Creditor Not Harmed By Alleged Voidable Transaction]**

6 | This answering Defendant is informed and believes, and on that basis alleges, that:

7 | 1. Complainant was not harmed or injured in any manner by the allegedly voidable

8 | transfer because this transfer did not put beyond the Complainant's reach any property that it

9 | would have been able to obtain, subject to the payment of its alleged claim against Jamie Gallian.

10 | 2. The subject property transferred was in fact not available, or subject to the

11 | Complainant's claim against Jamie Gallian the property conveyed was exempt from attachment

12 | and execution under *Code of Civil Procedure* Sections 704.710–704.850 in that Jamie Gallian

13 | actually resided in the dwelling on the subject property and same constituted her principal

14 | residence and her equity in the property did not exceed the amount of the exemption to which

15 | she was entitled pursuant to *Code of Civil Procedure* section 704.730(a).

16 | 3. The transfer is not voidable because this answering Defendant conveyed

17 | unencumbered title to the subject property in good faith and for a reasonably equivalent value

18 | given to Jamie Gallian, pursuant to *Civil Code* section 3439.08(a).

19

20 | **WHEREFORE**, Defendant prays for judgment as follows:

21

22 | 1.    That this Court determines the rights, duties and obligations of the parties to this

23 | action;

24 | 2.    That this answering Defendant be awarded cost of suit incurred herein;

25 | 3.    Reasonable attorney's fees pursuant to California *Code of Civil Procedure*

26 | § 1021.1 and 1021.6;

27 | 4.    Reasonable attorney's fees pursuant to contract;

28

<center>16</center>

5.   Investigative costs;

6.   Full and complete indemnity;

7.   Equitable indemnity on a comparative fault basis;

8.   For such other and further relief as the Court deems just and proper; and

9.   Demand foor jury trial.

Dated:  October 28, 2021                    RESPECTFULLY SUBMITTED,

                                            JAMIE LYNN GALLIAN

17

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT; DEFENDANT JAMIE LYNN GALLIAN, <u>AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY</u>** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021**,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| | ROBERT MCLELLAND | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Cont.

- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
drive.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 4**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

1
2
3
4
5
6
7
8
9

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>       Debtor.<br>_____<br><br>HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>       Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>       Defendant. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC<br><br>**JOINT PRETRIAL STIPULATION**<br><br><u>Pretrial Conference</u><br>Date:    September 27, 2022<br>Time:    1:30 p.m.<br>Ctrm:    5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

22    TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

23    AND ALL INTERESTED PARTIES:

24        Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

25    MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

26    Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

27    record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

28    and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

4886-1591-1427,v.1

EXHIBIT 4 PAGE
129

A.    <u>Undisputed Facts:</u>

The following facts are admitted and require no proof:

1.    Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.    On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.    The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.    Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.    The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.    JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.    Debtor formed JSC on or around October 18, 2018.

8.    On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.    In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.    On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.    On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

14.     On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15.     Ronald Pierpont is Debtor's ex-husband.

16.     On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17.     Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18.     Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19.     Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20.     On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21.     On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22.     On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23.     On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24.     On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

3
JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

25.    On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.    On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.    On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.    Debtor has not received a discharge in the Bankruptcy Case.

29.    On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.    On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.    On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.    On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.    Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

1    34.    The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that

2    this action arises in and relates to the Bankruptcy Case.

3    35.    Venue properly lies in the Central District of California in that this AP arises in or is

4    related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

5    B.    Disputed Facts:

6    The following issues of fact, and no others, remain to be litigated:

7    1.    Houser Bros. is the owner of and/or has a right of possession regarding several acres

8    of real property in Huntington Beach California. The real property has been improved with both (a) a

9    senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as

10   the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the

11   "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the

12   real property and is operated by an independent Homeowners Association ("Association"). Both the

13   Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is

14   controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have

15   complete and unfettered access to both communities.

16   2.    On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an

17   individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for

18   failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane,

19   Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan

20   Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2]

21   Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment")

22   resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

23   (a) No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

24   (b) The Park was entitled to a Writ of Possession provided no lock-out could occur

25   prior to November 4, 2018;

26   (c) Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

27

28   _____
     [2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for
     reconsideration to intervene and TRO to stay writ of possession.

1            or the mobilehome would be subject to a warehouse lien auction;

2          (d) The Park was to review any prospective buyers in accordance with Mobilehome

3            Residency Law ("MRL");

4          (e) The sale of the mobilehome was to proceed via escrow; and

5          (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

6            interest.

7    3.   On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the

8        Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date

9        or Transfer Date" as November 1, 2018 ("Ryan Release Form").

10   4.   On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the

11        Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date

12        of transfer ("Ryan Notice of Sale or Transfer").

13   5.   The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000.

14        Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales

15        proceeds of 4476 Alderport.

16   6.   The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase

17        agreement.

18   7.   On November 19, 2018, Debtor emailed an application ("Application") to the management

19        office for the Park.

20   8.   On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her

21        Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the

22        Denial Letter.

23   9.   Defendant admits that there (a) exists a security agreement ("Security Agreement") between

24        JSC and herself where she lent JSC $225,000 in exchange for a security interest in the

25        Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for

26        $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC

27        Debtor also held an ownership interest in at the time.

28

<div align="center">6

JOINT PRETRIAL STIPULATION</div>

<div align="right">EXHIBIT 4 PAGE
134</div>

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

7

JOINT PRETRIAL STIPULATION

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

8
JOINT PRETRIAL STIPULATION

4886-1591-1427,v. 1

1    caused Plaintiff damage including but not limited to not receiving rent from an approved

2    tenant, attorneys' fees arising from Debtor's trespass, and other costs.

3    33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular

4    debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for

5    relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties

6    consent to the entry of final orders and judgments by the Bankruptcy Court.

7    ## C.    The Following Issues of Law are Stipulated

8    **First Claim for Relief – 523(a)(2) Fraud.**

9    1.    "A discharge under . . . this title does not discharge an individual debtor from any

10   debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

11   extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a

12   statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

13   2.    "The Bankruptcy Code has long prohibited debtors from discharging liabilities on

14   account of their fraud, embodying a basic policy animating the Code of affording relief only to an

15   'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

16   3.    "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . .

17   for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

18   obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

19   4.    A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a

20   preponderance of the evidence by demonstrating five elements:

21        a)    The debtor made representations;

22        b)    That at the time he or she knew they were false;

23        c)    That he or she made them with the intention and purpose of deceiving the

24              creditor;

25        d)    That the creditor relied on such representations; and

26        e)    That the creditor sustained the alleged loss and damage as the proximate result

27              of the misrepresentations having been made.

28   *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

4886-1591-1427,v.1

EXHIBIT 4 PAGE
137

5.      Typically, a finding of a debt due to fraud is all that is necessary to satisfy § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

**Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

6.      "A discharge . . . does not discharge an individual debtor from any debt– for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

7.      The "willful" and "malicious" requirements are conjunctive and subject to separate analysis. *Id.*

8.      The injury-producing conduct must be tortious to be exempted from discharge under § 523(a)(6). *Id.* at *27.

9.      Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.* (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

10.     Trespass is a tort under California law.

11.     Trespass is an unlawful interference with possession of property. The elements of trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional, reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

12.     It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession. No averment of title in plaintiff is necessary. [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

13.     The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v. Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

1   the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2   sufficient basis for nondischargeability under Section 523(a)(6)."].

3       14.    The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4   *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5   whether a defendant's actions amount to conversion under California law is not dispositive regarding

6   whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7       15.    To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8   conversion has occurred under California law, and second that the conversion is willful and

9   malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10  9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11  § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12      16.    Conversion, under California law, is the "wrongful exercise of dominion over the

13  property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14  elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15  property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16  Damages. *Id.* at 1405.

17      17.    An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18  subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19  Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20      18.    The injury must be "deliberate or intentional, not merely a deliberate or intentional

21  act that leads to injury." *Id.*

22      19.    A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23  *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24      20.    An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25  Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26  *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27  *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28      21.    Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

1  *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2      22.    The intentional conversion of another's property without its knowledge or consent and

3  without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4  U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5  *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6          **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7      23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8  hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9  this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10  transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11  before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12     24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13         1.    A disposition of property, such as a transfer or concealment;

14         2.    A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15             through the act [of] disposing of the property;" and

16         3.    It must occur within one year before filing bankruptcy.

17  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18  Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19     25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20  tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21  1200 (9th Cir. 2010).

22     26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23  *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24     27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25  *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26     28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27  "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28  *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

1  23, 2016).

2      29.    In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of

3  fraud" may support a finding of fraudulent intent:

4          These factors, not all of which need be present, include (1) a close

5          relationship between the transferor and the transferee; (2) that the transfer

6          was in anticipation of a pending suit; (3) that the transferor Debtor was

7          insolvent or in poor financial condition at the time; (4) that all or

8          substantially all of the Debtor's property was transferred; (5) that the

9          transfer so completely depleted the Debtor's assets that the creditor has

10         been hindered or delayed in recovering any part of the judgment; and

11         (6) that the Debtor received inadequate consideration for the transfer.

12  *In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re*

13  *Ellison*, 2016 Bankr.LEXIS 3475, at *25.

14     30.    If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed

15  interest in such property extended into the one year period prior to bankruptcy, then discharge should

16  be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing

17  concealment" doctrine and held that defendant's transfer, made more than a year before her petition,

18  provided evidence of defendant's active concealment of property in which she continued to retain a

19  secret interest.].

20     31.    If a debtor's income funds all mortgage, insurance, and maintenance payments on

21  property held in the name of another party, she may be found to have fraudulently concealed her

22  interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

23              **Fourth Claim for Relief – 727(a)(4) False Oath**

24     32.    "The Court shall grant the debtor a discharge, unless-the debtor knowingly and

25  fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

26     33.    To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of

27  the evidence, that:

28          A.    The debtor made a false oath in connection with the case;

---

13

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

1          B.      The oath related to a material fact;

2          C.      The oath was made knowingly; and

3          D.      The oath was made fraudulently.

4   *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*,

5   331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

6          34.    The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors

7   have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at

8   1196.

9          35.    "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883

10  (B.A.P. 9th Cir. 2005).

11         36.    A fact is "material" if it "bears a relationship to the debtor's business transactions or

12  estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the

13  debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

14         37.    An omission or misstatement that "detrimentally affects administration of the estate"

15  is material. Id.

16         38.    A false statement or omission may be material even without "direct financial

17  prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

18         39.    A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

19  *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

20         40.    A demonstration of fraudulent intent requires a showing that: 1) The debtor made the

21  representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew

22  they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors.

23  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

24         41.    Intent is usually proven by circumstantial evidence or inferences drawn from the

25  debtor's conduct. Id. at 1199.

26         42.    "Reckless indifference or disregard for the truth" may be circumstantial evidence of

27  intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th

28  Cir. 2007).

<div align="center">14</div>
<div align="center">JOINT PRETRIAL STIPULATION</div>

4886-1591-1427,v.1

43.    The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at *18 (B.A.P. 9th Cir. Apr. 16, 2021).

**Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets**

44.    "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.    Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.    Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.    <u>The Following Issues of Law, and no others, Remain to be Litigated (LBR 7016-1(b)(2)(C)):</u>

1.    First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.    Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.    Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.    Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.    Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.    Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any creditor who was defrauded nor is there any such creditor.  It also fails to allege with

4886-1591-1427,v.1

1    any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

2    Affirmative Defense is a valid bar to this claim.

3    7.  Does the Second Claim for relief state a valid claim for conversion?   Under California Law

4    conversion is the wrongful exercise of dominion over personal property of another.   Moore

5    v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that

6    a trespass can give rise to a claim of conversion of the personal property on the real property

7    of Plaintiff and does not stand for the proposition that a trespass on real property is also a

8    conversion unless plaintiff can prove that it was deprived of that personal property with a

9    superior right to possession.  The Second Claim does not identify any personal property that

10   the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

11   valid claim for relief and is barred by Debtor's 25th affirmative defense.

12   8.  Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

13   estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

14   Section 798.74?  Debtor submitted an application for residency on November 19,2018 on

15   behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

16   Debtor's credit score was insufficient although she was not the applicant. California Civil

17   Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

18   days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

19   rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

20   charges of the park. unless management  reasonably determines the purchaser will not

21   comply with the rules and regulations of the park.  Plaintiff did not comply with its

22   mandatory obligations after receiving J. Sandcastle's application but responded only with a

23   classic non sequitur that did not address the issue of financial ability to pay of the purchaser

24   nor did assert any claim that its rules and regulations would not be followed.   California

25   Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

26   favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

27   mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

28   created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

16

JOINT PRETRIAL STIPULATION

EXHIBIT 4, PAGE
144

court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

9.  Does the Third Claim for Relief state a valid claim for relief?  This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.   See debtor's 25th affirmative defense.

10. Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

11. Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

E.    Exhibits[3]

Set forth below is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

Plaintiff's Exhibit List:

Unless otherwise noted, the Parties stipulate to the admission into evidence of the following documents and no additional foundation or authenticity shall be required:

1.      The Gables Judgment. No objection.

2.      The Ryan Complaint. No objection.

3.      The Stipulated Judgment. No objection.

4.      The Ryan Release Form. No objection.

5.      The Ryan Notice of Sale or Transfer. No objection.

---

[3] See Defendant's Exhibit List attached here as Exhibit "1."

17

4886-1591-1427,v.1

6.    The Application. <u>No objection</u>.

7.    The Denial Letter. <u>No objection</u>.

8.    The complaint in the BS Investors Action. <u>No objection</u>.

9.    The docket in the BS Investors Action. <u>No objection</u>.

10.   The Security Agreement, accompanied by the Note. <u>No objection</u>.

11.   The NTQ. <u>No objection</u>.

12.   The OCSC Complaint. <u>No objection</u>.

13.   The docket in the OCSC Action. <u>No objection</u>.

14.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027030002. <u>No objection</u>.

15.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940002. <u>No objection</u>.

16.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940003. <u>No objection</u>.

17.   A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser and Kathryn Curtiss, Document No. 7602794004. <u>No objection</u>.

18.   A January 18, 2019, California Department of Housing and Community Development ("HCD") "Title Search" regarding the Property. <u>No objection</u>.

19.   A July 23, 2020, HCD "Title Search" regarding the Property. <u>No objection</u>.

20.   A June 7, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

21.   An August 10, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

22.   A September 21, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

23.   An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the Property. <u>No objection</u>.

24.   An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018, regarding the Property. <u>No objection</u>.

25.   An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the Property. <u>No objection</u>.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4, PAGE

26.    An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. No objection.

27.    An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. No objection.

28.    Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. No objection.

29.    Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. No objection.

30.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. No objection.

31.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. No objection.

32.    Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. No objection.

33.    Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. No objection.

34.    Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. No objection.

35.    Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. No objection.

36.    Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. No objection.

37.    Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. No objection.

38.    Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. No objection.

39.    The Exemption Motion. No objection.

40.    The Exemption Opposition. No objection.

19

JOINT PRETRIAL STIPULATION

EXHIBIT 4, PAGE
147

41.   The Exemption Reply. No objection.

42.   "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed

      Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. No objection.

43.   The Employment Application. No objection.

44.   The Exemption Order. No objection.

45.   The Complaint. No objection.

46.   The Answer. No objection.

F.    Witnesses

      The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

      Plaintiff's Witness List:

1.    Chris Houser, who will testify about Debtor's application to live at the Property, as

      well as her continued occupation of the Property and Houser Bros.'s damages

      therefrom.

2.    Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park

      and its right to possession of the premises in the absence of leases with approved

      tenants.

3.    Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at

      the Property.

4.    Debtor, who will testify about her conduct including knowingly trespassing and

      converting Plaintiff's property and her transfers of assets and liens.

5.    Janine Jasso, if necessary.

6.    Greg Buysman, if necessary.

7.    Vivienne Alston, if necessary.

      Debtor's Witness List:

1.    See Debtor's Witness List attached as Exhibit "2."

G.    Other Matters

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4 PAGE
148

Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions:

1.

**H.     Discovery**

All discovery is complete.

**I.     Readiness for Trial**

The Parties are ready for trial.

**J.     Estimated Length of Trial**

The estimated length of trial is two days.

/ / /

/ / /

/ / /

/ / /

/ / /

**K.     Binding Admissions**

The foregoing admissions have been made by the Parties, and the Parties have specified the foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

DATED: September 13, 2022          MARSHACK HAYS LLP

                                                   /s/ D. Edward Hays
                                        By: _____
                                                D. EDWARD HAYS
                                                LAILA MASUD
                                                BRADFORD N. BARNHARDT
                                                Attorneys for Plaintiff,
                                                HOUSER BROS. CO. dba RANCHO DEL
                                                REY MOBILE HOME ESTATES

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

EXHIBIT 4, PAGE
149

DATED: September _13__, 2022        By: *Jamie Lynn Gallian*
                                        JAMIE LYNN GALLIAN

Subject to Debtors Witness List to Be Added.

Subject to Debtors Additional Exhibits List to be incorporated.



22
JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 4 PAGE
150

**EXHIBIT 1**

EXHIBIT 4 PAGE 151

**Debtor/Defendant's Additional Exhibits to include:**

1. Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2. Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors

Homestead Exemption.

3. Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4. Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-

2017-00913985

    a. Complaint 4/11/2017

    b. FAC 5/16/2017

    c. Minute Order 3/2/2018

     . Reporters Transcript of MSC 3/2/2018.

    d. Minute Order 6/4/2018

     Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

    e. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

    f. Minute Order 7/19/2018

      1. Reporters Transcript of HOAs MOT 7/19/2018

    g. 11/16/2018 Security Agreement & Promissory Note(s)

      1. Lender

      2. Holder, Jamie L Gallian

      3. Holder, J-Pad, LLC.

    h. Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte

Application  to Continue Jury Trial; Minute Order November 8, 2018

    i. Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte

Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

    j. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package,

Declarations, Exhibits.

l.  May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award

per May 6, 2019 Order approximately $1215.00.

n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included

with filed Motion under 664.6.

O.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L.

Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.   Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management,

Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of

membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent

unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against

eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by

BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed

Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,

Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-

Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert

McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser

Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her

family and brought Locksmith in her home to change the locks to all of the doors without permission to

enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of

home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-

01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123

filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

EXHIBIT 1, PAGE 25
EXHIBIT 4, PAGE
154

**EXHIBIT 2**

EXHIBIT 4, PAGE
155

**Debtor's /Defendant's Witness List:**

1.      Hugh Saddington

2.      Barbara Wertin-Saddington

3.      Sandra Bradley

4.      Craig Houser

5.      Kathryn Curtiss

6.      Ronald Pierpont

7.      Robert McLelland

8.      Greg Buysman

9.      Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 4, PAGE
157



D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

**FILED & ENTERED**

**OCT 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

JAMIE LYNN GALLIAN,

Debtor.

HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES,

Plaintiff,

v.

JAMIE LYNN GALLIAN,

Defendant.

Case No. 8:21-bk-11710-SC

Chapter 7

Adv. No. 8:21-ap-01097-SC

ORDER APPROVING JOINT PRETRIAL
STIPULATION, AND SCHEDULING
ORDER

Pretrial Conference:

Date: September 27, 2022
Time: 1:30 p.m.
Ctrm: 5C
Address: 411 W. Fourth Street
Santa Ana, CA 92701

Trial:
Date: February 23, 2023
Time: 9:30 a.m.
Ctrm: 5C
Address: 411 W. Fourth Street
Santa Ana, CA 92701

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1
ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

EXHIBIT 6, PAGE 381

1    On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary

2    proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons

3    stated on the record during the pretrial conference, HEREBY ORDERS:

4    1.  The "Joint Pretrial Stipulation," Docket No. 37, is approved;

5    2.  An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

6    3.  The Court's following posted procedures will apply and be strictly enforced:

7        ☐    Judge Clarkson's Procedures for Trial by Declaration; or

8        ☒    Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

9    4.  Trial briefs must be filed no later than 14 days prior to trial;

10   5.  All witnesses must be present at the start of trial;

11   6.  Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for

12       Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together

13       with Ms. Gallian, the "Parties") by October 7, 2022;

14   7.  The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the

15       Court no later than one week prior to trial;

16   8.  The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for

17       judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

18   9.  Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by

19       October 18, 2022;

20   10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022;

21       and

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2
ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

EXHIBIT 6, PAGE
382



1    11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom

2        on November 1, 2022, at 1:30 p.m.

3    IT IS SO ORDERED.

4                                              ###

23    Date: October 5, 2022

24                                                        Scott C. Clarkson
                                                          United States Bankruptcy Judge

                                              3
      ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
      4876-3232-1333v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled: **OPPOSITION TO HOUSER BROS MOTION TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF OPPOSITION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 17, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **May 17, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT (VIA U.S. MAIL AND EMAIL TRANSMISSION)**

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 17, 2023 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.