D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

**FILED & ENTERED**

**JUL 07 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | JUDGMENT DENYING DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), AND (a)(5)<br><br>Trial:<br>Date: April 26, 2023<br>Time: 9:30 a.m.<br>Courtroom: 5C |

On April 26, 2023, a trial was held in the above captioned adversary proceeding ("April 26 Trial") on Plaintiff's three claims pursuant to 11 U.S.C. § 727. D. Edward Hays, Esq. and Bradford N. Barnhardt, Esq. appeared on behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Plaintiff"), as did Chris Houser, who appeared and testified as Plaintiff's representative. Greg Buysman was also called as a witness by Plaintiff. Defendant, Jamie Lynn Gallian ("Defendant" or "Debtor"), appeared pro se and testified. All parties were afforded an opportunity to cross-examine witnesses. Plaintiff and Defendant were permitted the opportunity to

1

present evidence in support of their case and defense. Witnesses were sworn and testimony and documentary evidence was received and admitted into evidence.

The Court having heard the testimony and oral argument, having examined the evidence offered by the parties and admitted into evidence, and having reviewed the parties' briefs, as well as Defendant's post-trial declaration filed on May 1, 2023, as Dk. No. 71, and based upon all the evidence, and for the reasons set forth in the Court's Memorandum Decision After Trial Regarding § 727 Claims, entered on May 23, 2023, as Dk. No. 81, the Court has determined that cause exists for Defendant's discharge to be denied. Pursuant to a separate order entered by the Court after a status conference held on June 27, 2023, the Court found that good cause exists and that there is no just reason for delay in entering a final judgment denying Debtor's discharge under 11 U.S.C. § 727 pursuant to Rule 54(b) of the Federal Rules of Civil Procedure applicable here pursuant to Rule 7054(a) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court enters final Judgment in favor of Plaintiff as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Plaintiff and against Defendant on the Third Claim for Relief and that Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(2)(A);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Plaintiff and against Defendant on the Fourth Claim for Relief and that Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(4); and

/ / /

/ / /

2

1     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in
2 favor of Plaintiff and against Defendant on the Fifth Claim for Relief and that Debtor's discharge is
3 denied pursuant to 11 U.S.C. § 727(a)(5).

                                                          # # #

Date: July 7, 2023

                                                          Scott C. Clarkson
                                                          United States Bankruptcy Judge