D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | NOTICE OF MOTION AND MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER FILED WITHOUT LEAVE OF COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>Date:  August 14, 2023<br>Time: 10:30 a.m.<br>Ctrm: 5C<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on August 14, 2023, at 10:30 a.m., in Courtroom 5C, of

the United States Bankruptcy Court, the Motion to Strike Debtor's Post-Trial Answer ("Motion")

filed by Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), will be heard. In the Motion, Houser

Bros. seeks to strike the Amended Answer filed without leave of Court by Jamie Lynn Gallian

1

("Debtor") on June 20, 2023, as Docket No. 93 ("Post-Trial Answer"). The Motion is based upon this notice of motion, the Motion, and memorandum of points and authorities in support thereof, the Declaration of D. Edward Hays, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the Court in support of the Motion.

PLEASE TAKE FURTHER NOTICE that any response to the Motion must be in the form as required by Local Bankruptcy Rule 9013-1(f) and filed with the Clerk of the above-entitled Court no later than 14 days prior to the hearing date set forth above, and a copy served on Marshack Hays LLP to the attention of D. Edward Hays, Laila Masud, and Bradford N. Barnhardt at the address indicated above. A copy of any response must also be served on the Office of the United States Trustee, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701.

DATED: July 11, 2023                          MARSHACK HAYS LLP

                                               /s/ D. Edward Hays
                                        By:_____
                                               D. EDWARD HAYS
                                               LAILA MASUD
                                               BRADFORD N. BARNHARDT
                                               Attorneys for Plaintiff,
                                               HOUSER BROS. CO. dba RANCHO DEL
                                               REY MOBILE HOME ESTATES

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

## 1.    Summary of Argument

The Court, in its discretion, may strike a pleading as redundant, immaterial, or untimely. After the Court's issuance of its memorandum decision to deny Debtor's discharge under 11 U.S.C. § 727, Debtor filed a Post-Trial Answer, which raises issues Debtor did not raise in her previous pleadings and that were not raised during trial. If Debtor were allowed to amend her answer to assert additional affirmative defenses after seeing the Court's ruling against her, it would prejudice Houser Bros. by potentially having to litigate issues that Debtor should have raised earlier. Because Debtor's Post-Trial Answer is untimely and filed without leave, Houser Bros. respectfully requests that the Court enter an order striking it in its entirety.

## 2.    Factual Background

On July 9, 2021, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC ("Bankruptcy Case").

On October 18, 2021, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (defined above as "Houser Bros."), filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)." The filing of the complaint commenced *Houser Bros. Co. v. Gallian (In re Gallian)*, Adversary Proceeding No. 8:21-ap-01097-SC ("AP").

On October 22, 2021, as Docket No. 3, Plaintiff filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

On October 28, 2021, as Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Original Answer"). A true and correct copy of the Original Answer is attached to the Hays Declaration as **Exhibit 1**.

On September 13, 2022, as AP Docket No. 37, Houser Bros. filed a "Joint Pretrial Stipulation" ("PTS"). A true and correct copy of the PTS is attached to the Hays Declaration as **Exhibit 2**.

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER
4886-1591-1427,v.1

1    On October 5, 2022, as AP Docket No. 41, the Court entered an "Order Approving Joint

2  Pretrial Stipulation, and Scheduling Order" ("PTO"). A true and correct copy of the PTO is attached

3  to the Hays Declaration as **Exhibit 3**.

4    On April 26, 2023, the Court held a bifurcated trial on Houser Bros.'s 11 U.S.C. § 727

5  claims. D. Edward Hays, Esq., and Bradford N. Barnhardt, Esq., appeared on behalf of Houser Bros.

6  Debtor appeared *pro se*. All other appearances were as noted on the record.

7    At the conclusion of trial, the Court requested post-trial briefing on the § 727 claims. Houser

8  Bros. and Debtor filed their respective post-trial briefs on May 10, 2023. Docket Nos. 74, 77.

9    Concurrently with its post-trial brief, Houser Bros. filed a "Motion to Amend Complaint"

10 ("Motion to Amend") which sought to amend the complaint to evidence admitted during trial.

11 Docket No. 76.

12    On May 23, 2023, as Docket No. 81, the Court entered "(1) Order Denying Motion to Amend

13 and Vacating Hearing; (2) Memorandum Decision After Trial Regarding § 727 Claims; and

14 (3) Setting Status Conference on Remaining § 523 Claims" ("MOD"). A true and correct copy of the

15 MOD is attached to the Hays Declaration as **Exhibit 4**.

16    On June 20, 2023, as Docket No. 93, Debtor filed her Post-Trial Answer. A true and correct

17 copy of the Answer is attached to the Hays Declaration as **Exhibit 5**.

18    On July 7, 2023, the Court entered:

19    1)  "Judgment Denying Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4), and

20       (a)(5)," Docket No. 100; and

21    2)  "Order After Status Conference Re: 11 U.S.C. § 523 Claims," Docket No. 101.

**3.    Legal Argument**

   **A.    Good cause exists to strike Debtor's Post-Trial Answer.**

24    Pursuant to Rule 7012(a) of the Federal Rules of Bankruptcy Procedure ("FRBP"), if a

25 complaint is duly served, "the defendant shall serve an answer within 30 days after the issuance of

26 the summons, except when a different time is prescribed by the court."

27    Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by FRBP

28 7012(b), provides as follows:

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER
4886-1591-1427,v.1

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

**(1)** on its own; or

**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Although not provided for in FRCP 12(f), an answer (or other pleading) filed beyond the time permitted by the FRCP may be stricken as untimely if the pleader failed to obtain from the court an extension of time or leave to late-file the pleading. *Barefield v. HSBC Holdings PLC*, 2019 U.S.Dist.LEXIS 29710, at *6 (E.D. Cal. Feb. 22, 2019); *see also Ross v. White*, 2018 U.S.Dist.LEXIS 116508, at *4-5 (C.D. Cal. July 11, 2018) (noting that an answer is considered untimely when the pleader fails to adhere to Rule 12 and does not obtain from the court an extension of time or leave to file the pleading late). It is within the court's discretion whether to strike an untimely answer. *Ross*, 2018 U.S.Dist.LEXIS 116508, at *4-5.

Here, Houser Bros. filed its Complaint on October 22, 2021, and filed proof of service on Debtor on October 25, 2021. Docket No. 5. Under FRBP 7012(a), any answer by Debtor was due in November 2021. Debtor timely filed her Original Answer on October 28, 2021. Docket No. 6. Her Post-Trial Answer, however, is approximately 19-months late, filed after trial, and must be stricken.

An order striking Debtor's Post-Trial Answer will not prejudice her. She filed her Original Answer on October 28, 2021, and included several affirmative defenses. Hays Decl. Ex. 1, pgs. 10-14. Debtor further participated in preparing the PTS, which the Court approved by entry of the PTO. Hays Decl.: Ex. 2, pgs. 36-63; Ex. 3, pgs. 65-67. The PTS covered all of Plaintiff's claims and Defendant's defenses and, once approved, superseded the pleadings. Hays Decl. Ex. 2 at 56-57 (PTS, providing that once approved by the Court, "this stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice"); *see also In re Beshmada, LLC*, 2014 U.S.Dist.LEXIS 113951, at *10-11 n.3 (C.D. Cal. Aug. 15, 2014) (noting that a pretrial order generally supersedes the pleadings, and the parties are bound by its contents). In the PTS, Debtor also failed to note any other pretrial motions and admitted that she was ready for trial. See, Dk. No. 37, at pp. 20-21 of 29.

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

1    Debtor's Motion must also be stricken as procedurally improper because she failed to file any

2 motion for leave. Under FRCP 15(b)(2), made applicable by FRBP 7015, a pleading may be

3 amended after trial but only with leave of court. *See* Fed. R. Civ. P. 15(b)(2). Specifically, FRCP

4 15(b)(2) provides:

5        When an issue not raised by the pleadings is tried by the parties' express or implied

6        consent, it must be treated in all respects as if raised in the pleadings. A party may

7        move—at any time, even after judgment—to amend the pleadings to conform them to

8        the evidence and to raise an unpleaded issue. But failure to amend does not affect the

9        result of the trial of that issue.

10   As the court will recall, Plaintiff filed a Motion to Amend the Complaint to conform to the

11 actual evidence admitted during trial. But, the Court in its MOD exercised its discretion to deny

12 Houser Bros.'s Motion to Amend, noting that Houser Bros. had offered "no explanation for why it

13 did not seek to add [a § 727(a)(2)(B)] cause of action until trial . . . ." Hays Decl. Ex. 4 at 72-73.

14 Here, Debtor has failed to even seek leave or demonstrate why she did not seek to add any new

15 alleged defenses until after the Court entered its MOD to deny discharge.

16   The Court's entry of judgment further precludes amendment of Debtor's answer. Once a final

17 judgment has been entered, a court lacks power to rule on a motion to amend unless the party

18 seeking leave first obtains relief under FRCP 59(e) or 60. Thus, leave to amend is only possible if

19 the court agrees to alter or reopen the judgment under Rule 59, if the court agrees to set it aside

20 under Rule 60, or if there is a timely appeal and the judgment is set aside on appeal. *Lindauer v.*

21 *Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("We hold that after final judgment has been entered, a

22 Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60.").

23   Lastly, the Court likely no longer has jurisdiction to hear any motion for leave for Debtor to

24 file an amended answer after trial. On May 23, 2023, the Court entered its MOD to deny discharge.

25 On May 30, 2023, as Dk. No. 83, Debtor filed a notice of appeal of the Court's decision to deny

26 discharge. And, on July 7, 2023, as Dk. No. 100, the Court entered judgment denying discharge.

27 The filing of Debtor's appeal prior to judgment is treated as filed on the date of entry of judgment.

28 Fed. R. Bankr. P. 8002(a)(2). The filing of a notice of appeal is an event of jurisdictional

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

significance which "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). "Absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." *Neary v. Padilla (in re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000). Because Debtor has filed an appeal of this Court's decision, she has effectively removed from this Court's jurisdiction any ability alter or amend the judgment.

**4.    Conclusion**

For the reasons stated above, Houser Bros. requests an order:

1) Granting this Motion;

2) Striking Debtor's Post-Trial Answer in its entirety; and

3) Awarding such further relief as this Court deems just and proper.


DATED: July 11, 2023                          MARSHACK HAYS LLP

                                                        /s/ D. Edward Hays
                                              By: _____
                                                    D. EDWARD HAYS
                                                    LAILA MASUD
                                                    BRADFORD N. BARNHARDT
                                                    Attorneys for Plaintiff,
                                                    HOUSER BROS. CO. dba RANCHO DEL
                                                    REY MOBILE HOME ESTATES

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

# Declaration of D. Edward Hays

I, D. Edward Hays, say and declare as follows:

1.     I am an individual over 18 years of age and competent to make this Declaration.

2.     If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.     The facts set forth below are true of my personal knowledge.

4.     I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.     I am a partner in the law firm of Marshack Hays LLP ("Firm"), attorneys of record for Plaintiff, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

6.     I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.     I make this Declaration in support of Houser Bros.'s Motion to Strike Debtor's Post-Trial Answer ("Motion"). Capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

8.     On July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC.

9.     A true and correct copy of the Original Answer is attached as **Exhibit 1**.

10.    A true and correct copy of the PTS is attached as **Exhibit 2**.

11.    A true and correct copy of the PTO is attached as **Exhibit 3**.

12.    A true and correct copy of the MOD is attached as **Exhibit 4**.

/ / /

/ / /

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

1        13.     A true and correct copy of the Post-Trial Answer is attached as **Exhibit 5**.

2

3        I declare under penalty of perjury that the foregoing is true and correct. Executed on July 11,

4   2023.

5                                          /s/ D. Edward Hays

6                                          D. EDWARD HAYS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

4886-1591-1427,v.1

**EXHIBIT 1**

1    JAMIE LYNN GALLIAN

2    16222 MONTEREY LN. #376

3    HUNTINGTON BEACH, CA 92649

4    (714) 321-3449
5    jamiegallian@gmail.com

6

7

8    **UNITED STATES BANKRUPTCY COURT**
     **CENTRAL DISTRICT OF CALIFORNIA-**
9    **SANTA ANA DIVISION**

10   In re    JAMIE LYNN GALLIAN          )   BK No. :      8:21-bk-11710-ES
11            Debtor(s)                   )
                                          )   ADV. No.:     8:21-ap-01097-ES
12                                        )
13   ================================     )   Chapter 7
                                          )   ANSWER TO COMPLAINT/ DEFENDANT JAMIE
14                                        )   LYNN GALLIAN,  AFFIRMATIVE DEFENSES TO
                                          )   COMPLAINT TO DETERMINE DISCHARGEABILITY
15                                        )   OF DEBT;
16   HOUSER BROS CO, dba RANCHO DEL       )
     REY MOBILEHOME ESTATES               )   STATUS CONFERENCE:
17                                ,       )
              Plaintiff(s),               )   DATE:    JANUARY 6, 2022
18   v.                                   )
                                          )   TIME:    9:30A.M.
19                                        )
20   JAMIE LYNN GALLIAN                   )   PLACE:   United States Bankruptcy Court
                                          )
21                                ,       )           411 W. Fourth St. Crtrm 5A,
              Defendant(s).               )
22                                        )           Santa Ana, CA 92701
                                          )
23

24        COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer to the Complaint on

25   file herein, and by virtue of the provisions of section 431.30( d) of the California Code of Civil Procedure, this answering

26   Defendant denies both generally and specifically each, every and all of the allegations contained in said Complaint, and the

     whole thereof, and further deny that Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums,
27
     or at all. Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies that
28
     Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering

     Defendant, or any agents,servants or employees of this answering Defendant.

1

EXHIBIT 1, PAGE 10

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 4 | X | | |
| Paragraph 5 | X | | |
| Paragraph 6 | | | X |
| Paragraph 7 | | X | |
| Paragraph 8 | | | X |
| Paragraph 9 | | | X |
| Paragraph 10 | | | X |
| Paragraph 11 | X | | |
| Paragraph 12 | | X | |
| Paragraph 13 | | | X |
| Paragraph 14 | | X | |
| Paragraph 15 | X | | |
| Paragraph 16 | X | | |
| Paragraph 17 | | X | |
| Paragraph 18 | X | | |
| Paragraph 19 | | | X |
| Paragraph 20 | | X | |
| Paragraph 21 | X | | |
| Paragraph 22 | X | | |
| Paragraph 23 | X | | |
| Paragraph 24 | X | | |
| Paragraph 25 | | | X |

2

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 26 | x | | |
| Paragraph 27 | x | | |
| Paragraph 28 | x | | |
| Paragraph 29 | x | | |
| Paragraph 30 | x | | |
| Paragraph 31 | x | | |
| Paragraph 32 | | | x |
| Paragraph 33 | | x | |
| Paragraph 34 | | x | |
| Paragraph 35 | | x | |
| Paragraph 36 | | x | |
| Paragraph 37 | | x | |
| Paragraph 38 | | x | |
| Paragraph 39 | | x | |
| Paragraph 40 | | x | |
| Paragraph 41 | | x | |
| Paragraph 42 | | x | |
| Paragraph 43 | | x | |
| Paragraph 44 | | | x |
| Paragraph 45 | | x | |
| Paragraph 46 | | x | |
| Paragraph 46 | | | |

3

EXHIBIT 1, PAGE 12

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 47 | | X | |
| Paragraph 48 | | X | |
| Paragraph 49 | | X | |
| Paragraph 50 | | X | |
| Paragraph 51 | | | X |
| Paragraph 52 | | | X |
| Paragraph 53 | | X | |
| Paragraph 54 | | X | |
| Paragraph 55 | | X | |
| Paragraph 56 | | X | |
| Paragraph 57 | | X | |
| Paragraph 58 | | X | |
| Paragraph 59 | | X | |
| Paragraph 60 | | | X |
| Paragraph 61 | | | X |
| Paragraph 62 | | X | |
| Paragraph 63 | | X | |
| Paragraph 64 | X | | |
| Paragraph 65 | | X | |
| Paragraph 66 | | X | |
| Paragraph 67 | | X | |

4

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 68 | | x | |
| Paragraph 69 | | x | |
| Paragraph 70 | | x | |
| Paragraph 71 | | | x |
| Paragraph 71 | | | |
| Paragraph 72 | | x | |
| Paragraph 73 | | x | |
| Paragraph 74 | | x | |
| Paragraph 75 | | x | |
| Paragraph 76 | | | |
| Paragraph 77 | | | |

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2.      That Defendant be awarded costs of suit, including attorneys' fees, incurred in the defense of this action pursuant to 11 U.S.C. § 523(d); and

3.      For such other and further relief as the court deems just and proper.

DATED: 10/28/2021

_____
Signature

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT; DEFENDANT JAMIE LYNN GALLIAN, AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the **foregoing is true and correct.**

| 10/28/2021 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1, PAGE 15

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Cont.

- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1, PAGE 16

1  JAMIE LYNN GALLIAN

2  16222 MONTEREY LN. #376

3  HUNTINGTON BEACH, CA 92649

4  (714) 321-3449

5  jamiegallian@gmail.com

6

7

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA-**
   **SANTA ANA DIVISION**

10 In re     JAMIE LYNN GALLIAN          )   BK No. :      8:21-bk-11710-ES

11          Debtor(s)                    )   ADV. No.:     8:21-ap-01097- ES
                                         )
12                                       )   Chapter 7
                                         )
13 ═══════════════════════════════       )
                                         )   ANSWER; **DEFENDANT JAMIE LYNN GALLIAN,**
14                                       )   **AFFIRMATIVE DEFENSES TO COMPLAINT TO**
                                         )   DETERMINE DISCHARGEABILITY.
15 HOUSER BROS CO DBA RANCHO             )
16 DEL REY MOBILEHOME ESTATES            )   **STATUS CONFERENCE:**
                                         )
17                                       )   DATE:  JANUARY 6, 2022
              Plaintiff(s),              )
18                                       )   TIME:  9 :30A.M.
19 v.                                    )
   JAMIE LYNN GALLIAN, an individual,    )   PLACE:  United States Bankruptcy Court
20 and DOES 1 through 100, inclusive     )
                                      ,  )          411 W. Fourth St. Crtrm 5A,
21            Defendant(s).              )
22                                       )          Santa Ana, CA 92701
                                         )
23

24       COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer

25 to the  Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the California

26 Code of Civil Procedure, this answering Defendant denies both generally and specifically each, every and

27 all of the allegations contained in said Complaint, and the whole thereof, and further deny that

   Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.

28 Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies

   that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part

   of this answering Defendant, or any agents,servants or employees of this answering Defendant.

1

## FIRST AFFIRMATIVE DEFENSE

### [Action in Bad Faith]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant. Complainant should, therefore, be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in *California Code of Civil Procedure* section 1038.

## SECOND AFFIRMATIVE DEFENSE

### [Active Negligence of Complainant]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's conduct, was such that all liability based thereon was active and primary in nature, to preclude any recovery sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### [Active Versus Passive Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the negligence of Complainant was active and primary and proximately caused any alleged damages or injuries alleged in the Complaint, whereas the conduct and participation, if any, of this answering Defendant, in the events alleged in Complainant's Complaint on file herein were passive, derivative and secondary in nature only.

## FOURTH AFFIRMATIVE DEFENSE

### [Additional Defenses]

This answering Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. This answering Defendant reserves herein the right to assert

2

1  additional affirmative defenses in the event discovery indicates that additional affirmative
2  defenses are appropriate.

### FIFTH AFFIRMATIVE DEFENSE
#### [Apportionment of Fault]

5      This answering Defendant alleges that this answering Defendant is not legally
responsible in any fashion with respect to damages and injuries claimed by Complainant in their
Complaint.  However, if this answering Defendant is found to be legally responsible, then this
answering Defendant provisionally alleges that its legal responsibility is not the sole and
proximate cause of the injuries alleged by Complainant,
and that the damages awarded to Complainant, if any, are to be apportioned according to
the respective fault and legal responsibility of all parties, persons and entities or the agents,
servants and employees who contributed to and/or caused said injury, according to proof at trial.

### SIXTH AFFIRMATIVE DEFENSE
#### [Assumption of the Risk]

      This answering Defendant alleges that Complainant expressly, voluntarily, and
knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred
either totally or to the extent of said assumption fr     any damages.

### SEVENTH AFFIRMATIVE DEFENSE
#### [Attorney's Fees]

      This answering Defendant is informed and believes, and on such information and
belief alleges, that pursuant to the CC&R's, Davis-Sterling Act, and *Civil Code* sections 5650(b),
5740, 5650(a), 5705(a), 5715(a), 5720(a), 5685, 5658, and 5975, between Complainant
and this answering Defendant, an award of attorney's fees will be paid to the party justly
entitled to same in the event either party becomes involved in litigation arising out of said
CC&R's, Davis-Sterling Act, and *Civil Code* or the performance thereof (which provision is
reciprocal pursuant to the provisions of *California Civil Code* section 1717).  It has been
necessary for this answering Defendant to retain an attorney to defend the within action and to
otherwise protect his rights, and this answering Defendant demands her attorney's

3

1  fees both under the CC&R's, Davis-Sterling Act, and *Civil Code* and pursuant to the applicable

2  law of indemnification.

### EIGHTH AFFIRMATIVE DEFENSE

**[Balancing of Conveniences]**

This answering Defendant alleges that Complainant is not entitled to the

relief requested in the Complaint because such relief would work a substantial hardship on

the Defendant relative to the benefit Complainant would gain by such relief.

### NINTH AFFIRMATIVE DEFENSE

**[Breach of Conditions Precedent]**

This answering Defendant is informed and believes, and on such information and

belief alleges, that the improper conduct of Complainant constituted a breach of conditions

which are precedent to any right or theory of recovery against this answering

defendant.  or complainant might otherwise be permitted to advance.

### TENTH AFFIRMATIVE DEFENSE

**[Breach of Contract]**

This answering Defendant is informed and believes and thereon alleges that

actions and omissions by Complainant constituted a breach of contract by

Complainant, and such breach excuses any non-performance by this answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

**[Comparative Fault of Third Parties]**

This answering Defendant is informed and believes and upon such information and

belief alleges that the accident and the injuries, if any, allegedly suffered by Complainant were

proximately caused and contributed to by the negligence of third parties with the Complainant

and not this answering Defendant) and that said third parties failed to exercise reasonable care at

and prior to the time of said damages, and by reason thereof any recovery by Complainant

against this answering Defendant must be reduced by an amount equal to the proportionate fault

of said third parties.

4

EXHIBIT 1, PAGE 20

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

This answering Defendant is informed and believes, and on such information and belief alleges, that if it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Complainant, which supposition is not admitted but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Complainant in this action were proximately caused or contributed to by the other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against this answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Complainant but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE,

### [Comparative Negligence of Complainant]

Complainant, its agents, servants, employees, and independent contractors, acted negligently at the time and place alleged in the Complaint. These negligent acts were the legal cause of their injuries and damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Complete Performance]

This answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

/ /

/ / /

EXHIBIT 1, PAGE 21

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Conduct of Defendant Not a Substantial Factor]

This answering Defendant is informed and believes, and on such information and belief alleges, that the tortuous misconduct alleged in the Complaint as against this Defendant, if any, was not a substantial factor in bringing about the alleged injuries to Complainant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortuous misconduct by one or more third parties, including that of Complainant; whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE,

### [Conduct was Justified]

The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing,          Complainant is barred from any recovery against Defendant herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Consent]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant had full knowledge at the time of events thereon alleged and with full knowledge, Complainant consented to said acts and voluntarily invited and assumed same. Complainant is therefore barred from any recovery thereon.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Contribution]

This answering Defendant alleges that the damages suffered by Complainant, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault attributable to this answering Defendant.

6

## NINETEENTH AFFIRMATIVE DEFENSE

### [Contributory Negligence]

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Complainant was negligent, careless, reckless, and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by Complainant.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Costs]

This answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against this answering Defendant. Complainant should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California *Code of Civil Procedure* section 1038.

## TWENTY-FIRST AFFIRMATIVE DEFENSE,

### [Equities Favor Defendant]

This answering Defendant is informed and believes, and on such information and belief alleges, that between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery based upon equitable indemnity as against this answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Estoppel]

This answering Defendant is informed and believes and thereon alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of this Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### [Failure to Perform]

At all times mentioned herein, Complainant failed to perform all duties and obligations required on its part under the terms of the CC&R's agreement and such acts or omissions bars recovery by Complainant herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### [Failure to Mitigate]

Complainant, though under a duty to do so, has failed and neglected to mitigate its alleged damages, and, therefore, cannot recover against this answering Defeendant, whether as alleged or otherwise.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### [Failure to State a Claim]

The Complaint, and each and every purported count thereof, fails to state a claim for which relief can be granted against this answering Defeendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### [Failure to State a Cause of Action]

This answering Defeendant alleges that neither Complainant's Complaint, nor any cause of action asserted therein, state facts sufficient to constitute a cause of action against this answering Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### [Financial Abuse]

This answering Defeendant is informed and believes and thereon alleges that Complainant, along with others, engaged in conduct constituting financial abuse against this answering Defeendant. As such, Complainant's claims against this answering Defeendant are violated. See, *Welf. & Inst. Code* §15657 et seq.

/ / /

/ / /

/ / /

8

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### [Frivolous Action]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law the filing of said Complaint against this answering Defendant.  The Complainant is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant, as more particularly set forth in California *Code of Civil Procedure* section 128.5.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### [Intentional Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action alleged therein, is barred by Complainant's intentional conduct.

### THIRTIETH AFFIRMATIVE DEFENSE

#### [Inspection and Approval]

This answering Defendant is informed and believes, and on such information and belief alleges, that following the performance and services by Defendant, the Complainant and other parties, their agents or employees, inspected and approved the conditions of the subject property and work performed by this Defendant as satisfactory, thereby waiving any claim for damages, negligence, indemnity, breach of warranty and/or breach of contract as alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### [Intervening Superseding Causes]

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Complainant complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

9

Complainant complains, thus barring Complainant from any recovery against this

answering Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### [Justification]

This answering Defendant alleges that Complainant engaged in conduct and activities with

respect to the subject of this litigation, and by reason of the foregoing incidents,

the conduct of this answering Defendant was justified, Complainant is barred from any recovery

against this answering Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### [Laches]

Complainant waited an unreasonable period of time before asserting its claims, if any,

against this answering Defendant, and is barred from asserting such claims under the doctrine

of laches.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### [Lack of Equity]

As between this answering Defendant and Complainant, the equities do not

preponderate in favor of Complainant to allow recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### [Limitation of Non-Economic Damages]

This answering Defendant is informed and believes, and on such information and belief alleges,

that pursuant to *California Civil Code* section 1431.2, the right of Complainant to recovery

herein, if any right exists, is reduced and limited to the percentage of negligence attributable to

this answering Defendant.  Additionally, the liability of Defendant is several and not joint, with

respect to non-economic damages, and each Defendant is liable only for the amount of

non-economic damages, being defined as:

"subjective, non-monetary losses, including but not limited to, pain, suffering, inconvenience,

mental suffering, emotional distress, loss of society, companionship and consortium, injury to

reputation and humiliation."

10

EXHIBIT 1, PAGE 26

1    Therefore, if liability is found as to this answering Defendant, neither Defendant nor

2   Complainant are entitled to recover from this answering Defendant, any non-economic damages

3   which are allocable to other responsible parties or non-parties, whether served or unserved.

4

5               **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

6

7                        [Mediation]

        This answering Defendant alleges that the CC&R's and Davis-Sterling Act

8   allegedly entered into between  Complainant            and this answering Defendant provides

9   for mediation of any dispute arising from the transaction.  Pursuant to the mediation clause,

10  because        Complainant brought this action without first attempting to resolve this matter

11      through mediation with proper notice, Complainant is not entitled to a recovery of

12          attorney's fees, should they prevail in their action, as alleged in Complainant's

13  Complaint. *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1100.

14              **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

15                  [Misrepresentation of Property]

16  This answering Defendant is informed and believes, and on such information and belief alleges,

17                  that none of the acts attributed to Defendant proximately caused the injuries

18  and/or damages alleged in the Complaint in that any such causation was superseded by an

19  intentional, criminal and fraudulent act of a third party,  Complainant, in misrepresenting

20  the condition of the property, thus barring or diminishing Complainant's recovery herein.

21

22              **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

23                    [Negligence of Others]

24      This answering Defendant is informed and believes, and on such information and belief

25  alleges, that the incident, injuries, and damages mentioned in the Complaint were proximately

26  caused and/or contributed to by the negligence of the Complainant in that Complainant did not

27  exercise ordinary care in its own behalf at the time and place alleged.

28      Therefore, said negligence bars recovery by Complainant or, in the alternative, it reduces

11

the right of recovery to Complainant by that amount which said negligence contributed to incident as set forth under the doctrine of comparative negligence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### [No Reliance]

This answering Defendant is informed and believes, and on such information and belief alleges, that this answering Defendant did not make any warranties or guarantees, expressed, implied, or apparent, upon which Complainant may rely.

### FORTIETH AFFIRMATIVE DEFENSE

#### [Offset/Credit]

Complainant has heretofore received compensation for the damages alleged in the Complaint under circumstances entitling this answering Defendant to an offset and credit against any judgment herein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### [Ratification]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant approved the acts and/or omissions, if any, of this answering Defendant and ratified same; consequently, Complainant is barred from recovery as against this answering Defendant.

### FORTY-SECOND AFFIRMATIVE DEFENSE,

#### [Release]

This answering Defendant is informed and believes, and on such information and belief alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by and between Complainant and Defendant, whether known or unknown, arising out of or in connection with the claims of injuries and/or damages alleged in the Complaint, were released and extinguished as a result of a prior settlement for good and valuable consideration, thereby barring enforcement of the existing obligations and/or claims pursuant to *California Code of Civil Procedure* sections 1541 and 1542.

12

## FORTY-THIRD AFFIRMATIVE DEFENSE

### [Right of Third-Party Defendant]

This answering Defendant asserts all defenses available against Complainant

pursuant to *California Code of Civil Procedure* section 428.70.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### [Several Liability]

This answering Defendant is informed and believes and on that basis alleges that,

along with the Complainant, other third parties are responsible for Complainant's economic and

non-economic damages, if any, pursuant to *Civil Code* sections 1431, 1431.2, 1431.3, 1431.4 and

1431.5, in that Complainant's recovery against this answering Defendant for any non-economic

damages is barred except as to those non-economic damages specifically apportioned to this

answering Defendant.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### [Several Liability for Non-Economic Damages]

The right of Complainant to recovery herein, if any right exists, is reduced and limited to

the percentage of negligence attributable to this answering defendant pursuant to California

*Civil Code* section 1431.2.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### [Standard of Care]

This answering Defendant is informed and believes, and on that basis alleges, that this

answering Defendant alleges Complainant is barred and precluded from any recovery in this

action because this answering Defendant at all times complied with the applicable standard of

care required of a property purchaser of the type of this answering Defendant, at the time and

location where the subject property was purchased while Complainant failed to perfect its claim.

/ / /

/ / /

13

EXHIBIT 1, PAGE 29

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

This answering Defendant alleges that the causes of action set forth in the Complaint are barred by the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(a), 338(b), 339(1), 340(1), 340(3), 343 and 359 of the *Code of Civil Procedure* of the State of California.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### [Subrogation]

This answering Defendant is informed and believes and thereon alleges that Complainant was reimbursed for a portion of the claimed damages by another third party, that Complainant has subrogated to that third party a portion of the damages claimed herein; and that by virtue of the subrogation, Complainant has failed to name indispensable parties, thus barring Complainant's recovery herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

Complainant is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## FIFTIETH AFFIRMATIVE DEFENSE

### [Unilateral Mistake of Fact]

The contract set forth in the Complaint is voidable and can be rescinded by this answering Defendant because a unilateral mistake of material fact existed. The mistake of fact was not caused by the neglect of a legal duty on the part of this Defendant and was either an unconscious or forgetfulness of a past or present fact material to the contract, or a belief in the present existence of such a thing, which has not existed and was, either due to the fault of other third parties or due to the other paries knowing or having reason to know that a mistake existed.

/ / /

14

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### [Unreasonable Delay]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant has unreasonably delayed in filing its Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in its defense of the action, thereby barring or diminishing Complainant's recovery herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### [Untimely Notice]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's action is barred by its failure to provide Defendant with written notice within a reasonable amount of time of the alleged outstanding amounts owed by Jamie Gallian.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### [Violation of Due Process]

Complainant waited an unreasonable period before asserting its claims, if any, against this answering Defendant, and thereby has violated this Defendant's right to due process as guaranteed by the California and United States Constitutions and has thereby irreparably prejudiced this Defendant's ability to adequately defend itself against Complainant's claims.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### [Waiver]

This answering Defendant is informed and believes and thereon alleges that Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. The performance, services, and supplying of materials of this answering Defendant, Complainant, and their agents, inspected and approved the condition of

15

the subject property, and work materials supplied by this answering Defendant, and agreed

and approved that the subject property, materials, products, and work was satisfactory, thereby

waiving any further claim for damages as alleged in the Cross-Complaint.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

**[Complainant Creditor Not Harmed By Alleged Voidable Transaction]**

This answering Defendant is informed and believes, and on that basis alleges, that:

1. Complainant was not harmed or injured in any manner by the allegedly voidable

transfer because this transfer did not put beyond the Complainant's reach any property that it

would have been able to obtain, subject to the payment of its alleged claim against Jamie Gallian.

2. The subject property transferred was in fact not available, or subject to the

Complainant's claim against Jamie Gallian the property conveyed was exempt from attachment

and execution under *Code of Civil Procedure* Sections 704.710–704.850 in that Jamie Gallian

actually resided in the dwelling on the subject property and same constituted her principal

residence and her equity in the property did not exceed the amount of the exemption to which

she was entitled pursuant to *Code of Civil Procedure* section 704.730(a).

3. The transfer is not voidable because this answering Defendant conveyed

unencumbered title to the subject property in good faith and for a reasonably equivalent value

given to Jamie Gallian, pursuant to *Civil Code* section 3439.08(a).

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That this Court determines the rights, duties and obligations of the parties to this
action;

2.    That this answering Defendant be awarded cost of suit incurred herein;

3.    Reasonable attorney's fees pursuant to California *Code of Civil Procedure*
§ 1021.1 and 1021.6;

4.    Reasonable attorney's fees pursuant to contract;

16



5.    Investigative costs;

6.    Full and complete indemnity;

7.    Equitable indemnity on a comparative fault basis;

8.    For such other and further relief as the Court deems just and proper; and

9.    Demand foor jury trial.

Dated:  October 28, 2021                    RESPECTFULLY SUBMITTED,

JAMIE LYNN GALLIAN

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*)**: ANSWER TO COMPLAINT; DEFENDANT JAMIE
LYNN GALLIAN, AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY** will be served or
was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*)  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage
prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

   **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021**,  I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593                          ☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1, PAGE 35

**EXHIBIT 2**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>        Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>        Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>        Defendant. | JOINT PRETRIAL STIPULATION<br><br><u>Pretrial Conference</u><br>Date:     September 27, 2022<br>Time:     1:30 p.m.<br>Ctrm:    5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

AND ALL INTERESTED PARTIES:

      Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

4886-1591-1427,v.1

A.    <u>Undisputed Facts:</u>

The following facts are admitted and require no proof:

1.    Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.    On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.    The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.    Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.    The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.    JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.    Debtor formed JSC on or around October 18, 2018.

8.    On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.    In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.    On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.    On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

14.     On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15.     Ronald Pierpont is Debtor's ex-husband.

16.     On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17.     Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18.     Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19.     Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20.     On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21.     On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22.     On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23.     On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24.     On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

3

EXHIBIT 2, PAGE 38

25.     On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.     On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.     On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.     Debtor has not received a discharge in the Bankruptcy Case.

29.     On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.     On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.     On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.     On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.     Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

4
JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

1    34.    The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that

2    this action arises in and relates to the Bankruptcy Case.

3    35.    Venue properly lies in the Central District of California in that this AP arises in or is

4    related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

5    B.    Disputed Facts:

6    The following issues of fact, and no others, remain to be litigated:

7    1.    Houser Bros. is the owner of and/or has a right of possession regarding several acres

8    of real property in Huntington Beach California. The real property has been improved with both (a) a

9    senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as

10   the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the

11   "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the

12   real property and is operated by an independent Homeowners Association ("Association"). Both the

13   Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is

14   controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have

15   complete and unfettered access to both communities.

16   2.    On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an

17   individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for

18   failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane,

19   Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan

20   Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2]

21   Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment")

22   resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

23        (a) No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

24        (b) The Park was entitled to a Writ of Possession provided no lock-out could occur

25            prior to November 4, 2018;

26        (c) Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

27   _____

28   [2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for
     reconsideration to intervene and TRO to stay writ of possession.

5

4886-1591-1427,v.1

EXHIBIT 2, PAGE 40

1    or the mobilehome would be subject to a warehouse lien auction;

2    (d) The Park was to review any prospective buyers in accordance with Mobilehome

3    Residency Law ("MRL");

4    (e) The sale of the mobilehome was to proceed via escrow; and

5    (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

6    interest.

7    3.  On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the

8    Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date

9    or Transfer Date" as November 1, 2018 ("Ryan Release Form").

10   4.  On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the

11   Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date

12   of transfer ("Ryan Notice of Sale or Transfer").

13   5.  The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000.

14   Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales

15   proceeds of 4476 Alderport.

16   6.  The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase

17   agreement.

18   7.  On November 19, 2018, Debtor emailed an application ("Application") to the management

19   office for the Park.

20   8.  On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her

21   Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the

22   Denial Letter.

23   9.  Defendant admits that there (a) exists a security agreement ("Security Agreement") between

24   JSC and herself where she lent JSC $225,000 in exchange for a security interest in the

25   Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for

26   $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC

27   Debtor also held an ownership interest in at the time.

28

6

JOINT PRETRIAL STIPULATION

EXHIBIT 2, PAGE 41

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

7
JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 2, PAGE 42

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

1  caused Plaintiff damage including but not limited to not receiving rent from an approved

2  tenant, attorneys' fees arising from Debtor's trespass, and other costs.

3  33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular

4  debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for

5  relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties

6  consent to the entry of final orders and judgments by the Bankruptcy Court.

7      C.    <u>The Following Issues of Law are Stipulated</u>

8      **First Claim for Relief – 523(a)(2) Fraud.**

9      1.    "A discharge under . . . this title does not discharge an individual debtor from any

10  debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

11  extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a

12  statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

13      2.    "The Bankruptcy Code has long prohibited debtors from discharging liabilities on

14  account of their fraud, embodying a basic policy animating the Code of affording relief only to an

15  'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

16      3.    "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . .

17  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

18  obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

19      4.    A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a

20  preponderance of the evidence by demonstrating five elements:

21      a)    The debtor made representations;

22      b)    That at the time he or she knew they were false;

23      c)    That he or she made them with the intention and purpose of deceiving the

24      creditor;

25      d)    That the creditor relied on such representations; and

26      e)    That the creditor sustained the alleged loss and damage as the proximate result

27      of the misrepresentations having been made.

28  *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

4886-1591-1427,v.1

EXHIBIT 2, PAGE 44

1      5.     Typically, a finding of a debt due to fraud is all that is necessary to satisfy

2 § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413

3 F.3d 980, 983 (9th Cir. 2005).

4                   **Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

5      6.     "A discharge . . . does not discharge an individual debtor from any debt– for willful

6 and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.

7 §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D.

8 Cal. July 10, 2019).

9      7.     The "willful" and "malicious" requirements are conjunctive and subject to separate

10 analysis. *Id.*

11      8.     The injury-producing conduct must be tortious to be exempted from discharge under

12 § 523(a)(6). *Id.* at *27.

13      9.     Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.*

14 (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

15      10.    Trespass is a tort under California law.

16      11.    Trespass is an unlawful interference with possession of property. The elements of

17 trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional,

18 reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of

19 permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm.

20 *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

21      12.    It is a well-settled proposition that the proper party plaintiff in an action for trespass

22 to real property is the person in actual possession. No averment of title in plaintiff is necessary.

23 [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the

24 title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or

25 claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable

26 possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

27      13.    The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v.*

28 *Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

4886-1591-1427,v.1

EXHIBIT 2, PAGE 45

1  the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2  sufficient basis for nondischargeability under Section 523(a)(6)."].

3      14.     The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4  *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5  whether a defendant's actions amount to conversion under California law is not dispositive regarding

6  whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7      15.     To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8  conversion has occurred under California law, and second that the conversion is willful and

9  malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10 9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11 § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12     16.     Conversion, under California law, is the "wrongful exercise of dominion over the

13 property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14 elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15 property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16 Damages. *Id.* at 1405.

17     17.     An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18 subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20     18.     The injury must be "deliberate or intentional, not merely a deliberate or intentional

21 act that leads to injury." *Id.*

22     19.     A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23 *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24     20.     An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25 Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26 *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27 *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28     21.     Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

11
JOINT PRETRIAL STIPULATION

EXHIBIT 2, PAGE 46

1   *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2   22.    The intentional conversion of another's property without its knowledge or consent and

3   without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4   U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5   *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6   **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7   23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8   hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9   this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10   transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11   before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12   24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13       1.    A disposition of property, such as a transfer or concealment;

14       2.    A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15          through the act [of] disposing of the property;" and

16       3.    It must occur within one year before filing bankruptcy.

17   *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18   Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19   25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20   tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21   1200 (9th Cir. 2010).

22   26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23   *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24   27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25   *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26   28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27   "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28   *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

4886-1591-1427,v.1

EXHIBIT 2, PAGE 47

1  23, 2016).

2      29.    In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of

3  fraud" may support a finding of fraudulent intent:

4              These factors, not all of which need be present, include (1) a close

5              relationship between the transferor and the transferee; (2) that the transfer

6              was in anticipation of a pending suit; (3) that the transferor Debtor was

7              insolvent or in poor financial condition at the time; (4) that all or

8              substantially all of the Debtor's property was transferred; (5) that the

9              transfer so completely depleted the Debtor's assets that the creditor has

10             been hindered or delayed in recovering any part of the judgment; and

11             (6) that the Debtor received inadequate consideration for the transfer.

12  *In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re*

13  *Ellison*, 2016 Bankr.LEXIS 3475, at *25.

14      30.    If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed

15  interest in such property extended into the one year period prior to bankruptcy, then discharge should

16  be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing

17  concealment" doctrine and held that defendant's transfer, made more than a year before her petition,

18  provided evidence of defendant's active concealment of property in which she continued to retain a

19  secret interest.].

20      31.    If a debtor's income funds all mortgage, insurance, and maintenance payments on

21  property held in the name of another party, she may be found to have fraudulently concealed her

22  interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

23              **Fourth Claim for Relief – 727(a)(4) False Oath**

24      32.    "The Court shall grant the debtor a discharge, unless-the debtor knowingly and

25  fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

26      33.    To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of

27  the evidence, that:

28              A.    The debtor made a false oath in connection with the case;

13

4886-1591-1427,v.1

EXHIBIT 2, PAGE 48

B.      The oath related to a material fact;

C.      The oath was made knowingly; and

D.      The oath was made fraudulently.

*Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

34.     The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at 1196.

35.     "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005).

36.     A fact is "material" if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

37.     An omission or misstatement that "detrimentally affects administration of the estate" is material. Id.

38.     A false statement or omission may be material even without "direct financial prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

39.     A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

40.     A demonstration of fraudulent intent requires a showing that: 1) The debtor made the representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

41.     Intent is usually proven by circumstantial evidence or inferences drawn from the debtor's conduct. Id. at 1199.

42.     "Reckless indifference or disregard for the truth" may be circumstantial evidence of intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th Cir. 2007).

4886-1591-1427,v.1

43.    The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at *18 (B.A.P. 9th Cir. Apr. 16, 2021).

**Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets**

44.    "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.    Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.    Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.    The Following Issues of Law, and no others, Remain to be Litigated (LBR 7016-1(b)(2)(C)):

1.    First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.    Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.    Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.    Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.    Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.    Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with

15

4886-1591-1427,v.1

EXHIBIT 2, PAGE 50

1  any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

2  Affirmative Defense is a valid bar to this claim.

3  7.  Does the Second Claim for relief state a valid claim for conversion?   Under California Law

4  conversion is the wrongful exercise of dominion over personal property of another.   Moore

5  v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that

6  a trespass can give rise to a claim of conversion of the personal property on the real property

7  of Plaintiff and does not stand for the proposition that a trespass on real property is also a

8  conversion unless plaintiff can prove that it was deprived of that personal property with a

9  superior right to possession.  The Second Claim does not identify any personal property that

10  the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

11  valid claim for relief and is barred by Debtor's 25th affirmative defense.

12  8.  Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

13  estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

14  Section 798.74?  Debtor submitted an application for residency on November 19,2018 on

15  behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

16  Debtor's credit score was insufficient although she was not the applicant. California Civil

17  Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

18  days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

19  rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

20  charges of the park. unless management  reasonably determines the purchaser will not

21  comply with the rules and regulations of the park.  Plaintiff did not comply with its

22  mandatory obligations after receiving J. Sandcastle's application but responded only with a

23  classic non sequitur that did not address the issue of financial ability to pay of the purchaser

24  nor did assert any claim that its rules and regulations would not be followed.   California

25  Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

26  favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

27  mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

28  created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

16

EXHIBIT 2, PAGE 51

1  court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the

2  premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers

3  22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible

4  detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it

5  expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

6  9.  Does the Third Claim for Relief state a valid claim for relief?  This claim does not identify

7  the property supposedly transferred or concealed or when it occurred.  It therefor fails to state

8  of claim for relief.  See debtor's 25th affirmative defense.

9  10. Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not

10  identify the false oath or account and therefor fails to state a claim for relief.  See debtor's

11  25th affirmative defense.

12  11. Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not

13  identify the assets supposedly missing and therefor fails to state a claim for relief.  See

14  debtor's 25th affirmative defense.

15

16  E.    <u>Exhibits</u>[3]

17  Set forth below is a list of exhibits intended to be offered at the trial by each party, other than

18  exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant

19  has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

20  Plaintiff's Exhibit List:

21  Unless otherwise noted, the Parties stipulate to the admission into evidence of the following

22  documents and no additional foundation or authenticity shall be required:

23      1.      The Gables Judgment. No objection.

24      2.      The Ryan Complaint. No objection.

25      3.      The Stipulated Judgment. No objection.

26      4.      The Ryan Release Form. No objection.

27      5.      The Ryan Notice of Sale or Transfer. No objection.

28

[3] See Defendant's Exhibit List attached here as Exhibit "1."

17

4886-1591-1427,v.1

6.    The Application. No objection.

7.    The Denial Letter. No objection.

8.    The complaint in the BS Investors Action. No objection.

9.    The docket in the BS Investors Action. No objection.

10.   The Security Agreement, accompanied by the Note. No objection.

11.   The NTQ. No objection.

12.   The OCSC Complaint. No objection.

13.   The docket in the OCSC Action. No objection.

14.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027030002. No objection.

15.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940002. No objection.

16.   A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940003. No objection.

17.   A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser and Kathryn Curtiss, Document No. 7602794004. No objection.

18.   A January 18, 2019, California Department of Housing and Community Development ("HCD") "Title Search" regarding the Property. No objection.

19.   A July 23, 2020, HCD "Title Search" regarding the Property. No objection.

20.   A June 7, 2021, HCD "Title Search" regarding the Property. No objection.

21.   An August 10, 2021, HCD "Title Search" regarding the Property. No objection.

22.   A September 21, 2021, HCD "Title Search" regarding the Property. No objection.

23.   An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the Property. No objection.

24.   An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018, regarding the Property. No objection.

25.   An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the Property. No objection.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

26.    An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. No objection.

27.    An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. No objection.

28.    Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. No objection.

29.    Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. No objection.

30.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. No objection.

31.    Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. No objection.

32.    Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. No objection.

33.    Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. No objection.

34.    Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. No objection.

35.    Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. No objection.

36.    Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. No objection.

37.    Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. No objection.

38.    Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. No objection.

39.    The Exemption Motion. No objection.

40.    The Exemption Opposition. No objection.

19

JOINT PRETRIAL STIPULATION

41.    The Exemption Reply. No objection.

42.    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. No objection.

43.    The Employment Application. No objection.

44.    The Exemption Order. No objection.

45.    The Complaint. No objection.

46.    The Answer. No objection.

F.    <u>Witnesses</u>

The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

Plaintiff's Witness List:

1.    Chris Houser, who will testify about Debtor's application to live at the Property, as well as her continued occupation of the Property and Houser Bros.'s damages therefrom.

2.    Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park and its right to possession of the premises in the absence of leases with approved tenants.

3.    Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at the Property.

4.    Debtor, who will testify about her conduct including knowingly trespassing and converting Plaintiff's property and her transfers of assets and liens.

5.    Janine Jasso, if necessary.

6.    Greg Buysman, if necessary.

7.    Vivienne Alston, if necessary.

Debtor's Witness List:

1.    See Debtor's Witness List attached as Exhibit "2."

G.    <u>Other Matters</u>

20
JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

EXHIBIT 2, PAGE 55

1     Other matters that might affect the trial such as anticipated motions in limine, motions to

2  withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial

3  motions:

4     1.

5  H.     <u>Discovery</u>

6     All discovery is complete.

7  I.     <u>Readiness for Trial</u>

8     The Parties are ready for trial.

9  J.     <u>Estimated Length of Trial</u>

10     The estimated length of trial is <u>two days</u>.

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  K.     <u>Binding Admissions</u>

17     The foregoing admissions have been made by the Parties, and the Parties have specified the

18  foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this

19  stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to

20  prevent manifest injustice.

21

22  DATED: September 13, 2022     MARSHACK HAYS LLP

23        /s/ D. Edward Hays
By: _____

24     D. EDWARD HAYS
LAILA MASUD

25     BRADFORD N. BARNHARDT
Attorneys for Plaintiff,

26     HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

27

28

4886-1591-1427,v.1

EXHIBIT 2, PAGE 56

1

2    DATED: September _13__, 2022        By: *Jamie Lynn Gallian*
                                            JAMIE LYNN GALLIAN
3

4        Subject to Debtors Witness List to Be Added.

5        Subject to Debtors Additional Exhibits List to be incorporated.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    22
                            JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

EXHIBIT 2, PAGE 57

**EXHIBIT 1**

EXHIBIT 2, PAGE 58

**Debtor/Defendant's Additional Exhibits to include:**

1. Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2. Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors

Homestead Exemption.

3. Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4. Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-

2017-00913985

    a. Complaint 4/11/2017

    b. FAC 5/16/2017

    c. Minute Order 3/2/2018

      . Reporters Transcript of MSC 3/2/2018.

    d. Minute Order 6/4/2018

      Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

    e. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

    f. Minute Order 7/19/2018

      1. Reporters Transcript of HOAs MOT 7/19/2018

    g. 11/16/2018 Security Agreement & Promissory Note(s)

      1. Lender

      2. Holder, Jamie L Gallian

      3. Holder, J-Pad, LLC.

    h. Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte

Application  to Continue Jury Trial; Minute Order November 8, 2018

    i. Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte

Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

    j. Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

EXHIBIT 1, PAGE 23
EXHIBIT 2, PAGE 59

k.  Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package,

Declarations, Exhibits.

l.   May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m.  Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award

per May 6, 2019 Order approximately $1215.00.

n.  Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included

with filed Motion under 664.6.

0.  Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p.  Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L.

Crandall in jury room with HOA attorneys present.

q.  Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r.   Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s.  Email from Gorden May dated November 1, 2018.

5.  Preliminary Title Report October 2018 Old Republic Title Co.

6.  Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management,

Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of

membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8.  Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9.  Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10.  Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent

unlawful eviction.

11.  Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against

eviction of Jamie Gallian by Houser Bros Co.

12.  Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by

BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed

Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,

Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-

Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert

McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser

Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her

family and brought Locksmith in her home to change the locks to all of the doors without permission to

enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of

home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-

01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123

filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

Case 8:21-ap-01097-SC    Doc 37    Filed 09/13/22    Entered 09/13/22 21:10:38    Desc
Main Document      Page 27 of 29

**EXHIBIT 2**

## Debtor's /Defendant's Witness List:

1.      Hugh Saddington

2.      Barbara Wertin-Saddington

3.      Sandra Bradley

4.      Craig Houser

5.      Kathryn Curtiss

6.      Ronald Pierpont

7.      Robert McLelland

8.      Greg Buysman

9.      Lindy Beck

10.     Lee Gragnano

11.     Janine Jasso

12.     Pejman Kharrazian

13.     Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2, PAGE 64

**EXHIBIT 3**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL
8  REY MOBILE HOME ESTATES

**FILED & ENTERED**

**OCT 05 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

9              UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| 11 In re | Case No. 8:21-bk-11710-SC |
| 12 JAMIE LYNN GALLIAN, | Chapter 7 |
| 13           Debtor. | Adv. No. 8:21-ap-01097-SC |
| 14 HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER |
| 15           Plaintiff, | |
| 16 v. | Pretrial Conference: |
| 17 | Date: September 27, 2022 |
| 18 JAMIE LYNN GALLIAN, | Time: 1:30 p.m. |
|    | Ctrm: 5C |
| 19           Defendant. | Address: 411 W. Fourth Street |
|    | Santa Ana, CA 92701 |
| 20 | Trial: |
| 21 | Date: February 23, 2023 |
|    | Time: 9:30 a.m. |
| 22 | Ctrm: 5C |
|    | Address: 411 W. Fourth Street |
|    | Santa Ana, CA 92701 |

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons stated on the record during the pretrial conference, HEREBY ORDERS:

1. The "Joint Pretrial Stipulation," Docket No. 37, is approved;

2. An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

3. The Court's following posted procedures will apply and be strictly enforced:

   ☐    Judge Clarkson's Procedures for Trial by Declaration; or

   ☒    Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

4. Trial briefs must be filed no later than 14 days prior to trial;

5. All witnesses must be present at the start of trial;

6. Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together with Ms. Gallian, the "Parties") by October 7, 2022;

7. The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the Court no later than one week prior to trial;

8. The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

9. Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by October 18, 2022;

10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER

4876-3232-1333v.1

1    11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom

2         on November 1, 2022, at 1:30 p.m.

3  IT IS SO ORDERED.

4                                              ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: October 5, 2022                    *Scott C. Clarkson*
                                               Scott C. Clarkson
24                                             United States Bankruptcy Judge

25

26

27

28

                                          3
          ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

**EXHIBIT 4**

Case 8:21-ap-01097-SC    Doc 81    Filed 05/23/23    Entered 05/23/23 11:21:04    Desc
Main Document    Page 1 of 19



**FILED & ENTERED**

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br><br><br>                                    Debtor(s).<br><br><br><br><br><br><br><br>_____<br>Houser Bros. Co., dba Rancho Del Rey<br>Mobile Home Estates,<br><br>                                    Plaintiff(s),<br>    v.<br><br>Jamie Lynn Gallian,<br><br>                                    Defendant(s). | Case No.:  8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No:   8:21-ap-01097-SC<br><br>**(1) ORDER DENYING MOTION TO<br>    AMEND AND VACATING HEARING;**<br>**(2) MEMORANDUM DECISION AFTER<br>    TRIAL REGARDING §727 CLAIMS;<br>    AND**<br>**(3) SETTING STATUS CONFERENCE<br>    ON REMAINING § 523 CLAIMS**<br><br>§727 Trial:<br>Date:        April 26, 2023<br>Time:        9:30 a.m.<br>Courtroom:  5C |

-1-

EXHIBIT 4, PAGE 68

1    On April 26, 2023, a trial was held in the above captioned adversary proceeding

2 ("April 26 Trial"). D. Edward Hays, Esq. and Bradford Barnhardt, Esq. appeared on

3 behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

4 ("Plaintiff"), as did Christopher Houser, who appeared and testified as Plaintiff's

5 representative. Greg Buysman was also called as a witness by Plaintiff. Defendant

6 Jamie Lynn Gallian ("Defendant" or "Debtor") appeared pro se and testified. All

7 witnesses were cross-examined by the opposing party.

8    During trial, Plaintiff presented its case, seeking the denial of Defendant's

9 discharge under 11 U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5).[1] Plaintiff did not include a

10 cause of action for §727(a)(2)(B)[2] in its complaint; however, after the parties had rested,

11 and after the close of evidence, Plaintiff orally moved to amend the complaint to

12 conform to the evidence presented at trial (i.e., Defendant's admissions of her attempts

13 to perfect post-petition liens). While the Court permitted the parties to address

14 §727(a)(2)(B) in their closing statements and post-trial briefs, it did so concurrently with

15 the expressed requirement that Plaintiff file a written motion to amend, to be heard on

16 regular notice, which would need to be granted before the Court would consider the

17 inclusion of the new cause of action. Plaintiff filed its written motion to amend the

18 complaint on May 10, 2023 [Dk. 76] ("Motion to Amend"), setting the matter for hearing

19 on June 1, 2023. On May 18, 2023, Defendant filed her opposition [Dk. 79].[3]

20    Additionally, the Court granted Defendant the opportunity to file a supplemental

21

22    _____

23 [1] The Court bifurcated Plaintiff's claims for relief under 11 U.S.C. § 523 and ordered that the trial would proceed only as it relates to Plaintiff's claims for relief under § 727. *See* Dk. 58.

24 [2] § 727(a)(2)(B) states: "The court shall grant the debtor a discharge, unless— (2) the debtor, with intent

25 to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred,

26 removed, destroyed, mutilated, or concealed—(B) property of the estate, after the date of the filing of the petition."

27 [3] The Court notes that Defendant improperly raised the issue of standing by attaching what appears to be recycled from a prior pleading related to a motion for relief from stay filed earlier in the case. *See*

28 Opposition to Motion to Amend filed May 17, 2023, Dk. 79, Pg. 9. The Court will address the issue of Plaintiff's standing herein, briefly, but not in connection with the motion to amend which is denied herein.

EXHIBIT 4, PAGE 69

1  declaration accounting for her expenditures in greater detail, which Defendant provided

2  twice: on May 1, 2023 [Dk. 71] and May 8, 2023 [Dk. 73].[4] Moreover, the Court

3  requested post-trial briefs from both parties, which briefs were timely filed on May 10,

4  2023 [Dks. 74 and 77].

5      After considering the arguments of the parties, the pleadings filed prior to and

6  after trial, all evidence admitted during trial and based upon the discussion on the

7  record at trial, and for the reasons more fully explained below, the Court finds good

8  cause to enter the following order DENYING the Motion to Amend, VACATING the

9  hearing on the Motion to Amend, and rendering judgment in favor of Plaintiff and

10  against Defendant on each of its original § 727 causes of action (i.e., 11 U.S.C. §§

11  727(a)(2)(A), (a)(4) and (a)(5)).

12      **I.    Plaintiff's Standing**

13      As a preliminary matter, the Court finds that, contrary to the repeated assertions

14  of Defendant, Plaintiff has proper standing to pursue this action.

15      Under Section 727(c)(1), a creditor has standing to object to the granting of a

16  discharge under Section 727(a). *See* 11 U.S.C. § 727(c)(1) ("The trustee, a creditor, or

17  the United States trustee may object to the granting of a discharge . . ."). A creditor is

18  defined under the Bankruptcy Code as an "entity that has a claim against the debtor that

19  arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. §

20  101(10). A claim is a "right to a payment, whether or not such right is reduced to

21  judgment, liquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed,

22  legal, equitable, secured or unsecured." 11 U.S.C. § 101(5) (emphasis added).

23      Plaintiff is a creditor of Debtor's estate, having filed a proof of claim (Claim #3) on

24  October 23, 2022. That the facts underlying Plaintiff's claim against Debtor are disputed

25  by Debtor is insufficient to deprive Plaintiff of standing to bring this action. *See* S*paich v.*

26  *Smith (In re Spaich)*, 2005 Bankr. LEXIS 3431, at *3 (B.A.P. 9th Cir. 2005) ("[T]here is

27

---

28  [4] The latter filing contained improperly authenticated documentary evidence, presumably intended to
corroborate certain of the expenditures. The Court has reviewed and considered both documents, despite
the fact that both declarations were filed outside of the timeframe ordered by the Court.

EXHIBIT 4, PAGE 70

1    nothing in the Code or the Rules which suggest that only creditors with proven claims

2    may file such an action, and case law suggests the contrary.") Moreover, "lack of injury

3    to creditors is irrelevant for purposes of denying a discharge in bankruptcy." *Retz v.*

4    *Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010). Accordingly, Defendant's

5    objections with regard to Plaintiff's standing to bring this action against her are

6    OVERRULED.

7         **II.    Plaintiff's Motion to Amend**

8         Rule 15(b)(2) of the Federal Rules of Civil Procedure (FRCP) is made applicable

9    to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy

10   Procedure (FRBP), and permits a party to "move – at any time, even after judgment – to

11   amend the pleadings to conform them to the evidence and to raise an unpleaded issue."

12   Fed. R. Civ. P. 15(b)(2).

13        "To amend a pleading under rule 15(b)(2) a party must show that an issue was

14   tried by the parties' express or implied consent… **and** that amendment would not cause

15   substantial prejudice to the opposing party." *Phila. Indem. Ins. Co. v. Danco Builders*,

16   2017 U.S. Dist. LEXIS 136338, at *9 (N.D. Cal. 2017) (internal citations and quotations

17   omitted) (emphasis added).

18        During Plaintiff's examination of Defendant at the April 26 Trial, Defendant

19   admitted to gifting post-petition liens against her residence to her son, granddaughter,

20   ex-husband, and roommate with the stated purpose of "getting her affairs in order."

21   Plaintiff seeks to amend its complaint to include a § 727(a)(2)(B) cause of action

22   because Defendant admitted certain facts at trial regarding post-petition liens. Plaintiff

23   appears to argue that Defendant impliedly consented to try the issue because

24   Defendant did not object to Plaintiff's counsel's questions regarding post-petition liens

25   during her examination, and Defendant addressed Plaintiff's allegations with regard to

26   the post-petition liens during the presentation of her defense. Plaintiff further argues that

27   Defendant articulated no prejudice which would result from Plaintiff's proposed

28   amendment, and that there would, in fact, be no prejudice to Defendant because *inter*

EXHIBIT 4, PAGE 71

1 *alia*, the standard for denial of discharge is the same as § 727(a)(2)(A) (which cause of

2 action was originally plead) except with respect to the timing of the disposition of estate

3 property (i.e., before or after the petition date). In short, Plaintiff asserts that because §

4 727(a)(2)(B) is not "a wildly new legal theory", there is no prejudice to Defendant in

5 addressing it herein. The Court disagrees.

6 The purpose of Rule 15(b) is to freely allow the pleadings to be amended "to

7 reflect the actual issues upon which a case was tried." *Prieto v. Paul Revere Life Ins.*

8 *Co.*, 354 F.3d 1005, 1012 (9th Cir. 2004). However, "[t]he rule does not permit

9 amendments to include issues which may be inferentially suggested by incidental

10 evidence in the record." *Consol. Data Terminals v. Applied Dig. Data Sys.*, 708 F.2d

11 385, 396 (9th Cir. 1983) (internal quotations omitted). [A] trial court may not base its

12 decision upon an issue that was tried inadvertently." *Id.* at 397.

13 "An adverse party cannot be expected to object to the introduction of evidence

14 that is only tangentially related to the issues actually pleaded prior to trial **unless** the

15 party has notice that the evidence is being introduced as proof on some other

16 unpleaded issue." *Id.* (emphasis added). Therefore, "to establish implied consent, the

17 plaintiff must demonstrate that the defendant understood evidence had been introduced

18 to prove the new issue and that the new issue had been directly addressed, not merely

19 inferentially raised by incidental evidence." *Jaurigui v. Jaurugui (In re Swing House*

20 *Rehearsal & Recording, Inc.)*, 2022 Bankr. LEXIS 702, at *4-5 (Bankr. C.D. Cal. 2022).

21 That Defendant did not object to questioning regarding the post-petition liens and

22 that after her admissions regarding the post-petition liens, Defendant replied in her

23 defense to Plaintiff's assertions raised in closing argument, is in this Court's view,

24 insufficient to demonstrate that Defendant impliedly consented to try the §727(a)(2)(B)

25 cause of action. It is Plaintiff's burden to demonstrate that Defendant understood at trial

26 that the evidence was being introduced to prove §727(a)(2)(B) specifically, and that §

27 727(a)(2)(B) would be directly addressed. That was not the case here.

28 Plaintiff offers no explanation for why it did not seek to add this cause of action

-5-

1  until trial, except stating that "Debtor had not disclosed the post-petition transfers and

2  Houser Bros. only discovered them during the [adversary] case." Motion to Amend, Dk.

3  76, Pg. 3:8-12.[5] However, the Court notes that it was well-understood, before trial, that

4  the issue of Debtor's post-petition transfers would be raised. Plaintiff's trial brief

5  referenced such transfers as evidence supporting Plaintiff's §727(a)(2)**(A)** cause of

6  action. Plaintiff's Trial Brief filed February 9, 2023, Dk. 55, Pgs. 20:22-21:21 (emphasis

7  added). No mention of §727(a)(2)(B) was raised in that brief, despite Plaintiff's clear

8  knowledge of the transfers. Plaintiff and Defendant agreed to the admission of various

9  UCC Amendments (including Exhibit 14 evidencing the existence of post-petition liens

10 to Debtor's sons), in the pre-trial stipulation filed September 13, 2022 [Dk. 37, Pg. 18],

11 and Plaintiff's questioning at the April 26 Trial indicates that the pre-petition liens were

12 discussed in Defendant's pre-trial deposition, which Defendant testified occurred in

13 June of 2022. Trial transcript, Dk. 72, Pg. 88:2-25 and 74:22-24. While the

14 §§727(a)(2)<u>(A)</u> and (a)(2)<u>(B)</u> causes of action are similar, they are also distinct and

15 separate statutory grounds upon which to object to discharge. To allow Plaintiff to raise

16 the issue in connection with §727(a)(2)(A), and then merely summarize the facts

17 incidentally obtained therewith at the close of proceedings to pile on an additional, but

18 different, cause of action that had not been mentioned in the nearly 2 years leading up

19 to trial against Defendant is prejudicial, and not, in this Court's view, fitting with the

20 purpose of Rule 15(b).

21       For the foregoing reasons, Plaintiff has not met its burden. Accordingly, the

22 Motion to Amend is DENIED and the hearing VACATED.

23       **III.    April 26 Trial**

24       Trial on Plaintiff's operative complaint seeking the denial of Defendant's

25 discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4) and (a)(5) was held on April 26, 2023.

26

27 _____

28 [5] It is unclear precisely when Plaintiff became aware of the post-petition liens; however, the Court
observes that the admitted post-petition liens were placed in September 2021 – well before the discovery
deadline of March 31, 2022, and nearly two years before the April 26 Trial. *See* Order entered February
15, 2022, Dk. 16.

EXHIBIT 4, PAGE 73

1   "Those objecting to discharge bear the burden of proving by a preponderance of the

2   evidence that [the debtor's] discharge should be denied." *Retz v. Samson (In re Retz)*,

3   606 F.3d 1189, 1196 (9th Cir. 2010) (citing *Khalil v. Developers Sur. & Indem. Co. (In re*

4   *Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), aff'd, 578 F.3d 1167, 1168 (9th Cir.

5   2009). "In keeping with the 'fresh start' purposes behind the Bankruptcy Code, courts

6   should construe § 727 liberally in favor of debtors and strictly against parties objecting

7   to discharge." *Id*. (citing *Bernard v. Sheaffer (In re Bernard),* 96 F.3d 1279, 1281 (9th

8   Cir. 1996)).

9           During the April 26 Trial, which lasted one day,[6] evidence was introduced and

10  _____

11  [6] The Court recognizes that the April 26 Trial was a long affair, beginning at 9:30 a.m., and concluding
    around 8:00 p.m. (with breaks). Given the seriousness of the allegations, and the lack of credibility of

12  Defendant's testimony, the Court determined that conducting the trial in a single day was of paramount
    importance. A court's litigation decisions are reviewed for abuse of discretion. *See Sekera v. Allstate Ins.*

13  *Co.*, 763 Fed. Appx. 629, 630 (9th Cir. 2019) ("We review a district court's decision concerning the
    management of litigation for abuse of discretion. *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir.

14  2008) (citing *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004)"). *See also Coe v.
    Fanday (In re Fanday)*, 538 Fed. Appx. 748, 749 (9th Cir. 2013) ("… bankruptcy court's management of

15  Coe's questioning was far from an abuse of discretion. [internal citations omitted]). Such discretion is
    broad, and as noted by the Third Circuit, such discretion may include imposition of time limits at trial:

16

17          Notably, we have recognized that a district court may impose limits on the parties' presentation
            time at trial, so long as the court both "mak[es] an informed analysis based on a review of the

18          parties' proposed witness lists and proffered testimony" and "allocates trial time evenhandedly."
            *Duquesne Light Co.*, 66 F.3d at 610. Other circuits have likewise concluded that a district court

19          may, in its discretion, set reasonable trial time limits. *See, e.g., United States v. DeCologero*, 364
            F.3d 12, 25 (1st Cir. 2004) ("[L]imits on witnesses and the time allowed to each side are

20          permissible measures.") (citations omitted); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir.
            1994) ("In the management of its docket, the court has an inherent right to place reasonable

21          limitations on the time allotted to any given trial.") (citing *United States v. Reaves*, 636 F. Supp.
            1575, 1577 (E.D. Ky. 1986)); *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir.

22          1997) ("[A] district court has broad discretion to place limits on the presentation of evidence to
            prevent delay, waste of time, and needless presentation of cumulative evidence.") (citing

23          *Duquesne Light Co.*, 66 F.3d at 609); *MCI Commc'ns Corp.*, 708 F.2d at 1172-73 (holding that
            reasonable trial time limits do not violate the right to a fair trial); *Johnson v. Ashby*, 808 F.2d 676,

24          678 (8th Cir. 1987) ("Trial courts have discretion to place reasonable limits on the presentation of
            evidence . . . .") (citations omitted); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500,

25          1508 (9th Cir. 1995) ("Generally, a district court may impose reasonable time limits on a trial.")
            (citations omitted).

26  *In re Baldwin*, 700 F.3d 122, 129 (3rd Cir. 2012).

27  After the presentation of testimony at the April 26 Trial was complete, and in recognition of the parties'
    efforts throughout the day and in the interest of alleviating any perceptions of unfairness, the Court

28  provided both parties the opportunity to file post-trial briefings containing argument summarizing the
    evidence proffered throughout the day. Moreover, Defendant was provided the opportunity to submit
    additional evidence, in the form of an accounting. As more fully noted herein, both parties took advantage

EXHIBIT 4, PAGE 74

1   both sides were presented the opportunity to provide written closing statements to the

2   Court. Moreover, witness testimony was taken, during which the Court engaged in a

3   credibility analysis. A credible witness is a witness who comes across as competent and

4   worthy of belief. This Court determines witness credibility on many factors. The

5   substance of the testimony is tantamount, as well as the amount of detail and the

6   accuracy of recall of past events, which affect the Court's credibility determination.

7   Witness contradiction plays a part in the credibility determination. How the testimony is

8   delivered also has an impact. Factors which include body language, eye contact, and

9   whether the responses are direct or appear to be evasive, unresponsive, or incomplete

10  are considered by this Court. In addition, when deciding cases, the Court is permitted to

11  take into consideration its knowledge and impressions founded upon experiences in

12  everyday walks of life.

13          Under this backdrop, the Court finds the testimony of Plaintiff's witnesses, Mr.

14  Houser and Mr. Buysman, forthright and credible. On the other hand, the Court finds the

15  testimony of Defendant not credible. In reaching these credibility determinations, the

16  Court considered each witness's demeanor as they testified, including the way they held

17  themselves, whether they made or did not make inconsistent statements, and their

18  directness or evasiveness.

19          Now, having reviewed all pleadings, considering the arguments of counsels, and

20  having weighed the evidence admitted during the trial, the Court concludes that Plaintiff

21  has met its burden as to each of the § 727 causes of action asserted in Plaintiff's

22  operative complaint, as set forth in greater detail below.

23          **a.  11 U.S.C. § 727(a)(2)(A)**

24          Under § 727(a)(2)(A), a discharge shall be granted unless "the debtor, with intent

25  to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

26  property under this title, has transferred, removed, destroyed, mutilated, or concealed,

27  or has permitted to be transferred, removed, destroyed, mutilated, or concealed…

28

_____

of the aforementioned opportunities.

-8-

EXHIBIT 4, PAGE 75

1    property of the debtor, within one year before the date of the filing of the petition." 11

2    U.S.C. § 727(a)(2)(A).

3         "The term transfer 'means every mode, direct or indirect, absolute or conditional,

4    voluntary or involuntary, of disposing of or parting with property or with an interest in

5    property, including retention of title as a security interest and foreclosure of the debtor's

6    equity of redemption." *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-

7    00013 (citing 11 U.S.C. § 101(54)). "Under this definition, any transfer of an interest in

8    property is a transfer, including a transfer of possession, custody, or control even if

9    there is no transfer of title, because possession, custody, and control are interests in

10   property." "The transfer to the corporation of assets in which the debtors had

11   partnership interests constitutes a 'transfer' of 'property of the debtor' for purposes of

12   section 727(a)." *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-00013,

13   2004 Bankr. LEXIS 1656, at *8-9 (Bankr. D. Haw. 2004) (internal quotations and

14   citations omitted).

15        To satisfy intent, "the court must find that the Debtors harbored actual intent to

16   hinder, delay, or defraud a creditor…The existence of this intent is a finding of fact

17   reviewable for clear error. We may infer the intent from the circumstances surrounding

18   the transaction." *In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992). "A debtor's intent

19   need not be fraudulent to meet the requirements of § 727(a)(2). Because the language

20   of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay

21   a creditor." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

22   quotations and citations omitted).

23        "In examining the circumstances of a transfer under § 727(a)(2), certain 'badges

24   of fraud' may support a finding of fraudulent intent. These factors, not all of which need

25   be present, include (1) a close relationship between the transferor and the transferee;

26   (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor

27   was insolvent or in poor financial condition at the time; (4) that all or substantially all of

28   the Debtor's property was transferred; (5) that the transfer so completely depleted the

EXHIBIT 4, PAGE 76

1   Debtor's assets that the creditor has been hindered or delayed in recovering any part of

2   the judgment; and (6) that the Debtor received inadequate consideration for the

3   transfer." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

4   quotations and citations omitted).

5        Moreover, "[u]nder the 'continuing concealment' doctrine, a transfer made and

6   recorded more than one year prior to filing may serve as evidence of the requisite act of

7   concealment where the debtor retains a secret benefit of ownership in the transferred

8   property within the year prior to filing." *In re Lawson*, 122 F.3d 1237, 1240 (9th Cir.

9   1997).

10       The evidence presented at trial demonstrates that in late 2018 while Defendant

11  was engaged in state court lawsuits that could possibly result in money judgments

12  against her [Trial Transcript, Dk. 72, Pg. 43-51], she sold a residence held in her own

13  name and used the proceeds from that sale to purchase a mobile home.[7] Trial

14  Transcript, Dk. 72, Pg. 24- 27. Despite using proceeds that belonged to her individually,

15  she directed the seller to replace her name with the name of her solely owned and

16  managed company, J-Sandcastle Company, LLC. ("J-Sandcastle"), on the notice of sale

17  documentation.[8] Pre-trial stipulation, Dk. Paragraph 6; Trial Transcript, Dk. 72, Pg. 37-

18  40. She further testified that she directed the replacement of her name with J-

19  Sandcastle on November 15, 2018, days after a state court granted a motion for

20  attorney's fees against her. Trial Transcript, Dk. 72, Pg. 36-37 and 49-51. On the date of

21

22  _____

23  [7] As an example of Defendant's lack of credibility, she was unable to cogently describe the payments that were made to purchase the mobile home from the seller; the payments did not add up to the $185,000 purchase price, which price Defendant further admitted was different from the $225,000 price

24  stated on the notice of sale. Trial Transcript, Dk. 72, Pg. 26-33. Defendant offered no explanation for the discrepancy and her failure to accurately describe the payments.

25
    [8] Defendant's testimony regarding this issue was likewise an example of her lack of credibility. After
26  initially testifying that she did not direct the seller to place title in the name of J-Sandcastle Company, LLC., [Trial Transcript, Dk. 72, Pg. 37], she later admitted that her name was previously listed on the
27  document and that she did, in fact, later ask the seller to replace her own name with J-Sandcastle Company, LLC. as the buyer. Trial Transcript, Dk. 72, Pg. 39-40. Moreover, later in the trial, when asked
28  by the Court to confirm that she purchased the property with her own money and put it in the name of J-Sandcastle, she initially answered in the negative, conceding only after continued questioning and reminders of that to which she had previously testified. Trial Transcript, Dk. 72, Pg. 323-325.

EXHIBIT 4, PAGE 77

1  Debtor's petition, July 9, 2021, the property was still being held in the name of J-

2  Sandcastle, and not in Defendant's name.

3          The Court observes that this act alone (i.e., Defendant directing title to the

4  property she purchased to be placed in the name of her wholly owned entity) is rife with

5  multiple badges of fraud, including Defendant's close relationship to the entity she

6  directed title to, the timing of providing such direction in light of pending litigation, and

7  the lack of consideration involved. It is clear to the Court that Defendant placed her

8  asset into the name of J-Sandcastle for the purpose of protecting her asset,[9] effectively

9  hindering, delaying, and defrauding her potential creditors from reaching the property.

10 Moreover, Defendant's strategy of concealing this asset continued through the petition

11 date, satisfying the elements of § 727(a)(2)(A).

12         Additionally, facts were presented to the Court demonstrating that Defendant

13 further concealed her equity in the property through the granting of liens to her business

14 entities and family members, which liens existed during the relevant time period. For

15 example, in late 2018, Defendant also executed a promissory note and security

16 agreement on the mobile home by and between two entities that she managed, J-

17 Sandcastle and J-Pad, LLC. ("J-Pad"). J-Sandcastle was the borrower and J-Pad the

18 lender. The agreement required J-Sandcastle to pay J-Pad $225,000 for a purported

19 loan; however, J-Pad did not loan any money to J-Sandcastle. Trial Transcript, Dk. 72,

20 Pg. 66. Defendant herself made the loan to J-Sandcastle, though the loan was initially in

21 the amount of $175,000 Defendant did not fund the balance of the $225,000 loan until

22 approximately 6 months later. Trial Transcript, Dk. 72, Pg. 65-66.[10] None of the

23 _____

24 [9] Defendant testified that she "didn't believe that putting a home in an LLC that I owned solely was doing
   anything wrong" and that "[a]t the time when the home was transferred, or registered, to so speak, in the
25 LLC's name, [her] potential exposure was…$46,138 and $3,070." Trial Transcript, Dk. 72, Pg. 328:5-13.
   In short, Defendant testified that she thought that it was her money, and that she could do what she
26 wanted with it. *Id.* The Court finds this testimony to be unpersuasive in light of the deflective and
   incredible manner that Defendant answered questions related to the transfers, as well as the pending
27 lawsuits and her general financial situation at the time of the transfers.

28 [10] The Court notes that Defendant's inability to account for the specific amounts paid and timing of said
   payments during her testimony further underscores her lack of credibility. Trial Transcript, Dk. 72, Pg. 65-
   66.

-11-

EXHIBIT 4, PAGE 78

1   foregoing information regarding the timing of funding, or source of funding, was

2   reflected in the executed documents. In her petition, Defendant scheduled J-Pad as a

3   secured creditor, continuing the ongoing concealment of her true interest in the loan.

4   Additionally, within the year prior to the petition, liens in favor of Defendant's two adult

5   sons, Steven and Brian Gallian, were placed on the property, despite the fact that

6   neither had paid any consideration. Trial Transcript, Dk. 72, Pg. 72-73.

7          While Defendant attempted to provide explanations for the foregoing to the Court

8   *in camera* and on the record, the Court finds such explanations to be insufficient to

9   refute the overwhelming evidence demonstrating that Defendant had the requisite intent

10  to hinder, delay, or defraud her creditor, when she transferred and concealed her

11  interests in the property described above.

12         Accordingly, Plaintiff is entitled to judgment against Defendant on its §

13  727(a)(2)(A) cause of action.

14                    **b.  11 U.S.C. § 727(a)(4)**

15         Under § 727(a)(4), a debtor's discharge shall be granted unless "the debtor

16  knowingly and fraudulently, in or in connection with the case – (A) made a false oath or

17  account." To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a

18  preponderance of the evidence, that: "(1) the debtor made a false oath in connection

19  with the case; (2) the oath related to a material fact; (3) the oath was made knowingly;

20  and (4) the oath was made fraudulently." *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21  1197 (9th Cir. 2010).

22         A false oath can be made in written submissions to the Court or under oath at a §

23  341 meeting, deposition, or trial:

24         "A debtor's petition, schedules, statement of financial affairs, statements made at
           a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004
25         examination, and answers to interrogatories all constitute statements under oath
           for purposes of § 727(a)(4)[(A)]. The same holds true for deposition testimony
26         and testimony at other hearings during the course of the bankruptcy case. The
           false oath also need not be an affirmative misstatement; knowing and fraudulent
27         omissions will also suffice."

28

EXHIBIT 4, PAGE 79

1  *In re Jayme*, 2018 Bankr. LEXIS 1987, 2018 WL 3218104, at *9 (Bankr. D.N.M.)

2  (internal citations omitted).

3  　　Moreover, the standard for what constitutes a "material" fact is very broad. As

4  stated by the Ninth Circuit, "[a] fact is material if it bears a relationship to the debtor's

5  business transactions or estate, or concerns the discovery of assets, business dealings,

6  or the existence and disposition of the debtor's property. An omission or misstatement

7  that detrimentally affects administration of the estate is material." *Retz v. Samson (In re*

8  *Retz),* 606 F.3d 1189, 1198 (9th Cir. 2010) (internal quotations and citations omitted);

9  *See also Joudeh v. Truppa (In re Truppa*), 2017 Bankr. LEXIS 1157, at *1 (B.A.P. 9th

10  Cir. 2017).

11  　　In the context of § 727(a)(4), a distinction is made between reckless disregard for

12  the truth, which is sufficient to form intent under the statute, and mere mistake or

13  inadvertence, which is not. *Retz v. Samson (In re Retz*), 606 F.3d 1189, 1199 (9th Cir.

14  2010) ("Reckless indifference or disregard for the truth may be circumstantial evidence

15  of intent, but is not sufficient, alone, to constitute fraudulent intent."). Something more

16  must be presented in order to meet the standard.

17  　　"Neither sloppiness nor an absence of effort by the debtor supports, by itself, an
18  inference of fraud. Courts which hold otherwise are simply devising a court-made
19  prophylactic rule that the debtor must make substantial effort to provide accurate
   and complete schedules. Had the Congress intended to make such a rule, it
20  could have done so easily, as it did with § 727(a)(3) (failure to keep adequate
   books and records), and (a)(5) (failure to adequately explain the loss of assets),
21  neither of which have an express element of fraudulent intent. [Citation omitted.]
22  But the Congress did not do so, and it is not for the courts to create new bars to
   discharge under § 727(a), or to so distort a requisite element as to make it no
23  element at all. The essential point is that there must be something about the
   adduced facts and circumstances which suggest that the debtor intended to
24  defraud creditors or the estate. **For instance, multiple omissions of material**
   **assets or information may well support an inference of fraud if the nature**
25  **of the assets or transactions suggests that the debtor was aware of them at**
   **the time of preparing the schedules and that there was something about**
26  **the assets or transactions which, because of their size or nature, a debtor**
   **might want to conceal."**
27

28  *Khalil v. Developers Sur. & Indem. Co. (In re Khalil*), 379 B.R. 163, 174-75 (B.A.P. 9th

-13-

1  Cir. 2007) (citing *Coombs*, 193 B.R. at 565-66) (emphasis added).

2        In keeping with the foregoing, a pattern of half-truths, inconsistencies, and

3  omissions in filed schedules, even if the schedules are ultimately amended to reflect the

4  true assets of the debtor, can be sufficient evidence of fraudulent intent under the

5  statute. *See Joudeh v. Truppa (In re Truppa)*, No. CC-16-1281-KuFL, 2017 Bankr.

6  LEXIS 1157, at *1 (B.A.P. 9th Cir. 2017) ("the court may infer fraudulent intent based on

7  a 'pattern of falsity.'"); *Trainor v. Evans (In re Evans)*, No. CC-16-1356-KuFTa, 2017

8  Bankr. LEXIS 2232, at *1 (B.A.P. 9th Cir. 2017) (noting that "a pattern of falsity, a

9  reckless indifference to the truth and a failure to amend bankruptcy commencement

10  documents to correct known errors and omissions all can be probative of intent to

11  deceive"); *Cummings v. UST- United States Trustee (In re Cummings)*, 595 Fed. Appx.

12  707, 709-710 (9th Cir. 2015) ("Debtors' eventual disclosure of their interest … does not

13  negate their initial fraud… To the contrary, the sequence of debtors' filings substantiates

14  the presence of fraud: they elected, twice, to amend their [schedules], and disclosed

15  [the omitted fact] only after the issuance of an order granting the Trustee additional time

16  to investigate."); *ML Manager, LLC v. Pinsonneault (In re Pinsonneault)*, 2017 Bankr.

17  LEXIS 253, *38 (Bankr. S.D. Cal 2017) ("A false oath is complete when made. A

18  debtor's eventual amendment of their schedules to disclose assets that they knowingly

19  omitted does not negate their initial intent to defraud....The very nature and magnitude

20  of the assets belies the too facile defense that they were simply overlooked or

21  forgotten."). *See also Jin Min Lee v. Joo Yoon Yeom (In re Joo Yoon Yeom),* 2017 U.S.

22  Dist. LEXIS 177347, *10-11 (No. Mariana Isl. DC 2017) ("This repeated failure not only

23  demonstrates a conscious decision to omit the information from the bankruptcy filing

24  and therefore establishes the false oath was made knowingly, but it also demonstrates

25  an intent to deceive. Defendant's interest in the business was significant—first as half-

26  owner and later as full owner—and her recurring failure to disclose it, especially given

27  that she agreed to become the full owner of the Poseidon Bar after she filed for

28  bankruptcy, demonstrates that she intended to deceive her creditors.").

-14-

EXHIBIT 4, PAGE 81

1    Since July 9, 2021, Debtor has filed 10 sets of schedules in this case. In the first

2    five of the amended schedules, which were filed over a span of approximately 2

3    months, Debtor disclosed her interest in J-Pad as "33.33%" [First Amended Schedule

4    filed September 7, 2021, Dk. 15], then "1/7 interest" [Second Amended Schedule filed

5    September 22, 2021, Dk. 16-17], then "70%" [Third Amended Schedule filed October

6    14, 2021, Dk. 22], then "33-1/3%" [Fourth Amended Schedule filed November 16, 2021,

7    Dk. 37], then "100%" [Fifth Amended Schedule filed November 22, 2021, Dk. 38].

8    Despite the foregoing, Defendant testified at trial that as of October 30, 2018, she

9    owned 100% of J-Pad.[11] Trial Transcript, Dk. 72, Pg. 154. Her explanation for the

10    varying amounts of interest scheduled over the short period of time was that she owed

11    people money and made a mistake. Trial Transcript, Dk. 72, Pg. 153. The Court is

12    unconvinced. Defendant owns and/or manages multiple companies, and has presented

13    herself though the pendency of her case as a person that is not unsophisticated. It is

14    _____

15    [11] The Court notes that Defendant was at first non-responsive to questioning about her ownership of J-
Pad. It was not until the Court reminded Defendant that her credibility was on trial, and that she had
16    earlier provided testimony of her ownership, that she answered the question regarding her ownership of
J-Pad. Trial Transcript, Dk. 72, Pg. 153-154.

17    THE COURT: … Why were you making all of these random -- putting down all these random
numbers?
18    THE WITNESS: Because I owed people money.
 THE COURT: Why were you putting down all of those random numbers? We know you owed
19    people money. Why were you saying they owned part of that membership?
THE WITNESS: I guess I made a mistake, and at the time –
20    THE COURT: So you just don't know? I'm really looking at your credibility. You've signed several
documents, including your first petition, under oath, that it was true and correct, not to the best of
21    your ability, but that it was true and correct, and yet you can't tell me today how much of that
percentage you owe, although you've already testified several times today that you own 100
22    percent?
THE WITNESS: That's correct.
23    THE COURT: Okay. When do you think you started owning 100 percent?
THE WITNESS: And these aren't in the documents, I don't believe. I didn't see it.
24    THE COURT: I don't care if they are. When did you start believing you owned 100 percent of that
LLC?
25    THE WITNESS: When I was the one that donated most of the money.
THE COURT: When did you do that?
26    THE WITNESS: It wasn't recorded, but the day before I –
THE COURT: When did you do that?
27    THE WITNESS: The 30th of October.
THE COURT: What year?
28    THE WITNESS: 2018.

-15-

1    wholly unbelievable to the Court that Defendant, with her ability and knowledge,

2    somehow did not understand her ownership interest in J-Pad or her obligation to report

3    accurate ownership interests in her schedules. As noted previously, J-Pad was the

4    holder of a $22,000 promissory note. Defendant herself executed the promissory note

5    on J-Pad's behalf, knowing full well of the asset. It is this Court's view that $225,000 is a

6    significant amount of money, and Defendant's failure to properly schedule her interest in

7    J-Pad, the note and lienholder of a significant asset, is a material, false oath made

8    knowingly and fraudulently. So too was Defendant's failure to schedule a value for J-

9    Pad, who held a significant asset in the form of the aforementioned note and lien on the

10    mobile home.

11        The foregoing, coupled with the evidence presented by Plaintiff of Defendant's

12    other glaring omissions and false oaths,[12] are sufficient to demonstrate that Plaintiff is

13    entitled to judgment against Defendant on its § 727(a)(4) cause of action.

### c.  11 U.S.C. § 727(a)(5)

15        Under § 727(a)(5), a debtor's discharge may be denied if the debtor has failed to

16    explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's

17    liabilities. 11 U.S.C. § 727(a)(5).

18        The plaintiff bears the burden to demonstrate that: "(1) debtor at one time, not too

19    remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the

20    bankruptcy petition was filed or order of relief granted, the debtor no longer owned the

21    assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an

22    adequate explanation for the disposition of the assets." *In re Retz*, 606 F.3d 1189, 1205

23    (9th Cir. 2010). "Once the creditor has made a *prima facie* case, the debtor must offer

24    credible evidence regarding the disposition of the missing assets." *Id*.

25        As previously noted, several years before her petition was filed, Defendant sold

26

27    _____

    [12] *See* Plaintiff's post-trial brief filed May 10, 2023, Dk. 74, which is incorporated herein. For example,
    Defendant testified that she did not pay rent to J-Sandcastle, despite having previously testified during

28    her deposition that she did pay rent. Trial Transcript, Dk. 72, Pg. 129. After some hesitation and
    continued follow up questions from the Court, Defendant ultimately admitted that she lied at the
    deposition about whether she paid rent to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 130-131.

-16-

EXHIBIT 4, PAGE 83

1   property for $379,000. Trial Transcript, Dk. 72, Pg. 201. Thereafter, she spent a total of

2   $165,000[13] of the sale proceeds to purchase a mobile home, with $214,000 remaining.

3   At trial, when asked about the disposition of the remaining $214,000 in sale proceeds,

4   Defendant testified that she loaned $175,000 of the $214,000 to J-Sandcastle. Trial

5   Transcript, Dk. 72, Pg. 202. Defendant further testified that the remainder of the funds

6   were converted to cashier's checks that were ultimately paid to attorneys. Trial

7   Transcript, Dk. 72, Pg. 206. Defendant originally testified that she spent close to

8   $150,000 on attorneys [Trial Transcript, Dk. 72, Pg. 206], despite scheduling only

9   $113,700 on her bankruptcy schedules. Trial Transcript, Dk. 72, Pg. 207. At trial,

10  Defendant was unable to account for the approximately $37,000 discrepancy. Trial

11  Transcript, Dk. 72, Pg. 207-209.  When questioned about the discrepancy, Defendant

12  began to list other expenses that she incurred, including cosmetic and medical

13  procedures, which the Court perceived as being non-responsive to the question of

14  which attorneys were paid the remaining $37,000. Trial Transcript, Dk. 72, Pg. 208.

15  Eventually, Defendant clarified that she "just threw out a number and said about

16  $150,000," [Trial Transcript, Dk. 72, Pg. 210], and that she misspoke, stating again that

17  she spent the remaining funds on cosmetic and medical procedures.

18          Finding that Plaintiff had met its burden to demonstrate a *prima facie* case, and

19  that the entirety of Defendant's testimony on this matter was confusing and entirely

20  lacking in credibility, the Court provided the Debtor with the opportunity to file a

21  complete accounting by April 28, 2023, at 5 p.m. in order to explain further the

22  disposition of the pre-petition sale proceeds.

23          Defendant did not timely file a complete accounting by the deadline set by the

24  Court; however, Defendant did file an untimely declaration on May 1, 2023 [Dk. 71]

25  ("First Declaration"), and again on May 8, 2023 [Dk. 73] ("Second Declaration")

26  (together, "Declarations"). In the interest of justice, and in recognition that Defendant is

27

28  _____
    [13] Defendant testified that a cashier's check for $20,000 (of the $185,000 purchase price) was returned to
    her, so the net cost of Defendant's purchase of the mobile home was $165,000. Trial Transcript, Dk. 72,
    Pg. 201.

-17-

1  a pro-se litigant without permissions to electronically file, the Court has considered the

2  Declarations despite the fact that they were untimely filed. Regrettably, they are

3  insufficient to adequately explain the disposition of Debtor's assets.

4       The Declarations contain a rudimentary and incomplete[14] accounting which is

5  entirely unhelpful to the Court. The lists contained therein have no dates, partial

6  descriptions, and appear to be summary values (all ending in -.00). Moreover, the

7  Declarations are completely devoid of properly authenticated evidence.[15] Lastly, even if

8  the foregoing issues were somehow resolved, the accounting provided is entirely

9  inconsistent with the testimony provided by Defendant at trial and in the Declarations

10  themselves.

11       For example, at trial, when asked about the disposition of the $379,000 in sale

12  proceeds, Defendant testified that $165,000 was spent on the mobile home, [Trial

13  Transcript, Dk. 72, Pg. 201], and $175,000 of the remaining $214,000 was paid to J-

14  Sandcastle. Trial Transcript, Dk. 72, Pg. 202. The accounting attached to Pg. 3 of the

15  First Declaration, which appears identical to the accounting attached to the Second

16  Declaration as Pg. 12, amounts to approximately $190,000 in charges, but does not

17  include either the $165,000 spent on the mobile home or the $175,000 paid to J-

18  Sandcastle.[16] It is not mathematically possible that Defendant used sale proceeds

19  totaling $395,000 on a $175,000 loan, a $165,000 mobile home, **and** the $190,000

20  contained in her accountings (all of which total $530,000).

21       As noted above, Defendant was required to offer "credible evidence regarding

22  the disposition of the missing assets." *In re Retz*, 606 F.3d 1189, 1205 (9th Cir. 2010).

23

24  [14] Paragraph 5 of the Declarations state that: "THE LIST IS NOT AN EXHUASTIVE LIST OF THE SALE
PROCEEDS SPENT…" Declarations filed May 1, 2023, and May 8, 2023, Dks. 71 and 73 respectively.

25
26  [15] While Defendant attached various documents to the Second Declaration, the documents are
cumbersome, lack any explanation as to relevance, and are not properly authenticated by Defendant's
declaration. Pursuant to the Federal Rules of Evidence, in order "[t]o satisfy the requirement of
27  authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to
support a finding that the item is what the proponent claims it is." Fed. Rules Evid. R 901. Defendant did
28  not do so.

[16] $395,000 less approximately $190,000 = approximately $205,000.

-18-

1   She has not met her burden. Therefore, Plaintiff is entitled to judgment against

2   Defendant on its § 727(a)(5) cause of action.

3        **IV.    Conclusion**

4        For the reasons more fully explained herein, the Court finds good cause to enter

5   the following order DENYING the Motion to Amend, VACATING the hearing on the

6   Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

7   U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

8   there remain pending § 523 claims. Accordingly, the Court hereby sets a status

9   conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

10  The status report must advise the Court how the parties wish to proceed in light of the

11  issuance of this Memorandum Decision.

12       **IT IS SO ORDERED.**

13

14

15

16

17

18

19

20

21

22

23

24

25       Date: May 23, 2023

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

-19-

# EXHIBIT 5

JAMIE LYNN GALLIAN

16222 MONTEREY LANE UNIT 376

HUNTINGTON BEACH, CA 92649

(714)321-3449

JAMIEGALLIAN@GMAIL.COM

DEFENDANT IN PRO SE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: | AMENDED<br>Bankruptcy Case No.: |
| JAMIE LYNN GALLIAN, | 8:21-bk-11710-SC  Docket Number 30. |
| Debtor. | |
| HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates | Adversary Case No.<br>8:21-ap-01097-SC Docket No. 1 |
| Plaintiff, | |
| vs. | ANSWER OF JAMIE LYNN GALLIAN |
| JAMIE LYNN GALLIAN, | |
| Defendant. | |
| | **JURY TRIAL REQUESTED**.<br>Judge:  Scott C. Clarkson |

1

## ADMISSIONS AND DENIALS

Defendant Jamie Lynn Gallian answers the complaint for non-dischargeability of debt filed by Plaintiff HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates, filed in the main bankruptcy case on October 18, 2021. Docket No. 30.

1. Defendant admits the allegations in paragraphs 5, 12, and 16, 19, 20, 22, 23, 24, 25, 26, 27

2. Defendant denies the allegations in paragraphs 8, 9, 10, 11, 13, 15, 17, 18, 29, 30, 31, 32, 33,

3. Defendant has no information that the allegations in paragraphs 1, 2, 3, 4, 6, 14, 21, 28,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,59, 60,61,62,63,64,65,66,67,68,69,70, and 71 are true so defendant denies them.

4. Except as expressly admitted herein, defendant denies all of the allegations of the complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to prosecute the complaint. Neither is plaintiff a creditor nor an interested party.

2. Plaintiff is affirmatively responsible for payment of some or all of defendant's debts, if any, in accord with plaintiff's defalcations as trustee, breach of fiduciary duty and wrongful diminishment of defendant's trust entitlement.

3. Plaintiff has directly and proximately caused defendant to incur some or all of defendant's debts, if any, including without exclusion, attorney's fees for litigation pertaining to plaintiff's wrongful misconduct.

4. Plaintiff is estopped to claim relief due to plaintiff's affirmative misconduct and omissions.

5. Plaintiff is prevented in equity from obtaining relief due to, without limitation, unclean hands.

Defendant respectfully demands trial by jury.

Dated:  6/20/2023

JAMIE LYNN GALLIAN,
DEFENDANT, IN PRO SE

2

# EXHIBIT 1

EXHIBIT 5, PAGE 89

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,

**DEFENDANTS**
JAMIE LYNN GALLIAN,

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
MARSHACK HAYS LLP - 870 Roosevelt, Irvine, CA 92620; Tel. (949) 333-7777

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒3 65-Dischargeability - other   Sections 727(a)(2)(A), (a)(4), and (a)(5)

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $
Other Relief Sought

Case 8:21-ap-01097-SC    Doc 39-1    Filed 06/02/23    Entered 06/02/23 11:30:49:04    Desc
Adversary Proceeding Cover Sheet    Page 2 of 2

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-ES | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Laila Masud | | |
| DATE<br>October 18, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LAILA MASUD | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | LAILA MASUD, #311731
lmasud@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, CA 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
7 | MOBILE HOME ESTATES

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 |

11 | In re                                         Case No. 8:21-bk-11710-ES

12 | JAMIE LYNN GALLIAN,                           Chapter 7

13 |        Debtor.                                Adv. No.

14 | _____             COMPLAINT TO
                                                  (1) DETERMINE
15 | HOUSER BROS. CO. dba RANCHO DEL                   DISCHARGEABILITY OF DEBT
     REY MOBILE HOME ESTATES,                          PURSUANT TO 11 U.S.C. §§ 523
16 |                                                    (a)(2)(A) and (a)(6);
            Plaintiff,                            (2) DENY DISCHARGE PURSUANT
17 |                                                   TO 11 U.S.C. §§ 727(a)(2)(A),
     v.                                                (a)(4), and (a)(5)
18 | JAMIE LYNN GALLIAN,
                                                  Status Conference
19 |        Defendant.                            [TO BE SET BY COURT]
20 | _____

21 | TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

22 | DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

23 |        Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

24 | MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

25 | Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

26 |                 **Statement of Jurisdiction and Venue**

27 |        1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

28 | §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

1
COMPLAINT
4842-2871-2959,v.1

EXHIBIT 5, PAGE 92

1  States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime*

2  *Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

3      2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I)

4  (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the

5  extent any claim for relief contained in this proceeding is determined to be non-core or involve a

6  *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

7      3.      Venue properly lies in the Central District of California in that this adversary

8  proceeding arises in or is related to a case under Title 11 of the United State Code as provided in

9  28 U.S.C. § 1409.

10                          **Parties**

11      4.      Plaintiff is a California general partnership doing business in the County of Orange,

12  State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

13      5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual

14  residing in Huntington Beach, California.

15                      **General Allegations**

16                 **The Parties and Their Background**

17      6.      Houser Bros. Co. owns several acres of real property in Huntington Beach

18  California. The real property has been improved with both (a) a senior mobilehome park known as

19  Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and

20  (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

21  The Park is operated by Plaintiff and the condominium community leases the real property and is

22  operated by an independent Homeowners Association ("Association"). Both The Park and the

23  Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

24  _____

25  [1] Defendant was involved in hotly-contested litigation with the Gables concerning property located
   at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The
26  litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables
   which was formally entered on May 6, 2019. To that end, the Gables has separately filed an
27  adversary action against Defendant seeking to except the Gables Judgment from discharge as well as
   to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary
28  Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary
   Complaint as if specifically set forth herein.

                                2
                          COMPLAINT
4842-2871-2959,v.1

EXHIBIT 5, PAGE 93

1  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

2  unfettered access to both communities.

3      7.      In February 2018, Defendant came to The Park's leasing office to inquire whether

4  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

5  packet nor any information as to The Park's requirements for tenancy and its application

6  procedures.

7      8.      Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

8  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

9  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

10  Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

11  entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

12  providing for turnover of Space 376. Specifically:

13      (a)      No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

14      (b)      The Park was entitled to a Writ of Possession provided no lock-out could occur prior

15              to November 4, 2018;

16      (c)      Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

17              the mobilehome would be subject to a warehouse lien auction;

18      (d)      The Park was to review any prospective buyers in accordance with Mobilehome

19              Residency Law ("MRL");

20      (e)      The sale of the mobilehome was to proceed via escrow; and

21      (f)      Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

22              interest.

23      9.      On November 19, 2018, Defendant emailed an outdated application ("Application")

24  to the management office for The Park. At this time, the minimum requirements for tenancy at The

25  Park were as follows:

26

27  _____

28  [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in
the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and
TRO to stay writ of possession.

3
COMPLAINT

4842-2871-2959,v.1

(a)      At least 55 years of age;

(b)      Credit worthiness including a credit score of not less than 650;

(c)      Three times the subject rent in monthly income; and

(d)      Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.      The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.      Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.      On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.      In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.      Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

15.      From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

---

[3] *See*, Case No. 30-2018-01024401.

EXHIBIT 5, PAGE 95

1   Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

2   written purchase agreement.

3       16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

4   Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

5   Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

6   dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

7   some vague ownership interest in.

8       17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

9   376.[5]

10      18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

11  Quit Premises.

12      19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

13  forcible entry/detainer (mobilehome park).[6]

14      20.    On February 22, 2019, Defendant filed her answer to the Complaint.

15      21.    In August 2020, title to the mobilehome located on the Premises was transferred to

16  Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

17      22.    Subsequently, the title certificate for the mobilehome on the Premises was further

18  changed to show Defendant as the registered owner.

19                          **The Bankruptcy Filing**

20      23.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

21  Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

22  11710-ES.

23

24  _____

25  [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
    favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
26  In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
    Note.
27  [5] Reasonable daily rental value of the Premises is at least $36.20.
    [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
28  the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
    the State Court Action into this Complaint.

                                    5
                                COMPLAINT
4842-2871-2959,v.1

EXHIBIT 5, PAGE 96

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

### First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

EXHIBIT 5, PAGE 97

1      30.    Due to the failure of Defendant to execute a rental agreement prior to taking

2 possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within

3 the meaning o14 Civil Code §798.75.

4      31.    Defendant remains in possession of the subject Premises as of this date, and said

5 possession is without Plaintiff's consent.

6      32.    Defendant continues in willful, malicious, obstinate and/or intentional possession of

7 said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

8      33.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

9 Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said

10 rates long as Defendants' mobilehome remains in possession of said Premises.

11      34.    The reasonable value of utilities consumed is the amount evidenced by the meter

12 installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said

13 rates so long as Defendant's mobilehome remains in possession of said Premises.

14      35.    The reasonable value for trash removal and sewage charges are the amounts charged

15 by the suppliers for these services, and damages caused by Defendant's forcible detention will

16 accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

17      36.    As a direct and proximate result of Defendant's false pretenses, false representations,

18 or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

19      37.    In short, Defendant trespassed, refuses to leave and this has caused Damage to

20 Plaintiff.

21      38.    Defendant further fraudulently represents that she has a right to be at the Premises

22 that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

23      39.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be

24 excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

25                          **Second Claim for Relief**

26                          (11 U.S.C. §523(a)(6))

27      40.    Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these

28 paragraphs as though set forth in full.

COMPLAINT

4842-2871-2959,v.1

41.    Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.    Defendant's actions were malicious.

43.    Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.    Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.    As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

47.    Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.    Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.    Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.    When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

8

COMPLAINT

4842-2871-2959,v.1

51.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

56.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

4842-2871-2959,v.1

EXHIBIT 5, PAGE 100

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

10

COMPLAINT

4842-2871-2959,v.1

EXHIBIT 5, PAGE 101

1    herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page

2    has been removed and there are no dates or signatures on these documents.[9]

3        65.    Debtor made the foregoing omissions and false oaths knowingly by acting

4    deliberately and consciously. Debtor deliberately and consciously signed the schedules and

5    statement of financial affairs knowing that the information provided was not completely true and

6    correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of

7    perjury that there were no inaccuracies in her schedules or statement of financial affairs. This

8    supports a finding that Debtor acted knowingly in making the omissions and false oaths.

9        66.    Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

10                      **Fifth Claim for Relief**

11                  **Objection to Debtor's Discharge**

12                      **[11 U.S.C. § 727(a)(5)]**

13        67.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

14    in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

15        68.    Defendant has failed to explain satisfactorily the purchase and series of transfers

16    involving the Premises, including but not limited to the circumstances surrounding the alleged loan

17    of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the

18    Premises.

19        69.    Defendant has failed to explain satisfactorily, namely produce any documentation,

20    evidencing that there exists any lease agreement – ground or otherwise - between Defendant and

21    Plaintiff.

22        70.    Defendant has been unable to explain how much she sold 4476 Alderport for and

23    where the proceeds went, including any agreements between herself and the subsequent purchaser.

24        71.    As a result of her failure to explain satisfactorily material issues related to the

25    Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11

26    U.S.C. § 727(a)(5).

27    _____

28    [9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was
      Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

                              11
                          COMPLAINT

4842-2871-2959,v.1

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

**ON THE FOURTH CLAIM FOR RELIEF**

4.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.    For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.    For such other relief as the Court deems just and proper.


DATED: October 18, 2021              MARSHACK HAYS LLP


                                     By: */s/ Laila Masud*
                                     D. EDWARD HAYS
                                     LAILA MASUD
                                     Attorneys for Plaintiff,
                                     HOUSER BROS. CO. dba RANCHO DEL REY
                                     MOBILE HOME ESTATES

12
COMPLAINT

4842-2871-2959,v.1

# EXHIBIT 1

| | |
|---|---|
| 1 | ELAINE B. ALSTON, Bar No. 134139, |
| 2 | VIVIENNE J. ALSTON, Bar No. 170746 |
| | Members of |
| 3 | **ALSTON, ALSTON & DIEBOLD** |
| | Attorneys at Law |
| 4 | 27201 Puerta Real, Suite 300 |
| | Mission Viejo, California 92691 |
| 5 | (714) 556-9400 – FAX (714) 556-9500 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

Attorney for Plaintiff

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF ORANGE,

HOUSER BROS. CO., a California limited
partnership dba RANCHO DEL REY MOBILE
HOME ESTATES

          Plaintiff,

     vs.

JAMIE GALLIAN AND ALL OTHER
OCCUPANTS AND PERSONS IN POSSESSION
WITHOUT A SIGNED LEASE AGREEMENT,
and DOES 1 to 10, inclusive,

          Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

COMES NOW, the Plaintiff herein, and alleges as follows:

1.     Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et seq., of the Business and Professions Code.

2.     Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City of Huntington Beach, County of Orange State of California

3.     The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2    said Defendants' true names and capacities when the same have been ascertained.

3        4.    The premises which are the subject of this action are located in the judicial district in

4    which this action is brought.  Said premises are situated at 16222 Monterey Lane, Space 376,

5    Huntington Beach, California 92647 (the "Premises").

6        5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.    Defendants entered into possession of the subject Premises without the consent of

8    Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9    application was denied due to her poor financial condition.  Defendant also made a material falsehood

10   on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11   governing the mobilehome park.

12       7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13   of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14   Civil Code §798.75.

15       8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16   Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17   herein by this reference.

18       9.    Defendants remain in possession of the subject Premises as of this date, and said

19   possession is without Plaintiff's consent.

20       10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21   Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22       11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23   Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24   long as Defendants' mobilehome remains in possession of said Premises.

25       12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26   installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27   rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 15
EXHIBIT 5, PAGE 107

(8)     For such other and further relief as the Court may deem just and proper, except that

Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December  _18_, 2018          By:  _____

                                          Vivienne J. Alston
                                          Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:   Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 18
EXHIBIT 5, PAGE 110

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75.  SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By:_____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
        Park Manager

EXHIBIT 1, PAGE 19
EXHIBIT 5, PAGE 111

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered Califomia process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                                                    _____
                                                                    **Cesar Gonzalez**          Date: **12/12/2018**

EXHIBIT 1, PAGE 20
EXHIBIT 5, PAGE 112

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: 39.50
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____          _____
**Cesar Gonzalez**              Date: **12/12/2018**

_____

Declaration of Service of Notice to Tenant                              Invoice #: 2305520-02

EXHIBIT 1, PAGE 21
EXHIBIT 5, PAGE 113

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I have read the foregoing COMPLAINT _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C Houser_
Type or Print Name                                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____

On. _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
Type or Print Name                                Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions                    Rev. 7/99
Plus

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address
is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>June 20, 2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 20, 2023**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593                                    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>June 20, 2023</u>  Robert McLelland | | *Robert McLelland* |
| *Date*    *Printed Name* | | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled**: NOTICE OF MOTION AND MOTION TO
STRIKE DEBTOR'S POST-TRIAL ANSWER FILED WITHOUT LEAVE OF COURT; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 11,
2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **July 11, 2023**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT (VIA U.S. MAIL AND EMAIL TRANSMISSION)**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **July 11, 2023**, I served the following persons and/or entities by personal delivery,
overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or
email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge
will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 11, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.