JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714)321-3449
jamiegallian@gmail.com

Debtor, IN PRO SE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>       Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. A GENERAL PARTNERSHIP, dba RANCHO DEL REY MOBILE HOME ESTATES,<br>       Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>       Defendant. | OPPOSITION TO STRIKE DEBTOR'S ANSWER TO DOC 1 ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMIE LYNN GALLIAN<br><br>Date:  August 14, 2023<br>Time: 10:30 a.m.<br>Ctrm: 5C<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT JAMIE LYNN GALLIAN, AND ALL INTERESTED PARTIES:

       PLEASE TAKE NOTICE THAT on August 14, 2023, at 10:30 a.m., in Courtroom 5C, of

the United States Bankruptcy Court, the Debtor's Opposition Houser Motion To Strike Debtor's

Answer to the Adversary Complaint filed October 18, 2021, Doc 1, filed by Plaintiff, HOUSER

BROS. CO., a General Partnership dba RANCHO DEL REY MOBILE HOME ESTATES will

be heard. In the Motion, Houser Bros. seeks to strike the Debtor's Answer to Doc 1, filed on

1

June 20, 2023, as Docket No. 93 ("Doc 1-Answer"). The Opposition is based upon memorandum of points and authorities in support thereof, the Declaration of Jamie Lynn Gallian, the pleadings and files in this Adversary case, 8:21-ap-01097-SC, and the main case 8:21-bk-11710-SC, upon such further oral and documentary evidence as may be presented to the Court in opposition of the Motion.

DATED: July 31, 2023

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

Houser Bros Co and their attorney failed to review the bankruptcy rules regarding service of process to remain familiar therewith. The expression coined by Benjamin Franklin centuries ago, curiously has application in this context, as surely, " an ounce of prevention is worth a pound of cure" when it comes to insuring proper service. It is pointless to file a motion that has not been properly served because at a minimum it will interpose delay and require remedial action and it could even result in outright denial of a motion or an order or judgment being vacated.

**(c) Service. (1) In General.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.  (I) Proving Service. (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit. (2) Service Outside the United States. Service not within any judicial district of the United States must be proved as follows: (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee. **Rule 4(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

**2.    Factual Background**

On October 18, 2021, Houser Bros. Co. a California general partnership. filed a

"Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and

(a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)." No Proof of

Service evidencing service to Debtor Jamie Lynn Gallian, In Pro Per, evidencing Debtors address

on the Proof of Service attached to DOC 1, nor was any service completed to Debtor of DOC 1,

also violating Debtors right to Due Process. ("First Complaint") A true and correct copy of the

Complaint and the Proof of Service attached to the Complaint, is attached to the Declaration of

Jamie Lynn Gallian, **Exhibit 1.**  Houser has had over 2 years to file a Notice of Default of DOC 1,

and failed to do so. Debtor answer is timely.

On October 22, 2021, in violation of FRCP 4004, and without obtaining Leave of Court to

file a late complaint, Party, Houser Bros Co a California limited partnership dba Rancho Del Rey

Mobilehome Estates filed a Late Complaint to 1) Determine Dischargeability of Debt Pursuant to

11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2) (A),

(a)(4), and (a)(5)" ("Second Complaint"). The second complaint did not relate back to DOC 1, nor

was there any mentioned of a name correction.  A true and correct copy of the Complaint is

attached to the Declaration of Jamie Lynn Gallian as **Exhibit 3.**

A true and correct copy of NT of Compliance with Rule 7026,filed by Houser Bros Co. is

attached to Declaration Jamie Lynn Gallian as **Exhibit 4.**

On October 25, 2021, Summons Service Executed on Jamie Lynn Gallian. A true and

correct copy of the Summons Service Executed is attached to Declaration of Jamie Lynn Gallian as

**Exhibit 5.**

On October 28, 2021, as Docket No. 6, Debtor filed an Answer to Complaint with

Affirmative Defenses to Doc 3, Complaint to Determine Dischargeability of Debt". A Proof of

Service was attached to DOC 3 indicated Debotrs name and address.   A true and correct copy of

the Answer is attached to the Declaration of Jamie Lynn Gallian as **Exhibit 6.**

1    On December 22, 2021, Houser Bros Co filed a NT of Supplementa Hearing via Zoom.. A

2 true and correct copy of the Answer is attached to the Declaration of Jamie Lynn Gallian as **Exhibit**

3 **7.** On Christmas Eve, December 24, 2021, Houser Bros Co. filed a Joint Status Report. A true and

4 correct copy of the Answer is attached to the Declaration of Jamie Lynn Gallian as **Exhibit 8.**

5    On June 20, 2023, as Docket No. 93, Debtor filed her Answer to DOC 1. A true and correct

6 copy of the Answer is attached to the Declaration of Jamie Lynn Gallian as **Exhibit 9.**

7    Houser Bros. Co, a California limited partnership dba Rancho Del Rey Mobilehome Estates

8 filed a Motion to Amend DOC 3 Complaint ("Motion to Amend") which sought to amend the Doc

9 3. complaint to evidence presented during trial that Debtor never knowingly and willingly

10 acknowledged. her consent. Docket No. 76.  On May 23, 2023, as Docket No. 81, the Court entered

11 "(1) Order [Denying] Motion to Amend and Vacating Hearing on Docket No. 76.

12 **3.    Legal Argument**

13    **A.    No cause exists to Deny  Debtor's Due Process or to Strike her
       Answer to DOC 1.**

14    F.R.Civ.P. Rule 5 applies in Adversary Proceedings and sets out the essential components

15 of an appropriate certificate of service. It provides: The person serving process in an adversary

16 proceeding or serving a motion initiating a contested matter or notice with regard to which the

17 Bankruptcy Rules require service on an opposing party shall make proof of service thereof

18 promptly to the Bankruptcy Court in accordance with the Bankruptcy Rules. The Certificate of

19 Service must include the name and address of all parties and attorneys served, the dates of service,

20 and the manner of service.  As a matter of best practices, the certificate of service should (1)

21 indicate that the person doing the service is 18 years of age or older, (2) state the date of service,

22 which may or may not be the date of the certificate of service, (3) describe each document served

23 (not simply "the foregoing") (4) describe the method or methods of service used (in the case of

24 service by mail, it should state that the service was made by First Class U.S. Mail with adequate

25 postage prepaid), and (5) state the name of each person served, the address at which service was

26 made on that person and, if the person served is an agent, the capacity of the agent

27 (officer, registered agent, etc.). The certificate of service should be dated and signed by the person

28 who effected the service, together with that person's address and telephone number. Houser failed

to file a Certificate of Service on Debtor listing Debtor on the Proof of Service attached to DOC 1.

**HOUERS OWN ADMISSIONS ADMIT THAT THEY FILED A LATE COMPLAINT**

1  "Here, Houser Bros. filed its Complaint on October 22, 2021, and filed proof of service on Debtor on

2  October 25, 2021." Docket No. 5.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Federal Rule of Bankruptcy Procedure Rule 4004. Grant or Denial of Discharge**

**(a) Time for Objecting to Discharge;** Notice of Time Fixed. In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under §1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

**(b) Extension of Time.**

(1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

(2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

**F.R.CIV.P-Rule 5 – Serving and Filing Pleadings and Other Papers**

(a) Service: When Required.

(1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

OPPOSITION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

**b) Service: How Made.**

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;(C) mailing it to the person's last known address—in which event service is complete upon mailing;

## Conclusion

For the reasons stated above, Debtor respectfully requests an order:

1)  DENYING Plainitff's Motion;

2)  Awarding such further relief as this Court deems just and proper.

DATED: August 1, 2023

*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN

OPPOSITION TO STRIKE DEBTOR'S POST-TRIAL ANSWER

# Declaration of Jamie Lynn Gallian

I, Jamie Lynn Gallian, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

5. I make this Declaration in support of Opposition to Motion to Strike Debtor's Answer to Doc 1. Capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

6. On July 9, 2021, Jamie Lynn Gallian ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The filing of the petition commenced *In re Gallian*, 8:21-bk-11710-SC.

7. Meeting of Crerditors §341 held August 18, 2021.

8. First Amendment to Schedules filed September 7, 2021. DOC 15.

8a. Adversary Complaint DOC. 30 entered into Main Bankruptcy Case 8:21-bf-11710, filed October 18, 2021, by Party, Houser Bros Co, a California General Partnershiip.

9. A true and correct copy of a Complaint filed by Party Houser Bros Co., a California General Partnership October 18, 2021, DOC 1, is attached as **Exhibit 1**. No Proof of Service listing Debtor, Jamie Lynn Gallian is evidenced.

10. A true and correct copy of the Summons Issued DOC 2, attached as **Exhibit 2**.

11. A true and correct copy of a Complaint filed by Party Houser Bros Co. A California limited partnership dba Rancho Del Rey Mobilehome Estates October 22, 2021, DOC 3, is attached as **Exhibit 3**. Proof of Service listing Debtor Jamie Lynn Gallian 16222 Monterey Ln, Sp. 376, Huntington Beach, CA 92649.

12. A true and correct copy of the Notice, Compliance with Rule 7026, filed October 25, 2021, DOC 4,  is attached as **Exhibit 4**.

13. A true and correct copy of the Summons Service Executed on Jamie Lynn Gallian, filed October 25, 2021, DOC 4,  is attached as **Exhibit 5.  No Proof f Service listing Debtor is evidenced.**

8

DECLARATION OF JMAIE LYNN GALLIAN IN SUPPORT OF

14.     A true and correct copy of the Answer ro Complaint and Affirmative Defenses, filed by Debtor October 28, 2021, DOC 6,,  is attached as **Exhibit 6**.

15.     A true and correct copy of the Notice Supplemental Hearing by Zoom, filed  December 22, 2021, DOC,7, is attached as **Exhibit 7**.

16.     A true and correct copy of *Joint Status Report* filed December 24, 2021, DOC 8, is attached as **Exhibit 8.**

17.     A true and correct copy of Debtor's Answer to Complaint [DOC 1], filed June 20, 2023, by Debtor , DOC 93,, is attached as **Exhibit 9.**

18.     A true and correct copy of a [second] Unlawful Detainer Action filed in State Court Case No. 30-2023-01036057-CL-UD-CJC, filed March 28, 2023, by *Houser Bros Co. A California limited partnership dba Rancho Del Rey Mobilehome Estates vs Jamie Gallian,*  is attached as Exhibit 10. The [first] Unlawful Detainer Action attached to Adv. Complaint 8:21-ap-01097, is still pending since January 2, 2019, OCSC 30-2019-01041423-CL-UD-CJC.  No Notice of Related Cases was filed by Houser Bros or has a Motion to Consolidate the two State Court Unlawful Detainer Actions, now pending with two different Judicial Officers in two different courtrooms at Central Justice.  Houser Bros Co applied for RFS in December 2022.  An Order was entered in February, 2023, granting Relief from Stay to proceed with prosecuting pending Unlawful Detainer 30-2019-01041423.  However, Houser Bros instead filed a SECOND case on March 28, 2023, held service of the complaint until the end of June 2023, and came into this court with unclean hands presenting untrue facts in several pleadings relating to case no. 30-2019-01041423, additionally committing perjury in the filed documents, stating under penalty of perjury Houser Bros [has not] received Ca Covid-19 Rent Relief Funds on behalf of Debtor.  Debtor Disclosed in her Schedules  Houser Bros Co received $24, 301.55, on November 8, 2021, post-petition.  Houser Bros and the Trustee let the check go STALE, and refused to credit the funds towards Debtor Space 376 home rent. **Request Judicial Notice Main Case, DOC 60 and DOC 70.  Request Judicial Notice 8:21-ap-01097, DOC 11, DOC 12, 13, 14.**

        I declare under penalty of perjury that the foregoing is true and correct. Executed on July 31, 2023.

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

DECLARATION OF JMAIE LYNN GALLIAN IN SUPPORT OF



**8:21-ap-01097-SC** Houser Bros. Co. v. Gallian
Case type: ap **Related bankruptcy:** 8:21-bk-11710-SC **Judge:** Scott C Clarkson
**Date filed:** 10/18/2021 **Date of last filing:** 07/17/2023

# Pending Statuses

| Status | Begin Date | Time in Status | # | Status Set By |
|--------|-----------|----------------|---|---------------|
| Awaiting Answer to Complaint | 10/18/2021 | 640 days | 1 | ◕ Complaint |
| Appeal | 05/30/2023 | 51 days | 83 | ◕ Notice of Appeal and Statement of Election (Official Form 417A) |

**No statuses have been terminated for this case.**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/20/2023 22:51:55 | | | |
| **PACER Login:** | Surferdude | **Client Code:** | |
| **Description:** | Status | **Search Criteria:** | 8:21-ap-01097-SC |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**EXHIBIT 1**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | COMPLAINT TO<br>  (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>  (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br>Status Conference<br>[TO BE SET BY COURT] |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

      Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

## Statement of Jurisdiction and Venue

      1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

1   States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime*

2   *Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

3       2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I)

4   (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the

5   extent any claim for relief contained in this proceeding is determined to be non-core or involve a

6   *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

7       3.      Venue properly lies in the Central District of California in that this adversary

8   proceeding arises in or is related to a case under Title 11 of the United State Code as provided in

9   28 U.S.C. § 1409.

## Parties

11      4.      Plaintiff is a California general partnership doing business in the County of Orange,

12  State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

13      5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual

14  residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

17      6.      Houser Bros. Co. owns several acres of real property in Huntington Beach

18  California. The real property has been improved with both (a) a senior mobilehome park known as

19  Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and

20  (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

21  The Park is operated by Plaintiff and the condominium community leases the real property and is

22  operated by an independent Homeowners Association ("Association"). Both The Park and the

23  Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

---

25  [1] Defendant was involved in hotly-contested litigation with the Gables concerning property located
    at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The
26  litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables
    which was formally entered on May 6, 2019. To that end, the Gables has separately filed an
27  adversary action against Defendant seeking to except the Gables Judgment from discharge as well as
    to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary
28  Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary
    Complaint as if specifically set forth herein.

2

COMPLAINT

same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

7.      In February 2018, Defendant came to The Park's leasing office to inquire whether there were any mobilehomes for sale. At this meeting, Defendant neither requested an application packet nor any information as to The Park's requirements for tenancy and its application procedures.

8.      Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)      No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)      The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)      Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or the mobilehome would be subject to a warehouse lien auction;

(d)      The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

(e)      The sale of the mobilehome was to proceed via escrow; and

(f)      Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

9.      On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

---

[2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

4842-2871-2959,v.1

1    (a)    At least 55 years of age;

2    (b)    Credit worthiness including a credit score of not less than 650;

3    (c)    Three times the subject rent in monthly income; and

4    (d)    Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

5    10.    The Park reviewed the Application and found Defendant (a) did not meet the

6  minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous

7  collections and charge offs as bad debts.

8    11.    Accordingly, on November 20, 2018, the Park (a) mailed a letter informing

9  Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's

10 real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to

11 discuss the Denial Letter.

12    12.    On November 21, 2018, Defendant physically came to The Park office and tendered

13 a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in

14 the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained

15 no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's

16 Check occurred between The Park and Defendant, where The Park finally returned to Defendant the

17 Cashier's Check by certified mail.

18    13.    In December 2018, The Park found a second cashier's check from Defendant ("2nd

19 Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by

20 certified mail.

21    14.    Subsequently, The Park learned Defendant lied on the Application. Specifically,

22 when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have

23 you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

24 *turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

25    15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

26 allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

27

28
_____

[3] *See*, Case No. 30-2018-01024401.

4842-2871-2959,v.1

Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

written purchase agreement.

16.     Rather, Defendant asserts there (a) exists a security agreement between JSC and

Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

some vague ownership interest in.

17.     Importantly, Defendant was never approved by the Park to be a tenant for Space

376.[5]

18.     In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

Quit Premises.

19.     On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

forcible entry/detainer (mobilehome park).[6]

20.     On February 22, 2019, Defendant filed her answer to the Complaint.

21.     In August 2020, title to the mobilehome located on the Premises was transferred to

Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

22.     Subsequently, the title certificate for the mobilehome on the Premises was further

changed to show Defendant as the registered owner.

## The Bankruptcy Filing

23.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

11710-ES.

---

[4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises. In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the Note.
[5] Reasonable daily rental value of the Premises is at least $36.20.
[6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in the State Court Action into this Complaint.

4842-2871-2959,v.1

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

30.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning o14 Civil Code §798.75.

31.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

32.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

33.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

34.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

35.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

36.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

37.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

38.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

39.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

40.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

COMPLAINT

4842-2871-2959,v.1

41.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.     Defendant's actions were malicious.

43.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

## Third Claim for Relief

## Debtor Took Actions to Hinder, Delay, and Defraud Creditors

## [11 U.S.C. § 727(a)(2)(A)]

47.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

4842-2871-2959,v.1

51. Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52. Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53. Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54. Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55. Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

**Fourth Claim for Relief**

**False Oaths**

**[11 U.S.C. § 727(a)(4)]**

56. Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57. Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58. Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

9

COMPLAINT

4842-2871-2959,v.1

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

10
COMPLAINT

1 | herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page
2 | has been removed and there are no dates or signatures on these documents.[9]

3 |      65.    Debtor made the foregoing omissions and false oaths knowingly by acting
4 | deliberately and consciously. Debtor deliberately and consciously signed the schedules and
5 | statement of financial affairs knowing that the information provided was not completely true and
6 | correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of
7 | perjury that there were no inaccuracies in her schedules or statement of financial affairs. This
8 | supports a finding that Debtor acted knowingly in making the omissions and false oaths.

9 |      66.    Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

**Fifth Claim for Relief**

**Objection to Debtor's Discharge**

**[11 U.S.C. § 727(a)(5)]**

13 |      67.    Plaintiff realleges and incorporates herein by this reference, the allegations contained
14 | in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

15 |      68.    Defendant has failed to explain satisfactorily the purchase and series of transfers
16 | involving the Premises, including but not limited to the circumstances surrounding the alleged loan
17 | of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the
18 | Premises.

19 |      69.    Defendant has failed to explain satisfactorily, namely produce any documentation,
20 | evidencing that there exists any lease agreement – ground or otherwise - between Defendant and
21 | Plaintiff.

22 |      70.    Defendant has been unable to explain how much she sold 4476 Alderport for and
23 | where the proceeds went, including any agreements between herself and the subsequent purchaser.

24 |      71.    As a result of her failure to explain satisfactorily material issues related to the
25 | Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11
26 | U.S.C. § 727(a)(5).

27

28 | [9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was
Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

11

COMPLAINT

**ON THE FIRST CLAIM FOR RELIEF**

1.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.      For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.      For such other relief as the Court deems just and proper.


DATED: October 18, 2021                 MARSHACK HAYS LLP


                                        By: */s/ Laila Masud*
                                            D. EDWARD HAYS
                                            LAILA MASUD
                                            Attorneys for Plaintiff,
                                            HOUSER BROS. CO. dba RANCHO DEL REY
                                            MOBILE HOME ESTATES

4842-2871-2959,v.1

**EXHIBIT 1**

| | |
|---|---|
| 1 | ELAINE B. ALSTON, Bar No. 134139, |
| 2 | VIVIENNE J. ALSTON, Bar No. 170746<br>Members of |
| 3 | **ALSTON, ALSTON & DIEBOLD**<br>Attorneys at Law |
| 4 | 27201 Puerta Real, Suite 300<br>Mission Viejo, California 92691 |
| 5 | (714) 556-9400 – FAX (714) 556-9500 |
| 6 | Attorney for Plaintiff |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF ORANGE,

| | | |
|---|---|---|
| HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME ESTATES | | Case No.:  30-2019-01041423-CL-UD-CJC |
| | Plaintiff, | COMPLAINT FOR FORCIBLE ENTRY/<br>DETAINER (MOBILEHOME PARK) |
| | vs. | [CIVIL CODE §798.75 AND <u>CODE OF</u><br><u>CIVIL PROCEDURE</u> §§1159, <u>et seq.</u>] |
| JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, and DOES 1 to 10, inclusive, | | **DOES NOT EXCEED $10,000.00** |
| | Defendant | |

COMES NOW, the Plaintiff herein, and alleges as follows:

1.     Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE HOME ESTATES. Plaintiff has filed the statements and published the notices required by §§17900, <u>et</u> <u>seq.</u>, of the <u>Business and Professions Code</u>.

2.     Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City of Huntington Beach, County of Orange State of California

3.     The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3        4.      The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6        5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.      Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10 on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11 governing the mobilehome park.

12       7.      Due to the failure of Defendants to execute a rental agreement prior to taking possession

13 of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14 Civil Code §798.75.

15       8.      On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16 Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17 herein by this reference.

18       9.      Defendants remain in possession of the subject Premises as of this date, and said

19 possession is without Plaintiff's consent.

20       10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21 Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22       11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23 Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24 long as Defendants' mobilehome remains in possession of said Premises.

25       12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26 installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27 rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California Civil Code §798.85 states as follows:

"In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

(8)    For such other and further relief as the Court may deem just and proper, except that

Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December __18__, 2018          By:    _____
                                              Vivienne J. Alston
                                              Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):

NOTICE IS HEREBY GIVEN that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space 376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 18

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                    By: _____
                                            VIVIENNE J. ALSTON
                                            Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT 1, PAGE 19

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746 <br> ALSTON, ALSTON & DIEBOLD <br> 27201 Puerta Real ste 300 <br> Mission Viejo, CA 92691 <br> ATTORNEY FOR **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE: <br> Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER: <br> Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No: <br> 1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-01

EXHIBIT 1, PAGE 20

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**      At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT

_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C Hauser_
Type or Print Name                                          Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____, State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served. service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name                              Signature
*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | JAMIE LYNN GALLIAN, |

| ATTORNEYS (Firm Name, Address, and Telephone No.) MARSHACK HAYS LLP - 870 Roosevelt, Irvine, CA 92620; Tel. (949) 333-7777 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other    Sections 727(a)(2)(A), (a)(4), and (a)(5)

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br> 8:21-bk-11710-ES | |
| DISTRICT IN WHICH CASE IS PENDING<br> CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br> /s/ Laila Masud | | |
| DATE<br><br> October 18, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  LAILA MASUD | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**EXHIBIT 2**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D Edward Hays<br>Marshack Hays LLP<br>870 Roosevelt<br>Irvine, CA 92620<br><br>949−333−7777<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Jamie Lynn Gallian<br><br><br>Debtor(s). | CASE NO.: 8:21−bk−11710−ES<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 8:21−ap−01097−ES |
|---|---|
| Houser Bros. Co.<br><br>**(See Attachment A for names of additional plaintiffs)**<br><br>Plaintiff(s)<br><br>Versus<br><br>Jamie Lynn Gallian<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **11/18/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **January 6, 2022** |
| **Time:** | **09:30 AM** |
| **Hearing Judge:** | **Erithe A. Smith** |
| **Location:** | **411 W Fourth St., Crtrm 5A, Santa Ana, CA 92701** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>October 19, 2021</u>

By: <u>"s/" Tina Duarte</u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

## ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Houser Bros. Co.<br>Rancho Del Rey Mobile Home Estates | Jamie Lynn Gallian |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

**EXHIBIT 3**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-ES |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | FIRST AMENDED COMPLAINT TO<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br><u>Status Conference</u><br>Hearing: January 6, 2022<br>Time: 9:30 a.m.<br>Ctrm: 5A<br>Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

1
FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

FIRST AMENDED COMPLAINT
4842-2871-2959,v.1

The Park is operated by Plaintiff and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

7.   In February 2018, Defendant came to The Park's leasing office to inquire whether there were any mobilehomes for sale. At this meeting, Defendant neither requested an application packet nor any information as to The Park's requirements for tenancy and its application procedures.

8.   Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)   No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)   The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)   Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or the mobilehome would be subject to a warehouse lien auction;

(d)   The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

(e)   The sale of the mobilehome was to proceed via escrow; and

(f)   Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

---

[2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

FIRST AMENDED COMPLAINT
4842-2871-2959,v.1

9.      On November 19, 2018, Defendant emailed an outdated application ("Application")
to the management office for The Park. At this time, the minimum requirements for tenancy at The
Park were as follows:

(a)     At least 55 years of age;

(b)     Credit worthiness including a credit score of not less than 650;

(c)     Three times the subject rent in monthly income; and

(d)     Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.     The Park reviewed the Application and found Defendant (a) did not meet the
minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous
collections and charge offs as bad debts.

11.     Accordingly, on November 20, 2018, the Park (a) mailed a letter informing
Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's
real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to
discuss the Denial Letter.

12.     On November 21, 2018, Defendant physically came to The Park office and tendered
a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in
the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained
no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's
Check occurred between The Park and Defendant, where The Park finally returned to Defendant the
Cashier's Check by certified mail.

13.     In December 2018, The Park found a second cashier's check from Defendant ("2nd
Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by
certified mail.

14.     Subsequently, The Park learned Defendant lied on the Application. Specifically,
when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have
you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

4842-2871-2959,v.1

1 *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2     15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3 allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4 Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5 written purchase agreement.

6     16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

7 Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8 Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9 dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10 some vague ownership interest in.

11     17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

12 376.[5]

13     18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14 Quit Premises.

15     19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16 forcible entry/detainer (mobilehome park).[6]

17     20.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18 Sandcastle Co LLC, Document No. 76027030002.

19     21.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20 Sandcastle Co LLC, Document No. 76027940002.

21 / / /

22

23

---

24 [3] *See*, Case No. 30-2018-01024401.
[4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
25 favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
26 Note.
[5][5] Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the
27 amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for
The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.
28 [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
the State Court Action into this Complaint.

FIRST AMENDED COMPLAINT
4842-2871-2959,v.1

22.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-Sandcastle Co LLC, Document No. 76027940003.

23.    On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

24.    On February 22, 2019, Defendant filed her answer to the Complaint.

25.    In August 2020, title to the mobilehome located on the Premises was transferred to Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

26.    Subsequently, the title certificate for the mobilehome on the Premises was further changed to show Defendant as the registered owner.

## The Bankruptcy Filing

27.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-11710-ES.

28.    On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

29.    On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

30.    On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

FIRST AMENDED COMPLAINT

31.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

## (11 U.S.C. § 523(a)(2)(A))

32.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

---

[7] *Supra*, Fn. 5

4842-2871-2959,v.1

39.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.     Defendant's actions were malicious.

47.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

# Third Claim for Relief

## Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

51.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

9

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

58.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

65.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

4842-2871-2959,v.1

66.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.
[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

11

FIRST AMENDED COMPLAINT

# Fifth Claim for Relief

## Objection to Debtor's Discharge

### [11 U.S.C. § 727(a)(5)]

71.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.     Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.     Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.     Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.     As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.     For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.     For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.     For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

1    **ON THE FOURTH CLAIM FOR RELIEF**

2        4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

3    § 727(a)(4);

4    **ON THE FIFTH CLAIM FOR RELIEF**

5        5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

6    § 727(a)(5);

7    **ON ALL CLAIMS FOR RELIEF**

8        6.      For costs of suit incurred, including attorneys' fees as provided by applicable case

9    law, statute, and/or agreement of the parties; and

10       7.      For such other relief as the Court deems just and proper.

11

12   DATED: October 22, 2021                    MARSHACK HAYS LLP

13

14                                       By: */s/ Laila Masud*
                                             _____
15                                           D. EDWARD HAYS
                                             LAILA MASUD
16                                           Attorneys for Plaintiff,
                                             HOUSER BROS. CO. dba RANCHO DEL REY
17                                           MOBILE HOME ESTATES

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

**EXHIBIT 1**

Case 8:21-ap-90097-SC   Doc 34   Filed 08/02/23   Entered 08/02/23 17:09:01   Desc
Main Document      Page 57 of 189

ELAINE B. ALSTON, Bar No. 134139,
VIVIENNE J. ALSTON, Bar No. 170746
Members of
**ALSTON, ALSTON & DIEBOLD**
   Attorneys at Law
27201 Puerta Real, Suite 300
Mission Viejo, California 92691
(714) 556-9400 – FAX (714) 556-9500

Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

SUPERIOR COURT, STATE OF CALIFORNIA

COUNTY OF ORANGE,

HOUSER BROS. CO., a California limited
partnership dba RANCHO DEL REY MOBILE
HOME ESTATES

       Plaintiff,

   vs.

JAMIE GALLIAN AND ALL OTHER
OCCUPANTS AND PERSONS IN POSSESSION
WITHOUT A SIGNED LEASE AGREEMENT,
and DOES 1 to 10, inclusive,

       Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

COMES NOW, the Plaintiff herein, and alleges as follows:

    1.    Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

seq., of the Business and Professions Code.

    2.    Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

of Huntington Beach, County of Orange State of California

    3.    The true names and capacities of Defendants sued herein as DOES 1 through 10,

inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3        4.    The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6        5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.    Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12        7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15        8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18        9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20        10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22        11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25        12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 15

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California <u>Civil Code</u> §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16

1      (8)     For such other and further relief as the Court may deem just and proper, except that

2   Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4   DATED: December _18_, 2018       By: _____

5                                          Vivienne J. Alston
                                           Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

# ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:**   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space 376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 19

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER** <u>CIVIL CODE</u> **SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated: December 10, 2018                    By: _____
                                            VIVIENNE J. ALSTON
                                            Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT 1, PAGE 20

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>**ALSTON, ALSTON & DIEBOLD**<br>27201 Puerta Real ste 300<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR **Plaintiff** | TELEPHONE NUMBER<br>(714) 556-9400 | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
|---|---|---|---|
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**     At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
 a. Name: **Cesar Gonzalez**
 b. Address: **840 N. Birch St, Santa Ana, CA 92701**
 c. Telephone number: **714-953-9451**
 d. **The fee** for this service was: **129.50**
 e. I am:
 (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-01

EXHIBIT 1, PAGE 21

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR **Plaintiff** | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**     At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
 a. Name: **Cesar Gonzalez**
 b. Address: **840 N. Birch St, Santa Ana, CA 92701**
 c. Telephone number: **714-953-9451**
 d. **The fee** for this service was: **39.50**
 e. I am:
 (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant          **Invoice #: 2305520-02**

EXHIBIT 1, PAGE 22

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT

_____ and know its contents.

**☐ CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.,

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on __December 19 , 2018__ , at HUNTINGTON BEACH , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name                                                              Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

___ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.

The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
Type or Print Name                                        Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions                Rev. 7/99
& Plus

EXHIBIT 1, PAGE 23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*     *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 4**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-ES |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. 8:21-ap-01097-ES |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | NOTICE TO DEFENDANT RE: COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL BANKRUPTCY RULES |
| Plaintiff, | |
| v. | |
| JAMIE LYNN GALLIAN, | Status Conference |
| Defendant. | Hearing: January 6, 2022 Time: 9:30 a.m. Ctrm: 5A Location: 411 W. Fourth St., Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

/ / /

/ / /

1
NOTICE TO DEFENDANT

4842-2871-2959,v.1

1         PLEASE TAKE NOTICE that all parties to this adversary proceeding are required to fully

2    comply with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local

3    Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California. True

4    and correct copies of each are collectively attached as Exhibit 1.

5

6

7    DATED: October 25, 2021                MARSHACK HAYS LLP

8

9                                    By: */s/ Laila Masud*
                                        D. EDWARD HAYS
10                                       LAILA MASUD
                                        Attorneys for Plaintiff,
11                                       HOUSER BROS. CO. dba RANCHO DEL REY
                                        MOBILE HOME ESTATES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO DEFENDANT

4842-2871-2959,v.1

**EXHIBIT 1**

# USCS Fed Rules Civ Proc R 26, Part 1 of 5

Current through changes received April 9, 2021.

***USCS Federal Rules Annotated  >  Federal Rules of Civil Procedure  >  Title V. Disclosures and Discovery***

## Rule 26. Duty to Disclose; General Provisions Governing Discovery

**(a) Required Disclosures.**

(1)*Initial Disclosure.*

**(A)**In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)**the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)**a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)**a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)**for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)**Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:

**(i)**an action for review on an administrative record;

**(ii)**a forfeiture action in rem arising from a federal statute;

**(iii)**a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

**(iv)**an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(v)**an action to enforce or quash an administrative summons or subpoena;

**(vi)**an action by the United States to recover benefit payments;

**(vii)**an action by the United States to collect on a student loan guaranteed by the United States;

**(viii)**a proceeding ancillary to a proceeding in another court; and

**(ix)**an action to enforce an arbitration award.

**(C)**Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court

USCS Fed Rules Civ Proc R 26, Part 1 of 5

order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)**Time for Initial Disclosures—For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)**Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)**_Disclosure of Expert Testimony._

**(A)**In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under _Federal Rule of Evidence 702_, 703, or 705.

**(B)**Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)**a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)**the facts or data considered by the witness in forming them;

**(iii)**any exhibits that will be used to summarize or support them;

**(iv)**the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)**a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)**a statement of the compensation to be paid for the study and testimony in the case.

**(C)**Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)**the subject matter on which the witness is expected to present evidence under _Federal Rule of Evidence 702,_ 703, or 705; and

**(ii)**a summary of the facts and opinions to which the witness is expected to testify.

**(D)**Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)**at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)**if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)**Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

**(3)**_Pretrial Disclosures._

**(A)** In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under *Federal Rule of Evidence 402* or *403*—is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

EXHIBIT 1, PAGE 5

USCS Fed Rules Civ Proc R 26, Part 1 of 5

**(iii)**the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)***Trial Preparation: Materials.*

**(A)**Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)**they are otherwise discoverable under Rule 26(b)(1); and

**(ii)**the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)**Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)**Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)**a written statement that the person has signed or otherwise adopted or approved; or

**(ii)**a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

**(4)***Trial Preparation: Experts.*

**(A)**Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)**Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)**Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)**relate to compensation for the expert's study or testimony;

**(ii)**identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

**(iii)**identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)**Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

**(i)**as provided in Rule 35(b); or

**(ii)**on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

**(E)**Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:

EXHIBIT 1, PAGE 6

USCS Fed Rules Civ Proc R 26, Part 1 of 5

**(i)**pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)**for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)**_Claiming Privilege or Protecting Trial-Preparation Materials._

**(A)**Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)**expressly make the claim; and

**(ii)**describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)**Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1)**_In General._ A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)**forbidding the disclosure or discovery;

**(B)**specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)**prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)**forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)**designating the persons who may be present while the discovery is conducted;

**(F)**requiring that a deposition be sealed and opened only on court order;

**(G)**requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)**requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)**_Ordering Discovery._ If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)**_Awarding Expenses._ Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

EXHIBIT 1, PAGE 7

USCS Fed Rules Civ Proc R 26, Part 1 of 5

**(1)***Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)***Early Rule 34 Requests.*

**(A)**Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)**to that party by any other party, and

**(ii)**by that party to any plaintiff or to any other party that has been served.

**(B)**When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

**(3)***Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)**methods of discovery may be used in any sequence; and

**(B)**discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)***In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

**(A)**in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)**as ordered by the court.

**(2)***Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)***Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b).

**(2)***Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)***Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)**what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**(B)**the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

EXHIBIT 1, PAGE 8

USCS Fed Rules Civ Proc R 26, Part 1 of 5

**(C)**any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)**any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under *Federal Rule of Evidence 502*;

**(E)**what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)**any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)***Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

**(A)**require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)**require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)***Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)**with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)**with respect to a discovery request, response, or objection, it is:

**(i)**consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)**not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)**neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)***Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)***Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**LBR 7026-1.  DISCOVERY**

**(a)**    **General.**    Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

    (1)    Notice.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

    (2)    Proof of Service.  The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

**(b)**    **Discovery Conference and Disclosures.**

    (1)    Conference of Parties.  Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.  Unless otherwise ordered, the initial status conference

2/21

EXHIBIT 1, PAGE 10

constitutes the "scheduling conference" referred to in FRCP 26(f)(1) (incorporated by FRBP 7026).

(2)   <u>Joint Status Report</u>.  Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2).  The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)**   <u>**Failure to Make Disclosures or Cooperate in Discovery.**</u>

(1)   <u>General</u>.  Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2)   <u>Meeting of Parties</u>.  Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute.  It is the responsibility of the moving party to arrange the conference.  Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3)   <u>Moving Papers</u>.  If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

    (A)   The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

    (B)   The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute.  For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

    (C)   In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4)   <u>Cooperation of Parties; Sanctions</u>.  The failure of any party either to cooperate in this procedure, to attend the meeting of parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

        

(5)  <u>Contempt</u>.  LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE TO DEFENDANT RE: COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL BANKRUPTCY RULES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 25, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 25, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP#376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 25, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date       Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 5**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D Edward Hays<br>Marshack Hays LLP<br>870 Roosevelt<br>Irvine, CA 92620<br><br>949–333–7777<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Jamie Lynn Gallian<br><br><br><br>Debtor(s). | CASE NO.: 8:21–bk–11710–ES<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 8:21–ap–01097–ES |
|---|---|
| Houser Bros. Co.<br><br>**(See Attachment A for names of additional plaintiffs)**<br><br>Plaintiff(s)<br>Versus<br>Jamie Lynn Gallian<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **11/18/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **January 6, 2022** |
| **Time:** | **09:30 AM** |
| **Hearing Judge:** | **Erithe A. Smith** |
| **Location:** | **411 W Fourth St., Crtrm 5A, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                 Page 1                 **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>October 19, 2021</u>

By: _____<u>"s/" Tina Duarte</u>_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Houser Bros. Co.<br>Rancho Del Rey Mobile Home Estates | Jamie Lynn Gallian |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                        **F 7004–1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **1. FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5); 2. SUMMONS AND NOTICE OF
STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]; 3. COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5); AND 4. ADVERSARY
PROCEEDING COVER SHEET** will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 25, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 25, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP#376
HUNTINGTON BEACH, CA 92649

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 25, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*    *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 6**

JAMIE LYNN GALLIAN

16222 MONTEREY LN. #376

HUNTINGTON BEACH, CA 92649

(714) 321-3449
jamiegallian@gmail.com

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA-
# SANTA ANA DIVISION

| | |
|---|---|
| In re    JAMIE LYNN GALLIAN | )   BK No. :    8:21-bk-11710-ES |
| Debtor(s) | ) |
| | )   ADV. No.:    8:21-ap-01097-ES |
| | ) |
| | )   Chapter 7 |
| ============================= | )   ANSWER TO COMPLAINT/ DEFENDANT JAMIE |
| | )   LYNN GALLIAN, AFFIRMATIVE DEFENSES TO |
| | )   COMPLAINT TO DETERMINE DISCHARGEABILITY |
| HOUSER BROS CO, dba RANCHO DEL | )   OF DEBT; |
| REY MOBILEHOME ESTATES | ) |
| , | )   STATUS CONFERENCE: |
| Plaintiff(s), | ) |
| | )   DATE:    JANUARY 6, 2022 |
| v. | ) |
| | )   TIME:    9:30A.M. |
| JAMIE LYNN GALLIAN | ) |
| , | )   PLACE:   United States Bankruptcy Court |
| Defendant(s). | ) |
| | )         411 W. Fourth St. Crtrm 5A, |
| | ) |
| | )         Santa Ana, CA 92701 |

      COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer to the Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the California Code of Civil Procedure, this answering Defendant denies both generally and specifically each, every and all of the allegations contained in said Complaint, and the whole thereof, and further deny that Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or at all. Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering Defendant, or any agents,servants or employees of this answering Defendant.

1

| | **CHECK ONE** | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|---|
| | Paragraph 4 | X | | |
| | Paragraph 5 | X | | |
| | Paragraph 6 | | | X |
| | Paragraph 7 | | X | |
| | Paragraph 8 | | | X |
| | Paragraph 9 | | | X |
| | Paragraph 10 | | | X |
| | Paragraph 11 | X | | |
| | Paragraph 12 | | X | |
| | Paragraph 13 | | | X |
| | Paragraph 14 | | X | |
| | Paragraph 15 | X | | |
| | Paragraph 16 | X | | |
| | Paragraph 17 | | X | |
| | Paragraph 18 | X | | |
| | Paragraph 19 | | | X |
| | Paragraph 20 | | X | |
| | Paragraph 21 | X | | |
| | Paragraph 22 | X | | |
| | Paragraph 23 | X | | |
| | Paragraph 24 | X | | |
| | Paragraph 25 | | | X |

2

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 26 | X | | |
| Paragraph 27 | X | | |
| Paragraph 28 | X | | |
| Paragraph 29 | X | | |
| Paragraph 30 | X | | |
| Paragraph 31 | X | | |
| Paragraph 32 | | | X |
| Paragraph 33 | | X | |
| Paragraph 34 | | X | |
| Paragraph 35 | | X | |
| Paragraph 36 | | X | |
| Paragraph 37 | | X | |
| Paragraph 38 | | X | |
| Paragraph 39 | | X | |
| Paragraph 40 | | X | |
| Paragraph 41 | | X | |
| Paragraph 42 | | X | |
| Paragraph 43 | | X | |
| Paragraph 44 | | | X |
| Paragraph 45 | | X | |
| Paragraph 46 | | X | |
| Paragraph 46 | | | |

3

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 47 | | X | |
| Paragraph 48 | | X | |
| Paragraph 49 | | X | |
| Paragraph 50 | | X | |
| Paragraph 51 | | | X |
| Paragraph 52 | | | X |
| Paragraph 53 | | X | |
| Paragraph 54 | | X | |
| Paragraph 55 | | X | |
| Paragraph 56 | | X | |
| Paragraph 57 | | X | |
| Paragraph 58 | | X | |
| Paragraph 59 | | X | |
| Paragraph 60 | | | X |
| Paragraph 61 | | | X |
| Paragraph 62 | | X | |
| Paragraph 63 | | X | |
| Paragraph 64 | X | | |
| Paragraph 65 | | X | |
| Paragraph 66 | | X | |
| Paragraph 67 | | X | |

4

| CHECK ONE | ADMIT | DENY | I DO NOT HAVE ENOUGH INFORMATION TO ANSWER AND THEREFORE DENY |
|---|---|---|---|
| Paragraph 68 | | X | |
| Paragraph 69 | | X | |
| Paragraph 70 | | X | |
| Paragraph 71 | | | X |
| Paragraph 71 | | | |
| Paragraph 72 | | X | |
| Paragraph 73 | | X | |
| Paragraph 74 | | X | |
| Paragraph 75 | | X | |
| Paragraph 76 | | | |
| Paragraph 77 | | | |

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2.     That Defendant be awarded costs of suit, including attorneys' fees, incurred in the defense of this action pursuant to 11 U.S.C. § 523(d); and

3.     For such other and further relief as the court deems just and proper.

DATED: 10/28/2021

Signature

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*)**: ANSWER TO COMPLAINT; DEFENDANT JAMIE
LYNN GALLIAN, AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY** will be served or
was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 28, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

                        ☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage
prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
completed no later than 24 hours after the document is filed.

                        ☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021,** I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593                   ☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/28/2021 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Cont.

- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1   JAMIE LYNN GALLIAN

2   16222 MONTEREY LN. #376

3   HUNTINGTON BEACH, CA 92649

4   (714) 321-3449

5   jamiegallian@gmail.com

6

7

8              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA-
9                    SANTA ANA DIVISION

10  In re    JAMIE LYNN GALLIAN      )  BK No. :      8:21-bk-11710-ES
                                     )
11          Debtor(s)                )  ADV. No.:     8:21-ap-01097- ES
                                     )
12                                   )
                                     )  Chapter 7
13  ===================              )
                                     )  ANSWER; **DEFENDANT JAMIE LYNN GALLIAN,**
14                                   )  **AFFIRMATIVE DEFENSES TO COMPLAINT TO**
                                     )  DETERMINE DISCHARGEABILITY.
15                                   )
    HOUSER BROS CO DBA RANCHO        )  **STATUS CONFERENCE:**
16  DEL REY MOBILEHOME ESTATES       )
                                     )  DATE:  JANUARY 6, 2022
17                                   )
                                     )
18          Plaintiff(s),            )  TIME:  9 :30A.M.
                                     )
19  v.                               )
                                     )  PLACE:  United States Bankruptcy Court
20  JAMIE LYNN GALLIAN, an individual, )
    and DOES 1 through 100, inclusive )         411 W. Fourth St. Crtrm 5A,
21                                   )
            Defendant(s).            )
22                                   )         Santa Ana, CA 92701
                                     )
23

24       COMES NOW Defendant, JAMIE LYNN GALLIAN and for no other party and by way of answer

25  to the  Complaint on file herein, and by virtue of the provisions of section 431.30( d) of the California

26  Code of Civil Procedure, this answering Defendant denies both generally and specifically each, every and

27  all of the allegations contained in said Complaint, and the whole thereof, and further deny that

    Complainant(s) sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.

28  Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies

    that Complainant sustained any injury, damage or loss, if any, by reason of any act or omission on the part

    of this answering Defendant, or any agents,servants or employees of this answering Defendant.

1

## FIRST AFFIRMATIVE DEFENSE

### [Action in Bad Faith]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this answering Defendant. Complainant should, therefore, be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in *California Code of Civil Procedure* section 1038.

## SECOND AFFIRMATIVE DEFENSE

### [Active Negligence of Complainant]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's conduct, was such that all liability based thereon was active and primary in nature, to preclude any recovery sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### [Active Versus Passive Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the negligence of Complainant was active and primary and proximately caused any alleged damages or injuries alleged in the Complaint, whereas the conduct and participation, if any, of this answering Defendant, in the events alleged in Complainant's Complaint on file herein were passive, derivative and secondary in nature only.

## FOURTH AFFIRMATIVE DEFENSE

### [Additional Defenses]

This answering Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. This answering Defendant reserves herein the right to assert

2

1  additional affirmative defenses in the event discovery indicates that additional affirmative

2  defeases are appropriate.

### FIFTH AFFIRMATIVE DEFENSE

#### [Apportionment of Fault]

5  This answering Defendant alleges that this answering Defendant is not legally

6  responsible in any fashion with respect to damages and injuries claimed by Complainant in their

7  Complaint. However, if this answering Defendant is found to be legally responsible, then this

8  answering Defendant provisionally alleges that its legal responsibility is not the sole and

9  proximate cause of the injuries alleged by Complainant,

10  and that the damages awarded to Complainant, if any, are to be apportioned according to

11  the respective fault and legal responsibility of all parties, persons and entities or the agents,

12  servants and employees who contributed to and/or caused said injury, according to proof at trial.

### SIXTH AFFIRMATIVE DEFENSE

#### [Assumption of the Risk]

15  This answering Defendant alleges that Complainant expressly, voluntarily, and

16  knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred

17  either totally or to the extent of said assumption fr    any damages.

### SEVENTH AFFIRMATIVE DEFENSE

#### [Attorney's Fees]

20  This answering Defendant is informed and believes, and on such information and

21  belief alleges, that pursuant to the CC&R's, Davis-Sterling Act, and *Civil Code* sections 5650(b),

22  5740, 5650(a), 5705(a), 5715(a), 5720(a), 5685, 5658, and 5975, between Complainant

23  and this answering Defendant, an award of attorney's fees will be paid to the party justly

24  entitled to same in the event either party becomes involved in litigation arising out of said

25  CC&R's, Davis-Sterling Act, and *Civil Code* or the performance thereof (which provision is

26  reciprocal pursuant to the provisions of *California Civil Code* section 1717). It has been

27  necessary for this answering Defendant to retain an attorney to defend the within action and to

28  otherwise protect his rights, and this answering Defendant demands her attorney's

3

1  fees both under the CC&R's, Davis-Sterling Act, and *Civil Code* and pursuant to the applicable

2  law of indemnification.

3  ## EIGHTH AFFIRMATIVE DEFENSE

4  ### [Balancing of Conveniences]

5  This answering Defendant alleges that Complainant is not entitled to the

6  relief requested in the Complaint because such relief would work a substantial hardship on

7  the Defendant relative to the benefit Complainant would gain by such relief.

8  ## NINTH AFFIRMATIVE DEFENSE

9  ### [Breach of Conditions Precedent]
10  This answering Defendant is informed and believes, and on such information and

11  belief alleges, that the improper conduct of Complainant constituted a breach of conditions
12  which are precedent to any right or theory of recovery against this answering

13  defendant. or complainant might otherwise be permitted to advance.

14  ## TENTH AFFIRMATIVE DEFENSE

15  ### [Breach of Contract]

16  This answering Defendant is informed and believes and thereon alleges that

17  actions and omissions by Complainant constituted a breach of contract by

18  Complainant, and such breach excuses any non-performance by this answering Defendant.

19

20  ## ELEVENTH AFFIRMATIVE DEFENSE

21  ### [Comparative Fault of Third Parties]

22  This answering Defendant is informed and believes and upon such information and

23  belief alleges that the accident and the injuries, if any, allegedly suffered by Complainant were

24  proximately caused and contributed to by the negligence of third parties with the Complainant

25  and not this answering Defendant) and that said third parties failed to exercise reasonable care at

26  and prior to the time of said damages, and by reason thereof any recovery by Complainant

27  against this answering Defendant must be reduced by an amount equal to the proportionate fault

28  of said third parties.

4

## TWELFTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

This answering Defendant is informed and believes, and on such information and belief alleges, that if it should be found that this Defendant is in any manner legally responsible for injury or damages, if any, sustained by Complainant, which supposition is not admitted but merely stated for the purpose of this affirmative defense, any injuries or damages found to have been incurred or suffered by Complainant in this action were proximately caused or contributed to by the other parties in this case, whether served or not served, and/or by other persons or entities not parties to this action, and it is necessary that the proportionate degree of negligence or fault or unreasonable conduct of each of said persons or entities, whether parties to this action or not, be determined and prorated and any judgment that might be rendered against this answering Defendant be reduced not only by the degree of comparative negligence found to exist as to Complainant but also as to the total of that degree of negligence, fault and/or unreasonable conduct found to exist as to said other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE,

### [Comparative Negligence of Complainant]

Complainant, its agents, servants, employees, and independent contractors, acted negligently at the time and place alleged in the Complaint. These negligent acts were the legal cause of their injuries and damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Complete Performance]

This answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

/ /

/ / /

5

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Conduct of Defendant Not a Substantial Factor]

This answering Defendant is informed and believes, and on such information and belief alleges, that the tortuous misconduct alleged in the Complaint as against this Defendant, if any, was not a substantial factor in bringing about the alleged injuries to Complainant. Therefore, any such alleged misconduct was not a contributing cause, but was superseded by tortuous misconduct by one or more third parties, including that of Complainant; whose misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE,

### [Conduct was Justified]

The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing,        Complainant is barred from any recovery against Defendant herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Consent]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant had full knowledge at the time of events thereon alleged and with full knowledge, Complainant consented to said acts and voluntarily invited and assumed same. Complainant is therefore barred from any recovery thereon.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Contribution]

This answering Defendant alleges that the damages suffered by Complainant, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault attributable to this answering Defendant.

6

## NINETEENTH AFFIRMATIVE DEFENSE

### [Contributory Negligence]

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Complainant was negligent, careless, reckless, and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by Complainant.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Costs]

This answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against this answering Defendant. Complainant should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California *Code of Civil Procedure* section 1038.

## TWENTY-FIRST AFFIRMATIVE DEFENSE,

### [Equities Favor Defendant]

This answering Defendant is informed and believes, and on such information and belief alleges, that between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery based upon equitable indemnity as against this answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Estoppel]

This answering Defendant is informed and believes and thereon alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, contracts and incidents which are the subject of this Complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

7

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**[Failure to Perform]**

At all times mentioned herein, Complainant failed to perform all duties and obligations

required on its part under the terms of the CC&R's agreement and such acts or omissions

bars recovery by Complainant herein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**[Failure to Mitigate]**

Complainant, though under a duty to do so, has failed and neglected to mitigate its

alleged damages, and, therefore, cannot recover against this answering Defeendant, whether

as alleged or otherwise.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**[Failure to State a Claim]**

The Complaint, and each and every purported count thereof, fails to state a claim

for which relief can be granted against this answering Defeendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**[Failure to State a Cause of Action]**

This answering Defeendant alleges that neither Complainant's

Complaint, nor any cause of action asserted therein, state facts sufficient to constitute a cause of

action against this answering Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**[Financial Abuse]**

This answering Defeendant is informed and believes and thereon alleges that Complainant,

along with others, engaged in conduct constituting financial abuse against this answering

Defeendant. As such, Complainant's claims against this answering Defendant are violated.

See, *Welf. & Inst. Code* §15657 et seq.

/ / /

/ / /

/ / /

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Frivolous Action]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law the filing of said Complaint against this answering Defendant. The Complainant is therefore responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant, as more particularly set forth in California *Code of Civil Procedure* section 128.5.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Intentional Conduct]

This answering Defendant is informed and believes, and on such information and belief alleges, that the Complaint, and each cause of action alleged therein, is barred by Complainant's intentional conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Inspection and Approval]

This answering Defendant is informed and believes, and on such information and belief alleges, that following the performance and services by Defendant, the Complainant and other parties, their agents or employees, inspected and approved the conditions of the subject property and work performed by this Defendant as satisfactory, thereby waiving any claim for damages, negligence, indemnity, breach of warranty and/or breach of contract as alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### [Intervening Superseding Causes]

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Complainant complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which

9

Complainant complains, thus barring Complainant from any recovery against this answering Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### [Justification]

This answering Defendant alleges that Complainant engaged in conduct and activities with respect to the subject of this litigation, and by reason of the foregoing incidents, the conduct of this answering Defendant was justified, Complainant is barred from any recovery against this answering Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### [Laches]

Complainant waited an unreasonable period of time before asserting its claims, if any, against this answering Defendant, and is barred from asserting such claims under the doctrine of laches.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### [Lack of Equity]

As between this answering Defendant and Complainant, the equities do not preponderate in favor of Complainant to allow recovery.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### [Limitation of Non-Economic Damages]

This answering Defendant is informed and believes, and on such information and belief alleges, that pursuant to *California Civil Code* section 1431.2, the right of Complainant to recovery herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering Defendant. Additionally, the liability of Defendant is several and not joint, with respect to non-economic damages, and each Defendant is liable only for the amount of non-economic damages, being defined as:

"subjective, non-monetary losses, including but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society, companionship and consortium, injury to reputation and humiliation."

10

Therefore, if liability is found as to this answering Defendant, neither Defendant nor Complainant are entitled to recover from this answering Defendant, any non-economic damages which are allocable to other responsible parties or non-parties, whether served or unserved.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### [Mediation]

This answering Defendant alleges that the CC&R's and Davis-Sterling Act allegedly entered into between Complainant          and this answering Defendant provides for mediation of any dispute arising from the transaction. Pursuant to the mediation clause, because         Complainant brought this action without first attempting to resolve this matter through mediation with proper notice, Complainant is not entitled to a recovery of attorney's fees, should they prevail in their action, as alleged in Complainant's Complaint. *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1100.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### [Misrepresentation of Property]

This answering Defendant is informed and believes, and on such information and belief alleges, that none of the acts attributed to Defendant proximately caused the injuries and/or damages alleged in the Complaint in that any such causation was superseded by an intentional, criminal and fraudulent act of a third party, Complainant, in misrepresenting the condition of the property, thus barring or diminishing Complainant's recovery herein.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### [Negligence of Others]

This answering Defendant is informed and believes, and on such information and belief alleges, that the incident, injuries, and damages mentioned in the Complaint were proximately caused and/or contributed to by the negligence of the Complainant in that Complainant did not exercise ordinary care in its own behalf at the time and place alleged.

Therefore, said negligence bars recovery by Complainant or, in the alternative, it reduces

11

the right of recovery to Complainant by that amount which said negligence contributed to

incident as set forth under the doctrine of comparative negligence.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### [No Reliance]

This answering Defendant is informed and believes, and on such information and belief

alleges, that this answering Defendant did not make any warranties or guarantees, expressed,

implied, or apparent, upon which Complainant may rely.

### FORTIETH AFFIRMATIVE DEFENSE

### [Offset/Credit]

Complainant has heretofore received compensation for the damages alleged in the

Complaint under circumstances entitling this answering Defendant to an offset and credit

against any judgment herein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### [Ratification]

This answering Defendant is informed and believes, and on such information and belief

alleges, that Complainant approved the acts and/or omissions, if any, of this answering

Defendant and ratified same; consequently, Complainant is barred from
recovery as against this answering Defendant.

### FORTY-SECOND AFFIRMATIVE DEFENSE,

### [Release]

This answering Defendant is informed and believes, and on such information and belief

alleges, that any and all liability, costs, causes of action, obligations and/or claims existing by

and between Complainant and Defendant, whether known or unknown, arising out of or in

connection with the claims of injuries and/or damages alleged in the Complaint, were released

and extinguished as a result of a prior settlement for good and valuable consideration, thereby

barring enforcement of the existing obligations and/or claims pursuant to *California Code of*

*Civil Procedure* sections 1541 and 1542.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### [Right of Third-Party Defendant]

This answering Defendant asserts all defenses available against Complainant

pursuant to *California Code of Civil Procedure* section 428.70.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### [Several Liability]

This answering Defendant is informed and believes and on that basis alleges that,

along with the Complainant, other third parties are responsible for Complainant's economic and

non-economic damages, if any, pursuant to *Civil Code* sections 1431, 1431.2, 1431.3, 1431.4 and

1431.5, in that Complainant's recovery against this answering Defendant for any non-economic

damages is barred except as to those non-economic damages specifically apportioned to this

answering Defendant.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### [Several Liability for Non-Economic Damages]

The right of Complainant to recovery herein, if any right exists, is reduced and limited to

the percentage of negligence attributable to this answering defendant pursuant to California

*Civil Code* section 1431.2.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### [Standard of Care]

This answering Defendant is informed and believes, and on that basis alleges, that this

answering Defendant alleges Complainant is barred and precluded from any recovery in this

action because this answering Defendant at all times complied with the applicable standard of

care required of a property purchaser of the type of this answering Defendant, at the time and

location where the subject property was purchased while Complainant failed to perfect its claim.

/ / /

/ / /

13

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

This answering Defendant alleges that the causes of action set forth in the

Complaint are barred by the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2),

337.1(b), 337.15(a)(2), 337.15(g), 338(a), 338(b), 339(1), 340(1), 340(3), 343 and 359 of the

*Code of Civil Procedure* of the State of California.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### [Subrogation]

This answering Defendant is informed and believes and thereon alleges that

Complainant was reimbursed for a portion of the claimed damages by another third party, that

Complainant has subrogated to that third party a portion of the damages claimed herein; and

that by virtue of the subrogation, Complainant has failed to name indispensable parties, thus

barring Complainant's recovery herein.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

Complainant is barred by the equitable doctrine of unclean hands from obtaining the relief

requested.

## FIFTIETH AFFIRMATIVE DEFENSE

### [Unilateral Mistake of Fact]

The contract set forth in the Complaint is voidable and can be rescinded by this

answering Defendant because a unilateral mistake of material fact existed.  The mistake of fact

was not caused by the neglect of a legal duty on the part of this Defendant and was either an

unconscious or forgetfulness of a past or present fact material to the contract, or a belie in the

present existence of such a thing, which has not existed and was, either due to the fault of

other third parties or due to the other paries knowing or having reason to know that a mistake

existed.

/ / /

14

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### [Unreasonable Delay]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant has unreasonably delayed in filing its Complaint and in notifying this answering Defendant of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Defendant in its defense of the action, thereby barring or diminishing Complainant's recovery herein.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### [Untimely Notice]

This answering Defendant is informed and believes, and on such information and belief alleges, that Complainant's action is barred by its failure to provide Defendant with written notice within a reasonable amount of time of the alleged outstanding amounts owed by Jamie Gallian.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### [Violation of Due Process]

Complainant waited an unreasonable period before asserting its claims, if any, against this answering Defendant, and thereby has violated this Defendant's right to due process as guaranteed by the California and United States Constitutions and has thereby irreparably prejudiced this Defendant's ability to adequately defend itself against Complainant's claims.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### [Waiver]

This answering Defendant is informed and believes and thereon alleges that Complainant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. The performance, services, and supplying of materials of this answering Defendant, Complainant, and their agents, inspected and approved the condition of

15

1  the subject property, and work materials supplied by this answering Defendant, and agreed

2  and approved that the subject property, materials, products, and work was satisfactory, thereby

3  waiving any further claim for damages as alleged in the Cross-Complaint.

4  ## FIFTY-FIFTH AFFIRMATIVE DEFENSE

5  **[Complainant Creditor Not Harmed By Alleged Voidable Transaction]**

6  This answering Defendant is informed and believes, and on that basis alleges, that:

7  1. Complainant was not harmed or injured in any manner by the allegedly voidable

8  transfer because this transfer did not put beyond the Complainant's reach any property that it

9  would have been able to obtain, subject to the payment of its alleged claim against Jamie Gallian.

10  2. The subject property transferred was in fact not available, or subject to the

11  Complainant's claim against Jamie Gallian the property conveyed was exempt from attachment

12  and execution under *Code of Civil Procedure* Sections 704.710–704.850 in that Jamie Gallian

13  actually resided in the dwelling on the subject property and same constituted her principal

14  residence and her equity in the property did not exceed the amount of the exemption to which

15  she was entitled pursuant to *Code of Civil Procedure* section 704.730(a).

16  3. The transfer is not voidable because this answering Defendant conveyed

17  unencumbered title to the subject property in good faith and for a reasonably equivalent value

18  given to Jamie Gallian, pursuant to *Civil Code* section 3439.08(a).

19

20  **WHEREFORE**, Defendant prays for judgment as follows:

21

22  1.   That this Court determines the rights, duties and obligations of the parties to this

23  action;

24  2.   That this answering Defendant be awarded cost of suit incurred herein;

25  3.   Reasonable attorney's fees pursuant to California *Code of Civil Procedure*

26  § 1021.1 and 1021.6;

27  4.   Reasonable attorney's fees pursuant to contract;

28

16

5.    Investigative costs;

6.    Full and complete indemnity;

7.    Equitable indemnity on a comparative fault basis;

8.    For such other and further relief as the Court deems just and proper; and

9.    Demand foor jury trial.

Dated: October 28, 2021                RESPECTFULLY SUBMITTED,

JAMIE LYNN GALLIAN

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB DRIVE HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*)**: ANSWER TO COMPLAINT; DEFENDANT JAMIE LYNN GALLIAN, AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

$\boxtimes$  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

$\square$  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 28, 2021**,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

$\square$Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 7**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN,<br><br>                     Debtor(s). | CASE NO.: 8:21-bk-11710-ES<br><br>CHAPTER:  7 |
|---|---|
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>                     Plaintiff(s)<br><br>                     v.<br>JAMIE LYNN GALLIAN,<br><br>                     Defendant(s) | ADV. NO. 8:21-ap-01097-ES<br><br>**SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO**<br><br>HEARING DATE:    January 6, 2022<br>HEARING TIME:    9:30 am |

**Movant:**  Plaintiff, HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

1.  The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Erithe A. Smith, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]**

2.  **Please be advised that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

> Meeting URL: https://cacb.zoomgov.com/j/1601033182
>
> Meeting ID:    160 103 3182
>
> Password:      967464
>
> Telephone: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants

Date: December 22, 2021

MARSHACK HAYS LLP
_____
Printed name of law firm (if applicable)

/s/ D. Edward Hays
_____
Printed name of individual Movant or attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE TO DEFENDANT RE: COMPLIANCE
WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL
BANKRUPTCY RULES** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**October 25, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 25, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

DEBTOR AND DEFENDANT
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP#376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 25, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date      Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Cont.

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT 8

<table>
<tr>
<td>

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

☐ *Individual appearing without attorney*
☒ *Attorney for:  Plaintiff, HOUSER BROS. CO. dba RANCHO
DEL REY MOBILE HOME ESTATES*

</td>
<td>

FOR COURT USE ONLY

</td>
</tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

<table>
<tr>
<td>

In re:

JAMIE LYNN GALLIAN,

Debtor(s).

</td>
<td>

CASE NO.: 8:21-bk-11710-ES

ADVERSARY CASE NO.: 8:21-ap-01097-ES

CHAPTER:  7

</td>
</tr>
<tr>
<td>

HOUSER BROS. CO. dba RANCHO DEL REY MOBILE
HOME ESTATES,

Plaintiff(s).

vs.

JAMIE LYNN GALLIAN,

Defendant(s).

</td>
<td>

**JOINT STATUS REPORT**
**[LBR 7016-1(a)(2)]**

DATE: January 6, 2022
TIME: 9:30 a.m.
COURTROOM: 5A
ADDRESS: 411 W. Fourth Street, Santa Ana, CA 92701

</td>
</tr>
</table>

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc.    ☒  Yes  ☐  No
    (Claims Documents)?

2.  Have all parties filed and served answers to the Claims Documents?    ☒  Yes  ☐  No

3.  Have all motions addressed to the Claims Documents been resolved?    ☒  Yes  ☐  No

4.  Have counsel met and conferred in compliance with LBR 7026-1?    ☒  Yes  ☐  No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                           Page 1                                           **F 7016.1.STATUS.REPORT**

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below *(or on attached page)*:

**B.  <u>READINESS FOR TRIAL</u>:**

1.  When will you be ready for trial in this case?

<u>Plaintiff</u>                                                      <u>Defendant</u>

   June 2022                                                  <u>June</u>   2022

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay:

<u>Plaintiff</u>                                                      <u>Defendant</u>

   Conduct discovery and pre-trial process

3.  When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                                                      <u>Defendant</u>

   March 31, 2022

4.  What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                                                      <u>Defendant</u>

   RFAs, Rogs, RPD, and Depositions                    None

**C.  <u>TRIAL TIME</u>:**

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)*?

<u>Plaintiff</u>                                                      <u>Defendant</u>

   One day                                                    one-half day

2.  How many witnesses do you intend to call at trial *(including opposing parties)*?

<u>Plaintiff</u>                                                      <u>Defendant</u>

                                                               TBD
   TBD                                                        TBD

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 2                          **F 7016.1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

|  Plaintiff | Defendant |
| --- | --- |
| TBD | TBD |

## D.  **PRE-TRIAL CONFERENCE**:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
| --- | --- |
| Pretrial conference ☒(is)/ ☐(is not) requested. | Pretrial conference ☒(is)/ ☐(is not) requested. |
| Reasons:   To narrow issues for trial | Reasons:   Decision on Motion for Summary Judgment |

Plaintiff - Pretrial conference should be set after:   *(date)*   May 1, 2022

Defendant - Pretrial conference should be set before: *(date)* Feb. 1, 2022

Defendant was assigned Seller's Ground SubLeasehold Agreement, Tract 10542, Unit 4, Lot 376, from Seller, Lisa Ryan.  Previous Park Manager (Willie) signed 2018 Space Agreement under existing park rental agreement with Defendant.  Manager Willie subsequently passed away.
New Park manager refuses to Countersign SubLeasehold Agreement Space 376, and brought an improper UD action  1/2/2019 and has failed to prosecute a quick summary proceeding.  Defendant owns the 2014 manufactured home on Lot 376, and doesn't qualify as an unlawful detainee. A Chase Cashiers Check was tendered for all rent owed space #376, attempting to mitigate alleged damages. Landlord also received CA Covid 19 Relief Award check in the amount of $24,302.00.  Landlord refuses to deposit Covid relief check attempting to cause harm to tenant. The CA Covid Check will expire and become VOID on February 4, 2022, if Landlord does not deposit the CA Covid Check. Stated on check. VOID AFTER 90 DAYS. A determination regarding the $24,302.00 check needs to be made by Court.

## E.  **SETTLEMENT**:

1.  What is the status of settlement efforts?

None to date.

2.  Has this dispute been formally mediated?   ☐ Yes   ☒No

If so, when?                              **Plaintiff and Defendant informally mediated  Feb. 2021 in State Court.

3.  Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
| --- | --- |
| ☐ Yes   ☒ No | ☒☒ Yes   ☐ No |

Defendant, IN PRO PER, wishes to have the Court Order the parties to formal mediation 1-2 more times.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F. **FINAL JUDGMENT/ORDER**:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

<table>
<tr><td><u>Plaintiff</u></td><td><u>Defendant</u></td></tr>
<tr><td>☒ I do consent</td><td>☒ I do consent</td></tr>
<tr><td>☐ I do not consent</td><td>☐ I do not consent</td></tr>
<tr><td>to the bankruptcy court's entry of a final judgment<br>and/or order in this adversary proceeding.</td><td>to the bankruptcy court's entry of a final judgment<br>and/or order in this adversary proceeding.</td></tr>
</table>

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL**: *(Use additional page if necessary.)*

Plaintiff:  Plaintiff requests that the Court set discovery deadlines in early April 2022 and continue the status conference to a date and time convenient to the Court in mid- to late-April 2022.

**Defendant: Defendant will be moving the court for DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS pursuant to F.R.C.P. 12(b)(c) as incorporated by F.R.C.P. 7012(b), concerning the Complaint for Determination that the debt Is Not-Dischargeable Pursuant to 11 U.S.C. §§523(a)(2), (4), & (6).  A request to Meet & Confer has been made to Plaintiff.   If the Court Orders the parties to Mediation  if mediation unsuccessful, MSJ motion to be filed with 14 days.   Defendant requests the Court set deadlines out as minimally as possible,  This frivolous unlawful detainer case filed by Plaintiff has been pending for three years, originally filed 1/2/2019. Defendant has been willing and has tendered space/Lot rent each month since purchasing the 2014 manufactured home several years ago. Management company refuses to accept tendered space rent payments allegedly based upon an unpublished credit score obtained from a third party vendor, not one of the three major credit companies. Defendant landlord refused to countersign Ground Sub Leasehold Agreement, Tract 10542, Unit 4, Lot 376,   because of an unpublished credit score. Defendant has been a sublessee on ptoperty since 2009, no late payments.**

Respectfully submitted,

Date:   December 23, 2021                          Date:   December 23, 2021 .

MARSHACK HAYS LLP                                  Jamie Lynn Gallian
─────────────────────────────                     ─────────────────────────────
Printed name of law firm                           Printed name of law firm

*/s/ Laila Masud*                                  *Jamie Lynn Gallian*
─────────────────────────────                     ─────────────────────────────
Signature                                          Signature

Laila Masud                                        Jaime Lynn Gallian
─────────────────────────────                     ─────────────────────────────
Printed name                                       Printed name

Attorney for:   Plaintiff HOUSER BROS. CO. dba RANCHO      Attorney for:   Defendant in Pro Per
                DEL REY MOBILE HOME ESTATES

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 4                          **F 7016.1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**December 24, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 24, 2021**, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
document is filed.

| | |
|---|---|
| Honorable Erithe A. Smith<br>United States Bankruptcy Court<br>411 West Fourth Street, Suite 5040<br>Santa Ana, CA 92701-4593 | Defendant – Via Email Delivery<br>Jamie Lynn Gallian |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 24,  2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date     Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                            **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Cont.

- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT 9**

JAMIE LYNN GALLIAN

16222 MONTEREY LANE UNIT 376

HUNTINGTON BEACH, CA 92649

(714)321-3449

JAMIEGALLIAN@GMAIL.COM

DEFENDANT IN PRO SE

---

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

AMENDED

In re:

JAMIE LYNN GALLIAN,

               Debtor.

---

HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates

            Plaintiff,

vs.

JAMIE LYNN GALLIAN,

           Defendant.

---

Bankruptcy Case No.:

8:21-bk-11710-SC  Docket Number 30.

Adversary Case No.

8:21-ap-01097-SC Docket No. 1

ANSWER OF JAMIE LYNN GALLIAN

**JURY TRIAL REQUESTED**.

Judge:  Scott C. Clarkson

## ADMISSIONS AND DENIALS

Defendant Jamie Lynn Gallian answers the complaint for non-dischargeability of debt filed by Plaintiff HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates, filed in the main bankruptcy case on October 18, 2021. Docket No. 30.

1. Defendant admits the allegations in paragraphs 5, 12, and 16, 19, 20, 22, 23, 24, 25, 26, 27

2. Defendant denies the allegations in paragraphs 8, 9, 10, 11, 13, 15, 17, 18, 29, 30, 31, 32, 33,

3. Defendant has no information that the allegations in paragraphs 1, 2, 3, 4, 6, 14, 21, 28,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,59, 60,61,62,63,64,65,66,67,68,69,70, and 71 are true so defendant denies them.

4. Except as expressly admitted herein, defendant denies all of the allegations of the complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to prosecute the complaint. Neither is plaintiff a creditor nor an interested party.

2. Plaintiff is affirmatively responsible for payment of some or all of defendant's debts, if any, in accord with plaintiff's defalcations as trustee, breach of fiduciary duty and wrongful diminishment of defendant's trust entitlement.

3. Plaintiff has directly and proximately caused defendant to incur some or all of defendant's debts, if any, including without exclusion, attorney's fees for litigation pertaining to plaintiff's wrongful misconduct.

4. Plaintiff is estopped to claim relief due to plaintiff's affirmative misconduct and omissions.

5. Plaintiff is prevented in equity from obtaining relief due to, without limitation, unclean hands.

Defendant respectfully demands trial by jury.

Dated: 6/20/2023

JAMIE LYNN GALLIAN,
DEFENDANT, IN PRO SE

2

**EXHIBIT 1**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>HOUSER BROS. CO. dba RANCHO DEL<br>REY MOBILE HOME ESTATES, | DEFENDANTS<br><br>JAMIE LYNN GALLIAN, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>MARSHACK HAYS LLP - 870 Roosevelt, Irvine, CA<br>92620; Tel. (949) 333-7777 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor            □ U.S. Trustee/Bankruptcy Admin<br>X Creditor          □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>X Debtor            □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor          □ Other<br>□ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) and
(a)(6); (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
        actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
☑ 65-Dischargeability - other   Sections 727(a)(2)(A), (a)(4), and
                                      (a)(5)

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
        if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-ES | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING<br>NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ Laila Masud | | |
| DATE<br><br>October 18, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>LAILA MASUD | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>Adv. No. |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>Defendant. | COMPLAINT TO<br>  (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>  (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)<br><br>Status Conference<br>[TO BE SET BY COURT] |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

## Statement of Jurisdiction and Venue

1.    The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

1

COMPLAINT

1  States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime*

2  *Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

3      2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I)

4  (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the

5  extent any claim for relief contained in this proceeding is determined to be non-core or involve a

6  *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

7      3.      Venue properly lies in the Central District of California in that this adversary

8  proceeding arises in or is related to a case under Title 11 of the United State Code as provided in

9  28 U.S.C. § 1409.

10                              **Parties**

11     4.      Plaintiff is a California general partnership doing business in the County of Orange,

12 State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

13     5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual

14 residing in Huntington Beach, California.

15                          **General Allegations**

16                    **The Parties and Their Background**

17     6.      Houser Bros. Co. owns several acres of real property in Huntington Beach

18 California. The real property has been improved with both (a) a senior mobilehome park known as

19 Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and

20 (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

21 The Park is operated by Plaintiff and the condominium community leases the real property and is

22 operated by an independent Homeowners Association ("Association"). Both The Park and the

23 Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

---

25 [1] Defendant was involved in hotly-contested litigation with the Gables concerning property located
26 at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The
   litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables
27 which was formally entered on May 6, 2019. To that end, the Gables has separately filed an
   adversary action against Defendant seeking to except the Gables Judgment from discharge as well as
   to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary
28 Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary
   Complaint as if specifically set forth herein.

1  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

2  unfettered access to both communities.

3       7.     In February 2018, Defendant came to The Park's leasing office to inquire whether

4  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

5  packet nor any information as to The Park's requirements for tenancy and its application

6  procedures.

7       8.     Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

8  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

9  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

10 Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

11 entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

12 providing for turnover of Space 376. Specifically:

13     (a)     No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

14     (b)     The Park was entitled to a Writ of Possession provided no lock-out could occur prior

15            to November 4, 2018;

16     (c)     Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

17            the mobilehome would be subject to a warehouse lien auction;

18     (d)     The Park was to review any prospective buyers in accordance with Mobilehome

19            Residency Law ("MRL");

20     (e)     The sale of the mobilehome was to proceed via escrow; and

21     (f)     Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

22            interest.

23      9.     On November 19, 2018, Defendant emailed an outdated application ("Application")

24 to the management office for The Park. At this time, the minimum requirements for tenancy at The

25 Park were as follows:

26

27

28 [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in
the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and
TRO to stay writ of possession.

3
COMPLAINT

4842-2871-2959,v.1

(a)     At least 55 years of age;

(b)     Credit worthiness including a credit score of not less than 650;

(c)     Three times the subject rent in monthly income; and

(d)     Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.     The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.     Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.     On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.     In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.     Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

15.     From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

---

[3] *See*, Case No. 30-2018-01024401.

4

COMPLAINT

1 Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

2 written purchase agreement.

3      16.     Rather, Defendant asserts there (a) exists a security agreement between JSC and

4 Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

5 Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

6 dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

7 some vague ownership interest in.

8      17.     Importantly, Defendant was never approved by the Park to be a tenant for Space

9 376.[5]

10      18.     In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

11 Quit Premises.

12      19.     On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

13 forcible entry/detainer (mobilehome park).[6]

14      20.     On February 22, 2019, Defendant filed her answer to the Complaint.

15      21.     In August 2020, title to the mobilehome located on the Premises was transferred to

16 Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

17      22.     Subsequently, the title certificate for the mobilehome on the Premises was further

18 changed to show Defendant as the registered owner.

19 **The Bankruptcy Filing**

20      23.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

21 Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

22 11710-ES.

23

24

---

25 [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
26 In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
Note.
27 [5] Reasonable daily rental value of the Premises is at least $36.20.
[6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
28 the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
the State Court Action into this Complaint.

4842-2871-2959,v.1

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

30.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning o14 Civil Code §798.75.

31.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

32.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

33.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

34.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

35.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

36.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

37.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

38.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

39.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

### Second Claim for Relief

### (11 U.S.C. §523(a)(6))

40.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

COMPLAINT

4842-2871-2959,v.1

41.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.     Defendant's actions were malicious.

43.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

47.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

COMPLAINT

4842-2871-2959,v.1

51. Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52. Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53. Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54. Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55. Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

56. Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57. Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58. Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

4842-2871-2959,v.1

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

65.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

66.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

## Fifth Claim for Relief

## Objection to Debtor's Discharge

## [11 U.S.C. § 727(a)(5)]

67.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

68.     Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

69.     Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

70.     Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

71.     As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

---

[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

11

COMPLAINT

1    **ON THE FIRST CLAIM FOR RELIEF**

2    1.    For a determination that all amounts owed to Plaintiff under the Judgment be

3    excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

4    **ON THE SECOND CLAIM FOR RELIEF**

5    2.    For a determination that all amounts owed to Plaintiff under the Judgment be

6    excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

7    **ON THE THIRD CLAIM FOR RELIEF**

8    3.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

9    § 727(a)(2);

10   **ON THE FOURTH CLAIM FOR RELIEF**

11   4.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

12   § 727(a)(4);

13   **ON THE FIFTH CLAIM FOR RELIEF**

14   5.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C.

15   § 727(a)(5);

16   **ON ALL CLAIMS FOR RELIEF**

17   6.    For costs of suit incurred, including attorneys' fees as provided by applicable case

18   law, statute, and/or agreement of the parties; and

19   7.    For such other relief as the Court deems just and proper.

20

21   DATED: October 18, 2021            MARSHACK HAYS LLP

22

23                                     By: */s/ Laila Masud*
                                          D. EDWARD HAYS
24                                        LAILA MASUD
                                          Attorneys for Plaintiff,
25                                        HOUSER BROS. CO. dba RANCHO DEL REY
                                          MOBILE HOME ESTATES
26

27

28

4842-2871-2959,v.1

**EXHIBIT 1**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

1  ELAINE B. ALSTON, Bar No. 134139,
2  VIVIENNE J. ALSTON, Bar No. 170746
   Members of
3  **ALSTON, ALSTON & DIEBOLD**
       Attorneys at Law
4  27201 Puerta Real, Suite 300
   Mission Viejo, California 92691
5  (714) 556-9400 – FAX (714) 556-9500

6  Attorney for Plaintiff

7

8              SUPERIOR COURT, STATE OF CALIFORNIA

9                      COUNTY OF ORANGE,

10

11 HOUSER BROS. CO., a California limited     Case No.:  30-2019-01041423-CL-UD-CJC
   partnership dba RANCHO DEL REY MOBILE
12 HOME ESTATES
                                              COMPLAINT FOR FORCIBLE ENTRY/
13        Plaintiff,                          DETAINER (MOBILEHOME PARK)

14        vs.                                 [CIVIL CODE §798.75 AND CODE OF
                                              CIVIL PROCEDURE §§1159, et seq.]
15 JAMIE GALLIAN AND ALL OTHER
   OCCUPANTS AND PERSONS IN POSSESSION        **DOES NOT EXCEED $10,000.00**
16 WITHOUT A SIGNED LEASE AGREEMENT,
   and DOES 1 to 10, inclusive,
17
          Defendant
18

19 COMES NOW, the Plaintiff herein, and alleges as follows:

20        1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21 County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22 HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23 seq., of the Business and Professions Code.

24        2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25 IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26 of Huntington Beach, County of Orange State of California

27        3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                     1
              **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3       4.     The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6       5.     Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7       6.     Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10 on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11 governing the mobilehome park.

12      7.     Due to the failure of Defendants to execute a rental agreement prior to taking possession

13 of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14 Civil Code §798.75.

15      8.     On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16 Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17 herein by this reference.

18      9.     Defendants remain in possession of the subject Premises as of this date, and said

19 possession is without Plaintiff's consent.

20      10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21 Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22      11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23 Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24 long as Defendants' mobilehome remains in possession of said Premises.

25      12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26 installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27 rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 14

13.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.     California <u>Civil Code</u> §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.     Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)     For restitution of said Premises;

(2)     For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)     For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)     For treble the amount above;

(5)     For attorneys' fees incurred herein;

(6)     For costs of suit incurred herein;

(7)     For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 15

(8)    For such other and further relief as the Court may deem just and proper, except that Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December _18_, 2018          By: _____

                                          Vivienne J. Alston
                                          Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

**ALSTON, ALSTON & DIEBOLD**

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

**To:** **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 18

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By:_____
VIVIENNE J. ALSTON
Authorized Agent for Owner


cc:     Client
        Park Manager

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | |
|---|---|

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
|---|---|---|---|
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
       (i) [X] Independent Contractor
       (ii) Registration No.: **2729**
       (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant          Invoice #: 2305520-01

EXHIBIT 1, PAGE 20

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                          Invoice #: 2305520-02

EXHIBIT 1, PAGE 21

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐  I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  December 19 , 2018 _____ , at HUNTINGTON BEACH _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C Hauser_
Type or Print Name                                                        Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____
_____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served. service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                                Rev. 7/99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address
is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**June 20, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 20, 2023**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 20, 2023   Robert McLelland | *Robert McLelland* |
|---|---|
| *Date    Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# SUPERIOR COURT OF CALIFORNIA

**Name and Address of Court:**
**Superior Court of California, County of ORANGE**
700 W. Civic Center Drive
Santa Ana, CA 92701

## Case Header

Case Number: 30-2023-01316057-CL-UD-CJC

Case Title: Houser Bros. Co. vs. Jamie Galllian

Case Category: Civil - Limited

Case Type: Unlawful Detainer - Residential

Case Age: 13 days

Next Event Type:

Filing Date: 03/28/2023

Case Status: Pending

Location: Central Justice Center

Judicial Officer: Robert Kohler

Department:

Next Event Date:

## Register of Actions Notice

| Participant Name | Role | Attorney |
|---|---|---|
| Jamie Galllian | Defendant | |
| Houser Bros. Co. DBA RANCHO DEL REY MOBILE HOME ESTATES | Plaintiff | Alston, Alston & Diebold Attorneys at Law |

## Attorney Contact Information

| Attorney Name | Address | Phone Number |
|---|---|---|
| Alston, Alston & Diebold Attorneys at Law | 27201 Puerta Real #300 Mission Viejo, CA 92691 | 714-556-9100 |

## Case Header

Case Number: 30-2023-01316057-CL-UD-CJC

Case Title: Houser Bros. Co. vs. Jamie Galllian

Filing Date: 03/28/2023

Case Status: Pending

Case Category: Civil - Limited

Case Type: Unlawful Detainer - Residential

Location: Central Justice Center

Judicial Officer: Robert Kohler

Case Age: 13 days

Next Event Type:

Department:

Next Event Date:

## Register of Actions Notice

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 2 | 03/28/2023 | Complaint filed by Houser Bros. Co. on 03/28/2023<br>Refers To: Galllian, Jamie | Houser Bros. Co. (Plaintiff) |
| 3 | 03/28/2023 | Civil Case Cover Sheet filed by Houser Bros. Co. on 03/28/2023<br>Refers To: Galllian, Jamie | Houser Bros. Co. (Plaintiff) |
| 4 | 03/28/2023 | Plaintiff's Mandatory Cover Sheet and Supplemental Allegations - Unlawful Detainer filed by Houser Bros. Co. on 03/28/2023<br>Refers To: Galllian, Jamie | Houser Bros. Co. (Plaintiff) |
| 5 | 03/28/2023 | Summons Issued and Filed filed by Houser Bros. Co. on 03/28/2023<br>Refers To: Galllian, Jamie | Houser Bros. Co. (Plaintiff) |
| 6 | 03/28/2023 | Verification by Landlord Regarding Rental Assistance filed by Houser Bros. Co. on 03/28/2023<br>Refers To: Galllian, Jamie | Houser Bros. Co. (Plaintiff) |
| 8 | 03/28/2023 | Case assigned to Judicial Officer Kohler, Robert on 03/28/2023. | |

C6|

## Case Header

Case Number: 30-2023-01316057-CL-UD-CJC

Case Title: Houser Bros. Co. vs. Jamie Galllian

Case Category: Civil - Limited

Case Type: Unlawful Detainer - Residential

Case Age: 13 days

Next Event Type:

Filing Date: 03/28/2023

Case Status: Pending

Location: Central Justice Center

Judicial Officer: Robert Kohler

Department:

Next Event Date:

## Register of Actions Notice

| ROA# | Entry Date | Short/Long Entry | Filed By |
|------|-----------|-------------------|----------|
| 1 | 04/03/2023 | E-filing transaction 31288599 received on 03/28/2023 05:34:36 AM. | |
| 7 | 04/03/2023 | Payment received by LegalConnect for 169 - Complaint or other 1st paper >$10K<=$25K (Unlawful Detainer) in the amount of 385.00, transaction number 13201948 and receipt number 13030054. | |
| 9 | 04/03/2023 | Notice that you have been sued OC generated | |

Case 8:21-ap-01097-SC   Doc 114   Filed 08/02/23   Entered 08/02/23 11:09:21   Desc
Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By T. Merck, Deputy Clerk.

1  ELAINE B. ALSTON, Bar No. 134139,
   VIVIENNE J. ALSTON, Bar No. 170746
2  Members of
   **ALSTON, ALSTON & DIEBOLD**
3     Attorneys at Law
   27201 Puerta Real, Suite 300
4  Mission Viejo, California 92691
   (714) 556-9400 – FAX (714) 556-9500
5
   Attorney for Plaintiff
6

7              SUPERIOR COURT, STATE OF CALIFORNIA
8
                    COUNTY OF ORANGE,
9                                                          *C-61*

                                      **Assigned for All Purposes**  Commissioner Robert Kohler
10
   HOUSER BROS. CO., a California limited        Case No.:   30-2023-01316057-CL-UD-CJC
11 partnership dba RANCHO DEL REY MOBILE
   HOME ESTATES
12                                               **COMPLAINT FOR FORCIBLE ENTRY/**
                                                 DETAINER (MOBILEHOME PARK)
13         Plaintiff,
                                                 [CIVIL CODE §798.75 AND CODE OF
14     vs.                                       CIVIL PROCEDURE §§1159, et seq.]

15 JAMIE GALLIAN AND ALL OTHER                   **DOES NOT EXCEED $ 25,000.00**
   OCCUPANTS AND PERSONS IN POSSESSION
16 WITHOUT A SIGNED LEASE AGREEMENT,
   and DOES 1 to 10, inclusive,
17
           Defendant
18

19 COMES NOW, the Plaintiff herein, and alleges as follows:

20     1.    Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21 County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22 HOME ESTATES. Plaintiff has filed the statements and published the notices required by §§17900, et

23 seq., of the Business and Professions Code.

24     2.    Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25 IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26 of Huntington Beach, County of Orange State of California

27     3.    The true names and capacities of Defendants sued herein as DOES 1 through 10,

28 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                          1
            **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3         4.      The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92649 (the "Premises").

6         5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7         6.      Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff on or about November  2018. No rental agreement has been entered into between Plaintiff and

9  Defendants. Defendant's application was denied due to her poor financial condition, a material

10  falsehood on Defendant's application, and Defendant's conduct at a previous tenancy indicates she will

11  not comply with the Rules and Regulations governing the mobilehome park.  Since Defendant has been

12  in occupation of the Premises, Defendant has violated the park rules and regulations by trespassing onto

13  other resident's spaces, harassing and verbally fighting with other residents in the mobilehome park,

14  allowing several unknown persons onto the space without right or authority from park management, and

15  installed fencing in violation of the park rules which prevent park access to the utility meters on the

16  Premises.  Due to her poor financial condition Defendant has also filed for bankruptcy protections,

17  which placed the mobilehome and any rights to possession or occupancy to the Premises she may have

18  had into the control of the Bankruptcy Trustee.  The Bankruptcy Trustee subsequently rejected any

19  unexpired executory lease rights to the Premises. On February 17, 2023, the Bankruptcy Court entered

20  an "Order Granting Motion for Relief from Stay Under 11 U.S.C. § 362" ("RFS Order"), as Docket

21  No. 334 in *In re Jamie Lynn Gallian*, U.S. Bankruptcy Court, Central District of California, Case

22  No. 8:21-bk-11710-SC. The RFS Order was not appealed and is a final order of the Bankruptcy

23  Court. A true and correct copy of said Order  is attached hereto as Exhibit "2" and incorporated herein

24  by this reference.

25         7.      Due to the failure of Defendants inability to qualify for a rental agreement prior to taking

26  possession of the Premises, the subsequent violations of park rules and regulations and conduct

27  constituting a substantial annoyance during her improper occupation, and the subsequent rejection of

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1   any lease rights by the Bankruptcy Trustee, Defendant and Does 1 through 10 have no right of tenancy

2   and are unlawful occupants within the meaning of Civil Code §798.75.

3       8.      On or about March 17, 2023, Plaintiff caused to be served on Defendants a Five (5) Day

4   Notice to Quit Premises. A copy of said Notice is attached hereto as Exhibit "1" and incorporated

5   herein by this reference.

6       9.      Defendants remain in possession of the subject Premises as of this date, and said

7   possession is without Plaintiff's consent.

8       10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

9   Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

10      11.     The reasonable rental value of the Premises is at least Fifty-Four Dollars and Eighteen

11  Cents ($54.18) per day, and damages caused by Defendants' forcible detention will accrue at said rate

12  so long as Defendants' mobilehome remains in possession of said Premises.

13      12.     The reasonable value of utilities consumed is the amount evidenced by the meters

14  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

15  rates so long as Defendants' mobilehome remains in possession of the said Premises.

16      13.     The reasonable value for trash removal and sewage charges are the amounts charged by

17  the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at

18  said rate so long as Defendants, or any of them, remain in possession of said premises.

19      14.     California Civil Code §798.85 states as follows:

20          "In any action arising out of the provisions of this chapter the prevailing
            party shall be entitled to reasonable attorneys' fees and costs."
21

22      15.     Plaintiff has been compelled to commence this action for recovery of possession of said

23  Premises, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

24      16.     Plaintiff has been compelled to commence this action for recovery of possession of said

25  Premises and payment of rental value, utilities and other charges to the fullest extent permitted under

26  the U.S. Bankruptcy Court RSF Order, and to otherwise enforce Plaintiff's rights under Exhibit "1," and

27  Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

28

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

2    (1)    For restitution of said Premises;

3    (2)    For damages at the rate of Fifty-Four Dollars and Eighteen Cents ($54.18) per day as a

4    reasonable rental value of the Premises from and after the date Defendants went into

5    possession according to proof, and until judgment and for so long as Defendants, or any of

6    them, continue to occupy said Premises as permitted under the U.S. Bankruptcy Court RSF

7    Order

8    (3)    For actual consumption of utilities commencing from and after the date Defendants

9    went into possession according to proof, and until judgment and for so long as Defendants, or

10   any of them, continue in possession of said Premises as permitted under the U.S. Bankruptcy

11   Court RSF Order;

12   (4)    For treble the amount above as permitted under the U.S. Bankruptcy Court RSF

13   Order;

14   (5)    For attorneys' fees incurred herein;

15   (6)    For costs of suit incurred herein;

16   (7)    For interest at the legal rate on judgment; and

17   (8)    For such other and further relief as the Court may deem just and proper, except that

18   Plaintiff remits all damages in excess of the jurisdiction of this Court.

19

20   DATED: March 27, 2023          By:    _____
                                            Vivienne J. Alston
21                                          Attorney for Plaintiff

22

23

24

25

26

27

28
                                          4
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

# EXHIBIT 1

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space 376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. You took possession of the premises after your application
for residency was denied due to the following reasons:

1.    Your financial wherewithal is insufficient due to poor credit and low credit scores

J Gallian
and All Unlawful Occupants
March 17, 2023
Page 2

2.    Your previous conduct in the condominium community known as The Huntington
Beach Gables demonstrates that you will not to comply with the Rules and Regulations
governing the mobilehome park. The conduct includes, but is not limited to, the following
events:

a.)    You engaged in the systematic and continued harassment of a member of the
community and her young family which ultimately resulted in five (5) year restraining order
against you.    You subsequently violated this restraining order resulting in a criminal
conviction against you.

b.)    You physically attacked a neighbor. You trespassed on to your neighbor's
property and physically assaulted her by punching her in the face causing injuries requiring
medical attention.

c.)    You trespassed onto a neighbor's property and willfully and deliberately
destroyed approximately $800.00 worth of another resident's property.

3.    You made a materially false statement on your Application For Residency submitted in
November 19, 2018. You denied being asked to terminate your residency elsewhere. This is
a material falsehood, as you were served with a Termination Notice on or about September
26, 2018 and on October 24, 2018 you were personally served with a Complaint for unlawful
detainer by The Huntington Beach Gables Homeowners Association    (Orange County
Superior Court Case No. 30 2018 01024401). At the time of the application, the eviction
action was still pending.

Since you been in occupation of the premises described above, you have continued in your course of non-
compliance with the rules and regulations of the community.

You have constructed fencing preventing park management from accessing the utility meters at
your space in violation of Park Rules.

You have trespassed on to resident spaces by attaching  part of your fence to another resident's
awning

You have repeatedly trespassed onto other resident's spaces by allowing your dogs to urinate and
defecate on other resident's spaces asserting that their spaces are "common areas".  .

You have harassed and engaged in verbal fights with several other residents.

You have also demonstrated your poor financial situation by filing for Bankruptcy protections on
July 9, 2021 (case number 8:21 bk 11710-ES).

Any possessory rights you may have had to the premises were rejected by the Bankruptcy
Trustee during the  bankruptcy proceedings.

J Gallian
and All Unlawful Occupants
March 17, 2023
Page 3

Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated: March 17, 2023

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

## DECLARATION OF SERVICE OF NOTICE TO UNAPPROVED OCCUPANT

I, the undersigned, declare that at the time of service of the papers herein referred to, I was at least
EIGHTEEN (18) years of age, and I served the following checked notice:

### FIVE (5) DAY NOTICE TO SURRENDER SITE

on the following occupant(s):  Jamie Gallian and All Occupants and Persons in Possession
without a Signed Rental Agreement
16222 Monterey Lane, Space 376
Huntington Beach, CA 92649

On the _17th_ day of March 2023.

X    **BY DELIVERING** a copy of the Notice to _Jamie Gallian_ the
above-named occupant(s) **PERSONALLY.**

**OR**

___    **BY LEAVING** a copy for each of the above-named occupant(s) with a person of
suitable age and discretion a the residence or usual place of business of the
occupant(s), said tenant(s) being absent thereof:
**AND MAILING** by first class mail on said date a copy to each occupant by
depositing said copies in the United States Mail in a sealed envelope, with
postage fully prepaid, addressed to the above-named occupant(s) at their place
of residence.

**OR**

___    **BY POSTING** a copy for each of the above-named occupant(s) in a conspicuous
place on the property therein described there being no person of suitable age or
discretion to be found at any known place of residence or business of said
occupant(s).
**AND MAILING** by first class mail on the same day as posted, a copy to each
said occupant by depositing said copies in the United States Mail, in a sealed
envelope with postage fully prepaid, addressed to the occupant(s) at the place
where the property is situated.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true
and correct. Executed this _17th_ day of March 2023 at Huntington Beach, California.

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ Attorney for Movant<br>☐ Movant appearing without an attorney | **FILED & ENTERED**<br><br>FEB 17 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte       DEPUTY CLERK<br><br>CHANGES MADE BY COURT |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -_SANTA ANA_ DIVISION

| In re:<br><br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: 02/01/2023<br>TIME: 10:00 am<br>COURTROOM: 5C<br>PLACE: 411 W. Fourth Street, Santa Ana, California |
|---|---|

**Movant:** Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property: ☒ Residential   ☐ Nonresidential

   *Street Address: 16222 Monterey Lane*
   *Unit/Suite number: Space 376*
   *City, State, Zip Code: Huntington Beach, CA 92649*

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☒ 11 U.S.C. § 362(d)(2)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 1                              F 4001-1.RFS.UD.ORDER

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

  (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

  (2) ☐ Multiple bankruptcy cases affecting the Property.

  (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

  (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of this entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

  a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

  b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

  c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (date) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in any bankruptcy commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

  a. ☐ without further notice.

  b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                     Page 2                     F 4001-1.RFS.UD.ORDER

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (specify): The motion is granted for the reasons set forth in the motion and reply and as set forth by the Court as stated on the record at the hearing, as well as by the Court on the record at the February 14, 2023 hearing in adversary proceeding 8:21-ap-01096, which resulted in the issuance of an order entered February 15, 2023, which, inter alia, bifurcated Movant's §523 and §727 claims to address any overlap with this motion.

Additionally, the Orange County Superior Court will not determine title/ownership of the Debtor's underlying mobile home and/or whether the Debtor's mobile home is property of the bankruptcy estate.

### 

4867-3602-7728, v. 1

Date: February 17, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 3     F 4001-1.RFS.UD.ORDER

## VERIFICATION

I am an agent of the Plaintiff in this proceeding and have read this Complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 27, 2023

Craig Houser, General Partner

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
VIVIENNE J ALSTON, SBN 175450   ADAMS | STIRLING PLC
27201 PUERTA REAL , STE. 300, MISSION VIEJO, CA 92691

Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By T. Merck, Deputy Clerk.

TELEPHONE NO.: 714 556 9400          FAX NO. (Optional): 714 556 9500
E-MAIL ADDRESS: valston@aadlawyers.com
ATTORNEY FOR (Name): FRIENDLY VILLAGE MOBILE HOME PARK LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
HOUSER BROS. CO. v GALLIAN

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited  [ x ] Limited<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2023-01316057-CL-UD-CJC |
| | | JUDGE: Commissioner Robert Kohler<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ x ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [ x ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve                 courts in other counties, states, or countries, or in a federal
c. [ ] Substantial amount of documentary evidence                     court
                                                                f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ x ] monetary  b. [ x ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1- FORCIBLE DETAINER
5. This case [ ] is  [ x ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 3-27-2023
VIVIENNE J ALSTON
         (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                    Page 1 of 2

Form Adopted for Mandatory Use          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                              Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. September 1, 2021]                                                                     www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]  [Save this form]         [Clear this form]

Case 8:21-ap-01097-SC    Doc 114    Filed 08/02/23    Entered 08/02/23 11:09:21    Desc
Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By T. Merck, Deputy Clerk.

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 170746 | FOR COURT USE ONLY |
|---|---|---|
| NAME: VIVIENNE J ALSTON | | |
| FIRM NAME: ALSTON ALSTON & DIEBOLD | | |
| STREET ADDRESS: 27201 PUERTA REAL , STE. 300 | | |
| CITY: MISSION VIEJO   STATE: CA   ZIP CODE: 92691 | | |
| TELEPHONE NO.: 714 556 9400   FAX NO.: 714 556 9500 | | |
| EMAIL ADDRESS: valston@aadlawyers.com | | |
| ATTORNEY FOR (name): HOUSER BROS. CO., a California limited partnership dba RANCHO D | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST SANTA ANA  CA 92701
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST SANTA ANA  CA 92701
CITY AND ZIP CODE: 700 CIVIC CENTER DRIVE WEST SANTA ANA  CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI

DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO

| **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | CASE NUMBER: 30-2023-01316057-CL-UD-CJC |
|---|---|

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*
- *Serve this form and any attachments to it with the summons.*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF *(name each)*:

   HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME ESTATES

   alleges causes of action in the complaint filed in this action against DEFENDANT *(name each)*:

   JAMIE GALLIAN; ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT
   and DOES 1 to 10 inclusive

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))

   a. This action seeks possession of real property that is *(check all that apply)*:  [✱] Residential    [ ] Commercial
      *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)*

   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges.  [ ] Yes   [✱] No

3. **Item 3 has been removed as it only applied before July 1, 2022.**

THIS SPACE INTENTIONALLY LEFT BLANK

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. July 16, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

**UD-101**

| PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI | CASE NUMBER: |
|---|---|
| DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO | 30-2023-01316057-CL-UD-CJC |

<br>

THIS SPACE INTENTIONALLY LEFT BLANK

<br>

4.  **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

a.  (1) One or more defendants in this action is a natural person:  ☒ Yes   ☐ No
(2) Identify any defendant not a natural person:

*(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

b.  (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☐ Yes   ☐ No

(2) Identify any defendant who does not:

*(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5.  ☐  **Unlawful detainer notice expired before March 1, 2020**
The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6.  ☐  **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a.  ☐  Defendant *(name each):*

was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

b.  ☐  Defendant *(name each):*

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

| UD-101 [Rev. July 16, 2022] | **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | Page 2 of 5 |

**UD-101**

| | |
|---|---|
| PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI | CASE NUMBER: |
| DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO | 30-2023-01316057-CL-UD-CJC |

6. c. Response to notice *(check all that apply):*

    (1) ☐ Defendant *(name each):*

    delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc.,
    § 1179.03(f).)

    (2) ☐ Defendant *(name each):*

    did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc.,
    § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time
period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other
financial obligations due during the transition time period.

    a. ☐ Defendant *(name each):*

    was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section
    1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

    b. ☐ Defendant *(name each):*

    was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned
    declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure
    section 1179.03(c) and (d).

        *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any
        declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

        *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach
        a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

    c. Response to notice *(check all that apply):*

        (1) ☐ Defendant *(name each):*

        delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc.,
        § 1179.03(f).)

        (2) ☐ Defendant *(name each):*

        did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc.,
        § 1179.03(f).))

    d. ☐ Rent or other financial obligations due:

        (1) Rent or other financial obligations in the amount of $                 was due between September 1, 2020, and
        September 30, 2021.

        (2) Payment of $               for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you
checked item 6 or 7 above.  Section 1179.04 provides three separate versions of a "Notice from the State of California" that the
landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This
item addresses when and how those notices were provided.)*

    a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent
    or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to
    defendants identified in 6a or as follows:

        (1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

        (2) ☐ By personally handing a copy to each named defendant on *(date):*

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

**UD-101**

| | |
|---|---|
| PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI | CASE NUMBER: |
| DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO | 30-2023-01316057-CL-UD-CJC |

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

   (2) ☐ By personally handing a copy to each named defendant on *(date):*

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

   (2) ☐ By personally handing a copy to each named defendant on *(date):*

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a, b, or c.)*

a. ☐ Defendant *(name each):*

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

c. ☐ The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

UD-101 [Rev. July 16, 2022]         **PLAINTIFF'S MANDATORY COVER SHEET AND**         Page 4 of 5
               **SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

| | **UD-101** |
|---|---|
| PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI | CASE NUMBER: |
| DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO | 30-2023-01316057-CL-UD-CJC |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance— Unlawful Detainer (form UD-120).)*

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes   ☐ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes   ☐ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes   ☐ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes   ☐ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

14. ☐ Number of pages attached *(specify):*

Date: 3- 27 - 2023

VIVIENNE J ALSTON
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3- 27 - 2023

Craig Houser
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

UD-101 [Rev. July 16, 2022]       **PLAINTIFF'S MANDATORY COVER SHEET AND**       Page 5 of 5
**SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | | Save this form |   | Clear this form |

Case 8:21-ap-01097-SC    Doc 114    Filed 08/02/23    Entered 08/02/23 11:09:21    Desc
Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court by T. Merck, Deputy Clerk.
Main Document    Page 184 of 189

# SUMMONS—EVICTION

**SUM-130**

## (CITACIÓN JUDICIAL—DESALOJO)

**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

|  |
|---|
| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT and DOES 1 to 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME ESTATES

| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.* |
|---|---|
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT

   700 CIVIC CENTER DRIVE WEST SANTA ANA CA 92701

| CASE NUMBER *(número de caso):* |
|---|
| 30-2023-01316057-CL-UD-CJC |

**Assigned for All Purposes** Commissioner Robert Kohler

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Vivienne J Alston, Alston Alston & Diebold, 27201 Puerta Real, Ste 300, Mission Viejo, Ca 92691  714 556 9400

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Page 1 of 2
Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

| PLAINTIFF *(Name):* HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOB | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIOn | 30-2023-01316057-CL-UD-CJC |

**SUM-130**

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [x] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

  a. Assistant's name:

  b. Telephone no.:

  c. Street address, city, and zip:

  d. County of registration:

  e. Registration no.:

  f. Registration expires on *(date)* :

Date: 03/28/2023
*(Fecha)*

DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *Yara Merck* , Deputy
*(Secretario)*         T. Merck     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

5. **NOTICE TO THE PERSON SERVED:** You are served
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as an occupant.
  d. [ ] on behalf of *(specify):*
    under: [ ] CCP 416.10 (corporation).      [ ] CCP 416.60 (minor).
          [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee).
          [ ] CCP 416.40 (association or partnership).   [ ] CCP 416.90 (authorized person).
          [ ] CCP 415.46 (occupant).         [ ] other *(specify):*
  e. [ ] by personal delivery on *(date):*

SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]      [ Clear this form ]

Page 2 of 2

Case 8:21-ap-01097-SC   Doc 114   Filed 08/02/23   Entered 08/02/23 11:09:21   Desc
Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By T. Merck, Deputy Clerk.
Main Document    Page 186 of 189

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | **UD-120** |
|---|---|---|
| NAME: VIVIENNE J ALSTON      STATE BAR NUMBER: 170746 | | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY

NAME: VIVIENNE J ALSTON   STATE BAR NUMBER: 170746

FIRM NAME: ALSTON ALSTON & DIEBOLD

STREET ADDRESS: 27201 PUERTA REAL #300

CITY: MISSION VIEJO   STATE: CA   ZIP CODE: 92691

TELEPHONE NO.: 714 556 9400   FAX NO.: 714 556 9500

EMAIL ADDRESS: valston@aadlawyers.com

ATTORNEY FOR (name): HOUSER BROS. CO., a California limited partnership

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST

CITY AND ZIP CODE: SANTA ANA  CA 92701

BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBI

DEFENDANT: JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSIO

**VERIFICATION BY LANDLORD REGARDING
RENTAL ASSISTANCE—UNLAWFUL DETAINER**

CASE NUMBER:

30-2023-01316057-CL-UD-CJC

*This form must be filed by the plaintiff with any request for default judgment in any unlawful detainer action seeking possession of residential property based on nonpayment of rent or any other financial obligation under a lease. It may also be used at other times as appropriate or when requested by a judicial officer.*

1. The landlord of the property at issue in this case is (name): HOUSER BROS. CO., a California limited partnership dba RANCH DEL REY MOBILE HOME ESTATES

2. All of the following statements are true:

   a. Landlord has not received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint in this action.

   b. Landlord has not received rental assistance or other financial compensation from any other source for rent accruing after the date of the notice underlying the complaint in this action.

   c. Landlord does not have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint in this action.

   d. Landlord does not have any pending application for rental assistance or other financial compensation from any other sources for rent accruing after the date of the notice underlying the complaint in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3-27-2023

Craig Houser

(TYPE OR PRINT NAME)

General Partner

(TITLE—provide if signing on behalf of corporation or other business entity)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
UD-120 [Rev. July 16, 2022]

**VERIFICATION BY LANDLORD REGARDING
RENTAL ASSISTANCE—UNLAWFUL DETAINER**

Page 1 of 1
Health & Safety Code, § 50897.3(e)(2)
www.courts.ca.gov

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

**ALSTON, ALSTON & DIEBOLD**

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:     Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:      Client
         Park Manager

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled**: OPPOSITION TO HOUSER MOTION TO STRIKE DEBTOR'S ANSWER TO DOC. 1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following  persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On            I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on            I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 1, 2023 | Robert McLelland | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**